## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

      Plaintiff,                        69cv07941 JC

      v.                              RIO CHAMA STREAM SYSTEM

RAMON ARAGON, *et al.,*              Rio Gallina Section

      Defendants.

## PROCEDURAL ORDER FOR THE ADJUDICATION OF WATER RIGHTS CLAIMS IN THE RIO GALLINA SECTION  OF THE RIO CHAMA STREAM SYSTEM

    This Order is entered by the Special Master pursuant to Fed.R.Civ.P. 16(b) to guide the course of the adjudication of the non-Pueblo water rights claims in the Rio Gallina Section of the Rio Chama Stream System.

    Having considered the comments and suggestions of all interested counsel and acequia representatives at two planning conferences, and being fully advised in the premises, it is hereby ordered that the following provisions will govern the course of the adjudication.

## I.    JOINDER OF CLAIMANTS.

    A.    All those who claim the right to appropriate and use the surface waters of the Rio Gallina, including Claimants identified by the Section 5, Rio Gallina Hydrographic Survey, shall be joined and served as parties to this suit.  Unidentified and unknown Claimants shall be joined by publication.

    B.    Service on known Claimants shall be accomplished by the State of New Mexico, *ex rel.* State Engineer ("State").  The State shall send by certified mail a packet that includes a Request

for Waiver of Service, Notice of Adjudication, Complaint, Notice of Field Office, proposed Consent

Order and Form Answer.  If no Request for Waiver of Service is returned to the State within 30 days

of the service by mail, the Claimant shall be personally served with the Summons, Complaint and

other information in the packet.

C.     Claimants already joined in this suit will receive the Complaint and other information

in the packet with the exception of the Request for Waiver of Service.

D.     The Notice of Adjudication shall be approved by the Court and shall explain the

adjudication process, and the Claimants' rights and obligations under this Order in English and

Spanish.

E.     The Notice of Field Office shall inform the Claimant of the dates and location of a first

field office session for receiving further information or discussing disagreements with the proposed

Consent Order.  Together with other State personnel, the State's Acequia Liaison will be present at

all field office sessions.  The State will circulate the notice of a second field office once the date is

known.

F.     The State's proposed Consent Order(s) shall set out the amount and location of

irrigated acreage, the location of the point of diversion and the purpose of use for each water right.

The adjudication of  irrigation water requirements and ditch-wide priority dates will be initiated by

the State following the completion of the individual subfile activity.

## II.  RESPONSES

A.     <u>Agreement.</u>

1.     Claimants who agree with all of the elements of the water rights claims as set

out in the Consent Order(s) shall sign and return each order to the State on or before August 31, 2000.  The State shall transmit the signed orders to the Court for approval and filing.

       2.      A signed and returned Consent Order serves as the Claimant's Answer to the Complaint.  As between the State and the Claimant, the Consent Order finally adjudicates the water rights elements contained therein.  Each Consent Order is subject to challenge by other Claimants during the *inter se* proceedings, which will be scheduled following the completion of subfile activity.

      B.     <u>Disagreement.</u>

       1.      Claimants who disagree with any element of the proposed Consent Order shall attend a field office session and discuss the disagreement with state personnel.  Good faith participation in field office sessions is  required to satisfy the discovery requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Accordingly, Claimants are required to attend a field office session, and are expected to bring to the field office their documents or other information that supports their position.  To the extent possible, the State shall have available at the field office session the data upon which the Consent Order is based.  Information which cannot be maintained at the field office shall be disclosed to the Claimant and made available for examination at the State's offices.  If the disagreement can be resolved at the field office, the Claimant shall sign either the original Consent Order or a new Consent Order which incorporates any changes agreed upon.  The State shall transmit the signed orders to the Court for approval and filing.

       2.      Claimants who reject proposed Consent Orders after discussion with the State at a field office session shall file the Form Answer included in the service packet with the Court on or before August 31, 2000, and shall mail  a copy of the Answer to the State.

PROCEDURAL ORDER, PAGE 3

3.    An Answer rejecting the State's proposed Consent Order shall include a statement explaining specifically why the Consent Order is objectionable, and a statement that the Claimant made a good faith attempt to resolve the disagreement with the State.

C.    <u>Failure to Respond.</u>

1.    A Claimant's failure to attend a scheduled field office session or make other arrangements with the State for a field investigation, shall be considered grounds for the entry of a Default Order which incorporates the State's proposed Consent Order.

2.    A Claimant's failure to sign and return a Consent Order or file an Answer by August 31, 2000 shall be considered grounds for the entry of a Default Order which incorporates the State's proposed Consent Order.

D.    <u>Disputed Claims.</u>

1.    By September 29, 2000, the State shall request hearings for all disputed claims for which Answers are filed.  Requests shall include a statement that State made a good faith attempt to resolve the disagreement with the Claimant.

2.    Disputes regarding the amount or location of irrigated acreage, or other matters having primarily individual consequences, will be resolved and prior to disputed claims of ditch-wide or stream-system wide significance and application.

