**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF NEW MEXICO**

STATE OF NEW MEXICO, *ex rel.*
State Engineer

Plaintiff,

v.

RAMON ARAGON, *et al.*,

Defendants.

69cv07941 JC

RIO CHAMA STREAM SYSTEM

SECTION 3: Rio Nutrias, Rio Cebolla & Canjilon Creek

**PROCEDURAL ORDER FOR THE ADJUDICATION OF WATER RIGHTS CLAIMS IN THE RIO NUTRIAS, RIO CEBOLLA AND CANJILON CREEK SECTIONS OF THE RIO CHAMA STREAM SYSTEM**

This Order is entered by the Special Master pursuant to Fed.R.Civ.P. 16(b) to guide the course of the adjudication of the non-Pueblo water rights claims in the Rio Nutrias, Rio Cebolla and Canjilon Creek Sections of the Rio Chama Stream System.

Having held a planning conference June 19, 2000, having considered the comments and suggestions of all interested counsel and acequia representatives, and being fully advised in the premises, it is hereby ordered that the following procedures and schedules will govern the course of the adjudication.

**I. JOINDER OF CLAIMANTS.**

A. All those who claim the right to appropriate and use the surface waters of the Rio Nutrias, Rio Cebolla and Canjilon Creek, including Claimants identified by the Section 3, Rio Nutrias, Rio Cebolla and Canjilon Creek Hydrographic Surveys, shall be joined and served as parties to this suit. Unidentified and unknown Claimants shall be joined by publication.

B. Service on known Claimants shall be accomplished by the State of New Mexico *ex rel*. State Engineer ("State"). The State shall send by certified mail a packet that includes a Request for Waiver of Service, Notice of Adjudication, Complaint, Form Answer, Notice of Field Office, and proposed Consent Order. If no Request for Waiver of Service is returned to the State within 30 days, the Claimant shall be personally served with the Summons, Complaint and other information in the packet.

C. Claimants already joined in this suit will receive the Complaint and other information in the packet with the exception of the Request for Waiver of Service.

D. The Notice of Adjudication shall be approved by the Court and shall explain the adjudication process, and the Claimant's rights and obligations under this Order, in English and Spanish.

E. The Notice of Field Office shall inform the Claimant of the date and location of a first field office session for receiving further information or discussing disagreements with the proposed Consent Order. Together with other State personnel, the State Engineer Acequia Liaison will be present at all field office sessions. At their request, claimants may have the assistance of any technical representative retained by the acequia association during a field office session. The State will circulate the notice of a second field office once the date is known.

F. The State's proposed Consent Order(s) shall set out the amount and location of irrigated acreage, the location of the point of diversion and the purpose of use. The adjudication of irrigation water requirements and ditch-wide priority dates will be initiated by the State following the completion of the individual subfile activity.

**II. RESPONSES**

A. Agreement.

1. Claimants who agree with all of the elements of the water rights claims as set out in the proposed Consent Order(s) shall sign and return each order to the State on or before August 17, 2001. The State shall transmit the signed orders to the Court for approval and filing.

2. A signed and returned Consent Order serves as the Claimant's Answer to the Complaint. As between the State and the Claimant, the Consent Order finally adjudicates the water rights elements contained therein. Each Consent Order is subject to challenge by other Claimants during the *inter se* proceedings, which will be scheduled following the completion of subfile activity.

B. Disagreement.

1. Claimants who disagree with any element of the proposed Consent Order shall attend a field office session and discuss the disagreement with State personnel. Good faith participation in field office sessions is required to satisfy the discovery requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure. Accordingly, Claimants are required to attend a field office session, and are expected to bring to the field office their documents or other information that supports their position. To the extent possible, the State shall have available at the field office session the data upon which the Consent Order is based. Information that cannot be maintained at the field office shall be disclosed to the Claimant and made available for examination at the State's offices. If the disagreement can be resolved at the field office, the Claimant shall sign either the original Consent Order or a new Consent Order which incorporates any changes agreed upon. The State shall transmit the signed orders to the Court for approval and filing.

2. Claimants who reject the proposed Consent Order after discussion with the

State at a field office session shall file the Form Answer included in the service packet with the Court on or before August 17, 2001, and shall mail a copy of the Answer to the State.

3. An Answer rejecting the State's proposed Consent Order shall include a statement explaining why the Consent Order is objectionable, and a statement that the Claimant made a good faith attempt to resolve the disagreement with the State.

C. Failure to Respond.

1. A Claimant's failure to attend a scheduled field office session or make other arrangements with the State for a field investigation, shall be considered grounds for the entry of a Default Order which incorporates the State's proposed Consent Order.

2. A Claimant's failure to sign and return a Consent Order or file an Answer by August 17, 2001, shall be considered grounds for the entry a Default Order which incorporates the State's initial proposed Consent Order.

