IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.        )
State Engineer,                    )
                                   )          No. CV 7941 SC
          Plaintiff,               )
                                   )          RIO CHAMA Stream System
     v.                            )
                                   )          Sect. 1 Main Stem Section
ROMAN ARAGON, et al.,              )
                                   )
          Defendants.              )
_____)

## THE UNITED STATES' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

On July 24, 1998, the Honorable Daniel Hurlbutt, then Presiding Judge of Idaho's

Snake River Basin Adjudication issued a decision which addressed two of the issues pending

before this Court as a result of the United States' Motion for Partial Summary Judgment on its

claim to a reserved water right under the Wild and Scenic Rivers Act.

Judge Hurlbutt held that "[t]he United States is entitled to an express federal

reserved water right under the Wild and Scenic Rivers Act" and that the purposes of the Act are

to (1) "preserve designated rivers in their free-flowing condition;" and (2) "protect and preserve

the characteristics for which a river was designated." Decision at 11. Judge Hurlbutt's decision

was submitted to this court in August of 1998.

On October 27, 2000, the Idaho Supreme Court issued an opinion which affirmed

Judge Hurlbutt's decision. Specifically, the Idaho Supreme Court recognized that Congress

intended to reserve water to fulfill the purposes of the Act. Opinion at 4. The Idaho Supreme

Court's decision is attached.

1

6013

Dated this 13th day of November, 2000.

Respectfully submitted,

LOIS J. SCHIFFER
Assistant Attorney General

DAVID W. GEHLERT, Attorney
U.S. Department of Justice
Environment and Natural Resources
       Division
General Litigation Section
999 18th St., Suite 945
Denver, CO  80202
(303) 312-7352

2

## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 25153/54

IN RE: SRBA CASE NO. 39576, RE: WILD
& SCENIC RIVERS CLAIMS: 75-13316,
77-11941, 78-10668, 78-11961, 81-10472,
81-10472, 81-10513, 81-10625.

----------------------------------------------------------------

POTLATCH CORPORATION and
HECLA MINING,

                Appellants,

v.

UNITED STATES OF AMERICA,

                Respondent.

Boise, January 2000 Term

2000 Opinion No. 106

Filed: October 27, 2000

Frederick C. Lyon, Clerk

Appeal from the Snake River Basin Adjudication Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Daniel C. Hurlbutt, District Judge.

The decision of the district court granting summary judgment in part and denying summary judgment in part is <u>affirmed</u>.

Givens Pursley, LLC, Boise, for appellant Potlatch Corporation. Jefferey C. Fereday argued.

Root & Schindler, P.C., Denver, for appellant Hecla Mining Company. Thomas C. Root argued.

Hon. Betty H. Richardson, United States Attorney's Office, Boise; United States Department of Justice, Washington, D.C., for respondent; Sean H. Donahue, United States Department of Justice, Washington, D.C., argued.

---

SCHROEDER, Justice

    This case arises from the Snake River Basin Adjudication in which the district court granted in part and denied in part the United States' motion for partial summary judgment on claims the United States makes for reserved water rights pursuant to the Wild and Scenic Rivers Act.

1

## II.

## WILD AND SCENIC RIVERS ACT:  AN OVERVIEW

Congress enacted the Wild and Scenic Rivers Act in 1968 to protect and preserve the scenic, recreational, geologic, fish and wildlife, historic, and cultural aspects of various designated rivers.  16 U.S.C. § 1271.  Rivers were classified into three categories:  (1) wild rivers ('vestiges of primitive America'), (2) scenic rivers ('free of impoundments' and 'largely undeveloped') and (3) recreational rivers ('accessible by road or railroad' and 'may have some development').  16 U.S.C. §1273.

When Congress passed the Act, it designated eight rivers to be protected ('instant rivers') and listed twenty-seven rivers as potential additions to the Act.  Five of the eight instant rivers are located in the West.  Rivers can be added in a number of ways:  (1) Congress can designate a river, (2) Congress can designate a river after an agency studies the river and recommends its inclusion in the Act, or (3) a State may protect a river under its law and then seek the Secretary of Interior's approval that the river meets the Act's criteria.[5]

A critical section for reserved water rights is section 13(c) of the Act which provides the following:

> **(c) Reservation of waters for other purposes or in unnecessary quantities prohibited**
> Designation of any stream or portion thereof as a national wild, scenic or recreational river area shall not be construed as a reservation of the waters of such streams for purposes other than those specified in this chapter, or in quantities greater than necessary to accomplish these purposes.

