IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

    Plaintiff,

    v.

RAMON ARAGON, *et al.*,

    Defendants.

69cv07941-JEC-ACE

RIO CHAMA STREAM SYSTEM
Rio Gallina, Section 5

PREHEARING ORDER
FOR LITIGATION OF WATER RIGHTS CLAIMS
IN CERTAIN DISPUTED SUBFILES

This Order is entered pursuant to F.R.Civ. P. 16, 26 and 53 and D.N.M.LR-Civ. 26 and 30, to guide the litigation of disputed elements of water rights claims for the subfiles and Defendants listed below.

| | | |
|---|---|---|
| 1. | CHGA-02-0006A | Henry L. Jacquez<br>1110 Maez Rd.<br>Santa Fe, NM 87505 |
| 2. | CHGA-02-0027A | Luis Toby Velasquez, Genevieve M. Velasquez<br>5505 Sicily Rd. N.W.<br>Albuquerque, NM 87114 |
| 3. | CHGA-02-0027B | Gabriel Maestas, Mary Ann Maestas<br>P.O. Box 5<br>Gallina, NM 87017 |
| 4. | CHGA-02-0042 | Marino Jacquez<br>P.O. Box 614<br>Cuba, NM 87013 |

5.      CHGA-03-0007      Juan C. Chavez, Patsy L. Chavez
P.O. Box 152
Gallina, NM 87017

Jose P. Chavez, Piedad Chavez
506 Old Hospital Road
Espanola, NM 87532

6.      CHGA-04-0001A      Julian Vigil, Mary Vigil
P.O. Box 110
Gallina, NM 87017

Robert M. Vigil
P.O. Box 108
Gallina, NM 87017

## I.    SCOPE OF PROCEEDING

This is a limited subfile proceeding. Therefore, the State of New Mexico *ex rel.* State Engineer and the above named Defendants are the only parties to this action, and are the only parties that will be allowed to participate at a disputed subfile hearing. The State is represented by Mr. Ed Newville. At this time, the above-named Defendants are *pro se*. Defendants who retain an attorney for purposes of the trial shall inform the State and Special Master as soon as possible of this fact, and such counsel shall immediately enter his or her appearance in the record.

## II.    BURDEN OF PROOF, DESCRIPTION OF CLAIMS

Each Defendant has the burden of proving all elements of his or her water rights claim. On or before **May 1, 2001**, each Defendant shall provide the State with a description of the amount and location of claimed irrigated acreage that differs from the description of water rights included in the

State's proposed consent order. Defendants shall mark the approximate boundaries of the claimed irrigated acreage on an aerial photograph subfile map provided by the State, and shall provide a copy of the map showing the claimed acreage to the State.

III.   DISCOVERY

Discovery begins immediately. All parties are expected to adhere to the F.R.Civ.P. 26 requirements of liberal, continuing and voluntary disclosure. No later than **June 15, 2001**, the parties shall provide to the opposing party:

(A)   the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses.

(B)   a copy of, or a description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses.

No later than **June 29, 2001**, the Defendants shall, upon the request of the State, and within 15 days of any such request, permit entry upon any claimed irrigated acreage for purposes of inspection, measuring and photography of the property.

IV.   PRETRIAL DISCLOSURES

(A) A party shall disclose the identity of any person who may be used at trial to present expert witness testimony by **August 6, 2001.** This disclosure shall be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered

3

by the witness in forming the opinions; and exhibits to be used as a summary of or support for the opinions; and the qualifications of the witness, including a list of all publications authored by the witness with the preceding ten years; the compensation to be paid for the study and testimony; and a list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(B) Discovery shall be completed no later than **September 21, 2001**. Service of interrogatories, requests for admission, or requests for production shall be considered timely only if the responses are due prior to that date. A notice of deposition shall be considered timely only if the deposition occurs prior to that date. Motions for extensions of, or changes to, discovery deadlines are necessary only where the parties cannot agree, or where such changes will of necessity delay scheduled hearings. Agreements shall be memorialized by letter to the parties and to the Special Master.

(C) No later than **October 3, 2001**, a party shall submit, not file, to the Special Master, the following information regarding evidence that it may present at trial, other than evidence to be used solely for impeachment:

1. the name and the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

2. the designation of those witness whose testimony is expected to be presented by means of a deposition;

3. identification of each document or other exhibit separately identifying those which the party expects to offer and those which the party may offer if the need arises; and

4. a copy of each expert witness report.

No witness will be permitted to testify and no exhibits or other evidence may be introduced at trial unless disclosed in a timely manner.

V.   MOTIONS, OBJECTIONS

The deadline for filing any dispositive motion, or a written objection to a proposed exhibit, is **October 3, 2001.** Objections to proposed exhibits must include a brief statement of the grounds therefor.  Responses shall be filed by **October 22**.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless such failure to object is excused by the court for good cause.

VI.  LIMITS ON SERVICE OF PLEADINGS

This Prehearing Order, and any subsequent pleadings having general application to the disputed subfiles listed above shall be served on the Defendants named above and counsel of record in the Gallina Section.

Service of pleadings, discovery, and other papers which concern subfile orders between an individual claimant and the State shall be limited to that individual (or counsel), the State, and counsel for the acequias.

VII.   PRETRIAL HEARINGS

(A) At the conclusion of the field inspections, but no later than August 30, the parties shall request a status conference with the Special Master.

(B) The Special Master shall hold a final pretrial conference on Monday **October 29, 2001**,

5

at a time and place to be announced for the purpose of scheduling individual hearings on disputed subfiles beginning the week of **November 12, 2001**.

## VIII.  OBJECTIONS TO THIS ORDER

Any objections to this Prehearing Order shall be filed with the Court, and served on the State and the above-named Defendants, within 10 days of receipt of this Order.

IT SO ORDERED.

/electronic signature/
VICKIE L. GABIN, SPECIAL MASTER