IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

01 JUL 31 F: 2: 13

|  |  |  |
|---|---|---|
| STATE OF NEW MEXICO on the relation of the State Engineer, and THE UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. CIV 7941-JC RIO CHAMA STREAM SYSTEM |
| RAMON ARAGON et al. | ) ) | |
| Defendants | ) ) ) ) | Section 5   Rio Gallina Subfile Nos. 02-00027A; 02-0027B; 02-0042; 03-0007 |

### CORDOVA-MARTINEZ DITCH'S
### MOTION TO INTERVENE

TO THIS HONORABLE COURT:

The Cordova-Martinez Ditch ("Petitioner") moves for leave to intervene as a party defendant in the subfile proceedings referenced above, pursuant to Rule 24, Federal Rules of Civil Procedure. Petitioner asks leave to in order to assert the defenses set forth in its proposed Answer, a copy of which is attached to this motion, pursuant to Fed R. Civ. P. 24(a)(2), as of right, or in the alternative, pursuant to Fed. R. Civ. P. 24(b).

Plaintiff State of New Mexico opposes this motion. Defendant subfile 2-0027A claimants Luis Toby Velasquez and Genevieve M. Velasquez, subfile 2-0027B claimants Gabriel Maestas and Mary Ann Maestas, and subfile 3-0007 claimants Juan C. Chavez, Patsy L. Chavez, Jose P. Chavez, and Piedad Chavez, do not oppose this motion. Counsel for Petitioner was unable to contact Defendant subfile 2-0042 claimant Marino Jacquez.

6308

1

## Background

The catalyst for this Motion is a set of proceedings initiated by the State of New Mexico, on the relation of the State Engineer, to determine and adjudicate the water rights of certain individual water rights owners in the Rio Gallina stream system. This particular set of proceedings is a subset of the entire adjudication suit for the Rio Gallina Stream System, in which Petitioner has been joined as a party defendant. The individual subfile owners party to these particular proceedings have claimed water rights, which if valid, have been perfected by and through use and membership in the Cordova-Martinez Ditch. Defendants, as such, are each claiming an interest in the ditch itself as well. Petitioner has actively participated in negotiations and on site investigations with Plaintiff, in connection with the determination of the water rights in question. Plaintiff, while welcoming Petitioner's assistance in sorting out questions of ownership and other pertinent and relevant matters, opposes Petitioner's participation as a party at any hearing on any disputed file. Without recourse to participation in any hearings, Petitioner is unable to protect its interest in the matter.

Rule 24 allows a party to intervene, upon timely application, either as of right or permissively. Forest Guardians v. Bureau of Land Management *et al.*, 188 F.R.D. 389 (D.N.M.1999). Fed. R. Civ. P. 24(a)(2) provides, in relevant part, as follows:

> Upon timely application anyone **shall** be permitted to intervene in an action... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. (Emphasis added.)

Therefore, this Court should allow intervention if Petitioner meets four criteria: 1) the application is "timely"; 2) the applicant claims an interest relating to the subject of the action; 3)

2

the applicant's interest "may as a practical matter" be impaired by the action; and 4) the applicant's interest is not adequately represented by existing parties. <u>Coalition of Arizona/New Mexico Counties v. Dept of the Interior</u>, 100 F.3d 837 (10th Cir. 1996). Petitioner has satisfied all four of these requirements and intervention should be allowed.

**I.     The application is timely.**

Petitioner has been an active participant in these proceedings to this point. Neither party will be disadvantaged by formalizing its status at this early stage in the litigation.

**II.    Petitioner has an interest relating to the subject of the action.**

Petitioner clearly has an interest relating to the subject of the actions. The actions are to adjudicate the water rights of certain members of the Cordova-Martinez Ditch. Such local and individualized adjudications, without Petitioner's participation, have the potential of destroying the fabric of the ditch through which water rights were perfected.

Under established law, water rights are the property of the individuals who have applied water to beneficial use. <u>Snow v. Abalos</u>, 18 N.M. 681, 140 P.1044 (1914). However, to acquire a water right, an appropriator must divert the water from the natural stream, and apply the water to a beneficial use. <u>Id</u>. To do this, "the water must be captured" and the appropriator must have "suitable appliances for conducting the water to the place of use, otherwise he should not be able to use the same." <u>Id</u> at p. 694. Simply, "he must have some suitable ditch" <u>Id</u>. at p. 693. In this case, the Cordova-Martinez Ditch is that ditch through which any of the water rights in question could have been developed.

