IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of the State Engineer, and THE UNITED STATES OF AMERICA,<br><br>  Plaintiffs,<br><br>v.<br><br>RAMON ARAGON et al.<br><br>  Defendants | No. CIV 7941-JC<br>RIO CHAMA STREAM SYSTEM<br><br>Section 5  Rio Gallina<br>Subfile Nos. 02-00027A; 02-0027B; 02-0042; 03-0007 |

## CORDOVA-MARTINEZ DITCH'S REPLY TO STATE OF NEW MEXICO'S RESPONSE TO MOTION TO INTERVENE

TO THIS HONORABLE COURT:

The Cordova-Martinez Ditch ("Petitioner") replies to the State of New Mexico's Response to Motion to Intervene. The State's response has two prongs: 1) it asserts that Petitioner lacks a substantial interest in the proceedings and that Petitioner cannot demonstrate that the disposition of the matter may, as a practical matter, impair or impede Petitioner's ability to protect any interest Petitioner asserts; and 2) it asks the Court to order Petitioner's counsel to enter an appearance on behalf of the individual ditch members, rather than to allow Petitioner's intervention to protect its own unique interest.   Neither prong addresses the fact that Petitioner has a unique interest, separate and distinct, from those of the Defendants in these proceedings. This interest can be protected only by Petitioner's involvement as a party in these proceedings.

**I.      Petitioner meets all requirements for intervention under Fed. R. Civ. P. 24(a)(2).**

The State asserts that Petitioner has no property interest in the water rights in question, and that it does not have an interest that is direct, substantial and legally protectable. However,

1

the Tenth Circuit has "tended to follow a somewhat liberal line in allowing intervention." National Farm Lines v. Interstate Commerce Comm'n, 564 F.2d 381, 384 (10th Cir. 1977). This includes using the "interest test" as a practical guide to " 'disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.' " Coalition of Arizona/New Mexico Counties v. Dept of Interior, 100 F.3rd 837, 841 (10 Cir.1996), citing Nuesse v. Camp, 385 F.2d 694, 700 (D.C.Cir. 1967)

In Coalition of Arizona/New Mexico Counties v. Dept of Interior, 100 F.3rd 837 (10 Cir.1996), the Tenth Circuit found that a wildlife photographer who had photographed and studied the Mexican Spotted Owl had a substantial and legally protectable interest warranting intervention in an Endangered Species Act case. In that case, the petitioner for intervention admitted he had no property interest in the Mexican spotted owl. The Tenth Circuit reversed the trial court's denial of his motion to intervene, stating that "economic interest is not the sine qua non of the interest analysis for intervention as of right. To limit intervention to situations where the applicant can show an economic interest would impermissibly narrow the broad right of intervention enacted by Congress and recognized by the courts." 100 F. 3d at 841. The Court then recites several other examples in which intervention was allowed where there was no economic interest at stake.

The State cites City of Stilwell v. Ozarks Rural Elec. Coop., 79 F.3d 1038 (10th Cir. 1996), as support for its proposition that a "non-property" interest does not satisfy the Rule 24(a)(2) interest requirement. However, this case stands for the proposition that the interest at stake must be direct, and not attenuated or contingent. City of Stillwell concerned a municipality's attempt to condemn electric facilities and service rights of defendant Ozarks Rural Electric Cooperative. KAMO, a non-profit rural power generation and transmission cooperative owned by its seventeen member distribution cooperatives, including defendant Ozarks, moved to

2

intervene. KAMO's sale of power to Ozarks represented 4.4% of its sales to its member cooperatives. The Tenth Circuit affirmed the trial court's denial of intervention, finding that KAMO had no interest in the distribution system facilities that were the subject of the condemnation proceeding; its interest was merely contingent and not "direct and substantial."

In this case, the Cordova-Martinez Ditch is the distribution system for the water rights in question. While it may not have a property or economic interest in those rights, it certainly has a direct and substantial interest in the adjudication of those rights, which have a direct and substantial impact on the structure of the ditch itself. See Cordova-Martinez Motion to Intervene, filed July 31, 2001, at pp. 3-6.

