IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

| | |
|---|---|
| **STATE OF NEW MEXICO,** *ex rel.* **State Engineer** | |
| Plaintiff, | 69cv07941 JEC-ACE |
| v. | RIO CHAMA STREAM SYSTEM |
| **RAMON ARAGON,** *et al.*, | Chama Mainstream Section |
| Defendants. | |

## MOTION FOR ORDER TO SHOW CAUSE

COMES NOW the Plaintiff, the State of New Mexico on the relation of the State Engineer, and respectfully asks this Court to order the Defendant, Acequia del Rio de Chama, and the Commissioners of the Acequia del Rio de Chama, Mr. Fred Vigil, Mr. Carlos Salazar and Mr. Gregorio Salazar, to show cause, if any, why the Court should not find them in civil contempt of this Court's Partial Final Judgment and Decree (Docket No. 1778) entered July 26, 1971, the Watermaster's Rules and Regulations (Docket Nos. 1949-50) approved by the Court on May 30, 1972, and the Watermaster Order (Docket No. 6665) issued April 24, 2002; and as grounds therefor Plaintiff states as follows:

    1.    Pursuant to the Partial Final Judgment and Decree (Docket No. 1778) entered July 26, 1971, for the Chama Mainstream Section of the Rio Chama Stream System, the commissioners of every community ditch are required to install and maintain headgates and suitable measuring devices of a type approved by the court appointed watermaster. Under this decree, the duties of the watermaster include, but are not limited to, the approval of meter installations for each ditch, and

the supervision of water use including the establishment of the rate of diversion of each ditch. *See* Partial Final Judgment and Decree entered July 26, 1971, page 6.

2. Under the Watermaster's Rules and Regulations (Docket Nos. 1949-50) approved by the Court on May 30, 1972, the watermaster must establish the maximum rate of flow for each ditch, and the rate of flow at the measuring device for each ditch shall not exceed the maximum rate established by the watermaster. *See* Watermaster's Rules and Regulations, Article 2, paragraphs 1 and 3.

3. The established maximum rate of flow at the measuring device for the Acequia del Rio de Chama is 11 cubic feet per second (cfs). This rate was established by the Rio Chama watermaster in 1972 or 1973 based upon the farm delivery requirements of the acreage served by the acequia, conveyance losses, stock and domestic requirements, and the sand sluicing requirements for the ditch. The rate has been reported in each annual watermaster's report beginning in 1973. Until about a month ago when the information was removed, the established maximum rate of flow was posted on the diversion works of the ditch as required by Article 2, paragraph 1 of the Watermaster's Rules and Regulations.

4. The present court appointed watermaster for the Chama Mainstream Section, is Stermon "Buck" Wells. *See* Order (Docket No. 5665) filed July 25, 1997. As the court appointed watermaster, Mr. Wells has the right to enter private lands to inspect and adjust headgates, sluiceways or wasteways. *See* Watermaster's Rules and Regulations, Article 1, paragraph 8. In an emergency, the watermaster may make adjustments of headgates without being accompanied by a commissioner or mayordomo. *See* Watermaster's Rules and Regulations, Article 1, paragraph 6.

5. Under Article 1, paragraph 10 of the Watermaster's Rules and Regulations, the

watermaster is required to report to the court the refusal or failure to comply with a notice of violation of a court order issued by the watermaster. Pursuant to that duty, the watermaster for the Chama Mainstream Section reports the information contained in paragraphs 6 through 13 herein.

      6.     On April 4, 2002, the watermaster determined that the official measurement station for the Acequia del Rio de Chama had recently been removed and discarded. The removal occurred in the context of improvements and repairs to the diversion works by individuals or contractors employed by the acequia. In addition to the removal of the measurement station, the channel configuration and carrying capacity of the ditch had been significantly increased by heavy equipment work, and the diversion rate appeared to be greatly in excess of the established maximum rate of diversion (11 cfs). The watermaster estimates that the rate of diversion on April 4, 2002, was approximately 40 cfs.

      7.     On April 18, 2002, the watermaster met with representatives of the Acequia del Rio de Chama for the purpose of establishing an interim point or mark for the maximum allowable level of flow for the acequia. At the time the interim point was established, the watermaster determined that the diversion rate from the Rio Chama measured approximately 20.8 cfs. The commissioners of the acequia, through their president Fred Vigil, were notified orally and in writing to maintain a level of flow in the ditch at or below the interim point established in the field on April 18, 2002.

      8.     Diversion of water in excess of the maximum allowable level of flow, and in the approximate amount of 20.8 cfs, continued after April 18, 2002, and subsequently the watermaster issued an order on April 24, 2002, that required the Acequia del Rio de Chama to not exceed the interim point established in the field on April 18, 2002. *See* Watermaster Order (Docket No. 6665) entered April 24, 2002.

9. Diversion of water in excess of the maximum allowable level of flow continued unabated after the issuance of the watermaster's April 24, 2002, order. On May 10, 2002, the watermaster personally adjusted the headgate of the acequia to reduce the rate of flow in the ditch to approximately 11 cfs, the established maximum rate of flow.

10. On May 12, 2002, the watermaster found that the rate of flow had been increased to its previous level of approximately 20.8 cfs, and he again adjusted the headgate of the acequia to reduce the flow to approximately 11 cfs.

11. On May 13, 2002, the watermaster found that the flow of the acequia had again been increased to its previous level of approximately 20.8 cfs. The watermaster did not attempt to adjust the headgate of the acequia on May 13th to reduce the diversion to the maximum allowed rate of flow, instead he simply opened the wasteway for the acequia to return the water being diverted to the Rio Chama.

