IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF NEW MEXICO

| | |
|---|---|
| **STATE OF NEW MEXICO,** *ex rel.* **State Engineer** | |
| Plaintiff, | 69cv07941 JEC-ACE |
| v. | RIO CHAMA STREAM SYSTEM |
| **RAMON ARAGON,** *et al.*, | **Chama Mainstream Section** |
| Defendants. | |

## ORDER AND CONTINUING INJUNCTION

This matter is before the Court on the May 15, 2002 Motion to Show Cause (Docket No. 6705) of the Plaintiff, the State of New Mexico, *ex rel.* State Engineer. The Motion requests the Court to order the Defendant, Acequia del Rio de Chama, and the Commissioners of the Acequia del Rio de Chama, Mr. Fred Vigil, Mr. Carlos Salazar and Mr. Gregorio Salazar, to show cause, if any, why it should not find them in civil contempt of the Partial Final Judgment and Decree (No. 1778) entered July 26, 1971, the Watermaster's Rules and Regulations (Nos. 1949-50) approved by the Court on May 30, 1972, and the Watermaster Order (No. 6665) issued April 24, 2002.

Following entry of the May 17, 2002 Order to Show Cause (No. 6706), the State and the Acequia del Rio de Chama and its commissioners entered into a Stipulation, filed herein on May 29, 2002 (No. 6713), which states as follows:

> 1. The established maximum rate of flow at the measuring device for the Acequia del Rio de Chama is 11 cubic feet per second (cfs). Between April 4, 2002 and Noon May 21, 2002, the Acequia del Rio de Chama diverted water from the Rio Chama at the

approximate rate of 20.8 cfs. The Rio Chama Watermaster calculates the total over diversion of water during the above period to be approximately 904 acre feet. The acequia disputes this amount.

2.      The diversion of water between April 4, 2002 and Noon May 21, 2002, in excess of the maximum rate established by the Rio Chama Watermaster was in violation of the Partial Final Judgment and Decree entered July 26, 1971, the Watermaster's Rules and Regulations approved by the court on May 30, 1972, and the Watermaster Order issued April 24, 2002.

3.      The court shall issue an order and continuing injunction against the Acequia del Rio de Chama, and its commissioners, prohibiting diversions in excess of the maximum rate of diversion established by the Rio Chama Watermaster, and ordering the acequia and its commissioners to maintain a level of flow in the ditch at or below the interim reference point established in the field by the watermaster on April 18, 2002. If the Acequia del Rio de Chama fails to comply with the court's injunction, the acequia and its commissioners may be subject to sanctions, including contempt and fines, in an amount to be determined by the court, for each day it exceeds the maximum rate of diversion established by the watermaster. The mayordomo of the acequia will, however, be allowed to raise the level of flow in the ditch for short periods of time in order to allow irrigation of the 3.42 acre tract of land (subfile 10.9) located near the reference point established on April 18, 2002. Prior to raising the level of flow in the ditch above the reference point, the mayordomo or a ditch commissioner will notify the watermaster when and for how long the level of flow is to be raised. Only the mayordormo of the ditch, and not the landowner, will be allowed to raise the level of flow in the ditch, and only after prior notice to, and the approval of, the watermaster.

4.      The court shall order the Acequia del Rio de Chama, and its commissioners, to replace the official measurement station for the ditch within 30 days of the court order described in paragraph 3.

5.      The court shall order the Acequia del Rio de Chama, and its commissioners, to submit a water diversion plan for the remainder of the 2002 irrigation season, acceptable to the New Mexico State Engineer, that will offset the depletion effect on the Rio Chama of the acequia's over diversion of water between April 4, 2002 and May 21, 2002. The water diversion plan shall be submitted to the State Engineer within 15 days of the court order described in paragraph 3. If the State Engineer and the Acequia del Rio de Chama and its commissioners are unable to reach an agreement on an acceptable water diversion plan within 30 days of the court order described in paragraph 3, the State Engineer shall immediately request a court hearing to resolve the matter.

**IT IS THEREFORE ORDERED** that the Acequia del Rio de Chama, and its commissioners, are prohibited and are enjoined from any diversion of water from the Rio de Chama in excess of the maximum rate of diversion established by the Rio Chama Watermaster.

**IT IS FURTHER ORDERED** that the acequia and its commissioners shall maintain a level of flow in the ditch at or below the interim reference point established in the field by the Rio Chama Watermaster on April 18, 2002.

The mayordomo of the acequia may, however, raise the level of flow in the ditch for short periods of time in order to allow irrigation of the 3.42 acre tract of land described by Subfile 10.9 and located near the reference point established on April 18, 2002. Only the mayordormo of the ditch, and not the landowner, is allowed to adjust the level of flow in the ditch. Prior to adjusting the flow above the reference point, the mayordomo or a ditch commissioner shall notify the Watermaster of when and for how long the level is to be raised. The Watermaster shall approve the change prior to the adjustment.

**IT IS FURTHER ORDERED** that the Acequia del Rio de Chama and its commissioners shall replace the official measurement station for the ditch by June 28, 2002.

**IT IS FURTHER ORDERED** that the Acequia del Rio de Chama and its commissioners shall submit a water diversion plan for the remainder of the 2002 irrigation season to the New Mexico State Engineer that will offset the depletion effect on the Rio Chama of the over diversion of water between April 4, 2002 and May 21, 2002. The water diversion plan shall be submitted to the State Engineer by June 13, 2002.

**IT IS FURTHER ORDERED** that if the State Engineer and the Acequia del Rio de Chama and its commissioners are unable to reach an agreement on an acceptable water diversion plan by June 28,

2002, the State Engineer shall immediately request a court hearing to resolve the matter.

**IT IS FURTHER ORDERED** that the hearing scheduled for May 30, 2002 at 8:30 a.m. at the United States District Court in Santa Fe is vacated.  The Office of the State Engineer shall verbally notify all counsel and interested parties on the Court's mailing list by close of business, May 29, 2002.

/electronic signature/
JOHN EDWARDS CONWAY
SENIOR UNITED STATES DISTRICT JUDGE