IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,** *ex rel.*
**State Engineer**

    Plaintiff,

    v.

**RAMON ARAGON,** *et al.*,

    Defendants.

69cv07941 JEC-ACE

RIO CHAMA STREAM SYSTEM
Section 7: Tierra Amarilla,
Rio Brazos, Rutheron & Plaza
Blanca, Cañones Creek, Village of
Chama

**PROCEDURAL ORDER FOR THE ADJUDICATION
OF WATER RIGHTS CLAIMS IN SECTION 7
OF THE RIO CHAMA STREAM SYSTEM**

This Order supercedes the interim procedural order entered November 26, 2001 (Docket No. 6414) and is entered by the Special Master pursuant to Fed.R.Civ.P. 16(b) to guide the course of the adjudication of water rights claims for surface water irrigation use in Section 7 of the Rio Chama Stream System (Rito de Tierra Amarilla, Rio Brazos, Rutheron & Plaza Blanca, Cañones Creek, & Village of Chama).

Having considered the comments and suggestions of all interested counsel and acequia representatives, and being fully advised in the premises, it is hereby ordered that the following will govern the course of the adjudication.

**I.      JOINDER OF CLAIMANTS - HYDROGRAPHIC SURVEY REPORTS**

A.      Claimants identified by the hydrographic survey reports for the Rito de Tierra Amarilla, Rio Brazos, and Rutheron & Plaza Blanca subsections have previously been joined to the adjudication. Claimants identified in the hydrographic survey reports for the two remaining subsections in Section 7 (Cañones Creek and Village of Chama) shall be joined as those surveys are

completed, and within 30 days of the filing of those hydrographic survey reports with the Court. Unidentified and unknown Claimants in all subsections shall be joined by publication after the last hydrographic survey report in Section 7 is completed and filed with the Court.

Water rights claims for surface water irrigation use by the Jicarilla Apache Nation in connection with the Willow Creek Ranch shall not be included in the remaining hydrographic survey reports. These claims shall be investigated separately beginning in May 2003. The hydrographic survey staff of the Office of State Engineer shall contact Mr. Mike Hamman or the current Tribal Water Administrator for the Jicarilla Apache Nation, (505) 747-7910 or 753-0163, to schedule times for field inspection of these claims; and the claims shall be mapped and processed in the same manner as omitted claims. Within 60 days of any field inspection, the State Engineer shall prepare subfile maps showing the location of these claims and shall make those maps available for the inspection by the Jicarilla Apache Nation. The State Engineer shall also make all reasonable efforts to prepare proposed consent orders either recognizing or rejecting those claims prior to September 1, 2003. No filing of a statement of claims by the Jicarilla Apache Nation shall be necessary; however, the deadline for submission of any claims by the Jicarilla Apache Nation shall be the same as for omitted claims in II.C.4 of this Order.

B.  Service on known Claimants shall be accomplished by the State of New Mexico *ex rel*. State Engineer ("State"). Claimants who have not previously received a service packet shall be sent a packet by certified mail that includes a Request for Waiver of Service, Notice of Adjudication, Complaint, Form Answer, Notice of Field Office, and a proposed Consent Order. If no Request for Waiver of Service is returned to the State within 60 days, the Claimant shall be personally served with the Summons, Complaint and other information in the packet. Claimants in the Rito de Tierra Amarilla, Rio Brazos and the Rutheron & Plaza Blanca subsections who have previously received

service packets pursuant to the interim procedural order (6414) shall be sent the material omitted in the first mailing (Form Answer, Notice of Field Office) and a copy of this procedural order.

      C.     Mailing of service packets shall begin within 30 days after known Claimants in each subsection have been joined.

      D.     Claimants already joined in this suit will receive the Complaint and other information in the packet with the exception of the Request for Waiver of Service.

      E.     The Notice of Adjudication shall explain the adjudication process, and the Claimant's rights and obligations under this Order, in English and Spanish.

      F.     The Notice of Field Office shall inform the Claimant of the dates and location of field office sessions for receiving further information or discussing disagreements with the proposed Consent Order. Together with other State personnel, the State Engineer Acequia Liaison will be present at all field office sessions. At their request, Claimants may have the assistance of any technical representative retained by the acequia association during a field office session. Claimants may also have the assistance of their legal counsel and technical representatives at all field office sessions. Field office sessions will be held on three consecutive days, every other week, beginning in April 2003 and continuing into September 2003. The State Engineer may reduce the number or frequency of field office sessions based upon attendance and actual demand. Notice of any changes shall be mailed to all claimants in Section 7 whose rights have not been determined.

