IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

| | |
|---|---|
| **STATE OF NEW MEXICO,** *ex rel.* **State Engineer**<br><br>    Plaintiff,<br><br>    v.<br><br>**RAMON ARAGON,** *et al.*,<br><br>    Defendants. | 69cv07941 JEC-ACE<br><br>RIO CHAMA STREAM SYSTEM<br>Rio Gallina, Section 5<br><br>Subfile Nos.  CHGA-004-0003<br>                       CHGA-004-0004 |

### RESPONSE BY STATE OF NEW MEXICO
### TO MAESTAS–SANCHEZ DITCH'S MOTION TO INTERVENE

Plaintiff State of New Mexico, *ex rel.* State Engineer ("the State") respectfully requests that the Court deny the Maestas–Sanchez Ditch's motion to intervene in trial proceedings between the State and the claimants in disputed subfiles CHGA-004-0003 and CHGA-004-0004. The motion is untimely. Moreover, the ditch's asserted interest is adequately represented by existing parties. In addition, the ditch may request to intervene for purposes of appeal if the claimants themselves refuse to appeal from a defeat.

Whether intervention is claimed as of right under Rule 24(a) or as permissive under Rule 24(b), the application to intervene must be timely. If the application is untimely, intervention must be denied. National Ass'n for the Advancement of Colored People v. New York, 413 U.S. 345, 365 (1973). Thus, timeliness is a threshold requirement for intervention, and if the application is untimely the Court need not reach any of the remaining requirements. *See* League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).

In this case, the Maestas–Sanchez Ditch ("the ditch") makes no attempt to show that the

application is timely, and no explanation is presented to explain its failure to seek to intervene at an earlier date. As the Court is well aware, a procedural order governing the litigation for the remaining individual subfiles and water rights claims in Section 5 of the Rio Chama Stream System was entered on May 3, 2002 (Docket No. 6699). This order limited the participation in the anticipated disputed subfile hearings to individual water rights claimants and the State. The ditch made no made no objection to this provision, and it failed to seek to intervene in disputed subfile hearings until almost 8 months later. The ditch filed its motion to intervene on December 30, 2002 (Docket No. 7001). The procedural order filed May 3, 2002 required all disputed subfile hearings to be completed by March 31, 2003. Hearings are presently scheduled to begin on January 28th.

The individual claimants under subfiles CHGA-004-0003 (Faye Davis) and CHGA-004-0004 (Abram Cordova) where notified by letter dated July 1, 2002 that the State had determined not to accept their claim for water rights and that the State proposed to adjudicate their claims as "no right." On about the same date, the State mailed copies of these letters to the attorney for the ditch. Thus the ditch learned that intervention could be needed to protect its asserted interests approximately 6 months prior to the time it filed the motion to intervene. Without belaboring the point, the State points out that the ditch has not participated in the discovery schedule, identified any witnesses or exhibits it intends to introduce, or otherwise participated in the proceedings leading up to the scheduled hearings for subfiles CHGA-004-0003 and CHGA-004-0004. In light of these considerations, and in the absence of any explanation by the ditch for its delay, the State asserts that the request to intervene should be denied as untimely.

In addition to the timeliness requirement, an applicant must demonstrate that its interest in the proceedings is (1) direct, substantial, and legally protectable, (2) that the existing parties do not

2

adequately represent the applicant's interest, and (3) that disposition of the action without the applicant's presence will impair the applicant's ability to protect that interest. City of Stilwell, Okl. v. Ozarks Rural Elec. Co-op. Corp., 79 F.3d 1038, 1042 (10th Cir. 1996). Assuming that the ditch has a direct, substantial and legally protectable interest in these individual subfile proceedings, and that the disposition of the proceedings may impair its ability to protect that interest, the ditch has not explained why its interest is not adequately represented by the individual water rights claimants, Faye Davis and Abram Cordova. The State believes that any interest of the ditch is adequately represented by these claimants because the goal or ultimate objective of the ditch and the claimants is the same.

