IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO on the )
relation of the State Engineer, )
and THE UNITED STATES OF )
AMERICA, )
 )
    Plaintiffs, )
 )
v. ) No. CIV 7941-JC
 ) RIO CHAMA STREAM SYSTEM
RAMON ARAGON et al. )
 ) Section 5  Rio Gallina
    Defendants ) Subfiles No. 4-003 and 4-004


## MAESTAS-SANCHEZ DITCH'S REPLY TO STATE OF NEW MEXICO'S RESPONSE TO DITCH'S MOTION TO INTERVENE

TO THIS HONORABLE COURT:

The Maestas-Sanchez Ditch ("Petitioner" or "ditch") replies to the State of New Mexico's Response to Maestas-Sanchez's Ditch's Motion to Intervene.  The State opposes intervention on two grounds: 1) the Motion is not timely; and 2) the objective of the ditch in seeking to intervene is the same as that of the claimants, namely, that the claimants' water rights be recognized. Petitioner responds that 1) given the totality of all circumstances, its motion is timely; and 2) while the objective of the ditch may be in part the same as that of the claimants, its interests are separate and apart from those of claimants and claimants do not and cannot adequately represent those interests.

**I.      Petitioner's motion is timely.**

The Tenth Circuit is extremely liberal in allowing intervention. ***Coalition of Arizona/New Mexico Counties v. Dept. of Interior***, 1000 F. 3d 837 (10th Cir. 1996).  Federal courts should allow intervention "'where no one would be hurt and greater justice could be attained.'" ***Utah***

7020

*Association of Counties, et al. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001), citing *Sierra Club v. Espy*, 18 F.3d. 1202, 1205 (5th Cir.1994). "'The requirement of timeliness is not a means of punishment for the dilatory and the mere lapse of time by itself does not make an application untimely.'" *Utah Association of Counties,* 255 F.3d at 1250, citing 7C Wright, Miller & Kane, Federal Practice & Procedure § 1916 at 425-426 (2nd ed. 1986).

"The timeliness of a motion is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Association of Counties,* 255 F.3d at 1250, citing *Sanguine, Ltd. v. United States Dept. of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984). The measure of time between the filing of the complaint and the motion to intervene is one of the *least* important circumstances. *Stupak-Thrall v. Glickman*, 226 F. 3d 467 (6th Cir. 2000). See also *Sierra Club v. Espy*, supra, ("The analysis is contextual; absolute measures of timeliness should be ignored."). The more important analysis is that of prejudice, both to the existing parties and to the applicant. *Utah Association of Counties*, 255 F.3d at 1251.

A. *The State will not be prejudiced if intervention is allowed.*

In this case, the State does not articulate how it will be prejudiced by Petitioner's intervention. The nature of the dispute is clear: the State contends that the lands in question are sub-irrigated and thus not entitled to water rights; the claimants state that they have diverted water to irrigate their tracts. Discovery supporting both positions is completed, and Petitioner does not intend to identify additional witnesses or seek additional discovery. There is no prejudice to the State's case.

The State states that the ditch has known since July 1, 2002 that intervention could be needed when it sent letters to the claimants informing them that the State did not accept their water

2

rights claims. However, during the course of the proceedings in Gallina, the State had notified many claimants of "No Right" offers, many of which were subsequently changed after further discussion and negotiation between the State, claimants and representatives of acequias. The ditch did not and could not know in July of the constellation of circumstances that now requires it to seek intervention.

In *Utah Association of Counties*, the Tenth Circuit allowed intervention after the close of document discovery. In fact, the court found the fact that intervenors waited to intervene until such time that it was decided that "there would ultimately be a case in which to intervene" was an additional factor indicating the motion to intervene was timely. 255 F.3d at 1251, note 2. "Courts should discourage premature intervention that wastes judicial resources." *Id.*, citing *Sierra Club v. Espy*, 18 F.3d at 1206.

The State has encouraged ditch participation in negotiation and administrative matters; why does it now object when the ditch merely seeks to protect its own interests? "'The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.'" *Utah Association of Counties*, 255 F.3d at 1250, citing *Sierra Club v. Espy*, 18 F. 3d at 1205.

B.   *The ditch will be prejudiced if intervention is not allowed.*

If intervention is not allowed, there is, however, prejudice to the ditch. The ditch will lose its right to appeal in the event of rulings adverse to the claimants and the Ditch. The general rule is that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse decision." *Marino v. Ortiz*, 484 U.S. 301, 98 L. Ed. 629, 108 S.Ct. 586 (1988). Intervention for the first time on appeal is granted only under exceptional circumstances. *Duplan v. Harper*, 1888 F.3d 1195 (10th Cir. 1999). This is especially true in cases where the petitioner never moved to intervene in the district court. "'A court of appeals may, but only in an exceptional case for

3

imperative reasons, permit intervention where none was sought in the district court.'" *Hutchison v. Pfeil*, 211 F.3d 515, 519, citing *Hall v. Holder*, 117 F.3d 1222, 1231 (11th Cir. 1997). Judicial economy requires intervention prior to appeal. According to the 10th Circuit Court of Appeals, "[t]he reason for this is simple: considering an immediate appeal from a timely pretrial motion to intervene is more efficient and less costly than permitting a proposed intervenor to wait and see if the trial's outcome leaves intervention desirable with its attendant risk of undoing what the trial court has already done." *Plain v. Murphy Family Farms*, 296 F.3d 975, 980-981 (10th Cir. 2002).

If Petitioner's motion is denied, Petitioner is required by law to seek an immediate appeal. *Id.*, 296 F.3d at 980. Such as appeal will delay these proceedings to all parties' prejudice.

## II.    The ditch's interests are separate and apart from those of the claimants; these interests can not be represented adequately by the claimants.

The ditch acknowledges that it shares the same objective as claimants, namely that the Court accept the claimants' water rights claims. However, an objective is not synonymous with an interest. The ditch's interest in the claimants' possession of water rights is different from that of the claimants. The ditch, as currently situated, is owned and operated by several persons. Because the ditch represents all those owners in common, it represents interests that exceed those of any one person or claimant. While individual claimants, as individual parties, may be able to appeal their individual cases, they can not appeal decisions adverse to the ditch. Only the ditch, as a party to the proceedings, can take this step.

PETITIONER requests that its motion to intervene be granted.

Respectfully submitted,

4

_____
MARY E. HUMPHREY
Attorney for Masias-Sanchez Ditch
P. O. Box 1574
El Prado, NM 87529-1574
(505) 758-2203

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was mailed to the following persons on the 15th day of January, 2003.

Ed Newville, Esq.
P. O. Box 25102
Santa Fe, NM 87504

Darcy Bushnell, Adj.
USDC/DNM
333 Lomas Blvd. NE
Albuqueque, NM 87102

Abram Cordova
P. O. Box 91
Gallina, NM 87017

Faye Davis
P. O. Box 170
Gallina, NM 87017

Special Master Vickie Gabin
U.S.District Court
P. O. Box 2384
Santa Fe, NM 87504-2384

_____
Mary E. Humphrey

5