IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO on the )
relation of State Engineer, )
)
      Plaintiff, )
) 69cv07941- JEC-ACE
-v- )
) RIO CHAMA STREAM SYSTEM
RAMON ARAGON et al., )
) Rio Gallina, Section 5
      Defendants. )
)

<u>ORDER GRANTING MOTION TO INTERVENE</u>

THIS MATTER is before the Special Master on the Maestas-Sanchez Ditch's ("Ditch") Motion to Intervene and Memorandum Brief in Support, filed December 30, 2002 (Docket No. 7001), the Response filed January 1, 2003, by the State of New Mexico, ex rel. State Engineer ("State") (No. 7010), and the Ditch's Reply, filed January 16, 2003 (No. 7020).

The Ditch requests intervention in hearings on disputed subfiles associated with individual claimants on the Ditch. F.R.Civ.P. 24(a)(2), 24(b).

Following counsel's arguments at the January 3, 2003, final pretrial conference, and being otherwise fully advised in the premises, I find:

    1. The parties to these proceedings on disputed subfiles are the State and the individual water rights claimants.

    2. Since the Ditch filed the Motion, Mary Humphrey, Esq., counsel for the Ditch, entered her appearance on behalf of the individuals who claim water rights diverted from that ditch.

    3. The Motion is timely. Hearings are scheduled to begin January 28. On January 3, Ms. Humphrey stated that she does not intend to raise new issues, nor request additional discovery. The

State has failed to show how it would be prejudiced by the Ditch's intervention at this time.

4. The Ditch alleges, and the State does not dispute, that the Ditch's interest is direct, substantial, and legally protectable.

5. The Ditch and the individual claimants share common questions of law and fact with respect to the disputed issues in these proceedings.

6. It appears that the Ditch's primary reason for intervening at this time is to maintain its right of appeal should the rulings on the individuals' claims be adverse, and the individuals choose not to appeal.  It is not entirely clear from the case law that under these circumstances, the Ditch would be granted leave to intervene at an "appellate" level (objections to the special master report, pursuant to Fed. R. Civ. P. 53(e)).

7. Under the circumstances in this case, at this time, permissive intervention pursuant to Fed. R. Civ. P. 24(b) is appropriate.

IT IS ORDERED, THEREFORE, that the Maestas-Sanchez Ditch is granted leave to intervene in the hearings on disputed subfiles CHGA-004-0003 and CHGA-004-0004, provided that: neither issues not previously raised nor evidence not previously disclosed to the State may be introduced at any time during these subfile proceedings.

       /electronic signature/
SPECIAL MASTER VICKIE L. GABIN