## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

      Plaintiff,

      v.

RAMON ARAGON, *et al.*,

      Defendants.

69cv07941 JEC-ACE

RIO CHAMA STREAM SYSTEM
Rio Gallina, Section 5

## PRETRIAL ORDER

This Order is entered pursuant to Fed.R.Civ.P. 16(e) following a final pretrial conference held in Gallina, New Mexico on January 3, 2003 in connection with the disputed water rights claims of Faye Davis (subfiles CHGA-003-0003A through CHGA-003-0005, and CHGA-004-0003); Juan C. Chavez, Patsy L. Chavez, Jose P. Chavez and Piedad Chavez (subfile CHGA-003-0007); Jose Z. Chacon and Lucinda Chacon (subfile CHGA-003-0019); and Abram Cordova (subfile CHGA-004-0004).  Pursuant to the order entered January 7, 2002 (Docket No. 7005), hearings in these disputed subfiles are scheduled to begin January 28, 2003, at 9:30 a.m., in the Small Courtroom, 2nd floor, United States District Court, Federal Place, Santa Fe, NM.

The claimants named above and the State of New Mexico ("the parties") have reached the following stipulations, and agree on the following plan for the admission of evidence and sequencing of witnesses.  The parties also submit the following short statements of issues in connection with each subfile, and summary of each witness's anticipated testimony.

### Testimony relevant to all subfiles

1.      The parties have agreed that the testimony of Reid Bandeen in connection with his

expert witness report dated September 5, 2002 (Irrigation Water Availability in the Rio Gallina and Rio Capulin Watersheds) is relevant to all disputed subfiles. Mr. Bandeen will be the first witness called to testify on January 28, 2003. His testimony and report will be admitted into evidence in all of the subsequent disputed subfile hearings. Following the testimony of Mr. Bandeen, the State will take the testimony of its rebuttal expert witness, Dario Rodriguez–Bejarano PhD. The testimony and report of Dr. Rodriguez will also be admitted into evidence in all of the subsequent disputed subfile hearings.

2. Mr. Bandeen will testify as to the matters contained in his expert witness report dated September 5, 2002.

3. Dr. Rodriguez–Bejarano will testify as to the matters contained in his expert witness report dated October 7, 2002.

4. There are no challenges to the qualifications of Mr. Bandeen or Dr. Rodriguez–Bejarano.

5. In addition, the parties have agreed that the State may introduce an additional exhibit, relevant to all subfiles, showing an overlay of the BLM master title plat (Township 23 North, Range 1 East) on a composite color map showing all Gallina subfile mapping as of December 16, 2002. The State will call Mark Salazar to explain the preparation and use of the exhibit.

Following testimony relevant to all disputed subfiles, the hearings will be conducted in the following manner and order.

**Subfiles CHGA-004-0003 (Faye Davis) and CHGA-004-0004 (Abram Cordova)**

1.      Subfiles CHGA-004-0003 and CHGA-004-0004 will be consolidated for hearing.

2.      The State's position with regard to the tracts of land under these subfiles is that the tracts are natural subirrigated wetlands in the flood plane of the river, and there is no diversion of water out of the natural channel of the river.

3.      The claimants' position with regard to these tracts of land under these subfiles is that the claimants have diverted and continue to divert water from the Rio Capulin to irrigate these tracts for the production of forage.  As a result of the surface water introduced through irrigation diversions and periodic flood flows of the Rio Capulin, the water–retaining properties of the high silt and clay content soils, flat topography and poor drainage, the soil maintains a high moisture content.

4.      The claimants expect to call the following witnesses:

    a.      Abram Cordova, Jr. will testify regarding the irrigation and harvesting of crops on tracts of land identified as Subfile Nos. CHGA-004-0003, CHGA-004-0004 and CHGA-004-0005.

    b.      Rogelio Corrales will testify regarding the irrigation and harvesting of forage and crops on the tracts of land identified as Subfile Nos. CHGA-004-0003, CHGA-004-0004 and CHGA-004-0005.

    c.      Faye Davis will testify regarding the irrigation and harvesting of crops on the tract of land identified as Subfile Nos. CHGA-004-0003.

    d.      Cosme Chacon will testify regarding the irrigation and harvesting of crops on the tracts of land identified as Subfile Nos. CHGA-004-0003 and CHGA-004-0004.

e.      <u>Wilfred Rael</u> will testify regarding as to the physical condition of the claimed

tracts.

f.      <u>Ruby Chacon</u> will testify as to the physical condition of the claimed tracts.

g.      <u>Willie Chavez</u> may be called to testify as to the irrigation and harvesting of

crops on the claimed tracts.

5.      The parties agree that the testimony of Faye Davis in connection with these subfiles

may be taken on the following day during the hearing for subfiles CHGA-003-0003A

through CHGA-003-0005.

6.      The exhibits previously identified by the claimants in subfiles CHGA-004-003 and

CHGA-004-0004 are admitted by stipulation.

