IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

03 MAY -5 AM 10: 51

| | | |
|---|---|---|
| STATE OF NEW MEXICO on the relation of the State Engineer, and THE UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. CIV 7941-JC RIO CHAMA STREAM SYSTEM |
| RAMON ARAGON et al. | ) ) | Section 5  Rio Gallina |
| Defendants | ) ) ) | Subfiles No. 3-0003A, B, C, D 3-0004A & B, 3-0005 |

## DEFENDANT FAYE DAVIS'S
## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

DEFENDANT Faye Davis, by and through her attorney of record, respectfully submits the following proposed findings of fact and conclusions of law:

### Proposed Findings of Fact

Background

1.  Faye Davis is the current owner of the disputed subfiles in question. *Tr. 1/30/03, Davis at 44-45.*

2.  The disputed acreage has been separated into 3 separate subfiles, all of which are furthered separated into subcategories.  In all ther are 12 separate but fairly contiguous tracts at issue. State Ex. 11.

3.  The aggregate area at issue is  44.6 acres, of which 39.6 acres are located north and 5 acres are located south of the highway. *State Ex. 11.*

7122

4. Faye Davis and her deceased husband Gordon Davis acquired the land beginning in 1977, purchasing the tracts from J.E.Sanchez, Celia Jacquez, and Fabiola Borrego. *Tr. 1/30/03 att 45-48, 51, 67.*

5. When purchased, the former owner of the subject properties had irrigated them for many years, irrigating whenever water was available. *Tr. 1/30/03 at 47, 49-50, 61.*

6. The subfile tracts receive water from a lateral of the Placitas Ditch known as the "Davis lateral." The Placitas Ditch diverts water from the Rio Gallina. *Tr. 1/30/03 at 51-53, 73.*

7. The Placitas Ditch, also known as the Gallina East Community Ditch, filed a declaration of ownership of water rights appurtenant to 213 acres with a priority on or about 1880. The declaration listed Gordon Davis as having the right to irrigate 7 acres, J.E. Sanchez as having the right to irrigate 34 acres, Celia Jacquez as having the right to irrigate 7 acres, and Fabiola Borrego as having the right to irrigate 6 acres. All the properties are located in Section 9 of Township 23 North Range 1 East. *Def. Ex. 12, 13; Tr. 1/30/03 at 57-58, 73*

8. Water was first applied to beneficial use on the subject lands prior to 1907.

9. The Davis lateral that delivers water to the subfile tractrs is 2.5 miles long, crossing several arroyos in its traverse. *Tr. 1/30/03 at 118.*

Evidence of historic irrigation

10. Aerial photographs and OSE field notes show evidence of historic irrigation on all tracts, with the exception of one 1.8 acre tract associated with Subfile No. 3-0003D, at some time during the years 1935-1989.

11. Field notes on the 1974 aerial photograph indicates ditches crossing under the highway to irrigate fields on the north side of the highway. *State Ex. 8; Tr.1/30/03 at 164-165.*

12. Subfile No. 3-0003A covers 3.1 acres divided into two tracts 1.3 acres and 1.8 acres in size. The 1.3 acre tract was irrigated in 1935, 1959 and 1989 and was planted in grain-sorghum in

1975. The 1.8 acre tract was planted in alfalfa in 1975. State Ex. 8,*State Ex. 12 at 1; Tr.1/30/03 at 144, 155, 158, 159.*

13. Subfile No 3-0003B covers 26.3 acres divided into two tracts of 9.6 acres and 16.7 acres. Both tracts were irrigated in 1935, 1959, 1974 and 1989. State Ex. 11; *State Ex. 12 at 2; Tr.1/30/03at 146.*

14. . Subfile No. 3-0003C has one tract 3.1 acres in size. It was irrigated in 1974 and was planted in irrigated pasture in 1975. *State Ex. 12 at 2; State Ex. 8; Tr.1/30/03 at 147.*

15. Subfile NO. 3-30003D covers 3.2 acres divided into two tracts of 1.4 acres and 1.8 acres. The 1.4 acre tract was irrigated in 1935, 1959 and 1989. *State Ex. 12 at 2. Tr.1/30/03 at 147.*

