IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

       Plaintiff,

       v.

RAMON ARAGON, *et al.*,

       Defendants.

69cv07941-JEC-ACE

RIO CHAMA STREAM SYSTEM
Rio Gallina, Section 5

Subfiles No. CHGA-003-0003A, B, C, D;
  CHGA-003-0004A, B; CHGA-003-0005

NOTICE OF FILING OF SPECIAL MASTER'S REPORT
AND RECOMMENDATIONS ON DISPUTED SUBFILES

To:  Counsel of Record and parties pro se, Section 5 Distribution List

      You are hereby notified of the filing of the Special Master's Report and Recommendations

on Disputed Subfiles, a copy of which accompanies this notice.  This notice is given in conformity

with the provisions of Fed.R.Civ.P. 53(e)(1), by direction of the Special Master.

                  ROBERT M. MARCH
                  Clerk of the United States District Court


                  By _____
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

   Plaintiff,

   v.

RAMON ARAGON, *et al.*,

   Defendants.

69cv07941-JEC-ACE

RIO CHAMA STREAM SYSTEM
Rio Gallina, Section 5

Subfiles No. CHGA-003-0003A, B, C, D;
 CHGA-003-0004A, B; CHGA-003-0005

SPECIAL MASTER'S REPORT
AND RECOMMENDATIONS ON DISPUTED SUBFILES

To: The Honorable John Edwards Conway  From: Vickie L. Gabin
  U.S. District Judge      Special Master

    This Report recommends that the Court deny the water rights claims
    associated with Subfiles No. CHGA-003-0003A, B, C, D; CHGA-
    003-0004A, B; and CHGA-003-0005.

   THIS MATTER is before the Special Master on the May 2, 2003, State of New Mexico's

Proposed Findings of Fact and Conclusions of Law (Docket No. 7118), and the May 5, 2003,

Defendant Faye Davis's Proposed Findings of Fact and Conclusions of Law (Docket No. 7123).

   The evidentiary hearing on disputed subfiles Subfiles No. CHGA-003-0003A, B, C, D;

CHGA-003-0004A, B; and CHGA-003-0005 was held January 30, 2003.  All transcript references,

unless otherwise noted, are to that date.  State's Exhibits are denoted "SE," Defendant's, "DE."

## A.  ISSUE PRESENTED

The Pretrial Order entered January 21, 2003 (No. 7023) states that the disputed issue for these proceedings is whether the water rights appurtenant to the tracts of land associated with these subfiles have been abandoned or forfeited.  The State's position is that abandonment or forfeiture has occurred because of non-use.  Ms. Davis opposes the State's argument that she has abandoned or forfeited the rights by non-use, raising two excuses for non-use: lack of water availability and circumstances beyond her control.  Because I recommend that the water rights claims be denied for failure to maintain the irrigation lateral for a number of years, I do not analyze the water availability excuse.

## B.  RECOMMENDED FINDINGS OF FACT

1.  The Court has jurisdiction over the parties and the subject matter herein.

2.  Faye Davis owns the tracts of lands associated with these subfiles and claims water rights for those lands.  Tr. 44 - 45.

3.  Ms. Davis and her late husband began acquiring the tracts in question beginning in 1977. Tr. 45-48, 51, 67.

4.  The subfile tracts received water from a lateral of the Placitas Ditch known as the "Davis lateral," which ditch diverts from the Rio Gallina.  Tr. 51-53, 73.

5.  The Davis lateral is 2.5 miles long, crossing several arroyos in its traverse.  Tr. 118.

6.  The former owners of the tracts irrigated them whenever water was available.  Tr. 47, 49-50, 61.

7.  For CHGA-003-0003A,

a.  Evidence from aerial photographs shows that the 1.3-acre tract appeared to be irrigated in 1935, 1959, and 1989, but not in 1974 and 1995.  Tr. 144-145, SE 12 at 1,2.

b.  There was no evidence from the aerial photographs that the 1.8-acre tract had been irrigated in any of those five years.  Tr. 144-145, SE 12 at 2.

c.  State Engineer Office field crew notes indicate that these two tracts were planted in 1975.  Tr. 158-159, SE 8.

