IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

      Plaintiff,

vs.

RAMON ARAGON, *et al.*,

      Defendants.

CV 69-7941 BB (ACE)

RIO CHAMA STREAM SYSTEM
Section 7: Rito de Tierra Amarilla,
Rio Brazos, Rutheron & Plaza Blanca,
Cañones Creek, Village of Chama

## ORDER AMENDING PROCEDURAL ORDER FILED NOVEMBER 19, 2002

THIS MATTER is before the Special Master on the October 13, 2003 Motion to Amend Procedural Order Filed November 19, 2002 (Docket No. 7265) filed by the plaintiff, State of New Mexico *ex rel.* State Engineer. The Special Master, being fully advised, finds that the motion is well taken and should be GRANTED.

IT IS THEREFORE ORDERED that the Procedural Order for the Adjudication of Water Rights Claims in Section 7 of the Rio Chama Stream System, filed November 19, 2002 (Docket No. 6939), is amended as set forth below.

Paragraph I (A), second paragraph, is amended to read as follows:

A.    Water rights claims for surface water irrigation use by the Jicarilla Apache Nation in connection with the Willow Creek Ranch shall not be included in the remaining hydrographic survey reports. These claims will be investigated separately beginning in May 2004. The hydrographic survey staff of the Office of the State Engineer shall contact Mr. Mike Hamman or the current Tribal Water Administrator for the Jicarilla Apache Nation, (505) 747-7910 or 753-0163, to schedule times for field

inspection of these claims and the claims shall be mapped and processed in the same manner as omitted claims.  Within 60 days of any field inspection, the State Engineer shall prepare subfile maps showing the location of these claims and shall make those maps available for the inspection by the Jicarilla Apache Nation.  The State Engineer shall also make all reasonable efforts to prepare proposed consent orders either recognizing or rejecting those claims prior to July 15, 2004.  No filing of a statement of claims in connection with the Willow Creek Ranch shall be necessary; however, the deadline for submission of any other claims by the Jicarilla Apache Nation shall be the same as for omitted claims in paragraph II.C.4 of this order as amended.

Paragraph I (F)(1) is added as follows:

F.(1)   The State Engineer shall schedule additional field offices in Section 7 of the Rio Chama Stream System during the Spring and early Summer of 2004.  A Notice of Field Office shall inform Claimants of the dates and location of the additional field office sessions, and the notice shall be mailed to all claimants in Section 7 whose rights have not yet been determined.   Together with other State personnel, the State Engineer Acequia Liaison will be present at all field office sessions.  At their request, Claimants may have the assistance of any technical representative retained by the acequia association during a field office session.  Claimants may also have the assistance of their legal counsel and technical representatives at all field office sessions.  The State Engineer may reduce the number or frequency of field office sessions based upon attendance and actual demand.  Notice of any changes shall be mailed to all claimants in Section 7 whose rights have not been determined.

Paragraph II (B)(2) is amended to read as follows:

2..   Claimants who reject the proposed Consent Order after discussion with the State at a field office session shall file the Form Answer included in the service packet with the Court on or

before July 15, 2004, and shall mail a copy of the Answer to the State.  Notwithstanding the preceding deadline for rejection of any proposed Consent Order, that State may request that a Claimant be required to attend a prehearing scheduling conference prior to the July 15, 2004 deadline whenever the State reasonably believes that the Claimant and the State will be unable to reach an agreement concerning the Claimant's water rights.  The conference will be for the purpose of entering a scheduling order to govern individual proceedings between the State and the Claimant prior to an evidentiary hearing.

Paragraphs II (C)(2) through (4) are amended to read as follows:

2. A Claimant's failure to sign and return a Consent Order or file an Answer by July 15, 2004 shall be considered grounds for the entry of a Default Order which incorporates the State's initial proposed Consent Order.

3. The State shall request the clerk of the Court, under Rule 55(a), to enter the default of Claimants who have failed to sign and return a Consent Order or file an Answer by July 15, 2004.  Provided, (1) no default shall be entered against any Claimant who has not been properly served with process or waived such service; (2) no default shall be entered until a Claimant has had at least 30 days to review a proposed Consent Order or revised proposed Consent Order sent by the State; and (3) no default shall be entered if a Claimant is engaged in good faith negotiations with the State concerning the terms of a proposed Consent Order, unless the State requests in writing that the Claimant file an Answer to the Complaint and Claimant fails to do so.

4. Persons who claim surface water irrigation rights in Section 7 that were not included in the State's Hydrographic Survey (unidentified and unknown claimants) shall file a Statement of Omitted Claim with the Court no later than July 15, 2004, and send a copy of the Statement to the

State.

IT IS FURTHER ORDERED that all other provisions of the Procedural Order filed November 19, 2002 shall remain in effect.

IT IS SO ORDERED.

/electronic signature/<br>
SPECIAL MASTER VICKIE L. GABIN