IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

      Plaintiff,

      v.

RAMON ARAGON, *et al.*,

      Defendants.

69cv07941-BB-ACE

RIO CHAMA STREAM SYSTEM
Rio Gallina, Section 5

Subfile No.  CHGA-003-0019

SPECIAL MASTER'S REPORT
AND RECOMMENDATIONS ON DISPUTED SUBFILE

To: The Honorable Bruce B. Black        From: Vickie L. Gabin
    United States District Judge            Special Master

          This Report recommends that the Court recognize the water rights
          claims associated with Subfile No. CHGA-003-0019.

      THIS MATTER is before the Special Master on the May 2, 2003, State of New Mexico's

Proposed Findings of Fact and Conclusions of Law (Docket No. 7120), and the May 5, 2003,

Defendants Jose Z. and Lucinda Chacon's Proposed Findings of Fact and Conclusions of Law (No.

7125).

      The evidentiary hearing on disputed Subfile No. CHGA-003-0019 was held February 6, 2003.

All transcript references are to that volume.  State's Exhibits are denoted "SE," Defendants', "DE."

**A.  ISSUE PRESENTED**

      The Pretrial Order entered January 21, 2003 (No. 7023) states that the disputed issue for this

proceeding is whether the irrigation water used on the tract of land associated with this subfile

represents a beneficial use of the water.  The State's position is that the tract is occupied by native brush and other non-agricultural vegetation; the Defendants claim that they cut back native willows when necessary and they produce grasses and forage crops for livestock production on the tract in question.

## B.  RECOMMENDED FINDINGS OF FACT

1.  The Court has jurisdiction over the parties and the subject matter herein.

2.  Jose Z. Chacon and Lucinda Chacon are the owners of the tract of land identified as Subfile No. CHGA-003-0019.

3.  This tract covers 1.8 acres, which have been divided into three separate tracts: a 1.4-acre parcel for which the State recognizes water rights, a 0.1-acre parcel located within the boundaries of the 1.4-acre parcel for which the State does not recognize water rights, and a 0.3-acre parcel (adjacent to the 1.4-acre parcel) for which the State does not recognize water rights.  SE 19.

4.  For the 0.1-acre parcel:

a.  it is irrigated and has rosebushes on it; the rosebushes are mixed with hay when the hay is cut.  Tr. at 6.

b.  a ditch runs through it.  Tr. at 20, 60, SE 19.

5.  For the 0.3-acre parcel:

a.  the amount of willow-covered acreage varies from year to year; they are cut back more often when more appear.  Tr. at 7, 8, 10-11.  They are usually cut in the fall to mix with the hay for feed.  When there's no water to irrigate, the animals graze in the grasses on the parcel.  Tr. at 5-7, 63.

b.  When there is enough water, the tract gets watered from the Placitas Ditch.  Tr. at 9, 11; SE 19.

6.  The willows and rose hips are chopped up and mixed with the hay.  Tr. at 63-64.

7.  The entire acreage has been irrigated all of Mr. Chacon's life.  Tr. at 7-8.

8.  Aerial photographs taken in 1959, 1961, 1974, 1981, 1989, and 1995 appear to indicate that both parcels of claimed acreage were covered in trees or brush.   SE 22.

9.  The State Engineer's crop classification system, which is used in the hydrographic survey process, does not include brushy areas.  The areas in dispute are classified as brushy areas.  Tr. at 17-19.

## C.  RECOMMENDED CONCLUSIONS OF LAW

Some months before trial, I visited these disputed tracts, and others.  Counsel stipulated that they had no objections to my including perceptions gained from the visit in reaching my recommendations.  Tr. at 64.  On October 16, 2003, I observed that the 0.1-acre parcel was partially covered with rose bushes.  The 0.3-acre parcel was brushy with native willow, but there were patches of grass as well.  I observed the laterals, and the slight slope of the land, from east to west.

Every water rights claimant bears the burden of proof with respect to the elements of the water right claimed.   See, State v. Abeyta, et al., No. 69cv07896-JEC-ACE, Order re:  New Mexico's Motion for Court Action on Special Master's Report, entered July 23, 2001 (Docket No. 2806), which adopted the Special Master's recommendations that under New Mexico law, defendants bear the burden of proving every element of their water right claim (No. 2806).

Beneficial use is the basis, the measure and the limit of the right to the use of water,  N.M. Stat. Ann. §72-1-2 (1997 Rep.), NM Const. Art. XVI, Sec. 4.

I accept Mr. Chacon's testimony that the land has been irrigated historically, and when water is available, the parcels in question receive irrigation water.

The issue becomes whether the irrigation of land which is partially covered by willows and rose bushes, both of which are naturally occurring and interspersed with grasses, and are mixed with hay grasses to provide feed for cattle, represents a beneficial use of water.

Cultivation of crops is a beneficial use of water, as is diversion of water to encourage growth of native grasses.  State ex rel. Martinez v. McDermett, 120 N.M. 327, 901 P.2d 745  (Ct. App. 1995).  Willows and rose bushes are not included within the State Engineer's crop classification scheme, and I recognize that they may not be usually thought of as "crops" or "native grasses" in the general meaning of the word.  Mr. Chacon testified, however, that his animals eat the chopped bushes mixed into the hay.  The State cites to no authority that the crop classification scheme by itself defines the parameters of what is or what is not a crop.

According to existing aerial photography, the brushy areas have existed for decades. According to Mr. Chacon and the acequia records, irrigation of the entire area has taken place for decades.  Under the circumstances as described by Mr. Chacon, I recommend that the Court find that the irrigation of the land in question represents a beneficial use of water.

Respectfully submitted,

_____/electronic signature/_____
SPECIAL MASTER VICKIE L. GABIN