IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

            Plaintiff,

    vs.

RAMON ARAGON, *et al.,*

            Defendants.

69cv07941 BB-ACE

RIO CHAMA STREAM SYSTEM
Section 5: Rio Gallina

Subfile No. CHGA-003-0019

**STATE OF NEW MEXICO'S OBJECTIONS
TO SPECIAL MASTER'S REPORT
AND RECOMMENDATIONS ON DISPUTED SUBFILE**

COMES NOW the plaintiff State of New Mexico *ex rel.* State Engineer and makes these objections to the Special Master's Report and Recommendations on Disputed Subfile filed January 12, 2004 (Docket 7384) ("Special Master's Report"). The report and recommendations of the Special Master would recognize a water right based upon the artificial irrigation of brushy areas predominately characterized by native willows and rose hips. The State respectfully asserts that the recommendations of the Special Master are inconsistent with the requirement that beneficial use is the basis, the measure and the limit to the use of water.

**I.    INTRODUCTION**

This matter came before the Special Master for hearing on February 6, 2003, in connection with the water rights claims of Defendants Jose Z. Chacon and Lucinda Chacon under Subfile No.

-1-

CHGA-003-0019.  There are three contiguous tracts of land mapped under this subfile.  *State's Ex. 19.*  There is a 1.4 acre tract of cultivated land for which the State recognizes valid irrigation water rights.  *Id.*  Lying between the upper and lower sections of that tract on a slight slope is a 0.1 acre finger of land mapped as "no right" or without water rights.  *Id., Tr. at 6, 17, 61.*  To the west of the cultivated 1.4 acre tract, there is a third tract of 0.3 acres which the State also classified as "no right." *State's Ex. 19.*  The 0.3 acre tract of land is located in a small cove or bend of the river, and the elevation of the land in that area is only one or two feet above the river level.  *State's Ex. 19, Tr. at 11, 29, 30.*

Both the 0.3 and 0.1 acre tracts are predominately covered in native brush species. Photographs of the two areas taken in 2001 show heavy willow growth in both areas.  *State's Ex. 21.* In 2001, in the area by the river the willows were 6 feet tall and almost impassable.  *Tr. at 14.*  The smaller 0.1 acre tract was less brushy and partially covered in rose hips.  *Id.*  Native grasses are present  in "patches" on the 0.3 acre tract.  *Special Master's Report at 2-3.*  These two areas appear to have always been covered in native brush species.  Aerial photographs of the two areas taken in 1959, 1961, 1974, 1981, 1989 and 1995 all indicate that both tracts were covered in trees or brush. *Recommended Finding of Fact 8; Tr. at 32-39, 52-53.*  This testimony was undisputed.

One of the co-owners of the land, Mr. Chacon, testified that the willows and rose hips are chopped up and mixed with the hay he feeds to his cattle.  *Tr. at 6-7.*  In dry years, he simply allows his cattle to graze the areas.  *Id.*  Mr. Chacon testified that he irrigates both areas when there is sufficient water.  *Tr.* at 7-9.  Significantly, he also testified that the willows still grow whether he irrigates them or not. *Tr.* at 10.

Areas covered in native willows have not been included within the boundaries of irrigated

tracts having appurtenant agricultural water rights in any areas of the Rio Gallina Hydrographic Survey. *Tr. at 18.* Nor, have they been included in the hydrographic survey of other large agricultural areas such as the 17,000 acre Carlsbad survey. *Tr. at 19.* This is consistent with the hydrographic survey crop classification system which classifies such areas as brush. *Tr. at 18.*

## II.   THE CLAIMANTS FAILED TO PROVE THAT ARTIFICIAL IRRIGATION OF BRUSHY AREAS CHARACTERIZED BY WILLOW, ROSE HIPS AND PATCHES OF GRASS REPRESENTS THE BENEFICIAL USE OF WATER.

Under both the New Mexico Constitution and State statute, beneficial use is the basis, the measure and limit of the right to the use of water. *NM Const. Art. XVI, § 3, NMSA 1978, § 72-1-2.* Beneficial use is the use of such water as may be necessary for some useful and beneficial purpose in connection with the land for which it was taken. *State ex rel. Erickson v. McClean,* 62 N.M. 264, 308 P.2d 983 (1957). Thus an appropriative right to the use of water is limited by the reasonable and actual needs of the appropriator.

