IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO on the )
relation of the State Engineer, )
and THE UNITED STATES OF )
AMERICA, )
 )
    Plaintiffs, )
 )
v. ) No. CIV 7941-JC
 ) RIO CHAMA STREAM SYSTEM
RAMON ARAGON et al. )
 ) Section 5  Rio Gallina
    Defendants ) Subfile No. CHGA-003-0019

## DEFENDANTS' RESPONSE TO THE STATE OF NEW MEXICO'S OBJECTIONS TO SPECIAL MASTER'S REPORT

TO THE HONORABLE BRUCE D. BLACK:

DEFENDANTS Jose Z. Chacon and Lucinda Chacon, by and through their attorney of record, respond to the State of New Mexico's Objections to Special Master's Report and Recommendations on Disputed Subfiles ("Objections"), filed on January 23, 2004 (Docket No. 7393) regarding subfile number CHGA-003-0019. The Special Master in her Report and Recommendations on Disputed Subfile ("SM Report"), filed January 12, 2004 (Docket No. 7384), recommended that the Court recognize the water rights claims associated with the subfile.

The issue in this matter is was whether irrigation of land *partially* covered by willows and rose bushes, both of which are naturally occurring and interspersed with grasses, and which are mixed with pasture grass to provide feed for cattle, is a beneficial use of water. SM Report at p. 4. An evidentiary hearing on the matter was held on February 7, 2003. In addition, the Special Master visited the disputed areas prior to the hearing. Tr. at 64, SM Report at 3. Based upon the evidence before her, the Special Master concluded that, under the existing

7403

1

circumstances, Defendants' use of water to irrigate the disputed tracts constituted a beneficial use of water.

The determination of beneficial use is a question of fact. Jicarilla Apache Tribe v. United States, 657 F.2d 1126 (10th Cir.) 1981. The term "beneficial use" is not defined in either the New Mexico Constitution or New Mexico statutes. Beneficial use of water is "the use of such water as may be necessary for some useful and beneficial purpose in connection with the land from which it is taken." State ex rel. Ericson v. McLean, 62 N.M. 264, 273, 308 P.2d 983, 988 (1957); see also State ex rel. Martinez v. McDermett, 120 N.M. 327, 330, 901 P.2d 745, 748 (1995).

The State of New Mexico ("State") does not dispute that the areas in dispute are irrigated, and the State concedes that irrigation of native grasses and pasture is a beneficial use of water. Objections at p. 3. The State's expert witness testified that grass growth within the disputed areas was "fairly continuous," Tr. at 4, and the Special Master observed the grass, as well as lateral ditches within the disputed areas. Special Master Report at 3.

The State's argument is that the naturally occurring rosehips and willows partially covering the disputed areas defeat the beneficial nature of the use of water for irrigating the pasture grass. The State ignores Special Master findings that both the rosehips and the willows are mixed with the grass hay when the tracts are harvested, SM Report at 2-3, Finding Nos. 4.a, 5.a., 6., as well as her finding that the area of the willow-covered acreage is variable in nature. SM Report at 2, Finding Nos.5.a. These findings are supported not only by Defendant Jose Chacons's testimony, Tr. at 17, but also by that of the State's expert witnesses. Tr. at 43-44 (noticeable differences in 1961 and 1989 aerial photographs in degree of "brushiness"). This witness also testified that the "rosehip" area had been classified as being planted in hay in 1960.

2

*Tr. at 32, SE Ex. 15.* Another State expert witness testified that the rosehip area was larger in 2001 than it was in 2002. *Tr. at 16-18.* Mr. Chacon testified that the willows encroach naturally, *Tr. at 9*, and that he regularly takes steps to control their growth. *Tr. at 8, 9, 63.* One of the State's expert witnesses agreed that willows do encroach on irrigated lands and that irrigators do take action to deal with the encroachment. *Tr. at 56.* Although Mr. Chacon testified that the willows grow without irrigation, he did not testify that the *grass* did so. The Special Master found that Defendant irrigates the entire acreage, SM Report at 3, Finding No. 8, and concluded, that although the willows and rosebushes are not included within the State Engineer's crop classification, that under the existing circumstances, Mr. Chacon's practice of harvesting these naturally occurring species along with the grass hay that he irrigates is a beneficial use of water. The State offers neither law nor evidence to the contrary.

In this case, the Special Master's recommendations are supported by the evidence. For the reasons stated above, Defendants respectfully ask this Court to overrule the State's objections and to act according to the recommendations made in the Special Master's Report and recognizes all water rights claims associated with Subfile No. CHGA 003-0019.

Respectfully submitted,

MARY E. HUMPHREY
Attorney for Defendants
P. O. Box 1574
El Prado, NM 87529-1574
(505) 758-2203

3


## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was mailed to the following persons on the 5th day of February, 2004.

Ed Newville, Esq.
NM State Engineer.
P. O. Box 25102
Santa Fe, NM 87504

Special Master Vickie Gabin
U.S.District Court
P. O. Box 2384
Santa Fe, NM 87504-2384

Karla McCall, Data Manager.
1315 Sagebrush Dr. SW
Los Lunas, NM 87031

John W. Utton
Sheehan, Sheehan & Stelzner
P. O. Box 271
Albuquerque, NM 87103

Fred J. Waltz
P. O. Box 6390
Taos, NM 87571-4010

Paula Garcia
NM Acequia Association
430 W. Manhattan, Ste. 5
Santa Fe, NM 87501

Bradley S. Bridgewater
David Gehlert
USDOJ
999 18th St. Suite 945
Denver, CO 80202

NM Acequia Commission
Fred Vigil, Chairman
Dept. of Finance & Admin.
Bataan Memorial Building
Santa Fe, 87503

_Mary E. Humphrey_