IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.*,

    Plaintiffs,

    v.                                    69cv07941 BB-ACE
                                            Rio Chama Adjudication
RAMON ARAGON, *et al.*,               Section 5: Rio Gallina

    Defendants.                     Subfile Nos.  CHGA-003-0003A, B, C,  D
                                                      CHGA-003-0004A, B
                                                        CHGA-003-0005

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the State of New Mexico's Motion for Action on Special Master's Report (Doc. No. 7259, filed September 30, 2003).  The Court has reviewed *de novo* the Special Master's Report and Recommendations on Disputed Subfiles (Doc. No. 7202, filed July 20, 2003), Defendant Fay Davis' Objections to Special  Master's Report (Doc. No. 7216, filed September 4, 2003), the State of New Mexico's Response (Doc. No. 7256, filed September 22, 2003), other relevant portions of the record and the relevant law.  The State of New Mexico's Motion for Action on Special Master's Report (Doc. No. 7260, filed September 30, 2003) shall be GRANTED.  For the reasons set forth below, the Court overrules one objection, sustains another, and sets aside the Special Master's recommendations on abandonment.

An evidentiary hearing on the subfiles was held before the Special Master on January 30, 2003.  On July 20, 2003, the Special Master filed her report recommending that the Court conclude that the water rights associated with Subfiles CHGA-003-0003A, B, C and D, CHGA-003-0004A and B, and CHGA-003-0005 were abandoned based upon her recommended finding of a 13-year

period of non-use between 1990 and 2002.  The Court, having reviewed the transcripts and the exhibits from the hearing before the Special Master on January 30, 2003, finds that the parties had ample opportunity to submit evidence, cross-examine witnesses and provide rebuttal testimony.  The Court makes the following decision *de novo*.  *See* FED. R. CIV. P. 53(g)(1), (3) and (4).

The first of Defendant Davis' two objections is that the evidence does not support a conclusion of non-use since 1990.  Defendant's objection is based on testimony by the State's expert who reviewed aerial photographs taken in May 1989 and June 1995.[1]  He testified that approximately 29.0 acres of the subject tracts appeared to be irrigated in 1989 and that none of the tracts appeared to be irrigated in 1995. (Tr. at 144-150, State's Ex. 12).   Defendant argues that the state offered no evidence of non-use on any of the tracts during the intervening years, 1990 through 1995.  *See Martinez v. McDermett*, 901 P.2d 745, 750 (N.M. App. 1995) (because State Engineer claims abandonment, it bears the burden of proof).

Under the subject rights, irrigation water was diverted from Gallina Creek and conveyed to Defendant's tracts via a ditch.  (D.'s Ex. 12).  At three locations along the ditch, flumes carried the water across arroyos.  (State's Ex. 13).  During cross-examination Defendant testified that the ditch ceased to be operational "in the mid '80s or so" after the flumes were destroyed by erosion in the arroyos.  (Tr. at 55, 66).  The flumes had not been repaired by the time the State Engineer inspected the ditch on October 15, 2002.  (State's Ex. 13).  The Court finds that the subject water rights were not exercised after the flumes were destroyed "in the mid '80s or so."  Defendant's objection that there is no evidence of non-use from 1990 to 1995 is overruled.

---

[1] Irrigation season is from April to September.  (D.'s Ex. 12).

Clear and convincing evidence of non-use of water for an unreasonable period may raise a rebuttable presumption of an intent to abandon a water right and thereby shift the burden to the water right claimant to show excuse for non-use. *United States v. Abousleman*, Civ 83-1041 (D.N.M. Feb. 7, 1994) (interpreting *Reynolds v. South Springs Co.*, 452 P.2d 478 (N.M. 1969)). The *Abousleman* Court held that failure to use water for 16 years, without other evidence, may be sufficient to raise a rebuttable presumption of an intent to abandon a water right, thus shifting the burden to present sufficient evidence of excuse for non-use to the water right claimant. *Id.* at 12. The *Abousleman* Court also held that eight years of non-use of water, absent other evidence is not a sufficient period to raise this presumption. *Id.* In this case, the Court finds that the period of non-use from "the mid '80s or so" until 2002, along with the fact that the ditch remained unusable during that period, raises a rebuttable presumption of intent to abandon the subject water rights.

