IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

    Plaintiffs,

    v.                                  69cv07941 BB-ACE
                                          Rio Chama Adjudication
RAMON ARAGON, *et al.*,            Section 5: Rio Gallina

    Defendants.                      Subfile Nos. CHGA-003-0019

## ORDER

**THIS MATTER** comes before the Court on Defendants' (Jose Zebedeo Chacon and Lucinda Chacon) Motion for Action on Special Master's Report (Doc. No. 7402, filed February 9, 2004), the State of New Mexico's Objections to Special Master's Report and Recommendations on Disputed Subfile (Doc. No. 7393, filed January 23, 2004) and the Special Master's Report and Recommendations on Disputed Subfile (Doc. No. 7384, filed January 12, 2004).

Counsel for Plaintiff State of New Mexico did not object to Defendants' Motion for Action on the Special Master's Report. Therefore, Defendants' (Jose Zebedeo Chacon and Lucinda Chacon) Motion for Action on Special Master's Report (Doc. No. 7402, filed February 9, 2004) shall be GRANTED.

The Court has reviewed *de novo* the Special Master's Report, the State of New Mexico's objections, and the transcript and exhibits from the hearing on this matter held before the Special Master on February 6, 2003. For the reasons set forth below, the Court overrules the objections and adopts the findings of fact and conclusions of law recommended in the Special Master's Report and Recommendations on Disputed Subfile (Doc. No. 7384, filed January 12, 2004).

The issue before the Special Master at the evidentiary hearing was whether irrigation of native brush and other vegetation considered non-agricultural by the State is a beneficial use of water. (Pretrial Order, Doc. No. 7023, filed January 21, 2003). Defendant Jose Chacon testified that he irrigates two tracts of land that are partially covered by willows and rose bushes, that he chops and mixes the willows and rose bushes with hay to provide feed for cattle, and that the cattle eat the chopped willows and rose bushes. (Tr. at 5-7, 63-64). The Special Master concluded that while willows and rosebushes are not usually thought of as "crops" or "native grasses," irrigation of willows and rosebushes to provide feed for cattle is a beneficial use of water. *See State ex. rel. Martinez v. McDermett*, 120 N.M. 327, 331-32, 901 P.2d 745, 749-50 (Ct. App. 1995)(cultivation of crops and the diversion of water to encourage growth of native grasses are beneficial uses of water).

The State objects to the Special Master's Report claiming that Defendants did not meet their burden of proof that their diversion of water constituted a beneficial use because there was no evidence that such irrigation increased the yield of forage crops above what it would have been in the absence of such irrigation. *See State ex rel. Erickson v. McLean*, 62 N.M. 264, 270, 308 P.2d 983, 987 (1957)(waste of water through excessive diversion, i.e. many times more than is actually consumed, is not beneficial use). The Pre-Trial Order, the transcript and the Special Master's report indicate that the scope of this proceeding was limited to the purpose of use. *See* Procedural Order for the Adjudication of Water Rights Claims in the Rio Gallina Section of the Rio Chama Stream System (Doc. No. 5890, filed March 15, 2000)("The State's proposed Consent Orders(s) shall set out the amount and location of irrigated acreage, the location of the point of diversion and the purpose of use for each water right."); N.M. STAT. ANN. § 72-4-19 (elements of water right are priority, amount, purpose, periods and place of use, and for irrigation water, the specific tracts of land

2

to which it shall be appurtenant). The State's objection relates to the amount of beneficial use. The adjudication of irrigation water requirements will be initiated by the State following the completion of the individual subfile activity. (Procedural Order, Doc. No. 5890, filed March 15, 2000).

The State also objects on the basis that there was no testimony that the willows and rose bushes have any significant value as animal forage. Beneficial use, not economic value, is the basis, the measure and the limit of the right to the use of water. *See* N.M. Const. art. XVI, § 3; N.M. STAT. ANN. § 72-1-2 (Michie 1997).

**IT IS SO ORDERED.**

/s/ Bruce D. Black
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE