IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF NEW MEXICO

STATE OF NEW MEXICO, ex rel.
State Engineer,

        Plaintiff,

vs.

Ramon Aragon, et al,

        Defendants.

69cv07941
RIO CHAMA STREAM SYSTEM

Section 3: Rio Nutrias, Rio Cebolla
& Canjilon Creek

## MOTION FOR LEAVE TO FILE COUNTERCLAIM

Defendants David L. and Lydia Archuleta move for leave to file a Counter-claim and as grounds show:

1. Attached hereto as Exhibit A is proposed copy of said Counterclaim proposed to be filed;

2. Prior to and at the time of filing Defendants' Answer to Complaint for Adjudication of Water Rights, incorporated herein by reference, Defendant's attorney believed and Plaintiff's personnel confirmed that the 11.5 acres involved in Plaintiff's Complaint were the same 13 acres which were involved in District Court Cause No. 5055, but which now appear to involve separate land, one in Section 3 and the other (Plaintiff's) in Sections 34 & 35. (see attached exhibits attached to proposed Counterclaim.)

3. Water rights are appurtenant to the land (See Section 72-5-23) so that both lands are necessary so a complete resolution to issues can be made.

4. Opposing counsel desires to be heard and proposed Order on this issue is hereby withdraw and request an early hearing.

7439

5. That the undersigned conferred with opposing counsel about the proposed Counterclaim explaining same, yet unfinished and on finishing same, copies were FAX'D to the State Engineer's Office and the next day the proposed Order was presented to the Clerk's Office on the now mistaken belief that it was telephonically approved and upon learning the contrary, immediately copies of the pleading were FAX'd to Mr. Ed Newville in his Albuquerque Office and immediately at 5:00AM notified the Clerk's Office to advise the Court and not file the proposed Order if same was already signed and upon advise that it has not been signed, this formal Motion is hereby presented, with the undersigned apologies.

_\[signature\]_
Alfonso G. Sanchez, Esq.
2853 Calle Princesa Juana
Santa Fe, NM 87507
Attorney for Defendants
Phone/FAX: 1-505-471-3053

I certify a copy of the foregoing pleading was mailed & FAX'd to opposing counsel, ED Newville, Esq., 1-505-867-2299 & to State Engineer's Office, PO Box 25102, Santa Fe, NM 87102, on 4/15/04, postage prepaid.

_\[signature\]_

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

STATE OF NEW MEXICO, ex rel.
State Engineer,

        Plaintiff,

vs.

RAMON ARAGON, et al

        Defendants.

69cv07941 JC
RIO CHAMA STREAM SYSTEM
SECTION 3: Rio Nutrias, Rio Cebolla
& Canjilon Creek

## COUNTERCLAIM

Comes now David E. Archuleta and Lydia Archuleta, his wife, who counter-claim as follows:

1. That David E. Archuleta and Lydia Archuleta, his wife, hereafter, Counterclaimants, were named herein as Defendants in Subfile No. CHCA-003-0015B involving Tract 003-0015B involving water rights to 11.5 acres, as indicated in attached aerial map marked as Exhibit 1, in the cause herein involved which is incorporate herein by reference, together with their Answer To Complaint For Adjudication of Water Rights filed on 8/25/03 by Counterclaimants.

2. That at all material times herein, Plaintiff lead Counterclaimants to believe that the 11.5 acres which is located in Section 34, were in fact the 13.00 acres adjudicated in Cause No. 5055, located in Section 3, T27N, R4E, in the name of Frank Chavez and as shown in Exhibit 2 attached hereto being a survey by G.H.Denton on 1/28/49 filed in Plaintiff's Office, claimed by Counterclaimants as successors in interest of Frank Chavez.

