IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

               Plaintiff,

    vs.

RAMON ARAGON, *et al.,*

               Defendants.

69cv07941 BB-ACE

RIO CHAMA STREAM SYSTEM
Section 3: Rio Cebolla

Subfile No.    CHCB-003-0015B

## RESPONSE BY STATE OF NEW MEXICO IN OPPOSITION
## TO MOTION FOR LEAVE TO FILE COUNTERCLAIM

COMES NOW the State of New Mexico on the relation of the State Engineer (State), and files this response in opposition to the Motion for Leave to File Counterclaim filed by Defendants David E. Archuleta and Lydia Archuleta on April 19, 2004 (Docket No. 7439).

Defendants in their counterclaim assert that they were led to believe that the 11.5 acres of land mapped under Subfile No. CHCB-003-0015A, and located in Section 34, were in fact 13.0 acres of land involved in Cause No. 5055 of the District Court of Rio Arriba County.  The counterclaim then requests a recognition of water rights in connection with the 13.0 acre tract, and an award of sanctions and attorney fees against the State for its failure to include the described 13.0 acres in these proceedings.  Defendants' counterclaim thus appears to be (1) a claim for water rights, and/or (2) the assertion of a separate cause of action against the State for somehow misleading the Defendants.  The Defendants' motion to assert either of these claims by way of counterclaim should be denied.

In terms of an assertion of water rights, any counterclaim for water rights in these proceedings

is unnecessary and improper. The mapping of the above described 11.5 acre tract of land in the hydrographic survey of the Rio Cebolla, and the description of that tract in the proposed Consent Order sent to the Defendants, in no way limits any claim for water rights the Defendants might assert after rejecting the terms of the State's proposed Consent Order. These proceedings represent a general adjudication water rights that encompasses all claims to water rights in the Rio Chama Stream System. *See* Complaint filed August 7, 1969. The complaint filed by the State requests that each of the Defendants be required to "state their claims to the use of waters of said stream system," and requests the Court to "quiet title to the Defendants' valid appropriation and use of water." *Id.* at 4 Thus any claim for water rights within the stream system, including those asserted in connection with the 13.0 acre tract, is entirely within the scope of the complaint and is the actual subject matter of these proceedings. In no way does such a claim represents a separate or distinct cause of action to be asserted against the State by way of counterclaim.

The State believes that allowing defendants to raise a separate claim for water rights for the 13.0 acre tract by filing a counterclaim will only serve to confuse these proceedings. For example, an immediate question in this case would be whether the determination of the counterclaim is subject to the pretrial order filed March 8, 2004 (Docket No. 7428). The State wishes to emphasize that in opposing the motion for leave to file the counterclaim, the State is not attempting to bar a claim for water rights in connection with the 13.0 acre tract of land. Defendants are free to make this claim within the limited subfile proceedings subject to the pretrial order filed March 8, 2004. The State, however, strongly believes that a claim for water rights should be made in answer to the State's complaint, and that to raise the claim by way of counterclaim will only lead to procedural questions, confusion and delay. Counsel for the State has offered to allow the Defendants to amend their answer

-2-

if they believe  this is necessary to claim water rights for the 13.0 acre tract of land, but counsel for the Defendants has stated that he does not wish to do that.  The reasons for this are unclear.  Even without any amendment, the State would certainly agree to a trail of this issue in the limited subfile proceedings subject to the pretrial order filed March 8, 2004.

To the extent that  the Defendants' counterclaim is intended to assert a separate and distinct cause of action against the State based on, as stated in paragraph 1 of the proposed Counterclaim, "leading the Counterclaimants to believe" that the 11.5 acres of land that is located in Section 34, were in fact 13.0 acres of land located in Section 3, the State believes that the claim is completely frivolous.  Moreover, any such claim would not arise out of the same transaction or occurrence as those involved this general adjudication of water rights, that is, the actual use of water within the stream system.  Thus the claim (if it had any basis at all) would not be compulsory in nature and for that reason the claim could be raised in a separate or later action against the State.  Again, allowing a claim of this type to be heard in these proceedings will only serve to complicate and further delay the adjudication of Defendants' water rights.  This is the reason counsel for the State (after being provided a copy of the counterclaim for review) would not approve the filing of the counterclaim. The State adamantly denies that it somehow misled the Defendants, or confirmed as Defendants also assert, that the 11.5 acres described in the Rio Cebolla hydrographic survey report and proposed Consent Order for subfile CHCB-003-0015A were the same 13.0 acres that were involved in Rio Arriba District Court No. 5055.  There is simply no basis for this assertion.

In addition, the Defendants' have not indicated whether they believe the counterclaim is compulsory or permissive under Fed Rules Civ. Pro. Rule 13, or whether the justification for now allowing a claim against the State arises under Fed Rules Civ.Pro. Rule 13(e) (counterclaim acquired

after the filing of responsive pleadings), or under Rule 13(f) (counterclaim omitted through oversight, inadvertence, or excusable neglect, or one that should be allowed in the interest of justice).  Until Defendants have cited some authority for the filing of their counterclaim, as required by D.N.M. Local Rule 7.5, and are required to make a more precise and definite statement concerning the nature of the their claims, the State is unable to adequately respond.  A counterclaim that does not mature until after a party has served a pleading is not a compulsory counterclaim even if it arises from the same transaction or occurrence as the plaintiff's claim.  *See, e.g. Harbor Insurance Co. v. Continental Bank Corp.,* 922 F.2d 357, 360 (7th Cir. 1990) (counterclaim that did not exist when complaint was filed is not compulsory counterclaim).

Finally, the proposed counterclaim asserts that the Defendants' neighbor has blocked their right to irrigate their land, and the Defendants request a "mandatory injunction allowing Counterclaimants easement rights through the lands of David Martinez."  A claim of easement and the relief requested involves both third parties and a dispute between neighbors seemingly outside the scope of a general adjudication of water rights.  The jurisdictional basis for hearing this claim and for granting the relief requested against Mr. Martinez has not been explained by the Defendants.  Any claim for relief against Mr. Martinez should be directed against that person and not against the State by way of counterclaim.

For  the reasons discussed above, the State respectfully requests that the Defendants' Motion for Leave to File Counterclaim be denied.

Respectfully submitted,

  /s/ Ed Newville
EDWARD G.  NEWVILLE
Special Assistant Attorney General
Office of State Engineer

-4-

P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 827-6150

## CERTIFICATE OF SERVICE

I hereby certify that  copies of the above Response by State of New Mexico in Opposition to Motion for Leave to File Counterclaim  were mailed to following persons on April   22   , 2004. A copy was sent by facsimile transmission to Mr. Alfonso G. Sanchez on this same date.

       /s/ Ed Newville
Edward G. Newville

Special Master Vickie L. Gabin
UDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

Alfonso G. Sanchez, Esq.
2853 Calls Prances Juana
Santa Fe, NM 87507-6513

-5-