IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

   Plaintiff,

vs.

RAMON ARAGON, *et al.*,

   Defendants.

04 APR 27 AM 9: 34

CLERK-SANTA FE

69cv07941 BB-ACE

RIO CHAMA STREAM SYSTEM
Section 3: Rio Cebolla

Subfile No. CHCB-003-0015B

REPLY TO
**RESPONSE BY STATE OF NEW MEXICO IN OPPOSITION
TO MOTION FOR LEAVE TO FILE COUNTERCLAIM**

Defendants David I. Archuleta and Lydia Archuleta reply as follows:

1. As to page 1, Defendants do admit they claim not only the 11.5 acres in §34 alleged in Plaintiff's Complaint but they also claim by their proposed Counter claim the 13 acres in Section 3, adjudicated in Rio Arriba #5055, which Judgement remains unchanged, a copy of said case(124 pages) filed in their Answer To Complaint for Adjudication of Water Rights herein incorporated by reference with all other exhibits. As for the 11.5 acres, an abstract for the 159.35 acre patented land was recently obtained (copies being made) where patentee Martina R. Chavez had 6 children, and deed 120 acres to son Frank Chavez, 13 acres with water rights to daughter Susie, Rosa and Juan(son), and 27 acres to daughter Susie all of which 159.35 acres are owned by Defendants since January 25, 1960. Truly, Defendant's attorney at the time of filing the Answer believed the 11.5 acre tract was the only tract involved.

2. As to page 2, Defendants deny that Plaintiff's Complaint "encompasses all claims". Defendant's proposed Counterclaim does "state their claim" and "request quiet title" again as in RA #5055!

7442

The second paragraph indicating the Counterclaim "confuses the proceeding" begs whether Plaintiffs know the reasons for pleadings and the need for all parties to file their claim. Water rights are appurtenant to the land (Sec. 72-5-23), Defendants have 13 Acres adjudicated, been in possession for all 159.35 acres since Janurary 1960, Plaintiff's have never given Defendants written notice of abandonment as required by Section 72-5-28. If the proposed Counterclaim is not allowed and Defendants prove their case, the Court can award them nothing unless the pleadings by Counterclaim is filed. This is basic fundamental law and is ridiculous argument. It is Plintiffs who have confused the issues by not including the 13 acres. To deny the Counterclaim denies Defendants fundamental justice. An amended answer is not a "Counterclaim".

3. As to page 3 and 4 Defendants deny same and affirmatively allege this Counterclaim is "complusory" Counter claim, which if not made, the Court cannot give Defendants their water rights to this specific 13 acres as indicated in Exhibit 2 attached to the proposed Counterclaim within the 159.35 acres owned by Defendants as provided in Fed Rules Civ. Pro. Rule 13 and 13(e). The facts herein supports that the failure to file the Counterclaim at the time of filing the Answer was at the very least omitted through oversight, inadvertence, or excusable neglect and allowed in the interest of justice. No damage will result to Plaintiff by allowing the filing and allowance is discretionary with the Court in the furtherance of justice. Since Plaintiff filed the cause herein instead of proceedin with RA #5055 or at lease incorporating it, same has cause some extreme neighbor confrontations which had heretnbefore been peaceful, allegedly because the Plaintiff has advised Defendants neighbors that Defendant has no water rights, which had up to now he had uninterrupted use of water rights.

2

3.

In RA #5055 the Plaintiff have advised all the water users in this area that Defendants were were users. See communications between the parties indicating that the State Engineers Office was without jurisdiction to appoint a WaterMaster and it was up to District Court in #5055 to appoint one and attached a list of of all water user, naming "Frank Chavez" who is Defendant's predecessor, signed by Frank E. Irby, Chief, Water Rights Division for S.E. Reynolds, State Engineer, on 6/17/64 on page 105 of the Court file attached to the Defendants Answer which also includes several admissions to the Plaintiff's lack of jurisdiction since the RA Distict Court in #5055 retained jurisdiction over all matters involving the parties and the subject matter, as indicated in Judgment attached in Counterclaim as Exhibit 3. It is incomprehensible why in view of everything, why the proposed Counterclaim should not be allowed.

Alfonso G. Sanchez, Esq.
2853 Calle Princesa Juana
Santa Fe, NM 87507
Phone/FAX 1-505-471-3053
Attorney for Defendants David L.
and Lydia Archuleta

I certify that a copy of the foregoing pleading was FAX'd to the District Court for filing, Special Master Vickie L. Gabin #(505-988-6473, Plaintiff3827-3806, and Ed Newville, Esq., #867-2299 and mailed to the above at their address on 4/25/04.