### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

    v.                                69cv07941 BB-ACE
                                        Rio Chama Adjudication
RAMON ARAGON, *et al.*,          Section 3: Rio Nutria, Rio Cebolla,
               Defendants.                  & Canjilon Creek
                                        Subfile Nos.  CHCB-003-0015B

### **ORDER**

**THIS MATTER** comes before the Court on Defendants' (David E. and Lydia Archuleta) Motion for Leave to File Counterclaim (Doc. No. 7439, filed April 19, 2004) and Response by State of New Mexico in Opposition to Motion for Leave to File Counterclaim (Doc. No. 7441, filed April 22, 2004).  The Court has reviewed the submissions of the parties and the relevant law.  For the reasons set forth below, Defendants' Motion for Leave to File Counterclaim and request for hearing shall be DENIED.

Defendants' Motion could be construed as an amendment to their Answer or as a supplemental pleading.  Leave to amend shall be freely given when justice so requires.  FED. R. CIV. P. 15(a).  The Court *may* permit a party to serve a supplemental pleading upon such terms as are just.  Fed. R. Civ. P. 15(d).  As discussed below, the Court finds that justice and judicial efficiency are both served by denying Defendants' Motion for Leave to File a Counterclaim.  *See* FED. R. CIV. P. 1 (federal rules of civil procedure shall be construed to secure the just, speedy, and inexpensive determination of every action).

Defendants' claim water rights appurtenant to two separate parcels of land. (Mot. ¶ 3). However, when they filed their Answer, Defendants' mistakenly believed that the water rights of only one parcel were at issue. (Mot. ¶ 2). Defendants' proposed counterclaim seeks to have the evidence presented in a previous state court case involving their water rights on the second parcel be admitted as evidence in this case, and to have the judgment in the previous court case adopted in this case. Defendants are entitled to present evidence of their claims to water for both parcels. *See* N.M. STAT. ANN. § 72-4-15 (Michie 1997)(adjudication to determine all rights to use of water). The State of New Mexico stated it "would agree to a trail [sic] of this issue in the limited subfile proceedings subject to the pretrial order filed March 8, 2004). (Resp. at 3). The Special Master will hear and determine Defendants' claims to their rights to the use of water on both parcels. (*See* Order of Reference, Doc. No. 3488, filed April 21, 1994). Granting Defendants' Motion would not provide them any benefit on this matter above that already afforded them via this adjudication.

Defendants' proposed counterclaim also seeks injunctive relief for easement rights across an adjoining property. The injunctive relief sought is not so related to this adjudication as to confer supplemental jurisdiction on the Court. *See* 28 U.S.C. 1367(a)(West 2004). This adjudication seeks to determine the rights to the *use* of water. *See* N.M. STAT. ANN. § 72-4-19 (Michie 1997). Defendants' proposed claim for injunctive relief seeks an easement. Water rights and the right to an easement for water flow across another's property are distinct, are derived from different sources, and are governed by different rules of law. *Olson v. H & B Properties, Inc.*, 882 P.2d 536, 539 (N.M. 1994). Even if Defendants could establish that the Court has supplemental jurisdiction over their claim for injunctive relief, the Court would decline to exercise such jurisdiction. *See* 28 U.S.C. 1367(c)(4)(West 2004)(court may decline to exercise supplemental jurisdiction over a claim if, in

exceptional circumstances, there are compelling reasons for doing so). A water rights adjudication presents any court with a variety of exceptional circumstances including complex issues and a huge defendant class whose members' claims require individualized review. This case began in 1969 and is far from being complete. Exercising supplemental jurisdiction on claims outside the scope of the adjudication would only prolong the final adjudication of the defendants' water rights. The Court has a compelling interest in resolving this 35-year old case. Denying Defendants' Motion will not preclude Defendants from seeking injunctive relief via the State of New Mexico's administrative or judicial systems.

Defendants' proposed counterclaim also seeks a jury trial and attorney fees. The New Mexico statutes recognize that the use of juries is discretionary in water rights adjudications. N.M. STAT. ANN. §§ 72-4-17 to 18 (Michie 1997). Because the life of a water rights adjudication spans many years, it is not practical to use a jury in an adjudication. *See* Order Denying Motion for Jury Trial entered by this Court July 10, 2002, in the adjudication of the Zuni River Stream System, No. 01cv72 (Doc. No. 143). Denial of Defendants' Motion for Leave to File Counterclaim will not preclude Defendants from seeking monetary sanctions pursuant to FED. R. CIV. P. 11.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Bruce D. Black*
　　　　　　　　　　　　　　　　　　　　　　　BRUCE D. BLACK
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE