IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer,<br><br>       Plaintiff,<br><br>-v-<br><br>RAMON ARAGON et al.,<br><br>       Defendants. | 69cv07941-BB-ACE<br><br>RIO CHAMA STREAM SYSTEM<br>Subfile Nos. CHRB-002-0001<br>                  CHRB-002-0002<br>                  CHRB-003-0001<br>                  CHRB-003-0002 |

## ORDER GRANTING MOTION TO INTERVENE

THIS MATTER is before the Special Master on the Associación de Acéquias Norteñas de Rio Arriba's Motion to Intervene, filed July 13, 2004 (Docket No. 7512). Counsel for the State of New Mexico, ex rel. State Engineer supports the Motion; no objections or other responses have been filed.

The Associación seeks to intervene as a matter of right, F. R. Civ. P. 24(a)(2), or permissively, F. R. Civ. P. 24(b)(2), in subfile litigation for the above-referenced subfiles in this adjudication. The litigation is controlled by the Pretrial Order entered March 8, 2004 (No. 7427). Since the Motion was filed, a consent order for the water rights associated with Subfile No. CHRB-003-0002 has been entered (August 11, 2004, No. 7553).

To intervene as of right, an applicant must demonstrate that its interest in the proceedings is "direct, substantial, and legally protectable," that the existing parties cannot represent its interests adequately, and that disposition of the action without the applicant's presence will impair the applicant's ability to protect that interest. City of Stilwell, Oklahoma v. Ozarks Rural Electric Coop.

Corp., 79 F.3d 1038, 1042 (10th Cir. 1996) (citations omitted).  The Associación alleges only that because its member acequias are located downstream from the water rights which are the subject of this litigation, the disposition of the subproceeding could significantly impact the acequias' water rights.  This bare allegation is insufficient to support the grant of intervention as of right, particularly because the State, as an existing party in the subfile litigation, opposes the claims; there is no showing that the State's case cannot represent the Associación's interests adequately.

F. R. Civ. P. 24(b) permits intervention, upon timely application, when the applicant's claim or defense and the main action have a question of law or fact in common.  The decision to permit intervention is discretionary, City of Stilwell, Oklahoma, 79 F.3d at 1042, and in exercising its discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.  "The most obvious benefits of intervention in general are efficiency and consistency resulting from resolving related issues in a single proceeding."  Moore's Federal Practice 3d (1997) § 24.03[5][b][I].

The Associación's interest stems from its location downstream from the disputed subfiles.  Presumably, if the water rights claims associated with the disputed subfiles are approved by this Court, or the water rights priorities assigned to the disputed subfiles are senior to those granted to the downstream acequias, the downstream acequias' rights may be negatively affected.  The State of New Mexico supports this Motion, and the upstream defendants whose water rights are the subject of litigation have not objected to it.  Discovery is well underway; the Associación states, however, that permissive intervention will not result in a delay in the proceedings.  Under these facts, I find that the Motion for permissive intervention is well-taken and should be granted.  The Associación is

2

cautioned that good cause must be shown for any extentions of time to the schedule set forth in the March 8 Pretrial Order.

      IT IS ORDERED, therefore, that the Motion for permissive intervention is GRANTED.

                                        /electronic signature/
                                SPECIAL MASTER VICKIE L. GABIN

.