IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

        Plaintiff,

     vs.

RAMON ARAGON, *et al.*,

        Defendants.

69cv07941 BB-ACE

RIO CHAMA STREAM SYSTEM
Section 3: Rio Cebolla

**Subfile No. CHCB-003-0015B**

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

COMES NOW the Plaintiff State of New Mexico, *ex rel.* State Engineer ("State") and moves the Court to enforce a settlement agreement between the State and Defendants David E. Archuleta and Lydia U. Archuleta ("Defendants") in these proceedings, and as grounds states as follows:

1.    The disputed water rights claims of the Defendants in connection with subfile CHCB-003-0015B are the subject of a Pretrial Order filed March 8, 2004 (Doc. No. 7428) as amended by the Order Amending Pretrial Order and Notice of Status Conference filed September 21, 2004 (Doc. No. 7602).

2.    On July 21, 2004, counsel for the State wrote to Alfonso Sanchez, counsel for the Defendants, to follow up on discussions in Santa Fe between counsel and proposals for settlement exchanged on the previous day. Counsel for the State wrote that while the State could not make any offer of water rights for irrigation purposes, it would be possible to request an expedited determination of water rights based upon stock watering and ponds located on the Defendants land. If the State and the Defendants could reach an agreement on the amount and nature of any water rights based upon stock watering, the State proposed to recognize those rights in a single Consent Order that would also

7610

acknowledge that there was no irrigation water rights appurtenant to Defendants' land. The order would represent the resolution of all claims for irrigation water rights in connection with the litigation proceedings under subfile CHCB-003-0015B. *See* letter dated July 21, 2004 to Alfonzo G. Sanchez attached hereto as Exhibit A.

3.      On July 28, 2004, Defendants' counsel returned by facsimile a copy of the July 21 letter with the handwritten notation that "Mr. David Archuleta agrees to proceed as outlined below." *See* Exhibit A.

4.      Pursuant to the letter of July 21, and the approval of that proposal by Defendants, the State and Defendants filed a Joint Motion to Stay Litigation Proceedings ("Joint Motion") and requested that the Court allow the expedited determination of stock watering rights, if any, in connection with impoundment structures located on Defendants' land. *See* Joint Motion to Stay Litigation Proceedings filed August 3, 2004 (Doc. No. 7548).

5.      Paragraph one of the August 3 Joint Motion stated as follows: "If the State and the Defendants are able to reach an agreement on Defendants' stock watering rights, the Defendants have agreed to withdraw their claim for irrigation water rights in connection with that land and subfile."

6.      Counsel for the State drafted the proposed Joint Motion. A hard copy of the proposed motion was mailed to Defendants' counsel for his review on July 29, 2004. The proposed motion was telephonically approved by Defendants' counsel on August 3, 2004 as noted on the motion.

7.      Defendants' response to the letter of July 21, 2004, and paragraph one of the Joint Motion, represent an agreement to withdraw Defendants' claims for irrigation water rights in return for an expedited determination of Defendants' stock watering rights, if any, and an offer from the State acceptable to the Defendants with regard to those stock watering rights.

8.      Following the filing of the Joint Motion, the field staff of the State Engineer made an

inspection and measurement of the stock ponds located on Defendants' land and reviewed of historic aerial photographs of the area. Based on this information, and after review of additional documents describing the time of the construction of the Tijeras lateral and Rincon Blanca Ditch, the State prepared a proposed Consent Order for subfile CHCB-003-0015B. The proposed order would recognize stock watering rights in three small ponds located on Defendants' land. The proposed priority dates of the ponds vary from 1912 to 1958. All the ponds are filled by means of laterals from the Rincon Blanca Ditch. The location, surface area, dam height, depth, volume, priority date, purpose of use, point of diversion and source of water, for each pond is described in the proposed order. *See* proposed Consent Order subfile CHCB-003-0015B attached hereto as Exhibit B.

9.      Defendants have refused to approve the proposed order. Defendants have made no specific objection to any of the elements of the water rights described in the order in connection with the ponds other than to claim that the proposed order "doesn't say where [Defendants] get the water." The source of water and the point of diversion for each of the three ponds is fully described in the proposed order as follows:

**Source of Water:**    Surface water of the Rito Cienega Redonda, a tributary of the Rio Cebolla, a tributary of the Rio Chama.

**Point of Diversion:**
   **Ditch:**        RINCON BLANCA
   **Location:**     $X = 1,578,548$        $Y = 2,012,107$
   New Mexico State Plane Coordinate System, Central Zone, NAD 1983

10.      Defendants' claim that the source of water for the ponds is not described in the order is frivolous. Defendants have made no valid objection to any of the elements of the stock watering rights described in the proposed order.

