IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer | |
| Plaintiff, | 69cv07941 BB-ACE |
| vs. | RIO CHAMA STREAM SYSTEM Section 3: Rio Cebolla |
| RAMON ARAGON, *et al.*, | |
| Defendants. | Subfile Nos. CHCB-003-0015B |

### STATE OF NEW MEXICO'S RESPONSE OBJECTING TO MOTION FOR ORDER ALLOWING WITHDRAWAL AND TIME

COMES NOW Plaintiff the State of New Mexico *ex rel.* State Engineer ("State") and responds in opposition to the Motion for Order Allowing Withdrawal and Time ("Motion") filed October 7, 2004 by Defendants David E. and Lydia U. Archuleta ("Defendants"). The State's Response is timely if it is filed on or before October 25, 2004. Without the consent or concurrence of the State, the Motion seeks an Order ordering attorneys on both sides to withdraw from the proceedings and to grant an unspecified extension of time in which to "prepare and proceed herein." Defendants' requests that the State's counsel be forced to withdraw and for additional time are both unnecessary and prejudicial to the State. The State objects to the Motion on the following grounds:

1. On October 7, 2004, Defendants filed their Motion requesting an Order that would order attorneys from both sides to withdraw as counsel. Defendants allege, without factual support, that in view of the State's Motion to Enforce Settlement Agreement ("Settlement Motion") the attorneys for the parties are necessary witnesses in

7618

this proceeding. On October 4, 2004, the State filed its Settlement Motion, which counsel for Defendants states he received on October 6, 2004.[1] Defendants' Motion does not recite any opposition to the State's Settlement Motion and is not styled as a Response thereto. *See* D.N.M.LR-Civ 10.2 (title of paper must clearly identify its substance). Defendants' Motion is not responsive to the State's Settlement Motion, and instead must stand as an independent request to the Court for relief. Defendants' Motion fails to meet the requirements of the Local Rules for the U. S. District Court.

2. The Local Rules for the U.S. District Court require that an attorney's motion to withdraw must follow the procedure provided in D.N.M.LR-Civ 83.8. The Defendants' Motion is deficient because it does not state whether the Motion is unopposed or contested and does not include the statements required by the Local Rules. D.N.M.LR-Civ. 83.8(a) requires that an unopposed motion to withdraw indicate the consent of the client represented by the withdrawing attorney and notice of the appointment of a substitute attorney or a statement of the client's intention to appear *pro se*. No such statements are contained in Defendants' Motion. With regard to a contested motion to withdraw, the attorney must file and serve on all parties, including the client, a motion to withdraw that includes notice that objections must be served and filed within fourteen days from service and that a party's or client's failure to object constitutes consent to the granting the motion. D.N.M.LR-Civ. 83.8(b). The Defendants' Motion fails to contain the notice regarding objections required for a contested motion for withdrawal of attorneys. The Motion's accompanying certificate of service certifies that

---

[1] A response to the State's Settlement Motion is due on or before October 22, 2004. Failure to file and serve a response in opposition to a motion within the time prescribed constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

2

the Motion was faxed and mailed only to opposing counsel of record, and does not state that it was served on the Defendants.

3. Defendants have not stated any reason, other than a reference to the State's Settlement Motion, for voluntarily requesting the withdrawal of their own attorney. The State does not take a position with regard to a voluntary decision by Defendants to allow their attorney to withdraw. However, such a request should not be granted unless it is clear the Defendants have consented to counsel's withdrawal, and either substitute counsel is named or the Defendants have stated that they will appear *pro se*.

4. Defendants' Motion is further deficient under the Local Rules because Defendants' Motion does not state with particularity the grounds for the relief sought, with regard to the State's counsel. D.N.M.LR-Civ 7.1(a). Defendants have not alleged with specificity any grounds in their Motion, including any disputed material facts relating to the existence or terms of the settlement agreement, which would require either attorney to be called as a witness in this matter. A movant is required to submit evidence, in the form of affidavits, depositions, or other documents, in support of allegations of fact. D.N.M.LR-Civ 7.5. Defendants have not provided any factual basis to grant their request for the removal of the State's attorney, contrary to the requirements of the Local Rules.[2] Nor have they provided any argument that as a matter of law either counsel must be required to withdraw.

5. Assuming that the grounds for requiring the State's attorney to withdraw are solely related to the State's Settlement Motion, it is fundamentally unfair of a party to voluntarily participate in settlement negotiations, and then use that process as a means to

---

[2] Factual allegations contained in a separate pleading that may be properly filed in response to the State's Settlement Motion cannot constitute the necessary grounds required by Local Rules 7.1 and 7.5 in support of Defendants' Motion.

3

unilaterally disqualify opposing counsel. This attempt by Defendants' to remove the State's counsel subverts the judicial policy of encouraging settlement of disputes. Defendants cannot use this Motion as a preemptive measure to avoid its settlement obligations that are the subject of the State's Settlement Motion.

6. The mere filing of the State's Settlement Motion does not constitute grounds for issuing an Order requiring the State's attorney to withdraw. In its Settlement Motion, the State provides sufficient undisputed documentary evidence regarding the terms of the settlement agreement between the State and Defendants to support enforcement of the settlement agreement (*see* Settlement Motion, Paragraphs 1-10 and Exhibits A-C). Where an agreement is clear and unambiguous and no issue of material fact is in dispute with regard to the terms of the agreement, no evidentiary hearing is required to determine the enforceability of the agreement. *Johnson v. Hanes Hosiery*, 57 F.3d 1069 (table), 1995 WL 329453 (6th Circ. 1995) (citing *AroCorp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir.), *cert. denied*, 429 U.S. 862 (1976)). The Court does not need a hearing or testimony from the attorneys involved to make a decision on the State's Settlement Motion. Further, it would be improper to use Defendants' Motion as the vehicle for deciding the State's Settlement Motion.

7. Defendants' request for an unspecified amount of time for the parties to "prepare and proceed herein" is unnecessary and would unduly delay these proceedings. The procedural schedule has been extended previously, and the State agrees with Defendants' statement that "the proceedings herein have been long, complicated and time consuming." However, Defendants have not stated any reasons, beyond their somewhat suspect effort to disqualify counsel, why they cannot adhere to the established deadlines.

Any voluntary decision by Defendants to change their representation by counsel prejudices the timely resolution of this matter and should not be permitted to delay or disrupt these proceedings. The State is prepared to meet these deadlines, regardless of the outcome of Defendants' Motion.

WHEREFORE, the State requests that Defendants' Motion for Order Allowing Withdrawal and Time be denied with regard to the State's attorney and any unspecified extension of time in this matter.

Respectfully submitted,

*[signature]*

Edward G. Newville Esq.
P.O. Box 25102
Santa Fe, New Mexico 87504-5102

Stacey J. Goodwin, Esq.
300 Galisteo Street, Suite 205
Santa Fe, NM 87501

Special Assistant Attorneys General
Office of the State Engineer