IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, ex rel. the State Engineer, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ROMAN ARAGON, et al., | ) ) |
| Defendants. | ) ) ) |

69cv07941-BB-ACE

Rio Chama Adjudication

# SCHEDULING ORDER ON PUEBLO CLAIMS

      This scheduling order is entered by the Special Master pursuant to Order entered June 14, 2002, as amended August 30, 2004 [Docket Nos. 7470, 7572], Fed.R.Civ.P. 16(b) and the Court's April 21, 1994, *Order of Reference* to guide the course of litigation regarding the water rights claims filed by the United States on behalf of the Pueblo of San Juan and any water rights claims that may be filed by that Pueblo on its own behalf. Such water rights claims shall be designated collectively herein as "Pueblo Claims." In entering this Order, the Special Master is guided by concerns for judicial economy, efficiency, and resolution of this adjudication in as short a time as the complexities of this case, and the resources available to the parties, will allow. The purpose of this Order is to define and maintain a general framework within which the resolution of Pueblo Claims can be facilitated.

1. **FINDINGS**

      Having reviewed the history of these proceedings, including the preliminary statement of claims filed by the United States on behalf of the Pueblo of San Juan and the parties' recommendations concerning scheduling of these proceedings, I make the following findings:

  1.1 The Pueblo of San Juan's motion to intervene in this case was granted on October 21, 1994.

  1.2 On September 4, 1996, the Pueblo of San Juan filed a statement of its water rights claims [Docket No. 5474]. On March 4, 1997, the United States filed its preliminary statement of claims

[Docket No. 5612] for water rights based on all categories of uses -- past, present, and future -- by the Pueblo of San Juan.

1.3   The Pueblo's September 4, 1996 statement of claims and the United States' March 11, 1997 statement of claims asserted the Pueblo has water rights based on several different water uses and also based on different legal and/or evidentiary justifications.  Specifically, and with respect to type of water use, the Pueblo and the United States have claimed rights based on both irrigation and non-irrigation (e.g., municipal and household) uses, and based on religious and ceremonial.  With respect to legal or evidentiary justification, the Pueblo and the United States have asserted water rights based on documentation of past or present practices, and water rights based on an asserted entitlement to provide for the future needs of the Pueblo, including water rights based on the practicably irrigable acreage ("PIA") test adopted by the United States Supreme Court for the quantification of reserved rights recognized pursuant to <u>Winters v. United States</u>, 207 U.S. 564 (1908) and <u>Arizona v. California</u>, 373 U.S. 546, 600-601(1963).

1.4   Because of the diverse legal origins and evidentiary requirements of the various water rights claims asserted by the Pueblo and by the United States on behalf of the Pueblo, proceedings on the Pueblo Claims can be most effectively managed, within the letter and spirit of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Mexico, through formal subproceedings.  Use of subproceedings promotes the orderly and fair disposition of the multiple issues raised by the Pueblo Claims, allows final disposition of some of the claims while work proceeds on others, and minimizes the financial burden to all parties litigating these claims.

Based on these findings, **IT IS HEREBY ORDERED**:

## 2.   SUBPROCEEDINGS

2.1   The specification herein of a subproceeding to deal with a specified category of Pueblo Claims shall be without prejudice to the right of any party to assert and prove that there is, as a matter of law

or of fact, no entitlement on the part of the Pueblo to the uses of water that form the bases of the Pueblo Claims included within that subproceeding.

    2.2 Litigation of Pueblo Claims shall be divided into the following named subproceeding**s:**

**Pueblo Claims Subproceeding 1** shall consist of the adjudication of all claims to water rights on behalf of the Pueblo of San Juan based on evidence of specific past and present uses of water by the Pueblo; and

**Pueblo Claims Subproceeding 2** shall consist of the adjudication of all claims to water rights on behalf of the Pueblo of San Juan based on asserted legal rights to use water in addition to any quantities used historically.

   2.3  Any party may, by motion, petition the Special Master to create additional subproceedings on Pueblo Claims. In addition, at any time prior to the commencement, pursuant to paragraph 3.2, infra, of a subproceeding created by this Order, a party may move to amend the definition herein of that subproceeding.

## 3.    PROCEDURE IN SUBPROCEEDINGS

   **3.1 Preliminary Scheduling Order**: Except as provided in paragraph 3.8 herein with respect to emergency matters, no pleadings may be filed in a subproceeding until the Special Master has entered a preliminary scheduling order establishing deadlines for filing subproceeding complaints and answers thereto, and setting a scheduling conference pursuant to Fed. R. Civ. P. 16.

   **3.2  Subproceeding Complaint**: A subproceeding shall be commenced by filing a subproceeding complaint, designated as such, with the Court.

   **3.3  Form of Complaint**: A subproceeding complaint, and any document thereafter filed with the Court concerning that subproceeding, shall bear in its caption, beneath the civil action number of this case, the name of the subproceeding as designated by this Order or subsequent orders of the Special Master.

