IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.*,

    Plaintiffs,

    v.

RAMON ARAGON, *et al.*,
    Defendants.

69cv07941 BB-ACE
Rio Chama Adjudication
Section 3: Rio Cebolla,

Subfile No. CHCB-003-0015B

# ORDER

**THIS MATTER** comes before the Court on Plaintiff State of New Mexico's Motion to Enforce Settlement Agreement (Doc. No. 7610, filed October 5, 2004), Mr. Alfonso Sanchez' (counsel for Defendants David. E. Archuleta and Lydia U. Archuleta) Motion for Order Allowing Withdrawal and Time (Doc. No. 7612, filed October 7, 2004), and Defendants' Motion for Leave to Respond to the State of New Mexico's Motion to Enforce Settlement Agreement[1] (Doc. No. 7629, filed October 28, 2004). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, Plaintiff's Motion to Enforce Settlement Agreement shall be DENIED, Mr. Sanchez' Motion for Order Allowing Withdrawal and Time shall be DENIED IN PART AS MOOT and GRANTED IN PART, and Defendants' Motion for Leave to Respond to the State of New Mexico's Motion to Enforce Settlement Agreement shall be DENIED AS MOOT.

    Plaintiff requests the Court to enforce a purported settlement agreement between Plaintiff and Defendants and enter an order adjudicating the water rights of the Defendants as described in the

---

[1] The full title of this document is "Reply to State of New Mexico's Response Objecting to Motion for Order Allowing Withdrawl [sic] and Time and Motion for Leave to Respond to the State of New Mexico's Motion to Enforce Settlement Agreement."

Consent Order proposed by Plaintiff. Plaintiff's Motion to Enforce Settlement Agreement is based on Plaintiff's belief that "there is a valid and enforceable agreement to settle the Defendants' claims as described in the letter of July 21, 2004 and paragraph one of the Joint Motion [to Stay Litigation Proceedings, Doc. No. 7548, filed August 3, 2004]." (Pl.'s Mot. Enforce Settlement Agreement, ¶ 13). Plaintiff states "[t]he agreement has one condition, that the State make an acceptable offer to the Defendants with regard to stock watering rights . . . ." (*Id.*). According to Plaintiff, once that condition is satisfied, Defendants must withdraw their claim for irrigation water rights. (*Id.* at ¶ 5). Plaintiff believes that condition has been satisfied. (*Id.* at ¶ 13).

Assuming, but without deciding, that a settlement agreement exists, the Court will deny the Motion to enforce the settlement agreement. Plaintiff misconstrues the purported agreement's condition by stating the condition is "[if] *the State make[s] an acceptable offer* to the Defendants with regard to stock watering rights." (*emphasis added*). The condition properly stated is "[i]f the State and Defendants *are able to reach an agreement* on Defendants' stock watering rights, . . . ." (Jt. Mot. to Stay Lit. Proceedings, Doc. No. 7548, filed August 8, 2004, at ¶ 1) (*emphasis added*). The condition has not been satisfied because, by virtue of Defendants refusing to sign the proposed consent order on their stock watering rights, (Pl.'s Mot. Enforce Settlement Agreement, ¶ 9), the State and Defendants have not been able to reach an agreement on those rights. Plaintiff's argument that Defendants have made no valid objection to the proposed consent order on the stock watering rights, and therefore should be required to withdraw their irrigation rights, is unpersuasive. Another portion of the purported settlement agreement states "[Defendants] would be free to accept or reject any offer made by the State with regard to stock watering water rights . . . ." (Pl.'s Mot. Enforce Settlement Agreement, Ex. A). Therefore, the Court shall deny Plaintiff's Motion to Enforce

Settlement Agreement. Accordingly, the Court shall also deny Defendants' Motion for Leave to Respond to the State of New Mexico's Motion to Enforce Settlement Agreement, (Doc. No. 7629, filed October 28, 2004), as moot.

Mr. Alfonso Sanchez, counsel for Defendants, filed a motion for an order allowing him to withdraw as attorney for Defendants believing that he would be a necessary witness at a hearing on Plaintiff's motion to enforce the settlement agreement. (Doc. No. 7612, filed October 7, 2004). Because the Court is denying Plaintiff's motion to enforce the settlement agreement, and because Mr. Ernest L. Padilla has entered his appearance as attorney on behalf of Defendants and in substitution for Mr. Sanchez, (Doc. No. 7628, filed October 28, 2004), the Court will deny that portion of the Motion seeking withdrawal of Mr. Sanchez as moot.

Mr. Sanchez' Motion for Order Allowing Withdrawal and Time also seeks an unspecified period of additional time for Defendant to acquire a substitute lawyer and to prepare to proceed. (Doc. No. 7612, filed October 7, 2004). Defendants shall have three weeks from entry of this order to respond to Plaintiff State of New Mexico's Motion for Summary Judgment and Memorandum in Support, (Doc. No. 7625, filed October 27, 2004), which was filed before Defendants' current counsel entered his appearance.

**IT IS SO ORDERED.**

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE