IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

        Plaintiff,

vs.

RAMON ARAGON, *et al.*,

        Defendants.

69cv07941 BB-ACE

RIO CHAMA STREAM SYSTEM
Section 3: Rio Cebolla

Subfile Nos. CHCB-003-0015B

## STATE OF NEW MEXICO'S REPLY TO RESPONSE TO
## MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff the State of New Mexico *ex rel.* State Engineer ("State") and replies to Defendants', the Archuletas, Response to the State's Motion for Summary Judgment. The State moves for summary judgment on the State's Offer of Judgment of no water right for Defendants because as a matter of law the lands at issue were not licensed for irrigation under License No. 2631. Defendants respond by claiming that the exclusion of the land from the License is "speculation" on the part of the State, and that a water right was "effectively" adjudicated during the course of the application process that preceded issuance of a license to appropriate. The New Mexico law governing water rights, however, leaves Defendants with no opening for challenging the conclusive validity of License 2631 or for claiming such a thing as a water right based on an "effectively adjudicated" permit.

7681

## REPLY TO DEFENDANTS' FACTUAL ASSERTIONS

Defendants acknowledge that their claim is limited to the 13 acres of land originally owned by F. Chavez and located at the end of the Tijeras Ditch, and that they have no claim for a water right for an additional 11.5 acres. Defendants' Response, ¶ 5, at pages 5-6. Defendants admit that: irrigation of lands under the Tijeras Ditch commenced after 1907; that the application of water to irrigate those lands was subject to the State Engineer's administrative requirements; and that their alleged water right is based solely on Application and Permit 2631. Defendants also admit that the Chavez lands are not listed in License 2631.

The only facts that are material to a summary judgment decision on whether Frank Chavez developed a lawful water right are those that provide evidence the 13 acres were licensed for irrigation by the State Engineer. Each of the following material facts is undisputed. The Chavez lands do not have a pre-1907 claim of right for irrigation because the associated ditch was built some years after 1907. State's Exhibit 5. The permittees filed for more than one extension of time to put water to beneficial use under Permit 2631 because,

> Due to litigation proceedings between March 23, 1949 and November 20, 1950, *which delayed completion of works and application of water for beneficial use*, the additional time extension granted by the State Engineer on December 31, 1950, to August 31, 1952, was insufficient. This extension of time was insufficient due to the fact that the area covered extends for a distance of approximately seven miles and numerous land owners along this system are involved in this application.

State's Exhibit 1F (emphasis added). The lands of F. Chavez, C.L. Jacobs and A.F. Seeding, all of which were included in the original permit, were <u>excluded</u> from the acreage listed in the mandatory Proof of Beneficial Use filed to obtain License 2631. The

13 acres of F. Chavez (as well as the two other excluded land holders) were <u>excluded</u> from the acreage listed in License 2631. The 13 acres were not thereafter permitted or licensed by the State Engineer for irrigation under any other permit or license. The owner of the land, Frank Chavez: did not separately submit proof of beneficial use as Permit 2631 required; did not request a separate extension of time in which to file such proof after the other permittees filed Proof of Beneficial Use that excluded his land; and did not in anyway protest or appeal the issuance of License 2631 or the exclusion of his 13 acres from License 2631.

The Defendants rely on the State's Motion for Summary Judgment, Exhibit 5 (1948 affidavits by F. Chavez) as proof that a water right exists. Any evidence that the Chavez lands were irrigated prior to 1948 and the initiation of the application process for a Permit is completely irrelevant to whether Frank Chavez completed the statutory requirements for a water right. State's Exhibit 5 provides no evidence that Frank Chavez irrigated his land under Permit 2631 and ultimately met the requirements for issuance of a License to Appropriate, or was included in License No. 2631. *See also* Defendants' Exhibit C (Defendants' Interrogatory No. 1-8 relating to October 20, 1952 Letter from Guthman to OSE regarding non-cooperation of Frank Chavez in permitting process). Further, Defendants are flatly wrong in claiming that either the State Engineer or the district court entered any findings that Frank Chavez irrigated the 13 acres.

