IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

    Plaintiffs,

    v.                                  69cv07941 BB-ACE
                                          Rio Chama Adjudication
RAMON ARAGON, *et al.*,                Section 3: Rio Cebolla
                                          Subfile No. CHCB-003-0015B

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff State of New Mexico *ex rel.* State Engineer's ("State Engineer")Motion for Summary Judgment and Memorandum in Support (Doc. No. 7625, filed October 27, 2004). The Court, having reviewed the submissions of the parties and the relevant law, shall, for the reasons set forth below, **GRANT IN PART**, the State Engineer's Motion. The Parties shall submit supplemental briefs as described below.

**Water Right Claim for 13.0 Acre Tract**

The State Engineer moves the Court to conclude that Defendants have no irrigation water rights for the 13.0 acre tract under Subfile No. CHCB-003-0015B. The State Engineer argues that Defendants' have no water right because there is no evidence that water was applied to beneficial use, i.e. that the 13.0 acre tract was irrigated. And, based upon the absence of proof of beneficial use, the State Engineer did not issue a license to appropriate water for the 13.0 acres.

Defendants do not dispute the following factual statements. (*See* Resp. at 2-6, Doc. No. 7663, filed November 24, 2004; *see also* D.N.M.LR-Civ. 56.1(b) (all material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted)). In 1948, Gerald

Johnson filed an application for a permit to appropriate surface water for several property owners. That permit application, No. 2631, included the 13.0 acre tract at issue, which in 1948 was owned by Defendants' predecessor-in-interest. In 1949, after considering protests in an administrative hearing, the State Engineer approved the application, granting the permit to appropriate surface water subject to the requirement that the water be applied to beneficial use on or before December 31, 1950. Following an appeal, the state district court upheld the State Engineer's decision to grant the permit. In 1953, after obtaining extensions of time, the attorney for the permittees filed Proof of Application of Water to Beneficial Use. The Proof of Beneficial Use included a report prepared by an engineer, appointed by the State Engineer, who performed a field inspection of the irrigated acreage. The report specifically identified 14 of the 17 tracts listed on the permit application as being irrigated. (Mot. Ex. 2H). The report did not list the 13.0 acre tract at issue. (*Id.*). The report later stated "[a]ll acres being irrigated correspond with area originally listed in application . . . .except for some reductions in area and acreage from the original application." (*Id.*). On November 16, 1953, the State Engineer granted License No. 2631 to some, but not all, of the holders of Permit No. 2631, specifically naming each owner granted a license and identifying the specific tracts to which the license applied. The license did not include the 13.0 acre tract at issue or Defendants' predecessor-in-interest. The State Engineer provided a copy of the license to the attorney who had represented all of the applicants during the application process. There is no evidence in State Engineer File No. 2631 of a request for an additional extension of time in which to place water to beneficial use on the 13.0 acre tract.

Defendants put forth only two potential issues of material fact: whether the 13.0 acre tract was irrigated, and whether their rights have ever been divested from either Defendants or their

predecessor-in-interest. In his affidavit, Defendant David E. Archuleta states that the 13.0 acre tract has been irrigated since 1917, and includes affidavits and portions of testimony from the State Engineer's hearing on permit application No. 2631 to support his statements. (Resp. Ex. A). Defendants also suggest that the State Engineer's inspector may have inadvertently failed to include the 13.0 acre tract in his report of land irrigated under the permit. (Resp. at 5).

The State Engineer argues that the action of the State Engineer in issuing License No. 2631 was final and conclusive and cannot be collaterally attacked through this adjudication. The Court agrees. It has long been New Mexico law that any person dissatisfied with any decision, act or refusal to act of the State Engineer may appeal to district court, and if an appeal is not timely taken, the action of the State Engineer is conclusive. *See* N.M. STAT. ANN. § 72-7-1 (1997); N.M. STAT. ANN. § 75-6-1 (1953); N.M. STAT. ANN. § 76-6011 (1941).

The Court, however, cannot at this time grant summary judgment as to the 13.0 acre tract. The State Engineer supports its argument that License No. 2631 is final and conclusive with an affidavit indicating that Defendants' predecessor-in-interest did not file any statement with the State Engineer stating that he was aggrieved by the issuance of the license omitting him. (*See* Mot., Ex. 2, ¶ 12; *see also* N.M. STAT ANN. § 72-2-16 (no appeal shall be taken to district court until State Engineer has held a hearing and entered a final decision; any person aggrieved by decision, act or refusal to act by the State Engineer is entitled to a hearing if a request for a hearing is made in writing)). The statute requiring an aggrieved person to make a written request for a hearing was first enacted in 1965. *See* N.M. STAT. ANN. § 75-6-1 (1953). The State Engineer issued License No. 2631 in 1953. In 1953, any party dissatisfied with any decision, act or refusal to act of the State Engineer could appeal directly to the district court. The State Engineer's Motion and supporting materials do

3

not indicate whether Defendants' predecessor-in-interest appealed to the district court. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact). The Court cannot assume that such an appeal was not taken. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party).

Plaintiff State Engineer shall have until three weeks from the date of entry of this Order to file a supplemental brief supporting its Motion. The timing for serving the response and reply, and the page limits for the briefs, shall be those given in D.N.M.LR-Civ 7.

**Water Right Claim for 11.5 Acre Tract**

The State Engineer also moves the Court to conclude that Defendants have no irrigation water rights for the 11.5 acre tract under Subfile No. CHCB-003-0015B. "Defendants concede that since this acreage was not part of the 1948 application for permit to appropriate, they cannot realistically now contend that [the 11.5 acre tract was] included in [the permitting] process." (Resp. at 5-6). The Court finds that there is no genuine issue as to whether Defendants have irrigation water rights appurtenant to the 11.5 acre tract. Therefore, the State Engineer is entitled to judgment of no water rights for the 11.5 acre tract as a matter of law.

**Preclusive Effect of State Engineer's Findings and Order, and District Court Judgment**

Defendants argue that the State Engineer's Findings and Order and the state district court's subsequent judgment with respect to the 13.0 acres have preclusive effect, and, therefore, the State Engineer's action is barred by collateral estoppel and res judicata, and should be dismissed. (Resp. at 11-14). *Res judicata* bars relitigation of matters that were litigated or could have been litigated

4

in an earlier suit. *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997).  Under New Mexico law, there are four requisite elements for res judicata: (1) the same party or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made: (3) the same subject matter; and (4) the same cause of action in both suits. *Id.*  Collateral estoppel requires that the identical issue in question was actually litigated and necessary to the judgment of an earlier suit. *Id.*

The issue before the State Engineer, and later on appeal before the state district court, was whether granting permit application No. 2631 would be detrimental to the objectors' water rights. (Mot. Ex. 2B-D; *see also* N.M. STAT. ANN. § 72-5-5 (1997) (any person objecting that granting of the application will be detrimental to their water rights have standing to file objections)).  This action is an adjudication to determine, and settle by judicial decree, all the rights of appropriation on the Rio Chama stream system pursuant to N.M. STAT. ANN. §§ 72-4-15 through 72-4-19 (1997).  The issue in this adjudication, the determination of Defendants' water rights with respect to the 13.0 acre tract, was not, and could not have been, litigated during the State Engineer hearing or in the state district court suit.  Accordingly, the State Engineer's Findings and Order and the state district court's subsequent judgment with respect to the 13.0 acres have no preclusive effect on this adjudication.  Therefore, the Court will not dismiss this action.

    **IT IS SO ORDERED.**

                                                      **BRUCE D. BLACK**
                                                      **UNITED STATES DISTRICT JUDGE**