IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer,<br><br>        Plaintiff,<br><br>-v-<br><br>RAMON ARAGON et al.,<br><br>        Defendants. | 69cv07941-BB-ACE<br><br>RIO CHAMA STREAM SYSTEM<br><br>Section 7<br>Subfiles CHRU-004-0039<br>        CHRU-003-0001 |

**PRETRIAL ORDER**

This Order is entered pursuant to Fed.R.Civ.P. 16(e), 26 and 53 in connection with disputed water rights claims in the following subfiles in Section 7 of the Rio Chama Stream:

1. CHRU-004-0039    Hope Miner, Norm Vogt and Norm Vogt, Inc.

2. CHRU-003-0001    Elizabeth T. Peralta and Alfred Q Peralta and Norm Vogt.

**I.    SCOPE OF PROCEEDINGS**

This adjudication is in the subfile phase, and the proceedings subject to this order are related subfile proceedings. Therefore, in the absence of an order granting leave to intervene or to appear as *amicus curiae* the only parties that will participate in a hearing on the claims of the Defendants are the State of New Mexico, the above named Defendants and their respective witnesses.

The State is represented in these proceedings by Special Assistant Attorney General Edward G. Newville. The Defendants in the above referenced subfiles are also represented by counsel.

**II.     BURDEN OF PROOF**

The Defendants have the burden of proving all elements of their water rights claims.

**III.    DISCOVERY/FIELD INVESTIGATION**

Formal discovery begins immediately. The State and the Defendants shall adhere to the Fed.R.Civ.P. 26 requirements of liberal, continuing and voluntary disclosure. No later than **April 11, 2005**, the State and the Defendants shall make the following initial disclosures to the opposing party:

(A)     the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses;

(B)     a copy of, or description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses.

Discovery shall be completed no later than **October 25, 2005**. Service of interrogatories, requests for admission, or requests for production shall be considered timely only if the responses are due prior to that date. A notice of deposition shall be considered timely only if the deposition takes place prior to that date. Motions for extension of time to discovery deadlines are necessary only where the parties cannot agree, or where such changes will of necessity delay scheduled hearings. Agreements for an extension shall be memorialized by letter to the parties and to the Special Master.

Where appropriate, the Special Master will make a field investigation of disputed claims no later than **June 30, 2005**. Counsel for the State, in cooperation with claimants, shall arrange for these inspections.

**IV.     PRETRIAL DISCLOSURES**

Each party shall disclose in writing to opposing parties the identity of any person who may be used at trial to present expert witness testimony no later than **July 26, 2005**.  The disclosure shall be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; copies of exhibits to be sued as a summary of or support for the opinions; the qualifications of the witness, including list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

No later than **August 23, 2005** each party shall provide to opposing parties and promptly file with the Court the following information regarding evidence that it may present at trial, other than evidence to be used solely for impeachment:

(A)     the name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

(B)     the designation of those witnesses whose testimony a party expects to present by means of a deposition, and the identification of the page number and line number of the deposition testimony the party expects to present.

(C)     identification of each document or other exhibit, separately identifying those which the party expects to offer and those which the party may offer if the need arises.  Copies of all such exhibits shall be provided to opposing parties by this date, but not filed with the Court.  For oversize

exhibits or exhibits that are difficult to reproduce, the original may be made available for inspection upon request of the opposing party.

No later than **September 27, 2005** each party shall provide to opposing parties and promptly file with the Court the name, address and telephone number of each person who may be used at trial to present rebuttal testimony.  In cases where a rebuttal witness may be used at trial to present rebuttal expert witness testimony, a written expert witness report as described above also shall be prepared and disclosed to opposing parties by this date.

Except for rebuttal witnesses the need for whose testimony cannot be anticipated, no witnesses will be permitted to testify, and no exhibits or other evidence may be introduced at trial, unless disclosed according to the deadlines set out above.

### V.    MOTIONS/OBJECTIONS

The deadline for serving on opposing parties and filing any dispositive motions or motions *in limine* is **November 15, 2005**.  Objection to proposed exhibits, together with a brief statement of the grounds thereof and supporting authority, shall be served on opposing parties and filed with the Court by **November 15, 2005**.  Other than objections under Fed.R.Civ.P.402 and 403, objections not so disclosed are waived unless excused by the Court for good cause and the exhibit shall be deemed admitted by stipulation.

### VI.    HEARINGS

On or before **December 5, 2005** the State shall submit a request for hearing for those subfiles where the exchanges of the information described above have been completed.  Hearings shall be completed no later than **December 30, 2005**.

4

The Special Master will hold a final pretrial conference at a time and place to be announced. Prior to holding a final pretrial conference, but after the State has submitted a request for hearing, the parties shall meet to discuss preparation of a final pretrial order and a consolidated exhibit list and exhibits to be used at trial.

### VII.    LIMITS ON SERVICE OF PLEADINGS

Service of pleadings, discovery materials, and other papers required to be served concerning the proceedings subject to this Order shall be limited to the affected Defendants and the State.

### VIII.    OBJECTIONS TO THIS ORDER

Any objections to this Pretrial Order shall be filed with the Court, and served on the State and the above-named Defendants, within 10 days of receipt of this Order. Questions may be directed to:

> Edward G. Newville, Esq.
> Office of the State Engineer
> PO Box 25102
> Santa Fe NM  87504-5102
> Phone:  (505) 827-6150; (505) 867-7444
> Fax:  (505) 827-3887; (505) 867-2299

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　/electronic signature/
　　　　　　　　　　　　　　　　　　　　Vickie L. Gabin, Special Master