IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

05 MAR 21 PM 2: 11

CLERK-SANTA FE

STATE OF NEW MEXICO on the )
relation of State Engineer, )
                                                               )
           Plaintiff, )
                                             )   69cv07941-BB-ACE
v. )
                                             )   RIO CHAMA STREAM SYSTEM
RAMON ARAGON, et al., )
                                             )   Sections 3, 5, and 7
           Defendants. )
                                             )

## RESPONSE TO SUPPLEMENTAL BRIEF IN SUPPORT OF STATE OF NEW MEXICO'S MOTION FOR SUMMARY JUDGMENT

David E. Archuleta and Lydia U. Archuleta ("the Archuleta's"), by and through their undersigned counsel, for their response to the Supplemental Brief in Support of State of New Mexico's Motion for Summary Judgment, state:

### A. *Introduction.*

In its Memorandum Opinion and Order the Court did not grant summary judgment as to the 13.0 acre tract because there was no evidence that Defendants' predecessor-in-interest had appealed from a decision of the State Engineer omitting him from the license to appropriate. The Court cited <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317 (1986) for the proposition that a party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. The Court further cited <u>Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.</u>, 165 F.3d 1321, 1326 (10th Cir. 1999) to the effect that the Court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

The State has now supplemented its motion by filing two affidavits concluding that a search of the district court and State Engineer's records revealed no evidence of an appeal. Attached in support of the Archuleta's position is the Affidavit of Ralph Garcia effectively stating that the Rio Arriba County District Court records are not reliable prior to 1955, and further stating that records dealing with water rights issues were particularly problematic.

One assertion is not anymore credible than the other. The two affiants supporting the State's position give us no clue as to extent of their search. Nor do they give us a glimpse of what they searched other than records from a very narrow perspective, i.e., Frank Chavez proceedings. Ralph Garcia, who has had extensive experience as an abstractor of land records, which necessarily includes district court records, informs us that prior to 1955 the record keeping had problems, including lost, misplaced and misfiled documents, especially with respect to water rights issues.

**B.    *The reduction in acreage under the Davalos report should not be the basis for granting Summary Judgment since the report does not recite that the F. Chavez lands were not being irrigated.***

The State argues that the Davalos Report findings of reduction in acreage represented a drastic reduction in acreage from the original application, and therefore, that must be reason that the F. Chavez lands were excluded from the report. This report does not, however, indicate that the F. Chavez lands were not irrigable or that they were not being irrigated. The report (a portion of Exhibit H of the State's Motion for Summary Judgment) is silent about the F. Chavez lands. No conclusion can be reached as to the F. Chavez lands as to why they were not included in the report. There remains a genuine issue of fact for trial as to why the F. Chavez lands were not included in the report.

2

### C. The State has not met its burden for summary judgment under *Celotex Corp. v. Catrett.*

Admittedly, Celotex Corp., places a stronger burden on the Archuleta's to establish that a genuine issue of fact remains for trial because Celotex Corp. does not require the moving party to show that there is an absence of evidence to support the nonmoving party's case. If summary judgment depends on whether or not there was an appeal roughly 52 years ago, by the Archuleta's predecessor-in-interest, then as a corollary the Archuleta's predecessor-in-interest must have had a negative decision issued to him. There is nothing in the record that a negative or adverse decision was made as to the F. Chavez (or Frank Chavez) lands. Just as the Court, in its Memorandum Opinion and Order could not assume that an appeal was not taken, neither can the Court under the circumstances, assume that an adverse decision as to the lands in question was made. The Davalos report nor any subsequent district court judgment on the record before the Court indicates a reason as to why the F. Chavez lands were not ultimately included in the license to appropriate. There simply is nothing in the record before the Court to indicate that the Archuleta's predecessor-in-title should have appealed, was placed on notice that he should appeal, or after 1965 was an "aggrieved" party. We do not even know whether in 1953 when the license was issued, the Archuleta's predecessor-in-title was represented by counsel.

### D. Conclusion.

The ultimate issue for trial in this case is whether the Archuleta's and their predecessor-in-title made beneficial use of irrigation water on the 13.0 acre tract. The Court should not be persuaded by the scant (or perhaps, lost, misplaced, or misfiled)

3

procedural record covering roughly a six-year period from 1947 to 1953. Clearly, all inferences must be given to the nonmoving party in this case.

Respectfully submitted,

PADILLA LAW FIRM, P.A.

By: _____
Ernest L. Padilla
P.O. Box 2523
Santa Fe, NM 87504
(505) 988-7577

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Supplemental Brief in Support of State of New Mexico's Motion for Summary Judgment was mailed to the following:

Edward G. Newville, Esq.
Special Assistant Attorney General
Office of State Engineer
P O Box 25102
Santa Fe, New Mexico 87504-5102

John W. Utton, Esq.
Sheehan, Sheehan & Stelzner
P.O. Box 271
Albuquerque, NM 87103-0271

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

NM Acequia Commission
Fred Vigil
Dept. of Finance & Admin.
Local Government Division
Bataan Memorial Building
Santa Fe, NM 87503

Bradley S. Bridgewater, Esq.
David W. Gehlert, Esq.
USDCJ-ENRD
999 18th St., Suite 945
Denver, CO 80202

4

Paula Garcia
NM Acequia Association
607 Cerrillos Road, Suite F
Santa Fe, NM 87501


Ted Trujillo, Esq.
P.O. Box 2185
Espanola, NM 87532

Karla McCall, Data Manager
1315 Sagebrush Drive, SW
Los Lunas, NM 87031

Fred J. Waltz, Esq.
P.O. Box 6390
Taos, NM 87571

                                                */s/ Ernest L. Padilla*
                                                ERNEST L. PADILLA

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer, | ) ) ) |
| Plaintiff, | ) ) ) 69cv07941-BB-ACE |
| v. | ) ) RIO CHAMA STREAM SYSTEM |
| RAMON ARAGON, et al., | ) Sections 3: Rio Cebolla ) |
| Defendants. | ) Subfile No. CHCB-003-0015B |

## AFFIDAVIT OF RALPH GARCIA

Affiant, RALPH GARCIA, first being duly sworn on oath, states:

1. I am an adult and otherwise competent to make this affidavit.

2. I am Abstract and Title Search Manager of Real Estate Title Services, LLC of Espanola, New Mexico.

3. I have been a real estate abstractor for approximately 17 years.

4. I have also worked in the offices of the Rio Arriba County New Mexico Assessor, Treasurer, and County Clerk all totaling approximately 15 years.

5. In connection with my abstracting experience and performing title services for the clients of my employers, I am familiar with the records of the District Court of Rio Arriba County.

6. In my experience with the records of the Rio Arriba County District Court, it has been my experience that records prior to 1955 have not been complete due to lost, misplaced or misfiled documents. In particular, the records of Rio Arriba County with respect to water right issues have been difficult to establish. In general, many water rights records were not routinely filed or recorded.

7. I have read the affidavits of VINA GALLEGOS and RONALD PALMER filed with regard to the above captioned action, and it is my opinion that while those affidavits may be accurate as to the contents of the affidavits, it is also my opinion that an appeal from the State Engineers Office may not have been recorded properly and thus there is no record of such an appeal.

FURTHER AFFIANT SAYETH NAUGHT.

_____
RALPH GARCIA

**SUBSCRIBED AND SWORN** to before me this 18th day of March, 2005.

_____
Notary Public

My Commission Expires:

10/29/04