IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer | |
| Plaintiff, | 69cv07941 BB-ACE |
| vs. | RIO CHAMA STREAM SYSTEM Section 3: Rio Cebolla |
| RAMON ARAGON, *et al.,* | |
| Defendants. | Subfile No. CHCB-003-0015B |

**STATE OF NEW MEXICO'S REPLY TO ARCHULETAS' RESPONSE
TO SUPPLEMENTAL BRIEF IN SUPPORT OF STATE OF NEW MEXICO'S
MOTION FOR SUMMARY JUDGMENT**

The State of New Mexico on the relation of the State Engineer ("State"), by and through its undersigned counsel, makes this reply to the response of David E. Archuleta and Lydia U. Archuleta to the Supplemental Brief in Support of the State's Motion for Summary Judgment filed February 24, 2005 (Doc. No. 7772).

**DEFENDANTS' ARGUMENT THAT ALL RECORD OF AN APPEAL BY FRANK CHAVEZ MAY HAVE BEEN LOST AMOUNTS TO SPECULATION**.

In its Memorandum Opinion and Order filed February 3, 2004, the Court stated that the State Engineer's motion for summary judgment and supporting materials did not indicate whether Defendant's predecessor-in-interest (Frank Chavez) appealed to the district court. In its supplemental brief, the State described its search of the records of the Rio Arriba District Court, the records of the Santa Fe District Court, and the records of the Water Resource Allocation Program of the Office of the State Engineer. The results of that search leave no doubt that no appeal ever took place. To suggest that all records of an appeal may have been lost, and necessarily that such an appeal was

<␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊

successful and resulted in a revision or amendment of OSE License No. 2631, goes well beyond speculation the part of the Archuletas.

As indicated above, the State undertook a thorough search to find even a hint that Frank Chavez sought any form of relief from the district court in connection with his exclusion from License No. 2631.  The docket books for both the Rio Arriba and Santa Fe County Districts Courts between the years 1953 and 1960 are readily available on microfilm, and the State made a careful examination of the entries in those books.  The State determined that the docket books for this period contain no entry for any legal proceeding that involved Frank Chavez, the New Mexico State Engineer, State Engineer John Bliss or State Engineer Steven Reynolds.  *See* Letter of Camille M. Garcia, State's Exhibit 6; Affidavit of Vina Gallegos, State's Exhibit 7.  While the Archuletas assert that there may have been problems with the record keeping of the Rio Arriba County District Court prior to 1955, and assert that records of the district court may have been lost or misplaced, there is nothing to suggest that the district court's docket books are not accurate and complete.[1]

In addition to the docket books, other documentary evidence and testimony confirms the conclusion that there was no appeal.  First, the court file for *Jose G. Cordova v. Gerald Johnson*, Rio Arriba District Court No. 5055 (Cause No. 5055) contains no pleading or other documents filed by Frank Chavez in connection with his exclusion from License No. 2631.  Significantly, the district court in Cause No. 5055 provided for the appointment of a water master and retained jurisdiction of the parties for the purpose of modifying its judgment, and to meet such changed conditions and

---

[1] Under Section 77-601 (1953 Comp.), proper venue for an appeal would have been the district court in the county where Chavez' land was located, Rio Arriba.  The State made a search of the Santa Fe County District Court records to cover the possibility that an appeal was misfiled in that court.

2

circumstances that might arise materially affecting the rights of the parties. *See* Judgment, State's Exhibit 2 (D). Based on its retained jurisdiction, a dispute concerning the exclusion of Frank Chavez from the final license could have been filed in that same proceeding, or consolidated with that proceeding if filed separately. The district court file in Cause No. 5055 contained no record of an appeal. *See* Affidavit of Vina Gallegos, State's Exhibit 7.

Second, the records of the State Engineer contain no documents indicating that the State Engineer was a party to any judicial proceeding involving Frank Chavez between the years 1953 and 1960 other than Cause No. 5055. Further, the letters and other documents in OSE file No. 2631 and the State Engineer files listed as being related to OSE file No. 2631 contain no reference to an appeal or documents related to an appeal. *See* Affidavit of Ronald Palmer, State's Exhibit 8. Significantly, an appeal that could have affected the terms of the license issued in 1953 would have been contained in this file. However, the file contains no indication that Frank Chavez took any action in connection with his exclusion from the license, including any request that the State Engineer reopen the administrative proceedings or modify the terms of the license issued in 1953. *See* Affidavit of Paul Saavedra, ¶ 12, State's Exhibit 2.

