IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

    v.                                        69cv07941 BB-ACE
                                                      Rio Chama Adjudication
RAMON ARAGON, *et al.*,                  Section 3:  Rio Cebolla
                                                        Subfile No. CHCB-003-0015B

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff State of New Mexico *ex rel.* State Engineer's ("State Engineer")Motion for Summary Judgment and Memorandum in Support (Doc. No. 7625, filed October 27, 2004). On February 3, 2005, the Court granted part of Plaintiff's Motion and ordered the Parties to file supplemental briefs. (Doc. No. 7757). The Court, having reviewed the supplemental submissions of the parties and the relevant law, shall, for the reasons set forth below, **GRANT** the State Engineer's Motion in its entirety.

The Court did not rule on that portion of the State Engineer's Motion that moved the Court to conclude that Defendants have no irrigation water rights for the 13.0 acre tract, Subfile No. CHCB-003-0015B, under License No. 2631. (Mem. Op. and Order, Doc. No. 7757, filed February 3, 2005, at 3). The State Engineer argued that License No. 2631, which did not grant Defendants' predecessor in interest the right to irrigate his 13.0 acre tract, is final and conclusive because Defendants' predecessor-in-interest did not file any statement with the State Engineer stating that he was aggrieved by the issuance of the license omitting him. (*See* Mot., Ex. 2, ¶ 12; *see also* N.M. STAT ANN. § 72-2-16 (no appeal shall be taken to district court until State Engineer has held

a hearing and entered a final decision; any person aggrieved by decision, act or refusal to act by the State Engineer is entitled to a hearing if a request for a hearing is made in writing)).  However, the statute requiring an aggrieved person to make a written request for a hearing was first enacted in 1965.  *See* N.M. STAT. ANN. § 75-6-1 (1953). The State Engineer issued License No. 2631 in 1953.  In 1953, any party dissatisfied with any decision, act or refusal to act of the State Engineer could appeal directly to the district court.  The State Engineer's Motion and supporting materials did not indicate whether Defendants' predecessor-in-interest appealed to the district court.  Because it could not assume that such an appeal was not taken, the Court ordered the parties to file supplemental briefs addressing the issue of whether Defendants' predecessor-in-interest appealed to the district court.

The State Engineer's Supplemental Brief states, and supports with affidavits, that a search of the docket records from 1953 to 1960 of the Rio Arriba County District Court and the Santa Fe County District Court, and a search of the records of the Office of the State Engineer from 1953 to 1960, did not find any records indicating that Defendants' predecessor-in-interest appealed to the district court. (Supp. Brief, Doc. No. 7772, filed February 24, 2005, at 1-2, Exs. 7-8).  Because the Court finds the State Engineer has carried its initial burden of demonstrating the absence of a genuine issue of material fact, Defendants must bring forward specific facts showing a genuine issue for trial as to whether their predecessor-in-interest appealed to the district court.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Defendants submit an affidavit of a person who claims to be familiar with the records of the Rio Arriba District Court.  The Affiant states that those "records prior to 1955 have not been complete due to lost, misplaced or misfiled documents." (Aff. of Ralph Garcia, ¶ 6, attached to

2

Resp.). Defendants have not presented any facts such that a reasonable jury could find in their favor. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). They merely suggest that their predecessor-in-interest may have appealed to the district court, and that any record of the appeal may have been lost. *See Den v. Baskerville*, 52 U.S. 329, 360 (1850) ("The burning of an office and of its records is no proof that a particular record had ever existed"); *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999) (a mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact). The Court concludes there is no genuine issue as to whether Defendants' predecessor-in-interest appealed to the district court and, therefore, shall grant the State Engineer's Motion in its entirety. The State Engineer shall prepare a subfile order adjudicating Defendants a No Right for irrigation purposes under Subfile CHCB-003-0015B.

    **IT IS SO ORDERED.**

                                                       **BRUCE D. BLACK**
                                                        **UNITED STATES DISTRICT JUDGE**