IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.,
State Engineer,

                Plaintiff,        No. 69cv07941-BB-ACE

    -vs-                   RIO CHAMA STREAM SYSTEM
                               Section 7
ROMAN ARAGON, et al.,         Subfile(s) CHRU 004-0044A

                Defendants.

RESPONSE TO MOTION (No. 7901) TO SET ASIDE DEFAULT JUDGMENT

Steven Padilla, Timothy Andrews and Dianna Andrews, Defendants herein, respond to the motion of Henry G. Coors to set aside the default judgment of October 11, 2004, as follows:

Response to Factual Allegations

1.  They are without information sufficient to admit or deny the allegations of paragraphs 1 and 2 of the motion and therefore deny the same.

2. They deny the portion of the allegations of paragraph 3 asserting that Movant "retained the water rights", and admit the remainder of paragraph 3. As a matter of law Movant did not retain the water rights asserted in this proceeding, as shown by the copies of his warranty deeds to Movants Padilla and Andrews attached as Exhibit "A".  His warranty deed to Mr. Luhcs cannot be located so as to be attached hereto, but will be provided as it is located.

3. They admit the allegations of paragraph 4.

4. They do not know what the term "corruptive use water

-1-

rights" means, but to the extent the Movant intended to refer to consumptive use water rights in paragraph 5 of his motion, they deny the allegations thereof.  As a matter of law, the water rights were not the Movants' property to transfer.

5. They deny the allegations of paragraph 6, and affirmatively allege that no such permit was ever granted by the State Engineer.  A true copy of Mr. Coors' application to the State Engineer, stamped "denied", together with the State Engineer's cover letter so informing Mr. Coors, is attached hereto as Exhibit "B".

6. They are without information sufficient to form a belief as to the truth of paragraph 7, and therefore deny the same.  The claims of the State Engineer as alleged in paragraph 7 are irrelevant to the resolution of the issues raised by the Movants' motion to set aside the default.

<u>Legal Grounds in Opposition</u>

7. LR-CV 7.1., provides that "Movant must determine whether a motion is opposed."  Movant failed to consult with the undersigned counsel to determine whether the motion is opposed (which it is.)

8. Movants have failed to advance a legal position or theory on which their motion is based or to provide any authority in support of the motion, contrary to LR-CV 7.5., which provides

-2-

that "(a) A motion, response or reply must cite authority in support of the legal positions advanced." I.e., there must be a legal position advanced and legal authority must be presented in support of it. Movant has done neither.

9. The affidavit attached to Movant's motion appears to be applicable to a subfile other than that in which the default judgment was entered against Movant. The default was entered in subfile CHRU-004-0044, the affidavit refers to CHRU-004-004. In any event the facts asserted in the affidavit are irrelevant to a motion under Rule 60.

10. The only grounds provided by F. R. Civ. P. to set aside a judgment are those set forth in Rule 60, none of which are alleged by the Movant.

11. Even if grounds provided in F. R. Civ. P. 60 had been alleged, there are no grounds present upon which the Court might act: there was no mistake, inadvertence, surprise or excusable neglect (F. R . Civ. P. 60(b)(1)); if there was neglect on the part of Movant it was inexcusable (see the discussion in paragraph 12 below, respecting the notice given to Movant of the proceedings which he now attacks); there was no trial and so newly discovered evidence could not be introduced at a new trial under F. R. Civ. P. 60(b)(2); no "newly" discovered evidence is claimed by Movant, the latest fact asserted in Movant's affidavit having occurred on June 10, 2002, more than two years before the

-3-

scheduling conference for which Movant failed to appear; there is
no fraud, misrepresentation or other misconduct of any adverse
party asserted in the affidavit.  The catch-all provision of F.
R. Civ. P. 60(B)(6) does not help Movant, but indeed bars him
from relief: in his affidavit he concedes that he retains no
meaningful amount of water rights.  If the latter is accepted as
accurate, then not only is the motion misplaced, but Mr. Coors
has no standing to seek the relief set forth.

    12. In paragraph 13 of his affidavit, Mr. Coors states:

    Henry G. Coors was not aware that anyone claimed an interest
    in the water rights, which were part of the water rights,
    which he acquired in 1988, and no one in this or any
    proceeding before the State Engineer gave Henry G. Coors
    notice of their adverse interest or claim in these water
    rights.

The record of this Court is to the contrary: On August 31, 2004,
Counsel for Respondents Andrews and Padilla mailed to Mr. Coors a
copy of the Joint Request for Scheduling Conference, (No. 7574)
in which conflicting claims of ownership were alleged to exist
and in which it was asserted that Mr. and Mrs. Coors should be
required to attend; the Court's Special Master thereafter granted
the request (No. 7587) and sent copies of the Amended Order for
the scheduling conference to, among others, Mr. Coors, which
stated that Mr. Coors was required to attend (see the Special
Master's Certificate of Service, No. 7595)  and thereafter
conducted the scheduling conference On October 13, 2004; Mr.

-4-

Coors failed to appear for the scheduling conference and as a
result the Special Master recommended to the Court the order
pursuant to which Mr. Coors was defaulted, as shown in the
certificate of service of the motion for default judgment (No.
7614); counsel for Plaintiff mailed the motion for default
judgment to Mr. Coors at the address given in his waiver of
service on file herein (163 Rainbow Dr. #6313, Livingston, Texas
77399-1063); Mr. Coors failed to respond, object, or otherwise
take any position with respect to the motion.

