IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 JUL 19 AM 8: 24

CLERK-ALBUQUERQUE

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.*,

    Plaintiffs,

v.

RAMON ARAGON, *et al.*,

    Defendants.

69cv07941 BB-ACE
Rio Chama Adjudication

### NOTICE OF DISCLOSURE

**PLEASE BE ADVISED** that Tim Vollmann, counsel for San Juan Pueblo, (Doc. No. 7927, filed July 5, 2005), has advised the Court, pursuant to 25 U.S.C. § 450i(j), of his prior involvement in this matter during his former employment with the U.S. Department of the Interior. (*See* Exhibit 1).

*[signature]*
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**

7958

# TIM VOLLMANN, Attorney at Law

3301-R Coors Road, N.W. # 302
Albuquerque, NM 87120

Phone (505) 792-9168
Fax (505) 792-9251
Email: Tim_Vollmann@hotmail.com

July 5, 2005

Honorable Martha Vázquez
Chief United States District Judge
U.S. District Court
P.O. Box 2710
Santa Fe, New Mexico 87504

**RECEIVED**
in Santa Fe
JUL 1 2 2005
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Re: Statutory Notice: Representation of the Pueblo of San Juan
    in New Mexico v. Aragon, Civil No. 69-7941-BB-ACE

Dear Chief Judge Vázquez:

This constitutes notice to the U.S. District Court pursuant to Section 104(j) of the Indian Self-Determination Act, as amended, 25 U.S.C. § 450i(j), that I am a former employee of the U.S. Department of the Interior; that I now represent the Pueblo of San Juan, a federally-recognized Indian tribe, as Special Counsel for water rights matters; and that I am entering my appearance today on the Pueblo's behalf in the Pueblo Claims Proceedings in New Mexico v. Aragon, the water right adjudication of the Rio Chama Stream System. Section 104(j) exempts former federal employees from the post-employment restrictions of 18 U.S.C. § 207, when those former employees represent Indian tribes. Invocation of this statutory exemption requires the provision of notice in writing to the "head of the ... court" before which the former employee will be appearing on behalf of the tribe, advising the court "of any personal or substantial involvement [the former employee] may have had as an officer or employee of the United States in connection with the matter involved."

Between 1992 and 1998, when I was the Interior Department's Southwest Regional Solicitor, I participated in another proceeding in the Aragon case, on the Department's behalf, although I did not enter an appearance in the case. As head of the Department's Jicarilla Apache Settlement Implementation Team, I assisted in the process of obtaining a partial final decree of the water rights of the Jicarilla Apache Tribe in the Rio Chama stream system, which was the subject of an *inter se* proceeding in Aragon. That decree was entered in April 1998. I have had no personal or substantial involvement in the Aragon case since the entry of that partial final decree seven years ago. I retired from federal service on January 27, 2001.

1

I have sent similar notices to the Secretary of the Interior and the Attorney General of the United States. The Assistant Attorney General has consented in writing on behalf of the United States to my participation in the Aragon case on behalf of the Pueblo of San Juan. Thus, I am in compliance with Rule 16-111(A) of the New Mexico Rules of Professional Conduct.

Please note that this letter should not be read as constituting an admission that the *inter se* proceeding in Aragon on the water rights of the Jicarilla Apache Tribe constitutes a "particular matter" within the meaning of 18 U.S.C. § 207, or that the Pueblo Claims proceedings should be treated as the same particular matter as the aforementioned *inter se* proceeding, or that my involvement in the *inter se* proceeding was "personal and substantial", or that it "involved a specific party", or that the Pueblo of San Juan was or is a "specific party" within the meaning of 18 U.S.C. § 207. Nor should this letter otherwise be read to constitute an admission that my current representation of the Pueblo of San Juan (with the written consent of the United States) violates the restrictions in 18 U.S.C. § 207 in any way, but for the exemption in 25 U.S.C. § 450i(j).

If you have any questions, please do not hesitate to contact me. Thank you very much.

Sincerely,

Tim Vollmann

cc: Judge Bruce D. Black
    Special Master Vickie L. Gabin
    Lee Bergen, General Counsel for Pueblo of San Juan
    Bradley S. Bridgewater, U.S. Department of Justice
    All Counsel of Record in Pueblo Claims Proceedings, New Mexico v. Aragon