IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.,
State Engineer,

        Plaintiff,        No. 69cv07941-BB-ACE
-vs-                              RIO CHAMA STREAM SYSTEM
                                        Section 7
ROMAN ARAGON, et al.,

        Defendants.

PADILLA AND ANDREWS' RESPONSE TO MOTION
TO ALLOW CONSIDERATION OF LATE FILED RESPONSES (Doc. 7950)

    For their response to Henry Coors' motion to allow consideration of late filed response Dianna and Timothy Andrews and Steve Padilla would show the Court the following:

Background

    This stream adjudication seeks to adjudicate the waters of the Rio Chama.  Mr. Coors previously owned land and water rights in the Rutheron area.  He subdivided the land and sold off parcels to various purchasers in the subdivision known as Fort Heron Preserve.

    Mr. and Mrs. Andrews are the purchasers of one lot in the Fort Heron Preserve Subdivision, and Mr. Padilla another.  The Court set a deadline in 2004 for claims to be made respecting the water rights.  Padilla and Andrews, not having been joined by name, appeared and asserted their claim of water rights in response to the deadline.

    There having been no effective severance or reservation of

the water rights in Mr. Coors when he sold to Padilla and Andrews, they are, they pleaded before this Court in 2004, the owners of the water rights appurtenant to their land, and therefore the proper parties to prosecute and defend whatever proceedings might be necessary.  Copies of their claims to the water rights were sent to Mr. Coors at his address on file herein.

The Special Master noted the conflicting claims respecting the water rights, and gave notice of a scheduling conference in September, 2004.  She stated in her order:

> . . . the defendants whose water rights claims are at issue for this proceeding are:
>
>> Steve A. Padilla
>> Kenneth E. Luhcs
>> Dianna Andrews and Timothy Andrews
>> Norm Vogt and Norm Vogt, Inc.
>> Henry Coors (pro se)
>> Hope Miner (pro se)
>> Alfred O. Peralta (pro se)
>
> Being fully advised in the premises, I find the Request is well-taken and should be GRANTED. According[ly], a scheduling conference will be held Monday, September 20, 2004, at 9:00 a.m. in the Jury Assembly Room of the United States District Court, South Federal Place, Santa Fe, NM. This scheduling conference involves only the water rights claims of the individuals listed above. **The failure of a water rights claimant listed above to appear either in person or by counsel may result in the dismissal of the claim or any other relief appropriate under the circumstances.** Counsel for the parties shall be prepared with a proposed scheduling order which includes relevant F. R. Civ. P. 16 provisions. (Bold in original) (Docs. 7583, 7587)

The Special Master sent notice to Mr. Coors at the address

he had provided in his acceptance of service in this matter.  In his various affidavits on file herein, Mr. Coors confirms that the address given was correct.

Mr. Coors failed to appear at the status conference, and Ms. Gabin instructed counsel for the State Engineer to seek the default of Mr. Coors, which he did, serving the motion for default on October 12, 2004. Default is one of the remedies available under F.R.Civ.P. 16(f) (by reference to F.R.Civ.P. 37(b)(2)(C)). The adjudication of the water rights in Padilla and Andrews ensued.

## Coors' Motion to Set Aside the Default

Mr. Coors some 7 months later, through counsel, Mr. Reardon, on May 20, 2005, filed a motion to set aside the default, Doc. No. 7901, claiming as grounds that "said judgment appears to adjudicate water rights which Petitioner had previously conveyed to the Rutheron Water Association." He made no assertion of excusable (or any other) neglect for not having attended the status conference and for not having responded to the motion for default judgment.

Nowhere does Mr. Coors claim in his motion to set aside the default that he did not receive notice of any of the proceedings. He does so in his supporting affidavit. He claims to have been "motorhoming" through the U.S. and Canada.  In another affidavit, however, he swears that he received all his mail for the

preceding three months on October 18, 2000 (sic, presumably 2004) leaving him eleven days after the State's October 12, 2004, motion for default against him, at least to seek an extension of time.  <u>See</u> Exhibit attached to Document No. 7932, Mr. Coors' response to the motion for Rule 11 Sanctions.  The Court entered default judgment against Mr. Coors on October 28, 2004 (Doc. 7626) ten days after Mr. Coors received his mail on October 18. That mail, according to Mr. Coors' affidavit, contained the entire set of pleadings, motions, etc., pursuant to which all time limits were established up to that time.  Yet he did nothing until some seven months later, when he filed the motion to set aside the default.

