# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

       Plaintiffs,

    v.                                                            69cv07941 BB-ACE
                                                                Rio Chama Adjudication

RAMON ARAGON, *et al.*,

       Defendants.


## MEMORANDUM OPINION AND ORDER


**THIS MATTER** comes before the Court on Henry G. Coors' Motion to Set Aside Default

Judgment (Doc. No. 7901, filed May 20, 2005).  The Court has reviewed the submissions of the

parties and the relevant law.  For the reasons set forth below, the Court shall  submit this matter to

the Special Master with instructions.

On August 31, 2004, Plaintiff State of New Mexico and certain Defendants jointly requested

a scheduling conference before the Special Master regarding issues related to water rights claimed

by more than one claimant.  (Doc. No. 7574).  The Special Master granted the Joint Motion stating

"[t]he failure of water rights claimants associated with this action to appear either in person or by

counsel may result in the dismissal of their claims."  (Doc. No. 7583, filed September 7, 2004).  The

Special Master amended her order to specifically identify the Defendants whose water rights claims

were at issue for the scheduling conference.  (Doc. No. 7587, filed September 13, 2004).  Her order

identified Henry Coors as one of those Defendants whose water rights claims were at issue.  (*Id.*).

On October 11, 2004, Plaintiff State of New Mexico filed a motion for default judgment against Henry Coors on the grounds that Mr. Coors failed to attend the scheduling conference on September 20, 2004.  (Doc. No. 7611).  After Mr. Coors failed to timely file and serve a response in opposition to the State's motion for default judgment, the Court granted Plaintiff's motion for default judgment against Mr. Coors.  (Doc. No. 7626, filed October 28, 2004).

Mr. Coors filed a motion to set aside the default judgment "so that the transfer of [his] water rights to the Rutheron Water Association can be adjudicated."  (Doc. No. 7901, filed May 20, 2005).  On October 22, 1999, Mr. Coors filed an application to change the point of diversion of his water rights to Rutheron Water Association diversion system and to change the place and purpose of use from irrigation to domestic.  (Resp., Ex. B, Doc. No. 7909, June 3, 2005).  On August 20, 2002, Mr. Coors and his wife executed a water rights deed conveying water rights to Rutheron Water Association.  (Mot., Ex. 13, Doc. No. 7901, filed May 20, 2005).  The State Engineer had neither approved nor denied Mr. Coors' transfer application  at the time the default judgment was entered. (Reply to Response, Doc. No. 7912, filed June 17, 2005).  The State Engineer eventually denied the transfer application on January 25, 2005, stating "[p]ursuant to an Order Granting Motion for Default Judgment . . . by the United States District Court . . . Henry Coors has no interest in the irrigation water rights [for which he seeks to change the point of diversion and place and purpose of use]" (*Id*.).

The Special Master attempted to resolve this matter at the June 14, 2005, status conference. On June 1, 2005, she amended her order setting the status conference to include the following item to be discussed at the status conference:

> 9.  A jointly proposed order, or other appropriate pleading(s) regarding the May 20, 2005, Motion to Set Aside Default Judgment (Docket No. 7901), which shall

2

be submitted by Mr. Edward Newville, counsel for the State of New Mexico, ex rel. State Engineer and Mr. Walter L. Reardon, Jr., counsel for defendant Mr. Henry Coors.  Mr. Reardon shall enter an appearance pursuant to D.N.M.LR-Civ. 83.4.

(Doc. No. 7908, filed June 1, 2005).

Neither Mr. Reardon nor Mr. Coors appeared at the June 14, 2005, status conference.

The State does not oppose the Motion "based on the representation made to counsel that Mr. Coors was mistaken as to whether he had any water rights, that he believed the water rights had in fact been transferred and therefore was willing to let things go by default."  (Reply to Response, Doc. No. 7912, filed June 17, 2005).

Defendants Steven Padilla, Timothy Andrews and Dianna Andrews ("Defendants Padilla / Andrews") oppose Mr. Coors' Motion to Set Aside Default Judgment on the grounds that he did not determine whether the Motion is opposed pursuant to D.N.M.LR-Civ. 7.1(a), that he did not cite authority in support of the Motion pursuant to D.N.M.LR-Civ. 7.5(a), that he did not allege any grounds under Fed. R. Civ. P. 60 to set aside the judgment, and that there are no grounds present upon which the Court can set aside the default judgment under Fed. R. Civ. P. 60).  (Doc. No. 7909, June 3, 2005).  Defendants Padilla /Andrews also argue that Mr. Coors has no standing to seek to have the default judgment set aside because Mr. Coors conceded in his affidavit that he retained no meaningful amount of water rights.  (Resp. at 4).

