IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer,<br><br>  Plaintiff,<br><br>-v-<br><br>RAMON ARAGON et al.,<br><br>  Defendants. | 69cv07941-BB-ACE<br><br>RIO CHAMA STREAM SYSTEM<br><br>Subfile No. CHRU-004-0044 |

ORDER SETTING HEARING

THIS MATTER is before the Special Master following the Court's August 24, 2005, Memorandum Opinion and Order (Docket No. 8006). The Order directs me to take evidence and make recommended findings on a number of issues relevant to whether the Court may relieve the parties from the existing default judgment pursuant to Fed. R. Civ. P. 60(b). Accordingly, an evidentiary hearing is set for Friday, October 14, 2005, at 9:30 a.m. in the Jury Assembly Room, United States District Court, 130 Federal Place, Santa Fe, New Mexico.

In addition to the current parties involved in this subfile matter (Mr. Henry Coors, Mr. and Mrs. Timothy Andrews, Mr. Steven Padilla, the State of New Mexico, ex rel. State Engineer), a representative from the Rutheron Mutual Domestic Water Consumers Association shall appear if the Association intends to assert a claim to the water rights described in this subfile. The following matters will be heard:

  1. With respect to standing and ownership of rights,

      a. Defendants Andrews and Padilla shall be prepared to demonstrate that they have standing to assert claims to the water rights associated with this subfile;

      b. Mr. Coors shall present evidence indicating he has standing to seek to have the default judgment entered against him October 28, 2004, set aside.

      c. the parties shall provide any additional information they have regarding the identity of the current owner(s) of these rights.

      2. Counsel for the State Engineer and Mr. Coors shall discuss any reasons justifying setting aside the default judgment for the purpose of completing the permit application process, and shall cite any legal authorities supporting those reasons.

      3. With respect to the pending motion for sanctions, Mr. Coors shall present evidence that substantially justifies his failure to appear, or to timely notify the Court of his reasons for non-appearance, at both the September 20, 2004, and the June 14, 2005 status conferences.

      4. Any other matter the parties deem relevant to the instant action.

      IT IS SO ORDERED.

                                    /electronic signature/
                                SPECIAL MASTER VICKIE L. GABIN