IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.,
State Engineer,

    Plaintiff,

vs.

ROMAN ARAGON, et al.,

    Defendants.

No. 69cv07941-BB-ACE
RIO CHAMA STREAM SYSTEM
Section 7

### COORS RESPONSE TO SUPPLEMENTAL BRIEF OF THE STATE OF NEW MEXICO

Coors submits this response to the Supplemental Brief of the State of New Mexico.

The State contends that:

(1) Coors has no meritorious claims to the water rights appurtenant to the Padilla property (Lot C) because such water rights were conveyed with the property to Padilla by operation of law;

(2) Coors has no interest in any remaining water rights because he conveyed such water rights to the Rutheron Water Association; and

(3) Coors must have received the various pleadings and notices involving the claims of Padilla and Andrews.

### POINT I
### COORS HAS A MERITORIOUS DEFENSE

Coors filed applications dated December 7, 1998 and October 22, 1999 with the State Engineer to change the beneficial use of substantially all of his remaining water rights to domestic and recreational uses.  When he sold his home in November, 2000

to Padilla, he told the Padillas about the pending applications and showed the Padillas the lots and ponds he was developing.  (Transcript, page 79, line 9-24.)  Coors lived on Lot C and had not irrigated the property for 11 years.  (Transcript, page 78.)  The Coors' house and paved parking lot were located in the benefitted area.  The character of the land had changed from agricultural pasture land to a rural subdivision with several houses built around two ponds.  (Plaintiff, Exhibit 7.)

The purpose of NMSA § 72-5-23 (1978 Comp.) Is to protect the purchaser of agricultural land so that the purchaser gets both the land and the water.  Such purchaser can use the land for the agricultural purpose he intended even though the deed does not include water rights.  That purpose no longer existed when Padilla purchased the Coors; residence.  The water was in the process of being severed to benefit the property by creating an adjacent 6 acre pond and providing domestic water for the surrounding neighborhood.  In Sun Vineyards, Inc. v. Luna County Wine Dev. Corp., 107 NM 524, 760 P.2d 1290 (1988), the Court construed the statute to protect the purchaser of agricultural land so that the purchaser received the water rights necessary to irrigate the land.  The need for such protection is not present in this case because the land was being occupied by a house and no longer was used for pasture land.

The State Engineer relies upon Turner v. Bassett, 2005 NMSC-009, 111 P.3d 701 (2005) for the rule severance is not complete until the State Engineer issues a permit allowing severance.  Coors contends that where an application for severance was pending, where the purchaser was told this fact and where the water was being used for the purposes described in this application that the Court should determine that

severance had occurred even though there was no reservations of water rights in the deed from Coors to Padilla for Lot C. This property could no longer be irrigated without flooding a house, destroying a parking lot and interfering with the operation of a septic tank and drain field. Padilla could not have expected that he could irrigate Lot C at the time of purchase. The statute, NMSA § 72-5-23 (1978 Comp.), should not be construed to give Padilla rights which he couldn't have used at the time of purchase or thereafter.

## POINT II
## THE CONVEYANCE TO RUTHERON DOES NOT DESTROY STANDING

The State Engineer claims that Coors has no interest in the remaining water rights because he conveyed them to the Rutheron Water Association. The Rutheron Water Association chose not to participate in this hearing because of the lack of funds. (Transcript, page 30.) This creates an issue of whether the water rights deed from Coors to Rutheron dated August 20, 2002 (Exhibit 13 to Coors' Affidavit of March 31, 2005) is valid and whether Coors has complied with his obligations under his contract with Rutheron. Coors has standing to protect his interest in these water rights and what interest Coors or Rutheron may have in these water rights can be resolved between them regardless of whether Padilla is determined to own water rights. There are excess water rights which belong to Coors or Rutheron depending on how they resolve that problem. Coors has standing to claim these water rights and to protect them subject to any contractual obligations he may have to Rutheron.

In the water rights deed to Rutheron, Coors reserves a right to designate where these rights will be used. Such reservation is sufficient to give Coors standing to

protect his interest in these water rights.

