IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN ARAGON, *et al.,*<br><br>Defendants. | 69cv07941 BB-ACE<br><br>RIO CHAMA STREAM SYSTEM<br>Section 7: Rutheron & Plaza Blanca<br><br>**Subfile No. CHRU-004-0044** |

**REPLY TO RESPONSE BY HENRY G. COORS
TO SUPPLEMENTAL BRIEF OF STATE OF NEW MEXICO**

The Plaintiff State of New Mexico, *ex rel.* State Engineer ("State"), respectfully submits this Reply to Coors Response to Supplemental Brief of the State of New Mexico (Doc. No. 8118). As part of its Reply, the State incorporates by reference the Response Brief of State of New Mexico filed January 31, 2006 (Doc. No. 8116).

Coors argues that the purpose of NMSA Section 72–5-23 is to protect purchasers of agricultural land. This statute requires the approval of an application made to the State Engineer for any transfer of appurtenant irrigation water rights to a new place of use. The statute has nothing to do with purchasers of land, or the requisites of a conveyance concerning appurtenant water rights in order to reserve those rights to the seller in a real estate sates transaction. The statute's purpose is administrative in that it requires the review and approval of the State Engineer for any change in the use or transfer of irrigation water rights.

In addition, it is a fundamental concept of New Mexico water law that irrigation water rights

are appurtenant to a particular place of use–they do not exist in gross. *See* NMSA 1978, § 72-1-2. They remain appurtenant to their place of use unless and until, pursuant to Section 72-5-23, the State Engineer has approved an application for transfer. There is no basis to claim that irrigation water rights have been severed from their place of use, the land to which they are appurtenant, unless an application for transfer has been approved by the State Engineer. To hold otherwise would violate the specific terms of Section 72-5-23 and conflict with the New Mexico Supreme Court's decision in *Turner v. Bassett,* 2005 NMSC-009.

Coors' response also ignores the effect and impact of Section 47-1-34. *See* NMSA 1978, § 47-1-34 ("In a conveyance or mortgage of real estate all rights, easements, privileges and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary shall be stated in the deed, and it shall be unnecessary to enumerate or mention them generally or specifically."); *see also* NMSA 1978, § 72-5-22 ("the transfer of title of land in any manner whatsoever shall carry with it all rights to the use of water appurtenant thereto for irrigation purposes, unless previously alienated in the manner provided by law"). Unless there is some basis for a reformation of Coors' deed to Padilla to reflect the true bargain of the parties concerning the sale of Lot C, under Section 47-1-34 all water rights appurtenant to that tract passed to Padilla by operation of law. *Cf. Twin Forks Ranch, Inc. v. Brooks,* 1998-NMCA-129, ¶¶ 14, 20-21, 125 N.M. 674, 964 P.2d 839 (evidence insufficient to prove that the parties reached any agreement concerning appurtenant water rights).

Coors states the Rutheron Water Association choose not to participate at the October 14th hearing because of a lack of funds. Counsel for Padilla and Andrews objected to this testimony at the October 14th hearing as hearsay (Hearing Tr. 29), and the State joins in that objection. The State

believes this testimony is misleading and inaccurate as well as irrelevant.

The State agrees that whether or not Coors timely notified the Water Rights Division that he was aggrieved by the denial of his application has no effect on the issues presented to this Court. If the Court refuses to set the default judgment aside, the question of whether or not his letter to the Water Rights Division was timely is moot. If the Court sets the default aside, and later finds that Coors has title to some portion of irrigation water rights, Coors may raise the timeliness issue with the Water Rights Division, or simply file a new application for transfer.

Respectfully submitted,

  /s/ Ed Newville
EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing Reply to Response by Henry G. Coors to Supplemental Brief of State of New Mexico was mailed to following this 19th day of 2006:

Walter L. Reardon, Jr., Esq.
3733 Eubank Blvd., NE
Albuquerque, NM 87111-3536
*Attorney for Henry G. Coors*

and transmitted by ACE filing to the following this 19th day of 2006:

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

Karla McCall, Data Manager
1315 Sagebrush Dr. SW
Los Lunas, NM 87031

Peter B. Shoenfeld, Esq.
P.O. Box 2421
Santa Fe, NM 87504-2421
*Attorney for Andrews and Padilla*

    /s/ Ed Newville
    Edward G. Newville