IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.,
State Engineer,

                Plaintiff,         No. 69cv07941-BB-ACE
   -vs-                              RIO CHAMA STREAM SYSTEM
                                        Section 7
ROMAN ARAGON, et al.,          Subfile CHRU-004-0044

              Defendants.

<u>REPLY TO RESPONSE (No. 8117) OF COORS TO SUPPLEMENTAL
TRIAL MEMORANDUM (No. 8112) OF PADILLA AND ANDREWS</u>

This reply will be limited to the single point respecting Mr. Coors' claimed failure to receive various notices, claims, decisions, etc., all of which were sent to the address he selected, which was a mail service in Livingston, Texas.

As shown by the evidence, Respondents' Exhibit 3, Mr. Coors had multiple addresses at which he received mail. He had at least two in Albuquerque, one of which was in care of the lawfirm of his present counsel, one of which was at a water company which he owns, and another at a residential address in Albuquerque. Nonetheless, he chose the Livingston, Texas, service, which, he claims either failed to make deliveries to him or made only delayed deliveries to him. Is this an excuse which (a) he pleaded; (b) proved; and (c) is sufficient in federal procedure?

The latter is the issue addressed in this reply. <u>Campbell v. Bartlett</u>, 975 F.2d 1569 (10th Cir. 1992) makes clear that the Tenth Circuit adheres to the proposition that service is complete when deposited in the mail under F.R.Civ.P. 5(b)(2)(B).

The issue is more fully dealt with by the Tenth Circuit in <u>Gurung v. Ashcroft</u>, 371 F.3d 718 (10th Cir. 2004), an immigration case:

> A petitioner who fails to submit documentary evidence in support of his motion to reopen, and instead merely alleges that he had not received proper notice, does not "demonstrate lack of notice . . ." (Citation omitted). A petitioner must present "substantial and probative evidence . . . demonstrating that there was improper delivery or that nondelivery was not due to the **respondent's failure to provide an address where he could receive mail**.'" (Citations omitted.) . . . notice by regular mail . . . carries a presumption of receipt upon a showing that the notice was properly mailed to the authorized address. Here, Mr. Gurung has failed to show an abuse of discretion in the denial of his motion to reopen. First, his mere conclusory statement that he did not receive notice is insufficient to carry his burden of proof, in light of the presumption to the contrary. Second, his statement is not in proper affidavit form for receipt as evidence and is not sufficiently detailed to provide a reasoned explanation why he did not receive notice mailed to the address he provided. Furthermore, the IJ and BIA observed that Mr. Gurung did receive a subsequent notice mailed to the same address, and that his motion was apparently mailed from that address. This evidence provides further support for the conclusion that he did receive sufficient notice mailed to his contact address of record. The BIA's order provided a rational explanation supported by the evidence and presumptions in the record. Therefore, we are precluded from finding that the BIA abused its discretion in denying the motion to reopen.

New Mexico decisions have referred to a presumption of delivery of a document that has been "properly mailed."  While the New Mexico cases refer to the absence of evidence to overcome the presumption, Garmond v. Kinney, 91 N.M. 646, 579 P.2d 178 (1978); Adams v. Tatsch, 68 N.M. 446, 362 P.2d 984 (1961); State v. McHorse, 85 N.M. 753, 517 P.2d 75 (Ct. App. 1973); Associated Petroleum Transport v. Shepard, 53 N.M. 52, 201 P.2d 772 (1949),

they only engage in that discussion when there is evidence of non-receipt.

Here there is no evidence of non-receipt, and to the contrary, the evidence points, in every instance, to delivery to the Livingston, Texas, mail service.  I.e., the items were mailed, and there is no evidence of any of the mailings ever having been returned.  Mailing to the address provided by Mr. Coors was accomplished, and as noted by the Tenth Circuit in Gurung, supra, a "detailed" and "reasoned explanation why he did not receive notice mailed to the address he provided" is required if he is to be successful in setting aside the action of the Court.  His "mere conclusory statement that he did not receive notice is insufficient to carry his burden of proof" (Gurung, supra).  The address at Livingston, Texas, was given by him. He made no attempt to show that the Texas mail service failed to forward mail to him.  He has failed to carry his burden of proof.

It was Mr. Coors' duty to maintain a proper address at which he could receive documents from the Court.  See Theede v. U.S. Department of Labor, 172 F.3d 1262 (10th Cir. 1999):

> Because the magistrate's recommendation was mailed to Theede's last known address, he was properly served on December 2, 1997. Any delay in receiving the magistrate's recommendation resulted from Theede's failure to correct or change his address in a clear and concise way likely to bring it to the court's attention. Theede failed to object to the recommendation in a timely manner. Accordingly, he waived his right to appellate review and we DISMISS.

## Conclusion

Mr. Coors made no creditable case for setting aside the default against him, having presumptively received all notices mailed by the parties and by the Court.  The presumption was not overcome by his statement that he did not receive the notices.

>PETER B. SHOENFELD, P.A.
>P.O. Box 2421
>Santa Fe, New Mexico 87504-2421
>(505) 982-3566; FAX: (505) 982-5520
>
>By: S/Peter B. Shoenfeld (e-filed)
>    Attorney for Respondents

### Certificate of Service

I certify that on February 20, 2006, I served a copy of the foregoing on the following by mail.

Walter L. Reardon, Jr., Esq.
3733 Eubank Blvd., NE
Albuquerque, NM 87111-3536

Special Master Vickie L. Gabin
USDC-DCNM
P.O. Box 2384
Santa Fe, NM 87504-2384

and on the following by electronic transmission, to which he has consented:

Edward G. Newville, Esq.
State Engineer Office

>S/Peter B. Shoenfeld (e-filed)