# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

    v.
                                      69cv07941 BB-ACE
                                      Rio Chama Adjudication

RAMON ARAGON, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Henry Coors,' ("Coors"), Motion to Allow Consideration of Late Filed Response (Doc. No. 7950, filed July 15, 2005). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court shall **GRANT** the Motion.

On June 3, 2005, Defendants Padilla and Andrews served, via mail, their response, (Doc. No. 7909), to Coors' motion to set aside a default judgment, (Doc. No. 7901, filed May 20, 2005). Coors did not file his reply until July 10, 2005, which is approximately three weeks late. On June 14, 2005, Defendants Padilla and Andrews served, via mail, their motion for Rule 11 sanctions, (Doc. No. 7928, filed July 8, 2005), on Coors. Coors did not file his response until July 10, 2005, which is two days after the 21-day "safe harbor" period required by Fed. R. Civ.P. 11(c)(1)(A).

Coors now asks the Court to consider his late-filed response and reply. The State of New Mexico and Defendants Padilla and Andrews oppose Coors' Motion arguing that Coors' did not seek an extension of time, that he did not need the extension of time to find documents to support his briefs, and that Coors' failure to timely file a reply has been part of a persistent failure on Coors' part

to follow the procedures, schedules and deadlines set out by the Special Master and the Court. (*See* Doc. Nos. 7964 and 7965, filed July 25 and 28, 2005).

Any prejudice to Defendants Padilla and Andrews and the State of New Mexico caused by Coors' failure to timely file his response and reply is outweighed by the Court's duty to ensure that this matter is resolved fairly. *See* Fed. R. Civ. P. 1 (rules of civil procedure shall be construed and administered to secure the *just*, speedy, and inexpensive determination of every action); D.N.M. LR-Civ. 1.7 (local civil rules may be waived by a Judge to avoid injustice). The delay caused by Coors' untimely filing is only a few days to a few weeks. The issues addressed by Coors' two untimely filed briefs, Rule 11 sanctions and a default judgment on real property, are too significant for the Court to exclude the briefs on a mere technicality resulting in very little, if any, prejudice to the non-movants. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988) (the requirements of the rules of procedure should be liberally construed and mere technicalities should not stand in the way of consideration of a case on its merits).

  **IT IS SO ORDERED.**

                  _____
                  **BRUCE D. BLACK**
                  **UNITED STATES DISTRICT JUDGE**