IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.*,

   Plaintiffs,

  v.                69cv07941 BB-ACE
                     Rio Chama Adjudication

RAMON ARAGON, *et al.*,

   Defendants.

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** comes before the Court on Defendants' (Steven Padilla, Timothy Andrews and Dianna Andrews) Motion for Rule 11 Sanctions (Doc. No. 7928, filed July 8, 2005). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court shall **DENY** the Motion.

**Legal Standard**

  Fed. R. Civ. P. 11 allows sanctions against attorneys who file signed pleadings, motions or other papers in district court which are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose. The Court may also sanction a represented party who is responsible for a violation of Rule 11. FED. R. CIV. P. 11(c). The award of Rule 11 sanctions involves two steps, the first being that the Court must find that a pleading, motion or other paper violates Rule 11. *Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988). The second is for the district court to impose an appropriate sanction. *Id*. However, when the district court determines that Rule 11 has been violated, it "may," but is not required to impose a sanction. *See* FED. R. CIV. P. 11(c).

The standard by which courts evaluate the conduct of litigation is objective reasonableness, i.e. whether a reasonable attorney admitted to practice before the district court would file such a document. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). If after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law, then such conduct is sanctionable under Rule 11. *Id.* Rule 11 requires litigants to "stop and think" before initially making legal or factual contentions. *See* FED. R. CIV. P. 11 advisory committee's note (1993 Amendments).

In deciding whether to impose a sanction or what sanctions may be appropriate, the Court may consider the following factors: (1) whether the improper conduct was willful, or negligent; (2) whether it was part of a pattern of activity, or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other litigation; (5) whether it was intended to injure; (6) what effect it had on the litigation process in time or expense; (7) whether the responsible person is trained in the law; (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and (9) what amount is needed to deter similar activity by other litigants. *See* FED. R. CIV. P. 11 advisory committee's note (1993 Amendments).

**First Alleged Rule 11 Violation**

Defendants seek sanctions against Defendant Henry Coors ("Coors") and his attorney for an allegedly false assertion in Coors' affidavit attached to Coors' motion to set aside a default judgment. (Mot. at 4-5). The alleged false assertion is paragraph 13 of Coors' affidavit which reads in full:

> Henry G. Coors was not aware that anyone claimed any interest in the water rights, which were part of the water rights, which he acquired in 1988, and no one in this or any proceeding before the State Engineer gave Henry G. Coors notice of their adverse interest or claim in these water rights.

2

(Doc. No. 7901, filed May 20, 2005, Affidavit of Henry G. Coors).

Defendants claim paragraph 13 of Coors' affidavit is false because Defendants mailed copies of their claims to Coors, Special Master Gabin mailed to Coors copies of two of her orders setting a scheduling conference to address Defendants' claims, and counsel for the State Engineer mailed to Coors a copy of the State Engineer's motion for default against Coors.  (*See* Mot. ¶¶ 2, 5, 8 and 12).

Having reviewed Defendants' Motion and Coors' Response, the Court will not sanction Coors or his attorney for presenting paragraph 13 of Coors' affidavit to the Court.  Coors presented paragraph 13 to support his contention that he had good cause not to be aware of the September 20, 2004, conference, the purpose of which was set a schedule to resolve Defendants' claims to Coors' water rights.  The fact that Defendants, the Special Master and the State Engineer mailed documents to Coors does not mean that Coors was "aware" of Defendants' claims during the two month prior to the September 20, 2004, scheduling conference.  The Special Master and the State Engineer mailed their documents to Coors between September 7, 2004 and October 13, 2004.  (Resp. ¶¶ 2, 5, 8). Defendants' Motion does not indicate when Defendants mailed copies of their claims, which were filed on July 15, 2004, to Coors.  (*See* Resp. ¶ 2).  In his affidavit attached to his Response, Coors states that he was traveling in a motor home and did not receive his mail, which had been held since July 26, 2004, until October 18, 2004.  (Resp., Affidavit of Henry G. Coors ¶ 14).   While serving the documents via mail may serve as constructive notice of Defendants' claims, it does not necessarily constitute actual notice.  The Court concludes paragraph 13 does not violate Rule 11.

**Second Alleged Rule 11 Violation**

Defendants also claim that paragraphs 5 and 6 in Coors' motion to set aside the default judgment are "patently and clearly false."  (Mot. at 4-5).  Paragraphs 5 and 6 read in full:

3

>       5.      [Coors] transferred 10 acre feet of [consumptive] use water rights to the Rutheron Water Association to provide property within his previously owned lands with domestic water.
>
>       6.      After a hearing from before the State Engineer, [Coors] was allowed to transfer 10 acre feet to the Rutheron Water Association and [Coors] executed and recorded a deed for said 10 acre feet of water rights to the Rutheron Water Association.

(Doc. No. 7901, filed May 20, 2005).

Defendants state paragraphs 5 and 6 are false because Coors' application to transfer the 10 acre feet to the Rutheron Water Association was denied without a hearing. (Mot. ¶¶ 14-15). The State Engineer agrees stating that the State Engineer never issued a permit for the transfer and that there was never a hearing before the State Engineer in connection with the proposed transfer. (Doc. No. 7912, filed June 17, 2005, ¶ 2).

     Coors concedes "it would appear there is some confusion or inaccuracy" in paragraphs 5 and 6. (Doc. No. 8108, filed January 14, 2006, at 16). Coors' counsel attributes the confusion/inaccuracy to the fact that he was "newly retained counsel rushing to get the motion to set aside default on file," that "there were numerous applications before the State Engineer's office, some arising early during the development and some of which contained applications to reopen earlier files," and that the transfer of some of Coors' water rights "had been previously approved as a result of an earlier hearing." *Id.* Defendants do not contest the excuse proffered by Coors' counsel for the confusing and inaccurate paragraphs. (*See* Doc. No. 8115, filed January 29, 2006).

     It appears to the Court that the inaccuracies in paragraphs 5 and 6 are mistakes resulting from Coors' counsel's haste in preparing and filing the motion. In addition, paragraphs 5 and 6 are not central to the primary issue in Coors' motion to set aside the default judgment which is whether Coors received notice of the hearing which resulted in the default judgment. (*See* Doc. No. 7933,

filed July 11, 2005). As such, paragraphs 5 and 6 do not violate Rule 11 which is meant to deter baseless filings. *See* Fed. R. Civ. P. 11 (b) and (c)(2); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401-402 (1990) (a prefiling investigation of the facts that is unreasonable when an attorney has months to prepare a complaint may be reasonable when he has only a few days before the statute of limitations runs); *Milwaukee Concrete Studios, Ltd. v. Fjeld Manufacturing Co.*, 8 F.3d 441, 450 (7th Cir. 1993) (Rule 11 is not directed to isolated factual errors that were not central to theory advanced in memorandum).

**IT IS SO ORDERED.**

*[signature]*
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**