IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.*,

      Plaintiffs,

    v.                                             69cv07941 BB-ACE
                                                    Rio Chama Adjudication

RAMON ARAGON, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Henry G. Coors' ("Coors") Motion to Set Aside Default Judgment (Doc. No. 7901, filed May 20, 2005). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court shall **DENY** Coors' Motion. The Court will also award expenses to Defendants Padilla and Andrews pursuant to Fed. R. Civ. P. 16. (*See* Defendants Padilla's and Andrews' Response, Doc. No. 7909, filed June 3, 2005).

**Procedural Background**

On August 31, 2004, Plaintiff State of New Mexico and certain Defendants jointly requested a scheduling conference before the Special Master regarding issues related to water rights claimed by more than one claimant. (Doc. No. 7574). The Special Master granted the Joint Motion stating "[t]he failure of water rights claimants associated with this action to appear either in person or by counsel may result in the dismissal of their claims." (Doc. No. 7583, filed September 7, 2004). The Special Master amended her order to specifically identify the Defendants whose water rights claims

were at issue for the scheduling conference. (Doc. No. 7587, filed September 13, 2004). Her order identified Henry Coors as one of those Defendants whose water rights claims were at issue. (*Id*.).

On October 11, 2004, Plaintiff State of New Mexico filed a motion for default judgment, (Doc. No. 7611), against Henry Coors on the grounds that Mr. Coors failed to attend the scheduling conference on September 20, 2004. After Mr. Coors failed to timely file and serve a response in opposition to the State's motion for default judgment, the Court granted Plaintiff's motion for default judgment against Mr. Coors. (Doc. No. 7626, filed October 28, 2004).

Mr. Coors, who had been proceeding *pro se*, retained an attorney, Mr. Walter Reardon, who then filed a motion to set aside the default judgment. (Doc. No. 7901, filed May 20, 2005). The Special Master attempted to resolve this matter at the June 14, 2005, status conference. On June 1, 2005, she amended her order setting the status conference to include the following item to be discussed at the status conference:

> 9. A jointly proposed order, or other appropriate pleading(s) regarding the May 20, 2005, Motion to Set Aside Default Judgment (Docket No. 7901), which shall be submitted by Mr. Edward Newville, counsel for the State of New Mexico, ex rel. State Engineer and Mr. Walter L. Reardon, Jr., counsel for defendant Mr. Henry Coors. Mr. Reardon shall enter an appearance pursuant to D.N.M.LR-Civ. 83.4.

(Doc. No. 7908, filed June 1, 2005).

Neither Mr. Reardon nor Mr. Coors appeared at the June 14, 2005, status conference.

On August 24, 2005, the Court remanded the matter to the Special Master to take additional evidence to assist the Court in deciding whether sufficient reason for setting aside the default judgment exists. (Doc. No. 8006). The Special Master held an evidentiary hearing on October 14, 2005. (*See* Notice of Filing of Transcript, Doc. No. 8070, filed November 30, 2005). The Court allowed the parties to file supplemental briefs addressing Coor's motion to set aside the default

judgment and any other issues arising during the hearing. (Doc. No. 8035, filed October 19, 2005). The Court has reviewed the supplemental briefing and the transcript of the evidentiary hearing before the Special Master.

**Legal Standard**

Fed. R. Civ. P. 60(b)(1) allows the Court to relieve a party from a judgment upon a showing of a party's excusable failure to comply with procedural rules. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996). There are "three requirements which must be met when setting aside a default judgment under Rule 60(b): (1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993). Generally, a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default. *Id.*; *Wallace v. McManus*, 776 F.2d 915, 917 (10th Cir. 1985) (finding "excusable neglect" when a *pro se* prisoner let an appeal deadline lapse after notice of the entry of judgment was sent to her former attorney rather than to her); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer.").

"[The] party seeking to establish excusable neglect must plead and prove it. The opposing party is entitled to present controverting evidence demonstrating the absence of excusable neglect." *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715, F.2d 14421445 (10th Cir. 1983). In determining whether excusable neglect has been established, the Court must resolve all doubts in favor of the party seeking relief. (*Id.*).

