IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer,<br><br>    Plaintiff,<br><br> -v-<br><br>ROMAN ARAGON et al.,<br><br>    Defendants. | 69cv07941-BB-ACE<br><br>RIO CHAMA STREAM SYSTEM |

ADMINISTRATIVE ORDER ON CASE MANAGEMENT PRIORITIES

THIS ORDER is entered *sua sponte* by the Court to manage and coordinate the non-Indian claims in the following three northern New Mexico stream system adjudications ("Three NNM Adjudications"):

 1. Rio Pueblo de Taos – Rio Hondo Stream System Adjudication, *State v. Abeyta*, 69cv07896 & 69cv0739 (consolidated) ("Taos Adjudication").

 2. Rio Chama Stream System Adjudication, *State v. Aragon*, 69cv07941 ("Chama Adjudication").

 3. Rio Santa Cruz – Rio de Truchas Stream System Adjudication, *State v. Abbott*, 68cv07488 & 70cv08650 (consolidated) ("Santa Cruz/Truchas Adjudication").

 This Administrative Order specifically does not include the on-going tasks associated with the adjudication of federal Indian claims which the parties must attend to.

 This Order replaces the July 19, 2004, Administrative Order on Case Management Priorities (Docket Nos. Taos -- 4521; Chama -- 7523; Santa Cruz/Truchas – 2440).

On July 20, 2006, the Special Master, attorneys for the State of New Mexico ex rel. State Engineer ("State"), the United States of America ("United States"), attorneys representing the northern New Mexico acequia associations ("The Acequias"), and other counsel participated in an informal planning meeting regarding the Three NNM Adjudications. The purpose of the meeting was to discuss how the limited resources of the Court, the State, and the parties should most efficiently be allocated between the non-Indian claims in the Three NNM Adjudications, and to assist the Special Master in preparing this Order. In addition, the State reviewed and updated the attached Exhibit 1, the list of matters which must be resolved before the Court can enter a partial final decree for the non-Indian water rights in the Three NNM Adjudications.

The Special Master considered the comments and contributions of the State, The Acequias, the United States, and other counsel. The Court, having been sufficiently advised in the premises, finds that the following outline is a reasonable method by which the Court and the parties may allocate resources efficiently and complete these adjudications.

First Priority: Resolution of the following non-Indian matters in the Taos and the Chama Adjudications shall be first priority among the Three NNM Adjudications:

1. All matters listed under Exhibit 1 for the Taos Adjudication, except groundwater and domestic and stock water claims.

2. Primary subfile work listed for the Chama Adjudication Sections 3 and 7, and both primary subfile work and errors and omissions ("E&O") claims for Section 2.

3. Litigation of disputed subfile claims for the Chama Adjudication Sections 3 and 7.

4. Federal non-Indian proprietary claims in the Chama Adjudication Sections 5 and 3.

5. Federal Wild and Scenic River Act claims in Chama Section 1.

The State shall allocate its resources to first priority matters over second and third priority matters. As between the Taos and Chama Adjudications, completion of the outstanding non-Indian matters in Taos shall be given the higher priority.

Second Priority: Resolution of the following matters in the Taos and the Chama Adjudications shall be second priority among the Three NNM Adjudications:

1. Adjudication of groundwater and domestic and stock water uses in the Taos Adjudication.

2. E&O claims in the Chama Adjudication, Sections 1 and 4.

3. Federal non-Indian proprietary claims in the Chama Adjudication Section 7.

4. Priority dates for acequias and private ditches in the Chama Adjudication.

5. Determination of the diversion and irrigation water requirements in the Chama Adjudication.

The State shall allocate its resources to second priority matters over third priority matters

Third Priority: Resolution of all other non-Indian matters not identified above shall be third priority. The State shall pursue resolution of third priority matters with due diligence, but shall not allocate resources to third priority matters at the expense of first or second priority matters.

