IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

     Plaintiff,

   vs.

ROMAN ARAGON, *et al.,*

     Defendants.

69cv07941 BB-ACE

RIO CHAMA STREAM SYSTEM
Section 7: Rito de Tierra Amarilla,
Rio Brazos, Rutheron & Plaza Blanca,
Cañones Creek, Village of Chama

## <u>MOTION FOR RECONSIDERATION</u>

COMES NOW the Plaintiff State of New Mexico, *ex rel.* State Engineer ("State") and respectfully requests that the Special Master reconsider her Order Vacating Status Conference and Detailing Further Proceedings filed January 31, 2007 (Doc. No. 8540) ("Order"). The State requests the Special Master to amend her Order to remove the requirement that no later than February 16, 2007, counsel for the State and the Gallina – Capulin Acequia Association file:

  (a)  a joint proposal, complete with deadlines, for incorporating water allocation customs into the adjudication of Section 5 water rights claims; and

  (b)  in consultation with counsel for the United States of America, a jointly proposed schedule for *inter se* proceedings for Section 5.

The grounds for this motion are as follows:

  1.  With the exception of the determination of irrigation water requirements and ditch priorities, the adjudication of individual subfile claims in Section 5 is now complete. However, Consent Orders entered in individual subfiles have not included these essential elements of defendants'

water rights.[1]  As the Special Master is aware, the State has sought to reach an agreement with the Gallina – Capulin Acequia Association and the individual community acequias in Section 5 (collectively "Acequias") on  issues of irrigation water requirements and priorities prior to addressing these water right elements on an individual subfile basis.  On February 10, 2005, the State and the Acequias filed a Stipulation on Priority Dates in Section 5 (Doc. No. 7762).  A similar proposed Stipulation and Settlement Agreement on Irrigation Water Requirements in Section 5 is presently under consideration by the Acequias.  *See* Status Report filed January 30, 2007 (Doc. No. 8539). Neither of these agreements will have a preclusive effect on possible individual claims.  Until the State has reached a final resolution of these issues with the Acequias, and these issues have also been addressed on an *individual basis*, any proposal to schedule *inter se* proceedings is essentially speculative.

3.      Counsel for the State and  the Acequias have discussed possible *inter se* procedures and proceedings, however, these discussions are at a very preliminary stage.  In addition, the State has not yet received specific information or reports concerning asserted local customs in Section 5.  Until the State has had an adequate opportunity to review this information it is unable to make a determination of whether or not it would oppose the judicial recognition of such customs.  Further, the determination of local customs in Section 5 is a "third priority matter" under the September 22, 2007, Administrative Order on Case Management Priorities. Under the Administrative Order on Case Management Priorities the State shall pursue the resolution of third priority matters with due diligence, but shall not allocate

---

[1]      Pursuant to the procedural order entered March 15, 2000 (Doc. No. 5890), paragraph I (F), individual Consent Orders set out the amount and location of irrigated acreage, the point of diversion and purpose of use for each water right. The determination of irrigation water requirements and priorities is reserved for later determination.

resources to third priority matters at the expense of first or second priority matters.  The State believes that time spent in an attempt to jointly propose a schedule for *inter se* proceedings and a determination of local customs in Section 5 is premature and can only come at the expense of first and second priority matters, particularly the resolution of primary subfile claims in all sections.

4.       Counsel for the Acequias, Mary E. Humphrey, does not oppose the granting of this motion.

5.       Counsel for the United States of America, David W. Gehlert, does not oppose the granting of this motion.

WHEREFORE, the Plaintiff State of New Mexico *ex rel.* State Engineer requests that the Special Master reconsider her Order Vacating Status Conference and Detailing Further Proceedings filed January 31, 2007, and remove the requirement that no later than February 16, 2007, counsel for the State and the Acequias file a joint proposed schedule for *inter se* proceedings and a joint proposal, with deadlines, for the determination of water allocation customs in Section 5.

DATED: February 7, 2007.

Respectfully submitted,

   /s/ Ed Newville
EDWARD G.  NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the ___7___ day of February, 2007 I filed the foregoing electronically through the CM/ECF system.

___/s/ Ed Newville_____
Edward G. Newville
