IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer,<br><br>        Plaintiff,<br><br>    -v-<br><br>ROMAN ARAGON et al.,<br><br>        Defendants. | 69cv07941-BB<br><br>RIO CHAMA STREAM SYSTEM |

<u>ORDER GRANTING MOTIONS FOR RECONSIDERATION</u>

THIS MATTER is before the Special Master on the Motions for Reconsideration filed February 7, 2007 (Docket Nos. 8552 and 8553) by the Plaintiff State of New Mexico *ex rel.* State Engineer (State).  The Motions request that I reconsider certain elements of my Order Vacating Status Conference and Detailing Further Proceedings filed January 31, 2007 (No. 8540).

I have reviewed the Motions, and the January 30, 2007, Status Report filed by the State and the Gallina-Capulin Acéquias in Section 5 regarding the irrigation water requirements for Section 5 (No. 8539), and find that the Motions are well-taken and should be GRANTED.

One matter, that of completing the adjudication of the water rights in Section 5, deserves further discussion.  The first hydrographic survey report and maps for Section 5 were published and submitted to the Court June 25, 1997 (Nos. 5656, 5657).  Adjudication activities began with the filing of the amended hydrographic survey report on January 25, 2000 (No. 5878).   Section 5 includes fewer than 150 subfiles.  As the State acknowledges in Motion No. 8553, with the exception of irrigation water requirements and ditch priorities, the adjudication of individual subfile claims in Section 5 is complete.  In fact, the adjudication of the remaining elements of the individual water rights claims was substantially completed approximately two years ago, and a stipulation on ditch priority dates was filed February 10, 2005 (No. 7762).  Counsel for the Gallina-Capulin Acéquias has

1

raised the issue of incorporating water allocation customs into the adjudication of Section 5 claims. The State correctly points out that the determination of local customs in Section 5 may be considered a "third priority matter" under the September 22, 2006, Administrative Order on Case Management Priorities ( No. 8384): "Third Priority:  Resolution of all other non-Indian matters not identified above shall be third priority.  The State shall pursue resolution of third priority matters with due diligence, but shall not allocate resources to third priority matters at the expense of first or second priority matters."  Administrative Order at 3.  This provision, insofar as it applies to water allocation customs, appears to be in conflict with the Court's goal of completing the adjudication of Section 5 non-federal claims.  This topic, and strategies for completing the adjudication, should be addressed as soon as possible.

    IT IS ORDERED, THEREFORE, that

    1. The February 16, 2007, deadline for the State and the Acéquias Norteñas to file a joint proposal and schedule for adjudicating water banking claims is stricken.  This matter will be reported on and discussed at the regularly scheduled, May 7 general status conference.

    2. The February 16, 2007, deadline for the State, the Gallina-Capulin Acéquias, and the United States of America to submit proposals for proceeding with the adjudication of Section 5's water rights claims is stricken.

    3. Counsel for the State and the Gallina-Capulin Acéquias shall make every effort to discuss strategies for completing the adjudication of Section 5 non-federal rights, and may at any time request a status conference or working session on this subject prior to the May 7 general status conference.

    IT IS SO ORDERED.

                              */s/ Vickie L. Gabin*
                              SPECIAL MASTER