IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, ex rel.
the State Engineer,

          Plaintiff,

ROMAN ARAGON, et al.,

          Defendants.

No. 69 CV 7941-BB

Rio Chama Adjudication

Pueblo Claims Subproceeding 1

# SUBPROCEEDING COMPLAINT
# OF OHKAY OWINGEH

In accordance with Paragraph 4.1.2 of the Scheduling Order on Pueblo Claims, entered by the Special Master on November 3, 2004 [Docket No. 7639], Ohkay Owingeh (formerly known as the Pueblo of San Juan) hereby submits its Subproceeding Complaint for an adjudication of water rights based on past or present uses of diverted water on lands of the Pueblo (as defined below) within the geographic scope of this action.

1.    Ohkay Owingeh (also referred to herein as "the Pueblo") is a federally recognized Indian tribe and a sovereign Indian nation owning lands and aboriginal use rights on lands within the geographic scope of this adjudication.

2.    Ohkay Owingeh holds rights of exclusive use and occupancy, also known as aboriginal or Indian title, since time immemorial throughout much of the Rio Chama Stream System. These rights have never been extinguished by the United States or any other prior sovereign. (The lands to which these rights have been retained are referred to herein as "lands of the Pueblo.")

3. The sovereign right of Ohkay Owingeh to use and control water bordering or running through or over lands of the Pueblo has never been extinguished by the United States or any other prior sovereign.

4. The priority of Ohkay Owingeh's right to use water on lands of the Pueblo is time immemorial or first priority.

5. Ohkay Owingeh has the right, under federal law, to exercise its water rights and to use such rights for any purpose, and to divert water, in exercise of those rights, from any water source on lands of the Pueblo, including groundwater.

6. Ohkay Owingeh has the right, under federal law, to use the water rights adjudicated to the Pueblo in this proceeding for any purpose, notwithstanding the basis for the Pueblo's claim of right.

## WATER RIGHTS BASED ON PAST OR PRESENT USE WITHIN THE SAN JUAN PUEBLO GRANT

7. Ohkay Owingeh realleges the allegations set forth in Paragraphs 1 through 6 above, and by this reference incorporates each such allegation herein as if set forth in full.

8. The Kingdom of Spain granted Ohkay Owingeh fee simple title to lands within the San Juan Pueblo Grant, and that title was confirmed by an Act of Congress on December 22, 1858, 11 Stat. 374, subject to certain restrictions imposed by federal law.

9. Since time immemorial Ohkay Owingeh has diverted water for a wide variety of uses on lands within the San Juan Pueblo Grant, and within the geographical scope of this general stream adjudication, and continues to do so. Ohkay Owingeh retains aboriginal water rights within the exterior boundaries of the San Juan Pueblo

Grant, and the Pueblo may exercise these water rights on lands of the Pueblo by diverting water from either surface water sources or from groundwater.

10. Ohkay Owingeh realleges, and incorporates by reference herein, the allegations in Paragraphs 5 through 11 (and related tables and exhibits) of the United States' Complaint in this subproceeding, filed on March 30, 2007, which allegations detail past and present uses of diverted water and instream flows on Pueblo lands within the San Juan Pueblo Grant.

11. Ohkay Owingeh has a Tribal Land Consolidation Plan approved on July 13, 1988, by the Bureau of Indian Affairs (BIA), pursuant to the Indian Land Consolidation Act of 1982, 25 U.S.C. § 2203; and the Pueblo intends to amend that Plan to provide for reacquisition of lands lost through the Pueblo Lands Board process under the Pueblo Lands Act of 1924 (Act of June 7, 1924, 43 Stat. 636, amended by the Act of May 31, 1933, 48 Stat. 111) throughout that portion of the San Juan Pueblo Grant that lies within the geographical scope of this general stream adjudication.

12. When Ohkay Owingeh reacquires lands within the San Juan Pueblo Grant, it is entitled to exercise water rights, with a time immemorial priority date, measured and based on acreage historically irrigated by the Pueblo on those lands, and the Pueblo is also entitled to exercise water rights, with a time immemorial priority date, based on replacement water right law and the Pueblo Compensation Act of 1933, 48 Stat. 111.

## ABORIGINAL WATER RIGHTS, INCLUDING USE OF WATER ON LANDS OUTSIDE OF THE SAN JUAN PUEBLO GRANT

13. Ohkay Owingeh realleges the allegations set forth in Paragraphs 1 through 12 above, and by this reference incorporates each such allegation herein as if set forth in full.

