IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer<br><br>        Plaintiff,<br><br>        vs.<br><br>ROMAN ARAGON, *et al.,*<br><br>        Defendants. | 69cv07941-BB<br><br>RIO CHAMA STREAM SYSTEM<br><br>Sections 3 & 7 |

**RESPONSE OF STATE OF NEW MEXICO
TO ASSOCIACIÓN DE ACÉQUIAS NORTEÑAS DE RIO ARRIBA'S
MOTION TO ADOPT ORDER FOR NON-WAIVER OF
CLAIMS UNDER THE TREATY OF GUADALUPE HILDALGO**

The State of New Mexico on the relation of the State Engineer (the "State") hereby files this response to the Motion filed May 2, 2007, by the Associación de Acéquias Norteñas de Rio Arriba ("Acéquias Norteñas") (Doc. No. 8640). The motion should be denied for all of the following reasons: without explanation or justification, language has been added to the requested non-waiver Order that significantly expands the non-waiver provision in the existing procedural order applicable to Section 7; Acequia Norteñas will rely on the requested non-waiver Order to avoid the finality of approved Consent Orders in Section 3 and to assert additional claims to the use of water in that section, claims that are now barred; relief from judgment with respect to approved Consent Orders in Section 3 should be requested on an individual basis under Fed. R. Civ. P. 60(b); Acéquias Norteñas cites no authority to support its request for the adoption of the requested non-waiver Order.

Background. The requested non-waiver Order is very similar to a provision in the procedural order applicable to Section 7 in these proceeding.[1] *See Procedural Order for the Adjudication of Water Rights Claims in Section 7 of the Rio Chama Stream System* filed November 19, 2002 (Doc. 6939) ¶ II A(3) ("*Section 7 Procedural Order*").  However, it is not identical.  The non-waiver provision in the Section 7 procedural order was included at the request of Acéquias Norteñas.  The State's understanding of the provision was that it would allow defendants to raise additional claims to water rights (based on the Treaty of Guadalupe Hildalgo) other than those that were resolved in signed and approved Consent Orders.  There is no equivalent provision in the procedural order with respect to subfile proceedings in Section 3 (Rio Nutrias, Rio Cebolla and Canjilon Creek).  *See Procedural Order for the Adjudication of Water Rights Claims in Rio Nutrias, Rio Cebolla and Canjilon Creek Sections of the Rio Chama Stream System* filed July 25, 2000 (Doc. 5913) ("*Section 3 Procedural Order*").

Following the entry of the 2002 Section 7 Procedural Order, Acéquias Norteñas stated its intent to present evidence and submit legal argument regarding the applicability of the Treaty of Guadalupe Hildalgo to these proceedings, and to file a motion, argument and documentation in support of its position by June 1, 2004.  *See Joint Motion to Adopt Schedule for Completion and Exchange of Historical Reports* filed June 11, 2003 (Doc. 7156), ¶ 6.  After two extensions of time, Acéquias Norteñas filed a "statement of issues" regarding the applicability of the Treaty "and/or related authority" to water rights in both Sections 3 and 7 on June 6, 2006.  *See Associación de*

---

[1] Section 7 includes communities in the Tierra Amarilla, Rio Brazos, Rutheron, Plaza Blanca, Cañones Creek and Village of Chama subsections.  All of these communities lie within the exterior boundaries of the Tierra Amarilla land grant.  *See* Rio Brazos Hydrographic Survey, Section 7, Volume 2, Figure No. 1.

*Acéquias Norteñas de Rio Arriba's Statement of Issues Regarding the Applicability of the Treaty of Guadalupe Hidalgo and/or Related Authority to Water Rights in Section 3 and 7* filed June 6, 2006 (Doc. 8290) ("statement of issues").  The filing of a statement of issues rather than a motion or other pleading was consistent with the form of the *Order Amending Priorities Adjudication Schedule* filed February 21, 2006 (Doc. 8128).

      The State has filed no pleading in response to the statement of issues filed June 6, 2006. Acéquias Norteñas agrees with the State that there is no procedural obligation to do so.  The statement of issues neither meets the requirements of a motion under Fed. R. Civ. P. 7(b)(1) (application shall state with particularity the grounds therefor, and shall set forth the relief or order sought) or other pleading meeting the requirements of Fed. R. Civ. P. 8(a) (pleading shall contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks).  The State is of the opinion that the Court has no jurisdiction to address most of the matters that Acéquias Norteñas has identified in its statement of issues, and that in various instances Acéquias Norteñas has requested what would be an advisory opinion in the absence of a requisite factual context or case or controversy.  *See* Transcript of Proceedings filed November 22, 2006.

