IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, ex rel.<br>the State Engineer,<br><br>Plaintiff,<br><br>    -v-<br><br>RAMON ARAGON et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   No. 69cv07941-BB<br>)<br>)   Rio Chama Adjudication<br>)<br>)   **Pueblo Claims Subproceeding 1**<br>)<br>) |

RANCHO LOBO, LTD.'S ANSWER TO
UNITED STATES' SUBPROCEEDING COMPLAINT

Pursuant to the Scheduling Order on Pueblo Claims [Docket No. 7639] entered on November 3, 2004, RANCHO LOBO, LTD. ("Rancho Lobo"), by and through its attorneys, Brett J. Olsen, P.C. (Brett J. Olsen), answers the United States' Subproceeding Complaint [Docket No. 8609] filed March 30, 2007 (the "Complaint") as follows:

1.  Rancho Lobo admits that Ohkay Owingeh is a federally recognized Indian tribe. Rancho Lobo lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 1 of the Complaint and therefore denies the same.

2.  Rancho Lobo denies that all rights of Ohkay Owingeh to use and control water bordering, or running through or over, its lands have never been extinguished by the United States or any other prior sovereign. Rancho Lobo lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 2 of the Complaint and therefore denies the same.

3.  Rancho Lobo denies that the priority of any rights of Ohkay Owingeh to use water is aboriginal, time immemorial, or first priority. Rancho Lobo lacks knowledge or information

1

sufficient to form a belief as to the truth of the other allegations in paragraph 3 of the Complaint and therefore denies the same.

4. Rancho Lobo denies the allegations in paragraph 4 of the Complaint.

### Impoundments

5. Rancho Lobo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies the same.

### Wells

6. Rancho Lobo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies the same.

### Irrigated Land

7. Rancho Lobo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies the same.

8. Rancho Lobo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the same.

### Religious and Ceremonial Use

9. Rancho Lobo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the same.

10. Rancho Lobo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10 and 11 of the Complaint and therefore denies the same.

11. All allegations of the Complaint not expressly admitted by Rancho Lobo are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pursuant to the Treaty of Guadalupe Hidalgo, the rights of Ohkay Owingeh, under federal law, to divert and use the water of the Rio Chama stream system for all purposes are limited to those rights that were vested under Mexican Law as of May 13, 1846.

### Second Affirmative Defense

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama Stream System for all purposes do not include the right to increase its diversion and use of water from the Rio Chama stream system in excess of the maximum annual quantity of water lawfully diverted and used by Ohkay Owingeh pursuant to its vested rights under Mexican Law as of May 13, 1846.

### Third Affirmative Defense

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system for irrigation purposes cannot exceed the maximum annual quantity of water lawfully diverted and used by Ohkay Owingeh for such purposes between May 13, 1846, and June 7, 1924.

### Fourth Affirmative Defense

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system for domestic, livestock watering, or any other non-irrigation purpose cannot exceed the maximum annual quantity of water lawfully diverted and used by Ohkay Owingeh for such purposes between May 13, 1846, and June 7, 1924.

**Fifth Affirmative Defense**

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system do not include the right to divert and use groundwater, except to the extent that Ohkay Owingeh has established such a right by the lawful diversion and use of groundwater under the laws of Mexico or the Territory or State of New Mexico.

**Sixth Affirmative Defense**

Any diversion and use of water by Ohkay Owingeh initiated after May 13, 1846, in order to be lawful, must have been pursuant to the laws of the Territory or State of New Mexico, specifically including requirements under Territorial or State law to obtain a permit from the Territorial or State Engineer for the diversion and use of surface water after March 19, 1907, and requirements under State law to obtain a permit from the State Engineer for the diversion and use of groundwater within the Rio Grande Underground Water Basin after November 29, 1956.

**Seventh Affirmative Defense**

Ohkay Owingeh's claims to rights to divert and use the waters of the Rio Chama stream system are barred or limited by the Pueblo Lands Act of 1924 and the 1933 Act, and by the decisions of the Indian Claims Commission.

**Eighth Affirmative Defense**

Any rights Ohkay Owingeh had or may have to divert and use the waters of the Rio Chama stream system on grant lands are limited by the requirement of actual beneficial use.

**Ninth Affirmative Defense**

Any claims of Ohkay Owingeh to uses of water that may be supplied from other sources, including the Rio Grande, the Rio de Truchas and the Rio Santa Cruz, may not be claimed from the Rio Chama stream system.

### Tenth Affirmative Defense

Any claims of Ohkay Owingeh to uses of water from the Rio Chama stream system that may be supplied by federal project water, including from the San Juan-Chama Project, shall be reduced by the amount of such federal project supply.

### Eleventh Affirmative Defense

Any claims of the United States that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of estoppel.

### Twelfth Affirmative Defense

Any claims of the United States that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of res judicata or by the doctrines of claim or issue preclusion.

### Thirteenth Affirmative Defense

Any claims of the United States that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of laches.

### Fourteenth Affirmative Defense

Any claims of the United States that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of waiver, the doctrine of abandonment, forfeiture and by adverse possession.

### Fifteenth Affirmative Defense

Any claims of the United States that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by prior compromise and settlement.

### Sixteenth Affirmative Defense

The claims of the United States for Ohkay Owingeh are barred by the Treaty of Guadalupe Hidalgo and Article VI of the Constitution of the United States.

### Seventeenth Affirmative Defense

The claims of the United States for Ohkay Owingeh are barred by the laws and customs of the prior sovereign nations of Spain and Mexico.

### Eighteenth Affirmative Defense

The claims of the United States for Ohkay Owingeh, if recognized in whole or in part, would result in taking or impairment of valid and existing water rights of others without due process of law in violation of the Constitution of the United States and the State of New Mexico.

### Nineteenth Affirmative Defense

The claims of the United States for Ohkay Owingeh, if recognized in whole or in part, would deprive other water right owners of the equal protection of the law in violation of the Constitution of the United States and the State of New Mexico.

### Twentieth Affirmative Defense

Rancho Lobo has valid and existing water rights under New Mexico state law.

### Twenty-First Affirmative Defense

Use of any water right quantified to Ohkay Owingeh or the United States on its behalf shall be done in such a way as to eliminate any impacts to non-Indian water users.


**Twenty-Second Affirmative Defense**

Administration of any water right quantified to Ohkay Owingeh or the United States on its behalf shall be under New Mexico state law pursuant to the McCarran Amendment, 43 U.S.C. § 666.

WHEREFORE, Rancho Lobo, Ltd., having answered, respectfully requests the Court to require the United States to prove all elements of its claims filed on behalf of Ohkay Owingeh and to adjudicate those claims in accordance with applicable law.

        Respectfully submitted,

        BRETT J. OLSEN, P.C.

By:    ___/ electronic signature /_____
       Brett J. Olsen
       Post Office Box 1966
       Albuquerque, New Mexico  87103
       Telephone: (505) 247-4321 ext. 122
       Facsimile:  (505) 247-4441
       115 Eighth Street SW

**Attorneys for Rancho Lobo, Ltd.**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2007, I filed a copy of the foregoing pleading electronically through the CM/ECF system, and served true and correct copies via first class mail on the following:

Lee Bergen
Bergen Law Offices
4110 Wolcott Avenue, NE #A
Albuquerque, NM  87109

Tim Vollman
3301-R Coors Rd. NW #302
Albuquerque, NM  87120


    / electronic signature /_____
Brett J. Olsen