IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer,  )<br>)<br>Plaintiff,  )<br>)<br>   -v-  )<br>)<br>RAMON ARAGON et al.,  )<br>)<br>)<br>Defendants.  )<br>_____) | No. 69cv07941-BB<br><br>Rio Chama Adjudication<br><br>Ohkay Owingeh Claims<br>Subproceeding 1 |

## <u>ACÉQUIAS NORTEÑAS' ANSWER TO<br>SUBPROCEEING COMPLAINT OF OHKAY OWINGEH</u>

COMES NOW the Associación de Acéquias Norteñas de Rio Arriba (the Acéquias Norteñas), by and through its counsel of record, Sheehan, Sheehan & Stelzner, P.A. (John W. Utton) and hereby answers the Subproceeding Complaint of Ohkay Owingeh filed April 30, 2007 (the "Complaint") (Document 8634), as follows:

   1. The Acéquias Norteñas admit that Ohkay Owingeheh is a federally recognized Indian tribe. The Acéquias Norteñas are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 1 of the Complaint and therefore deny same.

   2. The Acéquias Norteñas deny the allegations set forth in paragraph 2 of the Complaint.

   3. The Acéquias Norteñas deny the allegations set forth in paragraph 3 of the Complaint.

   4. The Acéquias Norteñas deny the allegations set forth in paragraph 4 of the Complaint.

   5. The Acéquias Norteñas deny the allegations set forth in paragraph 5 of the Complaint.

6. The Acéquias Norteñas deny the allegations set forth in paragraph 6 of the Complaint.

7. The Acéquias Norteñas deny the allegations set forth in paragraph 7 of the Complaint.

8. The Acéquias Norteñas are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and therefore deny same.

9. The Acéquias Norteñas deny the allegations set forth in paragraph 9 of the Complaint.

10. The Acéquias Norteñas deny that Ohkay Owingeh is entitled to instream flows in the Rio Chama as set forth in paragraph 10 of the U.S. Complaint and incorporated by reference in paragraph 10 of the Complaint.  The Acéquias Norteñas are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations incorporated by reference in paragraph 10 of the Complaint and therefore deny same.

11. The Acéquias Norteñas are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore deny same.

12. The Acéquias Norteñas deny the allegations set forth in paragraph 12 of the Complaint and therefore deny same.

13. The Acéquias Norteñas deny the allegations set forth in paragraph 13 of the Complaint.

14.  The Acéquias Norteñas deny the allegations set forth in paragraph 14 of the Complaint.

15.  The Acéquias Norteñas are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and therefore deny same.

16. The Acéquias Norteñas are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and therefore deny same.

17. The Acéquias Norteñas deny that Ohkay Owingeh is entitled to instream flows in the Rio Chama as set forth in paragraph 17 of the Complaint. The Acéquias Norteñas are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 17 of the Complaint and therefore deny same.

18. The Acéquias Norteñas deny the allegations set forth in paragraph 18 of the Complaint.

19. The Acéquias Norteñas deny the allegations set forth in paragraph 19 of the Complaint.

20. All allegations not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pursuant to the Treaty of Guadalupe Hidalgo, the rights of Ohkay Owingeh, under federal law, to divert and use the water of the Rio Chama stream system for all purposes are limited to and cannot exceed those rights that were vested under Mexican Law as of May 13, 1846.

### Second Affirmative Defense

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system for all purposes do not include the right to increase its diversion and use of water from the Rio Chama Stream Systems in excess of the maximum annual quantity of water lawfully diverted and used by Ohkay Owingeh pursuant to its vested rights under Mexican Law as of May 13, 1846.

### Third Affirmative Defense

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system for irrigation purposes cannot exceed the maximum annual quantity of water lawfully diverted and used by Ohkay Owingeh for such purposes between May 13, 1846, and June 7, 1924.

### Fourth Affirmative Defense

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system for domestic, livestock watering, or any other non-irrigation purpose cannot exceed the maximum annual quantity of water lawfully diverted and used by Ohkay Owingeh for such purposes between May 13, 1846, and June 7, 1924.

### Fifth Affirmative Defense

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system do not include the right to divert and use groundwater, except to the extent that Ohkay Owingeh has established such a right by the lawful diversion and use of groundwater under the laws of Mexico or the Territory or State of New Mexico.

