# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* STATE ENGINEER, | ) ) ) | No. 69cv07941-BB |
| Plaintiff, | ) ) | |
| v. | ) | Rio Chama Adjudication |
| ROMAN ARAGON, et al., | ) ) ) | |
| | ) | **Pueblo Claims Subproceeding 1** |
| Defendants. | ) ) ) | |

## STATE OF NEW MEXICO'S
## ANSWER TO UNITED STATES' SUBPROCEEDING COMPLAINT

The State of New Mexico *ex rel*. State Engineer ("State") answers the United States of America's March 30, 2007 Subproceeding Complaint, No. 8609, ("Complaint") as follows:

1. The State admits that Ohkay Owingeh (Pueblo of San Juan) is a federally recognized Indian tribe. The State is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 1 of the Complaint.

2. The State denies the allegations set forth in paragraph 2 of the Complaint.

3. The State denies that the priority of any rights of Ohkay Owingeh to divert and use water for livestock watering purposes is aboriginal, time immemorial, or first priority. The State denies that any rights of Ohkay Owingeh that may have been established by the diversion and use of water by the Pueblo initiated after May 13, 1846

are entitled to aboriginal, time immemorial, or first priority. The State is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 3 of the Complaint.

4. The State denies the allegations set forth in paragraph 4 of the Complaint.

### Impoundments

5. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

### Wells

6. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

### Irrigated Lands

7. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 7 and 8 of the Complaint.

### Religious and Ceremonial Use

8. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

### Instream Flow Use

9. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 10 and 11 of the Complaint.

**First Affirmative Defense**

Pursuant to the Treaty of Guadalupe Hidalgo, the rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system for all purposes are limited to those rights that were vested under Mexican Law as of May 13, 1846.

**Second Affirmative Defense**

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system do not include the right to increase its diversion and use of water from the Rio Chama stream system in excess of the maximum annual quantity of water lawfully diverted and used by the Pueblo pursuant to its vested rights under Mexican Law as of May 13, 1846.

**Third Affirmative Defense**

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system for irrigation purposes cannot exceed the maximum annual quantity of water lawfully diverted and used by the Pueblo to irrigate those Pueblo lands actually irrigated between May 13, 1846, and June 7, 1924.

**Fourth Affirmative Defense**

The rights of Ohkay Owingeh, under federal law, to divert and use the waters of the Rio Chama stream system for domestic, livestock watering, or any other non-irrigation purpose cannot exceed the maximum annual quantity of water lawfully diverted and used by the Pueblo for such purposes between May 13, 1846, and June 7, 1924.

### Fifth Affirmative Defense

The rights of Ohkay Owingeh to divert and use the waters of the Rio Chama stream system do not include the right to divert and use groundwater, except to the extent that the Pueblo has established such a right by the lawful diversion and use of groundwater under the laws of Mexico or the Territory or State of New Mexico.

### Sixth Affirmative Defense

Any diversion and use of water by Ohkay Owingeh initiated after May 13, 1846, in order to be lawful, must have been pursuant to the laws of the Territory or State of New Mexico, including specifically requirements under Territorial or State law to obtain a permit from the Territorial or State Engineer for the diversion and use of surface water after March 19, 1907, and requirements under State law to obtain a permit from the State Engineer for the diversion and use of groundwater within the Rio Grande Underground Water Basin after November 29, 1956.

### Seventh Affirmative Defense

Ohkay Owingeh's claims to rights to divert and use the waters of the Rio Chama stream system may be barred or limited by the Pueblo Lands Act of 1924 and the 1933 Act, and by the decisions of the Indian Claims Commission.

### Eighth Affirmative Defense

Any rights Ohkay Owingeh may have to divert and use the waters of the Rio Chama stream system on grant lands are limited by the requirement of actual beneficial use.

WHEREFORE, the State of New Mexico, having answered, respectfully requests that the Court require the United States of America to prove all elements of its claims to rights to divert and use water filed on behalf of Ohkay Owingeh.

        Respectfully submitted,

        /s/ Gregory C. Ridgley
        _____
        DL Sanders
        Gregory C. Ridgley
        Special Assistant Attorneys General
        New Mexico Office of the State
           Engineer
        P.O. Box 25102
        Santa Fe, NM  87504-5102
        (505) 827-6150

        Attorneys for Plaintiff, State of New Mexico *ex rel*. State Engineer

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 1, 2007, I filed the forgoing *State of New Mexico's Answer to United States' Subproceeding Complaint* electronically through the CM/ECF system, which caused all CM/ECF Participants in this action to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. I further certify that on such date I served the forgoing on the following non-CM/ECF participants via first class mail, postage prepaid, addressed as follows:

Lee Bergen
Bergen Law Offices
4110 Wolcott Ave NE #A
Albuquerque, NM 87109

Paul L Bloom
White, Koch, Kelly & McCarthy
PO Box 787
Santa Fe, NM 87504-0787

James C. Brockmann
Stein & Brockmann, PA
PO Box 5250
Santa Fe, NM 87502-5250

Christina J Bruff
Law & Resource Planning Associates
201 Third Street, NW #1750
Albuquerque, NM 87102

Steven L. Bunch
NM Highway & Transportation Department
PO Box 1149
Santa Fe, NM 87504-1149

Joseph Van R. Clarke
Cuddy, Kennedy, Albetta & Ives, LLP
PO Box 4160
Santa Fe, NM 87502-4160

Daniel Cleavinger
PO Box 2470
Farmington, NM 87499

Paula Garcia
607 Cerrillos Rd #F
Santa Fe, NM 87505

Henry Jacquez
1110 Maez Rd
Santa Fe, NM 87501

Mary Ann Joca
US Department of Agriculture
General Counsel
PO Box 586
Albuquerque, NM 87103

Randy E Lovato
8100 Rancho Sueno Ct., NW
Albuquerque, NM 87120-3488

Hope Miner
23 Cuchilla de Lupe
Placitas, NM 87043

NM Acequia Commission
Fred Vigil, Chairman
PO Box 687
Medanales, NM 87548-0687

Ernest L. Padilla
Padilla Law Firm, PA
PO Box 2523
Santa Fe, NM 87504

NEW MEXICO'S ANSWER
TO UNITED STATES' COMPLAINT

John E. Farrow
Fairfield, Farrow & Strotz
PO Box 35400
Albuquerque, NM 87176-5400

Quinlan Ranches New Mexico, LLC
c/o Law & Resource Planning Associates, P.C.
201 Third Street NW, Suite 1750
Albuquerque, NM 87102

Jay F. Stein
Stein & Brockmann, PA
PO Box 5250
Santa Fe, NM 87502-5250

Lucas O Trujillo
PO Box 57
El Rito, NM 87530

Ted J Trujillo
PO Box 2185
Espanola, NM 87532

C. Mott Woolley
112 W San Francisco
#312C
Santa Fe, NM 87501-2090

Benjamin Phillips
White, Koch, Kelly &
McCarthy
PO Box 787
Santa Fe, NM 87504-0787

_____/s/_____
Gregory C. Ridgley