IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO ex rel. State Engineer, et al., | ) ) ) | |
| Plaintiffs, | ) ) | 69cv07941-BB-ACE |
| v. | ) ) | RIO CHAMA ADJUDICATION |
| RAMON ARAGON, et al., | ) ) | Pueblo Claims Subproceeding 1 |
| Defendants. | ) ) ) | |

## ANSWER OF CITY OF ESPAÑOLA TO
## SUBPROCEEDING COMPLAINT OF OHKAY OWINGEH

COMES NOW, the City of Española ("City"), by and through its counsel of record, Stein & Brockmann, P.A., and hereby answers the Subproceeding Complaint of Ohkay Owingeh dated April 30, 2007 ("Subproceeding Complaint") as follows:

1. The City admits that the Ohkay Owingeh ("Pueblo") is a federally recognized Indian tribe. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph No. 1 of the Subproceeding Complaint and therefore denies the same.

2. The City denies that the Pueblo holds rights of exclusive use and occupancy, also known as aboriginal or Indian title, since time immemorial throughout much of the Rio Chama Stream System. The City denies that such claimed rights have never been extinguished by the United States or any other prior sovereign. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph No. 2 of the Subproceeding Complaint and therefore denies the same.

3. The City denies that the claimed "sovereign right" of the Pueblo to use and control water bordering or running through or over its lands have never been extinguished by the United States or any other prior sovereign as alleged in Paragraph No. 3 of the Subproceeding Complaint.

4. The City denies that the priority of any claimed rights to use water of the Pueblo on lands of the Pueblo is time immemorial or first priority as alleged in Paragraph No. 4 of the Subproceeding Complaint.

5. The City denies that the Pueblo has the right, under federal law, to exercise its water rights and to use such rights for any purpose, and to divert water in exercise of those rights, from any water source on lands of the Pueblo, including groundwater, as alleged in Paragraph No. 5 of the Subproceeding Complaint.

6. The City denies all allegations of Paragraph No. 6 of the Subproceeding Complaint.

### WATER RIGHTS BASED ON PAST OR PRESENT USE WITHIN THE SAN JUAN PUEBLO GRANT

7. With respect to Paragraph No. 7 of the Subproceeding Complaint, the City restates its answers set forth in paragraphs 1 through 6 above and incorporates by reference each such response as if set forth fully herein.

8. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 8 of the Subproceeding Complaint and therefore denies the same.

9. The City denies that the Pueblo has diverted water for a wide variety of uses since time immemorial on lands within the San Juan Pueblo Grant, and within the geographical scope of the general stream system adjudication, and continues to do so. The City denies that the Pueblo retains aboriginal water rights within the exterior boundaries of the San Juan Pueblo Grant, and that

the Pueblo may exercise those water rights on lands of the Pueblo by diverting water from either surface water or from groundwater as alleged in Paragraph 9 of the Subproceeding Complaint.

10. With respect to Paragraph No. 10 of the Subproceeding Complaint which realleges, and incorporates by reference, the allegations in Paragraphs 5 through 11 (and related tables and exhibits) of the United States' Complaint in this Subproceeding, filed on March 30, 2007, the City answers as follows:

    a. The City denies the allegations in Paragraph 5 of the United States' Subproceeding Complaint (and related tables and exhibits);

    b. The City denies the allegations in Paragraph 6 of the United States' Subproceeding Complaint (and related tables and exhibits);

    c. The City denies the allegations in Paragraph 7 of the United States' Subproceeding Complaint (and related tables and exhibits);

    d. The City denies the allegations in Paragraph 8 of the United States' Subproceeding Complaint (and related tables and exhibits);

    e. The City denies the allegations in Paragraph 9 of the United States' Subproceeding Complaint (and related tables and exhibits);

    f. The City denies the allegations in Paragraph 10 of the United States' Subproceeding Complaint (and related tables and exhibits); and

    g. The City denies the allegations in Paragraph 11 of the United States' Subproceeding Complaint (and related tables and exhibits).

11. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 11 of the Subproceeding Complaint and therefore denies the same.

12. The City denies that if the Pueblo reacquires land within the San Juan Pueblo Grant that it will be entitled to exercise water rights, with a time immemorial priority date, measured and based on acreage historically irrigated by the Pueblo on those lands, and that the Pueblo will be entitled to exercise water rights, with a time immemorial priority date, based on replacement water right law and the Pueblo Compensation Act of 1933, 48 Stat. 111.

### ABORIGINAL WATER RIGHTS, INCLUDING USE OF WATER ON LANDS OUTSIDE OF THE SAN JUAN PUEBLO GRANT

13. With respect to Paragraph No. 13 of the Subproceeding Complaint, the City restates its answers set forth in Paragraph Nos. 1 through 12 above and incorporates by reference each such response as if set forth fully herein.

14. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 14 of the Subproceeding Complaint and therefore denies the same.

15. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 15 of the Subproceeding Complaint and therefore denies the same.

16. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 16 of the Subproceeding Complaint and therefore denies the same.

17. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 17 of the Subproceeding Complaint and therefore denies the same.

18. The City denies that the alleged historical and current uses of water within the Pueblo's alleged aboriginal territory provide the basis for the existence of significant aboriginal

water rights that are necessary to sustain the culture of the Pueblo as alleged in Paragraph No. 18 of the Subproceeding Complaint.

19.   The City denies that the Pueblo's aboriginal water rights have never been extinguished by the United States or any other prior sovereign as alleged in Paragraph No. 19 of the Subproceeding Complaint.

20.   All allegations in the Subproceeding Complaint not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pursuant to the Treaty of Guadalupe Hidalgo, the rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama stream system for all purposes are limited to those rights that were vested under Mexican Law as of May 13, 1846.

### Second Affirmative Defense

The rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama stream system for all purposes do not include the right to increase its diversion and use of water from the Rio Chama stream system in excess of the maximum annual quantity of water lawfully diverted and used by the Pueblo pursuant to its vested rights under Mexican Law as of May 13, 1846.

### Third Affirmative Defense

The rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama stream system for irrigation purposes cannot exceed the maximum annual quantity of water lawfully diverted and used by the Pueblo for such purposes between May 13, 1846, and June 7, 1924.

### Fourth Affirmative Defense

The rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama stream system for domestic, livestock watering, or any other non-irrigation purpose cannot exceed the maximum annual quantity of water lawfully diverted and used by the Pueblo for such purposes between May 13, 1846, and June 7, 1924.

### Fifth Affirmative Defense

The rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama stream system do not include the right to divert and use groundwater, except to the extent that the Pueblo has established such a right by the lawful diversion and use of groundwater under the laws of Mexico or the Territory or State of New Mexico.

### Sixth Affirmative Defense

Any diversion and use of water by the Pueblo, and the United States on behalf of the Pueblo, initiated after May 13, 1846, in order to be lawful, must have been pursuant to the laws of the Territory or State of New Mexico, specifically including requirements under Territorial or State law to obtain a permit from the Territorial or State Engineer for the diversion and use of surface water after March 19, 1907, and requirements under State law to obtain a permit from the State Engineer for the diversion and use of groundwater within the Rio Grande Underground Water Basin after November 29, 1956.

### Seventh Affirmative Defense

Pueblo claims, and claims of the United States on behalf of the Pueblo, to rights to divert and use the waters of the Rio Chama stream system are barred or limited by the Pueblo Lands Act of 1924 and the 1933 Act, and by the decisions of the Indian Claims Commission.

### Eighth Affirmative Defense

Any rights the Pueblo, and the United States on behalf of the Pueblo, had or may have to divert and use the waters of the Rio Chama stream system on grant lands are limited by the requirement of actual beneficial use.

