IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO ex rel.<br>State Engineer, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAMON ARAGON, et al.,<br><br>    Defendants. | 69cv07941-BB-ACE<br><br>RIO CHAMA ADJUDICATION<br><br>Pueblo Claims Subproceeding 1 |

### ANSWER OF CITY OF ESPAÑOLA TO
### SUBPROCEEDING COMPLAINT OF THE UNITED STATES

COMES NOW, the City of Española ("City"), by and through its counsel of record, Stein & Brockmann, P.A., and hereby answers the Subproceeding Complaint of the United States dated March 30, 2007 ("Subproceeding Complaint") as follows:

1. The City admits that the Ohkay Owingeh ("Pueblo") is a federally recognized Indian tribe. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph No. 1 of the Subproceeding Complaint and therefore denies the same.

2. The City denies that there is a sovereign right of Ohkay Owingeh to use and control water bordering, or running through or over, its lands that has never been extinguished by the United States or any other prior sovereign as set forth in Paragraph No. 2 of the Subproceeding Complaint.

3. The City denies that the priority of any rights of the Pueblo to use water is aboriginal, time immemorial, or first priority. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph No. 3 of the Subproceeding Complaint and therefore denies the same.

4.      The City denies that once quantified by judicial decree, the Pueblo has the right to use claimed water rights for any purpose as set forth in Paragraph No. 4 of the Subproceeding Complaint.

## IMPOUNDMENTS

5.      The City denies that the Pueblo is entitled to the impoundments of surface water set forth in Paragraph No. 5 of the Subproceeding Complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph No. 5 (and related tables and exhibits) of the Subproceeding Complaint and therefore denies the same.

## WELLS

6.      The City denies that the Pueblo is entitled to groundwater from wells as set forth in Paragraph No. 6 of the Subproceeding Complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph No. 6 (and related tables and exhibits) of the Subproceeding Complaint and therefore denies the same.

## IRRIGATED LANDS

7.      The City denies that the Pueblo is entitled to the irrigation of tracts of farm land or to the diversion and depletion quantities set forth in Paragraph No. 7 of the Subproceeding Complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph No. 7 of the Subproceeding Complaint (and related tables and exhibits) and therefore denies the same..

8.      The City denies that the Pueblo is entitled to the irrigation of the traditional agricultural features or to the diversion and depletion quantities set forth in Paragraph No. 8 of the Subproceeding Complaint. The City is without knowledge or information sufficient to form a belief

as to the truth of the remainder of the allegations set forth in Paragraph No. 8 of the Subproceeding Complaint (and related tables and exhibits) and therefore denies the same.

9. The City denies the allegations in Paragraph No. 9 of the Subproceeding Complaint (and related tables and exhibits).

10. The City denies the allegations in Paragraph No. 10 of the Subproceeding Complaint (and related tables and exhibits).

11. The City denies the allegations in Paragraph No. 11 of the Subproceeding Complaint (and related tables and exhibits).

12. All allegations in the Subproceeding Complaint not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pursuant to the Treaty of Guadalupe Hidalgo, the rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama Stream System for all purposes are limited to those rights that were vested under Mexican Law as of May 13, 1846.

### Second Affirmative Defense

The rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama stream system for all purposes do not include the right to increase its diversion and use of water from the Rio Chama Stream System in excess of the maximum annual quantity of water lawfully diverted and used by the Pueblo pursuant to its vested rights under Mexican Law as of May 13, 1846.

### Third Affirmative Defense

The rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama Stream System for irrigation purposes cannot exceed the maximum annual quantity of water lawfully diverted and used by the Pueblo for such purposes between May 13, 1846, and June 7, 1924.

### Fourth Affirmative Defense

The rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama Stream System for domestic, livestock watering, or any other non-irrigation purpose cannot exceed the maximum annual quantity of water lawfully diverted and used by the Pueblo for such purposes between May 13, 1846, and June 7, 1924.

### Fifth Affirmative Defense

The rights of the Pueblo, and the United States on behalf of the Pueblo, under federal law, to divert and use the waters of the Rio Chama Stream System do not include the right to divert and use groundwater, except to the extent that the Pueblo has established such a right by the lawful diversion and use of groundwater under the laws of Mexico or the Territory or State of New Mexico.

