**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| STATE OF NEW MEXICO, ex rel., the State Engineer, | ) ) ) |
| Plaintiff, | ) ) No. 69 cv07941-BB ) |
| v. | ) ) ) Rio Chama Adjudication |
| ROMAN ARAGON, et al., | ) ) Pueblo Claims Subproceeding 1 |
| Defendants. | ) ) |

## RIO de CHAMA ACEQUIAS ASSOCIATION'S ANSWER TO SUBPROCEEDING COMPLAINT OF OHKAY OWINGEH

COME NOW twenty-seven (27) Acequias, identified below, known as the Rio de Chama Acequias Association, Defendants herein, on behalf of themselves and on behalf of their individual members or parcientes, by and through their undersigned counsel, and for their Answer to the Subproceeding Complaint of Ohkay Owingeh (formerly known as the Pueblo of San Juan), state:

1.  The twenty-seven (27) Acequias, identified below, are located within the geographic and hydrologic scope of Section I of this Rio Chama Stream System adjudication, and they withdraw water from the Rio Chama, its tributaries, and interconnected groundwater for irrigation, livestock watering, domestic and other purposes and uses.

2.  The said Acequias admit that Ohkay Owingeh is a federally recognized Indian tribe, but deny that it is a sovereign Indian nation. The said Acequias deny all other allegations contained in paragraph 1 of the said Complaint.

3.  The said Acequias deny the allegations contained in paragraphs 2, 3, 4, 5, 6,

and 7 of the Complaint.

4. The said Acequias deny that the priority date of Ohkay Owingeh's water rights for livestock purposes is aboriginal, time immemorial, or first priority. Further the said Acequias deny that the priority date of any of Ohkay Owingeh's water rights that were initiated, established, or first diverted and beneficially used during historical times or after 1598 are aboriginal, time immemorial or first priority.

5. The said Acequias deny that the Kingdom of Spain granted Ohkay Owingeh fee simple title to lands within the San Juan Pueblo Grant. The said Acequias lack sufficient information on which to form an opinion as to the truth of the remainder of the allegations contained in paragraph 8 of the said Complaint and therefore deny the same.

6. The said Acequias deny that Ohkay Owingeh has aboriginal rights to groundwater. The Acequias deny all other allegations contained in paragraph 9 of the said Complaint.

7. The said Acequias deny the allegations contained in paragraph 10 of the said Complaint.

8. The said Acequias deny that Ohkay Owingeh's plans and stated intentions in paragraph 11 of the said Complaint have any legal effect or can form the basis for adjudicating its water rights. The said Acequias deny any allegations contained in paragraph 11 of the said Complaint.

9. The said Acequias deny the claim of Ohkay Owingeh that the Court can adjudicate the nature of water rights which the Pueblo does not presently own but plans to acquire. The said Acequias deny any allegations contained in paragraph 12 of the said Complaint.

10. The said Acequias deny the allegations contained in paragraph 13 of the said Complaint.

11. The said Acequias lack sufficient information on which to form an opinion as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore deny the same.

12. The said Acequias deny the allegations contained in paragraphs 15 and 16 of the said Complaint.

13. The said Acequias deny that Ohkay Owingeh has riparian or instream flow water rights for any purpose from or in the Rio del Oso as it has alleged in paragraph 17 of the said Complaint. The said Acequias deny any allegation contained in paragraph 17 of the said Complaint.

14. The said Acequias deny the allegations contained in paragraphs 18 and 19 of the said Complaint.

15. The said Acequias deny the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the prayer for relief requested in the said Complaint.

16. The said Acequias deny that Ohkay Owingeh has any right to maintain an instream flow in the Chamita Ditch.

17. The said Acequias deny that Ohkay Owingeh has any water rights, aboriginal or otherwise, that are located outside of the San Juan Pueblo Grant.

18. The said Acequias deny that the water rights of Ohkay Owingeh, aboriginal or otherwise, are measured or based on its claims of historically irrigated acreage located anywhere within the geographic scope of this adjudication.

19. The said Acequias deny that all of the water rights of Ohkay Owingeh have an

aboriginal priority or time immemorial priority.

## FIRST AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred or limited by the Treaty of Guadalupe Hidalgo and Article VI of the Constitution of the United States.

## SECOND AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by the laws and customs of the prior sovereign nations of Spain and Mexico.

## THIRD AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by res judicata.

## FOURTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by compromise and settlement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by adverse possession.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred or limited by the Pueblo Lands Act of 1924, the 1933 Act, the actions of the Pueblo Lands Board, and/or the subsequent litigation including San Juan Pueblo or Ohkay Owinge and those Acts or Pueblo Lands Board actions.

### NINTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by the actions and decisions of the Indian Claims Commission and its enabling legislation.

### TENTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred or limited by the Acequias' and their members' or parcientes' religious uses of water and ceremonial practices requiring water.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh, if recognized in whole or in part, would result in taking or impairment of valid water rights and other rights of said Acequias and their individual members or parcientes and other water right owners without due process of law in violation of the Constitutions of the United States and the State of New Mexico.

### TWELFTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh, if recognized in whole or in part, would deprive the said Acequias and their individual members or parcientes and other water right owners of the equal protection of the law in violation of the Constitutions of the United States and the State of New Mexico.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by the long-standing and continuing customs of water sharing between Ohkay Owingeh and the Chamita Community Ditch and other Acequia members of the Rio de Chama Acequia Association.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by abandonment and forfeiture.

FIFTEENTH AFFIRMATIVE DEFENSE

The rights of Ohkay Owingeh to divert and use waters of the Rio Chama stream system do not include the right to increase its diversion and use of water in excess of that amount lawfully diverted and used pursuant to its rights under Mexican Law prior to the change in sovereignty to the United States.

SIXTEENTH AFFIRMATIVE DEFENSE

The rights of the Ohkay Owingeh to divert and use the groundwater of the Rio Chama stream system are valid only to the extent that Ohkay Owingeh has established such a right by the lawful diversion and use of groundwater under the laws of Mexico or the Territory or State of New Mexico.

SEVENTEENTH AFFIRMATIVE DEFENSE

Any rights Ohkay Owingeh had or may have to divert and use the waters of the Rio Chama stream system on its lands are limited by the requirement of actual beneficial use.

EIGHTEENTH AFFIRMATIVE DEFENSE

Administration of any water right quantified to Ohkay Owingeh or the United States on its behalf shall be under New Mexico state law pursuant to the McCarran Amendment, 43 U.S.C. 666.

NINTEENTH AFFIRMATIVE DEFENSE

The claims of Ohkay Owingeh are barred by prior court decrees and cases, including but not limited to <u>U.S.A. as Guardian of the Pueblo of San Juan vs. Juan B. Agueno</u>, U.S.D.C., N.M., and <u>U.S.A. vs. Jose D. Montoya, et al.</u>, U.S.D.C., N.M., No. 735 Equity.

WHEREFORE, the said twenty-seven (27) Acequias request the Court to adjudicate the water rights of Ohkay Owingeh (San Juan Pueblo) equitably and fairly in accord with the laws, customs, and decisions of Spain, Mexico, the United States of America, and the Territory and State of New Mexico; the Treaty of Guadalupe Hidalgo; and the historic and customary uses of water by Ohkay Owingeh and the twenty-seven (27) Acequias and their individual members or parcientes.

        Respectfully submitted,
        Electronically Filed

        /s/ Fred J. Waltz
        Fred J. Waltz
        214 B Kit Carson Road
        Taos, New Mexico 87571
        (505) 758-0407
        Attorney for:
        Chamita Community Ditch, Hernandez Ditch, Salazar Ditch, Los Martinez Ditch, Duranes Ditch, Chili Community Ditch, Acequia del Rio de Chama, J.V. Martinez Ditch, Manzanares/Montoya Ditch, Tierra Azul Ditch, La Puente Ditch, Gonzales Ditch, Abiquiu Community Ditch, Mariano Ditch, Valentin Martinez Ditch, Abeyta/Trujillo Ditch, Quintana Ditch, Karl Bode Ditch, Maestas Ditch, Esquibel Ditch, J.P. Gonzales Ditch, Barranco Ditch, Los Frijoles Ditch, Suazo Ditch, Ranchitos Ditch, Ghost Ranch Ditch, & Monastery Ditch

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 1, 2007, I filed the foregoing Rio de Chama Acequias Association's Answer to United States' Subproceeding Complaint for Ohkay Owingeh electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David A. Benavides
    davidb@nmlegalaid.org

Frank M. Bond
    fbond@simonsfirm.com, ssandoval@simonsfirm.com,
    ggonzales@simonsfirm.com, fbond@mac.com

Bradley S. Bridgewater
    gary.durr@usdoj.gov, jennifer.vaughn2@usdoj.gov,
    bradley.s.bridgewater@usdoj.gov, yvonne.marsh@usdoj.gov

Christopher D. Coppin
    ccoppin@ago.state.nm.us, tmartinez@ago.state.nm.us

Tessa T. Davidson
    ttd@tessadavidson.com

Rebecca A. Dempsey
    rdempsey@wkkm.com, fmtz@wkkm.com

Charles T. DuMars
    ctd@lrpa-usa.com

Randolph B. Felker
    randfelker@aol.com

Jeffrey Fornaciari
    jfornaciari@hinklelawfirm.com, mlara@hinklelawfirm.com

Gary S. Friedman
    gsf@chflaw.com

Vickie L. Gabin
    kbruner@humwest.com, vlgabin@nm.net

David W. Gehlert
    david.gehlert@usdoj.gov, jennifer.vaughn2@usdoj.gov,
    judy.tetreault@usdoj.gov, lori.montano@usdoj.gov

