IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer, | ) ) ) | |
| Plaintiff, | ) ) ) | 69cv07941-BB-ACE |
| -v- | ) ) | RIO CHAMA STREAM SYSTEM |
| RAMON ARAGON et al., | ) ) | Sections 3 and 7 |
| Defendants. | ) ) ) | |

ASSOCIACIÓN DE ACÉQUIAS NORTEÑAS DE RIO ARRIBA'S
REPLY TO STATE'S RESPONSE TO MOTION TO ADOPT
ORDER FOR NON-WAIVER OF CLAIMS UNDER
THE TREATY OF GUADALUPE HIDALGO

The Associación de Acéquias Norteñas de Rio Arriba ("Associación"), replies to the State of New Mexico's ("State") Response to its Motion to Adopt Order for Non-Waiver of Claims Under the Treaty of Guadalupe Hidalgo ("Treaty") as follows:

The State's Response seeks to shut the door on claims that the Special Master has consistently expressed an intent to address if raised. Counsel for the Associación has, in accordance with the various orders adopted by the Special Master relating to this issue, timely filed a Statement of Issues as to the nature of those claims. The State now contends that, despite the Associación's compliance with those orders, it is too late to pursue certain claims included in the Statement of Issues for numerous defendants in Sections 3 and 7, and suggests that the Special Master is without discretion to enter an Order recognizing the continued right of defendants in those sections to pursue such claims.

1

Neither statement is correct. The State's reliance on Rule 54(b) in the specific context of this case is misplaced and various orders of the Court have made it clear that Treaty-related claims remain available to parties in Sections 3 and 7 of this case.

Non-finality of Consent Orders in Section 3. The State relies for its legal authority almost exclusively on Federal Rule of Civil Procedure 54(b). The State must make the case for the finality of Consent Orders under this Rule, because otherwise the general authority of the Special Master to conduct the proceedings is very broad and affords the Special Master considerable discretion. Fed. R. Civ. P. 53(c) and (g)(5). Clearly that discretion would include the ability of the Special Master to reserve Treaty-related claims for a point in the proceedings after some of the sub-file adjudication activity, unless that discretion were specifically precluded elsewhere in the Rules.

But the requirements of Rule 54(b) are specific, as far as actually conferring finality upon what would otherwise be interlocutory judgments in cases of multiple claims and/or multiple parties. Where those specific requirements are not met, the trial judge would have the ability to revise such orders or judgments at any point prior to the time finality is actually achieved. Fed. R. Civ. P. 54(b); See Williams v. County of Westchester, 171 F.3d 98, 102 (2nd Cir. 1999); Wagoner v. Wagoner, 938 F.2d 1120, 1122 fn.1 (10th Cir. 1991) (district court has "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment"). This would include the ability, in this case, to revise Consent Orders based upon determinations made in later Treaty-related proceedings in the same case.

To be eligible for a determination under Rule 54(b), three conditions must be met: (1) at least one claim or one party must be adjudicated to finality in the particular

judgment; (2) the court must find there is no just cause for delaying the appeal of the claim and explain why immediate appellate review is advisable; and (3) the court must clearly direct that judgment is entered as to that claim or party.  The requirements reflect necessary language in the judgment as well as actual conditions of finality upon which the language must be based; either one without the other is insufficient.

The Volume 3 and 7 Consent Orders are an example of the existence of some (but not all[1]) of the required Rule 54(b) language requirements without the underlying finality that is needed under the first requirement.  Clearly, since only a few elements of the water right are addressed in these Consent Orders, it cannot be said that any *party* is adjudicated to finality.  So these Consent Orders may only be eligible if a *claim* is fully adjudicated.

