IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

         Plaintiff,

  vs.

ROMAN ARAGON, *et al.,*

        Defendants.

69cv07941-BB

RIO CHAMA STREAM SYSTEM

---

## JOINT MOTION TO AMEND THE SEPTEMBER 22, 2006
## ADMINISTRATIVE ORDER ON CASE MANAGEMENT PRIORITIES

COMES NOW the Plaintiff State of New Mexico, *ex rel.* State Engineer ("State"), Rio de Chama Acequia Association, Associación de Acéquias Norteñas de Rio Arriba, Gallina–Capulin Acequia Association, La Association de las Acequias del Rio Vallecitos, Tusas y Ojo Caliente, El Rito Ditch Association (collectively "the Acequias"), the United States, and the Jicarilla Apache Nation, by and through their counsel of record, and move the Court to amend the September 22, 2006, *Administrative Order on Case Management Priorities* (Doc. 8384) ("Administrative Order") and as grounds therefore state as follows:

Counsel for the State and the parties identified above have discussed with the Special Master the need to revise the Administrative Order filed September 22, 2006, entered by the Court to manage and coordinate the non-Indian claims in the Taos, Chama and Santa Cruz/Truchas adjudications. In particular, the existing Administrative Order does not give first priority to the determination of priority dates or irrigation water requirements in Section 5 of the Chama Stream System (Rio Gallina)

or the final determination of priority dates in Section 1 (Chama Mainstream). In order to balance the demands on counsel and the staff and resources of the parties, certain other matters in the Chama adjudication should be reduced to second or third priority.

Counsel for the State and the other parties have met to discuss proposed changes to the Administrative Order and are in agreement with the changes described herein.

******

First Priority:  Resolution of the following non-Indian matters in the Taos and the Chama Adjudications shall be first priority among the Three NNM adjudications:

1.      All matters listed under Exhibit 1 for the Taos Adjudication, except groundwater and domestic and stock water claims.

2.      Primary subfile work in the Chama Adjudication Sections 3 and 7.

3.      Litigation of disputed subfile claims in the Chama Adjudication Sections 3 and 7.

4.      Determination of priority dates and irrigation water requirements in the Chama adjudication Section 5.

5.      Federal Wild and Scenic River Act claims in Section 1.

6.      Determination of priority dates of community and private ditches in the Chama Adjudication Section 1, followed by amendment of 1971 Partial Final Decree for Section 1 with respect to priority dates.

The State shall allocate its resources to first priority matters over second and third priority matters.  As between the Taos and Chama Adjudications, completion of the outstanding non-Indian matters in Taos shall be given the higher priority.

Second Priority:  Resolution of the following matters in the Taos and the Chama

Adjudications shall be second priority among the Three NNM Adjudications:

1.  Adjudication of groundwater and domestic and stock water uses in the Taos Adjudication.

2.  Federal non-Indian proprietary claims in the Chama Adjudication in Sections 3 and 5.

3.  Inter se proceedings and entry of an interim or partial final decree for surface water irrigation water use in the Chama adjudication Section 5.

4.  Primary subfile work and E & O Claims in the Chama Adjudication Section 2.

5.  E & O claims in the Chama Adjudication, Sections 1 and 4.  As between the E & O claims in Sections 1, 2 and 4,the Court and parties will address the claims in Section 1 first.

6.  Determination of priority dates and water allocation customs between acequias for community and private ditches in the Chama Adjudication Sections 3 and 7.

7.  Determination of the diversion and irrigation water requirements in the Chama Adjudication Sections 3 and 7.

<u>Third Priority</u>:  Resolution of all other non-Indian matters not identified above shall be third priority.  The State shall pursue resolution of third priority matters with due diligence, but shall not allocate resources to third priority matters at the expense of first or second priority matters.

******

The proposed changes to the existing Administrative Order do not affect the prioritization of any matters other than those confined to the Chama adjudication.  In addition, the proposed prioritization of first and second priority matters does not specifically change the priority of the

-3-

resolution of any claims under the Treaty of Guadalupe Hidalgo, currently a third priority matter. However, the parties agree that the effect of the Treaty may be raised when relevant or material to the resolution of first or second priority matters.

The proposed prioritization also does not affect the stipulated Scheduling and Procedural Order Governing the Outstanding Water Claims of the Jicarilla Apache Nation.

Counsel also discussed the fact that the present and future scheduling of pending Indian claims in several adjudications could affect the ability of some parties and their counsel to address the matters described above. The parties expect to receive direction from the Court on the coordination of litigation activities associated with Indian claims in these adjudications following a planning meeting with the Special Master on July 11, 2002. *See* Letter of Special Master Gabin to Arianne Singer filed June 18, 2007 (Doc. No. 8693). Counsel for the Acequias note that although the proposed revisions to case management priorities for the Rio Chama do not affect the scheduling and prioritization of Indian claims, the Acequias state that their top immediate priority in the Chama adjudication is to address the claims of Ohkay Owingeh.

Notwithstanding the prioritization of the matters addressed above, situations may arise that require immediate attention by the Court. Counsel agree that the parties may request, by motion, either a revision of case management priorities or such other immediate attention as may be required under the circumstances.

WHEREFORE, the Plaintiff State of New Mexico and parties identified above jointly request the Court to amend the September 22, 2006, *Administrative Order on Case Management Priorities* (Doc. 8384) as described above.

Respectfully submitted,


  /s/ Ed Newville
EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444


   Approved 7/10/07
DAVID W. GEHLERT
U.S. Department of Justice
Environment and Natural Resources
Section
1961 Stout Street – 8th Floor
Denver, CO 80294
(303) 844-1350


   Approved 7/10/07
SUSAN JORDAN
NOELLE GRANEY
Nordhaus Law Firm, LLP
1239 Paseo de Peralta
Santa Fe, NM 87501
(505) 982-3622


   Approved 7/10/07
FRED J. WALTZ
214 B Kit Carson Rd.
Taos, NM    87571-6474
(505) 758-0407


   Approved 7/10/07
MARY E. HUMPHREY
Humphrey & Ode PC
P.O. Box 1574
El Prado, NM 87529-1574


   Approved 7/11/07
JOHN W. UTTON
Sheehan, Sheehan & Stelzner PA
P.O. Box 271

Albuquerque, NM 87103-0271

Approved 7/11/07

DAVID BENEVIDES
New Mexico Legal Aid
P.O. Box 5175
Santa Fe, NM 87502-5175


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __12__ day of July, 2007 I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

 /s/ Ed Newville
Ed Newville