IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer, | ) ) ) | |
| Plaintiff, | ) ) | 69cv07941-BB |
| -v- | ) ) | RIO CHAMA STREAM SYSTEM |
| ROMAN ARAGON et al., | ) ) | |
| Defendants. | ) ) | Sections 3 and 7 |

ORDER DENYING MOTION TO ADOPT ORDER FOR
NON-WAIVER OF CLAIMS UNDER THE TREATY OF GUADALUPE HIDALGO

THIS MATTER is before the Special Master on the May 2, 2007, Associación de Acéquias Norteñas de Rio Arriba's ("Acéquias") Motion to Adopt Order for Non-Waiver of Claims Under the Treaty of Guadalupe Hidalgo (Docket No. 8640); the State of New Mexico, *ex rel*. State Engineer's Response, May 21, 2007 (No. 8652); the Acéquias' Reply, June 8, 2007 (No. 8688), and the United States of America's Response May 14, 2007 (No. 8649).

The Acéquias request the Court to adopt the following language which would be applicable to Sections 3 and 7 of this adjudication:

> By signing a consent Order, a claimant does not waive any future claim of right which might arise under the Treaty of Guadalupe Hidalgo or related authority. A claimant who signs a Consent Order may, at the appropriate point in these proceedings, raise the question of the effect on, or the relevance of the Treaty of Guadalupe Hidalgo or related authority to, his or her water rights.

(Hereinafter, this language will be referred to as the "non-waiver option.")

A non-waiver option appears neither in the March 15, 2000, Procedural Order for the Adjudication of Water Rights Claims in the Rio Gallina Section (Section 5) ( No. 5890), nor in the July 25, 2000, Section 3 Procedural Order (No. 5913). The November 19, 2002, Procedural Order

for the Adjudication of Water Rights Claims in Section 7 of the Rio Chama Stream System Section (No. 6939) provides at Section II for a non-waiver option regarding only claims arising under the Treaty of Guadalupe Hidalgo. It provides further that "Questions, claims or issues regarding the Treaty of Guadalupe Hidalgo shall be addressed in a global and unified proceeding to be scheduled after the completion of individual subfile proceedings."

Whether the opportunity to raise issues regarding the Treaty of Guadalupe Hidalgo and/or a "related authority" should be extended to water rights claimants in Section 3, and whether claimants in Section 7 should receive the benefit of an expanded scope of historical inquiry, are questions better addressed in a "unified proceeding," after the individual subfile proceedings are completed, and when the historical research is finished. The Court will then have the advantage of receiving evidence of specific legal authorities and the applicability of those authorities to a particular claimant's rights. Nothing in the Acéquias' pleadings today suggests any reason to expedite these proceedings.[1] The Acéquias' Motion, therefore, is premature.

Given the above reason for denying the Motion, it is unnecessary to address the parties' other arguments.

IT IS ORDERED, THEREFORE, that the Acéquias' Motion is DENIED.

*Vickie L. Gabin*
SPECIAL MASTER

---

[1] Claims arising under the Treaty of Guadalupe Hidalgo are currently third priority matters, but may be raised "when relevant or material to the resolution of first or second priority matters." July 16, 2007, Order Amending the September 22, 2006 Administrative Order on Case Management Priorities at pp. 3 - 4.