EXHIBIT A





PLAT OF BOUNDARY SURVEY FOR
DOS RIOS RANCH, LLC
A Portion of the Historic Hall Tract
Lying West of the Village of Chama
Within the Tierra Amarilla Grant
Rio Arriba County, New Mexico

Vicinity Map
N.T.S.

SURVEYOR'S NOTES

1. Basis of bearing — S.48°30'49"E. (Unrotated GPS observations from NMSEO brass cap "Cable" to NMSEO brass cap "Airstrip". Bearings are grid and based on the New Mexico State Plane Coordinate System Central Zone (NAD 27). Coordinates were transformed at the NMSEO station "Cable", having New Mexico State Plane Coordinates, Central Zone (NAD 27), and US survey feet, of y = 2,142,009.14 and x = 400,536.13. The combined grid to ground factor is 1.0004620520 and was computed at NMSEO "Cable" using the mean elevation of 7772 feet.

2. Reference materials used:

   a. Deeds and other materials:

   Book 183, pages 258-259     Book 183, pages 251-252
   Book 186, pages 518-520     Book 158-A, pages 86-87
   Book 159-A, pages 771-774   Book 174-A, pages 119-130
   Book 152-A, pages 582-587   Book 153-A, pages 47-48
   Book 157-A, pages 738-744   Book 447, page 525
   Book 447, pages 526-528     Book 447, pages 529-531
   Book 458, page 246          Book 527, page 623
   Book 328, page 2006         Book 529, page 5554
   Book 530, page 1311         Book 529, page 2274
   Book 529, page 927          Book 529, page 413
   Book 528, page 2010

   b. Plats:

   Martin & Borders Subdivision by F. Stanford as filed in Book 61, page 80 on 30 June 1959 (S-502)
   Survey for Henry C. Kendland by W. H. Albert dated 07 December 1987 (87-77)
   Arkington Land Company Subd. No. 4 by H.I. Reid as filed in Book of Plats A-22, page 41 on 30 July 1915 (S-507)
   Survey for Village of Chama Incorporated Limits by J. C. Lujan as filed in Book of Plats C-123, page 0579 on 28 September 1973 (M-015)
   Survey for Rodney Dale Halmars by W. H. Albert as filed in Book of Plats P-1155, page 5894 on 23 October 1998 (98-151A)
   Plat of Boundary Survey of two parcels for Dos Rios Development, LLC by Gilberto Archuleta, NMPS 13976, as filed in Book of Plats A1, page 161 on 29 May 2003 (03-028)
   Division for Mortgage purposes only Plat B. J. Harris by Gilberto Archuleta, NMPS 13976 as filed in Book of Plats B1, page 143 on 24 September 2003 (03-120)
   Plat of Annual Division for Dos Rios Development, LLC by William H. Albert, NMPS 7241 as filed in Book of Plats E1, page 184 on 14 December 2004 (04-020)
   Plat of Annual Division for Janet K. Reis by William H. Albert, NMPS 7241 as filed in Book of Plats E1, page 200 on 30 December 2004 (04-191)
   Plat of Annual Division for Michael L. and Cathy A Starnes by Gilberto Archuleta, NMPS 13976 as filed in Book of Plats F1, page 55 on 10 February 2005 (04-192)
   Plat of Annual Division for Janet K. Reis by William H. Albert, NMPS 7241 as filed in Book of Plats F1, page 54 on 10 February 2005 (05-003)
   Plat of Annual Division for James A. Heath by Gilberto Archuleta, NMPS 13976 as filed in Book of Plats H1, page 30 on 13 February 2006 (05-115)
   Plat of Annual Division for Gilberto and Jennifer A. Archuleta by William H. Albert, NMPS 7241 as filed in Book of Plats G1, page 168 on 28 October 2005 (05-142)
   Plat of Boundary Survey and Lot Line Adjustment for B. J. Harris by Gilberto Archuleta, NMPS 13976, as filed in Book of Plats J1, page 108 on 21 February 2007 (05-179)

3. This survey is subject to any facts that may be disclosed by a full and accurate title search and to any easements, restrictions or reservations of record. It is possible that there are deeds, easements or other instruments, either of record or unrecorded, which could affect the hereon platted property. Title Commitment QF No. C07-140 was issued by United General Title Insurance Company for this property.

4. As a result of apparent public common usage of certain areas delineated hereon, but not necessarily restricted to only those areas, the public and/or certain specific private parties may acquire "prescriptive easements" over those areas under the statute of limitations.

5. The Village of Chama has an electric easement that runs along the north easterly portion of this property see Book 159-A, pages 771-774. There is also a permanent sanitary sewer easement along the same area see Book 157-A, pages 738-744 and Book 152-A, pages 582-587.

6. Fences deviate from the property line.

7. The properties falls within Zones AE, AO and X as shown on FEMA Flood Insurance Rate Map Community Panel 350049 0260C, dated 05 August 1997. Zone AE is defined as a "special flood hazard area inundated by 100-year flood with base flood elevations determined." Zone AO is defined as an "flood depths of 1 to 3 feet". Zone X is defined as "areas determined to be outside 500-year floodplain."

8. The Property Identification Code for the property as provided by the Rio Arriba County Assessors Office is 1-016-182-500-150.

