# Robert F. Sanchez
### ATTORNEY AT LAW
P.O. Box 695
Las Vegas, New Mexico 87701
Telephone: (505) 425-3211
Facsimile: (505) 425-3571

MEMORANDUM

**TO:** Edward G. Newville, Special Assistant Attorney General, Office of the State Engineer

**FROM:** Robert F. Sanchez.

**DATE:** May 29, 2006

**RE:** Adjudication of Water Rights Claims in Section 7 of Rio Chama Stream System; Subfile Number CHRB-005-0003A and Subfile Number CHRB-005-0003B

This memorandum is in response to your letter to me dated April 20, 2006, regarding your comments on the form of my Consent Order for Subfile Number CHRB-005-0003A.

I recognize that under paragraph 4(A) of the form of your Consent Order both the "priority" and the "amount of water" for the particular water rights are reserved for future determination, in accordance with the procedural order issued by Vickie L. Gabin on November 19, 2002. The additional language to which I made reference in my last memorandum to you did not relate to paragraph 4(A), but rather to paragraph 6, of the form of your Consent Order.

Paragraph 6 of the form of your Consent Order states: "Defendant(s) ... should be enjoined from any use of the surface waters of the Rio Chama Stream System, Rio Brazos, Section 7, except in strict accordance with the water rights described herein." The second part of the paragraph incorrectly suggests that the water rights are <u>fully</u> described in the Consent Order, that is, that <u>all</u> the elements of the water rights are specified in the judicial order.

I think you will agree that the "priority" and the "amount of water" are both important elements of the water rights which are the subject of the Consent Order. Yet by the fact that the two elements are "reserved for future determination," the water rights are only <u>partially</u> described. That is why I added "... and in such other orders, judgments, or decrees as may be issued by the Court in this lawsuit" to paragraph 6 of the form of your Consent Order.

I apologize for omitting completely the last paragraph of the decretal portion of the form of your Consent Order, or for failing to at least offer an alternative to the wording you used. The omission occurred when I mistakenly copied the finding of fact in paragraph 7 to paragraph C of the form of my Consent Order and inadvertently failed to add the language you had included

**Exhibit C**

MEMORANDUM
Edward G. Newville
May 29, 2006
Page 2

originally.

I have no problem with including language in the Consent Order that the judicial order constitutes a final judgment as to those elements of Defendants' water rights set forth in it, given our use of the language of Rule 54(b) of the Federal Rules of Civil Procedure.

I would prefer, however, that the last paragraph of the decretal portion of the Consent Order read: "The Court issues this Consent Order as a final judgment as to those elements of Defendants' water rights set forth in this Consent Order, subject to the right of Defendants and other water rights claimants to file objections to other individual adjudication orders, and to file objections to the issuance of any final order, judgment, or decree issued by the Court in this lawsuit."

Other than adding new language to paragraph 6 of the form of your Consent Order, for the reasons I explained in the preceding paragraphs, I did intentionally omit the qualifier "strict" before "accordance" in the particular paragraph.

My omission was intentional because I am not aware of any statute, constitutional provision, or case law in New Mexico which imposes a "strict accordance" standard for the use of the surface waters of a stream system. Section 72-1-2 NMSA 1978 states: "Beneficial use shall be the basis, the measure, and the limit of the right to the use of water ..." N.M. Const., Art. 16, Sec. 3 contains the same wording.

"Beneficial use" is not defined in either the New Mexico Constitution or the New Mexico Statutes Annotated, but the meaning of the term has been addressed by the courts of our state. Beneficial use is the use of such water as may be necessary for some useful and beneficial purpose in connection with the land from which it is taken. State ex rel. Erickson v. McLean, 62 N.M. 264, 308 P.2d 983 (1957). Actual beneficial use is the amount of water necessary for the effective use of the purpose to which it is put under the particular circumstances of soil conditions, methods of conveyance, topography, and climate. State ex rel. Reynolds v. Mears, 86 N.M. 510, 525 P.2d 870 (1974). And because water conservation and preservation is of utmost importance, its utilization for maximum benefits is a fundamental requirement of beneficial use. Jicarilla Apache Tribe v. United States, 657 F.2d 1126 (10th Cir. 1981).

If you aware of any statute, constitutional provision, or case law in New Mexico which imposes a "strict accordance" standard for the

**MEMORANDUM**
Edward G. Newville
May 29, 2006
Page 3

use of the surface waters of a stream system, I would appreciate your bringing such authority to my attention. Absent that, I would ask that paragraph 6 of the Consent Order read: "Defendants, their heirs, successors, assigns, and legal representatives, should be enjoined from using the surface waters of the Rio Chama Stream System, Rio Brazos, Section 7, except in conformity with the water rights described in this Consent Order, and in such further orders, judgments, or decrees as may be issued by the Court in this lawsuit."

I would be glad to meet with you in either Santa Fe or Placitas if it would help us to resolve any remaining disagreements we may have concerning the form of the Consent Order for Subfile Number CHRB-005-0003A.

Thank you for your attention to this memorandum.

RFS/ljp

xc: Joe R. Sanchez
    Emilia Duran