IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROMAN ARAGON, *et al.,*<br><br>　　　　　Defendants. | 69cv07941-BB<br><br>RIO CHAMA STREAM SYSTEM<br>Section 7, Rio Brazos<br><br>**Subfile Nos.   CHRB-005-0003A**<br>**　　　　　　　　CHRB-005-0003B** |

## MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW the Plaintiff State of New Mexico, *ex rel.* State Engineer ("State") and pursuant to Fed. R. Civ. P. 12(c) moves the Court for judgment on the pleadings with respect to the water rights of Defendant Robert Sanchez under subfiles CHRB-005-0003A and CHRB-005-0003B, and as grounds Plaintiff states the following.

Introduction.   Subfiles CHRB-005-0003A and CHRB-005-0003B involve the use of surface water for irrigation purposes by Defendants Robert F. Sanchez and his brother and cotenant Joe R. Sanchez.[1]  Defendant Joe R. Sanchez has accepted and approved the State's proposed Consent Order with respect to both of these subfiles.  *See* signed Consent Orders for subfiles CHRB-005-0003A and CHRB-005-0003B attached hereto as Exhibits 1 and 2.  Defendant Robert F. Sanchez (hereinafter "Sanchez") has filed an Answer rejecting the State's proposed Consent Orders with respect to these

---

[1]　　Emilie Duran was also listed as a defendant on subfile on CHRB-005-0003A but has since been dismissed.  Ms. Duran has transferred her interest in this property to her brothers by deed dated September 7, 2005.

subfiles. *See Defendant Robert F. Sanchez' Answer to Complaint for Adjudication of Surface Water Rights* filed January 3, 2008 (Docket No. 9063).  However, Sanchez' Answer does not reject any of the substantive elements of the State's proposed determination of his water rights in these subfiles. Rather, Sanchez' Answer takes issue with the form of the two proposed orders.  Sanchez' objections appear to be limited to the use of language in the proposed orders that would enjoin any diversion and use of the public surface waters of the Rio Chama Stream System except in "strict accordance" with the rights set forth in the two orders.

Because there is no material issue of fact in dispute with respect to the substantive elements of the water rights that are described in the State's proposed Consent Orders, the Court should grant the State's motion for judgment on the pleadings and enter an order making a final determination of the water rights of Defendant Sanchez under subfiles CHRB-005-0003A and CHRB-005-0003B as proposed by the State.  Further, for the reasons discussed below, the Court should reject the form of order proposed by Sanchez' attached as Exhibit F to in his Answer, and the Court should enter an order based on the form of order represented by the State's two proposed Consent Orders.

<u>There is no disputed material issue of fact with respect to the State's description of the water rights under subfiles CHRB-005-0003A and CHRB-005-0003B.</u>

In the Complaint filed by the State for a general adjudication of water rights in this matter, the State requests that the Court enter a declaratory judgment determining the water rights of each of the defendants as to priority, land to which water rights are appurtenant, source of water, purpose of use and duty of water.  *See Complaint* filed August 7, 1969 (Docket No. 1), pages 4 - 6. Further, the State requests that each of the defendants in the stream system be required to state their claims to the use of the waters of the Rio Chama stream system, and that each of the defendants be required

to appear before the Court and describe fully and in detail what rights, if any, they have to use these waters. *Id.* The November 19, 2002 procedural order adopted by the Court to give effect to these provisions requires the State to serve each defendant in Section 7 with a service packet that includes a proposed Consent Order that describes the water rights of the defendant. The proposed Consent Order is required to set out the amount and location of irrigated acreage, the location of the point of diversion and the purpose of use. *See Procedural Order for the Adjudication of Water Rights Claims in Section 7 of the Rio Chama Stream System* filed November 19, 2002 (Docket No. 6939), ¶ I (G).[2] Under the November 19, 2002 procedural order, defendants are required to consult with representatives of the State if they disagree with any element of the proposed Consent Order. *Id.* at ¶ B(1). Ultimately, they are required to file an Answer if they reject the proposed Consent Order following discussions with the State. *Id.* at ¶ B(2).

