**Robert F. Sanchez**
ATTORNEY AT LAW
P.O. Box 695
Las Vegas, New Mexico 87701
Telephone: (505) 425-3211
Facsimile: (505) 425-3571

**FILED**
UNITED STATES DISTRICT COURT

APR 1 7 2008

## MEMORANDUM

**Sent by Electronic Mail to: vlgabin@nm.net**

**TO**: Vickie L. Gabin, Special Master, United States District Court, District of New Mexico

**FROM**: Robert F. Sanchez

**DATE**: April 17, 2008

**RE**: Special Master's Report on Motion for Judgment on the Pleadings; Rio Chama Stream
System Subfile Nos. CHRB-005-0003A and CHRB-005-0003B

Below are my comments on the Special Master's Report that you submitted to District Court
Judge Bruce D. Black on the Motion for Judgment on the Pleadings that Edward G. Newville
filed on February 19, 2008, with regard to the water rights associated with Subfile Nos. CHRB-
005-0003A and CHRB-005-0003B.

Paragraph 6 of the Consent Order that the Office of the State Engineer sent to all (or at least
most) of the water rights claimants in Section 7 of the Rio Chama Stream System reads:
"Defendant(s), his or her successors, representatives, heirs, and assigns, should be enjoined
from any use of the surface waters of the Rio Chama Stream System, Rio Brazos, Section 7,
except in strict accordance with the water rights described herein."

I proposed to Mr. Newville that paragraph 6 of the Consent Order be rewritten to read:
"Defendants, their heirs, successors, assigns, and legal representatives, should be enjoined from
any diversion and use of the surface waters of the Rio Chama Stream System, Rio Brazos,
Section 7, except in accordance with the water rights described in this Consent Order, and in
such other orders, judgments, or decrees as may be issued by the Court in this lawsuit."

The second part of paragraph 6 of the Consent Order, as submitted by the Office of the State
Engineer, incorrectly suggests that the water rights are fully described in the judicial order, that
is, that all the elements of the water rights are specified in it. Yet under paragraph 4(A) of the
same Consent Order, both the "priority" and the "amount of water" for the particular water
rights are reserved for future determination, in accordance with the procedural order that you
issued on November 19, 2002.

By the fact that those two important elements of the water rights are reserved for future
determination, the water rights are only partially described in the Consent Order submitted by
the Office of the State Engineer. That is why I added "... and in such other orders, judgments,

**MEMORANDUM**
Vickie L. Gabin
April 17, 2008
Page 2

or decrees as may be issued by the Court in this lawsuit" to paragraph 6 of the proposed Consent Order that I tendered to Mr. Newville for his approval.

I intentionally omitted the qualifier "strict" before "accordance" in paragraph 6 of the Consent Order submitted by the Office of the State Engineer because I am not aware of any statute, constitutional provision, or case law in New Mexico which imposes a "strict accordance" standard for the use of the surface waters of a stream system in our state. Section 72-1-2 NMSA 1978 states: "Beneficial use shall be the basis, the measure, and the limit of the right to the use of water ..." N.M. Const., Art. 16, Sec. 3 contains the same wording.

"Beneficial use" is not defined in either the New Mexico Constitution or the New Mexico Statutes Annotated, but the meaning of the term has been addressed by the appellate courts of our state. Beneficial use is the use of such water as may be necessary for some useful and beneficial purpose in connection with the land from which it is taken. State ex rel. Erickson v. McLean, 62 N.M. 264, 308 P.2d 983 (1957). Actual beneficial use is the amount of water necessary for the effective use of the purpose to which it is put under the particular circumstances of soil conditions, methods of conveyance, topography, and climate. State ex rel. Reynolds v. Mears, 86 N.M. 510, 525 P.2d 870 (1974). And because water conservation and preservation is of utmost importance, its utilization for maximum benefits is a fundamental requirement of beneficial use. Jicarilla Apache Tribe v. United States, 657 F.2d 1126 (10th Cir. 1981).

In a letter to me, Mr. Newville took the position that he could not agree to the changes I had proposed to the Consent Order submitted by the Office of the State Engineer because the language in it "... has been used in hundreds if not thousands of orders that have been entered by the Court in this and other stream system adjudications." That the language has in the past been used repeatedly, perhaps with little or no consideration for its legal effect or its practical consequences to surface water users, does not alone justify its use in the present instance.

Mr. Newville took the further position that to delete the word "strict" as "[I] proposed suggest[ed] a different standard, perhaps one of mere substantial compliance, which would not be acceptable for purposes of administration." I was willing, by way of compromise, to include as a qualifier either "complete" or "full" before "accordance" in paragraph 6 of the Consent Order.

When I asked Mr. Newville to provide legal support for his position, he wrote that "... [he] [did] not believe it necessary to cite any authority for the proposition that all water rights must be exercised in strict compliance with the adjudication orders of the Court." Although I have not researched the question, I do not think this is a correct statement of the law governing compliance with a court order, in the context of either a legal or equitable enforcement proceeding.

**MEMORANDUM**
Vickie L. Gabin
April 17, 2008
Page 3

That my brother, Joe R. Sanchez - with whom I own the land to which the water rights in question appertain as joint tenants with right of survivorship - signed the Consent Order tendered by the Office of the State Engineer has no real bearing on my points of disagreement with Mr. Newville. The action of one joint tenant respecting the real property held in cotenancy without the authority or consent of the other cannot bind or prejudicially affect the latter individual. See, e.g., Texas American Bank/Levelland v. Morgan, 105 N.M. 416, 733 P.2d 864 (1987), on subsequent appeal, 110 N.M. 184, 793 P.2d 1337 (1987).

I fully realize that my comments on your Special Master's Report are untimely, and that I properly should have included them in a responsive pleading to the Motion for Judgment on the Pleadings, but I did not do so. Nonetheless, I appeal to your sense of justice and fairness in respectfully asking you to reconsider your recommendation to the presiding judge in the lawsuit that he enter judgment in favor of the Office of the State Engineer with regard to the water rights associated with Subfile Nos. CHRB-005-0003A and CHRB-005-0003B.

Apart from my present appeal to you, the issues about which Mr. Newville and I disagree materially affect the substantive rights of other water rights claimants in the current steam system adjudication, and may well be raised by some of those individuals under the language in the last paragraph of the decretal portion of the (standard) Consent Order, which allows other claimants to file objections to individual adjudication orders and to the entry of the final decree in the lawsuit.

Thank you for your attention to this memorandum, and please contact me if you have any questions concerning its contents.

RFS/ljp

electronic copy: Edward G. Newville (sent to ednewville@rgunwired.net)