**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

       Plaintiffs,

    v.                                                                    69cv07941 BB-ACE
                                                                            Rio Chama Adjudication

RAMON ARAGON, *et al.*,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Special Master Report on Motion for Judgment on the Pleadings (Doc. No. 9150, filed April 1, 2008).  For the reasons stated below, the Court will **ADOPT** the recommendation in the Special Master Report.  The Court will **GRANT** the State of New Mexico's ("State") Motion for Judgment on the Pleadings (Doc. No. 9114, filed February 19, 2008, "Motion").  The Court will **GRANT** the State's Motion for Action on Special Master's Report (Doc. No. 9180, filed May 1, 2008).

      Defendant Robert F. Sanchez ("Sanchez") and his brother are cotenants on two subfiles. (Motion at 1).  Sanchez' brother approved the State's proposed consent orders on the two subfiles on December 7, 2007.  (*Id.* at Exhibits 1 and 2).  Sanchez filed an Answer objecting to the description of the water rights contained in the proposed consent orders.  (Doc. No. 9063, filed January 3, 2008).

      The State filed a Motion seeking judgment on the pleadings on the ground that Sanchez does not dispute the substantive elements of the water rights described in the proposed consent orders, but

instead objects only to certain language in the proposed orders.  (Motion at 2).  Sanchez did not file a response in opposition to the State's Motion for Judgment on the Pleadings.

On April 1, 2008, the Special Master filed her Report (Doc. 9150) recommending that the Court (1) grant the State's Motion for Judgment on the Pleadings and (2) grant the State's request to submit an order enjoining the Defendant, and any successors, heirs and assigns from any use of the surface waters of the Rio Chama Stream System except in "strict accordance" with the water rights described in the State's proposed consent order because "[i]f indeed there is any functional difference between the [phrase in the proposed consent order and the phrase proposed by Sanchez], that difference, as a matter of law, does not constitute an issue of fact which is material to the adjudication of the elements of [Sanchez'] rights."  (*Id.* at 3).

On April 17, 2008, Sanchez emailed a memo to the Special Master containing his comments on the Special Master Report and asking the Special Master to reconsider her recommendation.  (Doc. No. 9175, filed by the Special Master on April 17, 2008).  Sanchez' memo repeats the objections in his Answer.  Sanchez did not file any objections to the Special Master's Report with the Court.  *See* Fed. R. Civ. P. 53(f)(2) ("A party may file objections to--or a motion to adopt or modify--the master's order, report, or recommendations no later than 20 days after a copy is served, unless the court sets a different time.").

On May 1, 2008, the State filed its Motion for Action on Special Master's Report (Doc. No. 9180).  In support of its Motion, the State argues that Sanchez did not file objections to the Report with the time allowed by Fed. R. Civ. P. 53(g)(2).  The State also contends that the Court should not consider the memo Sanchez emailed to the Special Master.  Sanchez did not file a response in opposition to the State's Motion for Action on the Special Master's Report.  *See* D.N.M.LR-

2

Civ.7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  The Court will grant the State's Motion for Action on the Special Master's Report.

The State seeks judgment on the pleadings on the ground that Sanchez does not dispute any of the substantive elements of the States proposed determination of his water rights.  (Motion at 2).  The State contends that while Sanchez objects to some of the language in the proposed orders, there is no disputed material issue of fact with respect to the State's description of the water rights.  (*Id.*).

In ruling on a motion for judgment on the pleadings, the Court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enters., Inc. v. American Cas. Co. of Reading,* 442 F.3d 1239, 1244 (10th Cir. 2006) (the court uses the same standard that applies to a Rule 12(b)(6) motion).  The Court should not grant judgment on the pleadings unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. *Id.*

In his Answer, Sanchez states that he objects to the description of the water rights contained in the proposed consent orders "for the reasons set forth in the correspondence sent by him to [the State], copies of which correspondence are attached to and made part of this Answer as Exhibits A and C."  (Doc. No. 9063 at 1).  Exhibits A and C present two objections to the water rights description, one seeks to add language to the proposed consent order, the second seeks to modify a phrase. *See Park Univ. Enters., Inc. v. American Cas. Co. of Reading,* 442 F.3d at 1244 (court may consider documents attached to the pleadings).

The final decree in this adjudication must declare for each water right the priority, amount, purpose, periods and place of use, and as to water used for irrigation, the specific tract of land to which it shall be appurtenant.  N.M. Stat. Ann. § 72-4-19.  The proposed consent orders declare the source of water, the point of diversion, the purpose of use, and the location and amount of irrigated acreage.  (Doc. Nos. 9114-2 and 9114-3).  Sanchez does not object to those elements of his water right proposed in the consent orders.

Sanchez' first objection arises from the fact that the proposed consent order states the priority and amount of water are "Reserved for future determination by court order entered November 19, 2002."  (Doc. Nos. 9114-2 at 2 and 9114-3 at 2; *see also* Procedural Order at 3, Doc. No. 6939, filed November 19, 2002 ("The adjudication of irrigation water requirements and ditch-wide priority dates will be initiated by the State following the completion of the individual subfile activity.")).  Sanchez seeks to add the following phrase to paragraph 6 of the proposed consent order which enjoins defendants from any use of surface water except in strict accordance with the rights described herein: "and in such other orders, judgments, or decrees as may be issued by the Court in this lawsuit." (Doc. No. 9063-4 at 1).  Sanchez' proposed language is unnecessary because it would be repetitious of the language on page 3 of the proposed consent orders which reads: "The Defendant(s) . . . are enjoined from any diversion or use of the public surface waters . . . except in strict accordance with the rights set forth herein *or in other orders of the Court*."   (Doc. Nos. 9114-2 and 9114-3) (*emphasis added*).

Sanchez' second objection is to the use of the phrase "strict accordance" in paragraph 6 of the proposed consent orders which states: "Defendant(s) . . . should be enjoined from any use of the surface waters of the Rio Chama Stream System . . . except in strict accordance with the water rights

described herein." (*See* Doc. No. 9063-4 at 2; Doc. No. 9114-2 at 2; Doc. No. 9114-3 at 2).  Sanchez proposes replacing "strict accordance" with "conformity" on the ground that he is "not aware of any statute, constitutional provision, or case law in New Mexico which imposes a 'strict accordance' standard for the use of the surface waters of a stream system."  (Doc. No. 9063-4 at 2-3).  Sanchez cites no legal authority to support the use of "conformity" instead of "strict accordance."

The use of the phrase "strict accordance" is proper because the order enjoins the defendant from any diversion or use of surface water except under certain conditions.  Every injunction or restraining order must state its terms specifically and describe in reasonable detail the act or acts restrained or required.  Fed. R. Civ. P. 65(d)(1).  "Conformity," which means similarity or correspondence in form, manner or use, suggests a vague, approximate compliance standard, whereas "strict accordance" means exact agreement.  *See* Black's Law Dictionary 16, 300, 1422 (6th ed. 1990).  The use of "strict accordance," instead of "conformity," will prevent uncertainty and confusion on the part of the water right owners and the State Engineer who is responsible for administering the water rights in the stream system.

The Court concludes that no material issue of fact remains to be resolved and the State is entitled to judgment as a matter of law.

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**