IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

              Plaintiff,

    vs.

ROMAN ARAGON, *et al.,*

              Defendants.

6:69cv07941-BB

RIO CHAMA STREAM SYSTEM

Section 4, Rio El Rito

## SUPPLEMENTAL ORDER TO PARTIAL FINAL DECREE
## IN EL RITO SECTION, RIO CHAMA STREAM SYSTEM

THIS MATTER is before the Court following the February 11, 2009, Amended Order Granting

Joint Motion for Supplemental Order on Irrigation Water Requirements in Section 4 of the Rio

Chama Stream System (Rio El Rito) (Doc. 9410).

The Court finds:

1.      The June 25, 1973, Partial Final Decree ("1973 PFD") for the El Rito Section of the

Rio Chama Stream System approved and confirmed all orders entered in individual and community

ditch association subfiles of the El Rito Section, as against the State of New Mexico, and *inter se*

between and among any and all defendants diverting water within the El Rito Section.

2.      Under the terms of the 1973 PFD, this Court retains jurisdiction of this cause until

further order for the purpose of enforcing the provisions of that decree, and entering such

supplementary orders as may be necessary for the enforcement, modification and correction of the

decree and the orders heretofore entered.

3.      At the time of the entry of the 1973 PFD, all individual subfile orders in the El Rito

Section, and the Consent Judgment entered with respect to the El Rito Ditch Association, included a farm delivery requirement (FDR) of 2.8 acre-feet per acre per annum delivered at the farm headgate.

4.      Individual subfile orders in the El Rito Section and the 1973 PFD did not make a determination of consumptive irrigation requirements (CIR) or project diversion requirements (PDR) in this section, or include information on acequia customs with respect to the allocation and distribution of water.

5.      In 1996, the State of New Mexico and the El Rito Ditch Association filed motions to correct or modify the determination of irrigation water requirements in the El Rito Section. In 1998, the State and the El Rito Ditch Association reached an agreement on these issues and stipulated to CIR and revised FDR values in this section and to other matters related to the diversion and distribution of water ("1998 Stipulation and Settlement Agreement") (Doc. 5827).

6.      The 1998 Stipulation and Settlement Agreement between the State and El Rito Ditch Association was approved and adopted by this Court by Order entered January 7, 1999 (Doc. 5838).

7.      Pursuant to the Order entered January 7, 1999, the 1998 Stipulation and Settlement Agreement is binding on the State of New Mexico, all community and private ditches and all individual water rights claimants in the El Rito Section.

8.      The 1998 Stipulation and Settlement Agreement provides for a CIR of 1.68 acre-feet per acre per annum and a FDR of 3.73 acre-feet per acre per annum for all surface water irrigation use.

9.      All individual subfile orders entered to date in the El Rito Section should be expressly amended to include the irrigation water requirements described in the 1998 Stipulation and

Settlement Agreement.

10.     The Agreement on Water Rights and Consent Judgment with respect to the El Rito Ditch Association filed on May 30, 1973 (Doc. 2373) should be expressly amended to include the irrigation water requirements described in the 1998 Stipulation and Settlement Agreement.

11.     The 1998 Stipulation and Settlement Agreement states that:

a.       PDR (project diversion requirement), calculated by dividing the FDR by the off-farm conveyance efficiency, shall not be used as the measure of the right of an acequia to divert water from a stream in the El Rito Section;

b.      to the extent that local or community customs have been incorporated into the bylaws of a community ditch and have for their object the economical use of water and are not detrimental to the public welfare, such rules shall govern the distribution of water from such ditches to the persons entitled to water therefrom; and

c.      written agreements between ditches dividing the waters of a common source shall govern the distribution of water between those ditches so long as the agreement remains in effect.

12.     The members of the El Rito Ditch Association have adopted bylaws that incorporate a longstanding local or community custom for the distribution of water to members of the association on the basis of time ("tiempos").  The by-laws of the El Rito Ditch Association should be included as an Appendix to the 1973 PDF in the El Rito Section, and a copy of this Supplemental Order with Appendices 1 and 2 should be mailed to all defendants in the El Rito Section solely to inform the defendants that, pursuant to the 1998 Stipulation and Settlement Agreement, these bylaws govern the

distribution of water by the Association to its members and between the ditches served by the Association.

13.     The bylaws of the El Rito Ditch Association may be revised at any time by the members of the Association, and the inclusion of the bylaws as an Appendix to the 1973 PFD shall not be construed as the adoption or approval by the Court of those bylaws in these proceedings.  Any challenge to the validity of these bylaws, or action to enforce them, shall be the subject of a separate proceeding in a court with original jurisdiction over such an action.

IT IS ORDERED, THEREFORE, that the amount of water for surface water irrigation use (irrigation water requirements) in all subfile orders heretofore entered in the El Rito Section adjudicating irrigation water rights is amended as follows:

(1) the consumptive irrigation water requirement (CIR) equals 1.68 acre-feet per acre per annum;

(2) the amount of water to be delivered to the farm headgate (farm delivery requirement or FDR) equals 3.73 acre-feet per acre per annum.

The individual subfiles in the El Rito Section affected by the above provision of this Order are listed in Appendix 1 attached hereto.

IT IS FURTHER ORDERED, that the amount of water to be delivered to the farm headgate of the tracts of land described in the Agreement on Water Rights and Consent Judgment entered on May 30, 1973 (Doc. 2373) is amended as follows:

(1) the consumptive irrigation water requirement (CIR) equals 1.68 acre-feet per acre per annum;

(2) the amount of water to be delivered to the farm headgate (Farm delivery requirement or

FDR) equals 3.73 acre-feet per acre per annum.

IT IS FURTHER ORDERED, that a copy of the current by-laws of the El Rito Ditch Association is attached hereto as Appendix 2 and these bylaws are hereby made an Appendix to the 1973 PFD in the El Rito Section.  These bylaws may be changed at any time by the members of the Association, and the inclusion of these bylaws as an Appendix hereto shall not be construed as an approval or adoption of the bylaws by the Court in these proceedings.  Any challenge to the validity of these bylaws, or action to enforce them, shall be the subject of a separate proceeding in a court with original jurisdiction over such an action.

IT IS FURTHER ORDERED that the State and the El Rito Ditch Association shall serve this Order, including Appendix 1 and Appendix 2, by first-class mail to each of the defendants in the El Rito Section, publish a Notice of Filing of Supplemental Order in the Rio Grande Sun once each week for four (4) consecutive weeks, and file an appropriate notice of mailing and affidavit of publication.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

Recommended for approval:

SPECIAL MASTER VICKIE L. GABIN