IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

              Plaintiff,

    vs.

ROMAN ARAGON, *et al.,*

            Defendants.

6:69cv07941-BB

RIO CHAMA STREAM SYSTEM

## MOTION TO AMEND ORDER OF REFERENCE
## APPOINTING VICKIE L. GABIN AS SPECIAL MASTER

The Plaintiff State of New Mexico on the relation of the State Engineer ("State") respectfully requests that the District Court amend the Order of Reference filed April 21, 1994 (Doc. 3488) appointing Vickie L. Gabin as Special Master in this case.[1]  The State requests that an amended Order of Reference generally direct the Special Master to proceed with all reasonable diligence on all pending matters as required by Rule 53(b)(2) and specifically set a time limit for the completion of a report for hearings that were held before the Special Master in August of 1996.  Further, the State requests that the amended Order of Reference require the Special Master to file a report within six months after completion of an evidentiary hearing or other matter submitted to her for recommendation or approval.

    <u>Fed. R. Civ. P. 53 Requires the Special Master to Proceed with all Reasonable Diligence.</u>

Fed. R. Civ. P.  53 was substantially revised in 2003.  When the Court appointed Vickie L.

---

[1] Because in Fed. R. Civ. P. 53 has been amended since her initial appointment, the State intends to file a motion similar to this one in each of the water rights adjudication suits pending in the federal court in which Ms. Gabin has been appointed Special Master.

Gabin as master in this case in 1994, Rule 53 of the Federal Rules of Civil Procedure expressly required the appointed master to proceed with all reasonable diligence.  *See* 9 J. MOORE, MOORE'S FEDERAL PRACTICE, § 53App.07[1] (3rd ed. 2009) ("It is the duty of the master to proceed with all reasonable diligence.") (Text of Superseded Rule 53(d)(1)).  In addition, under the previous rule, either party, on notice to parties and master, could apply to the Court for an order requiring the master to speed the proceedings and to make the report.  *See, e.g., Trico Products Corp. v. E. A. Laboratories*, 54 F. Supp 782, 784 (1944).

Rule 53(b)(2) now provides that the order appointing a master must direct the master to proceed with all reasonable diligence.[2]  The present rule does not include provisions for making a request to the Court for an order that would require the master to speed the proceedings and make a report, although it may be assumed that the practices and procedures of the pre-2003 Rule 53 subdivision (d) continue to be available under the present version of Rule 53.  *See* 9C C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2610 at 619 (3rd ed. 2008).

Disputed Priority Dates in Section 1.

The Special Master in this case held hearings on the disputed priority dates of three acequias in the Mainstream Section of the Rio Chama Stream System (Section 1) in August of 1996.  Requested findings and fact and conclusions of law, and memorandum briefs by the parties in support, were submitted to the Special Master on April 2 and 3, 1997.  *See Acequias' Requested Findings of Fact and Conclusions of Law Regarding Priority Dates* (Doc. 5626); *Acequias' Brief in Support of Requested Findings and Conclusions of Law Regarding Priorities*

_____

[2] The new provisions of Rule 53 also require that the order making the appointment state: (1) the master's duties; (2) the circumstances – if any – in which the master may communicate ex parte with the court or a party; (3) the nature of the materials to be preserved and filed as the record of the master's activities; (4) the time limits, methods of filing the record, other procedures, and standards for reviewing the master's

(Doc. 5627) *Requested Findings of Fact and Conclusions of Law by State of New Mexico* (Doc. 5628); *Memorandum by Plaintiff State of New Mexico in Support of Requested Findings of Fact and Conclusions of Law* (Doc. 5629). Since that time, there has been no action on this matter by the Special Master and no report has been completed and filed with the Court.

