IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer,<br><br>    Plaintiff,<br><br>    -v-<br><br>ROMAN ARAGON et al.,<br><br>    Defendants. | 69cv07941-BB<br><br>RIO CHAMA STREAM SYSTEM<br><br>Section 3, Rio Cebolla 7<br>Section 7, Rito de Tierra Amarilla |

PRETRIAL ORDER FOR DISPUTED SUBFILES
============================================

This Order is entered pursuant to Fed. R. Civ. P. 16, 26, and 53 and D.N.M.LR-Civ. 26 and 30, to guide the litigation of disputed elements of water rights claims for the subfiles and Defendants listed below.

**The failure to comply with these and any other pretrial provisions may result in the entry of a default order which incorporates the State's proposed consent order pursuant to applicable procedural orders.**

1.   CHCB-02-0002C   Delfin O. and Frances S. Quintana Trust
                    PO Box 156
                    Cebolla, NM 87518

2.   CHCB-02-0012    Alex Sisneros, Juanita Sisneros
                    PO Box 243
                    San Juan Pueblo, NM 87566

3.   CHCB-02-0001    Charlie Chacon, Geralda M. Chacon
                    1007A South Prince Dr. No. 8
                    Espanola, NM 87532

4.   CHCB-01-0007    Charlie Chacon, Geralda M. Chacon
                    1007A South Prince Dr. No. 8
                    Espanola, NM 87532

5.      CHTA-01-0004      Joe Maestas
                          P.O. Box 1024
                          Espanola, NM 87532

## I.    SCOPE OF PROCEEDING

This is a limited subfile proceeding.  Therefore, the State of New Mexico, *ex rel*. State Engineer (State), and the above named Defendants are the only parties to this action, and are the only parties that may participate at a disputed subfile hearing.  The State is represented by Special Assistant Attorneys General Ed Newville and Gabriel Wade.  At this time, Charlie and Geralda Chacon, now the Chacon Family LLC, are represented by Mr. Ted Trujillo, Esq..  The remaining above-named Defendants appear *pro se*.  Defendants who retain an attorney for purposes of the trial shall inform the State and Special Master as soon as possible of this fact, and such counsel shall immediately enter his or her appearance in the record.

## II.   BURDEN OF PROOF; DESCRIPTION OF CLAIMS; ENTRY UPON PROPERTY

Each Defendant has the burden of proving all elements of his or her water rights claim.  On or before thirty (30) calendar days from the filing date of this order, each Defendant shall provide the State with a description of the amount and location of claimed irrigated acreage that differs from the description of water rights included in the State's proposed consent order.  Defendants shall mark the approximate boundaries of the claimed irrigated acreage on an aerial photograph subfile map provided by the State, and shall provide a copy of the map showing the claimed acreage to the State.

On entry of this order, upon the request of the State, the Defendants shall within 15 days of any such request, permit entry upon any claimed irrigated acreage for purposes of inspection, measuring and photography of the property.

III. **DISCOVERY**

Discovery begins immediately. All parties are expected to adhere to the Fed. R. Civ. P. 26 requirements of liberal, continuing and voluntary disclosure. No later than August 17, 2009, each Defendant shall provide to the State, and the State shall provide to each Defendant:

(A) the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses.

(B) a copy, or a description by category and location, of all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses.

IV. **PRETRIAL DISCLOSURES**

(A) Each Defendant shall disclose to the State, and the State shall disclose to each Defendant, the identity of any person who may be used at trial to present expert witness testimony by September 18, 2009. This disclosure shall be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the date or other information considered by the witness in forming the opinions; exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(B) Discovery shall be completed no later than October 16, 2009. Service of interrogatories, requests for admission, or requests for production shall be considered timely only

if the responses are due prior to that date. A notice of deposition shall be considered timely only if the deposition occurs prior to that date. Motions for extensions or changes to discovery deadlines are necessary only where the parties cannot agree, or where such changes will of necessity delay scheduled hearings. Agreements shall be memorialized by letter to the parties and to the Special Master.

No witness will be permitted to testify and no exhibits or other evidence may be introduced at trial unless disclosed in a timely manner.

**V.    MOTIONS, OBJECTIONS**

The deadline for filing any dispositive motion, or a written objection to a proposed exhibit, is November 11, 2009. Objections to proposed exhibits must include a brief statement of the grounds therefore. Responses shall be filed by December 11, 2009. Objections not so disclosed, other than those raised under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless such failure to object is excused by the Court for good cause.

**VI.   LIMITS ON SERVICE OF PLEADINGS**

This Pretrial Order, and any subsequent pleadings having general application to the disputed subfiles listed above, shall be served on the Defendants named above and counsel of record.

Service of pleadings, discovery, and other papers which concern only the specific disputed subfile(s) shall be limited to the Defendant (or counsel) and the State.

**VII.  PRETRIAL HEARING**

At the conclusion of the field inspections, but no later than December 11, 2009, the parties shall request a status conference with the Special Master to discuss the progress of pretrial activity, any additional scheduling, and the date for a final pretrial conference for the purpose of scheduling

individual hearings on disputed subfiles beginning the week of January 25, 2010.

**VIII.   OBJECTIONS TO THIS ORDER; QUESTIONS**

Any objections to this Pretrial Order shall be filed with the Court, and served on the State and the above-named Defendants, within 10 days of receipt of this Order.

Questions regarding any provision of this order may be addressed to:

Gabriel Wade, Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102, Santa Fe, NM  87504-5102
telephone no. (505) 827-6150.

IT SO ORDERED.

_____
SPECIAL MASTER