IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO, ex rel. ) | | |
| State Engineer ) | | |
| ) | | |
| Plaintiff, ) | | 6:69cv07941-BB |
| ) | | |
| vs. ) | | RIO CHAMA STREAM SYSTEM |
| ) | | |
| ROMAN ARAGON, et al., ) | | Section 3, Rio Cebolla |
| ) | | Subfile No. CHCB-005-0002 |
| ) | | |
| <u>Defendants</u>                          ) | | |

PRETRIAL ORDER FOR DISPUTED SUBFILE

This Order is entered pursuant to F.R.Civ.P. 16, 26, and 53 and D.N.M.LR-Civ. 26 and 30 to guide the litigation of disputed elements of water rights claims for the subfile:

    CHCB-05-0002     Flavio Gurule
                                 c/o Brian Egolf, Esq.
                                 128 Grant Ave. St. 301
                                 Santa Fe NM 87501

I.    SCOPE OF PROCEEDING

This is a limited subfile proceeding. Therefore, the State of New Mexico, ex rel. State Engineer, and the above named Defendant are the only parties to this action, and are the only parties that will be allowed to participate at a disputed subfile hearing. The State is represented by Mr. Ed Newville and by Mr. Gabriel Wade. At this time, Mr. Flavio Gurule is represented by Mr. Brian Egolf.

II.    BURDEN OF PROOF, DESCRIPTION OF CLAIMS

The Defendant has the burden of proving all elements of his water rights claim. No later than thirty (30) calendar days from the filing date of this order, the Defendant shall provide the State

with a description of the amount and location of claimed irrigated acreage that differs from the description of water rights included in the State's proposed consent order. Defendant shall mark the approximate boundaries of the claimed irrigated acreage on an aerial photograph subfile map provided by the State, and shall provide a copy of the map showing the claimed acreage to the State.

III.　　DISCOVERY

Discovery begins immediately. All parties are expected to adhere to the F.R.Civ.P. 26 requirements of liberal, continuing and voluntary disclosure. No later than September 18, 2009, the parties shall provide to the opposing party:

(A)　　the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses.

(B)　　a copy of, or a description by category and location or, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses.

On entry of this order, the Defendant shall, upon the request of the State, and within 15 days of any such request, permit entry upon any claimed irrigated acreage for purposes of inspection, measuring and photography of the property.

IV.　　PRETRIAL DISCLOSURES

(A)　　Each party shall disclose the identity of any person who may be used at trial to present expert witness testimony by September 18, 2009. This disclosure shall be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the date or other information considered by the witness in forming the opinions; and exhibits to be used as a summary of or

support for the opinions; and the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

   (B) Discovery shall be completed no later than October 16, 2009.  Service of interrogatories, requests for admission, or requests for production shall be considered timely only if the responses are due prior to that date.  A notice of deposition shall be considered timely only if the deposition occurs prior to that date.  Motions for extensions or changes to discovery deadlines are necessary only where the parties cannot agree, or where such changes will of necessity delay scheduled hearings.  Agreements shall be memorialized by letter to the parties and to the Special Master.

V. MOTIONS, OBJECTIONS

   The deadline for filing any dispositive motion or a written objection to a proposed exhibit is November 11, 2009.  Objections to proposed exhibits must include a brief statement of the grounds therefore.  Responses shall be filed by December 11, 2009.  Objections not so disclosed, other than objections under Rule 402 and 403 of the Federal Rules of Evidence, are waived unless such failure to object is excused by the Court for good cause.

VI. LIMITS ON SERVICE OF PLEADINGS

   This Pretrial Order, and any subsequent pleadings having general application to the disputed subfile listed above, shall be served on the Defendant named above and counsel of record.

   Service of pleadings, discovery, and other papers which concern only the specific disputed subfile shall be limited to the Defendant and the State.

VII.  PRETRIAL HEARING

No later than December 11, 2009, the parties shall request a status conference with the Special Master to discuss the progress of pretrial activity, any additional scheduling, and the date for the final pretrial conference for the purpose of scheduling the hearing.  The hearing will be set for the week of February 22, 2010.

VIII.  OBJECTIONS TO THIS ORDER

Any objections to this Pretrial Order shall be filed with the Court, and served on the State and the above-named Defendant, within 10 days of receipt of this Order.

**The failure to comply with these and any other pretrial provisions may result in the entry of a default order which incorporates the State's proposed consent order pursuant to applicable procedural orders.**

IT SO ORDERED.

_____
SPECIAL MASTER