IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

                    Plaintiff,

        vs.

ROMAN ARAGON, *et al.,*

69cv07941-BB

RIO CHAMA STREAM SYSTEM
Section 1, Chama Mainstream

Acequia de Monastery of Christ in
the Desert
Subfile No. X-1

**PRETRIAL ORDER FOR DETERMINATION OF PRIORITY DATE**
**FOR ACEQUIA DE MONASTERY OF CHRIST IN THE DESERT**

This Order is entered pursuant to Fed.R.Civ.P. 16(e), 26 and 53 following a pretrial conference held on October 26, 2009, in Santa Fe, New Mexico in connection with the determination of the priority date of the Acequia de Monastery of Christ in the Desert and lands mapped under Subfile No. X-1 in the Chama Mainstream Section of the Rio Chama Stream System. The Court enters this order to guide the pretrial proceedings between the State of New Mexico ("State") and Defendant Monastery of Christ of the Desert ("Defendant").

        The State is represented by Mr. Edward G. Newville and the Defendant Monastery of Christ of the Desert is represented by Mr. Fred J. Waltz.

**I.      SCOPE OF PROCEEDINGS**

        This adjudication is in the subfile phase, and the proceedings subject to this Order are limited subfile proceedings. Therefore, in the absence of an order granting leave to intervene or to appear as *amicus curiae* the only parties that will participate in the hearing on the claims of the Defendant are the State of New Mexico and Defendant Monastery of Christ of the Desert. Notwithstanding the

limited nature of this subfile proceeding, all defendants joined to these adjudication proceedings shall remain subject to discovery requests or deposition notices by either the State or the Defendant in connection with the water rights claims of the Defendant in this subfile proceeding.

The sole issue to be determined in this subfile proceeding is whether or not the 1904 priority date of the water rights associated with the Acequia de Monastery of Christ in the Desert ("Monastery Ditch"), as described in the default order filed March 10, 1971 (Doc. 1610), should be revised; and, if so, what priority date is appropriate.

## II.    BURDEN OF PROOF

The Defendant has the burden of proving its claims as to the priority date of the water rights associated with the Monastery Ditch.

## III.    DISCOVERY

Discovery begins immediately. The parties shall adhere to the Fed.R.Civ.P. 26 requirements of liberal, continuing and voluntary disclosure. No later than **December 4, 2009**, the parties shall make the following initial disclosures to the opposing party.

(A)    the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses;

(B)    a copy, or description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses.

Discovery shall be completed by **April 16, 2010.** Service of interrogatories, requests for admission, or requests for production shall considered timely only if the responses are due prior to

that date.  A notice of deposition shall be considered timely only if the deposition occurs prior to that date.   Motions for extension of time, or changes to discovery or disclosure deadlines are necessary only where the parties cannot agree.  Agreements shall be memorialized by letter to the parties and to the Special Master.

## IV.    PRETRIAL DISCLOSURES

The parties shall disclose in writing the identity of any person to be used at trial to present expert witness testimony no later than **February 19, 2010.**  The parties shall adhere to Fed.R.Civ.P. 26(a)(2)(B), and the disclosure shall be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding four years.

Rebuttal expert witnesses, if any, shall be identified within 30 days of the disclosure of expert witnesses.  The disclosure of rebuttal expert witnesses shall be accompanied by a report conforming to the requirements set out above for expert witness reports.

No later than **April 16, 2010**, the parties shall provide the opposing party and promptly file with the Court a list of the following information regarding evidence that it may present at trial, other than evidence used solely for impeachment:

(A)    the name, address and telephone number of each witness, including rebuttal witnesses, separately identifying those whom the party expects to present and those whom the

party may call if the need arises.

(B)     the designation of those witnesses whose testimony a party expects to present by means of deposition, and the identification of the page number and line number of the deposition testimony the party expects to present.

(C)     identification of each document or other exhibit, separately identifying those which the party expects to offer and those which the party may offer if the need arises. **Copies of all such exhibits shall be provided to opposing parties by this date, but not filed with the Court.** For oversize exhibits or exhibits that are difficult to reproduce, the original may be made available for inspection upon request of the opposing party.

The State and the Defendant shall promptly file a certificate of service of the completion of the disclosures in Sections III and IV with the Court.

Except for rebuttal witnesses the need for whose testimony cannot be anticipated, no witnesses will be permitted to testify, and no exhibits or other evidence may be introduced at trial, unless disclosed according to the deadlines set out above.

Any dispositive motion, motion in limine or objections to proposed exhibits, together with a brief statement of the grounds thereof, shall be served on opposing parties and filed with the Court no later than **April 30, 2010**. Other than objections under Fed.R.Civ.P. 402 and 403, objections not so disclosed are waived unless excused by the Court for good cause and the exhibits will be deemed admitted by stipulation.

## V.     HEARINGS

The Special Master may hold a final pretrial conference at a time and place to be announced.

Prior to holding a final pretrial conference, the parties shall meet to discuss a consolidated exhibit list and exhibits to be used at trial. The parties may submit proposed hearing dates to the Special Master either at the pretrial conference or earlier, but it is anticipated that this matter will be set for hearing during the last two weeks of May 2010.

## V.   OBJECTIONS TO THIS ORDER

Any objections to this Pretrial Order shall be filed with the Court and served on the parties within 10 days of the receipt of this Order.

**IT IS SO ORDERED**.

_____
SPECIAL MASTER VICKIE L. GABIN