IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

    Plaintiff,

vs.

ROMAN ARAGON, *et al.*,

    Defendants.

69cv07941-BB

RIO CHAMA STREAM SYSTEM

Section 5, Rio Gallina

*PROPOSED*
**PARTIAL FINAL JUDGMENT AND DECREE
ON SURFACE WATER IRRIGATION RIGHTS
IN SECTION 5 OF THE RIO CHAMA STREAM SYSTEM**

    THIS MATTER comes before the Court upon its own motion for the entry of a Partial Final Judgment and Decree on Surface Water Irrigation Rights in Section 5 of the Rio Chama Stream System ("Decree"). The Court, having considered the pleadings and orders previously filed or entered and being fully advised in the premises, FINDS:

    1.    The Court has jurisdiction over the subject matter and parties.

    2.    This case is a general adjudication of all rights to divert or impound and beneficially use the public surface and underground waters of the Rio Chama Stream System, a tributary of the Rio Grande.

    3.    This Decree is entered for Section 5 of the Rio Chama Stream System ("Section 5") in accordance with NMSA 1978, § 72-4-19 (1907). Section 5 includes the watershed of the Rio Gallina, a tributary of the Rio Chama. All rights to divert and use surface water for irrigation purposes

Ex. B

in Section 5 are decreed herein. This Decree does not determine, affect or adjudicate claims to groundwater or stock watering uses in Section 5.

4.  Orders adjudicating the water rights of defendants in Section 5 for surface water irrigation use, as against the State of New Mexico, have previously been entered for all subfiles within this section of the stream system. These subfile orders are expressly approved and confirmed as valid as of the date of the entry of the individual subfile order.

5.  The Addendum attached to this Decree summarizes the water rights adjudicated and decreed herein. The substantive elements of the water rights are those described and adjudicated by the individual subfile orders and subsequent orders of the Court, unless clearly noted otherwise in the Addendum.

6.  All claims to the diversion and use of public surface water in Section 5 for irrigation purposes have been determined and adjudicated by this Court.

7.  Beneficial use is the basis, the measure, and the limit of all of the water rights decreed herein.

8.  On _____ 2009, the Court filed its *Order on Inter Se Proceedings on Surface Water Irrigations Rights in Section 5* (Docket No. _____) to control the course of *inter se* proceedings in Section 5 leading to the entry of this Decree. Notice of the deadline for filing *inter se* objections to any water rights previously adjudicated in a subfile order and described in this Decree was served on all claimants, known and unknown, to the use of water in Section 5.

9.  Throughout the course of these proceedings, all claimants to the use of water in Section 5 were provided with adequate legal notice of all proceedings to adjudicate their water rights claims and adequate legal notice of all *inter se* proceedings.

10. This Decree is a final adjudication of all surface water rights for irrigation purposes within Section 5 and is binding between and among the plaintiff and all persons claiming water rights of any type in Section 5 of the Rio Chama Stream System.

11. The right of parties to the Rio Chama adjudication suit who are not included within Section 5 to contest any individual water right adjudicated within this section of the stream system, is expressly reserved until this Court orders further *inter se* proceedings for the Rio Chama Stream System.

12. The water rights adjudicated herein may in the future be subject to general *inter se* proceedings that involve all adjudicated water rights of the Rio Grande Stream System and its tributaries.

13. There is no just reason for delay, and this Decree is a final judgment in accordance with Fed. R. Civ. P. 54(b).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. All water rights for surface water irrigation uses within Section 5 of the Rio Chama Stream System, as set forth in previously filed orders and summarized in the Addendum attached hereto, are finally adjudicated by this Decree.

2. The defendants whose water rights are adjudicated herein, their successors, representatives and assigns, are hereby enjoined from diverting or using the public waters of the Rio Chama Stream System except in strict accordance with this Decree and such other orders of the Court that may be entered in this cause.

3. There is no just reason for delay, and the Court hereby expressly directs entry of this

Decree pursuant to Fed. R. Civ. P. 54(b).

4. The attached Addendum is incorporated by reference as though fully set forth herein. In the event there is a discrepancy between a description of water rights set forth in the Addendum and the specific order or document that determines that right, the specific order or document is controlling unless expressly stated otherwise in the Addendum.

5. Jurisdiction is reserved to determine and adjudicate claims, disputes or contests *inter se* between defendants in Section 5 and defendants in other sections of the Rio Chama Stream System.

6. Jurisdiction is reserved until further order for the purpose of enforcing the provisions of this Decree and entering such supplementary orders as may be necessary for the enforcement, modification and correction of this Decree and other orders heretofore entered.

DATED this _____ day of _____, 2010.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

Recommended for approval:

_____
SPECIAL MASTER VICKIE L. GABIN