IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO on the relation of the State Engineer, | ) ) ) | |
| Plaintiff, | ) ) | 69cv07941 - BB |
| v. | ) ) | RIO CHAMA STREAM SYSTEM |
| RAMON ARAGON et al., | ) ) | |
| Defendants. | ) ) | |

MOTION TO VACATE PUEBLO CLAIMS DEADLINES AND SET SCHEDULNG CONFERENCE

The United States of America ("United States") hereby moves the Special Master to vacate the remaining deadlines set forth in the November 3, 2004 *Scheduling Order on Pueblo Claims* (No. 7639) and the February 27, 2008 *Amended Scheduling Order on Pueblo Claims* (No. 9118) ("Amended Scheduling Order") and to set a scheduling conference. In support of the motion, the United States states:

1. For many months, parties to this adjudication, including the United States, have participated in a process under the Special Master's guidance to coordinate scheduling of the litigation of Indian water rights claims in this adjudication with those of other northern New Mexico adjudications in which the Special Master, the United States, and the State are all involved. That process has highlighted the fact that the resource demands of the schedule in one of these Indian water rights adjudications can directly impact the ability of parties to meet deadlines in the other cases.

2. In the course of the January 25, 2010 scheduling conference in <u>New Mexico ex rel. State Engineer v. Abbott</u>, Nos. 68cv7488-BB & 70cv8650-BB consolidated (D.N.M.) (Rio Santa Cruz & Rio Truchas adjudications), Pueblo Claims Subproceeding II, the parties agreed that further adjustment to the March 5, 2008, *Amended Scheduling Order for Pueblo Claims Subproceeding II*, as amended (Doc. Nos. 2576, 2591, 2611, 2612, 2638, and 2695 in that case) is warranted.

3. The parties further agreed that the necessary adjustments to the deadlines in the above-listed adjudication will impact the current deadlines set-forth in the February 27, 2008 Amended Scheduling Order in this case and that the current remaining deadlines will need to be adjusted accordingly.  In particular, the Amended Scheduling Order currently requires the United States to make disclosure of Expert Reports by March 2, 2010 which is now premature, and may lead to duplicative reports as a consequence of staleness due to the passage of time, under any currently-foreseeable schedule for proceeding to trial in Pueblo Claims Subproceeding I of this case.

4. In consideration of a pending March 1, 2010 deadline for dispositive motions in Pueblo Claims Subproceeding II of the <u>Abbott</u> case and the as-yet-unfinalized adjustments to the future schedule in that matter, the United States requests the Special Master to vacate all currently pending deadlines for Pueblo Claims in the present case and to set these matters for a scheduling conference after March 2, 2010.

5. The United States provided a draft of the present motion to counsel of record in this case on January 26, 2010 with a request that they indicate any concurrence or disapproval by January 28, 2010.  The 13 counsel of record who responded either expressed concurrence

in the motion or stated they did not object. The United States received no response indicating opposition to the motion.

Wherefore, the United States hereby moves that the remaining deadlines currently set in the November 3, 2004 *Scheduling Order on Pueblo Claims* and the February 27, 2008 Amended Scheduling Order be vacated, and that a scheduling conference for this case be set after March 2, 2010.

Dated: January 29, 2010.

                                                                Electronically Filed

                                                                 _____/s/_____
BRADLEY S. BRIDGEWATER
U.S. Department of Justice
1961 Stout Street – 8th Floor
Denver, CO  80294
(303) 844-1359

COUNSEL FOR THE UNITED STATES

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 29, 2010, I filed the foregoing **Motion To Vacate Deadlines and Set Scheduling Conference** electronically through the CM/ECF system, which caused CM/ECF participants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

_____/s/_____
Bradley S. Bridgewater