IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

           Plaintiff,

    vs.

ROMAN ARAGON, *et al.,*

           Defendants.

69cv07941-BB

RIO CHAMA STREAM SYSTEM
Section 1, Chama Mainstream

**MOTION TO LIMIT REVIEW TO EVIDENCE AND TESTIMONY
PRESENTED TO SPECIAL MASTER AT HEARINGS ON
DISPUTED PRIORITIES OF ACEQUIAS DE CHAMITA,
HERNANDEZ AND LOS SALAZARES**

COMES NOW the Plaintiff State of New Mexico, *ex rel.* State Engineer and moves the Court to limit its review of the *Special Master's Report and Recommendations on Priorities for Three Acequias* filed December 16, 2009, to the evidence and testimony presented to the Special Master on the disputed priorities of the Acequias de Chamita, Hernandez and Los Salazares in the Chama Mainstream Section of the Rio Chama Stream System between August 14 and August 19, 1996, and as grounds thereof states the following:

1.      Special Master Vickie L. Gabin held hearings on the disputed priorities of the Acequias de Chamita, Hernandez and Los Salazares ("Acequias") in the Chama Mainstream Section of the Rio Chama Stream System between August 14 and August 19, 1996. On December 16, 2010, the Special Master filed her Report on the disputed priorities of the Acequias. *See Special Master's Report and Report and Recommendations on Priorities for Three Acequias* filed December 16, 2009, (Doc. 9546)

("Report").

2.      The Acequias , by and through their counsel of record, Fred J. Waltz, filed their *Motion to Adopt Special Master's Report and Recommendations on Priorities for Three Acequias* on January 7, 2010 (Doc. 9556).

3.      After having been granted an extension of time (Order filed January 12, 2010, Doc. 9559) the State of New Mexico filed its *Motion to Adopt, In Part, to Modify and Objections To Special Master's Report on Priorities for Three Acequias* on February 20, 2010 (Doc. 9597).

4.      Numerous individuals, acting *pro se*, have filed objections to the Special Master's Report. *See* Jacobo Baca (Doc. 9588); Tina C. Garcia (Doc. 9589); Eloy J. Garcia (Doc. 9590); David Ortiz (Doc. 9591); Ron W. Rundstrom (Doc. 9592); Pedro P. Trujillo (Doc. 9593) *withdrawn* 04/16/2010 (Doc. 9679); Leandro Dominguez (Doc. 9596); Ernesto Mascarenas (Doc. 9598), *withdrawn* 03/25/2010 (Doc. 9652); Larry Pacheco (Doc. 9599), *withdrawn* 03/17/2010 (Doc. 9647); Jose Elias Archuleta (Doc. 9600), *withdrawn* 03/17/2010 (Doc. 9646); Morris Santistevan (Doc. 9601) *withdrawn* 04/16/2010 (Doc. 9680);Juan D. Archuleta (Doc. 9602), *withdrawn* 03/17/2010 (Doc. 9645); Thomas D. Martinez (Doc. 9608); Rafaelita Espinosa (Doc. 9609), *withdrawn* 03/25/2010 (Doc. 9650); Pedro Casados (Doc. 9610); James Maestas (Doc. 9611); Enrique Rael (Doc. 9612); Nancy C de Baca (Doc. 9618); Pete de Herrera (Doc. 9619), *withdrawn* 03/25/2010 (Doc. 9651); Leonard Salazar (Doc. 9620), *withdrawn* 03/25/2010 (Doc. 9653); Ray Velarde (Doc. 9622); Sandie Holguin (Doc. 9624); Joe Branch (Doc. 9625); Johnny Martinez (Doc. 9626); Jacobo Gallegos (Doc. 9627); Julie Garcia (Doc. 9628); Lucia Lopez (Doc. 9629); Pete Maestas (Doc. 9630); Santiago Gallegos (Doc. 9632); Rose Garcia (Doc. 9633); Francisco Herrera (Doc. 9634); Orlando Serna (Doc. 9635); Mike Purdy (Doc. 9636); Leo J. Martinez (Doc. 9637); Tammy Griffith (Doc.

