IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

     v.                                                                          69cv07941 BB
                                                                                 Rio Chama Adjudication

RAMON ARAGON, *et al.*,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the State of New Mexico's Motion to Limit Consideration of Objections to Special Master's Report Filed December 16, 2009 to Parties Subject to the Pretrial Order on Mainstream Priorities Filed March 25, 1996. (Doc. No. 9606, filed February 25, 2010). For the reasons stated below, the Court will **GRANT** the Motion.

**Procedural Background**

      Beginning in late 1994, the Court entered Notices and Orders to Show Cause regarding priority dates for the Acequias de Chamita, Hernandez and Los Salazares ("the Three Acequias"). (*See* Pretrial Order on Mainstream Section Priority Dates, Doc. No. 5348, filed March 25, 1996). The State of New Mexico served those Notices and Orders through publication and regular mail on all community acequia water rights owners known to the State and the acequia associations. (*See id.*). Those Notices and Orders informed the water rights owners of their proposed priority date based upon the results of the court-appointed historian's studies. (*See e.g.* Notice and Order to Show Cause, Doc. No. 3859, filed October 12, 1994). The Notices and Orders also instructed the water

rights owners that if they object to the proposed priority date and want to offer proof of an earlier date, they must file a written objection within 60 days of the date of the Notice and Order. (*See id.*). The Three Acequias and several individual water rights owners on those acequias filed objections. (*See e.g.* Objection to Order to Show Cause, Doc. No. 3974.19, filed December 7, 1994).

The Special Master entered a Pretrial Order establishing the procedure for resolving the objections to the priority dates. (Doc. No. 5348, filed March 25, 1996). The Pretrial Order stated "[t]hese proceedings shall involve only the State, the aforesaid Acequias and any pro se parties who have properly filed objections to the Notices and Orders to Show Cause." (*Id.* at 4). The Special Master held evidentiary hearings on August 14-16, and 19, 1996, and filed her Special Master's Report on Priorities for Three Acequias (Doc. No. 9546) on December 16, 2009.

Several *pro se* parties filed objections to the Special Master's Report "request[ing] a hearing too [sic] prove that an earlier and proper date of August 11, 1598 is the correct priority date for [their] water right on the Acequia de Chamita." (Doc. Nos. 9588-9593, 9596, 9598-9602, 9608-9612, 9618-9620, 9622, 9624-9630, 9632-9637, 9643, 9649, filed between February 16 and March 25, 2010). The State notes that some of the objections to the Special Master's Report were filed by persons that did not timely file objections to the Notices and Orders to Show Cause and, therefore, did not participate and present evidence at the hearings. (*See* Motion at 2). The State asks the Court to limit its consideration of objections to the Special Master's Report to those filed by persons that timely objected to the Notices and Orders to Show Cause. (*See* Motion at 4). None of the parties filed a response opposing the State's Motion to Limit Consideration of Objections.

**Limiting Consideration of Objections**

The Court provided all claimants an opportunity to offer proof of an earlier priority date before the Special Master. The Court's review of the record shows that timely objections to the Orders to Show Cause were filed for the following subfiles:

| Subfile No. | Defendant | Doc. No. |
|---|---|---|
| 37 | Willie A. Martinez | 3974.3 |
| 49 | Viola G. Salazar and Henry C. Salazar, Jr. | 3974.4 |
| 17, 19 | Donald R. Tittsworth and Lynn Cravens | 3974.5 |
| 33, 91 | C. Paul Martinez | 3974.6 |
| 3 | Arthur R. Trujillo | 3974.7 |
| 3 | Leonard Valerio | 3974.8 |
| 150 | Arturo A. Martinez | 3974.9 |
| 145 | Phil V. Sanchez | 3974.10 |
| 152 | Joe L. Maestas | 3974.11 |
| 246 | A. B. Valdez | 3974.12 |
| 229 | Juan D. Archuleta | 3974.13 |
| 275 | Pete Trujillo and Lorraine V. Trujillo | 3974.14 |
| 285 | Eloy J. Garcia | 3974.15 |
| 258 | Kenneth C. Marthey | 3974.16 |
| 282 | Jose Fidel Trujillo | 3974.17 |
| 230, 272 | Richard M. Salazar | 3974.18 |
| 274 | Ron W. Rundström | 3974.19 |
| 141 | Bonifacio I. Vasquez | 3993.1 |

The *pro se* objections to the Special Master's Report now before the Court request an evidentiary hearing thereby raising factual issues which could have been explored at the trial before the Special Master. Granting those parties that did not timely object to the Orders to Show Cause a second opportunity to present evidence would not only delay resolution of this case but would be unfair to those parties that participated in the trial before the Special Master. *See* Fed. R. Civ. P. 1 advisory committee notes (1993 Amendments)(courts have a duty to ensure that cases are resolved without undue cost or delay); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)(federal district courts have

the inherent power to manage their business "so as to achieve the orderly and expeditious disposition of cases."); *United States v. Nathan J.*, 127 F.3d 1110, 1997 WL 659420 *4 (10th Cir. 1997)("In applying the timeliness requirement of Fed. R. Evid. 103 [that evidentiary objections must generally be made at the time that the evidence is offered], courts have also considered the unfairness to the party offering the evidence if the delay in making the objection prevents corrective measures from being taken."). The Court will, therefore, limit its consideration of objections to the Special Master's Report to those filed by persons that timely objected to the Notices and Orders to Show Cause or their successors-in-interest.

**Service of the Special Master's Report**

The Special Master did not serve her Report on the *pro se* parties that objected to the Notices and Orders to Show cause until March 25, 2010. (*See* Notice of Mailing, Doc. No. 9654). The Court will give those *pro se* parties an extension until 21 days from the date of this Order to file their objections to the Special Master's Report. (*See* Motion at 4)(stating that the parties will have 21 days from the time the Report is served to file objections to the Report unless the Court sets a different time).

**Service of Additional Notices and Orders to Show Cause**

The Court's Data Manager reports that for approximately five subfiles, the owners were not served with Notices and Orders to Show Cause by mail or publication. The Special Master shall serve the owners of those subfiles with a Notice and Order to Show Cause giving them an opportunity to object and offer proof of a priority date earlier than the priority date of 1600 recommended in the Special Master's Report (Doc. No. 9546, filed December 16, 2009).

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**