IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

                Plaintiff,

    vs.

ROMAN ARAGON, *et al.,*

                Defendants.

69cv07941-BB

RIO CHAMA STREAM SYSTEM
Section 1, Chama Mainstream

**MOTION TO RECONSIDER DIRECTIVE IN MEMORANDUM
OPINION AND ORDER FILED APRIL 28, 2010, FOR SERVICE OF
ADDITIONAL NOTICES AND ORDERS TO SHOW CAUSE**

      The Plaintiff State of New Mexico, *ex rel.* State Engineer ("State of New Mexico or State")

respectfully moves the Court to reconsider its directive to the Special Master in its *Memorandum*

*Opinion and Order* filed April 28, 2010 (Doc. No. 9700) to serve additional notices and orders to

show cause upon certain unnamed persons, orders that would allow them the opportunity to object

and offer proof of a priority date earlier than the priority date of 1600 recommended in the Special

Master's Report filed December 16, 2009 (Doc. No. 9546).  In support of this motion the State of

New Mexico states as follows.

      1.      On April 28, 2010, the Court granted the State's Motion to Limit Consideration of

Objections to Special Master's Report Filed December 16, 2009 to Parties Subject to the Pretrial

Order on Mainstream Priorities filed March 25, 1996 (Doc. No. 9606, filed February 25, 2010).  In

addition to granting the relief specifically requested by the State, the Court noted that the "Court's

Data Manager reports that for approximately 5 subfiles, the owners were not served with Notices and

Orders to Show Cause by mail or publication."  The Court then directed the Special Master to "serve

the owners of those subfiles with a Notice and Order to Show Cause giving them an opportunity to object and offer proof of a priority date earlier than the priority date of 1600 recommended in the Special Master's Report (Doc. No. 9546, filed December 16, 2009)." *Memorandum Opinion and Order* at 4.

2.      The question of whether or not service of additional orders to show cause is required was raised *sua sponte* by the Court's Data Manager and decided by the Court without the benefit of briefing or argument from the State of New Mexico or other parties.  Concerns of fairness and accuracy would seem to require notice and opportunity to be heard on an issue when that issue is raised *sua sponte* by the Court.  The State of New Mexico points out that it is not aware of the identity of the persons now said not to have been served in 1994 with the Court's Notice and Orders to Show Cause by mail or publication.  Thus, the State has not had the opportunity to review its records in this regard.  Moreover, the State points out that the issue here is not one that involves the subject matter jurisdiction of the Court, where federal courts have an independent obligation to determine whether jurisdiction exists and may *sua sponte* raise this issue at any stage of the proceedings.  *See, e.g., 1mage Software, Inc. v. Reynolds and Reynolds, Co.,* 459 F.3d 1044, 1050 (10th Cir. 2006).  In general, courts avoid the practice of addressing unbriefed issues, and request supplemental briefing when compelled to raise an issue *sua sponte*.

3.      While the State believes it should have the opportunity to check the factual accuracy of the information provided by the Court's Database Manager before additional orders to show caused are required or allowed to be served, the State also believes that the assertion that certain persons were not served either by mail or by publication may be an incorrect legal conclusion on the Database Manager's part.  On November 29, 1995, counsel for the State of New Mexico certified that

publication of notice regarding priority dates on the lower mainstream section was complete.  Pursuant to the form of notice approved by the Special Master (*See* Doc. 3971), the Notice and Order to Show Cause published in the Rio Grande Sun was directed to various persons by name, <u>and</u> "TO ALL CLAIMANTS, KNOWN AND UNKNOWN, WHO CLAIM A RIGHT TO USE SURFACE WATERS OF THE RIO CHAMA SYSTEM, CHAMA MAINSTREAM SECTION."  *See New Mexico's Certificate of Service of Publication for Priority Date Notices and Orders to Show Cause* (Doc. No. 4413, filed November 29, 1995).  The State believes the published notice was sufficiently broad to include all persons, known and unknown, who might claim priority dates earlier than those proposed by the State in connection with the ditches identified in the published notice.  Thus, whether or not the persons identified by the Court's Database Manager were mailed copies of the Court's Notice and Order to Show Cause, the State believes that all persons in the Rio Chama Mainstream Section that claimed a right to use surface water received notice by publication of the Court's Notice and Order to Show Cause.

4.      In addition to the question of whether or not the persons identified by the Court's Database Manager received notice by publication, the State believes there may be a question of whether or not those persons had actual notice of the proceedings and the requirement to file an objection to the priority dates proposed by the State.  Under some circumstances, clear proof of actual notice may be accepted as the equivalent of formal notice.  *See, e.g., Fidelity Mortg. Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 52 (2nd Cir. 1976); *Anderson v. Davila*, 125 F. 3d 148, 157 (3rd Cir. 1997).  Whether or not the persons identified by the Database Manager had actual notice of the proceedings and the requirement to file an objection to the priority dates proposed by the State is difficult to answer unless those persons raise the issue of lack of notice themselves rather than having

-3-

that issue raised *sua sponte* by the Court.

WHEREFORE, the State of New Mexico requests that the Court reconsider its directive to the Special Master in its *Memorandum Opinion and Order* filed April 28, 2010 (Doc. No. 9700) to serve additional notices and orders to show cause upon certain persons to allow those persons an opportunity to object and offer proof of a priority date earlier than the priority date of 1600 recommended in the Special Master's Report filed December 6, 2009 (Doc. No. 9546), and to vacate this portion of its Order.

Respectfully submitted,

   /s/ Ed Newville
EDWARD G.  NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444 telephone
(505) 867-2299 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the   5th   day of May, 2010 I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.