FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

10 MAY 11  AM 9: 19

CLERK-SANTA FE

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, on the relation of )
The State Engineer,                      )          No. 69cv 07941-BB
                                         )
        Plaintiff,                       )          Rio Chama Stream
                                         )          System
    v.                                   )
                                         )          Section I (mainstream)
ROMAN ARAGON, et al.,                    )
                                         )
        Defendants.                      )

**MEMORANDUM RESPONSE FROM SEVERAL OBJECTING *PRO SE* PARTIES TO THE SPECIAL MASTER'S REPORT (DOC. 9546, FILED 12/16/2009) TO THE STATE OF NEW MEXICO'S REPORT FILED DECEMBER 16, 2009 TO REPORT: MOTION TO LIMIT REVIEW TO EVIDENCE AND TESTIMONY PRESENTED TO SPECIAL MASTER AT HEARINGS ON DISPUTED PRIORITIES OF ACEQUIAS DE CHAMITA, HERNANDEZ AND LOS SALAZARES (DOC. 9683, FILED 04/19/10).**

Comes now, the several parciente *pro se* parties of the Acequia De Chamita (Doc. Nos. 9588-9593, 9596, 9598-9602, 9608-9612, 9618-9620, 9622, 9624-9630, 9632-9637, 9643, 9649, 9658 and/or those parties only that filed timely objections to the Notices and Orders to show cause or their successors-in-interest (Doc. 9700, Filed 04/28/2010 at 4) and or that filed objections to the Special Master's Report (Doc. 9546).

These parties, for the record, wish now to file a response to the State's Motion to Limit Review to Evidence and Testimony Presented to Special Master at Hearings on Disputed

Priorities of Acequias De Chamita, Hernandez and Los Salazares (Doc. 9683, Filed 4/19/10).

We are now just beginning to understand the legal ramification of the proceedings that happened over the past 14 years and its implications to working parcientes. The *pro se* parties or their successors-in-interest do not seek a new trail (Doc. 9683, Filed 04/19/10 at 4). Our only concern is with the Special Master's Report and the "Reports" recommendation for the assignment of a 1600 priority date for the Acequia De Chamita only (Doc. 9546, VI recommendation, 2., page 10). The allowed *pro se* parties and their successors-in-interest do believe that the right and proper priority date for the Acequia De Chamita should reflect its establishment date of August 11, 1598. Respectfully, with consideration by this Honorable Court of presented proof, the Special Master's Report could be changed to adopt this date for the Acequia De Chamita only.

Special Master Vickie Gabin was contacted by phone at the end of February 2010 by David Ortiz, one of the original *pro se* parties, and commissioner of the Acequia De Chamita. We thought we could intercede directly with her in terms of our concerns over the assignment of the 1600 priority date for the Acequia De Chamita only. After a brief period, there was re-contact and she told David Ortiz, "The matter was out of her hands". Between, conversations with Special Master Vikie Gabin and Darcy S. Bushnell of the UNM School of Law Ombudsman Program the "Parties" learned that we would have to turn to the United States District Court District of New Mexico in Santa Fe, with our interests over what we considered an incorrect assignment of a priority date for our Acequia.

In addition, we were told there was a deadline date for objections that loomed. This has led to the document development and interchange with this Honorable Court. We filed our objection concerning the Special Master's Report and the assignment of a 1600 priority date to our Acequia only. We then provided evidence for a change to an August 11, 1598 date for the

Acequia de Chamita only (Doc. 9592, Filed 2/16/2010, Doc. 9657, Filed 3/31/2010. In opposition to the State's position, we consider all our evidence very material to our view such that, corrective measures might be considered for a priority date change for the Acequia De Chamita only. We consider this possibility extremely important.

In order to prepare our evidence we let the State's documents be our teacher. We took to heart the States position on historical events and accuracy concerning them. This would/should include Acequia establishment dates and corresponding assignments of priority dates. Relatively, the State said, "While the above requested modifications (to the "Report") may seem minor in nature, the State makes these requests because questions regarding the historical events in this area are likely to arise in other contexts in these proceedings. For this reason, the Court's adoption of findings of fact should be as ACCURATE as possible to avoid confusion and the need for clarification in the future" (word capitalization is ours for emphasis, State's Doc. 9597, Filed 2/20/2010 at 4).

In order to search, collect, and provide proof of evidence for the August 11, 1598 date change for the Acequia De Chamita only, we again let the State's discussion of proof be our teacher and guide. The State said, "A preponderance of the evidence simply requires the finder of fact to believe, "that the existence of a fact is more probable than its nonexistence"." Doc. 9597, Filed 2/20/2010, at 12). As our basic premise for "burden of proof" we modified it to state, "Our job: provide enough evidence for the 1598 priority date such that the 1598 date as fact is more probable than its nonexistence (that of the 1600 date). The State also provided us with this insight to "proof ", "The State sees no reason why New Mexico's complex history should interfere with the application of the appropriate civil standard of proof in this case or in others like it. The evaluation of complex historical evidence in many forms (including even

Archeological evidence with respect to Indian claims) is part and parcel of a general adjudication of water rights under New Mexico's prior appropriation system (ibid.)".

We deeply, appreciate the one month extension by this Honorable Court to gather and present our proffered materials for consideration (Doc. 9603, Filed 2/23/2010). In spite of the State's view on our "evidence" materials (Doc. 9683, Filed 4/19/2010), we consider all our materials material to our "burden of proof". Respectfully, all we are asking is that our evidence be considered more probable, allowing this Honorable Court to motion a priority date change from 1600 in the Special Master's Report (Doc. 9546, Filed 12/16/2009), to August 11, 1598 for the Acequia De Chamita only. The *pro se* parties will, with in the time provided by the court (Doc. 9700, Filed 4/28/2010), file objections to the "Report" only.

Respectfully submitted for defendants,
By Ron W. Rundstrom (Current, Doc. 9592; Past, Doc. 274, Doc. 3974.19) and
Eloy J. Garcia, Mayordomo (Current, Doc. 9590; Past, Doc. 3974.15)

_____
(Signature of Defendant)
by Ron W. Rundstrom, Date: MAY 8, 2010

RON W. RUNDSTROM
(Printed name of Defendant)

P.O. Box 1791 E/H
(Street address or P.O. Box)

ESPAÑOLA  NEW MEXICO  87532
(City, State and Zip Code)

Respectfully submitted for defendants,

*Eloy J Garcia*
(Signature of Defendant)
Eloy J. Garcia, Mayordomo, Date: 5-8-2010

*Eloy J Garcia*
(Printed name of Defendant)

*PO Box 1034*
(Street address or P.O. Box)

*San Juan NM 87566*
(City, State and Zip Code)

Ron W. Rundstrom
PO Box 1791
Espanola, New Mexico 87532

RECEIVED
AT SANTA FE
MAY 11 2010
MATTHEW J. DYKMAN
CLERK

Office of the Clerk
United States District Court
106 South Federal Place
Santa Fe, New Mexico 87501