IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

      Plaintiff,

    vs.

ROMAN ARAGON, *et al.,*

      Defendants.

69cv07941-BB

RIO CHAMA STREAM SYSTEM
Section 1, Chama Mainstream

**MOTION TO REQUIRE SHOWING BY SANDIE HOLGUIN, THOMAS
MARTINEZ AND JOE BRANCH THAT THEY HAVE AN INTEREST
IN LANDS IRRIGATED BY ACEQUIA DE CHAMITA AND THAT
THEY ARE SUCCESSORS-IN-INTEREST TO PERSONS THAT TIMELY
FILED OBJECTIONS TO NOTICES AND ORDERS TO SHOW CAUSE**

The Plaintiff State of New Mexico, *ex rel.* State Engineer moves the Court to require a

showing by Sandie Holguin, Thomas Martinez and Joe Branch that they have an interest in lands

irrigated by Acequia de Chamita and that they are successors-in-interest to persons that timely filed

objections to Notices and Orders to Show Cause, and as grounds thereof states the following:

1.      On May 21, 2010, the Court filed its Memorandum Opinion and Order (Doc. No.

9720) granting in part and denying in part multiple *pro se* motions " 'to be included as part of the'

Joint Amended-Objections (Doc. No. 9657, filed March 31, 2010)" by Ron W. Rundström and Eloy

Garcia.  The Court granted the motions of three *pro se* persons (Sandie Holguin, Thomas Martinez,

Joe Branch) who did not file objections to the Notices and Orders to Show Cause issued by the Court

in 1994-95 "because their motions refer to subfile numbers for which timely objections were filed"

and the Court stated that those persons "may be successors-in-interest to the persons that timely filed

objections to the Notices and Orders to Show Cause." Order at 5.

2.      No actual showing has been made by Sandie Holguin, Thomas Martinez or Joe Branch

(collectively "*pro se* Objectors*"*) that they have an interest in lands irrigated by the Acequia de

Chamita or that they are in fact successors-in-interest to persons that timely filed objections to the

Notices and Orders to Show Cause.  None of the *pro se* Objectors have entered an appearance in this

case or have been joined as parties, nor have any of these persons filed a motion to intervene or for

substitution of parties based on a showing that they are successors-in-interest to a named party for

which a subfile order has been entered.  While the Court may apply a less stringent standard to *pro se*

pleadings than a Court would to pleadings filed by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972), the Court nonetheless in this case should require some showing by deed or otherwise that the

*pro se* Objectors have an interest in lands irrigated by the Acequia de Chamita and that they are in fact

successors-in-interest to persons that timely filed objections to the Notices and Orders to Show Cause.

*See Whitney v. New Mexico*, 113 F3ed 1170, 1173-74 (10th Cir. 1997) (Court will not supply

additional factual allegations to round out *pro se* complaint or construct a legal theory on behalf of

*pro se* party).  Unless the *pro se* Objectors have an interest in lands irrigated by the Acequia de

Chamita, the Objectors have no standing to make an objection to the Special Master's Report.  *See*

*Bennet v. Spear*, 520 U.S. 154, 167 (1997) (in addition to other requirements, a plaintiff must

demonstrate an "injury in fact" – an invasion of a judicially cognizable interest).

3.      The Court has construed the *pro se* motions to be included as part of the Joint

Amended Objections filed March 31, 2010 (Doc. No. 9657) by Ron W. Rundström and Eloy Garcia

as an objection to the Special Master's Report." *See* Opinion at 4.  The State fully agrees.[1]  Since the

persons who filed the *pro se* motions were never joined to these proceedings, the *pro se* motions

should also be construed to represent motions to intervene or for substitution of parties; however,

some factual support for granting the motions, something in addition to a mere reference to a subfile

number for which objections were timely filed, should be required.  In the event the *pro se* Objectors

are able to show that they own lands irrigated by the Acequia de Chamita and that they are in fact

successors-in-interest to parties that filed timely objections to the Notices and Orders to Show Cause,

the Court should enter an order that formally joins them to these proceedings or substitutes them as

parties.

WHEREFORE the State of New Mexico respectfully requests that the Court enter its Order

to require Sandie Holguin, Thomas Martinez and Joe Branch to show by deed or otherwise that they

have an interest in lands irrigated by the Acequia de Chamita and that they are in fact successors-in-

interest to persons that timely filed objections to the Notices and Orders to Show Cause issued by the

Court in 1994-95.

Respectfully submitted,

/s/ Ed Newville

---

[1]      Because there are no provisions for a response to an objection to a Special Master's Report under the Federal Rules, *see* Fed R. Civ. P. 53(f), the State filed no response to the *pro se* "motions".  In addition, the *pro se* motions were, in essence, a restatement of earlier objections filed by the same parties (Doc. Nos. 9670, 9682, 9684) making a request to join the Joint Amended Objections filed by Rundström and Garcia (Doc. No. 9657).  For this reason, the State should not be charged with a failure to file and serve a response in opposition as stated by the Court in its Opinion at 5.  In response to *pro* se objections filed by numerous persons who had not filed a timely response to the Notices and Orders to Show Cause, the State filed its Motion to Limit Consideration of Objections to Special Master's Report Filed December 16, 2009 to Parties Subject to the Pretrial Order on Mainstream Priorities Filed March 25, 1996 (Doc. 9606, filed February 25, 2010), which was granted by the Court on April 28, 2010 (Doc. No. 9700).

EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444 telephone
(505) 867-2299 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __27th__ day of May, 2010, I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail, and served the following non-CM/ECF Participants in the manner indicated:

via first class mail, postage prepaid addressed as follows:

Thomas D. Martinez
4160 Dunquesne Ave. #4
Culver City, CA 90232

Sandie Holguin
1102 McNamee St.
Norman, OK 73069

Joe Branch
P.O. Box 1116
San Juan Pueblo, NM 87566


      /s/ Ed Newville
      EDWARD G.  NEWVILLE