## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

       Plaintiffs,

       v.                              69cv07941 BB
                                               Rio Chama Adjudication

RAMON ARAGON, *et al.*,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the State of New Mexico's Motion to Limit Review to Evidence Presented to Special Master at Hearings on Disputed Priorities of Acequias de Chamita, Hernandez and Los Salazares (Doc. No. 9683, filed April 19, 2010). For the reasons stated below, the Court will **GRANT** the Motion.

In 1996, Special Master Gabin held evidentiary hearings regarding the priority dates for three acequias. (*See* Special Master's Report on Priorities for Three Acequias, Doc. No. 9546, filed December 16, 2009). The Special Master concluded that the evidence supported a priority date of 1600 for the Acequia de Chamita and two other acequias. (*See* Special Master's Report at 10).

Mr. Eloy J. Garcia, Mr. Ron W. Rundström and three other *pro se* parties filed their Joint Amended Objections (Doc. No. 9657, filed March 31, 2010). The State requests that the Court limit its review of the objections to the Special Master's Report to the evidence and testimony presented to the Special Master at the hearings on the disputed priorities in August 1996. (*See id.* at 5).

The State of New Mexico asserts that the Joint Amended Objections' request for a hearing to prove an earlier priority date "represents a request for a new trial in order to present new

evidence."   (Motion ¶ 9 at 4).  The State also contends that "[t]here are no provisions under the federal rules to submit new or additional evidence to the Court in an attempt to convince the Court to reach a new or different conclusions."  (*Id*. at 5).  The Court disagrees with the State's contention that there are no provisions under the federal rules to submit additional evidence.

Rule 53(f)(1) of the Federal Rules of Civil Procedure provides that the Court "*may* receive evidence" when acting on a Special Master's order, report or recommendations."  Fed. R. Civ. P. 53(f)(1) (*emphasis added*).  The language in Rule 53(f))(1) is very similar to that in the rule governing the resolution of objections to a Magistrate Judge's disposition.  *See* Fed. R. Civ. P. 72(b)(3) ("The district judge may . . . receive further evidence"); 28 U.S.C. § 636(b)(1) ("The judge may also receive further evidence" when ruling on objections to a Magistrate Judge's findings and recommendations).  "This language commits the decision of whether to receive additional evidence to the sound discretion of the district court."  *Henderson v. Echostar Comm. Corp.*, 172 Fed. Appx. 892, 895 (10th Cir. 2006).  A district court may deny a party's request to present additional evidence where the party "made an insufficient showing that the additional material attached to the objections could not have been discovered, with due diligence, and presented to the magistrate judge." *Gonzales v. Qwest Comm. Corp.*, 160 Fed. Appx. 688, 690 (10th Cir. 2005); *see also Pan American World Airways, Inc. v. International Brotherhood of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) (no abuse of discretion in denying a party's request to present additional testimony where party "offered no justification for not offering the testimony at the hearing before the magistrate" judge).

The State contends that *pro se* objectors Rundström and Garcia had the right to participate at the hearings before the Special Master, "call witnesses, present evidence, and take any position whatsoever with respect to the priorities of the ditches involved" but did not do so.  (Motion ¶ 8 at

4.  The State also contends that the materials submitted with the Joint Amended Objections appear to have been readily available, is not newly discovered evidence, and that Rundström and Garcia cannot show that they exercised due diligence in obtaining the proffered materials.  (*Id.* ¶ 9 at 4-5). Rundström and Garcia do not dispute the State's contentions.   (*See* Rundström and Garcia's Response, Doc. No. 9715, filed May 11, 2010).

The Court will grant the State's Motion and will limit its review of the objections to the Special Master's Report to the evidence and testimony presented to the Special Master at the hearings on the disputed priorities in August 1996.  *See Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994) ("It is not in the interests of justice to allow a party to wait until the Report and Recommendation or Order has been issued and then submit evidence that the party had in its possession but chose not to submit").

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**