IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

      v.                                                      69cv07941 BB
                                                              Rio Chama Adjudication

RAMON ARAGON, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the State of New Mexico's Motion to Require Showing by Sandie Holguin, Thomas Martinez and Joe Branch that They Have an Interest in Lands Irrigated by Acequia de Chamita and that They are Successors-in-Interest to Persons that Timely Filed Objections to Notices and Orders to Show Cause (Doc. No. 9767, filed May 27, 2010). For the reasons stated below, the Court will **DENY** the Motion as moot.

Several *pro se* parties filed objections to the Special Master's Report and Recommendations on Priorities for Three Acequias which stated that the parties "wish[ed] to be included as part of the" Joint Amended Objections. (Mem. Op. and Order at 1, Doc. No. 9720, filed May 21, 2010). The Court construed those objections as motions and denied most of them because there were no timely objections to the Notices and Orders to Show Cause for their respective subfiles. (*See id.* at 5). The State's Motion relates to three of those *pro se* parties who did not file objections to the Notices and Orders to Show Cause. The Court granted objections/motions those three *pro se* parties of because their objections/motions referred to subfile numbers for which objections were timely filed and,

therefore, those parties *may* be successors-in-interest to the persons that timely filed objections to the Notices and Orders to Show Cause.  (*See id.*).

The State asks the Court to enter an order to require the three *pro se* objectors, "Sandie Holguin, Thomas Martinez and Joe Branch to show by deed or otherwise that they have an interest in lands irrigated by the Acequia de Chamita and that they are in fact successors-in-interest to persons that timely filed objections to the Notices and Orders to Show Cause issued by the Court in 1994-95."  (Motion at 3).  Holguin, Martinez and Branch did not file responses in opposition to the State's Motion.  The Local Civil Rules for this Court provide that the "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(a);  *see also United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004) (*pro se* parties must follow the same rules of procedure that govern other litigants).

Ron W. Rundström and Eloy J. Garcia, both *pro se* parties, jointly submitted Responses to the State's Motion for *pro se* Parties Holguin and Martinez.  (*See* Doc. Nos. 9901 and 9902).  However, "one pro se litigant, who is not an attorney, cannot represent other pro se parties."  *Casa de Oro, LLC v. Assembly of Yhwhhoshua*, 116 F.3d 346, 1998 WL 833687 n.1 (10th Cir.); *see also* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel").  Furthermore, Federal Rule of Civil Procedure 11(a) requires that every filed document "must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented."

In its Replies, the State noted that the Responses were not signed by Holguin and Martinez but were signed and filed by Rundström and Garcia, neither of which is an attorney that has entered


therefore, those parties *may* be successors-in-interest to the persons that timely filed objections to the Notices and Orders to Show Cause.  (*See id.*).

The State asks the Court to enter an order to require the three *pro se* objectors, "Sandie Holguin, Thomas Martinez and Joe Branch to show by deed or otherwise that they have an interest in lands irrigated by the Acequia de Chamita and that they are in fact successors-in-interest to persons that timely filed objections to the Notices and Orders to Show Cause issued by the Court in 1994-95."  (Motion at 3).  Holguin, Martinez and Branch did not file responses in opposition to the State's Motion.  The Local Civil Rules for this Court provide that the "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(a); *see also United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004) (*pro se* parties must follow the same rules of procedure that govern other litigants).

Ron W. Rundström and Eloy J. Garcia, both *pro se* parties, jointly submitted Responses to the State's Motion for *pro se* Parties Holguin and Martinez.  (*See* Doc. Nos. 9901 and 9902).  However, "one pro se litigant, who is not an attorney, cannot represent other pro se parties."  *Casa de Oro, LLC v. Assembly of Yhwhhoshua*, 116 F.3d 346, 1998 WL 833687 n.1 (10th Cir.); *see also* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel").  Furthermore, Federal Rule of Civil Procedure 11(a) requires that every filed document "must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented."

In its Replies, the State noted that the Responses were not signed by Holguin and Martinez but were signed and filed by Rundström and Garcia, neither of which is an attorney that has entered

an appearance to represent Holguin or Martinez in this matter.  (Doc. Nos. 9903 and 9904, filed June 8, 2010).  The State then renewed its request that the Court grant its Motion and enter an order that requires Holguin and Martinez to show by deed or otherwise that Holguin and Martinez have an interest in lands irrigated by the Acequia de Chamita and that they are in fact successors-in-interest to persons that timely filed an objection to the Notices and Orders to Show Cause issued by the Court in 1994-95 with respect to the determination of the priority date of water rights under the Chamita Ditch.  (*See id.*).

*Pro se* parties Branch, Holguin and Martinez subsequently filed Responses to the State's Motion.  (*See* Doc. Nos. 9905 and 9907, filed June 11, 2010; Doc. No. 9907, filed June 14, 2010).  Those Responses do not oppose the State's Motion for an order requiring them to show by deed or otherwise that they have an interest in the subject land and are successors-in-interest.  (*See id.*).  Instead, the Responses state that Branch, Holguin and Martinez have an interest in the subject land and are successors-in-interest.  (*See id.* at 2).  The three Responses have warranty deeds and other documents attached.  (*See id.*).  Because these Responses appear to provide the relief the State sought via an order from the Court, the Court will deny the State's Motion for an order as moot.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Bruce D. Black
　　　　　　　　　　　　　　　　　　　　　　　　**BRUCE D. BLACK**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**