IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer | |
| Plaintiff, | 69cv07941- BB |
| vs. | RIO CHAMA STREAM SYSTEM Section 1, Chama Mainstream |
| ROMAN ARAGON, *et al.,* | |
| Defendants. | |

**MOTION TO EXCLUDE ADDITIONAL EVIDENCE IN MEMORANDUM BY
*PRO SE* PARTY DAVID ORTIZ**

The State of New Mexico *ex rel.* State Engineer ("State"), by and through the undersigned counsel, respectfully requests the Court to exclude from consideration the evidence presented in *pro se* party David Ortiz's *Memorandum: Information on Parciente Pro Se Party and Commisioner* [sic] *of the Acequia de Chamita David Ortiz ( Doc. 4566, 9591, 9585 9657)*, ("*Memorandum*") (Doc. No. 9917) filed July 26, 2010, for the reasons presented below.

1.  On April 28, 2010, in its *Memorandum Opinion and Order* ("*Order Limiting Consideration*") (Doc. No. 9700) the Court granted the State of New Mexico's *Motion to Limit Consideration of Objections to Special Master's Report Filed December 16, 2009 to Parties Subject to the Pretrial Order on Mainstream Priorities filed March 25, 1996* ("*Motion to Limit Consideration*") (Doc. No. 9606) filed February 25, 2010. The Court held that it "will limit its consideration of objections to the Special Master's Report to those filed by persons that timely objected to the Notices and Orders to Show Cause or their successors-in-interest." *Order Limiting Consideration*, p. 4.

2. As previously noted in the State's *Motion to Exclude Additional Evidence* filed on July 12, 2010 (Doc. No. 9912), on June 25, 2010, the Court granted the *State of New Mexico's Motion to Limit Review to Evidence Presented to Special Master at Hearings on Disputed Priorities of Acequias de Chamita, Hernandez and Los Salazares* ("*Motion to Limit Review*") (Doc. No. 9683) filed April 19, 2010, in its *Memorandum Opinion and Order* ("*Order Limiting Review*") (Doc. No. 9910). The Court held that it "will limit its review of the objections to the Special Master's Report to the evidence and testimony presented to the Special Master at the hearings on the disputed priorities in August 1996." *Order Limiting Review*, p. 3.

3. Mr. Ortiz' *Memorandum* purports to provide "background information on *pro se* parciente, defendant and Commissioner for the Acequia de Chamita, David Ortiz . . . for the Honorable Court's record and consideration." *Memorandum*, p. 1. The *Memorandum* purports to contain "Genealogical Evidence and San Gabriel Settlement and Familial History." *Memorandum,* pp. 3-8.

4. To the extent that defendant David Ortiz is offering evidence in the *Memorandum* for the Court to consider in support of his *Objections to the Assignment of a 1600 Priority Date to the Concerned Water Rights of the Parcientes of the Acequia de Chamita* (Doc. No. 9591), filed February 16, 2010, and the *Joint Amended Objections* (Doc. No. 9657), filed March 31, 2010, it should be excluded. David Ortiz did not timely file an objection to the Notice and Order to Show Cause in 1995 or 1996, nor is he a successor-in-interest to the owner of a subfile who did timely object. The Court therefore is not considering his objections. *See Order Limiting Consideration*, p. 4. Further, even if the Court were to consider Mr. Ortiz's objections, there is no showing that the additional material was not readily available at the time of the hearing, is newly discovered evidence, or could not have been discovered with the exercise of due diligence. *See Order*

*Limiting Review*, pp. 2-3. The Court should therefore exclude this additional material.

5. The State also notes that to the extent that David Ortiz purports to offer this evidence as a Commissioner of the Acequia de Chamita, it is the State's understanding that he only has authority to act in his individual capacity, and that the official legal position of the Acequia de Chamita, acting through its Commission as a whole, is that the report should be adopted. *See Motion to Adopt Special Master's Report and Recommendations on Priorities for Three Acequias* (Doc. No. 9556) on January 7, 2010. There is no basis for the Court to consider this additional evidence.

WHEREFORE the State respectfully requests the Court to exclude from consideration the evidence presented in *pro se* party David Ortiz's *Memorandum* as evidence beyond the scope of this Court's review.

Respectfully submitted,

 /s/ Arianne Singer
Arianne Singer
Edward G. Newville
Special Assistant Attorneys General
New Mexico Office of the State Engineer
P.O. Box 25102
Santa Fe, NM  87504-5102
(505) 827-6150
*Attorneys for Plaintiff State of New Mexico*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1th day of August, 2010 I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

 /s/ Arianne Singer