Case: 6:69-cv07941-BB

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

10 SEP -2 AM 11: 43

CLERK-SANTA FE

STATE OF NEW MEXICO, on the relation
The State Engineer,

Plaintiff,

v.

ROMAN ARAGON, et al,

Defendants.

No. 69cv-07941-BB

Rio Chama Stream System

Section 1 (mainstream)

## MOTION TO RECONSIDER AND REVIEW EVIDENCE SUBMITTED BY OBJECTORS AND JOINT OBJECTORS OF THE RECOMMENDED 1600 PRIORITY DATE FOR THE ACEQUIA de CHAMITA AND ASSIGN THE AUGUST 11, 1598 ESTABLISHMENT DATE.

Comes now this plebian, pro se parciente, Acequia de Chamita Commissioner, david Ortiz, respectfully requesting the Court to put our evidence, which we affectionately call the "Bible" Doc.9657, filed 3/31/2010, on the blindfolded Woman's scale, opposite the evidence and exhibits submitted to the Special Master in 1996 and Judge which is more historically accurate.

The honorable Court gave us an extension of time to file amended objection to the Special Masters recommendation of 1600 for the Acequia de Chamita Doc.9603, filed 2/23/2010. The Court gave us until 3/31/2010 to file a timely objection, which we did, working and

researching every paper, book and historical fact we could in that short time.

The Court allowed the "Bible" to be put on the scale and the State whispered in the Woman's ear, Take it off. She should have turned to the State and said, No, I will not take it off.

Your Honor we have been deceived by our Legal Counsel and his fellows, kept in the dark like mushrooms by many, groping the legal forest for direction and answers to defend what we believe to be accurate history.

The State continues to object to the objectors and we say, "Just review the evidence". Reference Doc.9683 filed on 4/19/2010, Motion to limit Review to evidence and testimony presented to Special Master at hearing on disputed priorities of Acequia de Chamita, Hernandez and Los Salazares. Page 4, (9) The request by the persons listed in paragraphs 4 and 5 above for a hearing to prove an earlier priority date represents a request for a new trial in order to prove an earlier priority date represents a request for a new trial in order to present new evidence. While persons who filed an objection in 1995 or 1996 to the States priority dates proposed by the State have a right to object to the Special Masters report, see MOTION TO LIMIT CONSIDERATION OF OBJECTIONS filed on 2/25/2010 (Doc,9606), an objection by those individuals (or any others) does not include the ability to present new evidence to the Court, evidence that might easily have been presented to the Special Master at the hearings held in 1996. A party seeking a new trial to present evidence must show; (1) The evidence was newly discovered since the trial;..

If it was so easy, why did it take the State until 2010 to agree with "NO ABANDANMENT" and cast off their 1714 priority date? And wasn't our evidence newly discovered? The 1996 objection was to the 1714.

Let me make our position clear. We are not trying to prove an earlier priority date. Our establishment date is August 11, 1598, if you

are going to assign priority dates again, then it should be our establishment date, when construction was started, August 11, 1598.

FACTS: The establishment date of the Acequia de Chamita, August 11, 1598 pre dates the Constitution of the United States of America, which guarantees prior God given rights. The establishment of the Acequia de Chamita, August 11, 1598, pre dates the Treaty of Guadalupe Hidalgo, which guarantees prior rights to those who occupied the territory of New Mexico. Ditto, General Kearney. The establishment of the Acequia de Chamita, August 11, 1598, pre dates New Mexico Statehood and the Constitution that guarantees prior established rights.

Reference: Manual of Rules and Regulations Governing the appropriation and use of Surface Waters of the State of New Mexico. State of New Mexico. Revised August 1953. State Engineer. (Page 18) All rights established by the beneficial use of water in New Mexico prior to March 19, 1907 were recognized and confirmed by the State Constitution at the time of its adoption. Their priority dates are defined as the dates of initiation of such rights whether by filing (H/R- Onate the Colonizer, Juan de Onate's itinerary: On August 11, 1598, we started the irrigation ditch), by survey, (Laws of the Indies: the advance party, some of which stayed at Yunque to layout the Community Acequia and the farmland, made it possible to begin the Acequia on August 11, 1598), and the start of construction (When the main party arrived on August 18, 1598, construction had already started). The Rules and Regulations adopted by the State of New Mexico, January 31, 2005, page 3, 19.26.2.8, repeat the 1953 revision.

And there is more. Reference: Evidence provided in 1996 (8/16/1996) Chama Priorities/69-7941/Waltz, Ex.EE. Local perspectives: A case study from the Rio Chama Water Rights Adjudication, summer 1996.

Prepared by Levine PH.D/Ethnohistorical Consultant/1677 Cerro Gordo Road/ Santa Fe, New Mexico/ Text prepared: May 31, 1996/ Appendices added: June 24, 1996.

Page 2:  All rights established by the beneficial use of water in New Mexico prior to March 19, 1907 were recognized and confirmed by the State Constitution at the time of its adoption. Their priority dates are defined as the dates of initiation of such rights whether by filing, by survey, or by actual start of construction(State Engineer 1953.18).

For many of the parciantes on the community Acequias the dates offered were in stark contrast to what they understood to be their history and legacy of their communities. Page 3: The process of assigning a priority date is not an exact science. Page 4: Research Methods, she states about "Court imposed deadlines (on everyone but themselves, 14 years). Page 6: While I commend her on realizing the importance of Genealogical history, all the genealogical research and "new discovery" we have done pale those into insignificance. Page 10:   to lose recognition of their long history through the assignment of historically inaccurate priority dates would deepen the erosion of rights that Hispanic people have faced since American conquest.

Francis Levine makes all those eloquent remarks and then jumps into bed with Stanly Hordes and John Baxter. And the Great compromise continues.

Reference: Federal Civil Rules Handbook 2009

Balcon-Mckee, Jamsen Carr Thomsen West 2008

Rule 53 Masters (f) Action on the Master's Order, Report, or recommendations. (1) Opportunity for a hearing; Action in General. In acting on a master's Order, Report, or Recommendations, the Court must give the parties notice and an opportunity to be heard; may receive evidence and may adopt or affirm, modify, wholly or partly, reject or reverse, or resubmit to the master with instructions.

IS LEGACY IMPORTANT? HISTORY? JUSTICE? FACT? TRUTH?

YOUR HONOR, PLEASE MODIFY SPECIAL MASTER VICKIE GABIN'S REPORT AND ASSIGN THE ACEQUIA de CHAMITA IT'S ESTABLISHMENT DATE OF AUGUST 11, 1598, ACCORDING TO THE EVIDENCE WE PUT ON THE OTHER SIDE OF THE WOMAN'S SCALE.

Respectfully submitted by defendant David Ortiz

_David Ortiz_
(Signature of Defendant)
David Ortiz, Commissioner/Treasurer,
Acequia de Chamita

DAVID ORTIZ
(Printed name of Defendant)

PO BOX 1082
(Street address or P.O. Box)

SAN JUAN PUEBLO
(City, State and Zip Code)  N.M 87566

MAP 22
TRACT 17
SUBFILE 267

David Ortiz
PO Box 1082
San Juan Pblo, NM 87566

**RECEIVED AT SANTA FE**

SEP 0 2 2010

MATTHEW J. DYKMAN
CLERK

Office of the Clerk
United States District Court
106 South Federal Place
Santa Fe, New Mexico 87501

