IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

               Plaintiff,

    vs.

ROMAN ARAGON, *et al.,*

             Defendants.

69cv07941-BB

RIO CHAMA STREAM SYSTEM

Section 1, Chama Mainstream

## STATE OF NEW MEXICO'S RESPONSE TO
## DAVID ORTIZ' SEPTEMBER 8, 2010 MOTION TO RECONSIDER
## AND REVIEW THE EVIDENCE, TO MODIFY IN PART AND
## THE OPPORTUNITY TO BE HEARD (DOC. 9951)

The State of New Mexico, *ex rel.* State Engineer ("State") by and through its undersigned counsel files this Response to the September 8, 2010 *Motion to Reconsider and Review the Evidence, to Modify in Part and the Opportunity to be Heard* by David Ortiz (Doc. 9951) ("Motion").  The Motion should be denied.

The State incorporates by reference the States's September 7, 2010 Response (Doc. 9950) to the Motion for Reconsideration by David Ortiz filed on September 2, 2010 (Doc. 9949).

In further argument in support of his request to the Court to reconsider its June 25, 2010, ruling (Doc. 9910) that limits its review of objections to the Special Master's Report and Recommendations filed December 16, 2009, Ortiz now states that no one on the Acequia de Chamita Commission received a copy of the Special Master's Report until January 26, 2010, after they "found out about it by 'accident' at a Stockman's meeting in Taos."  (Motion at 2).  Ortiz appears to argue that the Commission should have been directly served with a copy of the Report.  The Commission

is represented in these proceedings by its legal counsel, Mr. Fred Waltz.  Service on a party

represented by an attorney is made on that party's attorney unless the court orders service upon the

party.  Fed. R. Civ. P. 5(b)(1).  It was not required that the Special Master send a copy of the Report

directly to the Commission since its attorney of record was electronically served with a copy of the

Report at the time it was filed with the Court on December 16, 2009.

Mr. Ortiz' other arguments in support of the motion for reconsideration are difficult to follow.

In addition to the offensive personal attacks upon attorney Fred Waltz, Dr. Stanley Hordes, Dr. John

Baxter and Dr. Frances Levine,[1] Ortiz seems to assert that certain information or documents now in

his possession are newly discovered evidence and that he and others have been diligent in the discovery

of this evidence. (Motion at 3).  Along these lines, Ortiz has attached to his motion a copy of a

historical abstract prepared by Stanley Hordes in 1992 (*Historical Abstracts of Acequias Along the*

*Lower Rio Chama*, Stanley M. Hordes Ph.D., August 21, 1992) ("Abstract").  Ortiz apparently asserts

that this is newly discovered evidence supporting his request for reconsideration of the Court's June

25, 2010 ruling.[2]

The Abstract prepared by Dr. Hordes in 1992 cited above states that the information and

sources pertaining to the dating of the ditches that are described in the Abstract were found "primarily

in records at the New Mexico Records Center and Archives" . . . and "[o]ther pertinent records

---

[1]    The State will not repeat the statements made by Ortiz.  The statements and insinuations are in fact more than just offensive.  They amount to degrading slurs on the character and professionalism of the individuals involved.

[2]    Mr. Ortiz did not submit a full copy of the Abstract prepared by Dr. Hordes, only selected pages.  Those portions of the Abstract setting out the conclusions and recommendations of Dr. Hordes with respect to the priority dates suggested by the documentation were not included with the Motion.  *See* Abstract at 2.

