IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.*<br>State Engineer<br><br>    Plaintiff,<br><br>    vs.<br><br>ROMAN ARAGON, *et al.,*<br><br>    Defendants. | 6:69cv07941-BB<br><br>RIO CHAMA STREAM SYSTEM<br><br>Section 7, Rito de Tierra Amarilla<br>Subfile Nos. CHTA-004-0037<br>              CHTA-004-0018 |

**MOTION TO ADOPT, IN PART, SPECIAL MASTER'S REPORT
RECOMMENDING DISMISSAL OF OBJECTIONS**

The plaintiff State of New Mexico, *ex rel.* State Engineer ("State") moves the Court to adopt, in part, the Special Master's Report Recommending Dismissal of Objections filed November 2, 2010 (Doc. 9975) ("Special Master's Report").

The State of New Mexico respectfully requests that the Court adopt the Special Master's recommendation to dismiss the objections filed by Lionnel E. Martinez II and Colomex Gas Co., Inc., based upon their failure to appear at the mandatory September 27, 2010, Pretrial Conference on objections and orders to show cause (*see* Doc. 9948). The State requests that the Court dismiss Mr. Martinez' objection without expressing an opinion on whether or not his untimely filed objection should also be considered grounds for the dismissal.

At the pretrial conference on September 27, 2010, the State pointed out that Mr. Martinez' objection was untimely only to alert the Court to this fact and to avoid a situation that might be interpreted as a waiver of the untimely filing by the State. It is unnecessary to address this issue in

order to rule on the State's request for dismissal of his objection, and the State requests that the Court not address the question.

In addition, the legal standard cited by the Special Master in her report with respect to a late filing appears to be incorrect. The Special Master cites *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486 (10th Cir. 1995) for the proposition that "where no bad faith has been shown, a court may allow a late [filing] where appropriate." Special Master's Report at 3. This statement suggests that it would be the State's burden to show bad faith on the part of Mr. Martinez. This is incorrect. *Panis* and other decisions recognize that a district court has discretion to permit a late filing of an answer if the defendant can show that the delay was caused by "excusable neglect." *Panis* at 1494. Significantly, this burden lies with Mr. Martinez, not the State.

The federal district court in the general adjudication of the water rights of the Rio Nambe, Rio Tesuque and Rio Pojoaque has recently addressed the question of the late filing of an objection in a very similar context to the one here; that is, an untimely objection to an order to show cause respecting the determination of priorities. *See State of New Mexico v. Aamodt*, N.M.D.C. No. 66-6639 MV/WPL, *Memorandum Opinion and Order* filed November 1, 2010 (Doc. 7134). The State believes this Opinion correctly states the legal standard to be applied.

> The determination of whether a failure to meet a deadline is "excusable" is at the bottom an equitable one, taking into account all of the circumstances, including: (1) the danger of prejudice to the other party; (2) length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *United States v. Natera*, 2006 WL 2949144 *2 (10th Cir.). These four factors do not carry equal weight: "fault in delay remains a very important–perhaps the most important single factor–in determining whether neglect is excusable." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

*Aamodt*, *Memorandum Opinion and Order* filed November 1, 2010 (Doc. 7134) at 4.

For the reasons stated above, the State respectfully requests that the Court not address the question of whether the untimely filing should be considered grounds for dismissal of Mr. Martinez' objection and not adopt Finding No. 2 of the Special Master's Report.  The State does not waive the untimely filing, but believes that the issue should be raised in a separate motion, if at all.

WHEREFORE, the plaintiff State of New Mexico requests the Court to adopt the Special Master's Report Recommending Dismissal of Objections filed November 2, 2010 (Doc. 9975) without adopting or approving Finding No. 2 for the reasons as described above.

        Respectfully submitted,

        /s/ Ed Newville
        EDWARD G.  NEWVILLE
        Special Assistant Attorney General
        Office of State Engineer
        P.O. Box 25102
        Santa Fe, NM 87504-5102
        (505) 867-7444 telephone
        (505) 867-2299 facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the __9th__ day of November 2010, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail, and served the following non-CM-ECF participants in the manner indicated:

via first class mail, postage prepaid addressed as follows:

Lionel E. Martinez, II
P.O. Box 114
Chama, NM 87520

Comex Oil and Gas Co., Inc.
P.O. Box 1147
Taos, NM 87571

        /s/ Ed Newville
        EDWARD G.  NEWVILLE