IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

   v.                                                                  69cv07941 BB
                                                                                  Rio Chama Adjudication

RAMON ARAGON, *et al.*,

      Defendants.

## ORDER

**THIS MATTER** comes before the Court on the State of New Mexico's Motion to Reconsider Directive in Memorandum Opinion and Order Filed April 28, 2010, for Service of Additional Notices and Orders to Show Cause (Doc. No. 9710, filed May 5, 2010). For the reasons stated below, the Court will **GRANT** the Motion and **REMAND** this matter to the Special Master.

On February 25, 2010, the State of New Mexico filed a motion (Doc. No. 9606) asking the Court to limit its consideration of objections to the Special Master's Report of December 16, 2009, to those filed by Parties subject to the Pretrial Order on Mainstream Priorities filed March 25, 1996. The Court granted the State's Motion, noted that the Court's Data Manager reported that the owners of approximately five subfiles had not been served with Notices and Orders to Show Cause, and directed the Special Master to serve those owners. (*See* Memorandum Opinion and Order at 4, Doc. No. 9700, filed April 28, 2010).

The State asks the Court to vacate that portion of its Order that directs the Special Master to serve Notices and Orders to Show Cause on those five owners that were not previously served. In support of its Motion, the State points out that it is not aware of the identity of the persons that were purportedly not served and contends that it should have the opportunity to check whether those

persons were served.  (*See* Motion at 2).  The State also contends that whether or not those persons were served by mail, they received notice by publication of the Court's Notice and Order to Show Cause.  (*See id.* at 3).  Finally, the State argues that "under some circumstances, clear proof of actual notice may be accepted as the equivalent of formal notice."  (*Id.*; *citing* 2d and 3d Cir. cases).

The Court is not persuaded, at this time, that those persons should not be served with Notices and Orders to Show Cause.  The State asserts that those persons were effectively served by publication.  However, where names and addresses of those affected by a proceeding are available, notice by publication may not satisfy the due process requirement of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections  *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-318 (1950).

The Special Master shall file a notice identifying the subfile numbers for those cases where orders to show cause were not served on the subfile owners.  The State will have twenty-one days after entry of the notice to show cause why the owners of those subfiles should not be served with orders to show cause.  The Special Master's notice and the State's brief shall be served on the owners of those subfiles who will have fourteen days to file a response to the State's brief.  The State will have fourteen days to file a reply.  The Special Master shall then file a report with a recommendation regarding service of the orders to show cause.

**IT IS SO ORDERED.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**CHIEF UNITED STATES DISTRICT JUDGE**