IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer | |
| Plaintiff, | 69cv07941-BB |
| vs. | RIO CHAMA STREAM SYSTEM |
| ROMAN ARAGON, *et al.,* | Section 1, Chama Mainstream |
| Defendants. | |

**STATE OF NEW MEXICO'S RESPONSE TO
NOTICE AND ORDER TO SHOW CAUSE
DATED NOVEMBER 29, 2010**

The Plaintiff State of New Mexico, *ex rel.* State Engineer ("State"), by and through its undersigned counsel, submits this response to the November 29, 2010, Notice and Order by Special Master Gabin (Doc. No. 9983) ("Notice and Order"). The Notice and Order directs the State to show cause why the owners of certain subfiles should not be served with orders to show cause regarding the priority dates for their water rights. The Notice and Order states that orders to show cause were not served on the water rights owners associated with the following subfiles (specific individuals by name were not identified):

| Subfile | Map & Tract | Ditch Name |
|---|---|---|
| 287 | 20.2A | Acequia de Chamita |
| 152 | 21.15 | Acequia de Hernandez |
| 267 | 22.17 | Acequia de Chamita |
| 194 | 23.22 | Acequia de Hernandez |
| 194 | 23.22A | Acequia de Hernandez |

The State has made a detailed review of its records for the 1994 Show Cause proceedings on mainstream priorities, including a review of its correspondence with Court staff in addition to documents that were filed with the Court. After reviewing these materials, the State agrees that the owners of the water rights associated with the map and tract numbers described above (Tracts 20.2A, 21.15, 22.17, 23.22 and 23.22A) were not served with a Notice and Order to Show Cause ("OSC") in 1994 that described or referenced these specific five tracts of land. The State believes that this action was intentional on the part of the Court, the Court's database manager and the State rather than the result of an oversight or error. It appears that the Court and the State anticipated generating several additional OSC that would make specific reference to these five tracts of land (by map and tract number) only after errors or omissions in several subfile orders were corrected in the Court record. These problems were identified by the Court's data manager in 1994 and were to be corrected in an errors and omissions process prior to issuing an OSC that described the five tracts.

The corrections to the subfile orders did not take place prior to the hearings before the Special Master in 1996, and the corrections and planned service of the additional OSC are still required. The priority dates for the water rights on these five tracts were therefore not subject to the 1994 Show Cause proceedings. For these reasons, the State agrees that the owners of the water rights for these five tracts of land (the current owners, whoever those persons might be) should be served with an OSC that makes specific reference to the five tracts with a proposed priority date for the water rights appurtenant to those tracts. The OSC would by necessity propose a priority date other than the one originally proposed by the State (1714).

With respect to any objection to the priority date to be proposed by the State after service of the additional OSC, the State believes that those objections should be resolved in a proceeding limited

to the State and the persons served with the additional OSC that file objections to those OSC, with the usual provisions for discovery, exchange of exhibits and reports, and the filing of pretrial motions. The State does not believe that claims with respect to the priorities of the water rights for these five tracts (and newly offered evidence and assertions by David Ortiz and others) should be somehow folded into the 1994 Show Cause proceedings that were the subject of the Special Master's report filed December 16, 2009 (Doc. No. 9546). Parties that were served with an OSC in 1994 and who were made a party to those proceedings, who participated at the 1996 hearings or who had the obligation to raise their claims at those hearings, should be held to the evidence offered and the positions that were taken at those hearings. For this reason, the State believes that proceedings to resolve any objections to the priorities to be proposed by the State in additional OSC should be conducted separately, and involve only the State and persons served with those orders.

Also, the proceedings and service of additional OSC should commence only after the formal correction of the errors identified in the subfiles orders described above. This appears to have been the original intent or plan of the Court and the State's attorneys in 1994 when those errors were first identified. In addition, the owners of the five tracts of land identified above should not be allowed to litigate a claim of ditch-wide priorities, or the priorities of water rights on tracts of land other than on the ones that they own that will be described in the additional OSC. The findings and recommendations by the Special Master in her December 2009 report on the 1994 Show Cause proceedings, however, and any subsequent order of the Court in its review of that report, should have no preclusive effect on their claims with respect to those five tracts.

A review of the 1994 Show Cause proceedings, problems then identified in certain individual subfile orders, and additional discussion of the points raised above follow.

