

August 11, 1994

Patrick Simpson
Legal Division
State Engineer Office
P.O. Box 25102
Santa Fe, NM 87504-5102

RE: <u>State v. Aragon</u> (Chama Adjudication - Main Stem)

Dear Mr. Simpson:

I enclose information regarding 87 subfiles for which I do not anticipate generating Notices of Order To Show Cause until the problems related in the three cases below are resolved (see enclosures).

**CASE 1**   These subfiles were included on Ditch Agreements filed with the Court, and they have been located on the hydrographic survey maps. There is, however, no reference to these subfiles in the docket, and we have been unable to locate subfile orders for them. Could you please check your files to see if you have file stamped copies of these orders. If so, could I get a copy for our records, and one for the Court file. If these subfiles have not been adjudicated, then I imagine you will want to exclude them from the current priority date adjudication process, have the Hydrographic Survey Section re-check them, and adjudicate them in their entirety through a normal Offer of Judgment/Order process.

**CASE 2**   This is exactly the same case as above, except that references to subfile orders were found in the docket.

**CASE 3**   These are tracts found on the maps for which we have no documentation whatsoever. In some cases, there may be a reason why they were not adjudicated. Could you again check your records, and let me know what you discover.

I have some additional questions.

Many subfile orders state a subfile number but no map or tract numbers. If one examines the Ditch Agreement filed with the Court, however, one finds the subfile number associated with

Letter to Mr. Simpson
August 11, 1994
Page 2

a map-tract combination, and with the correct acreage. I have incorporated the map and tract numbers from the Ditch Agreements into the database, and intend to use them in the Notices of Order to Show Cause. Please inform me if there is a problem with this.

Yet another group of subfile orders list multiple subfile numbers and multiple map and tract numbers. In these cases, it is impossible to determine which subfile numbers correspond to which map and tract combinations. For example: Subfiles 384, 385, 386, and 387 appear on the same order. The order adjudicates map 14 tracts 2, 3, 4, 5A, and 5B. In this case, I plan to reflect all four subfile numbers in association with each map-tract combination on the Notice of Order to Show Cause. Please inform me if there is a problem with this.

To complicate matters, when one refers to the Ditch Agreement for the above example, one finds the following: Subfile numbers 384, 385, 386, 387, and ### correspond to map 14, tracts 2, 3, 4, 5A, and 5B. In cases where the Ditch Agreement is in disagreement with the Subfile Order, which should take precedence? Should we hold these cases back until we can divine the truth? Please advise.

Ah yes, the Martinez y Duranes Ditch which, incidently, is shown on the map as Martinez and Duranes Ditch, and on some individual subfile orders, come to find out, as Martinez & Duranes Ditch, presents us with yet another twist. There are two separate Ditch Agreements filed with the Court, one for the "Martinez Ditch (Formerly part of Martinez y Duranes Ditch)," and the other for "Duranes Ditch (Formerly part of Martinez y Duranes Ditch." There is no Ditch Agreement for the Martinez y Duranes Ditch.

The tracts listed on the Martinez Ditch Agreement are all located on maps 11 and 12. The tracts listed on the Duranes Ditch Agreement include map 12, tracts 15 and 16, and those tracts located on maps 13, 14, and 15. As it is all the same ditch, I have no idea why the distinction was made. It presents a problem in that there is another Martinez Ditch which irrigates lands on map 10.
What are we going to call this ditch?

Thank you for your assistance. Please don't hesitate to call if I can provide you with further information. I look forward to hearing from you.

Sincerely,

*Judy K. Stoft*

Judy K. Stoft

cc w/ enclosures:  Special Master Vickie L. Gabin
                   Darcy S. Bushnell, Esq.