IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO on the<br>relation of State Engineer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 69cv07941-BB |
| -v- | ) | |
| | ) | RIO CHAMA STREAM SYSTEM |
| ROMAN ARAGON et al., | ) | |
| | ) | Mainstream Section |
| Defendants. | ) | Ohkay Owingeh |
| | ) | |

SPECIAL MASTER REPORT
RECOMMENDING FURTHER PROCEEDINGS

To:  The Honorable Bruce D. Black          From:  Vickie L. Gabin
      Chief Judge                                          Special Master

This report recommends future proceedings for completing the litigation of priority dates in the Mainstream Section.

THIS MATTER is before the Special Master on remand from the Court, and concerns the responses to the Master's Notice and Order to Show Cause ("OSC," November 29, 2010, Docket No. 9983):  State of New Mexico's Response to Notice and Order to Show Cause Dated November 29, 2010 (February 2, 2011, No. 9997); Response to the State filed by Defendant David Ortiz (February 14, 2011, No. 10,001); and State of New Mexico's Reply (February 17, 2011, No. 10,002).  See, Order, November 16, 2010 (Docket No. 9979).

Background

The Court's November 16, 2010, Order and remand represents one chapter in the continuing litigation of priority dates in the Mainstream Section of the Rio Chama Stream System, the details of which need not be recited here.   This specific matter began with the State of New Mexico's Motion (February 25, 2010, No. 9606) requesting the Court to limit its consideration of objections

to the Special Master's Report of December 16, 2009, to the objections filed by parties subject to the original 1996 pretrial order.   The Court granted the State's Motion, and directed the Special Master to serve the owners of water rights associated with five subfiles who had not been served with the original Notices and Orders to Show Cause.   Memorandum Opinion and Order, filed April 28, 2010, No. 9700.   The State then moved the Court to reconsider that directive for a number of reasons:  the State was unaware of the identity of those water rights owners holders and wanted the opportunity to investigate whether they were in fact served; whether or not the water rights owners were served by mail, they were served by publication [and thus sufficient]; and that proof of actual notice (rather than formal notice) was sufficient under the circumstances.  *See*, Motion to Reconsider Directive in Memorandum Opinion and Order (May 5, 2010, No. 9710).   The Court granted the State's Motion, and remanded this matter to me to file a notice identifying subfile numbers for cases where orders to show cause had not been served on the owners of the water rights identified in the original action.   Order, November 16, 2010 (No. 9979).   I did so; *see* Notice and Order filed November 29, 2010 (No. 9983).   The Court then gave the State and the subfile owners the opportunity to brief whether show cause orders should or should not be served on the water rights owners, and instructed me to recommend further proceedings.

Discussion

The State's Response makes clear that the State agrees that the owners of the water rights identified in the November 29 Notice and Order were not served with orders to show cause in 1994, and that the current owners should now be given an opportunity to object to the priorities proposed

for their rights.  State Response at 2.[1]     Mr. David Ortiz is one of those current owners.   Ortiz Response at 1-2, State Response at 8.  The State advances a number of proposals regarding future proceedings:

a.  proceedings to resolve the priority date claims for the five tracts identified on p. 1 of this Report should be conducted separately from the review of the 2009 Special Master's Report.  State's Response at 10.

b.  the State should review the individual subfile orders, identifying the current owners of the five tracts, and correcting any errors in the subfile orders.  Response at 7.

c.  the State will request approval of a tract-specific OSC to be served on the current owners. Response at 7.    The OSCs will propose a priority of 1600, the date of the Special Master's recommendations.  Response at 8.

d.  while the parties which participated in the 1994 priority hearings are bound by their stipulations and the positions they advanced at those hearings, the owners of the five tracts who object to the OSCs  may introduce additional evidence to support their positions of priorities earlier than 1600.  Response at 8-10.   Any objections will result in hearings involving only the State and the owners of the tracts.

