IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

    v.                                                 69cv07941 BB
                                                           Rio Chama Adjudication

ROMAN ARAGON, *et al.*,

      Defendants.

## ORDER

**THIS MATTER** comes before the Court on the State of New Mexico's Motion to Adopt Special Master Report Recommending Further Proceedings (Doc. No. 10157, filed June 14, 2011), David Ortiz' Opinion, Clarification and Objection to the Special Master's Report Recommending Further Proceedings (Doc. No. 10163, filed June 17, 2011), and the United States' Motion to Amend Special Master Report Recommending Further Proceedings (Doc. No. 10167, filed June 22, 2011). For the reasons stated below, the Court will **GRANT** the State of New Mexico's Motion, **OVERRULE** David Ortiz' Objection, and **GRANT** the United States' Motion.

**Background**

Some parties filed objections to the Special Master's Report on Priorities for Three Acequias (Doc. No. 9546, filed December 16, 2009) ("The 2009 Special Master's Report"). During the course of addressing those objections, the Court determined that some of the claimants on those acequias had not been served with notice of the proposed priority date or an order to show cause and thus were not afforded an opportunity to be heard at the evidentiary hearing before the Special Master filed her report. The Court remanded the matter to the Special Master instructing her to file a recommendation regarding service of orders to show cause to those claimants after giving the State and those claimants an opportunity to file briefs on this matter.

The Special Master subsequently filed her Report Recommending Further Proceedings (Doc. No. 10152, filed June 6, 2011) which contains two recommendations. The first recommends procedures for identifying those claimants who were not served with notices/orders to show cause and giving them an opportunity to object to the proposed priority dates. The second indicates that there is some uncertainty in whether the Pueblo of Ohkay Owingeh's water rights for one tract should be included in the recommended procedures and recommends that Ohkay Owingeh submit a status report.

**State of New Mexico's Motion**

The Special Master recommends that the following should be adopted and incorporated into a scheduling order:

> a. proceedings to resolve the priority date claims for the five tracts [where the owners were not served with orders to show cause] should be conducted separately from the review of the 2009 Special Master's Report.
>
> b. the State should review the individual subfile orders, identifying the current owners of the five tracts, and correcting any errors in the subfile orders.
>
> c. the State will request approval of a tract-specific [Order to Show Cause] to be served on the current owners. The [Orders to Show Cause] will propose a priority date of 1600, the date of the Special Master's recommendations.
>
> d. while the parties which participated in the 1994 priority hearings are bound by their stipulations and the positions they advanced at those hearings, the owners of the five tracts who object to the [Orders to Show Cause] may introduce additional evidence to support their positions of priorities earlier than 1600. Any objections will result in hearings involving only the State and the owners of the tracts.

(Doc. No. 10152 at 3-4). The Special Master also recommends that:

> The State should be granted 90 days in which to identify current owners of the tracts in question and correct any errors in existing subfile orders. Thirty days after that work has been completed, the State should initiate show cause proceedings with the current owners, allowing 30 days for objections. The Court would then set a pretrial conference for any timely objections to the offered priority date.

(*Id.* at 4).

The State filed a one-sentence motion asking the Court to adopt the Special Master's Report. No responses opposing the State's Motion have been filed. The Court will grant the States' Motion and adopt the Special Master's Recommendations quoted above. The State shall, within 90 days of entry of this Order identify, with reasonable diligence, the current owners of the tracts in question and correct any errors in existing subfile orders. *See* N.M. Stat. Ann. § 72-4-17 (all water rights claimants of record and "all other claimants, so far as they can be ascertained, with reasonable diligence, shall be made parties"). After initiating show cause proceedings and allowing 30 days for objections, the State shall, within 30 days after the objection period ends, file a motion with a proposed case management order to resolve any objections.

**David Ortiz' Objection**

David Ortiz is the current owner of one of the water rights for which the owner was not served with an order to show cause in 1994. (*See* Special Master Report, Doc. No. 10152 at 3). He objects to the Special Master's Report stating that serving the orders to show cause would be "an exercise in futility." (Objection at at 2). Ortiz references the persons listed in the Certificate of Service attached to the State's Motion to Adopt the Special Master Report. (*See id.* at 1). Those persons are presumably the persons that owned the five subfiles in 1994 that were not served notices and orders to show cause. Ortiz notes that several of those persons are now deceased or have sold their water rights. (*See id.* at 1-2). The Court has adopted the Special Master's recommendation that the State identify the current owners of the tracts and initiate show cause proceedings against the current owners. The Court will, therefore, overrule Ortiz' objection as moot.

Ortiz also offers "clarification [that] needs to be made in certain documents." (Objection at 2-4). Those comments are not relevant to the matter now before the Court which is to establish the

procedure regarding the service of orders to show cause. Ortiz may raise his "clarifications" if and when he objects to the order to show cause.

**United States' Motion**

In her second recommendation, the Special Master states that she is unable to conclude whether Ohkay Owingeh's water rights for Tract 24.2 under the Chamita Ditch should be included in the upcoming order to show cause proceedings because she could not determine from the record whether Ohkay Owingeh's water rights claims for this tract are federal-law based rights or state-law based rights. (Special Master Report at 5). "If the latter, [then Ohkay Owingeh] should participate in the [order to show cause] proceedings." (*Id.*). The Special Master then recommends that the United States and Ohkay Owingeh should be ordered to submit a status report identifying the legal basis for the water rights claim for Tract 24.2. (*See id.*).

The United States filed its Motion to amend the Special Master's Report "by deleting references to Ohkay Owingeh's water rights for the property identified as 'Tract 24.2 under the Chamita Ditch.'" (United States' Motion at 1). The United States contends that Ohkay Owingeh "has a right to irrigate that tract with an aboriginal priority" and that "the tract is already included within the proceedings subject to the Second Amended Scheduling Order on Pueblo Claims (May 10, 2010, No. 9713)." (*Id.* at 2). Counsel for the State and counsel for Ohkay Owingeh have indicated they do not oppose the United States' Motion. (*See id.*). No other parties filed responses opposing the United States' Motion. The Court will grant the United States' Motion.

**IT IS SO ORDERED.**

                                                **BRUCE D. BLACK**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**