IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.
STATE ENGINEER,

       Plaintiff,

vs.                                 CIVIL NO. 69-7941 BB/LFG

ROMAN ARAGON, et al.,           RIO CHAMA ADJUDICATION

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Parkview Community Ditch's ("Parkview Ditch") Motion for Leave to File Objection.  [Doc. 10650].  Because Parkview Ditch has not demonstrated that its failure to timely file its objection was the result of excusable neglect, the Court will DENY the motion.

## Background

On May 28, 2010, the Court entered Notices and Orders to Show Cause requiring all claimants who claim a right to use the surface or underground waters of the Rito de Tierra Amarilla Subsection of Section 7 of the Rio Chama Stream System to file an objection if they object to any of the priority dates stated in the Notice.  [Doc. 9768].  One of the priority dates stated in the Notice was for the Ismael Ulibarri Ditch.  One of the filed objections stated that "the Associación de Acéquias Norteñas de Rio Arriba believes there may  be two different ditches in the area known to [sic] as the Ismael Ulibarri Ditch and objects to the extent that the incorrect ditch is referred to in the Notice and Order to Show Cause."  [Doc. 9922].

On July 6, 2011, the Court entered Notices and Orders to Show Cause regarding priority dates for the Rio Brazos Subsection of Section 7.  [Doc. 10502].  Two of the priority dates stated

in the Rio Brazos Subsection were for the Parkview Ditch and the Ensenada Ditch.  The Order to Show Cause set a deadline of September 2, 2011, for filing objections to any of the priority dates stated for the Rio Brazos Subsection.  The Parkview Ditch was served with the Notice and Order to Show Cause [Doc. 10502] on July 6, 2011 but did not file an objection before the September 2, 2011 deadline.

On October 25, 2011, Parkview Ditch filed its motion now before the Court "for permission to file an objection to the State's Proposed Determination of the priority date for the Ismael Ulibarri portion of the Ensenada Ditch in the Rio Brazos Subsection of Section 7." [Doc. 10650].  Parkview Ditch states that it "did not realize that their Counsel of record could not file their objection as he could have conflict in that he represents the entity of which the interested individual ditches are members." [Doc. 10650].

The State of New Mexico filed a response opposing Parkview Ditch's motion for leave to file an objection arguing that the Parkview Ditch has not demonstrated that its failure to timely file an objection was due to excusable neglect.  [Doc. 10655].  The State also indicates that the ditch named in Parkview Ditch's motion, "the Ismael Ulibarri portion of the Ensenada Ditch in the Rio Brazos Subsection of Section 7," does not exist.  The State asserts that there is only one ditch with the name Ismael Ulibarri Ditch, that the Ismael Ulibarri Ditch is in the Tierra Amarilla Subsection, that no Ismael Ulibarri Ditch has been mapped in the Rio Brazos Subsection, and that no subfile orders for the Rio Brazos Subsection refer to the Ismael Ulibarri Ditch.  Parkview Ditch did not file a reply addressing the arguments in the State's response.

**<u>Discussion</u>**

Parkview Ditch asks the Court for permission to file its objection after the deadline for filing objections has expired.  Fed. R. Civ. P. 6(b)(1) states:

When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Parkview Ditch should have filed a motion for an extension of time before the September 2, 2011 deadline expired, but did not do so.  Consequently, Parkview Ditch must demonstrate that its failure to timely file an objection was the result of excusable neglect.  In determining if a party's neglect is excusable, the Court considers the following factors:

(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

Biodiversity Conservation Alliance v. Bureau of Land Management, 2011 WL 3734199, *2 (10th Cir. 2011)(*quoting* Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993).  The "fault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable."  Id., *3.

Parkview Ditch's entire explanation of the reason for its delay in filing an objection is that it "did not realize that their Counsel of record could not file their objection as he could have conflict in that he represents the entity of which the interested individual ditches are members."  [Doc. 10650].  Parkview Ditch does not state when it learned that its attorney could not file its objection.  Nor does it explain why the delay in filing the objection was not within the reasonable control of Parkview Ditch.  The State responded arguing that because Parkview Ditch had almost two months to retain new counsel, it was within the reasonable control of Parkview Ditch adhere to the deadline for filing objections.  [Doc. 10655].  Parkview Ditch did not file a reply addressing the State's argument.  Parkview Ditch has not demonstrated that its neglect to timely file an objection was

excusable.

IT IS THEREFORE ORDERED that Parkview Ditch's motion for leave to file an objection

is DENIED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

4