IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer | |
| Plaintiff, | 6:69cv07941-BB |
| vs. | RIO CHAMA STREAM SYSTEM |
| ROMAN ARAGON, *et al.,* | |
| Defendants. | |

**[PROPOSED] ORDER OF REFERENCE**

**THIS MATTER** comes before the Court on the *State of New Mexico's Notice of Search Committee's Recommendation of Special Master Candidates and Submission of Proposed Order of Reference* (Doc. No.    ), filed April 13, 2012.

Upon the resignation of Special Master Vickie L. Gabin, on June 8, 2011 the Court provided an opportunity for parties to suggest a candidate for appointment.  *See Order* (Doc. No. 10155).  On June 22, 2011, the State of New Mexico ("State") filed its *Notice and Suggestion for Procedures for Appointment of Special Master* (Doc. No. 10169), proposing that rather than simply accept suggestions for a candidate, the Court instead form a committee of parties to advertise, review applications, conduct interviews, draft a proposed order of reference, and recommend a candidate to the court.  On July 21, 2011, the Court entered its *Order* (Doc. No. 10524) providing that "interested parties are free to form a committee to identify and recommend candidates and to submit a proposed order of reference to the Court."  The committee recommended the Honorable Michael C. Nelson and Sue Anne Herrmann to the

EXHIBIT B

Court as candidates for the position of Special Master, and submitted a proposed order of reference describing the Special Master's duties (Doc. No.    ), filed April 13, 2012.

This water rights adjudication involves exceptional conditions which necessitate the appointment and use of a Special Master. Fed.R.Civ.P. 53(a)(1).

IT IS THEREFORE ORDERED that _____ is hereby appointed Special Master in this case.

THE SPECIAL MASTER IS HEREBY DIRECTED, pursuant to Fed.R.Civ.Proc. 53(c) and NMSA 1978 §72-4-18 (1965), to hear and to determine all claims and contentions of the parties relating to: 1) their rights to the use of the surface and underground waters of the stream system encompassed by this case; and 2) all related matters that may arise in connection with such rights.

This direction includes the authority to conduct hearings and determine all motions, except that the Special Master shall not hear or determine any motion that presents only legal issues and no contested factual matters, including motions asserting lack of jurisdiction over the subject matter under Fed.R.Civ.P 12(b)(1) or failure to state a claim upon which relief can be granted under Fed.R.Civ.P 12(b)(6), motions for judgment on the pleadings under Fed.R.Civ.P 12(c), and motions for summary judgment under Fed.R.Civ.P 56, unless the parties to the motion otherwise agree or unless so directed by the Court.

The Special Master shall not communicate *ex parte* with the Court or the parties on any substantive matter. The Special Master may communicate *ex parte* with the Court or the parties to schedule proceedings and for other administrative purposes.

The Special Master shall preserve all records necessary for the Court's review of the Special Master's orders, reports, or recommendations. All of the evidence the Special Master

considers in arriving at findings shall be recorded, preserved and filed with the Court. The Court authorizes the Special Master to employ the services of a court reporter to generate an adequate record for the Court's review.

The Special Master shall complete and file all orders, reports and recommendations within six months of the conclusion of an evidentiary hearing or other matter submitted to the Special Master and serve a copy on each party, unless the Court orders otherwise. The Special Master shall file a complete record of the evidence considered in making or recommending findings of fact on the basis of the evidence. All orders, reports and recommendations shall include a notice to the parties of their opportunity to be heard under Fed.R.Civ.P 53(f).

The Court will decide *de novo* all objections to findings of fact unless the parties, with the Court's approval, stipulate that the findings will be reviewed for clear error. The Court will decide *de novo* all objections to conclusions of law made or recommended by the Special Master. Fed.R.Civ.P 53(f)(3-4).

IT IS FURTHER ORDERED that pursuant to Fed.R.Civ.P. 53(g), that the Special Master's compensation is hereby fixed at the rate of $_____ per hour, plus tax, plus reimbursement for his/her reasonable and necessary expenses including travel from Santa Fe or Albuquerque if required for the conduct of the case, and employment of legal clerks and or assistants, court reporters and interpreters. The Special Master shall periodically certify his or her fees and expenses to the Court, and at the same time provide a copy of the certification to the attorneys of record for the State and the United States. These fees and expenses shall be assessed against the State and the United States, with each paying half.

This order may be amended at any time after notice to the parties and an opportunity to be heard. Fed.R.Civ.P 53(b)(4).

EXHIBIT B

                                            _____
                                            UNITED STATES DISTRICT JUDGE

EXHIBIT B