IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.    )
State Engineer,                )
                               )
            Plaintiffs,         )          No. 69cv07941-BB/LFG
                               )
                               )          RIO CHAMA ADJUDICATION
Vs.                            )
                               )
ROMAN ARAGON, et al.,          )
                               )
            Defendants.         )

## CORLINDA H. LUJAN'S RESPONSE IN OPPOSITION TO MOTION TO SUBSTITUTE PARTIES

COMES NOW Corlinda H. Lujan, by and through her counsel of record, Taylor & McCaleb, P.A., and hereby responds in opposition to the Motion to Substitute Parties (the "Motion") filed by Jose Leandro Martinez and Magdalena L. Martinez ("Movants") on March 22, 2012 (Docket No. 10801). Put simply, Movants improperly seek to use a rule of civil *procedure*, Rule 25(c), to modify Mrs. Lujan's *substantive* water rights set forth in a final decree entered by a New Mexico state court in 1962—rights she has exercised, and her acequia has recognized, for 50 years. Even assuming, *arguendo*, that this Court has jurisdiction to interpret the 1962 decree and determine the ownership of water rights between Mrs. Lujan and the Movants (which Mrs. Lujan contests), Movants' attempt to litigate the ownership dispute in the guise of a Rule 25(c) motion to substitute parties is not proper. Significantly, today a state district court judge, the Honorable Stephen Pfeffer, ordered Mrs. Lujan to join Movants in her state court lawsuit against their acequia to litigate Movants' ownership claim.

## Background of the Dispute Between Mrs. Lujan and the Martinezes

On June 1, 1962, the New Mexico district court in Rio Arriba County entered a Final Decree in *Chacon v. Chacon*, Rio Arriba County Cause No. 4922 (Docket No. 49) (the "1962 Final Decree" or "Decree"). The Decree adjudicated water rights to Corlinda H. Lujan and her late husband, José Onesimo Lujan, Jr., on 42.2 acres of land served by Acequia Mesa del Medio (the "Acequia"). (Docket No. 49 at 8) Mrs. Lujan has exercised that right for 50 years. Occasionally over the years, Movants informed Mrs. Lujan they thought they were entitled to part of the water delivered to her by the Acequia, but they never took legal action to pursue their asserted interest. In the interim, Mrs. Lujan obtained legal advice on more than one occasion that she owned, and had the right to use on her acreage, the water right adjudicated in her name and the name of her late husband. *See* Exhibit A. In addition, the Acequia recognized Mrs. Lujan as a parciante (a ditch member) with an adjudicated water right to irrigate 42.2 acres of land. *See* Exhibit B (one hour of irrigation time per adjudicated acre).

On October 31, 2011, Mrs. Lujan filed suit in the First Judicial District Court of the State of New Mexico, Cause No. D-117-CV-2011-00521, against her Acequia and certain commissioners and officers of the Acequia alleging, *inter alia*, inequitable water distribution favoring some parciantes over others in violation of state law and Acequia bylaws, issuance of illegal fines, excessive erosion, harassment, and violation of state laws and Acequia bylaws concerning elections. In apparent retaliation for the suit, the Acequia, on January 15, 2012, voted to name Movant Leandro Martinez as a parciante and thereafter issued an irrigation schedule shifting 18 hours of Mrs. Lujan's traditional irrigation time to Mr. Martinez. *See* Exhibits C and D. On March 22, 2012, Movants filed the extant Motion seeking to substitute

2

themselves as parties in this Rio Chama Adjudication for a portion of the water right adjudicated in the name of Mrs. Lujan, which they assert they own based on 1952 and 1964 deeds. Without doubt, this move was spurred by the retaliatory actions of the Acequia, and it is an attempt by Movants to avoid litigating the ownership dispute by simply obtaining this Court's official recognition of their asserted right through their "substitution" under Rule 25(c).

In February of this year, the Defendants in Mrs. Lujan's state court action filed a motion to dismiss for failure to join necessary parties. In that motion, the Acequia argued that Movants are necessary parties to the state court lawsuit because they assert the same ownership interest they allege in their Motion before this Court. Judge Pfeffer of the First Judicial District Court agreed with the Acequia and today ordered the joinder of Movants in order to litigate the ownership issue in his court. *See* Affidavit of Jolene L. McCaleb (attached hereto as Exhibit E).

<u>**Legal Argument**</u>

1.    ***Rule 25(c) Is Not the Appropriate Vehicle for Litigation of a Water Rights Dispute.***

"Rule 25(c) is designed to allow an action to continue unabated when an interest in a lawsuit changes hands" in order to ensure "the efficient functioning of the federal courts." *General Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 261, 262 (D. Del. 1982). A court's "'primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action.'" *Advanced Mktg. Group, Inc. v. Business Payment Sys., LLC*, 269 F.R.D. 355, 359 (S.D.N.Y. 2010) (quoting *Taberna Capital Mgmt., LLC v. Jaggi*, 2010 WL 1424002, at *2). Rule 25(c) specifically does *not* operate to "affect the substantive rights of the parties" to the substitution because it is merely a procedural rule. *Travelers Ins. Co. v. Broadway West Street Assoc's.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995); *Barker v. Jackson Nat'l Life Ins.*

3

*Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995) (substitution under Rule 25(c) is "purely a matter of convenience"; "substantive rights of the transferor or the transferee are not affected"). Contrary to this law, through their Motion, Movants seek court recognition of their asserted ownership of a water right for 19.5 acres of land and reduction of Mrs. Lujan's decreed right from 42.2 acres to to 22.7 acres. Without doubt, this Court's grant of the Motion would affect the substantive rights of both Mrs. Lujan and the Movants—an improper result under Rule 25(c).

