STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT
BEFORE HONORABLE STEPHEN PFEFFER

COPY

No. D-117-CV-2011-00521

CORLINDA H. LUJAN,

Plaintiff,

vs.

ACEQUIA MESA DEL MEDIO, et al.,

Defendants.

SCHEDULED HEARING ON MOTIONS
11:15 A.M.
FRIDAY, JUNE 15, 2012
SANTA FE, NEW MEXICO

APPEARANCES:

FOR THE PLAINTIFF: Taylor & McCaleb, P.A.
By: Elizabeth Taylor, Esq.
P. O. Box 2540
Corrales, NM 87048-2540

FOR THE DEFENDANTS: Mary E. Humphrey
Humphrey & Odè, P.C.
P. O. Box 1574
El Prado, NM 87529

Transcribed by: Mary Therese Macfarlane, CCR



MS. TAYLOR: Yes, sir. That is a statutory requirement and -- that they have this meeting. And again, in the Aztec Ditch case the Supreme Court said that you don't have to have a person before the Court if what you're asking them to do is follow a statutory duty that they already have.

And so, really, our focus is this acequia and having them follow their own bylaws and the state law.

THE COURT: Okay. Thank you.

Anything further?

MR. TAYLOR: Yes, sir. Just a note about the third category that Ms. Humphrey raised, Leandro Martinez and his wife.

Your Honor, I'm not sure if you were aware but that he has sued -- or excuse me, not sued, but has filed a motion in federal district court concerning the ownership issue. And certainly he could have filed that motion in this court, and I'm not sure why he chose the federal court instead of the state district court, but he's actively trying to protect his water right, what he believes is his water right there.

THE COURT: All right. Thank you.

MS. TAYLOR: Thank you.

THE COURT: I'm prepared to rule.

Subsequent to the Aztec case which is referred

to by Plaintiff, we do have a statutory and declaratory judgment, which is the action that is being brought here. It requires that all persons be made parties who have, or claim any interest which would be affected by the Declaration, and no Declaration shall prejudice the rights of persons not parties to the proceeding.

Again I believe that circular reasoning to think that because one party believes it prevails and has the law and facts on its side that that obviates the need for joining the parties.

This Court would find that in order for this to go forward -- you know, defense have raised two alternatives, and I'll hear that. One would be that I dismiss the action; and the other one would be that Plaintiff must join all the necessary parties.

So that's the way I read the pleadings, that I am being asked this in the alternative.

So I'll hear first from the defense, which this was part of its motion, and then decide whether I'm giving a choice or not to the Plaintiff on that approach.

MS. HUMPHREY: Well, your Honor, the law, the Declaratory Judgment Act, I believe is very clear: Jurisdiction doesn't vest until all parties are joined.

It's a little bit -- becomes a little ambiguous, when you look at the Rules of Civil Procedure on necessary

parties, because now the rules have been changed to give defendant opportunity.

In this case, your Honor, I would urge the entire lawsuit be dismissed. I think the 12B (6) motion will show that the essence of the lawsuit can't go forward. It's not --

THE COURT: I can't get to that.

MS. HUMPHREY: Okay. So I won't go there yet.

THE COURT: No.

MS. HUMPHREY: But in this case it's going to be remanded back here. The Plaintiff will have cost a lot of money and defendants --

THE COURT: You are starting to sound like the other sides argument, that we win, why bother?

MS. HUMPHREY: I think everybody needs to be here. That is basically the truth, --

THE COURT: The question is --

MS. HUMPHREY: Should you dismiss it.

THE COURT: The question is why would it be -- if Plaintiff plans to pursue this, they would just refile and reserve three or four people they've already served, and now they'd have to do that plus everyone else, or we keep the three or four people they've served and have everyone else.

So I don't know why I would dismiss it versus

giving the Plaintiff some reasonable time in which to amend their Complaint in such a fashion as to join all the other entities, the parc -- and I agree, parciantes, the other two acequias if they are going to pursue that relief of that claim, and also sue the entity that's already suing them, and give it a shot.

And I'll hear what happens with that ultimately, but the Martinezes, who claim some interest in this, because, I think that's pretty clear under the Act, that all those people need an opportunity to be heard.

So that would be my inclination. Do you want to speak to that and help me fine tune it or --

MS. HUMPHREY: Hmm. Well, tell me again your inclination so I can think through it while you tell me.