**III.    CHANGE OF ADDRESS OR OWNERSHIP.**

All Claimants, whether or not they are represented by counsel, are responsible for informing the Court of any changes in their mailing address or changes in ownership of the water rights or real property associated with the rights.  The information must be filed with the Court within 30 days of

PROCEDURAL ORDER, PAGE 4

any change, and a copy must be sent to the State.

**IV.    *PRO SE* REPRESENTATION.**

Claimants who intend to appear and represent themselves shall file notice with the Court and serve copies on those listed on the Distribution List, attached.  Thereafter, they will be included on the Distribution List and served with pleadings pursuant to Paragraph V.C., below.  Without such notice, the Court and the parties will assume that a Claimant is represented by counsel for the acequia association.

**V.    LIMITS ON SERVICE OF PLEADINGS.**

A.    This Procedural Order shall be served on all Claimants, and all counsel of record who have made an appearance in the adjudication of the Rio Chama Stream System.  Subsequent pleadings shall be served only on counsel identified on the "Rio Gallina Subsection Distribution List" attached to this Order.   Others may apply to the Court for inclusion on the Distribution List, which will be amended accordingly.

B.    Service of pleadings and other papers required to be served concerning subfile orders between an individual Claimant and the State shall be limited to the individual Claimant (or counsel for the Claimant) and the State.

C.    Service of pleadings and other papers required to be served concerning the entire Rio Gallina Stream System shall be served on those included in the Distribution List.

D.    Unless otherwise ordered by the Court, parties filing motions of general application to the Rio Gallina Section shall not be required to determine if their motions are opposed prior to filing the motion.  When a motion involves issues or claims limited to a particular claimant or subfile,

PROCEDURAL ORDER, PAGE 5

the movant shall determine if the motion is opposed before filing.

## VI.   ADJUDICATION SCHEDULE.

A.   <u>Federal Claims.</u>  By May 1, 2000, after discussions with interested counsel, the United States of America shall submit a proposed procedural order for the adjudication of all federal non-Pueblo water rights claims in this Section.

B.   <u>Proposed Notice of Adjudication and Form Answer.</u>  The State shall mail to active counsel of record and the Special Master drafts of a proposed Notice of Adjudication, as described above, and a proposed Notice of Adjudication for publication by April 14, 2000.  Comments on each draft shall be submitted to the State and the Special Master by April 28, 2000.  Mary Humphrey, Esq. shall mail to active counsel of record and the Special Master a draft of a proposed Form Answer according to the same schedule.

C.   <u>Motion to Join Parties.</u>  The State shall file a Motion to Join Parties by March 15, 2000.

D.   <u>Public Meeting.</u>  The State shall hold at least one public meeting in Gallina by March 31, 2000 in order to explain the procedures and schedule for the adjudication.

E.   <u>Service of Process.</u>  The State shall mail service packets as described above by May 12, 2000.  The Notice of Adjudication shall be published in the Rio Grande Sun (published in Española, N.M.) once a week for four consecutive weeks, beginning the week of May 15, 2000.

F.    <u>Field Offices.</u>  The first field office session will be held by the State during the first week of June 2000.  A second field office session will be held during the second week of July 2000. For good cause, additional field office sessions may be scheduled, and notices circulated in the

PROCEDURAL ORDER, PAGE 6

community.

        G.     <u>Status Conference.</u>  A status and scheduling conference will be held in August 2000. Interested counsel of record shall discuss suitable times and locations, and inform the Special Master of their preference(s) by mid-July.

        H.     <u>Legal Issues</u>.  When threshold legal issues, or any issues with possible legal significance to the adjudication generally, become apparent to counsel or any parties *pro se*, counsel or the parties shall so inform the Court.  The issues and appropriate briefing schedules will be discussed at the August status conference.

        I.     <u>Deadline for submission of non-federal claims.</u>  Any individuals who claim water rights in the Rio Gallina Section which were not included in the State's Hydrographic Survey, shall file a Statement of Omitted Claim with the Court on or before December 29,  2000, and send a copy of the Statement to the State.


        IT IS SO ORDERED.


                              /electronic signature/
                           VICKIE L. GABIN, SPECIAL MASTER

# DISTRIBUTION LIST

## RIO GALLINA SECTION - MARCH 15, 2000

Special Master Vickie L. Gabin
USDC-DCNM
333 Lomas Blvd. N.W., Box 610
Albuquerque, NM 87102-2272

Darcy S. Bushnell, Esq.
Adjudication Staff Attorney
USDC-DCNM
333 Lomas Blvd. N.W., Box 610
Albuquerque, NM 87102-2272

Judy K. Stoft, Data Manager
HYDRO LOGIC
P.O. Box 30781
Albuquerque, NM 87190-0781

Edward Newville, Esq.
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102

Bradley S. Bridgewater, Esq.
David W. Gehlert, Esq.
USDOJ-ENRD
999 Eighteenth St., Suite 945
Denver, CO 80202

Mary E. Humphrey, Esq.
P.O. Box 1574
El Prado, NM 87529-1574

John W. Utton, Esq.
P.O. Box 271
Albuquerque, NM 87103-0271

Fred J. Waltz, Esq.
P.O. Box 4014
Taos, NM 87571-4014

PROCEDURAL ORDER, PAGE 8