D. Disputed Claims.

1. By September 28, 2001, the State shall request hearings for all disputed claims for which Answers are filed. Requests shall include a statement that the State made a good faith attempt to resolve the disagreement with the Claimant.

2. Disputes regarding the amount or location of irrigated acreage, or other matters having primarily individual consequences, will be resolved prior to disputed claims of ditch-wide or stream-system wide significance and application.

**III. CHANGE OF ADDRESS OR OWNERSHIP**.

All Claimants, whether or not they are represented by counsel, are responsible for informing the Court of any changes in their mailing address or changes in ownership of water rights or real

property associated with the rights. The information must be filed with the Court within 30 days of any change, and a copy must be sent to the State.

**IV. *PRO SE* REPRESENTATION.**

Claimants who intend to appear and represent themselves shall file a notice with the Court and serve copies on those listed on the Distribution List, attached. Thereafter, they will be included on the Section 3 Distribution List and served with pleadings pursuant to Paragraph V.C., below. Without such notice, the Court and the parties will assume that a Claimant is represented by counsel for the acequia association with regard to issues having association-wide significance, and which are taken up by the association.

**V. LIMITS ON SERVICE OF PLEADINGS.**

A. This procedural Order shall be served on all Claimants, and all counsel of record who have made an appearance in the adjudication of the Rio Chama Stream System. Subsequent section-wide pleadings shall be served only on those identified on the "Section 3 Distribution List" attached to this Order. Others may apply to the Court for inclusion on the Distribution List, which will be amended accordingly.

B. Service of pleadings and other papers required to be served concerning subfile orders between an individual Claimant and the State shall be limited to the individual Claimant (or counsel for the Claimant) and the State.

C. Service of pleadings and other papers required to be served concerning either the entire Rio Nutrias, Rio Cebolla or Canjilon Creek Stream Systems shall be served on those included in the Section 3 Distribution List.

D. Unless otherwise ordered by the Court, parties filing motions of general application

shall not be required to determine if their motions are opposed prior to filing the motion. When a motion involves issues or claims limited to a particular Claimant or subfile, the movant shall determine if the motion is opposed before filing.

**VI. ADJUDICATION SCHEDULE.**

A. Federal Claims. By November 2, 2000, after discussions with interested counsel, the United States of America shall submit a proposed procedural order for the adjudication of all federal non-Pueblo water rights in this Section.

B. Proposed Notice of Adjudication and Form Answer. The State shall mail to active counsel of record and the Special Master drafts of a proposed Notice of Adjudication, as described above, Form Answer, and a proposed Notice of Adjudication for publication by August 3, 2000. Comments on each draft shall be submitted to the State and the Special Master by August 17, 2000.

C. Motion to Join Parties. The State shall file a Motion to Join Parties in Section 3 by October 5, 2000.

D. Public Meeting. The State shall hold at least one public meeting in Section 3 by October 15, 2000, in order to explain the procedures and schedule for the adjudication.

E. Service of Process. The State shall mail service packets as described above by November 9, 2000. The Notice of Adjudication shall be published in the Rio Grande Sun (published in Española, N.M.) once a week for four consecutive weeks, beginning the week of November 12, 2000.

F. Field Offices. The State will hold a separate field office session in the Rio Nutrias, Rio Cebolla and Canjilon Creek subsections of Section 3 beginning in April, 2001. A second field office session in each area will be held beginning in June, 2001. For good cause, additional field

office sessions may scheduled, and notices circulated in the community.

G. Status Conference. A status and scheduling conference will be held in August, 2001. Interested counsel of record shall discuss suitable times and location, and inform the Special Master of their preference(s) by mid-July.

H. Legal Issues When threshold legal issues, or any issues with possible legal significance to the adjudication generally, become apparent to counsel or any parties *pro se*, counsel or the parties shall so inform the Court. The issues and appropriate briefing schedules will be discussed at the August status conference.

I. Deadline for Submission of Non-Federal Claims. Any individuals who claim water rights in Section 3 which were not included in the State's Hydrographic Survey shall file a Statement of Omitted Claim with the Court on or before December 28, 2001, and send a copy of the Statement to the State.

**IT SO ORDERED.**

/electronic signature/
VICKIE L. GABIN, SPECIAL MASTER

**SECTION 3 DISTRIBUTION LIST**

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

Darcy S. Bushnell, Esq.
Adjudication Staff Attorney
USDC-DCNM
333 Lomas Blvd. N.W., Box 610
Albuquerque, NM 87102-2272

Edward Newville, Esq.
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102

Bradley S. Bridgewater, Esq.
David W. Gehlert, Esq.
USDOJ-ENRD
999 Eighteenth St., Suite 945
Denver, CO 80202

John W. Utton, Esq.
P.O. Box 271
Albuquerque, NM 87103-0271

Wilfred Gutierrez, Chair
NM Acequia Commission
P.O. Box 190
Velarde, NM 87582

Paula Garcia
NM Acequia Association
P.O. Box 1881
Las Vegas, NM 87701