## III.

## STANDARD OF REVIEW

In an appeal from an order granting summary judgment, this Court's standard of review is the same standard used by the district court in ruling on a motion for summary judgment.  *See, e.g., First Security Bank v. Murphy*, 131 Idaho 787, 790, 964 P.2d 654, 657 (1998); *Richards v. Idaho State Tax Comm'n*, 131 Idaho 476, 478, 959 P.2d 457, 459 (1998).  Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of

---

[5]  Peter M.K. Frost, *Protecting and Enhancing Wild and Scenic Rivers in the West*, 29 Idaho L. Rev., 313, 317 (1992-93).

(c) Reservation of waters for other purposes or in unnecessary quantities prohibited

Designation of any stream or portion thereof as a national wild, scenic or recreational river area shall not be construed as a reservation of the waters of such streams for purposes other than those specified in this chapter, or in quantities greater than necessary to accomplish these purposes.

Section 13(c) makes little sense unless the legislation reserves water to fulfill the purposes of the Act. It would be anomalous to logic to say that the Act which was expressly created to preserve free-flowing rivers failed to provide for the reservation of water in the rivers. Such a result would run contrary to the language of section 13(c) and the Congressional declaration of policy:

16 U.S.C. §1271 reads:

### Congressional declaration of policy

It is hereby declared to be the policy of the United States that certain selected rivers of the nation which, with their immediate environments, possess outstandingly remarkable scenic, recreational, geologic, fish and wildlife, historic, cultural, *or other similar values*, shall be preserved in free-flowing condition, and that they and their immediate environments shall be protected for the benefit and enjoyment of present and future generations. The Congress declares that the established national policy of dam and other construction at appropriate sections of the rivers of the United States needs to be complemented by a policy that would preserve other selected rivers or sections thereof in their free-flowing condition to protect the water quality of such rivers and to fulfill other vital national conservation purposes. (emphasis added).

A fundamental principle of statutory construction is that a provision should not be construed to make surplusage of provisions included within the act. *Ada County Assessor v. Roman Catholic Diocese of Boise*, 123 Idaho 425, 849 P.2d 98 (1993). Standard rules of statutory interpretation require this Court to give effect to the legislature's intent and purpose, and to every word and phrase employed. *Sweitzer v. Dean*, 118 Idaho 568, 571, 798 P.2d 27, 30 (1990).

While it is not necessary to look to legislative history in this case, that legislative history overwhelmingly supports the idea that Congress intended a reservation of water to fulfill the purposes of the Act. During floor debate on the original wild and scenic rivers legislation, which contained language that is substantially identical to section 13(c), Frank Church, the sponsor of

5

# V.

## THE CLAIM OF THE UNITED STATES TO UNAPPROPRIATED FLOWS IN THE MAIN STEM OF THE SALMON RIVER AND THE RAPID RIVER IS LIMITED TO THE MINIMUM AMOUNT NECESSARY TO FULFILL THE PURPOSES OF THE ACT.

The United States requested the district court to determine as a matter of law that the United States has a reserved water right in all the unappropriated flows in the main stem of the Salmon River and the Rapid River.  It did not make a similar claim to the other rivers involved in this litigation.  The district court denied this portion of the United States' motion for summary judgment, ruling that the United States *"is entitled to the minimum quantity necessary to fulfill the purposes of the Wild and Scenic Rivers Act . . . ."* (emphasis added).

The district court defined the purposes of the Wild and Scenic Rivers Act to be "to preserve rivers in their free flowing condition and to protect and preserve the designated rivers and their immediate. environments for the benefit and enjoyment of present and future generations," stating that the United States must "prove the minimum quantity necessary to fulfill these general purposes."  The United States has not appealed this portion of the district court's ruling.

The minimum amount necessary to fulfill the purposes of the Wild and Scenic Rivers Act must be determined in further proceedings before the district court.

---

"In contrast to the Wilderness Act, the Wild and Scenic Rivers Act expressly reserves water rights sufficient to fulfill the purposes of the act."  Karin P. Sheldon, *Water for Wilderness*, 76 Denv. U.L. Rev. 555, 567 (1999).