While established law also provides that ditch ownership and water rights are separate and distinct interests, <u>Holmberg v. Bradford</u>, 56 N.M. 401 (1952), these interests are intimately and inextricably tied to one another. Ditches, as the conveyance systems, are owned by the

water rights owners together as tenants in common.  <u>Snow v. Abalos</u>. 18 N.M. 681, 140 P.1044

(1914).  However, there are at least two other separate interests in a ditch:  the interest of being a

water user (an interest held equally by all those with water rights in the ditch) and an interest in

the use of the ditch as an easement.  <u>Wilson v. Denver</u>, 125 N.M. 308, 961 P.2d 153, 1998

NMSC 16, ¶34.  With regard to these different but related interests--

> [T]he Legislature . . . has articulated with specificity five different management
> schemes distinguishing amount the various interests in a ditch system for various
> purposes: (1) based on the majority of those possessing water rights . . . (2) based
> on the majority of the ditch owners . . . ; (3) based on a majority of water users . . .
> ; (4) based on a majority of the owners of irrigated land . . . ; and (5) based in
> proportion to irrigable land or the lands under cultivation.

<u>Wilson v. Denver</u>, 125 N.M. 308, 961 P.2d 153, 1998 NMSC 16, ¶37.

This statutory scheme indicates a legislative recognition that "each ditch system is unique

and has individualized needs." <u>Id.</u>, ¶43.  It is the duty of elected ditch officers to ensure the

efficient and economic distribution of the water, to ensure that the ditch is maintained and kept in

good repair.  The business of the ditch is conducted by elected officers.  The method of election

of officers may be dependent upon a number of factors, one of which is the quantity of water

rights held by any one water user.   A water user can not legally use any of his or her water

rights without contributing his or her fair share of labor and dues.  Failure to pay a ditch

assessment could be grounds for loss of water rights. *1967 Op. Atty.Gen. N.M. 60.*  The

easement interest may be impacted by ditchwide agreements  to share water on a rotation system

or a local custom of distribution.  <u>Olson v. H.&B. Properties</u>, 118 N.M. 495, 882 P.2d 556

(1994). These interests and the ditch management scheme are directly tied to the quantity of

water rights held by any one water user;   therefore, any disturbance in the quantities recognized

will disturb the interests of the ditch.   This extends to elections of officers, schedules for

distribution of water, and other functions of the ditch.

Traditionally, community ditches were intended to benefit the whole community. <u>Olson v. H&B Properties, Inc.</u>, 118 N.M. 495, 882 P.2d 536 (1994). In this case, the origin of the Cordova-Martinez Ditch predates the establishment of the State of New Mexico. See *Declaration of Cordova Martinez Community Ditch* (attached hereto). State law requires that the local custom governing the distribution be recognized. NMSA 1978 §72-9-2. Adjudication of individual water rights owners, without the participation of the ditch, creates the potential of offending, if not destroying, local customs that have been in place for over a century.

In this case, Petitioner's interests are direct, and not contingent, and Petitioner should be given leave to intervene.

**III. Petitioner's interests may, as a very practical matter, be impaired if it is not allowed to intervene at this point.**

To satisfy the second element, Petitioner must show that the State's suit against the individual water users may "as a practical matter" impair Petitioner's ability to protect its interests. Such impairment may be any "significant legal effect in the applicant's interest." <u>Sierra Club v. Espy</u>, 18 F.3d 1202, 1207 (5th Cir. 1994).

Although in theory Petitioner may have recourse to challenge any decision in an *inter se* proceeding, as a practical matter, Petitioner could be fatally harmed before such a proceeding occurs. An *inter se* challenge will probably not be possible for several years, if not decades. By that time, damage or harm arising from adverse decisions will have occurred. Petitioner may be harmed in two ways: 1) by a decision that an individual subfile owner does not have any water rights or a lesser quantity than has been recognized by Petitioner; or 2) by a decision finding that an individual subfile owner has a quantity of rights greater than that recognized by Petitioner. Either scenario will disturb Petitioner's interests, and could lead to subsequent litigation outside the adjudication suit, as was the case in <u>Olson v. H & B Properties</u>. In that case, an adjudication

court found that a tract of land under the ditch had no valid water rights. This court order prompted a subsequent lawsuit between landowners to change the schedule of water delivery that had been memorialized in a declaration predating the adjudication suit.