The State asserts that Petitioner cannot demonstrate that the disposition of these proceedings may, as a practical matter, impair or impede its ability to protect that interest. It asserts that since all orders entered during this phase of proceedings are "subject to the right of other claimants to file objections to individual orders," than any order entered by the Special Master will have no "greater effect." However, the very purpose of allowing intervention is to involve as many as concerned parties as possible, for the purposes of both due process and judicial economy. Many objections can be resolved by allowing intervention now, in a unified proceeding. As a **practical** matter, the opportunity to file objections in the "eventual *inter se* phase of these proceedings", State's Response at p. 4, may be years, if not decades, in the future. By that time, any damage or disturbance in ditch management resulting from these initial proceedings may be irrevocable, or the subject of subsequent litigation. See <u>Olson v. H& B Properties</u>, 18 N.M. 495, 882 P.2d 556 (1994)[where adjudication of water rights on a ditch led to separate and subsequent litigation over water distribution schedules]. As a **practical** matter, Petitioner now has the funding from the New Mexico State Legislature to pay for legal services

3

to protect its interests. This funding is not guaranteed to be available at that uncertain time when an objection may be entered.

## II.     Petitioner's counsel cannot represent Defendants.

The State asserts that Petitioner's counsel should be required to enter her appearance on behalf of individual members rather than function as "de facto" attorney in the hearings. The State bases its arguments on the fact that Petitioner's counsel has "ghostwritten" interrogatories for individual subfile claimants. The State's argument is disingenuous, given the history of proceedings to this point.

Counsel for Petitioner cannot enter an appearance on behalf of individual subfile claimants due to the inherent and potential conflicts of interest in so doing. Petitioner's interest is separate and distinct from the individual subfile claimants who may claim in interest in the Ditch itself. Those interests may or may not be congruent. The State chooses to assume that they are congruent. Counsel for Petitioner has made its position known to the State during the many months of field investigations; due to the conflict of interest, she can not represent any individual water rights claimant. It is ironic that the State has benefited from the assistance and aid provided by Petitioner in identifying and correcting errors (including identifying some of the very defendants in this case), and yet it now wishes to prevent Petitioner from protecting its own interests.

One aspect of counsel's duties in advising Petitioner is to make available to all of its members, including the defendants in these proceedings, sample forms that they may then use in preparing their own individual defenses. These include initial disclosures forms, witness lists, interrogatories and other such documents that individual defendants can then tailor for their own uses and on their own behalf. This is a far cry from acting as "de facto" attorney. Petitioner cannot protect its own interests unless it is granted party status.

WHEREFORE, for the reasons stated above and in Petitioner's Motion to Intervene, Petitioner respectfully asks this Court to grant its motion to intervene as of right by Fed. R. Civ. P. 24(a)(2), or in the alternative, pursuant to Fed. R. Civ. P. 24(b)(2).

Dated: September 4, 2001

Respectfully submitted,

*[signature]*
MARY E. HUMPHREY
Attorney for Cordova-Martinez
Community Ditch
P. O. Box 1574
El Prado, NM 87529
(505) 758-2203

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was mailed to the following persons on the 4th day of September, 2001.

Ed Newville, Esq.
P. O. Box 25102
Santa Fe, NM 87504

Toby & Genevieve M. Velasquez
5505 Sicily Rd. NW
Albuquerque, NM 87114

Gabriel & Mary Ann Maestas
P. O. Box 5
Gallina, NM 87017

Marino Jacquez
P. O. Box 614
Cuba, NM 87013

Juan C. and Patsy L. Chavez
Jose P. and Piedad Chavez
P.O. Box 152
Gallina, NM 87017

Special Master Vickie Gabin
U.S. District Court
P. O. Box 2384
Santa Fe, NM 87504-2384

Darcy Bushnell
USDC/DNM
333 Lomas Blvd NE, Suite 610
Albuquerque, NM 87102

David Gehlert
U S Dept of Justice
999 18th St, Suite 945
Denver, CO 80202

Gallina-Capulin Acequia Association
P. O. Box 163
Gallina, NM 87017

*[signature]*
Mary E. Humphrey

5