12. Diversions of water by the acequia that are significantly in excess of the established maximum rate of flow (11 cfs) have resulted in the flooding of unirrigated land adjacent to the ditch, and to over-irrigation and waste of water on irrigated lands served by the acequia.

13. Over diversion of water by the acequia in excess of the established maximum rate of flow has continued unabated since the removal of the measuring station for the acequia, and since the widening and deepening of the acequia diversion and channel, with the exception of short periods of time when the watermaster has personally reduced the diversion and flow to an acceptable level. The commissioners of the acequia have made no effort whatsoever to comply with the written notices of the watermaster, or comply with the watermaster order issued April 24, 2002, ordering the commissioners of the acequia to maintain a rate of flow that does not exceed the interim point

established in the field on April 18, 2002, said point marking the maximum allowable level of flow for the acequia.

14. The actions of the acequia and its commissioners are in violation of the Partial Final Judgment and Decree entered July 26, 1971, the Watermaster's Rules and Regulations approved by the court on May 30, 1972, and the Watermaster Order issued April 24, 2002.

WHEREFORE the State of New Mexico on the relation of the State Engineer respectfully requests the Court to hold an expedited hearing on this motion to show cause, and order the Defendant Acequia del Rio de Chama, and its commissioners, to show cause, if any, why the Court should not find them in civil contempt of this Court's Partial Final Judgment and Decree entered July 26, 1971, the Watermaster's Rules and Regulations approved by the Court on May 30, 1972, and the Watermaster Order issued April 24, 2002.

Dated: May 15, 2002

Respectfully submitted,

/s/ Ed Newville
EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 827-6150

**CERTIFICATE OF SERVICE**

I certify that copies of the forgoing Motion to Show Cause were mailed to the following persons on May  15 , 2002.

/s/ Ed Newville
Edward G. Newville

5

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

Darcy S. Bushnell, Esq.
Adjudication Staff Attorney
USDC-DCNM
333 Lomas Blvd. NW, Box 270
Albuquerque, NM  87102-2272

Acequia del Rio de Chama
P.O. Box 687
Mendanales, NM 87548

Fred Vigil
P.O. Box 687
Mendanales, NM 87548

Carlos Salazar
P.O. Box 702
Mendanales, NM 87548

Gregorio Salazar
P.O. Box 747
Mendanales, NM 87548

Karla McCall, Data Manager.
1315 Sagebrush Dr. SW
Los Lunas, NM 87031

Bradley  S. Bridgewater, Esq.
David W. Gehlert, Esq.
USDOJ-ENRD
999 18th St., Suite 945
Denver, CO 80202

Mary E. Humphrey, Esq.
P.O. 1574
El Prado, N.M.  87529-1574

John W. Utton, Esq.

6

P.O. Box 271
Albuquerque, NM 87103-0271

Fred J. Waltz, Esq.
P.O. Box 6390
Taos, NM 87571

Frank M. Bond, Esq.
Simmons, Cuddy & Friedman LLP
P.O. Box 4160
Santa Fe, NM 87502-4160

Annie Laurie Coogan, Esq.
1520 Paseo de Peralta
Santa Fe, NM 87501-3722

John E. Farrow, Esq.
P.O. Box 35400
Albuquerque, NM 87176

Randolf B. Felker, Esq.
911 Old Pecos Trail
Santa Fe, NM 87501

Janelle Haught, Esq.
P.O. Box 25944
Albuquerque, NM 87125

Mary Ann Joca, Esq.
U.S. Forest Service
U.S. Department of Agriculture
517 Gold Ave. S.W., Rm. 4001
Albuquerque, NM 87102

Randy E. Lovato, Esq.
8100 Rancho Sueno Ct., N.W.
Albuquerque, NM 87120

Steven Bunch, Esq.
N.M. State Hwy. & Trans.
P.O. Box 1149
Santa Fe, NM 87504

Peter B. Shoenfeld, Esq.
P.O. Box 2421
Santa Fe, NM 87504

Lucas O. Trujillo
P.O. Box 57
El Rito, NM 87530

Mott Wooley, Esq.
112 W. San Francisco St.
Suite 312D
Santa Fe, NM 87501

Jeffrey L. Fornaciari, Esq.
P.O. Box 2068
Santa Fe, NM 87504

Wilfred Gutierrez, Chair
NM Acequia Commission
P.O. Box 190
Velarde, NM 87582

Paula Garcia
NM Acequia Association
P.O. Box 1229
Santa Cruz, NM 87567

Benjamin Philips, Esq.
John F. McCarthy, Jr., Esq.
Rebecca Dempsey, Esq.
White, Kock, Kelly & McCarthy, P.A.
P.O. Box 787
Santa Fe, NM 87504-0787

Lester K. Taylor, Esq.
Nordhaus, Haltom, Taylor, Taradash & Bladh, LLP
500 Marquette, NW
Suite 1050
Albuquerque, NM 87102

Susan G. Jordan, Esq.
Nordhaus, Haltom, Taylor, Taradash & Bladh, LLP
200 West DeVargas

Suite 9
Santa Fe, NM 87501

Tessa T. Davidson, Esq.
Swain, Schrantdt & Davidson, P.C.
4830 Juan Tabo, N.E., SuiteF
Albuquerque, NM 87111

Marcus J. Rael, Esq.
3208 Vista Maravillosa, N.W.
Albuquerque, NM 87120