      G.     The State's proposed Consent Order(s) shall set out the amount and location of irrigated acreage, the location of the point of diversion and the purpose of use. The adjudication of irrigation water requirements and ditch-wide priority dates will be initiated by the State following the completion of the individual subfile activity.

## II.     RESPONSES

### A.     Agreement

1. Claimants who agree with all of the elements of the water rights claims as set out in the proposed Consent Order(s) may sign and return each order to the State. The State shall transmit the signed orders to the Court for approval and filing.

2. A signed and returned Consent Order serves as the Claimant's Answer to the Complaint. As between the State and the Claimant, the Consent Order finally adjudicates the water rights elements contained therein. Each Consent Order is subject to challenge by other Claimants during the *inter se* proceedings, which will be scheduled following the completion of subfile activity.

3. By signing a Consent Order, a claimant does not waive any future claim of right which might arise under the Treaty of Guadalupe Hidalgo. A claimant who signs a Consent Order may, at a later phase of these proceedings, raise the question of the effect on, or the relevance of the Treaty of Guadalupe Hidalgo to, his or her water rights. Questions, claims or issues regarding the Treaty of Guadalupe Hidalgo shall be addressed in a global and unified proceeding to be scheduled after the completion of individual subfile proceedings.

### B.     Disagreement

1. Claimants who disagree with any element of the proposed Consent Order shall attend a field office session and discuss the disagreement with State personnel. Good faith participation in field office sessions is required to satisfy the discovery requirements of Rule 26(a)(1)(A) and (B) of the Federal Rules of Civil Procedure. Accordingly, Claimants are required to attend a field office session, and are expected to bring to the field office their documents or other information that supports their position. To the extent possible, the State shall have available at the field office

session the data upon which the Consent Order is based. Information that cannot be maintained at the field office shall be disclosed to the Claimant and made available for examination at the State's offices. If the disagreement can be resolved at the field office, the Claimant shall sign either the original Consent Order or a new Consent Order that incorporates any changes agreed upon. The State shall transmit the signed orders to the Court for approval and filing.

    2.    Claimants who reject the proposed Consent Order after discussion with the State at a field office session shall file the Form Answer included in the service packet with the Court on or before December 31, 2003, and shall mail a copy of the Answer to the State.

    3.    An Answer rejecting the State's proposed Consent Order shall include a statement explaining why the Consent Order is objectionable, and a statement that the Claimant made a good faith attempt to resolve the disagreement with the State.

    C.    **<u>Failure to Respond</u>**

    1.    A Claimant's failure to attend a scheduled field office session or make other arrangements with the State for a field investigation shall be considered grounds for the entry of a Default Order that incorporates the State's proposed Consent Order, in accordance with criteria set forth in II.C.3 of this Order.

    2.    A Claimant's failure to sign and return a Consent Order or file an Answer by December 31, 2003 shall be considered grounds for the entry a Default Order which incorporates the State's initial proposed Consent Order.

    3.    The State shall request the clerk of the Court, under Rule 55(a), to enter the default of Claimants who have failed to sign and return a Consent Order or file an Answer by December 31, 2003. Provided, (1) no default shall be entered against any Claimant who has not been properly served with process or waived such service; (2) no default shall be entered until a Claimant has had

at least 30 days to review a proposed Consent Order or revised proposed Consent Order sent by the State; and (3) no default shall be entered if a Claimant is engaged in good faith negotiation with the State concerning the terms of a proposed Consent Order, unless the State requests in writing that the Claimant file an Answer to the Complaint and the Claimant fails to do so.

4. Persons who claim surface water irrigation rights in Section 7 that were not included in the State's Hydrographic Survey (unidentified and unknown claimants) shall file a Statement of Omitted Claim with the Court no later than December 31, 2003, and send a copy of the Statement to the State.