The objective of the ditch is indicated in its answer in intervention filed with the motion to intervene. In its prayer for relief, the ditch requests that the Court "adjudicate claimants' water rights equitably and in a manner consistent with Maestas-Sanchez Ditch's recognition of claimant's rights to divert water through the Maestas–Sanchez Ditch." Answer in Intervention filed December 30, 2002 (Docket No. 7001), page 2. Thus the objective of the ditch in seeking to intervene in the proceedings is the same as the objective of the claimants–that the Court accept the claimants' water rights claims. When the objective of the applicant for intervention is identical to that of one of the existing parties, representation is adequate. Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior, 100 F.3d 837, 845 (10th Cir. 1996) (citing Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 838 (9th Cir. 1996) ("Where an applicant for intervention and an existing party 'have the same ultimate objective, a presumption of adequacy of representation arises'.") (quoting Oregon Envtl. Council v. Oregon Dept. of Envtl. Quality, 775 F.Supp 353, 359 (D.Or. 1991)).

In addition, it should be pointed out that the same attorney, Ms. Humphrey, represents the

ditch and the individual claimants. Although Ms. Humphrey has not yet formally entered her appearance on the record for the claimants, she indicated at the status conference in Gallina on January 3, 2002 that she intended to do so, and she participated at that conference on behalf of those claimants and acted as their attorney. Inadequate representation may hardly be claimed when the same attorney represents both the individual members of the ditch and the ditch itself. This would seem especially true where the objective of the two parties is the same. Here, both parties simply seek the judicial recognition of the individual members' water rights claims.

Because she represents both the ditch and the individual claimants, it should be assumed that Ms. Humphrey will make all necessary attempts to protect the interests of the ditch whether or not the ditch itself is allowed to intervene. In finding that representation is adequate, and that intervention should be denied, a number of courts have pointed out that the existing parties were represented by the same attorney as the proposed intervenor. *See, e.g.,* McClune v. Shamah, 593 F.2d 482 (3rd Cir. 1979) (same attorney represented limited partnership and limited partners); United States v. Nanlo, Inc. (Southbridge Evening News), 519 F.Supp 723 (D.Mass. 1981) (same attorney represented corporation and sole shareholder); *see also* United States v. Moore, 485 F.2d 1165 (5th Cir. 1973); Rolle v. New York City Housing Authority 294 F.Supp 574 (S.D.N.Y. 1969).

At the pretrial conference in Gallina on January 3, 2003, the attorney for the ditch stated a concern that the individual claimants may fail to pursue an appeal from an adverse decision. Federal case law indicates that if the claimants refuse to appeal from an adverse decision, this factor may introduce an element of inadequate representation sufficient for the ditch to intervene after judgment solely for the purpose of appeal. *See* Nuesse v. Camp, 385 F.2d 694 (D.C. Cir. 1967); Meek v. Metropolitan Dade County, Fla., 985 F.2d 1471 (11th Cir. 1993); *see also* Massachusetts Food Ass'n

v. Massachusetts Alcoholic Beverages Control Com'n, 197 F.3d 560 (1st Cir. 1999), *cert. denied*, 529 U.S. 1105 (2000); 6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 24.24[3] (3rd ed. 1985); 20 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 303.10[1][b][i] (3rd ed. 1985). However, the possibility that the claimants may not pursue an appeal does not support their argument for intervention in the trial proceedings scheduled to begin January 28, 2003. At this point in the proceedings, the ditch's asserted interest is adequately represented by the existing parties. Therefore, it has no right to intervene.

For the reasons stated above, the State requests that the Court deny Maestas–Sanchez Ditch's motion to intervene.

Respectfully submitted,

   /s/ Ed Newville
EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 827-6150

**CERTIFICATE OF SERVICE**

I certify that a copy of New Mexico's Response to Maestas–Sanchez Ditch's Motion to Intervene was mailed to the following persons on January    10   , 2003.

   /s/ Ed Newville
Edward G. Newville

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

Darcy S. Bushnell, Esq.

5

Adjudication Staff Attorney
USDC-DCNM
333 Lomas Blvd. NW, Suite 270
Albuquerque, NM  87102-2272

Karla McCall, Data Manager.
1315 Sagebrush Dr. SW
Los Lunas, NM 87031

Bradley  S. Bridgewater, Esq.
David W. Gehlert, Esq.
USDOJ-ENRD
999 18th St., Suite 945
Denver, CO 80202

Mary E. Humphrey, Esq.
P.O. 1574
El Prado, N.M.  87529-1574

John W. Utton, Esq.
P.O. Box 271
Albuquerque, NM  87103-0271

Fred J. Waltz, Esq.
P.O. Box 6390
Taos, NM 87571