7.      The State expects to call the following witnesses:

a.      <u>Mark Salazar</u> will testify as to the locations where plant samples were taken

for identification, the location of the tracts of land on the overlay of the BLM

Master Title Plat on the composite hydrographic survey map, and the physical

condition of the claimed tracts.

b.      <u>Lorenzo Romero</u> will testify as to the physical condition of the claimed tracts.

c.      <u>Susan Hoines</u> will testify as to the matters contained in her expert witness

report dated August 28, 2002, the hydrogeology of the area where the tracts

are located, and the physical condition of the claimed tracts.

8.      The exhibits previously identified by the State in connection with these subfiles are

admitted by stipulation.

9.      There are no challenges to the qualifications of the State's expert witness Susan

Hoines.

10.     Following presentation of the State's case, the claimants will call two rebuttal expert
        witnesses.

        a.      <u>Reid Bandeen</u>  will testify as to matters contained in his expert report dated
                October 30, 20002 concerning the hydrogeology of the area where the tracts
                are located and the physical condition of the claimed tracts.

        b.      <u>William Dunmire</u> will testify as to matters contained in his expert report,
                "Gallina Rush-Grass Swale Survey Report," and as to the physical condition
                of the claimed tracts.

11.     There are no challenges to the qualifications of Mr. Bandeen or Mr. Dunmire.

**<u>Subfiles CHGA-003-0003A through CHGA-003-0005 (Faye Davis)</u>**

1.      Subfiles CHGA-003-0003A, CHGA-003-0003B, CHGA-003-0003C, CHGA-003-
        0003D,  CHGA-003-0004A,  CHGA-003-0004B  and  CHGA-003-0005  will  be
        consolidated for hearing.

2.      The State's position with regard to the tracts of land under these subfiles is that any
        water rights appurtenant to these tracts have been forfeited or abandoned.

3.      The claimant's position with regard to the tracts of land under these subfiles is that
        the water rights appurtenant to these tracts have not been forfeited or abandoned.

4.      The claimant expects to call the following witnesses:

        a.      <u>Faye Davis</u> will testify regarding the history of irrigation and harvesting on the
                claimed tracts, and about catastrophic events causing damage and destruction
                to the ditch conveyance systems and about actions taken to remedy and repair

damage and destruction to the ditch conveyance systems.

b.        <u>Joe Chacon</u> will testify as to the historical irrigation and harvesting on the claimed tracts and regarding the 1987 declaration filed by the Placitas Ditch (Declaration No. 03247).

c.        <u>Frank Chacon</u> will testify as to his work experience as a laborer working to repair the ditch conveyance system in the mid-1980's.

d.        <u>Leon Chavez</u> will testify as to his work experience as a laborer working on the ditch conveyance system in the mid 1980's.

e.        <u>Bobby Garcia</u> will testify as to his work experience as a laborer working on the ditch conveyance system in the mid 1980's.

f.        <u>Alfonso Suazo</u> will testify as to his work experience as a laborer working to repair the ditch conveyance system in the mid 1990's.

g.        <u>Don Shipley</u> will testify as to contracts entered into with the water rights claimant to repair the ditch conveyance system.

h.        <u>Wilfred Rael</u> will testify as to the conditions of the irrigation supply ditch for the claimed tracts.

5.        The exhibits previously identified by the claimant in subfiles CHGA-003-0003A through CHGA-003-0005 are admitted by stipulation.

6.        The State expects to call the following witnesses:

a.        <u>Mark Salazar</u> will testify as to the conditions of the irrigation supply ditch for the claimed tracts.

b.      Lorenzo Romero will testify as to the matters in his expert witness report

dated September 11, 2002 and the physical condition of the claimed tracts.

c.      Ray Rivera will testify as to the matters contained in his expert witness report

dated September 11, 2002 and the physical condition of the claimed tracts.

7.      The exhibits previously identified by the State in connection with these subfiles are

admitted by stipulation.

8.      There are no challenges to the qualifications of the State's expert witnesses Mr.

Romero and Mr. Rivera.

**Subfile CHGA-003-0019 (Jose Z. Chacon and Lucinda Chacon)**

1.      The State's position with regard to the tract of land under this subfile is that the

claimed areas are occupied by native brush and other non-agricultural vegetation, and

that any use of irrigation water in these areas does not represent beneficial use of

water.

2.      The claimants' position with regard to the tract of land under this subfile is that

claimants' systematically cut back willows, regarded by the State as native brush, in

order to irrigate and harvest grasses and forage crops for beneficial use in livestock

production, and as to how the vegetation considered by the state to be non-

agricultural is beneficially used in livestock production.

3.      The claimants expect to call the following witnesses:

a.      Jose Zebedo Chacon will testify regarding the practice of cutting back of

willows on this tract in order to irrigate and harvest grasses and forage crops,

and to the beneficial uses of crops designated by the State as non-agricultural.

       b.      <u>Tommy Chacon</u> will testify regarding the practice of cutting back of willows on this tract in order to irrigate and harvest grasses and forage crops, and to the beneficial uses of crops designated by the State as non-agricultural.

       c.      <u>Come L. Chacon</u> will testify as to the claimants' systematic routine of cutting willows in order to allow the beneficial use of growing forage for livestock production.

       e.      <u>Wilfred Rael</u> may testify as to the physical condition of the tracts.