16. Subfile NO. 3-0004A covers 3.5 acres divided into two tracts of 1.9 acre and 1.6 acre. The 1.9 acre tract was fallow in 1975. *State Ex. 8. Tr.1/30/03, Romero at 162*

17. Subfile No. 3-0004B is 1.9 acres in size. It was irrigated in 1959 and was found to be planted in alfalfa in 1975. *State Ex.8, State Ex. 12 at 3; Tr.1/30/03 at 146*

18. Subfile No. 3-0005 covers 3.5 acres divided into two tracts of 1.8 acres and 1.7 acres, both of which were planted in wheat in 1975. *State Ex. 8; Tr.1/30/03, Romero at 163.*

19. Aerial photography shows the reservoir for water storage located upslope of all the tracts, and immediately to the south of Subfile No. 3-0003C contained water in both 1959 and 1961. *Tr. 1/30/03, Davis at 46, 49, 78-79; Def. Ex. 18; State Ex.8..*

20. The Davis lateral feeds into the reservoir. Tr.1/30/03 at 168-169.

21. The Wolf Canyon weather station is the closest weather station to the Gallina region and is the appropriate weather station to use when analyzing probable climatic conditions in the Gallina region. Def. Ex. 1; *Tr. 1/28/03, Rodriguez at 66.*

22. An analysis of climatic data available from the National Oceanic and Atmospheric Administration show that the years 1959 and 1974 were below average in precipitation at the

3

Wolf Canyon weather station and in the Gallina region. *Tr. 1/28/03, Rodriguez, 1/28/03 at 66; Def. Ex. 1 at 3, 7 ; Bandeen, 1/28/03 at 76.*

23. There was below normal precipitation during December 1958 and January, February, March, and May 1959 in the Gallina region. *Def. Ex. 1 at 3, 7.*

24. If the winter snowpack is below average, there will be less water available for irrigation in the spring. *Tr. 1/28/03, Rodriquez at 77.*

25. While summer rains may provide a supplement to irrigation, they don't generally result in increased ditch flows; often surface water from snowpack runoff is the only water available for irrigation in the runoff season.  Def. Ex. 1 at 3; *Tr. 1/28/03*, Rodriguez at 78.

26. Dry soil conditions make a difference in the amount of water that will be available for irrigation, as more water is needed. *Tr. 1/28/03*, Rodriguez at 80.

27. There was below normal precipitation in the months June-December 1973. Together with the dry baseline soil conditions from 1973 and below normal precipitation for the months February -April 1974, there were diminished surface water supplies for irrigation in 1974. *Def. Ex. 1 at 3.*

28. The year 1975, during which the OSE performed field work, was a high snowfall/runoff year. *Def. Ex. 1 at 7;  Tr. 1/28/03 at 23 ; Tr.1/30/03 at 135.*

29. Tracts 3-0003A, 3-0003D, 3-004B, 3-005 all of which did not appear to be irrigated on the 1974 (low water year) aerial photographs were found to be in cultivation or fallow in 1975, which was a high water year.

30. Historically, the owners of the subject properties would irrigate as much land as possible with the water available at the time.

31. Irrigation occurred in 1989.

<u>Davis uses</u>

32. Ms. Davis purchased the properties with the intention of continuing to plant, irrigate and harvest them. Ms. Davis has had no intention to abandon the tracts. *Tr. 1/30/03 at 64,* 70-71.

33. Sometime in the late 1980's or early 1990's, a flood down one of the arroyos destroyed the flume crossing the arroyo. *Tr. 1/30/03 at 65*

34. After this event, Ms. Davis hired several persons to work on the Davis lateral at various times. In 1995, Ms. Davis bought culverts and made arrangements with someone to repair ditch in exchange for crop sharing. *Tr. 1/30/03, Davis at 6, 63-64. 70.*

35. Because repairing the flume will be expensive, Ms. Davis approached Cuba Soil & Conservation Service District office in 1996and in 1997 filed an application for funds to repair the broken flume. *Def Ex. 14; . Tr. 1/30/03 at 62, 63*

36. In 1999, the Cuba Soil and Water Conservation District denied the application based on the fact that the land had not been irrigated for five years. *Def. Ex. 14.*

37. Ms. Davis cannot irrigate the land until the flume is repaired.

38. Prior to the destruction of the flume, the tracts had been irrigated to the greatest extent whenever there was sufficient water available to irrigate. Tr. 1/30/03 at 61.