8.  For CHGA-003-0003B, both the 9.6-acre tract and the 16.7-acre tract appeared irrigated in 1935, 1959, 1974 and 1989, but only on the eastern sides of the tracts.  Photographs taken in 1995 suggest drainage or seepage onto the eastern portions of the tracts.  Tr. 146, SE 12 at 2.

9.  For CHGA-003-0003C, the northwest portion of the 3.1-acre tract was irrigated in 1974.  Tr. 147,  SE 8, SE 12 at 2.

10.  For CHGA-003-0003D,

a.  The 1.4 -acre tract appeared to be irrigated in 1935, 1959, and 1989, but not in irrigated in 1974 and 1995.  Tr. 147, SE 12 at 2.

b.  The 1.8-acre tract did not appear to be irrigated in any of the five years for which aerial photography was available.  Tr. 147, SE 12 at 2.

11.  For CHGA-003-0004A, neither tract appeared to be irrigated in any of the years for which aerial photography was available.  Tr. 148, SE 12 at 2.

12.  For CHGA-003-0004B, the 1.9-acre tract did not appear to be irrigated in aerial photographs from 1935, 1974, 1989 and 1995, but appears irrigated in the 1959 photographs.  Tr. 148-149, SE 12 at 3.

4

13.  For CHGA-003-0005, neither tract appeared to be irrigated in any of the available photographs, but field notes indicated that the tract was planted in 1975.  Tr. 149, 163-164, SE 8, SE 12 at 3.

14.  At some point either during the mid-1980's or in the late 1980's or early 1990's, the flumes servicing the Placitas Ditch washed out.  Tr. 54-56, 66.

a.  The Placitas Ditch is in disrepair.  Testimony established that at 20 identified sites, the ditch needed repair, mostly removing silt or trash, or replacing culverts.  Tr. 88-125; SE 13, 14.

b.  There was no sign that repairs had been attempted.  Tr. 103.

c.  At three points, the flumes must be replaced.  Heavy equipment would be required to do repairs.  Tr. 98, 114.

15.  Ms. Davis never intended to abandon irrigation on her tracts of land, and if she could get the flumes replaced and get the ditch in good order, she would begin irrigating.  Tr. 64.

16.  Over the years, the Davises had several people walk the ditch and estimate the costs for repairs.  After Ms. Davis's husband died, she began talking to various agencies and applied to the Soil and Water Conservation District in 1997.  The application was rejected in 1999.  Since that time, she hired someone to get the ditch parts cleaned out.  Tr. 61-63, 69.

17.  In 1995, 1996, Ms. Davis entered into an agreement with a farmer who had heavy equipment to share crops and work on the ditch.  Although she purchased some pipe, the agreement fell through.  Tr. 63-64, 70.

18.  There is no evidence that Ms. Davis's predecessors in interest made any effort to keep the irrigation lateral operational prior to the time they sold their interest in the property to her in 1997.

5

## C.  RECOMMENDED CONCLUSION OF LAW

I recommend the Court find that the water rights appurtenant to the above-cited tracts of land were abandoned.

### 1.  Beneficial use

Beneficial use is the basis, the measure and the limit of the right to the use of water, N.M. Stat. Ann. §72-1-2 (1997 Rep.), and the right to use water may be lost through forfeiture or abandonment.[1]  The purpose of our water laws is to encourage use and discourage nonuse or waste. Yeo v. Tweedy, 34 N.M. 611, 286 P. 970 (1929), State v. Reynolds v. South Springs Co., 80 NM 144, 452 P.2d 478 (1969).  The question is whether the circumstances under which these tracts were not irrigated constitute abandonment.  In this report I do not consider the excuse of non-use due to water unavailability because in my opinion, this excuse is irrelevant once it is established that the physical structures necessary to deliver water are not in place.

### 2.  Burden of proof

The State Engineer bears the burden of proof as to the issue of abandonment of water rights. State v. Martinez v. McDermett, 120 N.M. 327, 901 P.2d 745 (1995).  Once that burden is met, the claimant then must rebut the presumption of abandonment.