In connection with the irrigation of uncultivated land, numerous cases in various western states recognize the irrigation of native grasses, wild meadows and pasture as the beneficial use of water. *1 W. A. Hutchins, Water Rights Laws in the Nineteen Western States* 530 (1971). Beneficial use in these cases is based on a material increase in the productivity of the grasses and native pasture after the application of irrigation water. *E.g., Rudge v. Simmon et al.,* 39 Idaho 22, 226 P. 170 (1924). However, in cases where irrigation of uncultivated land such as sagebrush largely produces no positive results in the sparse native grasses present, courts have refused to classify the use of water for that purpose as beneficial. *E.g., Vineyard Land & Stock Co. v. Twin Falls Salmon River Land & Water Co.,* 245 F. 9, 21-22 (9th Cir. 1917) ("The grasses found there were scanty and sparse; nor did irrigation serve largely to promote their growth.").

-3-

The Special Master's recommends that the Court find that the irrigation of the two tracts in question represents a beneficial use of water. *Special Master's Report* at 4. In part, the recommendation is based on the harvesting of the willows and rose hips which are mixed with hay for feed. *Recommended Findings of Fact* 4(a), 5(a). There is no evidence, however, that artificial irrigation is necessary to grow these native plant species on the two sites in question, or that irrigation serves to materially promote their growth. Mr. Chacon testified that the willows adjacent to the river on the 0.3 acre tract still grow whether he irrigates them or not. *Tr.* at 10. If irrigation is not necessary for the growth of these natives species then use of water for such purposes is inconsistent with the requirement for the beneficial use of water. In addition, there was no testimony that these native brush species have any significant value as animal forage. While cattle may consume the willows and rose hips when mixed other feed, this in itself appears insufficient to show that a nuisance brush species should be considered an agricultural commodity or crop.

The recommendation of the Special Master also is based upon the presence of small amounts of native grasses on the 0.3 acre tract of land adjacent to the river. *Recommended Finding of Fact* 5(a). The Special Master observed patches of grass on this parcel. *Special Master's Report at* 3. The claimant allows his cattle to graze the grasses and willows on this parcel when there is insufficient water to irrigate. *Recommended Findings of Fact 5(a).* However, there is no evidence that artificial irrigation is necessary to grow the small amounts of native grasses found growing within the heavy willows on the 0.3 acre tract, or that any irrigation serves to materially promote their growth. Moreover, the Special Master's Report indicates that these grasses are used for pasture only when there's no water to irrigate. *Id.*

The State respectfully asserts that the claimants failed to carry their burden to prove the

beneficial use of water on the two tracts in question.  The fact that Mr. Chacon feeds the willows and rose hips to his cattle is not in itself proof of beneficial use.  Even assuming these species have some value as animal forage, the question is whether or not artificial irrigation of these species serves to support their growth in any significant way, or like other invasive species such as salt cedar would they be growing on these tracts regardless.  Mr. Chacon's own testimony indicates the riverside willows would be present and available as forage for his cattle in the absence of any irrigation. Neither is there evidence that irrigation serves to materially promote the growth of the small amount of native grasses found on the 0.3 acre tract, or that these grasses are used for pasture at times when that tract is said to be irrigated.  For these reasons, the State respectfully requests that the Court reject the recommendation of the Special Master's Report and find that irrigation of the tracts of land in question does not represent a beneficial use of water.

Respectfully submitted,

  /s/ Ed Newville
EDWARD G.  NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 827-6150

## CERTIFICATE OF SERVICE

I hereby certify that copies of the State of New Mexico's Objections to Special Master's Report and Recommendations on Disputed Subfile were mailed to following persons on January 26 , 2004.

  /s/ Ed Newville
Edward G. Newville

# RIO CHAMA SECTION 5 SERVICE LIST

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

Karla McCall, Data Manager.
1315 Sagebrush Dr. SW
Los Lunas, NM 87031

Mary E. Humphrey, Esq.
P.O. Box 1574
El Prado, NM 87529-1574

Bradley  S. Bridgewater, Esq.
David W. Gehlert, Esq.
USDOJ-ENRD
999 18th St., Suite 945
Denver, CO 80202

John W. Utton, Esq.
Sheehan, Sheehan & Stelzner PA
P.O. Box 271
Albuquerque, NM 87103-0271

Fred J. Waltz, Esq.
P.O. Box 6390
Taos, NM 87571-4010

Paula Garcia
NM Acequia Association
430 W. Manhattan, Ste. 5
Santa Fe, NM 87501

NM Acequia Commission
Fred Vigil, Chairman
Depart. of Finance & Admin.
Local Government Division
Bataan Memorial Building
Santa Fe, NM 87503