To rebut the presumption of abandonment arising from such long period of non-use, there must be established not merely expressions of desire or hope or intent, but some fact or condition excusing such long non-use. *Reynolds v. South Springs Co.*, 452 P.2d 478 (N.M. 1969) (quoting *Mason v. Hills Land & Cattle Co.*, 204 P.2d 153 (Colo. 1949)). The destruction of the flumes excuses early non-use of water. In the late '80s or early '90s Defendant and her husband tried to establish how much work needed to be done to get the ditch operational, including having several people walk the ditch and provide cost estimates to repair the ditch. (Tr. at 55, 61). Defendant's husband tried to get people to repair the ditch. (Tr. at 61). After her husband's death in 1994, Defendant started talking to various agencies about getting the ditch repaired. (Tr. at 61). In 1995 or 1996, Defendant entered into a crop-share agreement with a man who was to work on the ditch and repair the flumes. (Tr. at 63). Defendant purchased pipes and culverts for him to repair the

flumes. (Tr. at 70). That man had to abandon the contract before performing any repairs when his father became ill in order to take care of his father's ranch. (Tr. 63-64). Defendant still has the culverts. (Tr. at 71). She met with personnel at the Soil Conservation Service who prepared some diagrams and led her to believe that they could help her. (Tr. at 61-62). In 1997 she filed an application for cost share of ditch renovation with the Cuba Soil and Water Conservation District. (D.'s Ex. 14). After the application was denied in 1999, (D.'s Ex. 14), she hired people to get the ditch cleaned out. (Tr. at 69). One of those individuals was able to get water to run from the diversion down to the first washed-out flume. (Tr. at 64, 69). The State's expert, who walked and inspected the ditch in 2002, testified that he saw no evidence of any repairs stating that the ditch was silted up with no sign of freshly dug soil or anyone trying to remove the silt from the ditch. (Tr. at 103). However, he also testified that siltation is a constant and annually recurring problem. (Tr. at 120).

In its Response, the State argues that the actions taken by Defendant Davis to keep the irrigation works operational were factually and legally insufficient to rebut a presumption of abandonment. (Doc. No. 7256, filed September 22, 2003, at 9-12). The State contends that Defendant Davis' actions are factually inadequate because the evidence showed there was no repair work done on the ditch. (*Id.* at 10). The State claims that Defendant Davis' failure to obtain funding for ditch repair from a governmental agency is legally insufficient to excuse the delay in putting water to beneficial use. (*Id.* at 11, citing *Rio Puerco Irrig. Co. v. Jastro*, 141 P. 874, 876 (N.M. 1914) (lack of means with which to prosecute the work is not a sufficient excuse for delay)). The rule in *Rio Puerco Irrigation Company v. Jastro* applies to the doctrine of relation back where the priority of a water right relates back to the time when the first step was taken to appropriate water or when

the notice of intent to appropriate was given. (*Id.*). The rule in *Rio Puerco Irrigation Company v. Jastro* says that the relation back doctrine does not apply or protect the intending appropriator unless he prosecutes his work of diversion with reasonable diligence. (*Id.*). The issue here is not whether Defendant Davis completed repairs to the ditch with reasonable diligence. Rather, the issue is whether there is some fact or condition excusing such long non-use that rebuts the presumed intent to abandon. *See Reynolds v. South Springs Co.*, 452 P.2d 478, 482 (N.M. 1969).

Abandonment must be proven by evidence of non-use *and* intention to abandon. *See Reynolds v. South Springs Co.*, 452 P.2d 478, 482 (N.M. 1969) (non-use alone is not sufficient to show intent to abandon). Defendant established more than mere subjective declarations that she did not intend to abandon the rights, or that she intended to use them in the future. Defendant Davis testified to several facts that contributed to the period of non-use: the initial destruction of the flumes; the death of her husband who initially attempted to get the ditch repairs; the failure of a farmer to perform the repairs under a crop-share agreement; her reliance on an agency's representation that it could help with the repairs; and her employment of individuals that did not complete the necessary repairs. Defendant's actions, while not successful at getting the ditch repaired, are not consistent with an intent to abandon her water rights. *See Reynolds v. South Springs Co.*, 452 P.2d 478, 481 (N.M. 1969) (quoting *North American Exploration Co. v. Adams*, 104 F. 404, 405 (8th Cir. 1900) (abandonment may be inferred from acts or failures to act so inconsistent with an intention to retain the right that the unprejudiced mind is convinced of the renunciation). Defendant Davis' objection that her actions were sufficient to rebut the presumption that she intended to relinquish her water rights is sustained.

The Special Master's recommendations on abandonment are set aside. In her report, the Special Master stated that she did not analyze Defendant Davis' second excuse for non-use: lack of water availability. (Report at 2). Because the Court finds that the subject water rights were not abandoned due to non-use while the ditch was inoperable, water availability is immaterial and there is no need to remand this matter to the Special Master to evaluate the water availability claim.

**IT IS SO ORDERED.**

                                                  _/s/ Bruce D. Black_
                                                BRUCE D. BLACK
                                                UNITED STATES DISTRICT JUDGE