3. That Frank Chavez and Counterclaimants, as successor in interest, perfected their water rights claim to 13 acres of irrigated land through

*Exhibit A*

extensive, hotly contest legal proceedings in Plaintiff's Offices and through appeal proceedings in the District Court of Rio Arriba County, New Mexico in Cause No. 5055, which said cases are herein incorporated by reference and Judicial Notice of this cases is invited of this Court wherein said water rights were awarded to Frank Chavez and are res adjudicata and to date remain in full force and effect because the District Court in its Judgment, filed on 11/20/1950, a copy of which is herein attached as Exhibit 3, in the last two paragraph by District Judge George Harris retained jurisdiction for any future proceedings, indicating the following:

"IT IS FURTHER ORDERED That each and every provision of the State Engineer's Order of March 23rd, 1949, except as modified by this Court shall remain in full force and effect.
    IT IS FURTHER ORDERED That this Court shall retain jurisdiction of the parties and the subject matters herein for the purpose of modifying the judgment of this Court to meet such changed condition and circumstances that may arise matterially affecting the rights of the parties herein,"

To date, nothing has been filed depriving Frank Chavez of the 13 acres awarded him eventhough on numerous times changes were made where Plaintiff's admitted their lack of jurisdication without first getting District Court action.

4. That in Exhibit 1 attached hereto, the water rights land in Section 34 where Plaintiff alleges the 11.5 acres/is located & identified as tract 003-0015B and southeast in Section 3 is Counterclaimant's 13 acres identified as 003-0015C.

5. That Frank Chavez and his 5 other brothers and sisters were born and lived off the 159.13 acre ranch with homes thereon, a pond, irrigating native plants, grasses, gardens,etc and raising cattle and sheep and at no time did they ever abandon or intend to abandon their water rights and at all times same was under the care of responsible persons until same was sold to Counterclaimants on 1/25/60, including a Special Warranty Deed to Counterclaimants

2

by Susie C. Madrid in 12/2/66 to 13 acres with "guarantees water rights."

6. Counterclaimants likewise have never abandoned or intended to abandon the 13 acres of irrigated land when they acquired same on 1/25/60, being born about ½ mile away from this land, was at times employed and helpped Frank Chavez bring in "cut hay and grass" derived from the 13 acres of irrigated lands, he is in the business of raising cattle using this 159.38 acres for pasture land where cattle eat even shrubbs, grasses and native plants, the old homes have burned and fallen, but irrigation has always been used "when there is water" making it specially difficult since Counterclaimants are last on the ditch, and recently, David Martinez who adjoins Counterclaimant land on Plaintiff's advice has blocked Counterclaimant's right to irrigate eventhough up to date Counterclaimant has irrigated and helpped maintain the ditches eventhough there is no Ditch Commission.

7. That Counterclaimants are and will suffer irreparable damages by being denied and refused to be allowed to irrigate and a mandatory injunction should issue granting the right to irrigate.the 13 acres involved in this counterclaim.

8. If the Court finds that Plaintiff without justifiable cause failed to include the 13 acres herein involved in this Counterclaim, the Court should sanction Plaintiff and award them their reasonable attorney fees.

9. Counterclaimants demand a jury trial on all the issues herein.

WHEREFORE Counterclaimants pray for the following:

1. That all the evidences presented in the Plaintiff's 1949 hearing and District Court hearing on Cause No. 5055 be admitted as evidence herein;

3

2. award the 13 acres as adjudged in Cause No. 5055;

3. Counterclaimant's attorney fees if sanctions are justified;

4. for a mandatory injunction allowing Counterclaimants easement rights through the lands of David Martinez permitting irrigation;

5. for a jury trial of all issues herein

6. Such other remedies deemed proper in the premises.

*Alfonso G. Sanchez*

Alfonso G. Sanchez,
2852 Calle Princesa Juana
Santa Fe, New Mexico 87507
Attorney for Counterclaimants
Phone/FAX: 1-505-471-3053

I certify a copy of the foregoing was mailed to opposing counsel, Ed Newville, Esq., PO Box 25102, Santa Fe, NM 87104-5102 on 4/15/04, postage prepaid.

*Alfonso G. Sanchez*

4.