11.      In addition, at the scheduling and status conference held on September 20, 2004 in

-3-

Santa Fe, counsel for the Defendants suggested that before the proposed order could be approved that he needed to obtain the consent of the neighboring land owner, David Martinez. *See* Hearing Transcript, p.34 lines 16-21, attached hereto as Exhibit C. This claim forms no basis for an objection to the proposed order, whether or not there is a dispute between the Defendants and Mr. Martinez concerning the Defendants' right to use water from the Rincon Blanca ditch. The proposed Consent Order, like all similar orders entered in connection with the adjudication of water rights in Section 3, represents only a resolution of claims between the State and the individual defendants named in the order. Other water users with standing always have the right to object to an individual order during the *inter se* phase of these proceedings. A statement to this effect has been included in every individual order adjudicating water rights filed with the Court to date, including orders approved by the Defendants in connection with other lands owned by them not included in this subfile. *See* Consent Order filed August 31, 2001 (Doc No. 6336); Consent Order filed April 9, 2003 (Doc. 7107); Consent Order filed April 9, 2003 (Doc. No. 7108).

12.    Although Defendants make no valid objection to the elements of the stock watering rights described in the proposed order, Defendants continue to argue that the State should recognize irrigation water rights in their favor. *See* Hearing Transcript at p.35 lines 18-23, p.39 lines 8-13. Despite recent discussions between counsel, there has been no change in Defendants' position as of the date of the filing of this motion. In sum, Defendants have refused to withdraw their claim for irrigation water rights despite any real disagreement with the terms of the State's offer in connection with Defendants' stock ponds included this subfile.

13.    The State believes that there is a valid and enforceable agreement to settle the Defendants' claims as described in the letter of July 21, 2004 and paragraph one of the Joint Motion.

-4-

The agreement has one condition, that the State make an acceptable offer to the Defendants with regard to stock watering rights associated with the ponds located on Defendants' property. The State believes that this condition has been satisfied and the Defendants have a duty to perform. In the face of their refusal to do so the Court should enforce the agreement and adjudicate the water rights of the Defendants under this subfile as described in the proposed order.

14.    The Court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. *Starr v. Roche*, 33 Fed.Appx. 432, 433, 2002 WL 511744 (10th Cir.(N.M.) 2002) (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). Issues involving the enforceability of a settlement agreement are resolved by applying state contract law. *Starr* at 433. Under New Mexico law, the existence of a contract does not hinge on a condition that qualifies a party's duty to perform. *Western Commerce Bank v. Gillespie*, 108 N.M. 535, 537, 775 P.2d 737, 739 (1989).

15.    When material facts concerning the existence or terms of the settlement agreement are in dispute, the Court should conduct an evidentiary hearing. *United States v. Hardage*, 982 F.2d at 1496; *see Chicano Police Officer's Ass'n v. Stover*, 624 F.2d 127, 131-32 (10th Cir. 1980). No evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present. *Johnson v. Hanes Hoisery*, 57 F.3d 1069 (table), 1995 WL 329453 (6th Cir. 1995) (citing *AroCorp. V. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir.), *cert. denied*, 429 U.S. 862 (1976).

16.    The State believes no material facts concerning the terms of the settlement agreement are in dispute and that the Court may reach a decision in this matter based upon the documents described herein.

WHEREFORE the State requests the Court to summarily enforce the settlement agreement

between the State and Defendants and enter an Order adjudicating the water rights of the Defendants as described in the proposed Consent Order for subfile CHCB-003-0015B attached hereto as Exhibit B.

Respectfully submitted,

EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 827-6150

## CERTIFICATE OF SERVICE

I hereby certify that copies of the above Motion to Enforce Settlement Agreement was mailed to the following persons on October __5__, 2004.

Edward G. Newville

## RIO CHAMA SECTION 3 SERVICE LIST

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

Karla McCall, Data Manager.
1315 Sagebrush Dr. SW
Los Lunas, NM 87031

Bradley S. Bridgewater, Esq.
David W. Gehlert, Esq.
USDOJ-ENRD
999 18th St., Suite 945
Denver, CO 80202

John W. Utton, Esq.
Sheehan, Sheehan & Stelzner PA
P.O. Box 271

Albuquerque, NM 87103-0271

Fred J. Waltz, Esq.
P.O. Box 6390
Taos, NM 87571-4010

Paula Garcia
NM Acequia Association
607 Cerrillos Road, Suite F
Santa Fe, NM 87505

Ted J. Trujillo, Esq.
P.O. Box 2185
Española, NM 87532-2185

NM Acequia Commission
Fred Vigil, Chairman
Depart. of Finance & Admin.

Local Government Division
Bataan Memorial Building
Santa Fe, NM 87503

Alfonso G. Sanchez, Esq.
2853 Calle Princesa Juana
Santa Fe, NM 87507

-6-