**3.4  Statement of Claim**:  A subproceeding complaint shall contain a short and plain statement of each claim showing that the claimant is entitled to relief, and a demand for the relief the claimant seeks.  No recitation of the grounds for the Court's jurisdiction is necessary.

**3.5  Rules of Procedure**: Except to the extent inconsistent with this Order, or other orders of the Court or the Special Master, a subproceeding complaint shall be deemed to be a "complaint" for purposes of application of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Mexico to the subproceeding, and said rules shall govern subproceedings to the same extent as any civil action.

**3.6  Parties**: A subproceeding complaint and any answer thereto shall be served pursuant to Fed.R.Civ.P. 5 upon all parties identified on the service list attached hereto, including any amendments thereto made by the Special Master from time to time.  Thereafter, for purposes of Fed.R.Civ.P. 5, the "parties" to the subproceeding shall consist of persons who have filed in that subproceeding a subproceeding complaint or answer thereto and any person made a party to the specific subproceeding pursuant to Fed.R.Civ.P. 14 and 19 through 25.

**3.7  Binding Effect**: Orders entered in a subproceeding shall be binding on all parties to that subproceeding.  Any judgment entered in a subproceeding shall be binding on all parties to that subproceeding and on any party to this case served with the subproceeding complaint for the subproceeding, whether or not that person has become a party to the subproceeding pursuant to paragraph 3.6.

**3.8  Emergency Matters**: Any party may seek determination of an emergency matter within the scope of a subproceeding in accordance with Fed.R.Civ.P. 65.  If the subproceeding has not been previously commenced, the party seeking emergency relief shall commence the subproceeding by filing and serving a subproceeding complaint and therewith shall file and serve on all parties to this case a motion for temporary restraining order or preliminary injunction, which shall comply with and be decided in accordance with the Federal Rules of Civil Procedure and legal standards generally governing such motions.

**3.9 Additional Matters**:  Except as specifically provided in Section 3 of this Order, this Order shall not alter or deprive the parties of any right to bring motions or other matters before this Court as provided in the Federal Rules of Civil Procedure.

## 4. SCHEDULE

### 4.1 Preliminary scheduling order for Pueblo Claims Subproceeding 1:

4.1.1    On or before March 30, 2007, the United States shall file and serve, pursuant to paragraph 3.6 of this Order, a subproceeding complaint stating the water rights to be claimed on behalf of The Pueblo of San Juan within the scope of Pueblo Claims Subproceeding 1, as defined in paragraph 2.2 of this Order.

4.1.2    On or before May 1, 2007, The Pueblo of San Juan shall file and serve, pursuant to paragraph 3.6 of this Order, a subproceeding complaint for water rights the Pueblo claims within the scope of Pueblo Claims Subproceeding 1.

4.1.3    Answers to all Pueblo Claims Subproceeding 1 complaints shall be filed on or before June 1, 2007.

4.1.4    On or before August 1, 2007, the parties to Pueblo Claims Subproceeding 1 shall meet pursuant to Fed.R.Civ.P. 26(f) and shall make mutual initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1).

4.1.5    A scheduling conference for Pueblo Claims Subproceeding 1 shall be held before the Special Master in August, 2007, at a time and place to be announced. The United States, indicating concurrence or non-concurrence by other parties, shall submit a proposed scheduling order to the Special Master no later than 5 days before the scheduling conference.

**4.2 Preliminary scheduling order for Pueblo Claims Subproceeding 2**:

    4.2.1        On or before March 31, 2010, the United States shall file and serve, pursuant to paragraph 3.6 of this Order, a subproceeding complaint stating the water rights to be claimed on behalf of The Pueblo of San Juan within the scope of Pueblo Claims Subproceeding 2, as defined in paragraph 2.2 of this Order.

    4.2.2        On or before April 30, 2010, The Pueblo of San Juan shall file and serve, pursuant to paragraph 3.6 of this Order, a subproceeding complaint for water rights the Pueblo claims within the scope of Pueblo Claims Subproceeding 2.

    4.2.3        Answers to all Pueblo Claims Subproceeding 2 complaints shall be filed on or before June 1, 2010.

    4.2.4        On or before August 2, 2010, the parties to Pueblo Claims Subproceeding 2 shall meet pursuant to Fed.R.Civ.P. 26(f) and shall make mutual initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1).

    4.2.5        A scheduling conference for Pueblo Claims Subproceeding 2 shall be held before the Special Master in August, 2010, at a time and place to be announced. The United States, indicating concurrence or non-concurrence by other parties, shall submit a proposed scheduling order to the Special Master no later than 5 days before the scheduling conference.