Defendants' challenges to the State's Affidavits regarding lack of irrigation by Frank Chavez after the issuance of License 2631 appear to be a "response" to an issue not raised by the State-- that of legal abandonment or forfeiture. Defendants also rely on these allegations to bolster their argument that the terms of License 2631 are immaterial

as a matter of law. Defendants allege that they believed there was a water right associated with the 13 acres that they purchased from the Chavez family. Defendants also claim, contrary to the Affidavits of Reymundo David Martinez and Clyde Baker (State's Exhibits 4 and 5), that Mr. Martinez (not Frank Chavez) either irrigated the land, or from time to time shared water from the irrigation ditch with Defendants, and that they felt nothing further was needed to have a water right. Allegations that the Chavez lands may have been unlawfully irrigated after the issuance of License 2631 are not relevant to whether, as a matter of fact, Frank Chavez had a legal right to irrigate his lands under License 2631. Defendants' responses to the State's statements of fact do not rebut the State's undisputed material facts and therefore cannot preclude summary judgment.

## SUMMARY JUDGMENT FOR A "NO RIGHT" MUST BE GRANTED WHERE LANDS ARE EXCLUDED FROM A LICENSE TO APPROPRIATE

The State Engineer has exclusive jurisdiction over the general administration and supervision of the waters of the state, and of the measurement, appropriation, and distribution thereof. NMSA 1978, Section 72-2-1. The statutes require that after 1907, any person desiring to appropriate the surface waters of the state must obtain both a permit and a license to appropriate water by the State Engineer. NMSA 1978, Sections 72-5-1 through 72-5-13. The State Engineer is authorized to supervise the apportionment of water in the state "according to the licenses issued by him and his predecessors and the adjudications of the courts." NMSA 1978, Section 72-2-9. The State Engineer is required to limit a License to Appropriate to those lands for which proof of beneficial use is submitted as verified by a field inspection. NMSA 1978, Section 72-5-13. For those lands not shown to have placed water to beneficial use, any previous permitted right to appropriate water is extinguished by the issuance of the final License. Id. After the

permit was upheld by the district court, some but not all of the permittees accomplished all of the necessary steps completed the whole administrative process, including licensing. Frank Chavez did not.

The evidence is straightforward, and is uncontroverted. On August 10, 1953, the attorney for the permittees filed the required Proof of Application of Water to Beneficial Use under Permit No. 2631 ("Proof of Application") with the State Engineer. State's Motion, Exhibit 1H, Proof of Application. Three permittees were not included in the formal Proof of Application: Frank Chavez, C.L. Jacobs, and A.F. Seeding. The formal Proof of Application reduced the amount of acreage that was placed to beneficial use by the amount of the lands owned by the three excluded permittees. In addition, the Final Inspection and Report from the State Engineer's field inspector explicitly states that the area and acreage being irrigated was reduced from the original application, and the report excludes the 13 acres belonging to F. Chavez as well as the other non-participating owners. State's Motion, Exhibit 1G, Report of Davales; Defendants' Exhibit C.

Section 72-5-13 requires the State Engineer to "issue a license to appropriate water to the extent and under the condition of the actual application thereof to beneficial use (emphasis added)." In this instance, the State Engineer issued License 2631 in accordance with the formal Proof of Application and Report of Engineer Davales, both of which provided evidence of actual irrigation that was less than the permitted amount of lands. Pursuant to statute, the State Engineer was required to limit the License to those lands for which proof of beneficial use was provided. No proof of beneficial use was ever filed for the 13 acres belonging to Frank Chavez. State Exhibit 1, Affidavit of Paul Saavedra. As a matter of law, the State Engineer could not license the 13 acres belonging

to F. Chavez and properly excluded those lands from License 2631. NMSA 1978, Section 5-13; Exhibit H, License 2631, Exhibit IJ-K.

Defendants fail to distinguish their circumstances from those in *Hanson v. Turney*, 2004 NMCA 069, 94 P.3d 1; all they can point to is that the 13 acres were included in the original application for a permit, the "necessary first step." However, they cannot demonstrate that all of the necessary steps (up through the mandatory filing of proof of beneficial use and issuance of a license) were completed. Defendants claim that the State is merely "speculating" that the 13 acres were not actually licensed by the State Engineer, even though the land was excluded from License 2631. It is speculation on the part of Defendants, not the State, that the 13 acres are somehow covered by the License even though they were omitted by both the permittees and the field inspector from the filed Proof of Beneficial Use.