In addition, the documentary record in this case is entirely consistent with the only testimony that has been offered describing the actions of Frank Chavez in the 1940s and 1950s. Reymundo Martinez testified that Frank Chavez left his land to work in Colorado and that during the late 1940s and 1950s there was no one living on the Chavez land or irrigating those lands. He testified that Frank Chavez did not attend or participate in the hearing on Application No. 2631. Affidavit of Reymondo David Martinez, ¶¶ 4, 9-12, State's Exhibit 3. Clyde Baker testified that Frank Chavez did not follow through in the permitting process, did not want to be included in the completion of that

3

process, and did not participate in obtaining License No. 2631. Affidavit of Clyde Baker, ¶ 3, State's Exhibit 4. These individuals were young men at the time the final license was issued and their families were both directly involved in the application process and the hearings on Application No. 2631. Their testimony is completely consistent with the absence of any records of an appeal by Frank Chavez in connection with his exclusion from License No. 2631.

The information cited above supports only one reasonable conclusion, that Frank Chavez failed to take an appeal to the district court after he was excluded from License No. 2631. In response to this information, the Archuletas assert that prior to 1955 the records the Rio Arriba District Court "have not been complete due to lost, misplaced or misfiled records." *See* Affidavit of Ralph Garcia, Response to State's Supplemental Brief. It is one thing to say that court records and files are in some cases incomplete. However, the fact that there is no record of an appeal at all, either in the docket books or the cases files of the court, is compelling evidence that no appeal took place. There is not a shred of positive evidence to the contrary.

In addition, Mr. Garcia is not qualified to state whether there are problems with the Rio Arriba County District Court records and that an appeal by Frank Chavez may not have been properly recorded. Only the record keeper of the court itself is qualified to attest to the accuracy of the district court records and draw such a conclusion. Significantly, Mr. Garcia has no experience working for the district court. *See* Affidavit of Ralph Garcia, Response to Supplemental Brief in Support of State of New Mexico's Motion for Summary Judgment. He states in his affidavit that he has worked in the offices of the Rio Arriba County Assessor, the County Treasurer and the County Clerk. *Id.* His experience with the records of the district court is based on performing title services. *Id.* There is no indication that he was ever charged with the responsibility of maintaining the records of the district

court or that he is familiar with the procedures by which those records are kept. While he may have used these records from time to time, he lacks the qualifications to attest to their accuracy as a general proposition to support a conclusion that all records of an appeal may have been lost and that such an appeal may actually have taken place. His testimony in this regard is unfounded and amounts to speculation.

There are other problems with Mr. Garcia's testimony as well. He states that "many water rights records were not routinely filed or recorded." *Id.* This statement makes no distinction between the records of the county clerk and those of the district court. While the statement may be true with respect to water rights documents such as a change of ownership required to be filed with the county clerk's office, this observation has no bearing on the records of lawsuits and appeals filed with the district court. In sum, the testimony of Mr. Garcia is both legally and factually insufficient to support a conclusion that Frank Chavez may have filed an appeal with the district court.

### IN THE ABSENCE OF A TIMELY APPEAL THE TERMS OF OSE LICENSE NO. 2631 ARE CONCLUSIVE AND ARE NOT NOW SUBJECT TO COLLATERAL ATTACK.

There is no credible evidence in this case that Frank Chavez made any appeal to the district court concerning the exclusion of the lands owned by him from OSE License No. 2631; therefore, the terms of that license are final and conclusive and can not be challenged or amended in these adjudication proceedings. The Archuletas in their response argue that there remains a genuine issue of fact for trial as to why the Chavez lands were not included in the report and final license issued by the State Engineer over 50 years ago.