12.  As a matter of law, Mr. and Mrs. Coors cannot prevail
on the merits of their claims even if the default were set aside.
Under the decision of the New Mexico Court of Appeals in <u>Turner
v. Bassett</u>, 2003-NMCA-136, ___ N.M. ___, ___p.3d ___ (2003), the
water rights failed to vest in the transferee, Rutheron Water
Association, because the State Engineer failed to grant a permit,
much less a license, to that effect, and the water rights
remained appurtenant to the lands of these respondents and Mr.
Luhcs (Mr. Luhcs' water rights having now been purchased by
Respondents Andrews.) Furthermore Mr. Coors asserts in his
affidavit in support of his motion:

> 14. Henry G. Coors and Judith A. Coors do not claim to
> be the present owners of any water rights sufficient to
> irrigate 35.3 acres except for water right (sic) sufficient
> to irrigate 0.49 acres, which they are willing to convey to
> the owners of Lots D, F and G.

thereby indicating that Mr. and Mrs. Coors have no (or a minimal)

water right.  Since, under <u>Bassett</u>, <u>supra</u>, no water rights became vested in the Rutheron association, the water rights remain appurtenant to the lands of the Respondents, and on its merits, the Coors claim would, if ever heard, almost surely fail.

13. Irrespective of whether the court sets aside the default, the Court should grant sanctions against Movants under F. R. Civ. P. 16(f) because (a) no appearance was made on their behalf at the scheduling conference; (b) they have caused the Respondents to incur substantial reasonable attorney fees and expenses by reason of Movants' noncompliance with F. R. Civ. P. 16; and all attorney fees and expense incurred by Respondents in responding to the motion to set aside the default could have easily and reasonably been avoided by the simple expedient of complying with the Special Master's order for scheduling conference.

WHEREFORE, Defendants Padilla and Andrews respectfully request that Mr. Coors' motion to set aside the default be denied and that they have sanctions against Mr. and Mrs. Coors under F. R. Civ. P. 16(f) and such other and further relief to which they are entitled.

PETER B. SHOENFELD, P.A.
P.O. Box 2421
Santa Fe, New Mexico 87504-2421
(505) 982-3566; FAX: (505) 982-5520

By:<u>S/Peter B. Shoenfeld (e-filed)</u>
   Attorney for Defendants Andrews,
   and Padilla

-6-

<u>Certificate of Service</u>

     I certify that on June 3, 2005, I served a copy of the foregoing to the following by mail where no other means of service is shown; by the means shown if otherwise:

Special Master Vickie L. Gabin
USDC-DCNM
P. O. Box 2384
Santa Fe, NM 87504-2384

Karla McCall
Data Manager
1315 Sagebrush Drive, S.W.
Los Lunas, NM 87031

Bradley S. Bridgewater
David W. Gehlert
USDOJ-ENRD
999 18th Street, Suite 945
Denver, CO 80202

John W. Utton
Sheehan, Sheehan & Stelzner, PA
P. O. Box 271
Albuquerque, NM 87103-0271

Paula Garcia
NM Acequia Association
607 Cerrillos Road, Suite F
Santa Fe, NM 87505

Benjamin Phillips
John F. McCarthy
Rebecca Dempsey
White, Koch, Kelly & McCarthy, PA
P. O. Box 787
Santa Fe, NM 87504-0787

Lester K. Taylor
Susan G. Jordan
Nordhaus, Haltom, Taylor,
Taradash & Bladh, LLP
405 Dr. Martin Luther King Avenue, N.E.
Albuquerque, NM 87102-3541

Tessa T. Davidson
The Davidson Law Firm
P. O. Box 2240
Corrales, NM 87048

Marcus J. Rael, Jr.
500 4th Street, N.W., Suite 200
Albuquerque, NM 87102

Pierre Levy
Law Offices of Daniel J. O'Friel, Ltd.

P. O. Box 2084
Santa Fe, NM 87504-2084

John P. Hays
Cassutt, Hays & Friedman, PA
530-B Harkle Road
Santa Fe, NM 87505

Daniel Cleavinger
P. O. Box 2470
Farmington, NM 87499

Ted J. Trujillo
P. O. Box 2185
Espanola, NM 87532-2185

Karen L. Townsend
120 East Chaco
Aztec, NM 87410

NM Acequia Commission
Fred Vigil, Chairman
Dept. of Finance & Administration
Local Government Division
Bataan Memorial Building
Santa Fe, NM 87503

Martin E. Threet
Martin E. Threet and Associates
6605 Uptown Blvd., N.E., Suite 280
Albuquerque, NM 87110

Kurt J. Van Deren
P. O. Box 94750
Albuquerque, NM 87199-4750

Gary S. Friedman
Cassutt, Hays & Friedman, PA
530-B Harkle Road
Santa Fe, NM 87505

Ernest L. Padilla
Padilla Law Firm, PA
P. O. Box 2523
Santa Fe, NM 87504-2523

Jeffrey H. Albright
Cynthia A. Loehr
Jontz, Dawe Gulley & Crown, PC
201 Third Street, N.W., Suite 1950

-7-

Albuquerque, NM 87103-1027

Walter L. Reardon, Jr.
3733 Eubank Blvd., N.E.
Albuquerque, NM 87111-3536


S/Peter B. Shoenfeld (e-filed)