Padilla and Andrews responded to the motion to set aside the default, asserting various defenses to the Coors motion, and asserting that because Mr. Coors had not appeared at the status conference, and because his failure to do so, and his subsequent attempt to set the default aside, had resulted in substantial expense to Padilla and Andrews, they should be granted sanctions pursuant to Rule 16, for Coors' failure to attend the status conference.

In their opposition to the motion to set aside the default Padilla/Andrews alleged that (a) the assertion by Mr. Coors in his affidavit of having received no notice of the adverse claims was false; and (b) his assertion that he had secured a permit

-4-

from the State Engineer which changed the place and purpose of use of the water rights (thereby demonstrating his ownership of the water rights) was also false, since the permit had been, to Mr. Coors' knowledge, denied rather than granted. Nowhere in the Coors motion to set aside the default does he assert that he received no notice of the Padilla/Andrews claim, the status conference, or the motion for default judgment.

Some seven months after the default was entered, Mr. Coors, through his attorney Mr. Reardon, filed his motion to set it aside.  On June 1, 2005, Ms. Gabin gave notice of a status conference on June 14, 2005, and ordered that Mr. Reardon enter an appearance for Mr. Coors:

> 9. A jointly proposed order, or other appropriate pleading(s) regarding the May 20, 2005, Motion to Set Aside Default Judgment (Docket No. 7901), which shall be submitted by Mr. Edward Newville, counsel for the State of New Mexico, ex rel. State Engineer and Mr. Walter L. Reardon, Jr., counsel for defendant Mr. Henry Coors. Mr. Reardon shall enter an appearance pursuant to D.N.M.LR-Civ. 83.4.(Document No. 7908.)

Neither Mr. Reardon nor Mr. Coors appeared at the status conference.  The Plaintiff pointed out that the time for Coors' reply to the Padilla/Andrews response to the motion to set aside the default had passed.  Ms. Gabin enlarged the time for reply (no Court Reporter was present, but to the best of counsel's recollection, she gave an additional 5 days for the filing of a reply) pursuant to which the State replied to the Padilla/Andrews response (Doc. 7912, filed June 17, 2005) essentially agreeing

-5-

with the facts and claims of Padilla/Andrews for Rule 16 sanctions.  The State took no position respecting the setting aside of the default.

Mr. Coors' motion to set aside the default and the Padilla/Andrews Response is pending.  No reply having been filed, Padilla and Andrews on July 8, 2005, certified to the court that briefing was complete, both on the motion to set aside the default and the motion for Rule 11 Sanctions, thereby suggesting that the matter was ready for either hearing or decision by the Court. (Docs. Nos. 7929, 7930.)  Mr. Coors thereafter, on July 11, 2005, filed the reply and response, without benefit of agreement,  motion, or an order allowing the late filing, and subsequently filed the current motion to have the Court consider the reply and response, notwithstanding their late filing without leave of the Court or agreement of counsel.  For the first time in his late reply with respect to the default, Mr. Coors asserts excusable neglect.

### Coors Response to Motion for Rule 11 Sanctions

By reason of several untruthful statements in his motion to set aside the default, Padilla and Andrews on June 14, 2005, served an additional motion for sanctions against Mr. Coors under Rule 11 (Doc. No. 7928).  The time for response to that motion, including the three extra days for service by mail, expired July 1, 2005.  The time for Mr. Coors and his counsel to withdraw the

factual allegations asserted by Padilla/Andrews to be false expired 21 days after service, or July 5, 2005, without any withdrawal.  Padilla/Andrews on July 8, 2005, following the 21-day delay required in F.R.Civ.P 11(c)(1)(A), filed their motion for Rule 11 sanctions (Doc. No. 7928) and certified that the Rule 11 motion documentation was complete (Doc. No. 7929).  In a confusing set of filings and services, on July 10 and 11, 2005, Mr. Coors, without benefit of an order allowing the out-of-time filing, filed a response to the Rule 11 motion.  Before Andrews/Padilla had an opportunity to move the strike that response, or otherwise reply to it, on July 15, 2005, Mr. Reardon filed the current motion "to allow consideration" of either his late-filed response or his late-filed reply, or both.