In addition, Defendants Padilla /Andrews argue that Mr. Coors cannot prevail on the merits of his water rights claims even if the default judgment were set aside citing *Turner v. Bassett*, 81 P.3d 564 (N.M. App. 2003).  (Resp. at 5).  The Court notes that *Turner v. Bassett* has been reversed.  *See Turner v. Bassett*, 111 P.3d 701 (N.M. 2005).  Because it is submitting this matter to the Special

3

Master, the Court will not evaluate the probability of Mr. Coors prevailing on the merits of his claim based on the *Turner v. Bassett* cases.

The Court will not deny Mr. Coors' Motion on the grounds that he did not comply with D.N.M.LR-Civ. 7.1(a) and 7.5(a). The provisions of D.N.M.LR-Civ. 7 do not apply to stream system adjudications. (*See* Doc. No.5660, filed July 11, 1997). Counsel shall comply with the replacement rules and procedures adopted in the Court's Administrative Order Establishing Motion Practice and Procedures, Doc. No.5660, filed July 11, 1997, which is attached to this Opinion as Exhibit 1.

Federal Rule of Civil Procedure 60 (b) allows the Court to relieve a party from a judgment for several reasons. However, the Court is unable to determine from the briefs whether any reason justifying setting aside the default judgment exists. Therefore, the Court submits this matter to the Special Master. The Special Master shall take evidence and make recommended findings of fact to the Court on the following issues:

At the proceedings before the Special Master, Mr. Coors shall be prepared to demonstrate he has standing to seek to have the default judgment set aside. The goal of this adjudication is to declare the priority, amount, purpose and place of use of each water right. *See* N.M. STAT. ANN. § 72-4-19. Mr. Coors appears to have conveyed his water rights to Rutheron Mutual Domestic Water Association. (*See* Mot., Ex. 13, Doc. No. 7901, filed May 20, 2005). Mr. Coors must show he has some claim to the use of the subject water rights to be properly before the Court in this matter.

Similarly, Defendants Padilla / Andrews shall also be prepared to demonstrate they are proper claimants. Defendants Tim and Diana Andrews appear to have quitclaimed their interests in the

subject water rights to Henry and Judith Coors.  (*See* Mot., Ex. 3, Doc. No. 7901, filed May 20, 2005).

Counsel for the State Engineer, Mr. Coors and Defendants Padilla / Andrews shall provide the Special Master with any information they have regarding the identity of the current owner of the subject water rights in order that the current owner be made a party to this adjudication.  *See* N.M. STAT. ANN. § 72-4-17 (all claimants, so far as they can be ascertained, with reasonable diligence, shall be made parties).

Counsel for the State Engineer shall be prepared to explain the State Engineer's administrative actions taken on Mr. Coors' "transfer request."  As discussed above, Mr. Coors appears to have conveyed his ownership interest in the water rights to Rutheron Water Association.  Mr. Coors' request for relief in his motion, "so that the transfer of 10 acre feet of water rights to the Rutheron Water Association can be adjudicated," apparently refers to his application for a permit to change point of diversion and place and purpose of use.  Approval of an application for a permit to change point of diversion and place and purpose of use is the responsibility of the State Engineer and is outside the scope of this adjudication.  *See* N.M. STAT. ANN. § 72-5-24.  Counsel for the State Engineer and Mr. Coors shall inform the Special Master of any reasons justifying setting aside the default judgment for the purpose completing the permit application process, and shall cite any legal authorities supporting those reasons.

Defendants Padilla / Andrews seek sanctions against Henry Coors pursuant to Fed. R. Civ. P. 16 (f) on the grounds that no appearance was made on behalf of Mr. Coors at the September 20, 2004, scheduling conference.  (Resp. at 6).  Because it is submitting this matter to the Special Master for further proceedings, the Court finds it premature to rule on Defendants' request for sanctions at

this time.  *See* Fed. R. Civ. P. 16(f) (judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with Rule 16, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust).  Mr. Coors shall present evidence that substantially justifies his failure to appear at both the September 20, 2004, and the June 14, 2005, status conferences.

In her order setting further proceedings on this matter, the Special Master may order counsel to be prepared to discuss and present evidence on any other items she deems relevant.

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**