## POINT III
### COORS DID NOT HAVE NOTICES OF CLAIMS MADE BY PADILLA AND ANDREWS

The State Engineer claims Coors received the notices and pleadings because such notices and pleadings were sent to his mail forwarding agent.

Traveling is a way of life to a motorhomer.  He moves frequently and often does not stay in one place for much time.  The best way for a motorhomer to get mail is to use a mail forwarding agent which the motorhomer contacts with directions where to forward his mail.  Because of the forwarding agent's mailing schedule and the delay in the mail delivering process, a motorhomer must anticipate when he will be in 2 or 3 weeks and find an address where mail can be delivered.  (Transcript, page 59.)  This is especially difficult when the motorhomer is traveling from place to place or is in a foreign country.  Therefore, a motorhomer will have his mail held until he completes his traveling before he asks that the mail be forwarded to him.  Escapees as Coors mail forwarding agent never opened Coors' mail and had no authority to act on behalf of Coors.  Receipt by Escapees of mail addressed to Coors was not receipt by Coors.

In his Affidavit dated July 10, 2005 attached as Exhibit A to Coors' Response to Motion for Sanctions, Coors accounts for the time when Padilla and Andrews filed their claims and obtained the default judgment and shows that he was traveling in the Western United States and Canada.  While he was traveling he did not have his mail forwarded to him and therefore did not receive notices of the proceedings resulting in the default judgment.

Coors was aware that the application to use some of his irrigation water rights for

4

domestic water was pending before the State Engineer but no one was asserting an adverse claim in that proceeding.  Neither Padilla nor Andrews had advised him that they claimed any water rights.  If the State Engineer had timely resolved the remaining issues in the pending applications, this case would have never occurred.  Coors stated that he never received the notices and pleadings and was not aware of what had happened until he received a letter from Jonathan Martinez of the State Engineer's office on February 25, 2005.  (Transcript, page 60.)  He then took timely action to investigate and filed a grievance letter with the SEO within 30 days of receiving notice and retained the services of an attorney to file a Motion to Set Aside the Default Judgment.  Since becoming aware fo what happened to his water rights, Coors has timely and persistently pursued this action to recover his interest in the water rights.

Whether Coors timely aggrieved the denial of his application to change the purpose of use of his water rights has no effect on the issues presented on this Motion to Set Aside the Default Judgment .  If the Default Judgment is not set aside, Coors has nothing to aggrieve.  If the Default Judgment is set aside, ownership and extent and amount of the Coors water rights will be adjudicated in this case.  The State Engineer would present evidence as to the extent and amount of these water rights and the nature, extent and priority of these rights would be adjudicated.

## CONCLUSION

Based on the arguments and authorities presented in Supplemental Post Trial Memorandum and this Response Memorandum of Coors, Coors respectfully submits that the Motion to Set Aside the Default Judgment should be granted.

                                    WALTER L. REARDON, JR., P.A.


                                    WALTER L. REARDON, JR., 2158
                                    Attorney for Henry G. Coors
                                    3733 Eubank Blvd., N.E.
                                    Albuquerque, NM 87111-3536
                                    Telephone: (505) 293-7000
                                    Fax: (505) 293-0831
                                    Email: walter@reardonlawnm.com

We hereby certify that a copy of the foregoing pleading was sent by the method(s) indicated below to the person(s) and indicated address(es) listed below on the 3rd day of February, 2006. If by facsimile or email, the transmission was reported as complete and without error.


Special Master Vickie L. Gabin, sent via first class mail
USDC-DCNM
P. O. Box 2384
Santa Fe, NM 87504-2384

Karla McCall
Data Manager, sent via first class mail
1315 Sagebrush Drive, S.W.
Los Lunas, NM 87031

Peter B. Shoenfeld, sent via first class mail
P. O. Box 2421
Santa Fe, NM 87504-2421

Ed Newville, sent via first class mail
Special Assistant Attorney General
Office of the State Engineer
P. O. Box 25102
Santa Fe, NM 87504-5102

Sent By: Karen Madison
Sender's Fax: (505) 293-0831
Sender's Email: walter@reardonlawnm.com