**Excusable Neglect**

Coors claims that his failure to attend the September 20, 2004, scheduling conference and to respond to the motion for default judgment, was due to excusable neglect. The Court disagrees.

During the relevant time period, Coors lived and traveled in a motor home in Arizona and states other than New Mexico, and Canada. (Doc. No. 7932, filed July 10, 2005, Coors' Affidavit, ¶¶ 1, 6-12). During this time Coors used the address of a motor home club in Livingston, Texas, as his mailing address. (*Id.* ¶¶ 2-5; *see also* Tr. at 93, 112 (Coors gave the Livingston, Texas, address to the Court)). Coors would periodically instruct the motor home club to forward his mail him at various destinations. (*Id.* ¶¶ 3-6). Coors had his mail held beginning July 26, 2004, and received the held mail from the motor home club when he returned to Albuquerque on October 18, 2004, which is approximately one month after the scheduling conference and one week after the State Engineer served Coors via mail with the motion for default judgment. (*Id.* ¶ 14).

Coors failure to attend the September 20, 2004, scheduling conference is not excusable. He chose to make himself inaccessible to the Court for almost three months by having the motor home club hold his mail from July 26 through October 18, 2004, and he did so without providing the Court with notice of his unavailability. "Generally speaking, a party who takes deliberate action with negative consequences ... will not be relieved of the consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate." *Cashner v. Freedom Stores*, 98 F.3d 572, 577 (10th Cir. 1996) (*quoting* 7 Moore, Federal Practice ¶ 60-22 [2], p. 60-182).

Coors, as a lawyer that practiced in the areas of real estate, public utility and water law for about 36 years, (Tr. at 26), should know that a "workable system of justice requires that litigants not be free to appear at their pleasure." *See Cessna Finance Corp. v. Bielenberg Masonry Contracting,*

*Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). This is especially true in this case where there are hundreds of defendants with which the Court and the State Engineer must deal. The Court "therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the court's rules of procedure." *See Id.*

Coors' testimony that he did not receive any notice of the status conference and the motion for default does not demonstrate excusable neglect. (Tr. at 59-60, 114-115). The Special Master's orders setting the September 20, 2004, status conference were mailed, and the status conference was held, during the period of time that Coors had the motor home club hold his mail.

Moreover, Coors was later afforded, but failed to take advantage of, an opportunity to resolve the default judgment. In her order setting the June 14, 2005 status conference, the Special Master clearly indicated that one of the matters to be discussed was a "jointly proposed order, or other appropriate pleading(s) regarding [Coors'] Motion to Set Aside Default Judgment... which shall be submitted by ... counsel for the State of New Mexico ... and Mr. Walter L. Reardon, Jr., counsel for defendant Mr. Henry Coors." (*See* Doc. No. 7908, filed June 1, 2005). Coors' attorney received noticed of the June 14, 2005, status conference but "mishandled it," and did not attend the status conference. (Tr. at 63; Coors' Supp. Brief, Doc. No. 8108, filed January 14, 2006, at 17). "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990); *see also White v. Cassey*, 30 F.3d 142, 1994 WL 395902 *3 (10th Cir. 1994) (abuse of discretion for district court to grant 60(b) relief where party's untimeliness and failure to appear was due to their attorney's carelessness). Coors and his attorney were on notice, since they had filed the motion to set aside the default judgment, that timeliness would be an element in a successful resolution to this issue.

Nevertheless, they failed to appear at the June 14, 2005, status conference. *See Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) ("There is simply nothing which offends justice about the denial of a motion to set aside a default judgment where the moving party, through counsel, has failed to comply with the procedural rules of the court.").

Having concluded that Coors failed to show excusable neglect, the Court will not address arguments related to whether Coors had a meritorious defense. *See Cashner v. Freedom Stores*, 98 F.3d 572, 578 n.2 (10th Cir. 1996).