This Administrative Order may be amended for good cause upon motion or by the Court *sua sponte*.

IT IS SO ORDERED.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

Approved:

_____
SPECIAL MASTER

# EXHIBIT 1

Matters to be Resolved Prior to Preparation of
Partial Final Decrees in Three NNM Adjudications

1. Taos Adjudication:

    a. Individual E&O claims.
    b. Springs claims.
    c. Court E&O.
    d. Diversion and irrigation water requirements.
    e. Acequia diversion for stock water and domestic uses.
    f. Finalize hydrographic survey maps.
    g. Groundwater and domestic and stock water claims.
    h. Omitted area irrigation and domestic water claims.

2. Chama Adjudication:

    a. General (involves more than one section):

        i. Primary subfile work, i.e., obtain entry of a subfile orders.
        ii. Litigation of disputed subfile claims.
        iii. Survey of groundwater, domestic and stock water uses.
        iv. Acequia and private ditch priority dates.
        v. Ownership of water rights on federal lands.
        vi. Individual and Acequia E&O issues.
        vii. E&O issues (Individual, Acequia, and Court).
        viii. Acequia customs.
        ix. Diversion and irrigation water requirements.
        x. Presentation of federal proprietary claims.
        xi. Finalize hydrographic survey maps.
        xii. Treaty of Guadalupe Hidalgo.

    b. Section 1 (Chama Mainstream):

        i. E&O issues (Individual, Acequia and the Court).
        ii. Acequia and private ditch priority dates.
        iii. Ownership of water rights on federal lands.
        iv. Diversion and irrigation water requirements.
        v. Federal Wild and Scenic River Act claims.
        vi. Federal non-Indian proprietary claims.

 c. Section 2 (Ojo Caliente):

   I. Primary subfile work, i.e., obtain entry of a subfile orders (about 30% have no subfile order).
   ii. Litigation of disputed subfile claims.
   iii. Acequia and private ditch priority dates.
   iv. Acequia customs.
   v. E&O issues (Individual, Acequia, and the Court).
   vi. Federal non-Indian proprietary claims.

 d. Section 3 (Rio Nutrias, Rio Cebolla, Canjilon Creek):

   I. Primary subfile work, i.e., obtain entry of a subfile orders
   ii. Litigation of disputed subfile claims.
   iii. Acequia and private ditch priority dates.
   iv. Diversion and irrigation water requirements.
   v. Federal non-Indian proprietary claims.

 e. Section 4 (El Rito):

   i. E&O issues (Individual, Acequia, and the Court).
   ii. Acequia customs.
   iii. Priority dates of private ditches.
   iv. Federal non-Indian proprietary claims.

 f. Section 5 (Rio Gallina):

   i. Acequia priority dates.
   ii. Acequia customs.
   iii. Diversion and irrigation water requirements.
   iv. Federal non-Indian proprietary claims.

 g. Section 6 (Canones): Court's E&O work.

 h. Section 7 (Rito de Tierra Amarilla; Rio Brazos; Rutheron & Plaza Blanca; Canones Creek, Village of Chama):

   I. Primary subfile work, i.e., obtain entry of a subfile orders
   ii. Litigation of disputed subfile claims.
   iii. Acequia and private ditch priority dates.
   iv. Diversion and irrigation water requirements.
   v. Federal non-Indian proprietary claims.
   vi. Treaty of Guadalupe Hidalgo.

2

   i. Section 8 (Rio Puerco): Court's E&O work.


3.  Santa Cruz/Truchas Adjudication:

  a. Individual and Acequia E&O issues.
  b. Court's E&O issues.
  c. United State Forest Service claim on Borrego Mesa.
  d. BLM claims.
  e. Santa Cruz Irrigation District storage right claim.
  f. Diversion and irrigation water requirements.
  g. Acequia customs.
  h. Finalize hydrographic survey maps.
  i. Groundwater and domestic and stock water claims.