14. From time immemorial Ohkay Owingeh has diverted and captured water for agricultural, domestic, cultural, hunting, gathering, and other sustainable uses on lands within their aboriginal territory, including lands comprising much of the land within the geographical scope of this general stream adjudication.

15. The people of Ohkay Owingeh, and their ancestors, have utilized a technologically diverse array of methods of altering the landscape for purposes of diverting and capturing water within their aboriginal territory, including canals, reservoirs and other impoundments, terraces, snow fences or other barriers, check dams, gravel mulches, pits, swales, and spreaders.

16. The ancestors of the people of Ohkay Owingeh used and occupied, and the people of Ohkay Owingeh continue to use and occupy, extensive areas within the geographical scope of this general stream adjudication. The pre-Columbian and historical use includes approximately 30 villages with thousands of rooms, numerous irrigated plots, hunting and gathering grounds, livestock grazing areas, and scores of cultural sites in an integrated system of sustainable farmland occupancy and use. The people of Ohkay Owingeh utilize these water resources to this day.

17. Ohkay Owingeh requires riparian species and instream flows in the Rio del Oso for its ancient and continuing religious and ceremonial practices. Ohkay

4

Owingeh claims a right to monthly flows necessary to maintain the stream in its natural state, subject to modest use by the inhabitants of existing villages along the stream.

18. The above-described uses of water within Ohkay Owingeh's aboriginal territory provide the basis for the existence of significant aboriginal water rights that are necessary to sustain the culture of Ohkay Owingeh.

19. These aboriginal water rights of Ohkay Owingeh have never been extinguished by the United States or any other prior sovereign.

## PRAYER

WHEREFORE, Ohkay Owingeh demands entry of a judgment decreeing that:

1. Ohkay Owingeh has an aboriginal priority right from time immemorial to capture and impound surface runoff, including arroyo flows, and groundwater seepage into impoundments at locations described in Table 1 of the United States' Complaint in this Subproceeding to fill and refill each impoundment to its capacity, and to use such impounded waters for any purpose.

2. Ohkay Owingeh has an aboriginal priority right from time immemorial to divert and deplete water from the three wells identified and described in Table 2 of the United States' Complaint in this Subproceeding, not less than one-half (0.5) acre-foot of water per year from Well W-01 and not less than one (1.0) acre foot per year from each of Wells W-02 and W-03, for a total of not less than 2.5 acre-feet per year, and to use such waters for any purpose.

3. Ohkay Owingeh has an aboriginal priority right from time immemorial to divert 1,786.46 acre-feet of water per year from the Rio Chama stream system, and to deplete 625.56 acre-feet of water per year, to irrigate Tracts 1 through 17, as shown on Map 1 and described in Table 3 of the United States' Complaint in this Subproceeding, and to use such water for any purpose.

4. Ohkay Owingeh has an aboriginal priority right from time immemorial to divert 12.06 acre-feet per year from unnamed arroyos and to deplete 6.03 acre-feet of water per year to irrigate the traditional agricultural features shown on Map 2 and described in Table 5 of the United States' Complaint in this Subproceeding, and to use such water for any purpose.

5. Ohkay Owingeh has the right, with aboriginal priority, to make ceremonial diversions and consumption of water of not less than 100 gallons of water per event, which may be diverted from any surface body of water on or adjacent to Pueblo lands at times within the sole discretion of Ohkay Owingeh.

6. Ohkay Owingeh has an aboriginal priority right to instream flows in the Rio Chama of not less than a monthly average of 37 cfs measured near Chamita Gauge, and to instream flows in the Chamita Ditch of not less than a monthly average of 4.0 cfs during the month of June, and not less than 2.0 cfs during other months of the irrigation season.

7. Ohkay Owingeh has, and will have, aboriginal water rights from time immemorial, measured and based on acreage historically irrigated by the Pueblo on any land reacquired within the exterior boundaries of the San Juan Pueblo Grant, and within

the geographical scope of this general stream adjudication, and the Pueblo may exercise these aboriginal water rights for any purpose.

8. Ohkay Owingeh has aboriginal water rights from time immemorial based on aboriginal use and occupancy (both past and present) of territory outside of the exterior boundaries of the San Juan Pueblo Grant, and throughout most of the geographical scope of this general stream adjudication, and those rights have never been extinguished by the United States or any other prior sovereign.

9. Ohkay Owingeh has an aboriginal priority right to instream flows in the Rio del Oso to maintain the stream in its natural state subject to modest use by the inhabitants of existing villages along the stream.