      At the request of the special master, the State and other parties have had multiple meetings with Acequias Norteñas to discuss the means by which Acequia Norteñas might raise its claims. In those discussions, the State has also stated its objection to the inclusion of one matter cited by Acequia Norteñas in its statement of issues concerning forfeiture and abandonment under State law. *See Statement of Issues* ¶ 6 ("Whether the Acequias are subject to state-law forfeiture and abandonment for periods of non-use prior to the entry of a final decree").  Unlike the State, the

Acéquias Norteñas would interpret the non-waiver provision in the existing Section 7 Procedural Order to allow defendants in this section to reopen a final determination of water rights in an approved Consent Order in order to assert the protection of the Treaty to avoid the effect of forfeiture and abandonment under State law. The State disagrees with this interpretation of the non-waiver provision in the Section 7 Procedural Order. Acequia Norteñas now seeks to extend the disputed non-waiver provision to defendants and subfile orders entered in Section 3.

<u>Additional language in the requested non-waiver Order.</u> The existing procedural order with respect to Section 7 allows defendants, after the signing of a Consent Order and at a later point in the proceedings, to assert claims that arise under the Treaty of Guadalupe Hildalgo. *See Order* filed November 19, 2002, ¶ 2(A)(3). No other source of law or grounds for raising such a claim is cited. If defendants in Section 7 wish to raise a claim of right under some other authority or legal theory the non-waiver provision does not apply.

The language in the requested non-waiver Order expands the basis for an assertion of additional claims in Section 7 to the "Treaty of Guadalupe Hildalgo <u>or related authority</u>." *See Motion* filed May 2, 2007 (emphasis added); *see also Statement of Issues* filed June 6, 2006. What this related authority may be is not discussed or identified, and the State and other parties can only speculate on what law or legal authority might be claimed to be "related" to the Treaty. The State believes that the revised language renders the non-waiver language open-ended and uncertain, and that the additional language would expand the basis for an assertion of claims well beyond any asserted protections of the Treaty. The State did not agree to this effect with the inclusion of the existing provision in the Section 7 Procedural Order. The State objects to both the uncertainty introduced by the revision and to the possible assertion of additional claims that are not directly

based upon the Treaty, but instead are said to have some relation to the Treaty in some way or another.

<span style="text-decoration: underline">Finality of Consent Orders in Section 3.</span>  Under the procedural order for the adjudication of water rights in Section 3 (Rio Nutrias, Rio Cebolla and Canjilon Creek), a claimant in agreement with all of the elements of the water rights as set forth in a proposed Consent Order was required to sign and return each order to the State on or before August 17, 2001.  *Section 3 Procedural Order* ¶ II (A)(1).[2]  The procedural order states: "A signed and returned Consent Order serves as the Claimant's Answer to the Complaint.  As between the State and the Claimant, the Consent Order finally adjudicates the water rights elements contained therein." *Id.* ¶ II (A)(2).  Consistent with this provision in the procedural order, each Consent Order entered in Section 3 states that the order is "a final judgment as to the elements of the Defendant's water rights set forth herein, subject to the right of the other claimants to file objections to individual orders, and to the entry of the final decree in this proceedings."  *See, e.g. Consent Order* entered December 12, 2005 (Doc. 8082) (Subfile CHNU-001-0002A).  Additionally, the Court makes the following finding in each Consent Order: "There is no just reason for delay for the entry of a final order as to the elements of the claims of the Defendant(s) adjudicated by this order." *Id.*  Under these provisions, the approval and entry of the State's proposed Consent Order in each case represents a final judgment within the meaning of Fed. R. Civ. P. 54(b) as to all matters determined in those orders.

In addition to a description of particular water rights elements, some Consent Orders in

---

[2] The Consent Orders entered in Section 3, like those in Section 5 and 7, do not make a complete determination of the elements of a defendant's water rights.  The orders determine the location and amount of irrigated acreage, source of water and point of diversion of surface water irrigation rights.  The determination of priority date and amount of water are reserved for future determination. *See Section 3 Procedural Order* ¶ I (F).

Section 3 identify and describe lands for which no water rights are associated and which are described as "No Right" or without water rights. *See, e.g. Consent Order* entered December 12, 2005 (Doc. 8082) (Subfile CHNU-001-0002A) (1.4 acres described as "No Right" in addition to 108.8 acres of land with appurtenant irrigation water rights). An order that describes "No Right" acreage represents a final judgment with respect to any claims of the defendant for water rights associated with a "No Right" tract of land. It is a final judgment by the Court stating that there are no appurtenant water rights associated that particular tract of land. If the Court adopts the requested non-waiver Order, the State expects Acequia Norteñas to assert claims for water rights for tracts of land in Section 3 that have previously been determined, in a final judgment, to have no appurtenant irrigation water rights.