### Sixth Affirmative Defense

Any diversion and use of water by Ohkay Owingeh initiated after May 13, 1846, in order to be lawful, must have been pursuant to the laws of the Territory or State of New Mexico, specifically including requirements under Territorial or State law to obtain a permit from the Territorial or State Engineer for the diversion and use of surface water after March 19, 1907, and requirements under State law to obtain a permit from the State Engineer for the diversion and use of groundwater within the Rio Grande Underground Water Basin after November 29, 1956.

**Seventh Affirmative Defense**

Ohkay Owingeh's claims to rights to divert and use the waters of the Rio Chama stream system are barred or limited by the Pueblo Lands Act of 1924 and the 1933 Act, and by the decisions of the Indian Claims Commission.

**Eighth Affirmative Defense**

Any rights Ohkay Owingeh had or may have to divert and use the waters of the Rio Chama stream system on grant lands are limited by the requirement of actual beneficial use.

**Ninth Affirmative Defense**

Any claims of Ohkay Owingeh to uses of water that may be supplied from other sources, including the Rio Grande, the Rio de Truchas and the Rio Santa Cruz, may not be supplied by or claimed from the Rio Chama stream system.

**Tenth Affirmative Defense**

Any claims of Ohkay Owingeh to uses of water from the Rio Chama stream system that may be supplied by federal project water, including from the San Juan-Chama Project, shall be reduced by the amount of such federal project supply.

**Eleventh Affirmative Defense**

Any claims that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of estoppel.

**Twelfth Affirmative Defense**

Any claims that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by res judicata or by the doctrines of claim or issue preclusion.

### Thirteenth Affirmative Defense

Any claims that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of laches.

### Fourteenth Affirmative Defense

Any claims that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of waiver, the doctrine of abandonment and forfeiture and by adverse possession.

### Fifteenth Affirmative Defense

Any claims that Ohkay Owingeh had or may have the right to divert and use the waters of the Rio Chama stream system are barred by prior compromise and settlement.

### Sixteenth Affirmative Defense

The claims of Ohkay Owingeh are barred by Treaty of Guadalupe Hidalgo and Article VI of the Constitution of the United States.

### Seventeenth Affirmative Defense

The claims of Ohkay Owingeh are barred by the laws and customs of the prior sovereign nations of Spain and Mexico.

### Eighteenth Affirmative Defense

The claims of Ohkay Owingeh, if recognized in whole or in part, would result in taking or impairment of valid and existing water rights and other water rights of members of the Acéquias Norteñas and other water right owners without due process of law in violation of the Constitution of the United States and the State of New Mexico.

### Nineteenth Affirmative Defense

The claims of Ohkay Owingeh, if recognized in whole or in part, would deprive members of the Acéquias Norteñas and other water right owners of the equal protection of the law in violation of the Constitution of the United States and the State of New Mexico.

### Twentieth Affirmative Defense

The members of the Acéquias Norteñas have valid and existing water rights under New Mexico state law.

### Twenty-First Affirmative Defense

Use of any water right quantified to Ohkay Owingeh shall be done in such a way as to eliminate any impacts to non-Indian water users.

### Twenty-Second Affirmative Defense

Administration of any water right quantified to Ohkay Owingeh or the United States on its behalf shall be under New Mexico state law pursuant to the McCarran Amendment, 43 U.S.C. 666.

WHEREFORE, the Acéquias Norteñas, having answered, respectfully request the Court to require Ohkay Owingeh to prove all elements of its claims and to adjudicate those claims in accordance with applicable law.

*Electronically Filed*

BY:  /s/ John W. Utton, Esq.
JOHN W. UTTON
SHEEHAN, SHEEHAN & STELZNER, P.A.
Attorneys for Acéquias Norteña
707 Broadway, N. E., Suite 300
Post Office Box 271
Albuquerque, New Mexico  87103
(505) 247-0411
*jwu@ssslawfirm.com*

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on the 1st day of June, 2007, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Special Master Vickie L. Gabin**
vlgabin@earthlink.net