### Ninth Affirmative Defense

Any claims of the Pueblo, and the United States on behalf of the Pueblo, that the Pueblo had or may have to the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of estoppel.

### Tenth Affirmative Defense

Any claims that the Pueblo, and the United States on behalf of the Pueblo, had or may have to the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of laches.

### Eleventh Affirmative Defense

Any claims that the Pueblo, and the United States on behalf of the Pueblo, had or may have to the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of waiver.

## Twelfth Affirmative Defense

Any claims that the Pueblo, and the United States on behalf of the Pueblo, had or may have to the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of claim preclusion.

## Thirteenth Affirmative Defense

Any claims that the Pueblo, and the United States on behalf of the Pueblo, had or may have to the right to divert and use the waters of the Rio Chama stream system are barred by the doctrine of issue preclusion.

## Fourteenth Affirmative Defense

Any claims that the Pueblo, and the United States on behalf of the Pueblo, had or may have to the right to divert and use the waters of the Rio Chama stream system are barred by prior compromise and settlement.

## Fifteenth Affirmative Defense

The claims of the Pueblo, and the United States on behalf of the Pueblo, are barred by the Treaty of Guadalupe Hidalgo and Article VI of the Constitution of the United States.

## Sixteenth Affirmative Defense

The claims of the Pueblo, and the United States on behalf of the Pueblo, are barred by the laws and customs of the prior sovereign nations of Spain and Mexico.

## Seventeenth Affirmative Defense

The claims of the Pueblo, and the United States on behalf of the Pueblo, if recognized in whole or in part, would result in taking or impairment of valid and existing water rights and other rights of the City and other water right owners without due process of law in violation of the Constitution of the United States and the State of New Mexico.

### Eighteenth Affirmative Defense

The claims of the Pueblo, and the United States on behalf of the Pueblo, if recognized in whole or in part, would deprive the City and other water right owners of the equal protection of the law in violation of the Constitution of the United States and the State of New Mexico.

### Nineteenth Affirmative Defense

The City has valid and existing water rights under New Mexico state law.

### Twentieth Affirmative Defense

Use of any water right quantified to the Pueblo, or the United States on its behalf, shall be done in such a way as to eliminate any impacts to non-Indian water users.

### Twenty-First Affirmative Defense

Administration of any water right quantified to the Pueblo, or the United States on its behalf, shall be under New Mexico state law pursuant to the McCarran Amendment, 43 U.S.C. 666.

WHEREFORE, the City of Española respectfully requests that the Court deny the prayers for relief in Paragraph Nos. 1-9 of the Prayer found in the Subproceeding Complaint of Ohkay Owingeh, deny the prayers for relief in Paragraph Nos. 1 - 7 of the Prayer in the United States' Complaint of March 30, 2007 (incorporated by reference in the Pueblo's Subproceeding Complaint), grant the City of Española's affirmative defenses, and adjudicate the water rights of Ohkay Owingeh

as are proved by the United States and Ohkay Owingeh in accordance with consistent principles of applicable law.

                        STEIN & BROCKMANN, P.A.

                        By _/s/ Jay F. Stein_
                        Jay F. Stein
                        James C. Brockmann
                        P.O. Box 5250
                        Santa Fe, NM 87502-5250
                        (505) 983-3880
                        jfstein@newmexicowaterlaw.com

                        ***Attorneys for City of Española***

CERTIFICATE OF SERVICE

I, Jay F. Stein, hereby certify that I filed the foregoing Answer of City of Espanola to Subproceeding Complaint of Ohkay Owingeh electronically through the CM/ECF system on June 1, 2007, which caused the following parties or counsel to be served by electronic means, as more fully set for the in the Notice of Electronic Filing.