### Sixth Affirmative Defense

Any diversion and use of water by the Pueblo, and the United States on behalf of the Pueblo, initiated after May 13, 1846, in order to be lawful, must have been pursuant to the laws of the Territory or State of New Mexico, specifically including requirements under Territorial or State law to obtain a permit from the Territorial or State Engineer for the diversion and use of surface water after March 19, 1907, and requirements under State law to obtain a permit from the State Engineer for the diversion and use of groundwater within the Rio Grande Underground Water Basin after November 29, 1956.

### Seventh Affirmative Defense

Pueblo claims, and claims of the United States on behalf of the Pueblo, to rights to divert and use the waters of the Rio Chama Stream System are barred or limited by the Pueblo Lands Act of 1924 and the 1933 Act, and by the decisions of the Indian Claims Commission.

### Eighth Affirmative Defense

Any rights the Pueblo, and the United States on behalf of the Pueblo, had or may have to divert and use the waters of the Rio Chama Stream System on grant lands are limited by the requirement of actual beneficial use.

### Ninth Affirmative Defense

Any claims of the United States that the Pueblo had or may have to the right to divert and use the waters of the Rio Chama Stream System are barred by the doctrine of estoppel.

### Tenth Affirmative Defense

Any claims of the United States that the Pueblo had or may have to the right to divert and use the waters of the Rio Chama Stream System are barred by the doctrine of laches.

### Eleventh Affirmative Defense

Any claims of the United States that the Pueblo had or may have to the right to divert and use the waters of the Rio Chama Stream System are barred by the doctrine of waiver.

### Twelfth Affirmative Defense

Any claims that of the United States that the Pueblo had or may have to the right to divert and use the waters of the Rio Chama Stream System are barred by the doctrine of claim preclusion.

### Thirteenth Affirmative Defense

Any claims of the United States that the Pueblo had or may have to the right to divert and use the waters of the Rio Chama Stream System are barred by the doctrine of issue preclusion.

### Fourteenth Affirmative Defense

Any claims of the United States that the Pueblo had or may have to the right to divert and use the waters of the Rio Chama Stream System are barred by prior compromise and settlement.

### Fifteenth Affirmative Defense

The claims of the United States for the Pueblo are barred by the Treaty of Guadalupe Hidalgo and Article VI of the Constitution of the United States.

### Sixteenth Affirmative Defense

The claims of the United States for the Pueblo are barred by the laws and customs of the prior sovereign nations of Spain and Mexico.

### Seventeenth Affirmative Defense

The claims of the United States for the Pueblo, if recognized in whole or in part, would result in taking or impairment of valid and existing water rights and other rights of the City and other water right owners without due process of law in violation of the Constitution of the United States and the State of New Mexico.

### Eighteenth Affirmative Defense

The claims of the United States for the Pueblo, if recognized in whole or in part, would deprive the City and other water right owners of the equal protection of the law in violation of the Constitution of the United States and the State of New Mexico.

### Nineteenth Affirmative Defense

The City has valid and existing water rights under New Mexico state law.

### Twentieth Affirmative Defense

Use of any water right quantified to the Pueblo or the United States on its behalf shall be done in such a way as to eliminate any impacts to non-Indian water users.

## Twenty-First Affirmative Defense

Administration of any water right quantified to the Pueblo or the United States on its behalf shall be under New Mexico state law pursuant to the McCarran Amendment, 43 U.S.C. 666.

WHEREFORE, the City of Española respectfully requests that the Court deny the prayers for relief in Paragraph Nos. 1-7 of the Prayer found in the Subproceeding Complaint of the United States, grant the City of Espanola's affirmative defenses, and adjudicate the water rights of the United States for the benefit of Ohkay Owingeh in accordance with the consistent principles of applicable law.

STEIN & BROCKMANN, P.A.

By _____
Jay F. Stein
James C. Brockmann
P.O. Box 5250
Santa Fe, NM  87502-5250
(505) 983-3880
jfstein@newmexicowaterlaw.com

*Attorneys for City of Española*

## CERTIFICATE OF SERVICE

I, Jay F. Stein, hereby certify that I filed the foregoing Answer of City of Espanola to Subproceeding Complaint of the United States electronically through the CM/ECF system on June 1, 2007, which caused the following parties or counsel to be served by electronic means, as more fully set for the in the Notice of Electronic Filing.