Ryan Margaret Golten
    ryang@nmlegalaid.org

Noelle Graney
    ngraney@nordhauslaw.com, svelody@nordhauslaw.com

Karla JaNelle Haught
   janelle.haught@state.nm.us

Mary E. Humphrey
   humphrey@newmex.com

Susan G. Jordan
   vruiz@nordhauslaw.com, mchavez@nordhauslaw.com,
   sjordan@nordhauslaw.com

Pierre Levy
   pierre@danieljofriel.com, melissa@danieljofriel.com,
   veronica@danieljofriel.com

Christopher Lindeen
   christopher.lindeen@state.nm.us

John F. McCarthy, Jr
   jfmc@wkkm.com

David C. Mielke
   dmielke@abqsonosky.com, sdressler@abqsonosky.com

Edward G. Newville
   ednewville@ixpn.com, connie.flint@state.nm.us,
   marjorie.dryden@state.nm.us, fred.kipnes@state.nm.us,
   hilario.rubio@state.nm.us, lawoffice@higherspeed.net

Brett J. Olsen
   brett_olsen@msn.com

Marcus J. Rael, Jr.
   marcus@roblesrael.com, nataile@roblesrael.com, nicole@roblesrael.com,
   diane@roblesrael.com

Walter L. Reardon, Jr.
   walter@reardonlawnm.com

Peter B. Shoenfeld
   petershoenfeld@qwest.net

Arianne Singer
   arianne.singer@state.nm.us, lula.valdez@state.nm.us,
   connie.flint@state.nm.us, marjorie.dryden@state.nm.us,
   fred.kipnes@state.nm.us, vina.gallegos@state.nm.us

    John W. Utton
        jwu@ssslawfirm.com, djs@ssslawfirm.com

    Timothy A. Vollmann
        tim_vollmann@hotmail.com

AND I FUTHER CERTIFY that on such date I served the foregoing pleading on the following non-CMF/ECF Participants via first class mail, postage prepaid addressed as follows:

Lee Bergen
Bergen Law Offices
4110 Wolcott Ave NE, #A
Albuquerque, NM  87109

Paul L. Bloom
White, Koch, Kelly & McCarthy
PO Box 787
Santa Fe, NM  87504-0787

James C. Brockmann
Stein & Brockmann, PA
PO Box 5250
Santa Fe, NM  87502-5250

Christina J Bruff
Law & Resource Planning Associates
201 Third Street, NW, #1750
Albuquerque, NM  87102

Steven L. Bunch
NM Highway & Transportation Dept.
PO Box 1149
Santa Fe, NM  87504-1149

Mary Ann Joca
US Department of Agriculture
General Counsel
PO Box 586
Albuquerque, NM  87103

Randy E. Lovato
8100 Rancho Sueno Ct., NW
Albuquerque, NM  87120-3488

Joseph van R. Clarke
Cuddy, Kennedy, Albetta & Ives, LLP
PO Box 4160
Santa Fe, NM 87502-4160

Daniel Cleavinger
PO Box 2470
Farmington, NM  87499

John E. Farrow
Fairfield, Farrow & Strotz
PO Box 35400
Albuquerque, NM  87176-5400

Paula Garcia
607 Cerrillos Rd, #F
Santa Fe, NM  87505

Stacey J. Goodwin
Galisteo St., #205
Santa Fe, NM  87501

Henry Jacquez
1110 Maez Rd
Santa Fe, NM  87501

Ted J. Trujillo
PO Box 2185
Espanola, NM  87532

C. Mott Woolley
112 W. San Francisco, #312C
Santa Fe, NM  87501-2090

Hope Miner
23 Cuchilla de Lupe
Placitas, NM  87043

Ernest L. Padilla
Padilla Law Firm, PA
PO Box 2523
Santa Fe, NM  87504

Jay F. Stein
Stein & Brockmann, PA
PO Box 5250
Santa Fe, NM  87502-5250

Lucas O. Trujillo
PO Box 57
El Rito, NM  87530

NM Acequia Commission
Fred Vigil, Chairman
PO Box 687
Medanales, NM  87548-0687

Benjamin Phillips
White, Koch, Kelly & McCarthy
PO Box 787
Santa Fe, NM  87504-0787

Karen L. Townsend
120 E Chaco
Aztec, NM  87410-1910

        /s/ Fred J. Waltz
Fred J. Waltz
Attorney for Rio de Chama
Acequia Association