A "claim" is defined as *all* legal grounds based on closely-related facts. Greenwell v. Aztar Indiana Gaming Corp., 268 F.3d 486, 490 (7th Cir. 2001).  If a defense to an otherwise completely adjudicated claim would still remain for trial, the claim has not been finally resolved.  Waldorf v. Shuta, 142 F.3d 601, 611 (3rd Cir. 1998). In general, if there is any manner in which the district court's decision has not *entirely* disposed of a claim, that claim is not finally adjudicated for purposes of Rule 54(b). Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773 (11th Cir. 2007)

At least insofar as claimants in Sections 3 and 7 are concerned, the Special Master has, in a various ways, openly maintained the future availability of Treaty-based claims or defenses.  The Section 7 Procedural Order expressly provides:

---

[1]  Missing from the Volume 3 and 7 Consent Orders is any explanation as to why immediate appellate review is advisable.  The absence of such an explanation is a separate ground for determining that the requisite Rule 54(b) finality does not exist.  Waldorf v. Shuta, 142 F.3d 601 (3rd Cir. 1998).  Indeed, the policy behind seeking Rule 54(b) certification is noticeably absent in this case.  Rule 54(b) is geared toward a situation in which there is a particular issue that the Court believes is appropriate for expedited appellate review.  With a Consent Order, in which elements set forth are agreed to, there is no reasonable anticipation of any issue being appealed.

> By signing a Consent Order, a claimant does not waive any future claim of right which might arise under the Treaty of Guadalupe Hidalgo.  A claimant who signs a Consent Order may, at a later point in these proceedings, raise the question of the effect on, or the relevance of the Treaty of Guadalupe Hidalgo to, his or her water rights.

*Procedural Order for the Adjudication of Water Rights Claims in Section 7 of the Rio Chama Stream System*, entered November 19, 2002, docket # 6939, Paragraph II.A.3.  The language unmistakably provides that some aspects of a signed Consent Order may be affected by the later claim under the Treaty, and that such a claim is still very much available to the signer of the Consent Order.  The possibility of the Consent Order being affected by this unresolved and unwaived future claim forecloses any possibility of the Consent Order being considered finally adjudicated for purposes of Rule 54(b).  In contesting this, the State, in its Response at 3-4, in effect is arguing that signers of Consent Orders are in fact waiving their future Treaty-claims by signing, contrary to what the provision cited above plainly says on its face.

Various other scheduling orders have specified that Treaty issues will be raised and presented in both Sections 3 and 7.  For example, the *Order Amending Priorities Adjudication Schedule for Sections 3 and 7*, entered Feb. 21, 2006, docket # 8128, at Paragraph B, ordered:

> That the Associación de Acéquias Norteñas de Rio Arriba shall file a statement of issues regarding the applicability of the Treaty of Guadalupe Hidalgo to water rights in Sections 3 and 7 no later than June 1, 2006.  A process, and if necessary a briefing schedule, to **resolve the issues** shall be set at the following status and scheduling conference.  (Emphasis added.)

Through orders such as these, of which the State was fully aware, the Special Master has continually made it known that that "the applicability of the Treaty of Guadalupe Hidalgo to water rights in Sections 3 and 7" remained to be resolved, so

4

claims and defenses for those water rights remained available. As such, a key prerequisite for finality under Rule 54(b) was not met for the Consent Orders in both of these sections. Thus, even though the Section 3 procedural order does not contain the same Treaty-waiver language as that cited herein for the Section 7 procedural order, other orders did reference Treaty claims in section 3 in a manner that had the effect of similarly foreclosing finality under Rule 54(b) for section 3.

Subsequent to the above-cited orders, and in compliance thereto, the Associación filed its Statement of Issues. *Associación de Acéquias Norteñas de Rio Arriba's Statement of Issues Regarding the Applicability of the Treaty of Guadalupe Hidlago and/or Related Authority to Water Rights in Sections 3 and 7*, filed June 6, 2006, docket #8290). The State seeks almost to erase any meaning in the prior pleadings and proceedings leading to this point, in which the Court and the parties grappled with the question of the proper manner in which to address this uniquely New Mexican issue on its merits. But the attention that has been given to the issue, and the manner in which it has remained on the Court's agenda, belie the State's argument that this issue is closed off to these claimants.

Other Procedural Issues Raised by the State. The fact that Rule 54(b) finality is not present for Consent Orders in these two sections addresses the State's argument that Fed. R. Civ. P. 60(b) must be used, since the Rule 60(b) procedure is only relevant in cases in which relief from a final order is sought. [2] As indicated above, the Special Master has broad authority to review and revise these interlocutory orders and to proceed

---

[2]  We would note that motions to vacate consent orders so that substantively-modified consent orders can be entered are routinely sought by the State years after entry of the original consent orders without invoking Rule 60(b) and without characterizing the original consent orders as final. See, e.g., docket nos. 8643 and 8686

5

with Treaty-related claims without invoking any special procedure under the Rules. Resolution of the issue presented by this motion will enable the State, La Associación and the other interested parties to assist the Court in developing a procedure for asserting claims and for reaching final and binding decisions on these issues.