N-F John C. Woolley, et al., Trust
Book 183, pages 251-252

N-F John C. Woolley, et al. Trust
Book 183 pages 258-259

N-F John C. Woolley, et al., Trust
Book 183 pages 258-259

Patricio Garcia  22 June 07
Rio Arriba County Planning    Date
and Zoning
RA07-157

STATE OF NEW MEXICO  )
                     ) ss.
COUNTY OF RIO ARRIBA )

J. FRED VIGIL, County Clerk
Rio Arriba County, New Mexico

Bonnie Brown
      Deputy

CERTIFICATE OF SURVEY

I do hereby certify that this plat is an accurate delineation of field surveys completed under my direction in May of 2007, and that it meets the Minimum Standards for Surveys in New Mexico as adopted by the New Mexico Board of Registration for Professional Engineers and Surveyors on 01 May 2007.

I further certify that this survey is not a land division or subdivision as defined in the New Mexico Subdivision Act and that this is a boundary survey of an existing tract or tracts.

GILBERTO ARCHULETA  NMPS 13976   6/21/2007

EXHIBIT B



"WATER RIGHT LAND"

PLAT OF BOUNDARY SURVEY FOR
DOS RIOS RANCH, LLC
A Portion of the Historic Hall Tract
Lying West of the Village of Chama
Within the Tierra Amarilla Grant
Rio Arriba County, New Mexico



*Exhibit C*

305498

# NEW MEXICO STATE ENGINEER OFFICE
## CHANGE OF OWNERSHIP OF WATER RIGHT

$2.00
HC 30987

### 1. OWNER OF RECORD

Name: Chama Investments, Inc., a New Mexico Corporation
Contact:                                        Work Phone:
Address: PO Box 116                             Home Phone:
City: Chama          State: NM       Zip: 87520

### NEW OWNER

Name: **James A. Heath and Farm Credit of New Mexico, FLCA, a wholly owned subsidiary of Farm Credit of New Mexico, ACA, a Federally-Chartered corporation, as mortgagee.**

Contact: James A. Heath                         Work Phone:
Address: 438 San Pasqual                        Home Phone: 505.995.8465
   City: Santa Fe    State: NM       Zip: 87505

Contact: Damian R. Roberts                      Work Phone: 505.884.1048
Address: PO Box 36120                           Home Phone:
   City: Albuquerque    State: NM    Zip: 87176

### 2. AMOUNT CONVEYED

Consumptive Use: ___280___ acre-feet per annum
Diversion Amount: ___280___ acre-feet per annum
Other: _____ (units)

State Engineer File Number: SP 00968
Subfile Number _____ of Cause Number _____
Owner of record has conveyed __X__ all _____ of said right.
                              (all or part)

### 3. PURPOSE OF USE

Domestic: ____ Livestock: ____ Irrigation: XX Municipal: ____ Industrial: ____
Commercial: ____ Other (specify): _____
Specific use: _____

### 4. PLACE OF USE

___140___ acres of land described as follows:

| Subdivision of Section (District or Hydrographic Survey) | Section (Map No.) | Township (Tract No.) | Range | Acres | Priority |
|---|---|---|---|---|---|
| W2W2 | 7 | 1S | 3E | 140 | |

Form: wr-02                    page 1
FCNM - 3506 Rev. 1/01                                          Branch Form

## NEW MEXICO STATE ENGINEER OFFICE
## CHANGE OF OWNERSHIP OF WATER RIGHT

5. **WELLS TO ACCOMPANY CONVEYED RIGHT**

| Well File No. | Subdivision | Section | Township | Range |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

6. **CONSENT TO LAWFUL CHANGE IN PLACE AND/OR PURPOSE OF USE**

I, the above owner of record, hereby consent to a lawful change in the place and/or purpose of use of the above-described water right: (To be completed only if it is an irrigation water right and have been conveyed separate from the land to which it was appurtenant.)

_____     _____

7. **ADDITIONAL STATEMENTS OR EXPLANATIONS:**

_____
_____
_____
_____
_____
_____
_____
_____

### ACKNOWLEDGEMENT FOR NATURAL PERSONS

I, James A. Heath affirm that the foregoing statements are true to the best of my knowledge and belief, By:

*/s/ James A. Heath*
James A. Heath

### NOTARY

This instrument was acknowledged before me this _11th_ day of _September, 2003_, A.D., _____, By ___James A. Heath_____.
Name of Applicant

My commission expires __4-27-2004__     */s/ Judith F. Edghill*
                                          Notary Public

[Notary seal: JUDITH F. EDGHILL, Comm. # 1262020, NOTARY PUBLIC-CALIFORNIA, Marin County, My Comm. Expires April 27, 2004]

File Number: __SP 00968__

Form: wr-02                                                         page 2
FCNM - 3506 Rev. 1/01                                          Branch Form

## NEW MEXICO STATE ENGINEER OFFICE
## CHANGE OF OWNERSHIP OF WATER RIGHT

### ACKNOWLEDGMENT FOR CORPORATION

*Randy J. Wood*

State of ( New Mexico )
§
County of ( Bernalillo )

This instrument was acknowledged before me this __27__ day of __August__, A.D., __2003__, By __Randy J. Wood__, __Vice President__
                (Name of Officer)               (Title of Officer)

of __Farm Credit of New Mexico__, a __New Mexico__ corporation,
    (Name of Corporation Acknowledging)     (State of Corporation)

on behalf of said corporation.