On or about December 14, 2007, Sanchez was personally served with a Summons, Complaint and a copy of the two proposed Consent Orders describing his water rights as shown in Exhibits 1 and 2 attached hereto. *See Certificate of Service* filed January 15, 2008 (Docket No. 9069).[3] The substantive elements of the water rights described in the two proposed Consent Order are as follows:

**CHRB-005-0003A:**

**Source of Water:** Surface water of the Rio Brazos, a tributary of the Rio Chama

**Purpose of Use:** IRRIGATION

---

[2] Under the procedural order for Section 7, the adjudication of irrigation water requirements and ditch-wide priority dates will be determined following the completion of individual subfile activity. *Id.*

[3] Personal service was required in this case because Sanchez had failed to waive service of summons as requested. Since August of 2006, he has not responded to correspondence concerning his claims in this matter.

**Point of Diversion:**

    **Ditch:** ENSENADA DITCH

    **LOCATION**: **X** = 1,571,054   feet   **Y** = 2,087,568   feet
    New Mexico State Plane Coordinate System, Central Zone, NAD 1983

**Location and Amount of Irrigated Acreage:**

    Within the Tierra Amarilla Grant                    <u>44.5 acres</u>
                                                                                  Total   44.5 acres

As shown on the attached revised Hydorgraphic Survey Map for Subfile No. CHRB-005-0003A

**CHRB-005-0003B:**

**Source of Water:** Surface water of the Rio Brazos, a tributary of the Rio Chama

**Purpose of Use:** IRRIGATION

**Point of Diversion:**

    **Ditch:** ENSENADA DITCH

    **LOCATION**: **X** = 1,571,054   feet   **Y** = 2,087,568   feet
    New Mexico State Plane Coordinate System, Central Zone, NAD 1983

**Location and Amount of Irrigated Acreage:**

    Within the Tierra Amarilla Grant                    <u>1.0 acres</u>
                                                                             Total   1.0 acres

As shown on the attached revised Hydorgraphic Survey Map for Subfile No. CHRB-005-0003B

In his Answer filed January 3, 2008, Sanchez fails to dispute or reject any of the elements of his water rights as they are set forth in the two proposed Consent Orders. The Answer states only that he "objects to the description of the water rights contained in both Subfile No. CHRB-005-0003A and Subfile No. CHRB-005-0003B for the reasons set forth in the correspondence sent to him by Edward

G. Newville . . . copies of which are attached to and made a part of this Answer as Exhibits A and C."[4] These letters, however, do not indicate any disagreement or rejection of the description of the substantive elements of Sanchez' water rights as they are set forth in the State's two proposed Consent Orders. Sanchez' objections are to the form of the order only. Specifically, his objections appear to be limited to the provision that the defendant, his or her successors, representatives, heirs and assigns, are enjoined from any diversion or use of the public surface waters of the Rio Chama Stream System, Rio Brazos, Section 7, except in "strict accordance" with the rights set forth in the two proposed orders. *See generally* Letters to Edward G. Newville dated April 20, 2006 and May 29, 2006 (Exhibits A and C to Sanchez' Answer).

In his letter of May 29, 2006, Sanchez states that he intentionally omitted the phrase "strict accordance" in his proposed form of order, and he suggests alternative language to the effect that defendants should be enjoined from using the waters of the stream system except in "conformity" with the water rights described in the two Consent Orders. *See* Letter to Edward G. Newville dated May 29, 2006. This suggestion was later rejected by counsel for the State by letter dated April 20, 2006. *See* Exhibit B to Sanchez' Answer. Subsequent letters addressed to Sanchez discussing the State's reasons for rejecting the proposed alternative language were not attached to Sanchez' Answer, and the State received no response to those letters.

A Rule 12(c) motion for judgment on the pleading will be granted if the moving party is entitled to judgment as a matter of law. *Burns Int'l Security Sers v. International Union*, 47 F.3d 14, 16 (2nd Cir. 1994); *see also Hebert Abstraact Co. V. Touchstone Props. Ltd.*, 914 F.2d 74, 75 (5th Cir.

---

[4] These letters are actually from Defendant Sanchez to counsel for the State, not the reverse as stated in Sanchez' Answer.