Until early 2003, the Special Master reported to the Court that she continued to work on a report on the disputed priority dates for the three acequias. *See, e.g., Motion of Special Master for Interim Fees and Expenses* filed March 16, 2003 (Doc. 7088). Since that time, the Special Master has not included this matter in her reports summarizing her case management and progress in the adjudication proceedings. *See, e.g., Motion of Special Master for Interim Fees and Expenses* filed March 26, 2009 (Doc. 9432). Periodically, counsel for the State of New Mexico has inquired on the status of the pending report at general status conferences held with the Special Master. However, no information has ever been received from Special Master Gabin indicating when the report could be expected to be completed.

Under either the provisions of the pre-2003 version of Rule 53 or the current amended version of this rule, the Court should order Special Master Gabin to proceed with all reasonable diligence and to complete her report on the disputed priorities of the three acequias. Determination of the priorities of the three acequias represents a critical component of the proceedings for the redetermination of priorities of all ditches in Section 1, a matter of considerable effort on the part of the State and affected parties that was begun in the mid-1990s. *See*, e.g., *Amended Order on the Adjudication of Water Right Priorities* filed July 8, 1994 (Doc. 3496). Pursuant to the 1994 procedural order for the adjudication of water right priorities in

order, findings, and recommendations; and (5) the basis, terms, and procedures for determining the master's compensation under Rule 53(h). Fed R. Civ. Pro 53(b)(2).

Section 1, the State served hundreds of Orders to Show Cause on individual defendants and acequia associations in the Chama Mainstream Section in 1994 and 1995. *See, e.g., Notice of Entry and Certificate of Service* filed October 12, 1994 (Doc. 3526) (595 individual defendants). As indicated above, proposed dates that were disputed by individuals and certain acequia associations were the subject of evidentiary hearings before the Special Master in 1996.

The State is seriously concerned that additional delay of the master's report on the hearings held in 1996 will compromise the ability of the Court to resolve the question of the priorities of these ditches. In turn, this will delay the initiation of required *inter se* proceedings on priority dates that would allow the Court to make a final determination of the priorities of all ditches in the Chama Mainstream Section. The State and acequias have been working to complete the redetermination of priority dates for a number of private ditches in Section 1 that were not included in the Show Cause proceedings in the mid-1990s. *See, e.g., Stipulation on Priority Date* filed January 14, 2008 (Doc. 9068) (Acequia de Esquibel); *Stipulation on Priority Date* filed March 5, 2008 (Doc. 9124) (Guy Scull Ditch); *Stipulation on Priority Date* filed August 26, 2008 (Doc. 9264) (Acequia del Rito de los Frijoles); *Stipulation on Priority Date* filed February 4, 2009 (Doc. 9401) (Acequia de Jose Ferran). After the completion of the work required for private ditches in Section 1, and resolution of the disputed priorities for the three acequias which were the subject of the hearings in 1996, the Court will be a position to initiate and complete *inter se* proceedings on priorities for the Chama Mainstream Section. This will represent a significant positive step forward in the prosecution of this complex and overall difficult proceeding.

A critical point may soon be reached regarding the availability of key witnesses in the

1996 hearings.  For example, if testimony of the original witnesses is required in the future for additional fact finding by the Court, or by the Special Master after resubmission of the matter by the Court, some of those witnesses may at that point be unavailable or have passed away.  For instance, Dr. John O. Baxter, the Court appointed historian at the hearings held in 1996, is now in his early 80s.  In addition, given the long passage of time, the attorneys who represented the State in the original hearings have long since gone on to other work.  Similarly, many commissioners governing the affected acequias likely have changed since 1996.  All of these factors could cause additional unnecessary delay or the need to initiate and repeat hearings that were held years ago, at significant cost to all parties, unless there is a final decision in this matter soon.