9643); Carl Bauer (Doc. 9649); Ron Velarde (Doc. 9546).

5.        On March 31, 2010, David Ortiz, Eloy J. Garcia, Tina C. Garcia, Ron W. Rundstrom

and Jacobo Baca filed their *Joint Amended Objections to the Assignment of a 1600 Priority Date to

Concerned Water Rights of the Parciantes of the Acequia de Chamita* (Doc. 9657) ("*Joint Amended

Objections*") together with approximately 100 pages of exhibits.  Various individuals have filed

motions to be included as part of the *Joint Amended Objections*.  *See* Motions by Leandro Dominguez

(Doc. 9666); Pedro Casados, Sr. (Doc. 9667); Sandy Hoguin (Doc. 9670); James L. Maestas (Doc.

9671); Johnny L. Martinez (Doc. 9672); Francisco A. Herrera (Doc. 9673); Enriques S. Rael (Doc.

9674); Jose Pete Maestas (9678); Leo J. Martinez (Doc. 9681); Thomas Martinez (Doc. 9682).

6.        All of the objections filed with the Court described in paragraph 4 above request a

"hearing [to] prove that an earlier and proper date of August 11, 1598 is the correct priority date" for

that defendant's water rights under the Acequia de Chamita.  The materials and argument submitted

to the Court in the *Joint Amended Objections* purportedly support this claim.

7.        At the hearings on the disputed priorities of the Acequias between August 14 and

August 19, 1996, no evidence was introduced that was said to support a priority date of 1598 for the

Acequia de Chamita, nor was there any testimony given by any witness asserting this claim.  The State

of New Mexico and the Acequias, by and through their counsel of record, stipulated that in 1600 the

Spanish settlers moved to a new settlement across the Rio Grande directly west of the Pueblo of San

Juan and promptly established an irrigation system using the waters of the Rio Chama.  The new

settlement was named "San Gabriel" and was located in the area now known as Chamita.  *See Order

Adopting Stipulation* filed November 17, 1995 (Doc. 4380) (Stipulation Agreed to by Dr. Stanley

Hordes and Dr. John Baxter, ¶¶ 4, 5); Defendants' Exhibit 1.

8.      In addition to the acequia associations for the three Acequias, various persons acting in their capacity as individuals filed an objection in 1995 or 1996 to the priority dates of the Acequias that were proposed by the State.  *See* Objections listed in the Court's docket at 3974.3–19, and 3993.1.  These *pro se* objectors (including Ron W. Rundstrom and Eloy J. Garcia listed in paragraphs 4 and 5 above) had the right to participate at the hearings on the disputed priorities of the three Acequias, call witnesses, present evidence, and take any position whatsoever with respect to the priorities of the ditches involved.  *See Pretrial Order on Mainstream Section Priority Dates* filed March 25, 1996 (Doc. 5348).  None of these individuals made a claim at the hearings for a priority date of 1598, nor did they introduce evidence or call any witnesses to support such a claim.

9.      The request by the persons listed in paragraphs 4 and 5 above for a hearing to prove an earlier priority date represents a request for a new trial in order to present new evidence.  While persons who filed an objection in 1995 or 1996 to the State's priority dates proposed by the State have a right to object to the Special Master's report, *see Motion to Limit Consideration of Objections* filed February 25, 2010 (Doc. 9606), an objection by those individuals (or any others) does not include the ability to present new evidence to the Court, evidence that might easily have been presented to the Special Master at the hearings held in 1996. A party seeking a new trial to present new evidence must show: (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence was material; (5) and that a new trial, with the newly discovered evidence, will probably produce a different result. *Joseph v. Terminix Intern. Co.*, 17 F.3d 1282, 1285 (1994) (10th Cir. 1994).  There has been no showing that any of these factors have been met in this case.  All of the historical materials submitted with the *Joint Amended Objections* appear

-4-

to be materials that were readily available in established historical archives and libraries at the time of the 1996 hearings.  Other materials, such as a copies of various memorials by the New Mexico Legislature in 2007, and maps and photos of an archeological excavation at San Gabriel de Yungue, are simply not material.  With the exception of the 2007 legislative materials, all of the proffered materials and information might have been introduced at the hearings held in 1996.  In sum, the information now relied upon to prove an 1598 priority date is not newly discovered evidence, nor can the persons that have filed the *Joint Amended Objections* show that they exercised due diligence in obtaining the proffered materials.