includ[ing] proceedings of the Pueblo Lands Board, and cartographic records at the Bureau of Land Management, U.S. Forest Service, and University of New Mexico." (Abstract at 2). Thus, it is apparent from the text of the Abstract itself that all of the documents and data cited in the Abstract were readily available at the time of the hearings in 1996. In terms of information that might bear directly on the question of when the Acequia de Chamita was established, the Abstract cites a document prepared in 1612 by Fray Juan de Torquemada. The existence of this document was also well known at the time of the hearings. The document was in fact discussed and quoted by both Dr. Hordes and Dr. Baxter in their respective historical reports that were submitted to the Court. *See* Acequias' Exhibit E, *Irrigation at the Confluence of the Río Grande and Río Chama: The Acequias de Chamita, Salazar and Hernandez, 1600-1680,* Stanley M. Hordes, Ph.D.*,* June 24, 1996, pp. 2-3; *see also* State's Exhibit 15, *Irrigation in the Chama Valley*, John O. Baxter Ph.D., March 31, 1994, pp. 2-4. The Torquemada document and all of the other historical documents cited in the 1992 Abstract are not newly discovered evidence.

In sum, the historical sources to which Ortiz cites in support of his claim of a priority date of August 11, 1598, were all readily available at the time of the 1996 hearings before Special Master Gabin. There is no newly discovered evidence. On the basis of their examination of this historical documentation, both Dr. Hordes and Dr. Baxter came to the conclusion that the Acequia de Chamita was established in 1600 when the colony moved from the east side of the Rio Grande at San Juan Pueblo to San Gabriel de Yunque on the west side of the river. Based on their agreement on this point, the State and all three ditches (Chamita, Salazar and Hernandez) entered into a stipulation stating, in pertinent part, that (1) the Oñate expedition arrived at San Juan Pueblo on July 11, 1598 and with the assistance of 1,500 Pueblo Indians initiated a project to build an acequia on the east bank

of the Rio Grande; (2) in 1600 the settlers moved to a new settlement across the Rio Grande to a location directly west of the Pueblo of San Juan, north of the Rio Chama, at the partially abandoned Pueblo of Yuque-Yunque, which the Spanish authorities named "San Gabriel." *See* Acequias' Exhibit A. This Stipulation was adopted by the Court prior to the hearings before the Special Master in 1996. *See Order Adopting Stipulation* filed November 17, 1995 (Doc. 4380).

Because of the Stipulation cited above, and the fact that no other party who had filed an objection to the Court's Notice and Order to Show Cause came forward to claim a priority date other than 1600, the question of whether or not the Acequia de Chamita was established in 1598 or 1600 was not an issue at the 1996 hearings.  In his opening statement attorney Fred Waltz stated that the Acequia de Chamita should have a priority date of 1600.  Vol. I, pp. 10, 16. In response to a question from the Special Master asking what dates he was looking for Mr. Waltz responded: "1600 for Acequia de Chamita and at least – and we are asking for 1680 for Hernandez and Salazar."  Vol. I, p. 24.

There was very little testimony at the hearings in 1996 that described the movement of the colony to the new location on the west bank of the Rio Grande in 1600.  Neither historian described in detail the basis for their opinion that the ditch established in 1598 was at San Juan Pueblo on the east side of the Rio Grande and that irrigation was established at San Gabriel on the west side of the Rio Grande sometime later in 1600.  *See generally* Dr. John O. Baxter, Vol. I, pp. 36, 37, 128; Dr. Stanley M. Hordes, Vol. II, pp. 271, 271, 279.  Whether or not irrigation under the Acequia de Chamita was established as early as 1598 rather than 1600 as asserted by the Acequia de Chamita at the hearings was simply not a contested issue.  Consequently, there was no direct testimony on this point.

The State respectfully asserts that if the Court now allows Ortiz and others to introduce evidence said to support a claim to a 1598 priority date, the Court will be required to hear testimony from Dr. Hordes and Dr. Baxter in support of their stated conclusions that the ditch constructed by Oñate in 1598 was located on the east bank of the Rio Grande at San Juan Pueblo, and that the Acequia de Chamita ditch was established two years later when the colony moved across the Rio Grande to the new site at San Gabriel.  The State submits that the present evidentiary record upon which the Court might attempt to make a determination on this point is likely insufficient.  It consists only of the historical reports prepared by Drs. Baxter and Hordes and very brief and general testimony at the hearings describing the movement of the colony to the new location at San Gabriel on the east side of the Rio Grande in 1600.