<u>Review of the procedures that were used in 1994 to identify and serve the owners of lands irrigated by ditches in the lower Rio Chama.</u>

Under the procedural order entered July 8, 1994, the State was required to serve an OSC on each defendant water right owner, setting forth priority dates for such water rights, no later than 90 days after the completion of a report by the Court's expert detailing the history of water use within the Chama Mainstream Section. *See Amended Order on the Adjudication of Water Right Priorities* at 2 (Doc. No. 3496, filed July 8, 1994). This task entailed the review and organization of approximately 700 individual subfile orders that had been entered in the state district court about 30 years earlier, many of which contained clerical errors, missing information, inconsistencies and other problems. The State worked closely with the Court's data manager to make sense of this information and to comply with the Court's scheduling order. The data manager for the Court at this time was Judy Stoft d/b/a Hydro Logic. Ms. Stoft and her staff took primary responsibility for correlating information contained in individual subfile orders to hydrographic survey map information, and for the identification of current owners of the tracts and obtaining addresses for those persons as well. A description of the problems they encountered can be reviewed in the letters from Ms. Stoft to Patrick Simpson, counsel for the State, attached hereto as Exhibits A , B and C.

Under the procedures decided upon by the Court's Adjudication Staff Attorney, Darcy Bushnell, and the Court's data manager, all of the OSC and associated mailing labels were to be produced by Ms. Stoft using the information collected in her database. (Exhibit D). On September 28, 1994, Ms. Stoft notified the State that she would be holding back OSC for about three dozen tracts of land for a number of reasons including a lack of map and tract information, and in situations where tracts were not adjudicated on individual subfile orders. (Exhibit. C).

On October 7, 1994, the State requested that the Court extend the deadline for the completion of the service of the OSC, and (based on the information received from Ms. Stoft) listed a number of subfiles and tracts for which additional information was required before an OSC should be served on the defendants so affected. All five tracts of land recently identified in the Special Master's Notice and Order were included in this list of problematic subfiles and tracts. *See New Mexico's Motion for Amendment of Order on Adjudication of Water Right Priorities* at 6-8 (Doc. No. 3225, filed October 7, 1994). Among other problems, the State's motion noted that there was insufficient information available to provide the necessary map and tract information for Subfile 267 (Alfredo M. Salazar, Jr., 15.12 acres) and Subfile 287 (Cidelia Martinz, 2.00 acres). The State also reported that certain tracts (including Tracts 20.2A, 21.15, 22.17, 23.22 and 23.22A) were not reflected in ditch orders or in individual subfile orders, although such tracts were included on hydrographic survey maps for the mainstream section. (Motion at 6-8).

By Order dated October 21, 1994, the Court granted the State's motion for extension of time and ordered the State to file a status report regarding progress in resolving errors, inconsistencies and omissions as set forth in the State's motion, together with a proposal for procedures and deadlines for future action. (Doc. No. 3956). Thereafter, the State filed a motion for additional time to develop an errors and omissions policy and to submit a status report to the Court regarding its progress. (Doc. No. 3968, filed November 11, 1994). The State later filed a short status report noting that it required an additional 30 days to adopt an errors and omissions correction policy. (Doc. No. 3969, filed November 28, 1994). An additional status report filed on January 5, 1995, included a proposal for a lengthy framework for the correction of probable errors identified by both the Court's data manager

Judy Stoft and by Fred Waltz, the attorney for the Rio Chama Acequia Association.[1] (Doc. No. 3988, filed January 5, 1995). Thereafter, counsel for the parties, the Court's data manager and the Special Master met in two informal working sessions to reach an agreement on standardizing procedures for correcting both clerical and substantive errors in existing subfile orders. (Doc. No. 4051, filed August 24, 1995). Based on these discussions, the Court entered an order on February 23, 1995, that adopted a formal procedure for correcting and amending individual subfile orders. (Doc. No. 4000).

Despite the framework that was then established for correcting errors in individual subfile orders, no related motions or orders making the required corrections appear to have been prepared or submitted to the Court for approval. In September of 1995, counsel for the State stated in a status report that the personnel from the hydrographic survey division that had been working on this matter had been reassigned, and that there was no indication who would undertake this work or whether there would be any person so assigned (Doc. No. 4075, filed September 29, 1995).