e.  Ohkay Owingeh (formerly San Juan Pueblo) owns water rights for Tract 24.2 under the Chamita Ditch.   The United States of America and the Pueblo moved to vacate or stay the OSC proceedings for its rights, pending additional work by the Pueblo to support its claims.   Motion to Vacate or to Stay Order to Show Cause on Priority Date by Intervenors, United States of America

---

[1]  At pp. 4 - 7 of the Response, the State details in detail the events and decisions of 1994 - 1995 which led to the current circumstances.  In summary, errors and/or omissions were identified in the individual consent orders associated with these water rights; these orders were set aside for further work, and fell through the cracks.

and Pueblo of San Juan (December 7, 1994, No. 3975; December 13, 1994, No. 3981).  Response at 9.  The State does not indicate whether it believes Ohkay Owingeh's tract should be included in its proposed future proceedings.

Mr. Ortiz's Response urges the Court to modify the Special Master's recommended priority date of 1600 for the Acequia de Chamita.   Ortiz Response at 2-3.  Referring to a recent Watermaster's Report (attached to the Response), Mr. Ortiz further states that "the application of a priority date is to the Acequias only and not to an individual sub-file."

The scope of the Court's remand is narrow, and is distinct from the substantive issues and objections raised regarding the 2009 Special Master Report.   Accordingly, I do not consider Mr. Ortiz's arguments on the first point.  As to the second, Mr. Ortiz seems to suggest that in any show cause hearing, as a Commissioner of the Acequia de Chamita he will be introducing evidence regarding the acequia generally.   New Mexico law is clear that the priority of a water right is one element of that right, NMSA 1978, §72-4-19, and that the right to appropriate and beneficially use water is a right exercised to an individual, *Snow v. Abalos*, 18 N.M. 681, 695, 140 P. 1044 (1914).  The previous priority proceedings, and any future proceedings must be tract-specific.

<u>Recommendations</u>

1.  The State's proposals (a) through (d), above should be adopted and incorporated into a scheduling order.   The State should be granted 90 days in which to identify current owners of the tracts in questions and correct any errors in existing subfile orders.  Thirty days after that work has been completed, the State should initiate show cause proceedings with the current owners, allowing 30 days for objections.   The Court would then set a pretrial conference for any timely objections to the offered priority date.

2.     Whether Ohkay Owingeh's water rights for Tract 24.2 under the Chamita Ditch should be included in the future OSC proceedings described above cannot be conclusively determined from the record.  I have reviewed the Motion to Vacate or Stay cited above at p. 3, the Statement of Claims by Pueblo of San Juan (September 4, 1996, No. 5474) the United States' Statement of Claim for Water Rights of the San Juan Pueblo (March 4, 1997, No. 5612), the United States' Subproceeding Complaint (March 30, 2007, No. 8609) and the Subproceeding Complaint of Ohkay Owingeh (April 30, 2007, No. 8634), and have been unable to conclude whether Ohkay Owingeh's water rights claims for this tract are federal-law based rights, or state-law based rights.  If the latter, the Pueblo should participate in the OSC proceedings.

Because Ohkay Owingeh has not been involved in the current priority proceedings thus far, the United States and the Pueblo should be ordered to submit a status report to the Court within 30 days which  identifies the legal basis for the water rights claim associated with Tract 24.2 under the Chamita Ditch.  If the water rights claim is a state law-based claim, the status report should describe the work which will be required to support the claim and the date by which the work will be completed.   If the water rights claim derives from federal law, the claim should be included in the future proceedings as scheduled in the Second Amended Scheduling Order on Pueblo Claims (May 10, 2010, No. 9713).

Respectfully submitted,

*Vickie L. Gabin*

SPECIAL MASTER

THE PARTIES ARE NOTIFIED THAT WITHIN 21 DAYS OF SERVICE of a copy of this Special Master Report, they may file written objections with the Clerk of the Court pursuant to Federal Rules of Civil Procedure 53(f)(2).   A party must file any objections with the Clerk of the Court no later than 21 days after receiving the Report if that party wants the District Judge to hear the objections.