Significantly, Rule 25(c)'s goal of simplifying litigation is met through authorization of substitution of a successor in interest for an existing party after *transfer of an interest from that existing party to the successor*. Rule 25(c) does not apply to a situation where, as here, a third party seeks litigation of a claim of right against a party that is *not* his predecessor-in-interest. *See General Battery Corp.*, 100 F.R.D. at 262.

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the *original party*, and the judgment will be binding on *the successor in interest* even though the successor is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.
>
> The court, if it sees fit, may allow the *transferee to be substituted for the transferor*. It also is free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party.

7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* (3d ed.) § 1958 (emphasis added). *See also* Rule 25(c) (referring to transfer of interest from "original" party to transferee); 1 Steven S. Gensler, *Federal Rules of Civil Procedure Rules and Commentary*, 493-94, 501 (2012) (Rule 25(c) authorizes substitution of parties when "an interest of *one of the*

4

*parties* is *transferred* to a third party"; purpose of Rule "is to allow action to continue unabated when an interest *changes hands* without the need for the filing of a new lawsuit") (emphasis added). This requirement of a transfer of interest between the substituted party and the substituting party is fatal to Movants because there has been no transfer of interest from Mrs. Lujan to Movants.

Movants seek a simple means to acquire this Court's recognition of their asserted water right, based on their interpretation of the 1962 Final Decree, without the need to file suit to challenge Mrs. Lujan's right to use the amount of water historically delivered to her by the Acequia on 42.2 acres of her property. Because the Motion is not based on a transfer of interest from Mrs. Lujan, Movant's request to be partially substituted for Mrs. Lujan in this adjudication must be denied. Rule 25(c) simply does not apply.

This conclusion is supported by a review of the extensive docket in this general stream adjudication, which shows that this Court has authorized substitutions of parties under Rule 25(c) when a party has transferred its property to a successor in interest, usually through sale. *E.g.*, Docket Nos. 8941 (2007), 10636 (2011). Rule 25(c) has not been used, as far as undersigned counsel can tell, to determine the elements or ownership of a water right that is in dispute. Nor has it been used to substitute one person for another in the absence of a transfer of interest between them. Again, Mrs. Lujan has transferred no interest to Movants. Given the significant differences between the extant Motion and previous Rule 25(c) substitutions in this case, this Court should exercise its discretion to deny the Motion, even if it holds that Rule 25(c) does apply. *See Banyai v. Mazer*, 2009 WL 3754198, at *3 (using discretion to deny Rule 25(c) motion where status of successor was contested); *Medical Supply Chain, Inc. v. Neoforma, Inc.*,

5

322 Fed. Appx. 630, 632, 2009 WL 1090070 (10th Cir. 2009) (court has discretion to deny Rule 25(c) motion); 7C *Federal Practice and Procedure* § 1958 (Rule 25(c) is discretionary; court "may refuse substitution if this seems the wisest course").

Moreover, even if this Court determines that Rule 25(c) is the correct vehicle for Movants to assert their interests, it should refuse to exercise its discretion on the ground that Movants have failed to prove the extent of their asserted water rights. Movants have not provided any certified or authenticated documents concerning their title to land, they have provided no English translation of the 1952 deed, there is no explanation of the hydrographic survey maps, and there is no way to determine from the documents attached to the Motion the amount and location of any irrigated acreage. Ownership of the water right at issue should be litigated; it should not be determined based on the unclear, unverified and disputed information presented to this Court by Movants. Further, the issue should be litigated in state court. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662-64 (1978) (*w*here there is duplicative litigation in state and federal courts, federal district court has discretion to defer to state court).

**2.       *This Court Does Not Have Jurisdiction to Grant the Motion.***

Rule 25(c) "'deals with transfers of interests during the course of the action' . . . and presupposes that the substituted person was a party to the *pending* action but no longer maintains the same interest in the outcome as the substituting party." *McMoran Oil & Gas Co. v. KN Energy, Inc.*, 907 F.2d 1022, 1024-25 (10th Cir. 1990), *reversed on other grounds by* 498 U.S. 426 (1991) (*quoting* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* § 25.08, at 25-77 to -78 (1987)) (emphasis added). Here, there is no *pending* action concerning the rights decreed in the 1962 Final Decree because the state court failed to retain jurisdiction over the Decree, its

interpretation and its enforcement.  Thus, 30 days after the entry of the Decree, the state court

lost jurisdiction over both the subject matter of the water rights adjudication and the parties to

that adjudication.  NMSA 1978, § 39-1-1 (1897, as amended through 1917) (final judgment or

decree remains under control of trial court for 30 days after entry); *cf. Kittitas Recl. Dist. v.*