THE COURT: My inclination is I give a reasonable amount of time for Plaintiff to do this, and join all of those categories of which we've spoken.

MS. HUMPHREY: Well, your Honor, I think if you look at the practical effect, I think the rule does provide for that. The Declaratory Judgment Act. The question becomes does the statute trump the Act?

But, like you say they can refile and rejoin. One would hope they would think at that point that the expenditure for that resources, is it going to be wisely spent? That's what we would hope if they had to go

through this thing. This is --

THE COURT: I think they have to have an Amended Complaint, also, to name these other parties, and course, and --

MS. HUMPHREY: Right.

THE COURT: -- you may not agree with this but to name these other parties, these three categories we're talking about. So they would have to amend the Complaint. I would tend to -- I don't know if this one has ever been amended. Anyway, has it?

MS. HUMPHREY: No, your Honor.

THE COURT: I would tend, at this point so we don't waste time with this, unless there is an objection and I would hear it at this point from the Defendants, I would allow an amendment now, at least as to those three categories within this concept of serving. If, uh -- it's to be liberally granted, so if Plaintiff thinks at that point they have something else, well, hopefully you can agree on that versus bringing this parciante into the matter -- but I'll be here.

But I think that -- I just want to keep -- because they may think of something in light of this that none of us are thinking about, that somehow they have to change the Complaint, in addition to merely bringing these parties.

So I would just want the parties just to recognize that that is normally liberally granted.

So -- but I would certainly allow the amendment at this point to join in the other -- these three entities or categories to which you've referred so they can do that.

Do you want to speak to that?

MS. HUMPHREY: Well, your Honor, I believe that the rule allows for it, provides -- Rule 19 provides that parties that haven't been joined, that the Court can allow the other party.

So, your Honor, I believe in the Rules of Civil Procedure, so I don't think I'm going to try and argue that one, your Honor. I would hope that we can dispose of the other motion, because it would certainly --

THE COURT: I just don't see how -- I mean, I find that an interesting motion, I was looking forward to it after reading it, but I don't see how --

MS. HUMPHREY: Oh, I see. You don't have jurisdiction yet.

THE COURT: That's right.

MS. HUMPHREY: Well, your Honor, that's right.

THE COURT: And I don't see how you-all can agree to get some kind of pontification (phonetic) here.

MS. HUMPHREY: Okay. Well, actually, your

Honor, I can't argue with the Rules of Civil Procedure. I don't even want to try anymore, so...

THE COURT: All right. Ms. Taylor.

So that's the approach I'm suggesting. Do you want to speak to that?

MS. TAYLOR: Yes, sir, I do. Thank you.

I believe that that's the right approach, your Honor. In our conclusion we did ask that if you found that other parties are necessary parties that we be given some time to join them to the lawsuit, and, as you said, amend the Complaint. Certainly the case we cited, La Madera Community Ditch was a Declaratory Judgment Act case, and they did that very same thing.

THE COURT: How are we going to figure out how much time that's going to take, because you could be naming -- I guess by naming all the parciantes, does that equal those we would know are the owners, except for the Martinezes, or...

MS. TAYLOR: Your Honor, yes, sir, that is a very good question. I do need some help -- as the Plaintiff here, I need some help from the acequia to...

THE COURT: Well, you could have discovery, if need be, I suppose.

But will the acequia contain those reputed parciantes?

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT
BEFORE HONORABLE STEPHEN PFEFFER
CASE NO. D-117-CV-2011-00521

CORLINDA H. LUJAN,

Plaintiff,

vs.

ACEQUIA MESA DEL MEDIO, et al.

Defendants.

REPORTER'S CERTIFICATE

I, MARY THERESE MACFARLANE, CCR NO. 122 for the State of New Mexico, DO HEREBY CERTIFY that I was provided, by Counsel for the Defendants in the above-captioned matter, a copy of the FTR recording of the proceedings had in said cause on the date of June 15, 2012; that I transcribed stenographically the selection made by counsel for the Defendants, commencing with the argument of Ms. Taylor through the end of the recording, and that the foregoing pages, numbered 2 through 20, is a true and correct partial transcription of the taped record made in said cause on said date.

Mary Therese Macfarlane.
Certified Court Reporter No. 122
License Expires: 12-31-2012