"It negatively states but clearly establishes a federal reservation of water in each river corridor to meet its specific flow needs and the purposes of the Act."  Peter M.K. Frost, *Protecting and Enhancing Wild and Scenic Rivers in the West*, 29 Idaho L. Rev. 313, 317 (1992-93).

"Congress expressly claimed unappropriated water in amounts and flow levels necessary to fulfill the purposes of the Wild and Scenic Rivers Act."  Brian E. Gray, *No Holier Temples:  Protecting the National Parks through Wild and Scenic River Designation*, 58 U. Colo. L. Rev. 551, 555 (1988).

<u>Certificate of Service</u>

I hereby certify that the foregoing **UNITED STATES' SECOND NOTICE OF**

**SUPPLEMENTAL AUTHORITY** has been served by placing true copies thereof in the United

States mail, postage prepaid, to the attached service list, this <u>13th</u> day of November, 2000.


_____
David W. Gehlert

## CERTIFICATE OF SERVICE LIST FOR
### *STATE OF NEW MEXICO V. ARAGON*
### CV 7941 SC

Vickie L. Gabin, SM
c/o USDC-DC NM
P.O. Box 2384
Santa Fe, NM 87504-2384

Judy K. Stoft, Data Mgr
HYDRO LOGIC
P.O. Box 30781
Albuquerque, NM  87190

Ed Newville, Esq.
NM State Eng's. Office
P.O. Box 25102
Santa Fe, NM  87504

David Benavides, Esq.
Northern NM Legal Serv.
P.O. Box 5175
Santa Fe, NM  87502

Frank M. Bond
Simons, Cuddy & Friedman
P.O. Box 4160
Santa Fe, NM  87502

Bradley S. Bridgewater, Esq.
USDOJ-ENRD
999 18th St., Ste. 945
Denver, CO  80202

Annie-Laurie Coogan, Esq.
644 Don Gaspar Avenue
Santa Fe, NM 87501-4480

Jeffrey L. Fornaciari
P.O. Box 2068
Santa Fe, NM  87504

K. Janelle Haught, Esq.
P.O. Box 25944
Albuquerque, NM  87125

Mary Ann Joca, Esq.
Office of General Counsel
517 Gold Ave., SW,
Rm 4017
Albuquerque, NM  87102

Steven L.  Bunch, Esq.
NM State Highway &
Transportation Dept.
P.O. Box 1149
Santa Fe, NM  87504

Benjamin Phillips, Esq.
John F. McCarthy, Esq.
Paul L. Bloom, Esq .
P.O. Box 787
Santa Fe, NM  87504

Peter B. Shoenfeld, Esq.
P.O. Box 2421
Santa Fe, NM  87504-2421

Lester K. Taylor, Esq.
Jessica R. Aberly, Esq.
500 Marquette Ave., NW
Suite 1050
Albuquerque, NM  87102

John W. Utton, Esq.
Charles T. DuMars, Esq.
P.O. Box 271
Albuquerque, NM 87103

Fred Vigil, Pro Se
P.O. Box 687
Mendanales, NM  87548

Fred J. Waltz, Esq.
Box 6390
Taos, NM 87571

C. Mott Woolley
112 W. San Francisco, #312D
Santa Fe, NM  87501

Robert C. Eaton, Esq.
Office of the Solicitor
U.S. Dept. of Interior
P.O. Box 1042
Santa Fe, NM  87504

Joe Van R. Clarke, Esq.
P.O. Box 4160
Santa Fe, NM 87502-4160

John E. Farrow, Esquire
P.O. Box 35400
Albuquerque, NM 87176

Randolph B. Felker, Esquire
911 Old Pecos Trail
Santa Fe, NM 87501

Mary Humphrey, Esquire
P.O. Box 1574
El Prado, NM 87529

Randy E. Lovato, Esquire
8100 Rancho Sueno Court, NW
Albuquerque, NM 87120-3488

Wilbert E. A. Maez, Esquire
P.O. Box 3519 Fairview Station
Espanola, NM 87533

Lucas O. Trujillo
P.O. Box 57
El Rito, NM 87530

Christopher D. Coppin
Attorney General's Office
6301 Indian School Road, NE
Suite 400
Albuquerque, NM 87110