As a practical matter, due to the Acequia and Community Ditch Fund Act, NMSA 1978 73-2A-1 *et seq.*, Petitioner is now in a financial position to defend its interests. This funding is ephemeral in nature and may evaporate long before a possible *inter se* challenge. For reasons of judicial economy, Petitioner should be given leave to intervene now to avoid possible re-litigation of the same issues at a later date.

**IV.   Neither of the existing parties adequately represents Petitioner's interest.**

Neither Defendants (the individual water rights owners) nor Plaintiff adequately represents Petitioner's interest. Plaintiff has brought this suit "[i]n order that the amount of unappropriated water subject to disposition by the state . . . may become known . . ." NMSA §1978 72-4-15. Plaintiff is also charged with accounting for water in the context of interstate compacts. Its interest is counter to Petitioner's interest in preserving the ditch's integrity.

Nor does the individual water rights owner adequately represent Petitioner's interest. It is possible that a subfile defendant's claims surpass those rights recognized by and managed through the ditch. Only the corporate body of the ditch itself can defend its unique interests in this case.

**V.   Conclusion**

For intervention as of right, Petitioner must show that it has an interest relating to the property or transaction which is the subject of the action. Fed. R. Civ. P. 24(a)(2). The "interest test" is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process," Nuess v. Camp, 128 U.S.

6

App. D.C. , 385 F.2d 694, 700 (D.C.Cir.1967). In this case, Petitioner has met the requirements of Rule 24(a)(2) and prays that the Court grant leave to intervene in these individual sub-file causes.

In the alternative, Petitioner asks the Court to grant leave to intervene pursuant to Fed. R. Civ. P. 24(b)(2). Petitioner's defense has a question of law and a question of fact in common with each of the individual subfile defendants, both concerned with the quantity of water that has been delivered through the ditch and that has been applied to beneficial use by the individual defendants. Intervention at this time will neither unduly delay nor prejudice the adjudication of rights on the original parties.

WHEREFORE, for the reasons stated above, Petitioner respectfully prays that the Court grant this Motion and give leave to Petitioner to intervene in the individual subfile causes.

Respectfully submitted,


MARY E. HUMPHREY
Attorney for Cordova-Martinez
Community Ditch
P. O. Box 1574
El Prado, NM 87529
(505) 758-2203

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was mailed to the following persons on the $\mathcal{7}$/__ day of July, 2001.

Ed Newville, Esq.
P. O. Box 25102
Santa Fe, NM  87504

Toby y Genevieve M. Velasquez
55050 Sicily Rd. NW
Albuquerque, NM  87114

Gabriel & Mary Ann Maestas
P. O.  Box 5
Gallina, NM 87017

Marino Jacquez
P. O. Box 614
Cuba, NM  87013

Juan C. and Patsy L. Chavez
P.O. Box 152
Gallina, NM  87017

Jose P. and Piedad Chavez
506 Old Hospital Road
Espanola, NM  87532

Gallina-Capulin Acequia Association
P. O. Box 163
Gallina, NM 87017

Special Master Vickie Gabin
U.S.District Court
P. O. Box 2384
Santa Fe, NM  87504-2384

Darcy Bushnell
USDC/DNM
333 Lomas Blvd NE, Suite 610
Albuquerque, NM  87102

David Gehlert
U S Dept of Justice
999 18th St, Suite 945
Denver, CO 80202

Mary E. Humphrey

CORDOVAS-MARTINEZ COMMUNITY DITCH   ---2---

means of a ditch about four feet wide and two feet deep and four and a half miles long, the capacity, grade, course and terminus of which are as shown by the survey plat hereto attached and made a part hereof.