### III.   STATUS CONFERENCE

A status and scheduling conference concerning Section 7 will be held in September 2003. Interested counsel of record shall discuss suitable times and location, and inform the Special Master of their preference(s) by mid-July. Counsel for the State shall be prepared to report on the progress of the adjudication of water rights in Section 7 to date, and to discuss further scheduling, including potential hearings in disputed individual subfile proceedings.

### IV.   CHANGE OF ADDRESS OR OWNERSHIP

All Claimants, whether or not they are represented by counsel, are responsible for informing the Court of any changes in their mailing address or changes in ownership of water rights or real property associated with the rights. The information must be filed with the Court within 30 days of any change, and a copy must be sent to the State.

### V.   *PRO SE* REPRESENTATION

Claimants who intend to appear and represent themselves shall file a notice with the Court and serve copies on those listed on the Section 7 Distribution List, attached. Thereafter, they will be included on the Section 7 Distribution List and served with pleadings pursuant to Paragraph VI

below. Without such notice, the Court and the parties will assume that a Claimant is represented by counsel for the acequia association with regard to issues having association-wide significance, and which are raised by the association.

## VI.   LIMITS ON SERVICE OF PLEADINGS

A.   This procedural Order shall be served on all Claimants in Section 7 who have not already signed and approved a Consent Order, and all counsel of record who have made an appearance in the adjudication of the Rio Chama Stream System. Subsequent pleadings shall be served only on counsel and other persons identified on the Section 7 Distribution List attached to this Order. Others may apply to the Court for inclusion on the Distribution List, which will be amended accordingly.

B.   Service of pleadings and other papers required to be served concerning subfile orders between an individual Claimant and the State shall be limited to the individual Claimant (or counsel for the Claimant) and the State.

C.   Service of pleadings and other papers required to be served concerning the entire Section 7 of the Rio Chama Stream System shall be served on those included in the Section 7 Distribution List.

D.   Unless otherwise ordered by the Court, parties filing motions of general application shall not be required to determine if their motions are opposed prior to filing the motion. When a motion involves issues or claims limited to a particular Claimant or subfile, the movant shall determine if the motion is opposed before filing.

   IT SO ORDERED.

                                    /electronic signature/
                              VICKIE L. GABIN, SPECIAL MASTER

## RIO CHAMA SECTION 7
## DISTRIBUTION LIST

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

Darcy S. Bushnell, Esq.
Adjudication Staff Attorney
USDC-DCNM
333 Lomas Blvd. NW, Suite 270
Albuquerque, NM  87102-2272

Karla McCall, Data Manager.
1315 Sagebrush Dr. SW
Los Lunas, NM 87031

John W. Utton, Esq.
P.O. Box 271
Albuquerque, NM  87103-0271

Wilfred Gutierrez, Chair
NM Acequia Commission
P.O. Box 190
Velarde, NM 87582

Paula Garcia
NM Acequia Association
P.O. Box 1229
Santa Cruz, NM 87567

Marcus J. Rael, Esq.
3208 Vista Maravillosa, N.W.
Albuquerque, NM 87120

Benjamin Philips, Esq.
John F. McCarthy, Jr., Esq.
Rebecca Dempsey, Esq.
White, Kock, Kelly & McCarthy, P.A.
P.O. Box 787
Santa Fe, NM 87504-0787

Susan G. Jordan, Esq.
Nordhaus, Haltom, Taylor, Taradash & Bladh
200 West DeVargas
Suite 9
Santa Fe, NM 87501

Daniel Cleavinger, Esq.
P.O. Box 339
Tierra Amarilla, NM 87575

Jay F. Stein, Esq.
Stein & Brockman, P.A.
P.O. Box 5250
Santa Fe, NM 87502-5250

Bradley  S. Bridgewater, Esq.
David W. Gehlert, Esq.
USDOJ-ENRD
999 18th St., Suite 945
Denver, CO 80202

Lester K. Taylor, Esq.
Nordhaus, Haltom, Taylor, Taradash & Bladh
500 Marquette, NW, Suite 1050
Albuquerque, NM 87102

Tessa T. Davidson
Swain, Schrantdt & Davidson, P.C.
4830 Juan Tabo, N.E., Suite F
Albuquerque, NM 87111

Pierre Levy, Esq.
Daniel J. O'Friel, LTD
P.O. Box 2084
Santa Fe, NM 87504-2084

Edward G. Newville, Esq.
Lisa Brown, Esq.
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102