4.      The exhibits previously identified by the claimants in subfile CHGA-003-0019 are admitted by stipulation.  The color subfile map for CHGA-003-0019 amended October 24, 2002 will be substituted for the map amended October 25, 2001.

5.      The State expects to call the following witnesses:

       a.      <u>James Aguirre</u> will testify as to the physical condition of the claimed tracts.

       b.      <u>Lorenzo Romero</u> will testify as to matters contained in his expert witness report dated August 30, 2002 and the physical condition of the claimed tracts.

       c.      <u>Ray Rivera</u> will testify as to the matters contained in his expert witness report dated August 30, 2002 and the physical condition of the claimed tracts.

6.      The exhibits previously identified by the State in connection with this subfile are admitted by stipulation.

7.      There are no challenges to the qualifications of the State's expert witnesses Mr. Romero and Mr. Rivera.

**<u>Subfile CHGA-003-0007 (Juan C. Chavez et al.)</u>**

1.      The State's position with regard to the tracts of land under these subfiles is that these tracts of land were originally irrigated from the Chavez ditch, which has been abandoned, and that any irrigation of these tracts from the Cordova–Martinez ditch (in the absence of a permit from the State Engineer) represents an illegal change in point of diversion; therefore, any original water rights have been abandoned.

2.      The claimants' position with regard to the tracts of land under these subfiles is that claimants' property is part of a ranch considered to be a single property, the entirety of which was irrigated historically through the use of one *derecho* or share of time from the Cordova-Martinez Ditch, and that the *derecho* was used to irrigate the entirety of the original ranch and not only the southernmost portion of the ranch now identified as Subfile CHGA-003-0006.

3.      The claimants expect to call the following witnesses:

   a.      Dennis Cooper will testify as to the matters contained in this expert report dated September 28, 2002.

   b.      Juan Chavez will testify regarding the history and practices of irrigation of the claimed tract.

   c.      Jose P. Chavez will testify regarding the history and practices of irrigation of the claimed tract.

   d.      Gabriel Maestas, Jr. will testify regarding the history and practices of irrigation of the claimed tract.

   e.      Apolonio Chavez will testify regarding the history and practices of irrigation of the claimed tracts.

        f.       <u>Wilfred Rael</u> will testify as to the physical condition of the claimed tracts.

4.      There are no challenges to the qualifications of the claimants' expert witness Mr. Dennis Cooper.

5.      With the exception of exhibit "G" (1996 New Mexico Hydrographic Survey), the exhibits previously identified by the claimants in subfile CHGA-003-0007 are admitted by stipulation.

6.      The State expects to call the following witnesses:

        a.      <u>James Aguirre</u> will testify as to matters contained in his expert witness report dated October 2, 2001, chain of title documents related to the claimed tracts and  adjacent tracts of land, and the physical condition of the claimed tracts.

        b.      <u>John Baxter Ph.D</u> will testify as to matters contained in his expert witness report dated May 1998, and chain of title documents and small holding claim documents related to the claimed tracts and adjacent tracts of land.

        c.      <u>Chris Rodriguez</u> will testify as to the location and condition of the Chavez ditch.

        d.      <u>Lorenzo Romero</u> will testify as to matters contained in his expert witness report dated October 2, 2001, and the physical condition of the claimed tracts.

        e.      <u>Ray Rivera</u> will testify as to matters contained in his expert witness report dated October 2, 2001, and the physical condition of the claimed tracts.

7.      The exhibits previously identified by the State in connection with these subfiles are admitted by stipulation.

8.      There are no challenges to the qualifications of the State's expert witnesses Mr.

Aguirre, Dr. Baxter, Mr. Romero and Mr. Rivera.

The parties have agree that xerox copies of original aerial photographs may be used as

exhibits as described above. The original photographs may be used during the hearings and the

original copies will be available for use by the special master after completion of the hearings.  The

original photographs will be returned to the parties after completion of reports by the special master.

Following the completion of all hearings, the parties shall submit proposed findings of fact and

conclusions of law no later than 45 days after transcripts of all hearings have been filed with the

district court.

                                                            /electronic signature/
                                                    SPECIAL MASTER VICKIE L. GABIN


Approved as to form and substance:

      /s/ Ed Newville 1/21/03
Edward G. Newville, Esq.
Special Assistant Attorney General
Attorney for New Mexico State Engineer


      telephonic approval 1/21/03
Mary E. Humphrey, Esq.
Attorney for Faye Davis, Abram Cordova,
Juan C. Chavez, Patsy L. Chavez, Jose P. Chavez,
Piedad Chavez, Jose Z. Chacon, Lucinda Chacon