39. A major portion of the ditch remains operable and there is a culvert under the highway to transport water to the tracts on the north side. *Tr. 1/30/03 at 74, 79.*

40. The major obstacle in making the ditch operable is repair of a flume that crosses an arroyo that is several feet deep. *Tr. 1/30/03 at 75-76.*

41. Many of the points identified as inoperable by the OSE could be fixed with only minor repairs. *Tr. 1/30/03, Salazar at 104-118 Tr. 1/30/03*

42. Repair of the flumes, which will be costly, remains the greatest obstacle to making the ditch operable. *Tr. 1/30/03, Rael at 75-76, Salazar at 95, 98.*

43. It does not make sense to make minor repairs until the major repairs to the flume have been accomplished. *Tr. 1/30/03, Salazar at 120-121.*

44. Defendant has acted diligently to repair the diversion works and has remained willing to irrigate.

## Proposed Conclusions of Law

1. Beneficial use is the basis, measure and limit of the right to use water. NM Const. Art. XVI, Sec. 4.

2. Water rights acquired pursuant to common-law appropriations by parties or their predecessors-in-interest prior to the enactment of the state's water code in 1907 are not dependent upon the existence of an application for or a permit from the state engineer. <u>May v. Torres</u>, 86 N.M. 62, 519 R. 2d 298 (1974).

3. Beneficial use is the use of such water as may be necessary for some useful and beneficial purpose in connection with land from which it is taken. <u>Erickson v. McLean</u>, 62 N.M. 264 308 P.2d 983 (1957).

4. Growing of crops is a beneficial use of water. <u>State ex rel.Martinez v. McDermett</u>, 120 N.M.327, 901 P.2d 745 (1995)

5. Defendant or her predecessors in interest had valid water rights prior to 1989.

6. Sometime after 1989, a catastrophic event destroyed the flumes necessary for delivery of water to the subfile lands. Circumstances beyond the control of the owners of the water right is an excuse for nonuse. <u>State of New Mexico ex rel. Reynolds v. South Springs Co.</u>, 80 N.M. 144, 452 P.2d 478 (1969).

7. Prior to 1989, the ditch was used whenever water was available. Non-use caused by a lack of water availability is an excuse for non-use. <u>Chavez v. Gutierrez</u>, 54 N.M. 76, 213 P.2d 597 (1950).

8. In order for the forfeiture to occur pursuant to NMSA 1978 72-5-28, there must be proof that Defendant or her predecessors in title failed to apply the water to use for which it vested for a period of four years prior to June 1, 1965. State ex rel.Martinez v. McDermett, 120 N.M.327, 901 P.2d 745 (1995).

9. Abandonment is the relinquishment of the right by an owner with the intention to forsake and desert the right. The element of intention is required for the doctrine of abandonment. State of New Mexico ex rel. Reynolds v. South Springs Co., 80 N.M. 144, 452 P.2d 478 (1969).

10. The land covered by the disputed subfiles had valid water rights in 1989.

11. Defendant has not forfeited or abandoned her water rights.

Respectfully submitted,

MARY E. HUMPHREY
Attorney for Faye Davis
P. O. Box 1574
El Prado, NM 87529-1574
(505) 758-2203

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was mailed to the following persons on the 2nd day of May, 2003.

| Ed Newville, Esq. | Special Master Vickie Gabin | Darcy Bushnell, Esq. |
|---|---|---|
| P. O. Box 25102 | U.S.District Court | USDC/DNM |
| Santa Fe, NM 87504 | P. O. Box 2384 | 333 Lomas Blvd. NE |
|  | Santa Fe, NM 87504-2384 | Albuquerque, NM 87102 |

Mary E. Humphrey

7