> South Springs establishes the rule that clear and convincing evidence of nonuse of water for an unreasonable period may raise a rebuttable presumption of an intent to abandon a water right and thereby shift the burden to the water right claimant to show excuse for nonuse.

State v. Abousleman, No. 83cv01041-JEC, Memorandum Opinion and Order, February 7, 1994, at 12.

---

[1]  Forfeiture is inapplicable under these facts.  There is no evidence that the State Engineer issued Ms. Davis notice and a declaration of non-use as required by NMSA § 72-5-28.

3.  <u>Abandonment</u>

Generally, the law provides that the intent to abandon is an element of the doctrine of abandonment.  <u>South Springs Co.</u>, <u>supra</u>.  While an eight-year period of nonuse does not raise the presumption of abandonment, a 16-year period may do so.  <u>State v. Abousleman</u>, <u>supra</u>, 1994 Memorandum Opinion and Order; <u>see also</u>, Memorandum Opinion and Order entered May 4, 1999. Abandonment of a right is presumed if water is not used in 8 - 16 years.  <u>State v. Abousleman</u>, <u>supra</u>, Memorandum Opinion filed Jan 23, 1998.

An intent to abandon may be expressed plainly or it may be inferred when a claimant's acts or omissions are so inconsistent with an intent to maintain a water right that an unprejudiced mind has no question about that intent.  Intent to abandon may be inferred from nonuse or neglect of water rights, water or works for an unreasonable period, failure to keep the works necessary for the utilization of the water in repair.  <u>South Springs</u>, <u>supra</u>, at 146.  The facts and circumstances of each case must be examined in determining whether abandonment of a water rights has occurred.  <u>Id</u>.  An intended future use is insufficient to establish the beneficial used if the water is not put to actual use within a reasonable time.  <u>New Mexico ex rel. Martinez v. McDermett</u>, 120 NM 327, 331, 901 P.2d 745, 748 (1995), <u>State ex rel. State Engineer v. Crider</u>, 78 NM 312, 315-316, 431 P.2d 45, 48-48 (1967); <u>Jicarilla Apache Tribe v. United States</u>, 657 F.2d 1126, 1135 (10th Cir. 1981).

Ms. Davis presented conflicting evidence as to when the flumes, necessary to the diversion of water, washed out.  While Ms. Davis testified that the previous owners did irrigate certain tracts of land, her testimony was vague with respect to dates.   The most recent evidence of irrigation appears in 1989 on a very few tracts.  Giving the benefit of the doubt to the claimant, I find that the

last possible year the irrigation facilities could have been in place was 1989, and that the facilities washed out after that irrigation season.

Ms. Davis testified that she never intended to abandon irrigation on her tracts of land, and that if she could repair the flume and get the ditch in working order, she would begin irrigating again. There is no reason to doubt that her stated intentions were anything but sincere. That said, however, I believe that the actions she and her late husband took to attempt to repair the ditch and diversion structures were too few and far between to support those intentions and effectually rebut the State's evidence of abandonment.   The evidence of the ditch's extreme disrepair, as well as the projected difficulty of restoring the ditch, strongly suggest that anything less than a focused, intensive repair project would restore the ditch to normal functioning.

The adjudication of the Rio Gallina began in the mid-1990's; the first Rio Gallina Hydrographic Survey Report was filed in 1997.  When errors were discovered, the report was completely reviewed, and fieldwork was re-checked, redone or reevaluated.  The Rio Gallina Amended Hydrographic Survey was then filed January 25, 2000.   The Procedural Order governing the course of the adjudication of water rights claims in this section was entered March 15, 2000 (No. 5890), and consent orders were served on water rights claimants.   Trial was held January, 2003.  If nothing else, these events gave Ms. Davis (and, until he passed away, Mr. Davis) sufficient notice that her water rights were to be adjudicated, and nonuse due to a dysfunctional delivery system had to be remedied.

I conclude that under the circumstances in this case, the 13-year period of non-use between 1990 and 2002 (the last irrigation season before trial) constitutes abandonment of the claimed water rights.

Respectfully submitted,

_____/electronic signature/_____
SPECIAL MASTER VICKIE L. GABIN