EXHIBIT 1

PLAT OF RINCON BLANCO DITCH
CEBOLLA, NEW MEXICO

EXHIBIT 2

CLERK OF THE DISTRICT ...
NOV 20 1950

By_____ Dep

IN THE DISTRICT COURT OF RIO ARRIBA COUNTY, STATE OF NEW MEXICO

JOSE G. CORDOVA, et al,

        Plaintiffs,

vs.                                                            No. 5055

GERALD JOHNSON, et al,                              Rec. H-10-

        Defendants.

## J U D G M E N T

    This cause having been brought on for trial before the Honorable George I. Harris, sitting for the regular Judge of the above entitled Court on the 13th day of June, 1950, on an appeal from the order of the New Mexico State Engineer, and the Court sitting without a jury, and Samuel Z. Montoya appeared as attorney for plaintiffs (protestants), and H. J. Guthmann appeared as attorney for defendants (applicants), and the Court having heard the testimony and having examined the proofs offered by the respective parties, and the Court being fully advised in the premises and having filed herein its decision in writing, containing a statement of the facts found by the said Judge, and his conclusions of law thereon, and having directed that judgment be entered in accordance therewith; now, therefore, by reason of the law and findings aforesaid;

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED That Application No. 2631 be approved for the diversion and beneficial use of water at the rate of fifteen cubic feet per second at time needed for the diversion and beneficial use during the period from October 1st to April 1st of each year.

    IT IS FURTHER ORDERED That there is a declared water right for irrigation purposes from the Rito de la Cienega Re-

EXHIBIT 3

89

donda on twelve acres belonging to G. C. Martinez, located in the NW¼ of NW¼ of NW¼, Sec. 36, Twp. 27 N., R. 4 E., and that there is a declared water right for irrigation purposes on five acres of land belonging to E. A. Montano, located in the NE¼ of NE¼ of NE¼, Sec. 36, Twp. 27 N., R. 4 E.

IT IS FURTHER ORDERED That the defendants (applicants) herein are allowed the diversion and beneficial use of water as outlined in the Order of the State Engineer dated March 24, 1949, in that proceeding involving the same subject matter as this cause, the said Order being modified as follows:

(1) That a tight dam shall be maintained upon and water diverted from the Cienega Redonda into defendants' (applicants) ditch for both defendants (applicants) and plaintiffs (protestants) and water released therefrom for the benefit of defendants (protestants) in quantities as demanded but consistent with the order of the State Engineer dated March 23rd, 1949.

(2) That in lieu of the provision of said Order fixing the location of measuring devices, the defendants (applicants) be required to install and maintain three measuring devices satisfactory to the State Engineer, as follows: One at a point on Alto Ditch just below El Vadito Dam; one at a waste-way on defendants' (applicants) ditch just below El Vadito Dam; and one on Cebolla Creek in the vicinity of the Highway bridge.

(3) That a water master, acceptable to both defendants (applicants) and plaintiffs (protestants), be employed at the expense of defendants (applicants), whose duty it will be to release water to both defendants (applicants) and plaintiffs (protestants) in accordance with demands and consistent with the Order of the State Engineer dated March 23rd, 1949. Such Water Master shall serve under the general supervision of the State En-

gineer; and in the event the parties cannot agree upon the selection of such Water Master, he shall be selected by the State Engineer.

(4) That the provisions of modification herein contained shall be conditions of defendants' (applicants) permits.

IT IS FURTHER ORDERED That the plaintiffs (protestants) are entitled to the diversion and beneficial use of the waters of the Rito de la Cienega Redonda as set forth in the Order of the State Engineer dated March 23rd, 1949, subject to such modifications as are set forth herein in the preceding paragraph.

IT IS FURTHER ORDERED That each and every provision of the State Engineer's Order of March 23rd, 1949, except as modified by this Court shall remain in full force and effect.

IT IS FURTHER ORDERED That this Court shall retain jurisdiction of the parties and the subject matters herein for the purpose of modifying the judgment of this Court to meet such changed conditions and circumstances that may arise, materially affecting the rights of the parties herein.

_____
DISTRICT JUDGE

APPROVED: as to form

_____
Attorney for Plaintiffs (Protestants)

_____
Attorney for Defendants (Applicants)