    **IT IS SO ORDERED.**

                                                  /electronic signature/
                                      SPECIAL MASTER VICKIE L. GABIN

**State of New Mexico v. Aragon**
**Pueblo Claims Subproceeding Service List**

Edward G. Newville
Lisa D. Brown
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM  87504-5102

Peter B. Shoenfeld
P.O. Box 2421
Santa Fe, NM  87504-2421

AquaTek
Karla McCall
1315 Sagebrush Dr., SW
Los Lunas, NM 87031

Fred Vigil
P.O. Box 687
Mendanales, NM   87548-0687

Fred J. Waltz
Box 6390
Taos, NM  87571

Joseph V. R. Clarke
Cudy, Kennedy, Hetherington, Alberta &
Ives LLP
P.O. Box 4160
Santa Fe, NM 87502-4160

Lester K. Taylor
Nordhaus, Haltom, Taylor, Taradash &
  Bladh, LLP
405 Dr. Martin Luther King, Jr. Ave. NE
Albuquerque, NM  87103-0271

Susan G. Jordan
Nordhaus, Haltom, Taylor, Taradash &
  Bladh, LLP
1239 Paseo De Peralta
Santa Fe, NM 87501

Vicki Gabin
Special Master
U.S. District Court
P.O. Box 2384
Santa Fe, NM 87504-2384

K. Janelle Haught
NMHSTD
P.O. Box 2348
Albuquerque, NM  87504-2348

Jeffrey L. Fornaciari
Hinkle, Cox, Eaton,
Coffield, & Hensley
P.O. Box 2068
Santa Fe, NM 87504-2068

Steven Bunch
NMSHTD
P.O. Box 1149
Santa Fe, NM 87504-1149

Mary Ann Joca
U.S. Forest Service
U.S. Dept. of Agriculture
P.O. Box 586
Albuquerque, NM  87103-0586

John W. Utton
Sheehan, Sheehan & Stelzner
P.O. Box 271
Albuquerque, NM  87103-0271

C. Mott Woolley
112 W San Francisco St.
Suite 312C
Santa Fe, NM  87501-2090

Frank M. Bond
The Simons Firm, LLP
P.O. Box 5333
1660A Old Pecos Trail
Santa Fe, NM  87502-5333

Benjamin Phillips
John F. McCarthy, Jr.
Rebecca Dempsey
White, Koch, Kelly & McCarthy
P.O. Box 787
Santa Fe, NM  87504-0787

Mary E. Humphrey
P.O. Box 1574
El Prado, NM 87529-1574

Christopher D. Coppin
NM Attorney General's Office
P.O. Drawer 1508
Santa Fe, NM 87504-1508

David W. Gehlert
U.S. Dept. of Justice
ENRD, General Litigation Sec.
999 18th Street, Ste. 945
Denver, CO 80202

Jay F. Stein
James C. Brockmann
Stein & Brockmann, P.A.
P.O. Box 5250
Santa Fe, NM 87502-5250

Daniel Cleavinger
P.O. Box 339
Tierra Amarilla, NM 87575

John P. Hays
Cassutt, Hays & Friedman, P.A.
530-B Harkle Road
Santa Fe, NM 87505

Annie Laurie Coogan
1520 Paseo de Peralta #E
Santa Fe, NM 87501-3722
John E. Farrow
Farrow, Farrow & Stroz
P.O. Box 35400
Albuquerque, NM 87176

Randolf B. Felker
Felker, Ish, Hatcher, Ritchie, Sullivan
 & Geer
911 Old Pecos Trail
Santa Fe, NM 87501

Randy E. Lovato
8100 Rancho Sueno Ct., NW
Albuquerque, NM 87120

Lucas O. Trujillo
P.O. Box 57
El Rito, NM 87530

Paula Garcia
NM Acequia Association
430 W. Manhattan, Ste. 5
Santa Fe, NM 87501

Tessa T. Davidson
Swain, Schrandt & Davidson, PC
4830 Juan Tabo, NE, Ste. F
Albuquerque, NM 87111

Marcus J. Rael, Jr.
French & Associates, PC
500 Marquette Ave., NW
Albuquerque, NM 87120

Ted J. Trujillo
P.O. Box 2185
Española, NM 87532

Pierre Levy
Law Offices of Daniel J. O'Friel Ltd.
P.O. Box 2084
Santa Fe, NM 87504-2084

Charles T. DuMars
Law & Resource Planning Assoc.
201 Third Street, NW, #1370
Albuquerque, NM 87102

NM Acequia Commission
c/o Jessie Bopp
Dept. of Finance & Admin.
Local Government Division
Bataan Memorial Building
Santa Fe, NM 87503

Lee Bergen
Nordhaus, Haltom, Taylor, Taradash &
 Bladh, LLP
405 Dr. Martin Luther King, Jr. Ave, NE
Albuquerque, NM 87103-0271

Kurt J. Van Deren
Hatch, Allen & Shepherd, P.A.
P.O. Box 30488
Albuquerque, NM 87190-0488

Bradley S. Bridgewater
U.S. Department of Justice
Environment & Natural Resources
Division
999 18th Street, Suite 945 N.
Denver, CO 80202

Updated 10/29/04