As Defendants cite, the New Mexico Court of Appeals has held that there can be no question that a party does not have a water right where the State Engineer has not recognized, permitted <u>or licensed</u> any right to appropriate, and where there has been no adjudication of a water right. *Village of Wagon Mound v. The Mora Trust*, 2003 NMCA 035, 133 N.M. 373, 380, *cert. denied* 133 N.M. 413, 63 P.3d 516 (emphasis added). The *Hanson* Court is explicit in its determination that a permit holder is not an owner of a water right. 2004 NMCA 069, ¶ 12. License 2631, which supercedes and extinguishes the precedent permit under Section 72-2-13, does not include the Chavez lands. Defendants have no justification for their bald assertion that they are entitled to a water right because they believe an error might have been made by Frank Chavez, the other

permittees, their attorney, the State Engineer's field inspector, and the State Engineer in excluding the Chavez land from License 2631.

The presumption of correctness rests with the State Engineer, not with Defendants. The State Engineer is entitled to adopt regulations and issue orders to implement his decisions and aid him in the accomplishment of his duties, and such regulations and orders "are presumed to be in proper implementation of the provisions of the water laws administered by him." NMSA 1978, Section 72-2-8(A), (H). The statutes and the State Engineer's Order issuing Permit 2631 required the permittees to provide proof of application of water to beneficial use for all of the permitted lands within a certain period of time. Most of the permittees completed the statutory requirements and were granted a License to Appropriate, the culmination of development of a water right under state law. There is no evidence of error or omission in the permittees' own proof.

## THE VALIDITY OF LICENSE 2631 IS CONCLUSIVE AS A MATTER OF LAW

Even if Defendants could produce relevant evidence to support an allegation of error or omission, they have no legal standing to ask this Court to create a water right for them in contravention of the State Engineer's conclusive exercise of his jurisdictional authority. The administrative licensing process mandated by statute is the sole legal means for the appropriation of water commencing after 1907. Under the laws of this state, a valid License to Appropriate for the Chavez land is the only legal means for Defendants to claim a water right. Where that administrative process was not followed and a license was not issued, the courts have no authority to create a post-1907 water right.

Section 72-2-13 vests in the State Engineer the power to issue a license within a certain period of time of issuing a permit, and upon the submission of proof of beneficial use by a permit holder. The factual record is undisputed that the State Engineer issued License 2631 following the permittees' submission of Proof of Application of Water to Beneficial Use by and through their attorney. That action was taken within the scope of his statutory duties, and is presumed to properly implement the provisions of the water laws administered by the State Engineer. Section 72-2-8(H).

Pursuant to NMSA 1978, Section 72-7-1, a formal action of the State Engineer on a permit, license, or other matter under his jurisdiction, is conclusive if an appeal is not timely taken. *See, e.g., Angel Fire Corp. v. C.S. Cattle Co.*, 96 N.M. 651, 634 P.2d 202 (1981); *Garbagni v. Metropolitan Inv., Inc.*, 110 N.M. 436, 796 P.2d 1132 (Ct. App. 1990); *El Dorado Utilities, Inc. v. Galisteo Domestic Water Users Assoc.*, 120 N.M. 165, 899 P.2d 608 (Ct. App. 1995). The factual record is undisputed that Frank Chavez did not protest the action of the State Engineer or appeal the issuance of the License that specifically listed other permittees' lands while excluding his acreage. The New Mexico courts are clear that the courts have no jurisdiction over a conclusive action by the State Engineer where a party fails to perfect a timely appeal. *Anthony Water and Sanitation District v. Turney*, 2002 NMCA 95, ¶¶ 3, 12, 15, 132 N.M. 683, 54 P.3d 87. The Defendants, who were not a party to any of those actions, are precluded from reopening or collaterally attacking the finality of the License to Appropriate. Evidence of irrigation prior the State Engineer and the district court orders approving an administrative permit to appropriate water is irrelevant; all of the permittees, each of whom provided such evidence in the State Engineer and district court proceedings, were nonetheless obligated

8

as a matter of law to file subsequent formal proof that all necessary steps to appropriate water, both physical and administrative, were completed. This Court is therefore without authority to go behind the decades-old administrative process that culminated in License 2631.