The Archuletas argue that the Davalos report was silent about the Chavez lands, and that no conclusion can be reached as to why they were not included in the report. The State strenuously

disagrees. The State Engineer appointed a professional engineer to make a field inspection of the lands described in the approved permit "as required by Sections 151-139 151-143 of the 1929 codification of the laws of New Mexico." Authorization to Make Final Inspection Report, State's Exhibit 2 (G). The engineer was specifically required to describe the actual works completed, the amount of water actually applied to beneficial use, and the acreage irrigated locating that acreage by section, township and range. *Id.* ¶¶ 2, 3 & 6. The 13.0 Chavez tract was not listed in the final report setting forth the actual irrigated acreage. Report of Samuel P. Davalos, § 6, State's Exhibit 2 (H). *Id.* § 6a. Neither was the 13.0 acre tract included in the list of irrigated tracts in the Proof of Application of Water to Beneficial Use (PBU) submitted by the applicants through their attorney H. J. Guthman. *See* Proof of Application of Water to Beneficial Use, State's Exhibit 2 (H).

The law requires positive identification of irrigated lands by the engineer in the field inspection, by the applicant in the PBU, and by the State Engineer in issuing the final license. *See* NMSA 1978, § 72-5-13 ( State Engineer shall issue a license to appropriate water to the extent and under the conditions of actual application thereof to beneficial use). There was no requirement that anyone specifically list tracts of land where water was *not* put to beneficial use. If tracts listed in the original approved permit application were not listed in the engineer's report, or in the PBU submitted by the applicants, the only reasonable conclusion is that the applicants failed to meet the requirements for an appropriation of water under the terms of the permit with regard to those tracts. Moreover, the orders issued by the State Engineer are presumed to be in proper implementation of the provisions of the water laws administered by him. NMSA 1978, § 72-2-8 (H). Thus, there is a presumption that the tracts included in the license were those where water had been put to beneficial use during the permit development period; and where tracts were not included in the final license there is a

presumption that there was no evidence of beneficial use of water on those tracts.

The Court recognizes that it has long been New Mexico law that any person dissatisfied with a decision, act or refusal to act of the State Engineer may appeal to the district court, and if an appeal is not timely taken, the action of the State Engineer is conclusive. *Memorandum Opinion and Order* filed February 3, 2005 (Doc. No. 7757) at 3 (citing N.M.STATE. ANN. § 72-7-1 (1997); N.M.STATE. ANN. § 75-6-1 (1953); N.M.STATE. ANN. § 76-601 (1941)). In the absence of a timely appeal, the terms of License No. 2631 are not now subject to collateral attack. *See id.; see also Vandervossen v City of Española,* 2001 NMCA-016, § 18-19, 130, N.M. 287, 293, 24 P.3D 319, 323. A trial on the issue of why the Chavez lands were not included in the report and final license issued by the State Engineer over 50 years ago, or on the issue of whether or not Frank Chavez made beneficial use of water on the 13.0 acre tract (or more specifically, beneficial use of water during the development period allowed by Permit No. 2631), constitutes a collateral attack on License No. 2631.

**CONCLUSION**

For the reasons stated here, and in the State's Motion for Summary Judgment and Memorandum in Support thereof, the State requests that the Court find and conclude as a matter of law that Defendants have no irrigation water rights for the 13.0 acre tract described herein. The State further requests that the Court enter a Subfile Order adjudicating Defendants a No Right for irrigation purposes for both the 11.5 and 13.0 acre tracts under Subfile CHCB-003-0015B.

    Respectfully submitted,

    /s/ Ed Newville
    Edward G. Newville, Esq.
    P.O. Box 25102
    Santa Fe, NM 87504-5102
    (505) 827-6150

                        Stacey J. Goodwin, Esq.
                        300 Galisteo Street, Suite 205
                        Santa Fe, NM 87501

                        Special Assistant Attorneys General
                        Office of the State Engineer

## CERTIFICATE OF SERVICE

I hereby certify that copies of the above State of New Mexico's Reply to Archuletas' Response to Supplemental Brief in Support of State of New Mexico's Motion for Summary Judgment was mailed to the following persons on April __7__, 2005.

                                                    /s/ Ed Newville
                                          Edward G. Newville

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

Ernest L. Padilla, Esq.
Padilla Law Firm, P.A.
P.O. Box 2523
Santa Fe, NM 87504