## Legal Issues

In the present motion, Mr. Coors asks the Court to consider his two pleadings[1] notwithstanding their late filing.  Is this relief available to Mr. Coors, either as a matter of law or as a matter of the facts of this case?

## Resolution

<u>As a matter of law the pleadings should not be considered.</u>

No.  Mr. Coors did not timely seek an extension of time in which to file the two documents. Irrespective of the

---

[1] His Response to Motion for Sanctions (Doc.7932) and his Reply to the Motion to Set Aside Default Judgment (Doc. 7933).

-7-


unavailability of supporting documents, he had counsel, and he had knowledge of the deadlines for the filings.  Even if the documents were unavailable as he claims, a response and a reply could have been timely filed with an indication that an affidavit would follow.

Even if considered by the Court there is nothing in the late-filed documents which should or could convince the Court to set aside the default or to deny Rule 11 sanctions.

An extension of time to file both documents was called for.  The proper means to arrange for a late filing is set forth in LR-CV 7.6.(a) Timing of and Restrictions on Responses and Replies:

> (a) Timing. A response must be served within fourteen (14) calendar days after service of the motion. A reply must be served within fourteen (14) calendar days after service of the response. These time periods are computed in accordance with Fed. R. Civ. P. 6(a) and (e) and may be extended by agreement of all parties. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day period. . . .

The means available to extend the times for responding to the Rule 11 motion and replying to the response to his motion to set aside the default are to seek leave to file.  Asking the Court to consider those pleadings notwithstanding that they were filed in violation of LR-CV 7.6.(a), <u>supra</u>, is tantamount to saying that the rule has no meaning, that the word "must" has no effect.

<u>As a Matter of Fact Mr. Coors is Entitle to No Relief.</u>

As grounds for his motion requesting the court to consider his untimely filings, Mr. Coors asserts his inability to locate boxed documents necessary, he says, to reply to the response to the motion to set aside the default judgment. He overlooks the fact that the motion to set aside the default was filed without a word about missing documents, by his counsel. The response was timely served on his counsel, Mr. Reardon, and no effort of any nature was made to secure an extension during the time permitted by LR-CV 7.6. Only now does Mr. Coors say he had insufficient time to find the documents which support his position respecting the default. He also says, as best Padilla/Andrews can tell, that he had insufficient time to find the documents which would support his motion that the Court consider his late filed pleadings. Even now, after he has had the opportunity to find those documents, Mr. Coors neither refers to nor relies on any of those documents, the search for which allegedly caused his late filings.

In his initial motion to set aside the default, Coors states that if he had received proper notice, he would have defended against the Padilla/Andrews claim by proving that "said judgment appears to adjudicate water rights which Petitioner had previously conveyed to the Rutheron Water Association" and that

> "6. After a hearing from before the State Engineer, Petitioner was allowed to transfer 10 acre feet to the Rutheron Water Association and Petitioner executed and recorded a deed for said 10 acre feet of water rights to the

    Rutheron Water Association."

    In their response Padilla and Andrews state that the quoted allegation was false.

    In his late-filed reply, Mr. Coors disingenuously states that:

> 3. The relief sought by Mr. Coors is to set aside the default judgment so that he may proceed with the application for transfer of water rights before the State Engineer.

What documents could he have been looking for?  And what did his search yield which enabled him to prepare and file the late reply?  The State Engineer's denial of Coors' application, the Engineer's cover letter to Mr. Coors informing him his application had been denied, and Mr. Coors aggrieval letter to the State Engineer were all part of the record before he attempted to respond to the Rule 11 motion and before his out-of-time reply to the response to the motion to set aside the default.  Copies had been served on him as attachments to the Padilla/Andrews response and as attachments to the Motion for Rule 11 Sanctions.  Even in his late attempt to respond to the motion for Rule 11 sanctions, and his reply to the response to set aside the default Mr. Coors does not attempt to rebut the Padilla/Andrews position that the permit had been denied and that he had knowledge of the denial.

    So, why did Mr. Coors have to take time beyond that allowed by the rule to gather up his documents in response to the Rule 11

motion? In reply to the Rule 16 motion?  All he now presents to the Court is his travel itinerary and his self-serving statement that he failed to receive notice.