Nor is the Court persuaded by Coors' argument that the default judgment should be set aside on the basis of mistake. Coors states that "[a]lthough Mr. Coors had notice of the pendency of the action and accepted service, he believed that he had taken all of the action necessary to transfer the water rights to Rutheron Water Users Association and that he would be willing to let the matter go by default." (Coors' Supp. Brief, Doc. No. 8108, filed January 14, 2006, at 14). "Relief under 60(b)(1) for mistake or inadvertence, however, cannot be obtained unless the party makes 'some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.'" *White v. Cassey*, 30 F.3d 142, 1994 WL 395902 *2 (10th Cir. 1994) (*quoting* Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2858 at 170 (1973)). Coors has not convinced the Court that he was justified in believing that he had taken all of the action necessary to transfer the water rights to Rutheron Water Users Association. (*See* Coors' Supp. Brief, Doc. No. 8108, filed January 14, 2006, at 14; stating "what happened was largely due to delay in the State Engineer's office."); *see also Cessna Finance Corp. v. Bielenberg Masonry Contracting*, 715 F.2d 1442, 1447 (10th Cir. 1983) (party making a conscious decision not to defend is not entitled to relief).

Coors also seeks relief pursuant to Rule 60(b)(6) which allows the court to set aside a judgment for "any other reason justifying relief from the operation of the judgment." *See* FED. R. CIV. P. 60(b)(6). While Rule 60(b)(6) has been referred to as a "grand reservoir of equitable power to do justice in a particular case," the Court "will only award Rule 60(b)(6) relief in extraordinary cases" and "when necessary to accomplish justice." *See Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) (*citing Ackermann v. United States*, 340 U.S. 193, 202 (1950)); *Cashner v. Freedom Stores*, 98 F.3d 572, 579 (10th Cir. 1996). The Court finds nothing about Coors' case so unusual or compelling that relief is warranted under Rule 60(b)(6).

**Rule 16 Sanctions**

Defendants Padilla and Andrews seek sanctions against Henry Coors and his attorney pursuant to Fed. R. Civ. P. 16 (f) on the grounds that no appearance was made on behalf of Mr. Coors at the September 20, 2004, and the June 14, 2005, scheduling conferences. (Resp. at 6; Supp. Mem., Doc. No. 8112, filed January 17, 2006, at 13, 24).

Rule 16(f) provides for sanctions in the event a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference. *See* FED. R. CIV. P. 16(f). "In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with [Rule 16], including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust. FED. R. CIV. P. 16(f).

The primary purpose of Rule 16 sanctions is to allow the court to manage its docket and avoid unnecessary burdens. *Mulvaney v. Rivari Flying Service*, 744 F.2d 1438, 1441 (10th Cir. 1984).

The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court. (*Id.*).

Rule 16(f) gives the Court very broad discretion in imposing sanctions. *See Comcoa, Inc. v. NEC Telephones*, 931 F.2d 655, 666 (10th Cir. 1991). Sanctions under Rule 16(f) must be in the interests of justice and proportional to the specific violation of the rule. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996) (the amount and impact of a monetary sanction should depend on the seriousness of the violation and where the fault lies, i.e. with counsel or client). In the absence of a finding of bad faith, there must be a sufficient nexus between noncompliance with the rules and the amount of fees and expenses awarded as a sanction. *Id.*; *Comcoa, Inc. v. NEC Telephones*, 931 F.2d 655, 666 (10th Cir. 1991) (in determining whether district court abused it discretion in imposing sanctions, the Tenth Circuit looks at the totality of the circumstances, including the specific case under review, the total management problems for courts, and access and cost problems for litigants).

Having denied Coors' motion to set aside the default judgment, the Court finds that no additional sanctions are warranted with respect to the primary purpose of Rule 16 sanctions, that being the management of the Court's docket.

The Court finds that additional sanctions are warranted with respect to the secondary purpose of Rule 16 sanctions, which is to compensate opposing parties for expenses incurred by noncompliance with the Court's orders. As a result of Coors' failure to file a notice of unavailability and Reardon's mishandling of the second status conference, counsel for Defendants Padilla and Andrews attended two status conferences but, due to Coors' and Reardon's absences, was not able to address the issues regarding Defendants' water rights. *See* 1 MOORE'S FEDERAL PRACTICE

§ 1.22[2] (3d ed. 2006) (parties are charged with knowing the requirements of the federal rules of civil procedure and if a party's non-compliance with the rules frustrates the primary goal, to ensure a just, speedy, and inexpensive proceeding, sanctions may be deemed warranted).