Dated: April 30, 2007

Respectfully submitted,

Lee Bergen
Bergen Law Offices, LLC
4110 Wolcott Avenue N.E., Suite A
Albuquerque, New Mexico 87109
(505) 798-0114
Lbergen@nativeamericanlawyers.com

Tim Vollmann
3301-R Coors Rd. N.W. #302
Albuquerque, New Mexico 87120
(505) 792-9168
Tim_Vollmann@hotmail.com

Attorneys for Ohkay Owingeh

_____
Tim Vollmann

CERTIFICATE OF SERVICE

I, Tim Vollmann, hereby certify that I filed the foregoing Subproceeding Complaint of Ohkay Owingeh electronically through the CM/ECF system on April 30, 2007, which caused the following parties or counsel to be served by electronic means, as more fully set forth in the Notice of Electronic Filing.

Special Master Vickie L. Gabin
 vlgabin@earthlink.net

David A. Benavides, Esq.
 davidb@nmlegalaid.org

Frank Bond, Esq.
 fbond@simonsfirm.com

James C. Brockmann, Esq.
 jcbrockmann@newmexicowaterlaw.com

Bradley S. Bridgewater
U.S. Department of Justice
 Bradley.Bridgewater@usdoj.gov

Christopher D. Coppin
 ccoppin@ago.state.nm.us

Charles T. DuMars, Esq.
 ctd@lrpa-usa.com

Randolph B. Felker, Esq.
 randfelker@aol.com

Jeffrey Fornacieri, Esq.
 jfornacieri@hinklelawfirm.com

Gary S. Friedman, Esq.
 gsf@chflaw.com

Ryan Margaret Golten, Esq.
 ryang@nmlegalaid.org

David W. Gehlert
 U.S. Department of Justice
 david.gehlert@usdoj.com

Mary E. Humphrey, Esq.
 humphrey@newmex.com

Noelle Graney, Esq.
 ngraney@nordhauslaw.com

Karla Janelle Haught, Esq.
 janelle.haught@state.nm.us

Susan G. Jordan, Esq.
 sjordan@nordhauslaw.com

Christopher Lindeen, Esq.
 christopher.lindeen@state.nm.us

John F. McCarthy, Jr.
 jfmc@wkkm.com

Edward G. Newville, Esq.
 ednewville@ixpn.com

Marcus J. Rael, Jr.
 marcus@roblesrael.com

Walter L. Reardon, Jr.
 walter@reardonlawnm.com

Peter B. Schoenfeld
 peterschoenfeld@qwest.net

Arianne Singer. Esq.
 Arianne.singer@state.nm.us

John W. Utton, Esq.
 jwu@ssslaw.com

Fred Waltz: Esq.
 fwaltz@kitcarson.net

And I further certify that I served the foregoing Subproceeding Complaint on the following non-CM/ECF participants by U.S. mail:

Fred Vigil
P.O. Box 687
Medanales, NM 87548-0687

Steven Bunch, Esq.
NMHSTD
P.O. Box 1149
Santa Fe, NM 87504-1149

Joseph V.R. Clarke
Cuddy, Kennedy, Hetherington,
 Alberta & Ives
P.O. Box 4160
Santa Fe, NM 87502-4160

Mary Ann Joca, Esq.
U.S. forest Service
P.O. box 586
Albuquerque, NM 87103-0586

C. Mott Woolley
112 W. San Francisco St., Suite 312C
Santa Fe, NM 87501-2090

Benjamin Phillips
Rebecca Dempsey
White, Koch, Kelly & McCarthy
P.O. Box 787
Santa Fe, NM 87504-0787

Daniel Cleavinger
P.O. Box 339
Tierra Amarilla, NM 87575

John E. Farrow
Farrow, Farrow & Stroz
P.O. Box 35400
Albuquerque, NM 87176

Randy E. Lovato
8100 Rancho Sueno Ct. NW
Albuquerque, NM 87120

Lucas O. Trujillo
P.O. Box 57
El Rito, NM 87530

Paula Garcia
NM Acequia Assn.
607 Cerrillos Rd., Suite F
Santa Fe NM 87505-3799

Tessa T. Davidson, Esq.
Swain, Schrandt & Davidson
4830 Juan Tabo NE, Suite F
Albuquerque, NM 87111

Ted J. Trujillo, Esq.
P.O. Box 2185
Espanola, NM 87532

Pierre Levy
Law Offices of Daniel J. O'Friel Ltd.
P.O. Box 2084
Santa Fe, NM 87504-2084

_/s/ Tim Vollmann_
Tim Vollmann