In addition to the finality provisions cited above that bar the reopening of individual subfile orders, there is a bar to additional water rights claims in Section 3 as well. In the initial Section 3 Procedural Order, the Court established a deadline for filing an Answer rejecting the terms of the State's proposed Consent Orders and for the assertion of claims to water rights in Section 3 that were not included in the State's Hydrographic Survey. *See Section 3 Procedural Order* ¶¶ II (B)(2) & VI (I). Pursuant to this deadline, and after service by publication on unknown claimants of interest, the Court entered a default judgment that bars additional claims to surface water irrigations rights in Section 3. *See Order Granting Motion for Default Judgment* filed August 29, 2006 (Doc. 8367). There was no opposition to the granting of this motion by Acequia Norteñas.

The State respectfully asserts that adoption of the proposed non-waiver Order would conflict with both the finality of the judgments that have been entered in Section 3, and the bar against additional claims for surface water irrigation rights in this section.

Rule 60(b). The State believes that any relief from judgment with respect to approved Consent Orders in Section 3 should be sought under established and applicable procedural rules, that is under Fed. R. Civ. P. 60(b). Rule 60(b) provides standards for relief from final judgments and there would appear no valid reason to prefer a different approach in these proceedings. Rule 60(b) affirmatively states "the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by independent action." Fed. R. Civ. P. 60(b). Although a general adjudication of water rights for an entire stream system may be unique in some respects, the action remains subject to the federal rules generally adopted for all civil actions in the districts courts of the United States. *See* Fed. R. Civ. P. 1.

In addition, the State believes that any requested relief should be sought on an individual subfile basis rather than through the adoption of an Order that would retroactively provide for a non-waiver of claims for each and every defendant in Section 3. Approximately 300 individual Consent Orders have been entered in Section 3 to date. The effort has taken over 6 years. The Court, the State, and the defendants themselves all have a strong interest in bringing the proceedings in this section to a close. The State believes that the adoption of the requested non-waiver Order would precipitate a new round of water rights claims in Section 3 that will significantly delay any final action in this section and in these proceedings generally.

As stated, individual defendants have recourse to request relief under Rule 60(b), and the Court may make a determination of the merits of any such motion for relief on an individual subfile basis. Significantly, Acequias Norteñas does not represent all claimants or ditches in Section 3. To the best of the State's knowledge, it represents 4 member community ditches in the Canjilon subsection and 2 member ditches in the Cebolla subsection. It has no member ditches in the Nutrias

subsection.[3] The request by Acequias Norteñas for entry of the requested non-waiver Order that would be applicable to all defendants in Section 3, and that would by-pass applicable provisions of the federal rules, is overly broad and should be denied. This is supported by the well established rule that in the ordinary course a litigant must assert his or her own legal rights and interests. *See Pettit v. New Mexico*, 375 F.Supp. 2nd 1140, 1148 (D.N.M. 2004) (prudential limitations on standing encompass "the general prohibition on a litigant's raising another person's legal rights").[4]

No authority for requested Order cited. A motion must cite authority in support of the legal positions advanced. D.N.M.LR-Civ. 7.5. Acequia Norteñas cites to no authority to supports its request for the entry of the requested non-waiver Order. Instead, the Acequia Norteñas makes a brief statement that claimants in Section 3 and 7 have jointly pursued through the Associación recognition of their Treaty-protected rights, and that adoption of the requested provision would clarify the rights of the claimants in Section 3 and 7 to pursue those rights. The State believes this to be an insufficient explanation or justification for adopting the requested Order. Acequia Norteñas does not even describe the parties in these proceedings that it actually represents.

In addition, the State was unaware that Acequia Norteñas or any other party would raise a claim based on the Treaty with respect to the use of water in Section 3 until recently, and until the filing of the statement of issues by Acequia Norteñas on June 6, 2006. The communities in Section

---

[3] The approximate total number of ditches (community or private) in each of these subsections is as follows: Nutrias (24); Cebolla (32); Canjilon (29).

[4] The State also points out that while the requested non-waiver Order could affect the finality of all Consent Orders entered in Section 3, individual defendants in this section who could be affected by the entry of the requested order were not served with a copy of the Motion filed by Acéquias Norteñas. The State is unaware of any procedural order or rule that would allow for limited service of the Motion.

3 (Nutrias, Cebolla, Canjilon) have a different history of settlement from those in Section 7, which lie within the boundaries of the Tierra Amarilla land grant.  The relevance of the Treaty to claims for the use of water in Section 3 has not been explained in any pleading or other document filed with the Court and should not be assumed.

For the foregoing reasons, the State respectfully requests that the Court deny the request to adopt the requested non-waiver Order with respect Section 3 and 7.  Alternatively, if the Court grants the request for the entry of a non-waiver Order with respect to Treaty claims in Section 3, the State requests that the Court limit those claims ones that are based on the Treaty, and qualify the Order to state that it does not affect the finality of Consent Orders previously entered in that section.

Respectfully submitted,

 /s/ Ed Newville
EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the   21st   day of May, 2007 I filed the foregoing electronically through the CM/ECF system.

 /s/ Ed Newville
Edward G. Newville