**Frank M. Bond**
fbond@simonsfirm.com

**Bradley S. Bridgewater**
bradley.bridgewater@usdoj.gov

**Christopher D. Coppin**
ccoppin@ago.state.nm.us

**Tessa T. Davidson**
ttd@tessadavidson.com

**Charles T. DuMars**
ctd@lrpa-usa.com

**Randolph B. Felker**
randfelker@aol.com

**Jeffrey Fornaciari**
jfornaciari@hinklelawfirm.com

**Gary S. Friedman**
gsf@chflaw.com

**David W Gehlert**
david.gehlert@usdoj.gov

**Ryan Margaret Golten**
ryang@nmlegalaid.org

**David A. Benavides, Esq.**
davidb@nmlegalaid.org

**Noelle Graney**
ngraney@nordhauslaw.com

**Karla JaNelle Haught**
janelle.haught@state.nm.us

**Mary E. Humphrey**
humphrey@newmex.com

**Susan G. Jordan**
sjordan@nordhauslaw.com

**Pierre Levy**
Pierre@danieljofriel.com

**Christopher Lindeen**
christopher.lindeen@state.nm.us

**John F. McCarthy, Jr.**
jfmc@wkkm.com

**David C. Mielki**
dmielke@abqsonosky.com

**Edward G. Newville**
ednewville@ixpn.com

**Brett J. Olsen**
brett_olsen@msn.com

**Quinlan Ranches New Mexico, LLC**
dml@lrpa-usa.com

**Marcus J. Rael, Jr.**
marcus@roblesrael.com

| | |
|---|---|
| **Walter L. Reardon, Jr.**<br>walter@reardonlawnm.com | **Timothy A. Vollmann**<br>tim_vollmann@hotmail.com |
| **Peter B. Shoenfeld**<br>petershoenfeld@qwest.net | **Fred Waltz**<br>fwaltz@kitcarson.net |
| **Arianne Singer**<br>arianne.singer@state.nm.us | |

**AND I FURTHER CERTIFY** that on such date I served the foregoing pleading on the following non-CM/ECF Participants via first class mail, postage prepaid addressed as follows:

**Lee Bergen**
Bergen Law Offices
4110 Wolcott Ave NE, #A
Albuquerque, NM 87109

**Paul L. Bloom**
White, Koch, Kelly & McCarthy
PO Box 787
Santa Fe, NM 87504-0787

**James C. Brockmann**
Stein & Brockmann, PA
PO Box 5250
Santa Fe, NM 87502-5250

**Christina J. Bruff**
Law & Resource Planning Associates
201 Third Street, NW, #1750
Albuquerque, NM 87102

**Steven L. Bunch**
NM Highway & Transportation Dept.
PO Box 1149
Santa Fe, NM 87504-1149

**Joseph van R. Clarke**
Cuddy, Kennedy, Albetta & Ives, LLP
PO Box 4160
Santa Fe, NM 87502-4160

**Daniel Cleavinger**
PO Box 2470
Farmington, NM 87499

**John E. Farrow**
Fairfield, Farrow & Strotz
PO Box 35400
Albuquerque, NM 87176-5400

**Paula Garcia**
607 Cerrillos Rd., #F
Santa Fe, NM 87505

**Henry Jacquez**
1110 Maez Rd
Santa Fe, NM 87501

**Mary Ann Joca**
US Department of Agriculture
General Counsel
PO Box 586
Albuquerque, NM 87103

**Randy E. Lovato**
8100 Rancho Sueno Ct., NW
Albuquerque, NM 87120-3488

**Hope Miner**
23 Cuchilla de Lupe
Placitas, NM 87043

9

**Fred Vigil, Chairman**
NM Acequia Commission
PO Box 687
Medanales, NM 87548-0687

**Ernest L. Padilla**
Padilla Law Firm, PA
PO Box 2523
Santa Fe, NM 87504

**Benjamin Phillips**
White, Koch, Kelly & McCarthy
PO Box 787
Santa Fe, NM 87504-0787

**Jay F. Stein**
Stein & Brockmann, PA
PO Box 5250
Santa Fe, NM 87502-5250

**Lucas O. Trujillo**
PO Box 57
El Rito, NM 87530

**Ted J. Trujillo**
PO Box 2185
Espanola, NM 87532

**C. Mott Woolley**
112 W. San Francisco, #312C
Santa Fe, NM 87501-2090


/s/ *John W. Utton*
JOHN W. UTTON