Special Master Vickie L. Cabin
specialmastergabin@nmwaterrightsdata.org

Frank Bond, Esq.
fbond@simonsfirm.com

Christopher D. Coppin
ccoppin@ago.state.nm.us

Randolph B. Felker, Esq.
randfelker@aol.com

Gary S. Friedman, Esq.
gsfchflaw.com

David W. Gehlert
U.S. Department of Justice
david.gehlert@usdof.com

Noelle Graney, Esq.
ngraney@nordhauslaw.com

Susan G. Jordan, Esq.
sjordan@nordhauslaw.com

John F. McCarthy, Jr.
jfmc@wkkm.com

Marcus J. Rael, Jr.
marcus@roblesrael.com

Peter B. Schoenfeld

David A. Benavides, Esq.
davidb@nmlegalaid.org

Bradley S. Bridgewater
U.S. Department of Justice
Bradley.bridgewater@usdoj.gov

Charles T. DuMars, Esq.
Christina J. Bruff, Esq.
ctd@lrpa-usa.com

Jeffrey Fornacieri, Esq.
jfornacieri@hinklelawfirm.com

Ryan Margaret Golten, Esq.
ryang@nmlegalaid.rog

Mary E. Humphrey, Esq.
Humphrey@newmex.com

Karla Janelle Haught, Esq.
janelle.haught@state.nm.us

Christopher Lindeen, Esq.
christopher.lindeen@state.nm.us

Edward G. Newville, Esq.
ednewville@ixpn.com

Walter L. Reardon, Jr.
watler@reardonlawnm.com

Arianne Singer, Esq.

peterschoenfeld@qwest.com

John W. Utton, Esq.
jwu@ssslaw.com

arianne.singer@state.nm.us

Fred Waltz, Esq.
fwaltz@kitcarson.net

And I further certify that I served the foregoing Subproceeding Complaint on the following non-CM/ECF participants by U.S. mail:

Fred Vigil
P.O. Box 687
Medanales, NM  87548-0687

Joseph V.R. Clarke
Cuddy, Kennedy, et al.
P.O. Box 4160
Santa Fe, NM  87502-4160

C. Mott Woolley
112 W. San Francisco St., Suite 312C
Santa Fe, NM  87501-2090

Daniel Cleavinger
P.O. Box 339
Tierra Amarilla, NM  87575

Randy E. Lovato
8100 Rancho Sueno Court, NW
Albuquerque, NM  87120

Paula Garcia
NM Acequia Assn.
607 Cerrillos Road, Suite F
Santa Fe, NM  87505-3799

Pierre Levy
Law Offices of Daniel J. O'Friel Ltd.
P.O. Box 2084
Santa Fe, NM  87504-2084

Steven Bunch, Esq.
NMHSTD
P.O. Box 1149
Santa Fe, NM  87504-1149

Mary Ann Joca, Esq.
U.S. Forest Service
P.O. Box 586
Albuquerque, NM  87103-0586

Benjamin Phillips
Rebecca Dempsey
Paul L. Bloom
White, Koch, Kelly & McCarthy
P.O. Box 787
Santa Fe, NM  87504-0787

John E. Farrow
Farrow, Farrow & Stroz
P.O. Box 35400
Albuquerque, NM  87176

Lucas O. Trujillo
P.O. Box 57
El Rito, NM  87530

Tessa T. Davidson, Esq.
Swain, Schrandt & Davidson
4830 Juan Tabo NE, Suite F
Albuquerque, NM  87111

Karen L. Townsend
120 E. Chaco
Aztec, NM  87410-1910

Ernest L. Padilla  
Padilla Law Firm, PA  
P.O. Box 2523  
Santa Fe, NM  87504  

Hope Miner  
23 Cuchilla de Lupe  
Placitas, NM  87043  

Stacey J. Goodwin  
300 Galisteo Street, #205  
Santa Fe, NM  87501  

Brett J. Olson  
7500 Montgomery Blvd. NE, #A  
Albuquerque, NM  87109  

Henry Jacquez  
1110 Maez Road  
Santa Fe, NM  87501  

Dated this 1st day of June, 2007.

Respectfully submitted,

_____  
Jay F. Stein

P:\Espanola\Aragon\answer to complaint.doc