Special Master Vickie L. Cabin
specialmastergabin@nmwaterrightsdata.org

David A. Benavides, Esq.
davidb@nmlegalaid.org

Frank Bond, Esq.
fbond@simonsfirm.com

Bradley S. Bridgewater
U.S. Department of Justice
Bradley.bridgewater@usdoj.gov

Christopher D. Coppin
ccoppin@ago.state.nm.us

Charles T. DuMars, Esq.
Christina J. Bruff, Esq.
ctd@lrpa-usa.com

Randolph B. Felker, Esq.
randfelker@aol.com

Jeffrey Fornacieri, Esq.
jfornacieri@hinklelawfirm.com

Gary S. Friedman, Esq.
gsfchflaw.com

Ryan Margaret Golten, Esq.
ryang@nmlegalaid.rog

David W. Gehlert
U.S. Department of Justice
david.gehlert@usdof.com

Mary E. Humphrey, Esq.
Humphrey@newmex.com

Noelle Graney, Esq.
ngraney@nordhauslaw.com

Karla Janelle Haught, Esq.
janelle.haught@state.nm.us

Susan G. Jordan, Esq.
sjordan@nordhauslaw.com

Christopher Lindeen, Esq.
christopher.lindeen@state.nm.us

John F. McCarthy, Jr.
jfmc@wkkm.com

Edward G. Newville, Esq.
ednewville@ixpn.com

Marcus J. Rael, Jr.
marcus@roblesrael.com

Walter L. Reardon, Jr.
watler@reardonlawnm.com

Peter B. Schoenfeld

Arianne Singer, Esq.

peterschoenfeld@qwest.com

John W. Utton, Esq.
jwu@ssslaw.com

arianne.singer@state.nm.us

Fred Waltz, Esq.
fwaltz@kitcarson.net

And I further certify that I served the foregoing Subproceeding Complaint on the following non-CM/ECF participants by U.S. mail:

Fred Vigil
P.O. Box 687
Medanales, NM  87548-0687

Joseph V.R. Clarke
Cuddy, Kennedy, et al.
P.O. Box 4160
Santa Fe, NM  87502-4160

C. Mott Woolley
112 W. San Francisco St., Suite 312C
Santa Fe, NM  87501-2090

Daniel Cleavinger
P.O. Box 339
Tierra Amarilla, NM  87575

Randy E. Lovato
8100 Rancho Sueno Court, NW
Albuquerque, NM  87120

Paula Garcia
NM Acequia Assn.
607 Cerrillos Road, Suite F
Santa Fe, NM  87505-3799

Steven Bunch, Esq.
NMHSTD
P.O.Box 1149
Santa Fe, NM  87504-1149

Mary Ann Joca, Esq.
U.S. Forest Service
P.O. Box 586
Albuquerque, NM  87103-0586

Benjamin Phillips
Rebecca Dempsey
Paul L. Bloom
White, Koch, Kelly & McCarthy
P.O. Box 787
Santa Fe, NM  87504-0787

John E. Farrow
Farrow, Farrow & Stroz
P.O. Box 35400
Albuquerque, NM  87176

Lucas O. Trujillo
P.O. Box 57
El Rito, NM  87530

Tessa T. Davidson, Esq.
Swain, Schrandt & Davidson
4830 Juan Tabo NE, Suite F
Albuquerque, NM  87111

Pierre Levy
Law Offices of Daniel J. O'Friel Ltd.
P.O. Box 2084
Santa Fe, NM  87504-2084

Ernest L. Padilla
Padilla Law Firm, PA
P.O. Box 2523
Santa Fe, NM  87504

Hope Miner
23 Cuchilla de Lupe
Placitas, NM  87043

Stacey J. Goodwin
300 Galisteo Street, #205
Santa Fe, NM  87501

Karen L. Townsend
120 E. Chaco
Aztec, NM  87410-1910

Brett J. Olson
7500 Montgomery Blvd. NE, #A
Albuquerque, NM  87109

Henry Jacquez
1110 Maez Road
Santa Fe, NM  87501

Dated this 1st day of June, 2007.

Respectfully submitted,

_____
Jay F. Stein

P:\Espanola\Aragon\answer to complaint of the united states.doc