<u>Language in the Proposed Non-Waiver Order.</u>  La Associación has proposed to apply the following language to Sections 3 and 7:

> By signing a Consent Order, a claimant does not waive any future claim of right which might arise under the Treaty of Guadalupe Hidalgo or related authority.  A claimant who signs a Consent Order may, at the appropriate point in these proceedings, raise the question of the effect on, or the relevance of the Treaty of Guadalupe Hidalgo or related authority to, his or her water rights.

The State objects to the inclusion of the phrase "or related authority" in this provision.

It has been repeatedly stated in our courts that our water law is based upon Spanish and Mexican law.  The Treaty of Guadalupe Hidalgo, while not specifically mentioning water rights, committed the government to respect "property of every kind".  Thus the evolution of water law in New Mexico over the last 160 years represents an incorporation of Spanish and Mexican water law principles and Treaty protection of the rights under that law into an increasingly modern legal framework.  Territorial enactments that, for example, protect water allocation customs must be interpreted in light of that objective.  Adjudication of diversion amounts for acequias must take place in the context of a policy of protection for prior practices that underlies our present laws. An entire body of law prior to statehood evolved for the protection of prior-existing water rights, far beyond the prior appropriation doctrine itself, which recognized special immunities and protections for pre-existing water rights.  This body of law has a policy

6

relationship to the Treaty if not a direct legal one.  La Associacion believe that claimants in Sections 3 and 7 should not now be foreclosed from raising claims and defenses based upon these special immunities and protections, in tandem with claims rooted in the text of the Treaty itself.  Inasmuch as the inquiry has been opened, we believe the Court would be well-served to hear the full range of Treaty and related authority applicable to the adjudication of these water rights.

      WHEREFORE MOVANT PRAYS for an Order applying the language proposed in its motion to Sections 3 and 7 of this cause.

Respectfully submitted,

*Electronically Filed*

BY:   /s/ David Benavides, Esq.
        DAVID BENAVIDES
        New Mexico Legal Aid
        Attorney for Associación de Acéquias
        Norteñas de Rio Arriba
        P. O. Box 5175
        Santa Fe, NM  87502
        Tel:  (505) 982-9886
        Fax: (505) 982-6278

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on the 8th day of June, 2007, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Frank M Bond**
fbond@simonsfirm.com,ssandoval@simonsfirm.com,ggonzales@simonsfirm.com, fbond@mac.com