My commission expires: __08/26/06__

*Jeanette Carmona*

This Change of Ownership form is hereby accepted for filing in accordance with Section 72-1-2.1, NMSA-1978 (1985 Repl. Pamp), as amended.
The acceptance by the State Engineer Office does not constitute validation of the right conveyed.

[Stamp: STATE ENGINEER OFFICE ALBUQUERQUE, NEW MEXICO 03 SEP 18 PM 3:47]

File Number: __SP 00968__

# NEW MEXICO STATE ENGINEER OFFICE
## CHANGE OF OWNERSHIP OF WATER RIGHT

### CHANGE OF OWNERSHIP INSTRUCTIONS

a. The "Owner of Record" of a water right is the current owner recorded in the State Engineer Office.
b. This form shall be completed by the new owner and shall be accompanied by a warranty deed or other instrument of conveyance.
c. A separate Change of Ownership of Water Right form shall be filed for each water right recorded in the State Engineer Office by either Permit, License, Declaration or Court Adjudication.
d. This form shall be filed in triplicate (three) and must be accompanied by a $2.00 filing fee. Each form must be signed and notarized.
e. An original will be forwarded to the new owner with instructions to file it with the county clerk in the county in which the water right is located. Acceptance of the form for filing by the State Engineer does not constitute verification of the right conveyed.

### LINE BY LINE INSTRUCTIONS

1. Name and address of new owner is required.
2. If for irrigation, "Diversion Amount" is the diversion at the farm (turnout) headgate. State Engineer file number is required.
3. State purpose of use of the existing water right of the owner of record.
4. A legal description of the land with the water right or place of use is required. If possible, a copy of the survey plat shall accompany this document.
5. If the ownership of a well is being changed, the State Engineer file number of the well is required.
6. If the water rights are being conveyed without the land, verification (signature) from the seller is required.

Assistance in completing this form is available, and filing of the form may be done, at the State Engineer Office in Santa Fe and the District Offices located as follows:

Santa Fe, Room 102, Bataan Memorial Building, P.O. Box 25102,
    Santa Fe, NM  87504-5102, Phone # 505-827-6120
District 1, 3311 Candelaria, NE, Suite A,
    Albuquerque, NM  87107, Phone # 505-841-9480
District 2, 190 West Second Street,
    Roswell, NM  88201, Phone # 505-622-6467
District 3, 216 South Silver, P.O. Box 844,
    Deming, NM  88031, Phone # 505-546-2851
District 4, 133 Wyatt Drive, Suite 3,
    Las Cruces, NM  88005, Phone # 505-524-6161
Aztec Sub-Office, 112 South Mesa Verde,
    Aztec, NM  87410, Phone # 505-334-9481

File Number: _____



JAMES A HEATH

**Farm Credit**

# MORTGAGE AND SECURITY AGREEMENT
(With Future Advance Clause)

Loan No. 2493829

## DATE.
THIS MORTGAGE is made on this _____9th_____ day of _____September_____, __2003__.

## PARTIES.
The parties to this mortgage are:

James A. Heath, a single man

hereafter called MORTGAGOR, whether one or more, and Farm Credit of New Mexico, FLCA, a wholly owned subsidiary of Farm Credit of New Mexico, ACA _____, P.O Box 36120 Albuquerque, NM 87176 _____
(MORTGAGEE).

## PROPERTY MORTGAGED.
MORTGAGOR, in consideration of money loaned, as described in this instrument, by the MORTGAGEE, does by this instrument mortgage to the MORTGAGEE all of the following real estate situated in the County of _____Rio Arriba_____ and State of _____New Mexico_____ described as follows:

North Tract, containing 35.00 acres and South Tract, containing 327.77 acres, as shown on plat entitled "PLAT OF BOUNDARY SURVEY OF TWO PARCELS FOR DOS DIOS DEVELOPMENT, LLC A PORTION OF THE HISTORIC HALL TRACT...LYING WEST OF THE VILLAGE OF CHAMA...", filed in the Office of the County Clerk, Rio Arriba County, New Mexico, on May 29, 2003, in Plat Book A1, page 161, as Document No. 233446.

Parties agree that the statutory period of redemption shall be reduced to one (1) month.

Together with water and water rights used for the irrigation of said lands.

Containing _____363_____ acres, more or less.

Subject to existing easements, rights of way, and mineral interests or mineral leases owned by third parties under valid reservations or conveyances now of record; but including the following property, whether or not owned by MORTGAGOR on the date of this mortgage or acquired by MORTGAGOR after the date of this mortgage, or whether now or hereafter located on or appurtenant to the real estate described above:
   All improvements of any kind and character; all equipment and fixtures; all easements, rights of way
   and reversionary rights; all privileges, hereditaments and appurtenances; all water, irrigation and
   drainage rights; and all abstracts or other evidence of title;
all of which shall be considered a part of the property securing the repayment of the loan described in this instrument.