1990) (Rule 12(c) motion designed to dispose of cases in which material facts are not in dispute and judgment on merits may be rendered looking at pleadings and judicially noticed facts); 2 MOORE'S FEDERAL PRACTICE THIRD EDITION § 12.38, 12-139 (2007). In considering the motion, the Court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them. *Id.* at 12-135. In addition, any party including the plaintiff may move for judgment on the pleadings. *Id.*

As stated, Sanchez' Answer sets forth no disagreement with the substantive elements of his water rights as those elements have been described in the State's proposed Consent Orders. In paragraph 4 of the proposed form of order that is now proposed by Sanchez, *see* Exhibit F attached to Sanchez' Answer, he describes the substantive elements of his water rights in Subfile CHRB-005-0003A in identical terms as they are set forth in State's proposed Consent Order. Because there is no material issue of fact in dispute with respect to the substantive elements of Sanchez' water rights, the Court should grant the State's motion for judgment on the pleadings and enter an order making a final determination of the water rights of Defendant Sanchez under subfiles CHRB-005-0003A and CHRB-005-0003B as proposed by the State.

<u>Defendant Sanchez, and his successors in interest, should be enjoined from any use of the surface waters of the Rio Chama Stream System except in "strict accordance" with the description of water rights contained in the State's proposed Consent Orders.</u>

In a general adjudication of water rights, the relief that is requested is both declaratory and injunctive in nature. *See Complaint* filed August 7, 1969 (Docket No. 1), ¶¶ 2 & 3, page 6. Accordingly, all individual subfile orders contain appropriate injunctive provisions. There have been approximately 3,100 individual subfile orders entered in these proceedings to date. Although the

State has not reexamined every subfile order entered, a review of a sample of individual orders entered in every section of the stream system to date indicates that the relevant wording in each of these orders is the same, and that each order enjoins the defendants from any use of the surface waters of the Rio Chama Stream System except in "strict accordance" with the description of the water rights contained in those orders. *See e.g.* Subfile Order entered April 29, 1970 (Docket No. 1230) (Section 1); Subfile Order entered January 16, 1979 (Docket No. 3059) (Section 2); Consent Order entered August 31, 2001 (Docket No. 6339) (Section 3); Subfile Order entered March 29, 1973 (Docket No. 2359) (Section 4); Consent Order entered October 23, 2000 (Docket No. 5928) (Section 5); Subfile Order entered April 23, 1975 (Docket No. 2617) (Section 6); Consent Order entered March 24, 2006 (Docket No. 8183) (Section 7).

The use of the phrase "strict compliance" in the injunctive provisions of every subfile order is intended to set a clear and unambiguous standard of compliance that all defendants will understand. The State believes that the omission of this phrase, or substituting the phrase "in conformity" as Sanchez suggests in his letter dated May 22, 2006, introduces uncertainly into the order. The revision could appear to suggest a lesser or different standard of expected compliance, and a standard of compliance for Sanchez that would differ from that contained in over 3,000 other subfile orders entered in these proceedings. At a minimum, the State believes that the revision Sanchez' requests could form the basis for further disputes and litigation concerning Sanchez' compliance with the terms of the Court's orders.

In order to avoid any ambiguity in the expected standard of compliance in the use of surface water, by Defendant Sanchez and by all defendants joined to this proceeding, State requests that the Court approve an order to be prepared and submitted by the State that enjoins Sanchez, his successors,

representative, heirs and assigns, from any use of the surface waters of the Rio Chama Stream System, Section 7, except in "strict accordance" with the water rights described in the State's proposed Consent Orders attached hereto as Exhibits 1 and 2.

Counsel for the State of New Mexico has been unable to contact defendant Sanchez' to determine if he opposes this motion, and the Court should assume the motion is opposed.

Respectfully submitted,

  /s/ Ed Newville
EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  19th  day of February, 2008 I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail, and served the following non-CM/ECF Participant in the manner indicated:

via first class mail, postage prepaid addressed as follows:

Robert F. Sanchez
P.O. Box 695
Las Vegas, New Mexico 87701

  /s/ Ed Newville
EDWARD G. NEWVILLE