An order appointing a master may be amended at any time after notice to the parties, and an opportunity to be heard.  Fed. R. Civ. P. 53(b)(4).  The State respectfully requests that the Court amend the Order of Reference filed April 21, 1994, to be consistent with the revised provisions of Rule 53(b) and to generally direct the Special Master to proceed with "all reasonable diligence" as required by Rule 53(b)(2).  In addition, under paragraph (b)(2)(D) of the revised provisions of Rule 53, the Court may set time limits in the order appointing a master.  The Committee Note to the 2003 amendments of Rule 53 states "it is important to protect against delay by establishing a time schedule for performing the assigned duties."  9 J. MOORE, MOORE'S FEDERAL PRACTICE § 53App.07[2] (3rd ed. 2009).   Pursuant to these provisions, the State respectfully requests that the Court amend the Order of Reference filed April 21, 1994, to set a schedule directing the Special Master to complete her report on the disputed priority dates of the three acequias in the Chama Mainstream Section within 3 months of the issuance of the amended

Order.[3]

Pueblo and Navajo Subproceedings.

Currently, Ms. Gabin has been appointed to act as master in four separate general adjudication suits: (1) Rio Chama (*State v. Aragon et al.*, D.C.N.M. 69cv07941-BB); (2) Zuni River (*United States v. New Mexico*, 01cv00072-BB); (3) Rio Santa Cruz and Rio de Truchas (*New Mexico v. Abbott et al.*, 66cv07488-BB); and (4) Rio Taos and Rio Hondo (*New Mexico v. Abeyta*, 69cv07896).   There is currently in place an aggressive and ambitious schedule for the determination of Indian claims in three of the four suits described above.   In the Santa Cruz/Truchas adjudication, a trial on the claims of the Pueblo of Ohkay Owingeh is presently scheduled for July 19, 2010.  In the Zuni River adjudication, trial on part of the claims of the Zuni Indian Tribe is scheduled for November 9, 2010.   In the present adjudication (Rio Chama), a trial on the claims of Ohkay Owingeh is scheduled for August, 2012.   In the Santa Cruz/Truchas adjudication, a trial on Santa Clara Pueblo's claims is scheduled for March 14, 2013.  Finally, in the Zuni adjudication, trials on the domestic, commercial, municipal, and industrial claims of the Navajo Nation and the Zuni Indian Tribe are scheduled for July 8, 2013 and August 6, 2013, respectively.

The State is concerned that the complex nature of the litigation of these Indian claims in these subproceedings is of the same magnitude, or greater, than the proceedings on disputed acequia priority dates in Section 1 for which the Special Master has yet to issue a report more than twelve years after the parties submitted requested findings and conclusions.   Given the

---

[3] There also is a matter litigated in 1998 for which the Special Master has not completed a report in the Santa Cruz/Truchas adjudication.   Concurrent with this motion, the State is filing a motion in that adjudication suit requesting the Court to amend the Order of Reference to direct Special Master Gabin to proceed with all reasonable diligence on that matter as well.

substantial commitment of state resources that will be required to litigate these complex claims, including the cost of the Special Master borne by the State and the United States, the State wishes to avoid any similar delays in the issuance of future Special Master's reports. Therefore, since six trials are scheduled to be held before the Special Master in the next four years, the State requests, in addition to requiring the Special Master to complete all pending reports in three months, that before the commencement of briefing on pretrial motions or any evidentiary hearing in these complex subproceedings, the Order of Reference be amended to set a time limit of six months for the completion of all future reports by the Special Master after completion of an evidentiary hearing or other matter submitted to her for recommendation or approval.

In summary, the State respectfully requests that the Court amend the Order of Reference filed April 21, 1994, appointing Ms. Gabin as Special Master as follows:

(1)     to satisfy the requirements of Rule 53 as amended, including the requirement to direct the Special Master to proceed with all reasonable diligence on her assigned duties;

(2)     to set a schedule directing the Special Master to complete her report on disputed acequia priorities in Section 1 within 3 months of the issuance of the amended Order of Reference;

(3)     to require the Special Master to file a report within 6 months after completion of an evidentiary hearing or other matter submitted to her for recommendation or approval.

The United States of America does not oppose the relief requested in this motion.

7

Respectfully submitted,

  /s/ Gregory C. Ridgley_____
DL SANDERS
GREGORY C. RIDGLEY
Special Assistant Attorneys General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 827-6150 phone
(505) 827-3887 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the   29th   day of May, 2009 I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

  /s/ Gregory C. Ridgley_____