10.     Under Rule 53 of the Federal Rules, a Court must decide *de novo* all objections to findings of fact made or recommended by a master. Fed. R. Civ. P. 53(f)(3).  There are no provisions under the federal rules to submit new or additional evidence to the Court in an attempt to convince the Court to reach a new or different conclusion.  The State respectfully asserts that a review of the Special Master's report and recommendations concerning the priority dates of the three Acequias must be limited to the evidence and testimony presented to Special Master Gabin at the hearings on the disputed priorities of Acequias de Chamita, Hernandez and Los Salazares between August 14 and August 19, 1996.

WHEREFORE, the State of New Mexico requests that the Court limits its review of the objections to the Special Master's Report filed December 16, 2009 (Doc. 9546) to the evidence and testimony presented to Special Master at the hearings on the disputed priorities of Acequias de Chamita, Hernandez and Los Salazares between August 14 and August 19, 1996.

Respectfully submitted,

-5-

_/s/ Ed Newville_
EDWARD G.  NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444 telephone
(505) 867-2299 facsimile


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____ day of April, 2010 I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail, and served the following non-CM/ECF Participants in the manner indicated:

via first class mail, postage prepaid addressed as follows:

Eloy J. Garcia
P.O. Box 1024
San Juan Pueblo, NM 87566

Ron W. Rundstrom
P.O. Box 1791
Española, NM 87532

Jacobo Baca
P.O. Box 1045
San Juan Pueblo, NM 87566

Tina C. Garcia
P.O. Box 1304
San Juan Pueblo, NM 87566

David Ortiz
P.O. Box 1082
San Juan Pueblo, NM 87566

Leandro Dominguez
1416 Crespin Dr.
Pacifica, CA 94044

Thomas D. Martinez

4160 Dunquesne Ave. #4
Culver City, CA 90232

Pedro Casados
P.O. Box 852
San Juan Pueblo, NM 87566

James Maestas
11421 Paseo del Ose NE
Albuquerque, NM 87111

Enrique Rael
2737 Valle Grande SW
Albuquerue, NM 87105

Nancy C de Baca
P.O. Box 972
Espanola, NM 87532

Ray Velarde
R2 Box 278-3
San Juan Pueblo, NM 87566

Sandie Holguin
1102 McNamee St.
Norman, OK 73069

Joe Branch
P.O. Box 1116
San Juan Pueblo, NM 87566

Johnny Martinez
P.O. Box 1373
San Juan Pueblo, NM 87566

Jacobo Gallegos
P.O. Box 9
San Juan Pueblo, NM 87566

Julie Garcia
P.O. Box 1758
San Juan Pueblo, NM 87566

Lucia Lopez

P.O. Box 1331
San Juan Pueblo, NM 87566

Pete Maestas
P.O. Box 19
Hernandez, NM 87537

Santiago Gallegos
Rt. 2 Box 279-A
San Juan Pueblo, NM 87566

Rose Garcia
P.O. Box 217
Espanola, NM 87532

Francisco Herrera
2735 Via Caballero de Sur
Santa Fe, NM 87505

Orlando Serna
P.O. Box 958
San Juan Pueblo, NM 87566

Mike Purdy
Rt. 2 Box 278-8
San Juan Pueblo, NM 87566

Leo J. Martinez
P.O. Box 1202
San Juan Pueblo, NM 87566

Tammy Griffith
P.O. Box 289
San Ramon, CA 94583

Carl Bauer
P.O. Box 577
Velarde, NM 87582

Ron Velarde
Rt. 2 Box 278-4
San Juan Pueblo, NM 87566