The State believes that it will be significantly prejudiced should the Court reopen these proceedings to hear and determine the assertions made by Ortiz and others now claiming a 1598 priority date for the Acequia de Chamita.  The State points out that it has borne substantial expenses with respect to the contested priorities thus far.  In addition to the more typical expenses borne by a party to any litigation, the State has been responsible for 1/2 of the costs of the work of the Special Master, and 1/2 of the costs of the Court-appointed historian Dr. John Baxter.  Pursuant to the Acequia and Community Ditch Fund Act (NMSA 1978, § 73-2A-1 to 73-2A-3) the State has also supported the costs associated with the technical and legal consultants hired by the Rio Chama Acequia Association ("RCAA"), that is, attorney Fred Waltz, Dr. Stanley Hordes, and Dr. Frances Levine.  In the event additional evidentiary hearings are required, all of these individuals will likely be involved.  The State will be directly responsible for 1/2 of the costs associated with Special Master Gabin and Dr. John Baxter, and it can be anticipated that the RCAA would again apply to the State

of New Mexico for financial assistance with respect to the costs associated with its own consultants. The State of New Mexico's resources are not unlimited.  The State respectfully asserts that it would be significantly prejudiced by having to pay for the additional costs described above.[3]

The State also requests that the Court consider the potential impact on these proceedings in the event the Court grants Ortiz' motion for reconsideration.  The parties have waited well over a dozen years for the Special Master to make her Report and Recommendations on the disputed priority dates of the three ditches (Chamita, Salazar and Hernandez).  All potentially affected owners of water rights under these ditches were notified of the State's proposed priority date for their water rights (1714).  These individuals had a full and fair opportunity to file objections to the proposed priority date and appear at the hearings before the Special Master to present evidence in support of their claims.  None of the individuals who filed objections to the proposed date appeared at the hearings and claimed a 1598 priority date.  To allow persons now claiming a priority date of 1598 for water rights under the Acequia de Chamita to submit evidence in support of such a claim will effectively return the proceedings to the state of affairs that existed in 1996, over fourteen years ago.  Discovery, additional notice to the potentially affected owners of water rights under all three of the ditches, and the opportunity to present evidence by all of these persons on the newly claimed priority date of 1598 for the Chamita ditch may be required.  The State submits that much or all of the previous work in these proceedings on the priority dates for these ditches may be required to be repeated.

Although the Court clearly has the authority to revisit its prior decision and grant Ortiz' motion

---

[3]        The recent budgetary problems faced by the State of New Mexico have been widely reported.  The State of New Mexico experienced a 15.1 percent decrease in State revenue from 2008 to 2009, one of the highest percentage decreases nationally (47/50).  *See State Revenue Changes from 2008 to 2009,* Fiscal Fact No. 225, May 13, 2010, The Tax Foundation, Washington, DC.

for reconsideration, as a rule the Court "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice'." *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988).  In this case, the Court's initial decision to limits its review to the evidence presented to the Special Master in 1996 is well founded and certainly not erroneous.  All owners of water rights under the Acequia de Chamita had a full and fair opportunity to file objections to the State's proposed priority date for their water rights and appear at the hearings before the Special Master in 1996. There is no injustice in limiting the evidence to be reviewed to the evidence that was presented to the Special Master at the 1996 hearings.

The State respectfully requests that the Court deny the Motions for Reconsideration filed by Mr. Ortiz on September 2 and September 8, 2010.

Respectfully submitted,

 /s/ Ed Newville
EDWARD G.  NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444 phone
(505) 867-2299 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __23rd__ day of September, 2010 I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail, and served the following non-CM/ECF Participants in the manner indicated:

via first class mail, postage prepaid addressed as follows:

David Ortiz
P.O. Box 1082
San Juan Pueblo, NM 87566