Errors and omissions issues in existing individual subfile orders in the Chama Mainstream Section have been left unresolved until the present time. It appears that hydrographic survey staff assigned to work on the Rio Chama adjudication focused their work on completing hydrographic survey reports for the remainder of the Rio Chama Stream System (Sections 3, 5 and 7), tasks that the Court in 1995 had ordered to be completed no later than June 30, 2000. (Doc. No. 4044, filed July 25, 1995). In 2002, after discussion with interested counsel on the priorities of the Court with respect to multiple Northern New Mexico adjudications, and the myriad of unresolved tasks in the Rio Chama adjudication, the Court entered an order making the resolution of errors and omission in the Chama

---

[1] The Court's data manager and the Acequias had each identified approximately 100 errors or omissions in the hydrographic survey or in individual subfile orders in the Chama Mainstream Section. (Doc. Nos. 3518 and 3520).

Mainstream Section a second priority task. *See Administrative Order on Case Management Priorities* (Doc. No. 6863, filed September 10, 2002); *see also* Doc. No. 7523, filed July 16, 2004 (same); Doc. No. 8384, September 22, 2006 (same); Doc. No. 8732, filed July 16, 2007 (same). The undersigned counsel for the State, who has represented the State of New Mexico in this adjudication since early 2000, was not aware of the unresolved problems in the individual subfile orders for the Chama Mainstream Section in relation to the 1994 Show Cause proceedings until the present time.

Future proceedings.

The State proposes to review the individual subfile orders at issue here in Subfiles 152, 194, 267 and 287 and, as soon as possible, take whatever steps are necessary to correct any errors or omissions in those orders. This work will require the determination of the current owners of the tracts involved (and possible substitution of parties) since the ownership of these tracts likely may have changed since 1994. Following these corrections, the State believes it will be in a position to request approval of an OSC to be served on the current owners of the tracts, an order that makes specific reference to each of the five tracts by map and tract number consistent with the format and procedures used in the 1994 Show Cause proceedings. *See, e.g.,* Exhibit E attached hereto (Notice and Order to Show Cause to Tony Consavage and Joe Maestas, re priority of water rights in Subfile 152, Map 21, Tract 13) (Doc. No.3579, filed October 12, 1994).

The State believes that the persons to be served with additional OSC describing the five tracts of land identified in the Special Master's Notice and Order (Tracts 20.2A, 21.15, 22.17, 23.22 and 23.22A) should only be allowed to contest the priority date offered by the State for water rights appurtenant to these five particular tracts. It should be noted that the form of each OSC that was sent to individual subfile defendants in 1994 was tract-specific. There was no statement in the OSC that the

determination of priorities would be made on a ditch-wide basis. Each defendant was notified that "the Court has entered an order requiring you to show if you disagree with the priority date <u>for your water right</u>." (Exhibit E) (emphasis added). Parties that participated in the proceedings to resolve objections before the Special Master in 1996 should be held to the stipulations and positions that they advanced in those proceedings. Persons that were served with OSC in 1994 and that were made parties to those proceedings but failed to file an objection to the priorities proposed by the State for the tracts described in those orders should also be bound by the outcome of those proceedings.

The State has previously requested that the Court adopt, in part, the Special Master's recommendation that 1600 is an appropriate priority date for the Acequias de Chamita, Hernandez and Salazares. (Doc. No. 9597, filed February 20, 2010). Because Mr. Ortiz and others were not served with an OSC that made specific reference to the five tracts at issue here, the State will prepare and serve additional OSC on these persons that will propose a priority of 1600 for the water rights appurtenant to those tracts.[2] Mr. Ortiz and other persons that file objections should not be limited to the evidence that was introduced at the 1996 hearings, and may rely upon any relevant evidence in support of their claims. However, the State believes that objections filed by these persons should be resolved in a separate Show Cause proceeding. The State does not see how those objections can be considered in the context of the objections made to the 2009 Special Master's report without reopening the 1994 Show Cause proceedings to allow the parties that participated in the 1996 hearings to possibly change the positions that they advanced at those hearings. Assuming the Court will address any objections filed by Mr. Ortiz and others to the additional OSC in a separate proceeding limited to the

---

[2] The State has examined documents provided by Mr. Ortiz, including a change of ownership form and deed filed with the Office of the State Engineer, and agrees that he is the owner of Tract 22.17 under the Acequia de Chamita. He acquired this tract of land in 1976.