*Sunnyside Valley Irrig. Dist.*, 763 F.2d 1032, 1033, 1034 (9th Cir. 1985) (noting district court had

jurisdiction to interpret and issue orders directing allocations of water given scope of its

"retained jurisdiction over the consent decree's interpretation and administration"); *City of*

*Colorado Springs v. Climax Molybdenum Co.*, 587 F.3d 1071, 1076-77 (10th Cir. 2009) (parties

to water right decree returned to court to settle disputes by invoking court's continuing

jurisdiction retained in decree); Partial Final Judgment and Decree (Chama Mainstream Section),

at 3 (¶ 11), 7 (¶ 13), *New Mexico v. Aragon*, No. 69-cv-7941 (D. N.M. July 26, 1971) (Docket

No. 1778) (retaining jurisdiction to enter supplemental orders for enforcement of decree); Partial

Final Decree Rio El Rito Stream System, at iii (¶ 8), iv (¶ 7), *Aragon* (June 25, 1973)  (Docket

No. 2400) (same).

      Proof of the veracity of Mrs. Lujan's position concerning the state court's loss of

jurisdiction is evidenced by a 1965 lawsuit concerning interpretation of the 1962 Final Decree at

issue here.  That suit sought a court order requiring an acequia to distribute water in accordance

with the irrigated acreage established in the Decree.  The attorney for several defendants in the

original adjudication suit filed it as a separate cause of action in the state court, rather than in the

adjudication suit, even though only three years had passed since the entry of the Decree.[1] *Ortega v. Martinez*, District Court of the State of New Mexico, Rio Arriba County Cause No. 9459 (Complaint filed June 1965) (attached hereto as Exhibit F). Just as in *Ortega*, any litigation concerning the 1962 Final Decree must take place in a separate cause of action, and it will be heard in Mrs. Lujan's state court case. *See generally McCasland v. Miskell*, 890 P.2d 1322 (N.M. App. 1994) (determining ownership of adjudicated water rights in independent lawsuit); *Bounds v. Carner*, 205 P.2d 216 (N.M. 1949) (same).

In October 1968, the District Court of Rio Arriba County issued an Order consolidating Cause No. 4922 and Cause No. 8294, a general adjudication of the Rio Chama Stream System (Docket No. 617, attached hereto as Exhibit G). The purpose of the consolidation was solely to adopt the 1962 Final Decree and thus avoid readjudication of the rights set out in the Decree. Motion to Consolidate, ¶¶ 4-5 (Sept. 28, 1968) (Docket No. 47, attached hereto as Exhibit H). Indeed, the court simply "confirmed and adopted" the Decree as if "originally entered" in the consolidated case and noted (at 1) that the rights of all parties to the 1962 Final Decree already had been "settled and decreed." *See* Exhibit G. Undersigned counsel has found no authority indicating that consolidation revived court jurisdiction over the Decree. On March 5, 1969, the consolidated case was removed to this Court. (Docket No. 632) Also on that date, this Court entered an Order adopting the Decree as its own and noting the finality of the Decree.

---

[1]     The state district court did, in 1969, enter a Stipulation (Docket No. 51) correcting a mistake in the Final Decree. The court had jurisdiction to do so because the Motion to Correct Final Decree (Docket No. 50) was filed within 30 days of the entry of the Final Decree.

This Court's "removal jurisdiction is purely derivative in nature." *Goodrich v. Burlington N. R.R. Co.*, 701 F.2d 129, 130 (10th Cir. 1983). In other words, "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal . . . ." *Id.* As already explained, the state court lost jurisdiction over the 1962 Final Decree 30 days after entry of the Decree. Subsequent disputes concerning the Decree, like the *Ortega* case, had to be addressed in a separate lawsuit. Thus, this Court has no subject matter jurisdiction to interpret the Decree in the Rio Chama Adjudication, and there is no "pending" lawsuit into which Movants can be substituted as parties. If Movants wish to assert their water right claims against Mrs. Lujan, they now have the opportunity to do so in Judge Pfeffer's court.

WHEREFORE, for the reasons stated above, Mrs. Lujan respectfully requests that this Court deny the Motion to Substitute Parties.

DATED this 15th day of June, 2012.

Respectfully submitted,

TAYLOR & McCALEB, P.A.

By: _Elizabeth Newlin Taylor_
    Elizabeth Newlin Taylor
    Jolene L. McCaleb
P.O. Box 2540
Corrales, NM  87048-2540
(505) 888-6600
(505) 888-6640 (facsimile)
etaylor@taylormccaleb.com
jmccaleb@taylormccaleb.com

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 15th day of June, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel reflected on the Notice of Electronic Filing to be served by electronic means, and also served the foregoing by e-mail on counsel for the Martinezes and counsel for the State as follows:

David Benavides, Esq.                        Arianne Singer, Esq.
New Mexico Legal Aid, Inc.                   Office of the State Engineer
davidb@nmlegalaid.org                        arianne.singer@state.nm.us
Counsel for the Martinezes                   Counsel for the State of New Mexico


Elizabeth Newlin Taylor