That in the year 1889 Francisco A. Mestas, in 1891 Gabriel Mestas, and in 1904 Gavino Chavez were by mutual agreement admitted into joint ownership of said CORDOVAS-MARTINEZ COMMUNITY DITCH and use of water upon some 100 acres of lands in the tracts hereinbefore described; and that since the dates above given, by means of head-gates and other works by themselves and such predecessors in title, they have continuously maintained and operated said system, and then and thereafter continuously appropriated the water so diverted to beneficial uses, and caused the same to flow and otherwise be conduct-ed to and upon the aforesaid lands of these declarants; and these de-clarants and Librado Martinez, Pascual Cordova, Juan Duran, Leonardo Duran, Eulogio Sanchez and Henry Grant hereinbefore mentioned as their predecessors in title to the lands hereinbefore specifically described have continuously, uninterruptedly, openly, notoriously, peaceably, and adversely diverted and appropriated to beneficial uses the amount of water hereinbefore specified and have caused the same to flow and be otherwise conducted as aforesaid to and upon the here-inbefore described lands of these declarants, from 1885 to the date of this declaration, as follows:  Josefa Martinez 15 acres, Victor Suazo 20 acres, Fidel Torres 2 acres, Antonio J. Cordova 20 acres, Celestina Medina 20 acres, Andres Jaquez 22 acres, Delfido Martinez 22 acres, Gavino Chavez 75 acres, Carmen Jaquez 15 acres, Francisco A. Mestas 35 acres, Rosendo Cordova 15 acres, Prudencia Velarde 7 acres, Ramona C. de Mestas 55 acres, Tomas Corrales 10 acres, Apolonio Chavez 10 acres; and these declarants hereby give notice of their ownership of said water right as appurtenant to the ownership of said lands.

                                    Victor Suazo  Victor Suazo
                                    Gavino Chavez Gavino Chavez
                                    Juan I. Jaquez Juan I. Jaquez
                                              Ditch Commissioners.

Subscribed and sworn to before me this 13th day of January,
1921

                                              Notary Public.
My commission expires Dec. 11th 1924

CORDOVAS-MARTINEZ COMMUNITY DITCH   ---2---

means of a ditch about four feet wide and two feet deep and four and
a  half miles long, the capacity, grade, course and terminus of which
are as shown by the survey plat hereto attached and made a part hereof.

That in the year 1889 Francisco A. Mestas, in 1891 Gabriel
Mestas, and in 1904 Gavino Chavez were by mutual agreement admitted
into joint ownership of said CORDOVAS-MARTINEZ COMMUNITY DITCH and
use of water upon some 100 acres of lands in the tracts hereinbefore
described; and that since the dates above given, by means of head-
gates and other works by themselves and such predecessors in title,
they have continuously maintained and operated said system, and then
and thereafter continuously appropriated the water so diverted to
beneficial uses, and caused the same to flow and otherwise be conduct-
ed to and upon the aforesaid lands of these declarants; and these de-
clarants and Librado Martinez, Pascual Cordova, Juan Duran, Leonardo
Duran, Eulogio Sanchez and Henry Grant hereinbefore mentioned as
their predecessors in title to the lands hereinbefore specifically
described have continuously, uninterruptedly, openly, notoriously,
peacably, and adversely diverted and appropriated to beneficial uses
the amount of water hereinbefore specified and have caused the same
to flow and be otherwise conducted as aforesaid to and upon the here-
inbefore described lands of these declarants, from 1885 to the date
of this declaration, as follows:  Josefa Martinez 15 acres, Victor
Suazo 20 acres, Fidel Torres 2 acres, Antonio J. Cordova 20 acres,
Celestina Medina 20 acres, Andres Jaquez 22 acres, Delfido Martinez
22 acres, Gavino Chavez 75 acres, Carmen Jaquez 15 acres, Francisco
A. Mestas 35 acres, Rosendo Cordova 15 acres, Prudencia Velarde 7
Ramona C. deMestas 55 acres,
acres, Tomas Corrales 10 acres, Apolonio Chavez 10 acres; and these
declarants hereby give notice of their ownership of said water right
as appurtenant to the ownership of said lands.

_Victor Suazo_ Victor Suazo

_Gavino Chavez_ Gavino Chavez

_Juan I. Jaquez_ Juan I. Jaquez

Ditch Commissioners.