Similarly, contested allegations that after License 2631 was issued, water may have been used by the neighbors or the Defendants to irrigate the Chavez lands does not aid the Defendants, because there was no longer a legal right to appropriate water. NMSA 1978, Section 72-2-13. The Defendants appear to argue that they somehow have a water right because they irrigated their land since they acquired it, and the State Engineer never took administrative actions relating to abandonment or statutory forfeiture under Section 72-5-28(A). Those concepts do not apply to illegal use of water without a License. Defendants' arguments regarding issue preclusion and abandonment are misplaced. As discussed below, the State is not attempting to relitigate the 1948 district court action; far from it.

The whole point of the State's summary judgment motion is that the relevant final act of the State Engineer was the issuance of License No. 2631. As dictated by the State Engineer's and the district court's orders as well as by statute, all of which required the permittees to subsequently file proof of beneficial use and obtain a license to appropriate, License 2631, not the preceding permit, is the sole basis for a water right in this case. The License does not grant any person a right to irrigate the 13 acres in question. *See Hanson, supra* (permit holder is not an owner of a water right). That License was not appealed by Frank Chavez and cannot now be challenged by the Defendants.

# A WATER RIGHT CANNOT BE "EFFECTIVELY ADJUDICATED" BY VIRTUE OF A DISTRICT COURT AFFIRMING THE ISSUANCE OF A PERMIT TO APPROPRIATE

The facts and law cited by Defendants do not support their claim that their predecessor was granted a water right solely by being listed on a permit to appropriate water. Contrary to Defendants' arguments, a water right was not (nor could have been) "effectively" adjudicated on the basis of the district court's decision upholding the State Engineer's granting of Application No. 2631. In that earlier proceeding, the district court's order upheld the issuance of a permit, which was a condition precedent to obtaining a license to appropriate water. *Hanson v. Turney, infra*, 2004 NMCA 069, ¶12 (permit holder is not an owner of a water right). The district court's affirmance left intact the State Engineer's express requirement of proof of application of water to beneficial use to be filed on or before December 31, 1950, so that a License to Appropriate could be issued in accordance with state law. State Exhibit 1A, Application for Permit, State Exhibit 1B, Decision of State Engineer, State Exhibit 1C, Decision.

There are no findings in the State Engineer's and district court's orders approving Permit 2631 that the lands of Frank Chavez either had an existing water right or were being irrigated. The district court explicitly concluded that it was without jurisdiction to determine and adjudicate water rights. Motion for Summary Judgment, State's Exhibit 1C-D, Cordova v. Johnson, District Court of Rio Arriba County, Cause No. 5055, Decision and Judgment (1950), page 7, Conclusion of Law No. 1. To be adjudicated, a water right must be determined by a court in a suit that encompasses all parties who claim a right to the use of the waters in the stream system at issue. *See* NMSA 1978, Section 72-4-17; *State ex rel. Reynolds v. Sharp*, 66 N.M. 192, 344 P.2 943 (1959). This suit, not

the 1948 district court proceeding denying the protest of Application No. 2631, is the venue for adjudication of any claimed water right. As a matter of fact and law, the Defendants' predecessor in interest, Frank Chavez, was not "effectively" adjudicated a water right.

## CONCLUSION

For the reasons cited above and in the State's Motion for Summary Judgment and Memorandum in Support Thereof, the Court should find and conclude as a matter of fact and law that Defendants have no irrigation water right for the 11.5 acres of land described by the State or for the 13 acres Defendants claimed under Subfile No. CHCB-003-015B. The State further requests that the Court enter a Subfile Order adjudicating a No Right for irrigation under this Subfile.

Respectfully submitted,

*[signature]*

Edward G. Newville Esq.
P.O. Box 25102
Santa Fe, New Mexico 87504-5102

Stacey J. Goodwin, Esq.
300 Galisteo Street, Suite 205
Santa Fe, NM 87501

Special Assistant Attorneys General
Office of the State Engineer