In fact, his own affidavit debunks the statement in his motions that he had not received notice.  He received his mail on October 18, 2004, at which date he still had some eleven days to respond to the State's motion for default. Yet he did nothing, flaunting the rules, the Special Master, and opposing counsel, until it became obvious that there was something actually at risk for him, and that he might not succeed in making his false allegations to the Court.

Even if Mr. Coors' "motorhoming-unavailability" argument, has some attraction to the Court in connection with the motion to set aside the default, it has no bearing whatever on his motion to allow consideration of the late-filed pleadings.   By the time the response and the reply became due Mr. Coors was represented by counsel on whom service had been made.  The present motion to consider the late-filed documents presents no defense or excuse for having failed to timely file the pleadings Mr. Coors now wants the Court to consider.  The "exhibit" (to Doc. 7950) filed with the Clerk is not an exhibit and contains no factual assertions, being merely a verification page to a non-existent affidavit. If any affidavit, or "handwritten affidavit" as it is referred to in the body of the motion to allow

consideration of the late filed response to the Rule 11 motion actually exists, it has not been shared with the Court and counsel. Padilla/Andrews submit that the motion to allow consideration is nothing more than at attempt to blow smoke into the eyes of everyone else concerned with the issues.

It is not clear that Mr. Coors' motion (Doc. 7950) to allow consideration of his late filed documents applies to both of the late filed documents or only to his reply to the response to the motion to set aside the default:

> Henry Coors moves the Court to enter an order allowing his Response to Motion for Sanctions and Reply to the Response to Motion to Set Aside Default Judgment be considered by the Court in its submission of the Motion to Set Aside Default Judgment (7901).

As well as Padilla/Andrews understand the motion, Mr. Coors wants the court to consider both his reply and response in connection with the Motion to Set Aside Default Judgment only, but not in connection with the Motion for Rule 11 Sanctions.  It is not the Padilla/Andrews defendants' job to make comprehensible the opposition's pleading.  Hence they go no further.

> <u>Mr. Coors states no grounds for the relief sought in the motion to allow consideration of the late filed documents, the reply to the response to the motion to set aside, nor in the motion for leave to respond to the Rule 11 motion.</u>

The proper grounds for an extension of time, timely sought, could presumably be almost anything presented in good faith.  It

would be unheard of in this counsel's practice that he or opposing counsel would oppose a request for extension of time based on any reasonable request: sickness, a conflicting setting, an overdue vacation, or overwork of counsel. All that is required is a telephone call to opposing counsel for his or her agreement, which is all that is required under LR-CV 7.6.

## Conclusion

The proper grounds for setting aside a default are set forth in the response of Padilla/Andrews to the motion to set aside. Mr. Coors having failed to point out anything in his late-filed reply respecting the law or the facts which might be relevant to the underlying issues before the Court, there is no reason to allow the out-of-time filing of the reply.

In addition, inasmuch as Mr. Coors does not attempt, even in his out-of-time response, to respond to the Rule 11 allegation that he falsely asserted that he had a permit from the State Engineer, the Court should not waste its time in determining whether to consider his response. The result will be the same whether the Court does not consider the response, or the Court does consider the response which does not address the false statements he previously made.

WHEREFORE, Andrews/Padilla request that the court deny the Coors motion to consider the late-filed documents, strike the same and grant them such other and further relief to which they

are entitled.

         PETER B. SHOENFELD, P.A.
         P.O. Box 2421
         Santa Fe, New Mexico 87504-2421
         (505) 982-3566; FAX: (505) 982-5520

         By: <u>S/Peter B. Shoenfeld (e-filed)</u>
          Attorney for Padilla and Andrews