Henry Coors, who was proceeding *pro se* and failed to attend the September 20, 2004, status conference, shall pay the reasonable expenses and attorney fees Defendants Andrews and Padilla incurred in attending that status conference. Coors' attorney, Walter Reardon, who failed to appear at the June 14, 2005, scheduling conference on behalf of Coors, shall pay the reasonable expenses and attorney fees Defendants Andrews and Padilla incurred in attending that status conference.

The Court is not persuaded by Defendants' argument that Coors' failure to attend the status conferences "led to huge expenses" resulting from "large amounts of pleadings [and] trial-like hearings by the Special Master." (Defendants' Supp. Mem., Doc. No. 8112, filed January 17, 2006, at 24). Defendants do not specifically identify the expenses for which they are seeking Rule 16 sanctions. For the reasons that follow, the Court concludes that expenses related to the following are not sanctionable under Rule 16 for Coors' and Reardon's failures to appear at the status conferences: the October 14, 2005, evidentiary hearing before the Special Master, supplemental briefing following the evidentiary hearing, Defendants' Rule 11 motion, and Defendants' response to Coors' motion to consider late filed briefs.

Defendants claim that "[i]f [Coors] had simply shown up and asserted his position, [Defendants] could have intelligently weighed the costs and benefits of pursuing the water rights." (*Id.*). Defendants had the opportunity to consider Coors' position when he filed his motion to set aside the default judgment. Defendants chose to oppose the motion. The Court ordered, (Doc. No. 8006, filed August 24, 2005), the hearing before the Special Master for the purpose of obtaining

additional evidence relevant to Coors' motion to set aside the default judgment. *See United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993) (motion to set aside default judgment for excusable neglect requires the court to consider whether the moving party's culpable conduct did not caused the default, whether the moving party has a meritorious defense, and whether the non-moving party will not be prejudiced by setting aside the judgment).  After hearing the evidence that Coors submitted to the Special Master, Defendants chose to pursue the issue with supplemental briefing.

Defendants also chose to file a motion for Rule 11 sanctions against Coors for two allegedly false assertions in Coors' motion to set aside the default judgment. (*See* Doc. No. 7928, filed July 8, 2005). Defendants' Rule 11 motion was not required to advance Defendants' position regarding Coors' motion to set aside the default judgment because Defendants had already alleged that the assertions were false in their response to Coors' motion to set aside the default judgment. (*See* Doc. 7909, filed June 3, 2005, at 2, 4). The Court subsequently denied Defendants' Rule 11 motion. (*See* Mem. Op. and Order, Doc. No. 8213, filed March 28, 2006).

Coors filed a motion asking the Court to consider his reply to the motion to set aside the default judgment and his response to Defendants' Rule 11 motion, both of which he filed late. (*See* Doc. No. 7950, filed July 15, 2005). Defendants chose to oppose the motion seeking to exclude the briefs on procedural technicalities when there was very little, if any, prejudice to Defendants caused by the delay of a few days to a few weeks resulting from Coors' untimely filing. (*See* Doc. No. 7964, filed July 25, 2005)  The Court granted Coors' motion so as to consider the default judgment and Rule 11 issues on the merits. (*See* Mem. Op. and Order, Doc. No. 8212, filed March 27, 2006).

Defendants Padilla and Andrews  shall file a motion setting forth the reasonable attorney fees and expenses they incurred as a result of Coors' and Reardon's failures to attend the status

conferences. Because Rule 16(f) provides for "reasonable" expenses incurred because of non-compliance with the rule, including attorney's fees, the motion shall include an affidavit with sufficient information to allow the Court to evaluate the reasonableness of the attorney fees requested by Defendants. *See White v. General Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990) (plain language of Rule 11, "reasonable expenses . . . including reasonable attorney's fee," requires that the court independently analyze the reasonableness of the requested fees and expenses). The motion shall also clearly identify which fees and expenses are attributed to Coors' noncompliance and which are attributed to Reardon's noncompliance.

**IT IS SO ORDERED.**

_____
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**