**Bradley S. Bridgewater**
jennifer.vaughn2@usdoj.gov,bradley.s.bridgewater@usdoj.gov,yvonne.marsh@usdoj.gov

**Christopher D. Coppin**
ccoppin@ago.state.nm.us,tmartinez@ago.state.nm.us

**Charles T. DuMars**
ctd@lrpa-usa.com

**Randolph B. Felker**
randfelker@aol.com

**Jeffrey Fornaciari**
jfornaciari@hinklelawfirm.com,mlara@hinklelawfirm.com

**Gary S. Friedman**
gsf@chflaw.com

**Vickie L. Gabin**
kbruner@hubwest.com,vlgabin@nm.net

**David W Gehlert**
david.gehlert@usdoj.gov,jennifer.vaughn2@usdoj.gov,judy.tetreault@usdoj.gov,lori.montano@usdoj.gov

**Ryan Margaret Golten**
ryang@nmlegalaid.org

**Noelle Graney**
ngraney@nordhauslaw.com,svelody@nordhauslaw.com

**Karla JaNelle Haught**
janelle.haught@state.nm.us

**Mary E. Humphrey**
humphrey@newmex.com

**Susan G Jordan**
vruiz@nordhauslaw.com,mchavez@nordhauslaw.com,sjordan@nordhauslaw.com

**Pierre Levy**
pierre@danieljofriel.com,melissa@danieljofriel.com,veronica@danieljofriel.com

**Christopher Lindeen**
christopher.lindeen@state.nm.us

**John F. McCarthy , Jr**
jfmc@wkkm.com

**David C. Mielke**
dmielke@abqsonosky.com,sdressler@abqsonosky.com

**Edward G. Newville**
ednewville@ixpn.com,connie.flint@state.nm.us,fred.kipnes@state.nm.us,lawoffice@higherspeed.net

**Marcus J. Rael, Jr.**
marcus@roblesrael.com,natalie@roblesrael.com,nicole@roblesrael.com,diane@roblesrael.com

**Walter L. Reardon, Jr.**
walter@reardonlawnm.com

**Peter B. Shoenfeld**
petershoenfeld@qwest.net

**Arianne Singer**
arianne.singer@state.nm.us,lula.valdez@state.nm.us,connie.flint@state.nm.us,marjorie.dryden@state.nm.us,fred.kipnes@state.nm.us,vina.gallegos@state.nm.us

**John W. Utton**
jwu@ssslawfirm.com,djs@ssslawfirm.com

**Timothy A Vollmann**
tim_vollmann@hotmail.com

**Fred Waltz**
fwaltz@kitcarson.net,cortega@kitcarson.net

**AND I FURTHER CERTIFY** that on such date I served the foregoing pleading on the following non-CM/ECF Participants via first class mail, postage prepaid addressed as follows:

**Lee Bergen**
Bergen Law Offices
4110 Wolcott Ave NE, #A
Albuquerque, NM 87109

**Paul L. Bloom**
White, Koch, Kelly & McCarthy
PO Box 787
Santa Fe, NM 87504-0787

**James C. Brockmann**
Stein & Brockmann, PA
PO Box 5250
Santa Fe, NM 87502-5250

**Christina J. Bruff**
Law & Resource Planning Associates
201 Third Street, NW, #1750
Albuquerque, NM 87102

**Steven L. Bunch**
NM Highway & Transportation Dept.
PO Box 1149
Santa Fe, NM 87504-1149

**Joseph van R. Clarke**
Cuddy, Kennedy, Albetta & Ives, LLP
PO Box 4160
Santa Fe, NM 87502-4160

**Daniel Cleavinger**
PO Box 2470
Farmington, NM 87499

**Tessa T. Davidson**
PO Box 2240
Corrales, NM 87048

**Rebecca A. Dempsey**
White, Koch, Kelly & McCarthy
PO Box 787
Santa Fe, NM 87504-0787

**John E. Farrow**
Fairfield, Farrow & Strotz
PO Box 35400
Albuquerque, NM 87176-5400

**Paula Garcia**
607 Cerrillos Rd., #F
Santa Fe, NM 87505

**Stacey J. Goodwin**
300 Galisteo St., #205
Santa Fe, NM 87501

**Henry Jacquez**
1110 Maez Rd
Santa Fe, NM 87501

**Mary Ann Joca**
US Department of Agriculture
General Counsel
PO Box 586
Albuquerque, NM 87103

**Randy E. Lovato**
8100 Rancho Sueno Ct., NW
Albuquerque, NM 87120-3488

**Hope Miner**
23 Cuchilla de Lupe
Placitas, NM 87043

**Fred Vigil, Chairman**
NM Acequia Commission
PO Box 687
Medanales, NM 87548-0687

**Brett J. Olsen**
7500 Montgomery Blvd NE, #A
Albuquerque, NM 87109

**Ernest L. Padilla**
Padilla Law Firm, PA
PO Box 2523
Santa Fe, NM 87504

**Benjamin Phillips**
White, Koch, Kelly & McCarthy
PO Box 787
Santa Fe, NM 87504-0787

**Jay F. Stein**
Stein & Brockmann, PA
PO Box 5250
Santa Fe, NM 87502-5250

**Karen L. Townsend**
120 E. Chaco
Aztec, NM 87410-1910

**Lucas O. Trujillo**
PO Box 57
El Rito, NM 87530

**Ted J. Trujillo**
PO Box 2185
Espanola, NM 87532

**C. Mott Woolley**
112 W San Francisco, #312C
Santa Fe, NM 87501-2090


/s/  David Benavides
DAVID BENAVIDES