## AMOUNT AND TERMS.

The MORTGAGOR has made a promissory note payable to the order of MORTGAGEE. The promissory note is dated _____9/9/2003_____. The mortgage secures to the MORTGAGEE the payment of $ 1,100,000.00 _____ of the original principal sum and is payable with interest as shown in the promissory note and if not sooner paid, shall be due and payable in full on _____10/1/2033_____ subject to extensions thereof. The promissory note states the interest rate on the principal sum, and may also provide for future changes in the interest rate. The principal sum consists of the original principal sum and substitutions and renewals thereof, and may consist of additional principal advances not to exceed $ 1,326,000.00 _____, as evidenced by the MORTGAGOR's notes and bearing interest as provided in said notes. The mortgage secures the repayment of the principal sum with interest, and any additional indebtedness arising under the terms and conditions of this mortgage.

Form 8674 R03/2000                                                                                                       Page 1 of 4



**PROMISES BY MORTGAGOR.**
MORTGAGOR promises as follows:

1. **TITLE.** To be the owner of fee simple title to the real estate described above, and to be the owner of unconditional title to all other property which secures repayment of this mortgage; to have a good right to mortgage said property; that all property is free and clear of all liens and encumbrances; and to guarantee and defend title to all property which is the subject of this mortgage against the lawful claims or demands of all persons not parties to this agreement, except: (attach schedule, if applicable).

2. **USE OF LOAN PROCEEDS.** To use the proceeds from the loan secured by this mortgage solely for the purposes stated by MORTGAGOR in MORTGAGOR'S loan application.

3. **PAYMENT.** To pay when due all payments as set out in the note secured by this mortgage.

4. **TAXES AND ASSESSMENTS.** To pay when due all taxes and assessments lawfully levied or assessed against the property mortgaged by this instrument, and also to pay all lawful claims, liens, judgments or encumbrances which may be or become prior to this mortgage.

5. **INSURANCE AND ITS PROCEEDS.** To insure the buildings and improvements now on, or which may be placed on, the real estate described above, and to keep such buildings and improvements insured against such hazards and in such amounts as the MORTGAGEE may require. The policy of insurance shall contain a loss-payable clause in favor of the MORTGAGEE, as its interest may appear. If there is a loss, and if the payments on the note secured by this mortgage are current and if there is no violation of the terms of this mortgage by MORTGAGOR, any sums received by the MORTGAGEE for loss under the policy may be used to pay for reconstruction of the destroyed buildings or improvements; if not so applied, or if there is a violation of the terms of this mortgage by MORTGAGOR, then, at the MORTGAGEE'S option, any sums received by the MORTGAGEE may be applied in payment of matured debt, or as extra payments on unmatured debt in the manner provided for in the promissory note secured by this mortgage.

6. **COMPLIANCE WITH LAWS; REPAIR, WASTE, REMOVAL.** To comply with all laws, ordinances, regulations, covenants, conditions and restrictions which affect the security; to keep the security in good condition and repair at all times; not to commit or permit waste of, or nuisance on, the security, nor to permit unreasonable depreciation of the physical condition or value of the security through erosion, insufficient water supply, inadequate or improper drainage or irrigation, or any other cause; or, unless written consent of the MORTGAGEE is first obtained, not to cut or remove, or permit the cutting or removal of, growing timber, except for domestic purposes; nor to remove or permit removal of any improvements, except for appropriate replacement.

7. **REIMBURSEMENT OF COSTS AND EXPENSES TO MORTGAGEE.** To promptly reimburse the MORTGAGEE for all costs and expenses which the MORTGAGEE may incur in any suit to foreclose this mortgage, or in any suit in which the MORTGAGEE may be obliged to defend or protect its lien under bankruptcy laws or other laws, or any of the other rights it may have under this mortgage, including all abstract fees, all court costs, a reasonable attorney's fee where allowed by law, and all other expenses. Any expenses so incurred by the MORTGAGEE shall be secured by this mortgage, may be included in any decree of foreclosure, and may be added as advances to the loan balance when paid, as provided in the section labeled "ADVANCES" below.

8. **LIFE AND/OR DISABILITY INSURANCE; APPLICATION OF PROCEEDS.** To obtain and maintain life and/or disability insurance in such amount as the MORTGAGEE may require in its loan commitment or in any later loan servicing agreement between MORTGAGOR and MORTGAGEE. The insurance policy will provide that all insurance proceeds are to be fully payable to the MORTGAGEE. All such proceeds shall be applied, first, to the payment of any matured indebtedness due the MORTGAGEE, and, secondly, toward payment of the unmatured principal amount due the MORTGAGEE. Any insurance proceeds remaining after full satisfaction of the MORTGAGEE'S debt shall be forwarded to such person as MORTGAGOR may have designated in the insurance policy, or, if a person is not designated, to MORTGAGOR or to MORTGAGOR'S successors in interest, and the MORTGAGEE shall be held harmless in, and incur no liability for so doing.

**ENVIRONMENTAL REPRESENTATIONS, WARRANTIES, COVENANTS, AND INDEMNITIES**

With respect to the property, Mortgagor has complied, is in compliance, and will at all times comply in all respects with all applicable laws (whether statutory, common law or otherwise), rules, regulations, orders, permits, licenses, ordinances, judgments, or decrees of all governmental authorities (whether federal, state, local or otherwise), including, without limitation, all laws regarding public health or welfare, environmental protection, water and air pollution, composition of product, underground storage tanks, toxic substances, hazardous wastes, hazardous substances, hazardous materials, waste or used oil, asbestos, occupational health and safety, nuisances, trespass, and negligence.