State and those parties, the State in its renewed motion to adopt, in part, the 2009 Special Master's report will specify that the scope of its request applies only to tracts under the Acequias de Chamita, Hernandez and Salazares <u>other</u> than the five tracts at issue here (Tracts 20.2A, 21.15, 22.17, 23.22 and 23.22A). The State acknowledges that the owners of the five tracts, and certainly Mr. Ortiz, may claim a priority date earlier than 1600. However, State law does not designate a specific procedure for the determination of priorities, and there is no legal barrier to a determination of priorities on a tract-specific basis. In addition, there is precedent for a more tract-specific approach in this same case with respect to the determination of the water rights of Ohkay Owingeh for its own irrigated lands under the Chamita ditch.

On December 7, 1994, the United States of America and San Juan Pueblo (now known as Ohkay Owingeh) filed a motion to vacate or to stay the OSC on priorities that was served on the Pueblo concerning its water rights under the Chamita ditch (Tract 24.2, ), pending additional work by the Pueblo to support its claims. *See Motion to Vacate or to Stay Order to Show Cause on Priority Date by Intervenors, United States of America and Pueblo of San Juan* (Doc. No. 3975); *see also* Doc. No. 3981, filed December 13, 1994. The State did not oppose the motion. The motion noted that the counsel for the State (Patrick Simpson) had represented that "there are several individual subfiles which are receiving special attention and that this one can be added to the others without creating any harm." (Doc. No. 3975 at 2-3). This indicates that the State and the Court were well aware in 1994 that OSC in certain subfiles were being held back and intentionally not served at that time. The determination of priorities on those tracts (including tracts owned by San Juan Pueblo) would be addressed at a later point in time in a separate proceeding. Significantly, San Juan Pueblo was not subsequently involved in the hearings before the Special Master in 1996. Thus, the Pueblo may take any position with respect

to the determination of the priorities of its water rights under the Chamita ditch, and also protest the determination of priorities of the water rights of any other party owning lands under that ditch during the *inter se* phase of these proceedings.

For the reasons discussed above, in the interests of judicial economy and concluding this matter in the foreseeable future, the State believes that proceedings to resolve the priority date claims for the five tracts at issue here should be conducted separately from the review of the 2009 Special Master's Report, and only involve the State and the owners of those tracts who may file objections to the additional OSC. Parties to the evidentiary hearings before the Special Master in 1996 (including the Acequias de Chamita, Hernandez and Salazares) should be held to the stipulations and positions they advanced at those hearings. All parties will have the opportunity to file objections to the Court's determination of the priorities of other water rights owners at the *inter se* phase of these proceedings. The State submits that, under the circumstances here, the above approach is a reasonable and practical approach to the determination of priorities for tracts irrigated by the Chamita, Hernandez and Salazares ditches.

    Respectfully submitted,

      /s/ Ed Newville
    EDWARD G. NEWVILLE
    Special Assistant Attorney General
    Office of State Engineer
    P.O. Box 25102
    Santa Fe, NM 87504-5102
    (505) 867-7444 telephone
    (505) 867-2299 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __2nd__ day of February 2011, I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail, and served the following non-CM-ECF participants in the manner indicated:

via first class mail, postage prepaid addressed as follows:

Sara Montoya
Box 265 Chamita Rt. 2
San Juan Pueblo, NM 87566

David Ortiz
P.O. Box 1082
San Juan Pueblo, NM 87566

Tony Consavage
P.O. Box 73
Hernandez, NM 87537

Joe Maestas
General Delivery
Hernandez, NM 87537

Ben Serna
P.O. Box 513
Española, NM 87532

Jane Serna
P.O. Box 482
Española, NM 87532

Leo Serna, Jr.
P.O. Box 482
Española, NM 87532

Pedro Serna
P.O. Box 482
Española, NM 87532

Pilar Serna
P.O. Box 513
Española, NM 87532

Pursuant to the Notice and Order filed November 29, 2010, the persons named above were also served with a copy Order filed November 16, 2010 (Doc. No. 9979) and the Notice and Order filed November 29, 2010 (Doc. No.9983).

        /s/ Ed Newville
EDWARD G. NEWVILLE