Subscribed and sworn to before me this 12th day of _January_;

1921

_Bruce M. Heatt_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO on the          )
relation of the State Engineer,      )
and THE UNITED STATES OF            )
AMERICA,                            )
                                    )
    Plaintiffs,                )
                                    )
    v.                         )   No. CIV 7941-JC
                                    )   RIO CHAMA STREAM SYSTEM
RAMON ARAGON et al.                 )
                                    )   Section 5   Rio Gallina
    Defendants                 )   Subfile No.  02-00027A; 02-0027B; 02-0042;
                                    )                 and 03-0007
                                    )

## CORDOVA-MARTINEZ'S DITCH
## ANSWER IN INTERVENTION

COMES NOW Cordova-Martinez Community Ditch, on behalf of itself and its individual

members, by and through their undersigned counsel, in answer to the complaints by Plaintiff

State of New Mexico ex rel. State Engineer regarding the water rights for Subfile 2-0027A

claimants Luis Toby Velasquez and Genevieve M. Velasquez, Subfile 2-0027B claimants

Gabriel Maestas and Mary Ann Maestas, Subfile 3-0007 claimants Juan C. Chavez, Patsy L.

Chavez, Jose P. Chavez, and Piedad Chavez, and Subfile 2-0042 claimant Marino Jacquez, and

states the following:

1.    Cordova-Martinez Ditch is a community ditch that diverts water from the Rio

Capulin, a tributary of the Rio Gallina, itself a tributary of the Rio Chama stream system.

2.    Cordova-Martinez Ditch has been joined as a Defendant in the adjudication of the

Rio Gallina stream system.

1

3.   The members of the Cordova-Martinez Ditch are water users who withdraw water from the Rio Capulin, which is a tributary of the Rio Gallina.

4.   Upon information and belief, Subfile 2-0027A claimants Luis Toby Velasquez and Genevieve M. Velasquez, Subfile 2-0027B claimants Gabriel Maestas and Mary Ann Maestas, Subfile 3-0007 claimants Juan C. Chavez, Patsy L. Chavez, Jose P. Chavez, and Piedad Chavez, and Subfile 2-0042 claimant Marino Jacquez claim rights to utilize the Cordova-Martinez Ditch as a means of diversion of their respective water rights.

5.   Cordova-Martinez Ditch is without sufficient knowledge or information either to admit or deny that the State of New Mexico's offer of no water rights to Subfile 2-0027A claimants Luis Toby Velasquez and Genevieve M. Velasquez has any basis in fact, and therefore denies the same.

6.   Cordova-Martinez Ditch is without sufficient knowledge or information either to admit or deny that the State of New Mexico's offer of no water rights to Subfile 2-0027B claimants Gabriel Maestas and Mary Ann Maestas has any basis in fact, and therefore denies the same.

7.   Cordova-Martinez Ditch is without sufficient knowledge or information either to admit or deny that the State of New Mexico's offer of no water rights to Subfile 3-0007 claimants Juan C. Chavez, Patsy L. Chavez, Jose P. Chavez, and Piedad Chavez has any basis in fact, and therefore denies the same.

8.   Cordova-Martinez Ditch is without sufficient knowledge or information either to admit or deny that the State of New Mexico's offer of no water rights to Subfile 2-0042 claimant Marino Jacquez has any basis in fact, and therefore denies the same.

2

WHEREFORE, Cordova-Martinez Ditch respectfully asks this Court to adjudicate claimants water rights equitably and in a manner consistent with Cordova-Martinez's recognition of claimants rights to divert water through the Cordova-Martinez Ditch.

MARY E. HUMPHREY
Attorney for Cordova-Martinez Ditch
P. O. Box 1574
El Prado, NM  87529
(505) 758-2203

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was mailed to the following persons on the ⁊⁊ day of July, 2001.

Ed Newville, Esq.
P. O. Box 25102
Santa Fe, NM  87504

Toby y Genevieve M. Velasquez
55050 Sicily Rd. NW
Albuquerque, NM  87114

Gabriel & Mary Ann Maestas
P. O.  Box 5
Gallina, NM  87017

Marino Jacquez
P. O. Box 614
Cuba, NM  87013

Juan C. and Patsy L. Chavez
P.O. Box 152
Gallina, NM  87017

Jose P. and Piedad Chavez
506 Old Hospital Road
Espanola, NM  87532

Special Master Vickie Gabin
U.S.District Court
P. O. Box 2384
Santa Fe, NM  87504-2384

Darcy Bushnell
USDC/DNM
333 Lomas Blvd NE, Suite 610
Albuquerque, NM  87102

David Gehlert
U S Dept of Justice
999 18th St, Suite 945
Denver, CO 80202

Mary E. Humphrey

3