<u>CERTIFICATE OF SERVICE</u>

I certify that on July 25, 2005, I served copies of the foregoing on the following by mail:

| | | |
|---|---|---|
| Edward G. Newville<br>Lisa D. Brown<br>P.O. Box 25102<br>Santa Fe, NM 87504-5102 | John W. Utton<br>P.O. Box 271<br>Albuquerque, NM 87103-0271 | Friedman<br>530-B Harkle Road<br>Santa Fe, NM 87505 |
| Karla McCall<br>1315 Sagebrush Dr., SW<br>Los Lunas, NM 87031 | C. Mott Woolley<br>112 W San Francisco St.<br>Suite 312C<br>Santa Fe, NM 87501-2090 | Annie Laurie Coogan<br>1520 Paseo de Peralta #E<br>Santa Fe, NM 87501-3722 |
| Fred Vigil<br>P.O. Box 687<br>Mendanales, NM 87548-0687 | Frank M. Bond<br>P.O. Box 5333<br>Santa Fe, NM 87502-5333 | John E. Farrow<br>P.O. Box 35400<br>Albuquerque, NM 87176 |
| Fred J. Waltz<br>Box 6390<br>Taos, NM 87571 | Benjamin Phillips, John F. McCarthy, Jr., Rebecca Dempsey<br>P.O. Box 787<br>Santa Fe, NM 87504-0787 | Randolf B. Felker<br>911 Old Pecos Trail<br>Santa Fe, NM 87501 |
| Joseph V. R. Clarke<br>P.O. Box 4160<br>Santa Fe, NM 87502-4160 | Mary E. Humphrey<br>P.O. Box 1574<br>El Prado, NM 87529-1574 | Randy E. Lovato<br>8100 Rancho Sueno Ct., NW<br>Albuquerque, NM 87120 |
| Vicki Gabin, Special Master<br>U.S. District Court<br>P.O. Box 2384<br>Santa Fe, NM 87504-2384 | Christopher D. Coppin<br>NM Attorney General's Office<br>P.O. Drawer 1508<br>Santa Fe, NM 87504-1508 | Lucas O. Trujillo<br>P.O. Box 57<br>El Rito, NM 87530<br><br>Paula Garcia<br>NM Acequia Association<br>430 W. Manhattan, Ste. 5<br>Santa Fe, NM 87501 |
| Jeffrey L. Fornaciari<br>P.O. Box 2068<br>Santa Fe, NM 87504-2068 | Bradley S. Bridgewater<br>David W. Gehlert<br>USDOJ-ENRD<br>999 18th Street, Suite 945<br>Denver, CO 80202 | Tessa T. Davidson<br>4830 Juan Tabo, NE, Ste. F<br>Albuquerque, NM 87111 |
| Steven Bunch, NMSHTD<br>P.O. Box 1149<br>Santa Fe, NM 87504-1149 | | Marcus J. Rael, Jr.<br>French & Associates, PC<br>500 Marquette Ave., NW<br>Albuquerque, NM 87120 |
| Mary Ann Joca<br>U.S.D.A. Forest Service<br>P.O. Box 586<br>Albuquerque, NM 87103-0586 | Daniel Cleavinger<br>P.O. Box 339<br>Tierra Amarilla, NM 87575<br><br>John P. Hays, Gary | Ted J. Trujillo<br>P.O. Box 2185 |

Española, NM 87532

Pierre Levy
P.O. Box 2084
Santa Fe, NM 87504-2084

Charles T. DuMars
LRPA
201 Third Street, NW, #1370
Albuquerque, NM 87102

NM Acequia Commission
c/o Jessie Bopp
D.F.A., Local Government Div.
Bataan Memorial Building
Santa Fe, NM 87503

Lee Bergen
4110 Wolcott Avenue NE, Suite A
Albuquerque, NM 87109

Tim Vollmann
3301-R Coors Rd. N.W. #302
Albuquerque, NM 87120

Kurt J. Van Deren
P.O. Box 94750
Albuquerque, NM 87199-4750

James C. Brockmann, Esq.
Jay F. Stein, Esq.
P.O. Box 5250
Santa Fe, NM 87502-5250

Jeffrey H. Albright,
Cynthia A. Loehr
201 Third Street, N.W., Suite 1950
Albuquerque, NM 87103-1027

Ernest L. Padilla
Padilla Law Firm, PA
P. O. Box 2523
Santa Fe, NM 87504-2523

Lester K. Taylor, Susan G. Jordan
Nordhaus, Haltom, Taylor, Taradash & Bladh, LLP
405 Dr. Martin Luther King Avenue, N.E.
Albuquerque, NM 87102-3541

S/Peter B. Shoenfeld (e-filed)
Attorney for Defendants Andrews and Padilla

-15-