1. **RIGHT OF INSPECTION.** The Mortgagor hereby grants, and will cause any tenants to grant, to Mortgagee, its agents, attorneys, employees, consultants, contractors, successors and assigns, an irrevocable license and authorization, upon reasonable notice, to enter upon and inspect the Property and facilities thereon, and perform such tests, including without limitation, subsurface testing, soils and groundwater testing, and other tests which may physically invade the Property thereon, as the Mortgagee, in its sole discretion, determines is necessary to protect its security interest, provided however, that under no circumstances shall the Mortgagee be obligated to perform such inspections or tests.

2. **INDEMNITY.** Mortgagor agrees to indemnify and hold Mortgagee, its directors, employees, agents, and its successors and assigns, harmless from and against any and all claims, losses, damages, liabilities, fines, penalties, charges, judgments, administrative orders, remedial action requirements, enforcement actions of any kind, and all costs and expenses incurred in connection therewith (including, but not limited to, attorney's fees and expenses, including all attorneys fees and expenses incurred by Mortgagee in enforcing this indemnity), arising directly or indirectly, in whole or in part, out of any failure of Mortgagor to comply with the environmental representations, warranties and covenants contained herein.

3. **CONTINUATION OF REPRESENTATIONS, WARRANTIES, COVENANTS AND INDEMNITIES.** Mortgagor's representations, warranties, covenants and indemnities contained herein shall survive the occurrence of any event whatsoever, including without limitation, the satisfaction of the promissory note secured hereby, the reconveyance or foreclosure of this mortgage, the acceptance by Mortgagee of a deed in lieu of foreclosure, or any transfer or abandonment of the property.

### ASSIGNMENT OF MINERAL INCOME AND DAMAGES.

To provide for payment of the debt secured by this mortgage, MORTGAGOR hereby assigns to the MORTGAGEE all sums of money which are now due or hereafter may become due to MORTGAGOR for claims, injury or damage to the security from any cause, and also all sums which are now due or hereafter may become due to MORTGAGOR as rents, royalties, bonuses or delay rentals under any oil, gas or other mineral lease now existing, or hereafter entered into by MORTGAGOR on the real estate described above. To assign payment of these sums to the MORTGAGEE, MORTGAGOR agrees to execute and deliver to the MORTGAGEE any further instruments which the MORTGAGEE may require, at the MORTGAGEE'S option. sums paid to it by virtue of this assignment may be released by the MORTGAGEE to MORTGAGOR, and release of any such sums shall not prevent the MORTGAGEE from receiving payment of any other sums under this assignment. If not released by the MORTGAGEE to MORTGAGOR, such sums may be applied to pay any matured debt owing to the MORTGAGEE, or, if no matured debt exists, such sums may be applied as advance payment of principal, according to the provisions of the promissory note described above. Release of this mortgage of record shall automatically terminate the MORTGAGEE'S right to receive any further sums under this assignment.

### WATER RIGHTS.

The MORTGAGOR shall abide by all the statutes, rules, and regulations of any and all state and local authorities having jurisdiction over the use and distribution of water or water resources, and further covenants and agrees not to transfer, sell or assign or relinquish the water rights now held or hereafter acquired covering the above described property without the written consent of the MORTGAGEE.

### ADVANCES.

In the event MORTGAGOR does not pay when due any costs incurred for abstracting, surveys, title curative work and recording fees which are to be paid by MORTGAGOR as provided for in the application or commitment for this loan, or in the event MORTGAGOR does not pay when due any taxes, or lawful liens, judgments, assessments or other charges which MORTGAGOR promises by the terms of this mortgage to pay, or in the event MORTGAGOR does not maintain insurance as provided for in this mortgage, the MORTGAGEE may make such payments or provide such insurance, and each payment which the MORTGAGEE makes on any of these items shall become a part of the debt secured by this mortgage and be added onto MORTGAGOR'S loan; however, any sum so paid by the MORTGAGEE shall immediately be payable by MORTGAGOR and shall bear interest from the date the MORTGAGEE advances such sums until the date MORTGAGOR pays them, as provided for in the promissory note described above. The MORTGAGEE shall be the sole judge of the legality, necessity or propriety of making any such payment of providing any such insurance, and shall be held harmless in, and incur no liability for so doing.

### SECURITY AGREEMENT.

In the absence of a separate security agreement entered into by MORTGAGOR and MORTGAGEE, this mortgage shall constitute and shall be a security agreement pursuant to the Uniform Commercial Code with respect to any goods, fixtures, equipment, appliances or articles of personal property specified above or described in a separate schedule attached hereto (hereinafter collectively referred to in this paragraph as "personal property") which are a part of the Property and which, under applicable law, are or may be subject to a security interest pursuant to the Uniform Commercial Code, and MORTGAGOR hereby grants MORTGAGEE a security interest in said personal property. MORTGAGOR agrees to execute and deliver from time to time financing statements covering said personal property in such form as MORTGAGEE may require to perfect its security interest therein. Upon MORTGAGOR'S breach of any covenant or agreement contained in this mortgage, including but not limited to MORTGAGOR'S covenants to pay when due all sums secured by the mortgage, MORTGAGEE shall have all the remedies of a secured party under the Uniform Commercial Code and, at MORTGAGEE'S option, may also invoke the remedies provided in this mortgage with respect to the personal property secured hereby.

### BREACH OF PROMISES IN THIS AGREEMENT; ACCELERATION OF DEBT.

In the event MORTGAGOR does not comply with any of the promises contained in this mortgage, or does not do any of the acts which MORTGAGOR agrees to do under the terms of this mortgage, or in the event MORTGAGOR makes an assignment for the benefit of his creditors, or if a petition for or appointment of a receiver or trustee to take charge of the MORTGAGOR'S property occurs, or if any proceedings are commenced which might result in loss or reduction of the uses and enjoyment of the security for this loan, or if at any time the MORTGAGEE shall deem itself insecure, then the MORTGAGEE may declare a default and the debt secured by this mortgage shall immediately become fully due and payable and bear interest as provided for in the promissory note described above and this mortgage shall become immediately subject to foreclosure. The MORTGAGEE may, however, at its sole option and without notice, waive such acceleration, but no waiver shall prevent the MORTGAGEE from again accelerating the debt based on a later breach of the promises contained in this mortgage.

### CHANGE OF OWNERSHIP.

In the event of a change of ownership of the property securing this loan, the MORTGAGEE may declare a default and the debt secured by this mortgage shall become immediately due and payable and bear interest as provided for in the promissory note described above and this mortgage shall become immediately subject to foreclosure unless the MORTGAGEE has given its written consent before such change, or unless the change was the direct result of the death of MORTGAGOR. "Change of Ownership" means a voluntary or involuntary transfer of title to the security, or any part of it or interest in it, and includes any change in the entity structure, control, operation or ownership which would make MORTGAGOR ineligible to borrow from the MORTGAGEE. Regardless of whether a change of ownership appears as a matter of public record, the MORTGAGEE will have 60 days from the date of receiving a written notice of change of ownership to accelerate the debt and if the MORTGAGEE does not do so within this 60 days its right to accelerate the debt shall expire.

### RIGHT TO ENTER UNOCCUPIED PREMISES IN TIME OF EMERGENCY AND MAKE REPAIRS; ADVANCES FOR REPAIR.

If this mortgage is subject to foreclosure, and if the property mortgaged herein reasonably appears unoccupied to the MORTGAGEE, and if the MORTGAGEE determines that an emergency exists, the MORTGAGEE may go on the property for the sole purpose of repairing, preserving or protecting its security without becoming a mortgagee-in-possession. Any advances made for these purposes shall become a part of the debt secured by this mortgage, and shall become immediately due and payable in the same way as other advances are dealt with, above. The MORTGAGEE shall be held harmless in and incur no liability for doing the things provided for in this paragraph, and shall be the sole judge of the necessity or propriety of so doing.

### CONDEMNATION OR CONVEYANCE IN LIEU OF CONDEMNATION.

The proceeds of any award, compensation or claim for damages, direct or consequential, in connection with any condemnation or other taking of the property mortgaged herein, or any part of it, or for a conveyance in lieu of condemnation, are hereby assigned and shall be paid to the MORTGAGEE. Any money so received may, at the option of the MORTGAGEE, be applied, in part or in total, on the debt secured by this mortgage, whether due or not, and any money not so applied will be returned to MORTGAGOR.



**FORECLOSURE: ENTITLEMENT TO ABSTRACTS, RECEIVERSHIP, RENTS AND PROFITS.**
In the event this mortgage is foreclosed, the MORTGAGEE shall be entitled to all abstracts and other evidences of title, to have a receiver appointed by the Court to take possession of the security to collect rents and profits, and all amounts so collected shall be applied, under the direction of the Court, to the expenses of the receivership, and to payment of any judgment rendered or any amount secured by this mortgage.

**MORTGAGEE'S RIGHTS IN LOAN SERVICING.**
The MORTGAGEE shall have the right, at any time and without notice, to release all or any part of the security, to grant extensions, deferrals, renewals or reamortizations of all or any part of the debt secured by this mortgage, and to release from personal liability any party now or hereafter personally liable for repayment of the debt secured by this mortgage, all without affecting the provisions or priority of this mortgage or the security which remains or the personal liability of any party not specifically released from personal liability.

**WAIVER OF ELECTION, STAY, VALUATION AND HOMESTEAD, OF REDEMPTION RIGHTS WHERE ALLOWED BY LAW, AND OF THE BENEFIT OF ALL APPRAISEMENT LAWS.**
MORTGAGOR, by signing this mortgage, waives notice of election to declare the debt due, and also waives the benefit of all stay, valuation and homestead laws. Where permitted by law, MORTGAGOR also waives all rights of redemption as to any corporation or partnership which may succeed to MORTGAGOR'S interest in the security, and, if MORTGAGOR is a corporation or partnership, waives its own rights of redemption. MORTGAGOR also waives, where permitted by law, the benefit of all appraisement laws at the option of the MORTGAGEE, which option is to be exercised no later than at the time of judgment in foreclosure.

THE PROMISES AND AGREEMENTS CONTAINED IN THIS MORTGAGE SHALL BE BINDING ON THE HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS AND ASSIGNS OF ALL PARTIES TO THIS MORTGAGE.

_/s/ James A. Heath_
JAMES A. HEATH

## ACKNOWLEDGMENT

STATE OF ~~New Mexico~~ CALIFORNIA )
)  SS.
COUNTY OF MARIN )

This instrument was acknowledged before me this 11th day of September, 2003, by

James A. Heath, a single man

[Notary Seal: JUDITH F. EDGHILL, Comm. # 1262020, NOTARY PUBLIC-CALIFORNIA, Marin County, My Comm. Expires April 27, 2004]

_/s/ Judith F. Edghill_
Notary Public

My commission (appointment) expires: 4-27-2004

Form 8674 R03/2000                                                                 Page 4 of 4



SP 968



# RECORDING MEMORANDUM
## Farm Credit of New Mexico, FLCA

| DATE | LOAN NO. | NAME |
|---|---|---|
| September 17, 2003 | 2493829 | James A. Heath |

State Engineer Office
121 Tijeras NE Suite 2000
Albuquerque, NM 87102

Instruments indicated by "X" are enclosed for recording:

☒ **Mortgage**

☐ Release of Mortgage

☐ Reamortization Agreement

☐ Affidavit

☐ UCC Recording

☐ Effective Financing Statement

☐ Amendment

☐ Termination Statement

☒ **Change of Water Rights (3 sets)**

☐ Release Cross Default Cross Collateralization

☐ Collateral Assignment

☒ **Checks in payment of fee(s) in the amount of: $2.00   Check No. 10760**

After recording the document please mail copy to:
Farm Credit of New Mexico
Attn: Jeanette Carmona
P.O. Box 36120
Albuquerque, NM 87176-6120

Please don't hesitate to call me if you have any questions at (505) 884-1048 or (800) 451-5997.

*Jeanette Carmona*
*Operations Assistant*



# OFFICE OF THE STATE ENGINEER/INTERSTATE STREAM COMMISSION – ALBUQUERQUE OFFICE

OFFICIAL RECEIPT NUMBER: 1-30987   DATE: 9/24/03   FILE NO.: SP 00968

TOTAL: $2.60   RECEIVED: Two Dollars, 2¹⁰⁰⁄₁₀₀ Cents   DOLLARS   CHECK NO.: 010760   CASH:

PAYOR: Farm Credit of New Mexico, FLCA   ADDRESS: P.O. Box 36120   CITY: Albuquerque   STATE: NM

ZIP: 87176   RECEIVED BY: CCP

INSTRUCTIONS: Indicate the number of actions to the left of the appropriate type of filing. Complete the receipt information. Original to payor; pink copy to ASD; yellow copy to Water Rights, Santa Fe Office, and goldenrod copy for district file. If you make a mistake, void original and all copies and submit to ASD along with valid receipts.

## A. Ground Water Rights Filing Fees

| | | |
|---|---|---|
| __ 1. | Declaration of Water Right | $ 1.00 |
| __ 2. | Application to Appropriate; Domestic, Stock, Other Use | $ 5.00 |
| __ 3. | Application for Test, Exploratory, or Observation Well | $ 5.00 |
| __ 4. | Application to Change Location Domestic Well | $ 5.00 |
| __ 5. | Application to Repair or Deepen | $ 5.00 |
| __ 6. | Change of Ownership of Water Right | $ 5.00 |
| __ 7. | Application to Appropriate Irrig., Mun., Ind., or Comm. Use | $ 2.00 |
| __ 8. | Application to Combine Wells and/or Use | $25.00 |
| __ 9. | Application for Supplemental Well | $25.00 |
| __ 10. | Application to Change Location of Non-72-12-1 Well | $25.00 |
| __ 11. | Application to Change Place or Purpose of Use | $25.00 |
| __ 12. | Application to Change Location of Well and Place and/or Purpose of Use | $25.00 |
| __ 13. | Application for Extension of Time | $50.00 |
| __ 14. | Certificate and License | $25.00 |
| __ 15. | Application for Plan of Replacement | $25.00 |
| __ 16. | Application to Change Point of Diversion and Place and/or Purpose of Use from Surface Water to Ground Water | $50.00 |

## B. Surface Water Rights Filing Fees

| | | |
|---|---|---|
| __ 1. | Declaration of Water Right | $ 1.00 |
| __ 2. | Declaration of Livestock Dam | $ 1.00 |
| __ 3. | Application to Change Point of Diversion | $25.00 |
| __ 4. | Application to Change Place and/or Purpose of Use | $50.00 |
| __ 5. | Application to Change Point of Diversion and Place and/or Purpose of Use | $50.00 |
| __ 6. | Change of Ownership of Water Right | $ 2.00 |
| __ 7. | Application to Appropriate | $25.00 |
| __ 8. | Application for Extension of Time | $50.00 |
| __ 9. | Certificate of Construction | $25.00 |
| __ 10. | License to Appropriate | $25.00 |
| __ 11. | Application to Enlarge or Amend | $25.00 |
| __ 12. | Application to Change Point of Diversion and Place and/or Purpose of Use from Ground Water to Surface Water | $50.00 |
| __ 13. | Notice of Intent to Appropriate | $25.00 |

## C. Miscellaneous Fees

| | | |
|---|---|---|
| __ 1. | Application to Construct Flood Control Dam/Review of Plans for Safety of Dams ($10.00 + $2.00 /$1000.00 of estimated construction cost). | (VAR) |
| __ 2. | Application for Well Driller's License | $50.00 |
| __ 3. | Application for Renewal of Well Driller's License | $20.00 |
| __ 4. | Application to Amend Well Driller's License | $ 5.00 |

## D. Reproduction of Documents

.20¢/copy
$3.00/map   $_____

E. Certification   $_____

F. Other (Specify-not for filing fees)   $_____

Comments: _____

John R. D Antonio, Jr., P.E.  
State Engineer



Albuquerque Office  
121 TIJERAS NE, SUITE 2000  
ALBUQUERQUE, NM 87102

**STATE OF NEW MEXICO**  
**OFFICE OF THE STATE ENGINEER**

Trn Nbr: 285459  
File Nbr: SP 00968

Oct. 08, 2003

JAMES HEATH  
438 SAN PASQUAL  
SANTA FE, NM   87505

Greetings:

We received your Change of Ownership of Water Right form. Before the Change of Ownership can be processed, a warranty deed specific to the subject water right must be filed (examples enclosed). If the instrument of conveyance is not filed within 60 days, the filing fee will be forfeited and a new form will have to be filed. Please note that instruments of conveyance must be filed with the County Clerk before they are filed with the State Engineer.

Additionally, the current owners of record are Mildred G. Hall (widow) and Sunwest Bank of Albuquerque, N.A., Co-Trustees of the LeRoy E. Hall and Mildred G. Hall Trust Agreement. A complete chain of title must be documented before your Change of Ownership can be processed. Submit deeds documenting ownership changes between Mildred G. Hall et al. and Chama Investments, Inc., New Mexico Corporation.

Sincerely,

Elizabeth Cervantes  
(505) 764-3888

Enclosure  
cc: Santa Fe Office

incown

SAMPLE

—you will not appurtenant land...

1318138

# SPECIAL WARRANTY DEED
## (Water Rights)

Wells Fargo Bank (Texas), National Association, formerly First Interstate Bank of Texas, N.A., a national banking association (herein called "Grantor"), for good and valuable consideration paid by LAC Minerals (USA) Inc., a Delaware corporation (herein called "Grantee"), whose address is 1751 Old Pecos Trail, Suite G, Santa Fe, NM 87505, the receipt and sufficiency of which consideration are hereby acknowledged and confessed, does hereby GRANT, BARGAIN, SELL and CONVEY unto Grantee, its successors and assigns, all of Grantor's right, title, and interest in and to the Water Rights.

TO HAVE AND TO HOLD the Water Rights unto the said Grantee, its successors and assigns, forever.

As used in this Special Warranty Deed, "Water Rights" are defined as those water rights set forth in New Mexico State Engineer ▓▓▓▓▓▓▓▓▓▓▓▓▓ attached hereto as Exhibit "A." Permit No. RG-XXXXX

The Water Rights are granted with special warranty covenants, to wit, that the Grantor, for itself, its heirs, executors, administrators, and successors, covenants with the Grantee, its heirs, successors, and assigns, that the granted Water Rights are free from all encumbrances made by the Grantor, and that it will, and its heirs, executors, administrators and successors shall warrant and defend the same to the Grantee and its heirs, successors and assigns forever against the lawful claims and demands of all persons claiming by, through or under the Grantor, but against none other.

This deed is an absolute conveyance, the Grantor having sold the Water Rights to the Grantee for a fair and adequate consideration. Grantor declares this conveyance is freely and fairly made.

Witness our hand this __23__ day of October, 1996.

WELLS FARGO BANK (TEXAS), National Association, formerly First Interstate Bank of Texas, N.A.

_____
[Name]

_____
[Title]

COUNTY OF SANTA FE       )SS
STATE OF NEW MEXICO 963 ) 630
I hereby certify that this instrument was filed
for record on the __28__ day of __Oct__ A.D
19 __96__, at __3:10__ o'clock __P__ m
and was duly recorded in book __1318__
page __138 - 141__ of the records of
Santa Fe County.
Witness my Hand and Seal of Office
Jona G. Armijo
County Clerk, Santa Fe County, N.M.

_Veronica Clayton_
                Deputy

87 OCT 1 P1

STATE ENGINEER OFFICE
DISTRICT I
ALBUQUERQUE, N. MEX.

**SAMPLE**

## WARRANTY DEED (I/c)

Pope and Stockton Development Inc., for consideration paid, grant to the City of Albuquerque, New Mexico, a New Mexico municipal corporation, whose address is City of Albuquerque, Attention: Mayor, P.O. Box 1293, Albuquerque, New Mexico 87103, the following described real estate in Valencia County, New Mexico:

ALL WATER RIGHTS appurtenant to 77.646 acres of land described in Exhibit A attached hereto, having a priority date pre-1907, and being the water rights set forth in file number 03125 of record in the office of the New Mexico Engineer, with warranty covenants.

Witness our hands and seals this _18_ day of _Sept_, 1987.

_____
Joan Artiaga, President
(owner of record)

STATE OF NEW MEXICO    )
                       ) ss
COUNTY OF Bernalillo   )

The foregoing instrument was acknowledged before me this _18th_ day of _September_, 1987 by Joan Artiaga.

_Yolanda Aragón_
Notary Public

Commission
Expires:
5-27-89

08 JAN 7 P 1:25