IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **STATE OF NEW MEXICO, ex rel. State Engineer**<br><br>**Plaintiff,**<br><br>v.<br><br>**ROMAN ARAGON, et al.,**<br><br>**Defendants.** | 69cv07941-BB-LFG<br><br>RIO CHAMA STREAM SYSTEM<br>Village of Chama, Section 7<br><br>Subfile No.: CHCV-004-004B |

**CHAMA TROUTSTALKERS, LLC's RESPONSE IN OPPOSITION
TO MB COMMUNITY DITCH ASSOCIATION's MOTION
TO INTERVENE AS PARTY DEFENDANT**

Chama Troutstalkers, LLC, by and through its counsel of record, Holland & Hart LLP, files this response opposing MB Community Ditch Association's ("MB Ditch") motion to intervene as a party defendant.

INTRODUCTION

MB Ditch's motion to intervene should be denied because its interests, if any, are adequately represented in this adjudication by its member water users. MB Ditch does not claim an interest to water rights, but merely an interest in "operating its headgate and distributing water to its members." Motion ¶ 5. These interests, which are not directly implicated in this proceeding, are corollary and servient to the paramount interests of MB Ditch's individual members, who actually claim a water right that is subject to this adjudication. MB Ditch's interests, therefore, are subsumed by and fully align with the interests of its individual members. Both MB Ditch and its members also have the identical objective of ensuring sufficient consumptive irrigation requirement and project diversion requirement volumes are adjudicated to

each water right. Having identical interests creates a presumption of adequate representation that can be overcome only by a concrete showing of circumstances that make the representation inadequate. Moreover, the strength of the interests asserted and the risk of injury to MB Ditch are negligible where every one of MB Ditch's members is a party to this action and has an identical, if not greater, interest at stake. It is immaterial that other acequias or ditch associations are already parties to this proceeding.

At most, the MB Ditch should be permitted to file briefs as amicus curiae on issues relating to solely project diversion requirements or the transmission efficiency of its ditch system. *See San Juan County*, 503 F.3d at 1206 (citing *Maine v. Director, U.S. Fish & Wildlife Svc.,* 262 F.3d 13 (1st Cir. 2001) (affirming denial of intervention and stating that argument could be made as amicus curiae)). Should the Court grant intervention status to MB Ditch, however, it should limit the scope of intervention to only those issues with respect to which its members cannot adequately address. *See San Juan County*, 503 F.3d at 1188; *Bradley*, 828 F.2d at 1192.

## LEGAL STANDARD

When no federal statute grants an "unconditional right to intervene," intervention as of right under Rule 24(a) is permitted upon timely application *only* if (1) the applicant claims an interest relating to the property or transaction which is the subject of the action; (2) the applicant's interest may as a practical matter be impaired or impeded; and (3) the applicant's interest is not adequately represented by existing parties. *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996).

The Tenth Circuit applies these requirements by evaluating the "practical effect" of the subject litigation on the prospective intervenor, "rather than legal technicalities," so as to

"expand the circumstances in which intervention as of right would be appropriate." *San Juan County v. United States*, 503 F.3d 1163, 1188 (10th Cir. Utah 2007).  "[I]if a person who would be affected in a practical sense by the disposition of an action is not joined as a party, he has a right to intervene *unless* he is adequately represented by an existing party." *Id.* at 1189 (citing Comm. on Rules of Practice & Procedure, Report, Ex. B) (Statement on Behalf of the Advisory Comm. on Civil Rules to the Chairman & Members of the Standing Committee, June 10, 1965), at 11 (Sept. 1965)) (emphasis added).  The Tenth Circuit holds that "representation is *adequate* when the objective of the applicant for intervention is identical to that of one of the parties."  *Id.* at 1203 (internal quotation marks and citation omitted).  Thus, a party and a prospective intervenor have identical interests when they seek the same objective through the litigation and have no conflict of interest.  *Id.* at 1205-1206.  Similarly, under Rule 24(b)(1)(B), "[p]ermissive intervention is not . . . appropriate if the applicant's interests are adequately represented by existing parties." *United States v. N. Colo. Water Conservancy Dist.*, 251 F.R.D. 590, 601 (D. Colo. 2008) (citation omitted).

### ARGUMENT

**I.     MB Ditch's Interests are Identical to its Individual Members Who are Already Existing Parties.**

The MB Ditch does not specify whether it seeks intervention as of right or permissive intervention.  But, under either standard, MB Ditch's motion should be denied because its interests, if any, are fully and adequately represented by its individual members.

The MB Ditch claims, by reference to the heavily criticized "direct, substantial, and legally protectable interest" legal standard, that the "disposition of this subproceeding will significantly impact the MB Ditch[,]" apparently because it has a "statutory responsibility to release water into the ditch for the benefit of its members . . . ."  Motion ¶ 3; *see San Juan*

*County*, 503 F.3d at 1193 ("We might feel ourselves obligated to try to apply [the direct, substantial, and legally protectable interest standard] if the origin were of sufficient authority. As it turns out, however, the test has a questionable pedigree."). At the same time, the MB Ditch *expressly* states that it "share[s] common interests" with its members and other parties already in this litigation. *Id.* ¶ 4. Notwithstanding these common interests, the MB Ditch makes the incongruous and wholly conclusory assertion that "[n]one of the existing parties in this matter can adequately represent MB Ditch's interests in operating its headgate and distributing water to its members." *Id.* ¶ 5. MB Ditch relies on a conclusory assertion because it cannot make a concrete showing that the presence of the individual ditch members as parties in this action is in any way insufficient. Its motion should be denied for at least three reasons.

*First*, contrary to its argument, MB Ditch will be adequately represented in this subproceeding because its interests, if any, are identical to, and do not conflict with, the interests of its individual members, who are already existing parties to this proceeding. The MB Ditch does not have a claim to a water right. The ditch merely delivers the water to its members, who actually hold water rights, subject to this adjudication. *See* MB Motion to Set Aside the Second Metering Order, attached as Exhibit A at 3 ("MB Ditch itself is not recognized as having any water rights. Instead, those rights have been adjudicated [sic] to the individual irrigators."). Accordingly, each MB Ditch member has a strong interest in ensuring that it is adjudicated an adequate consumptive irrigation requirement and project diversion requirement. As important, these interests are implicitly MB Ditch's objective for intervening. Motion ¶ 6; *San Juan County*, 503 F.3d at 1203 ("[R]epresentation is *adequate* when the objective of the applicant for intervention is identical to that of one of the parties."). Moreover, the particular interests expressly identified by MB Ditch are merely corollary and servient to the interests of its

4

individual ditch association members, and are not otherwise the subject of this stream system adjudication and subproceeding.  That is, the purpose of this adjudication is to determine the water rights of each water right claimant as between all water right claimants in the Chama stream system, *not* the operation of the MB Ditch's headgate or the management of its water distribution system.  *See* NMSA 1978, § 72-4-19 (1907) (water adjudications "shall in every case declare, as to the water right adjudged to each party, the priority, amount, purpose, periods and place of use, and as to water used for irrigation . . . the specific tracts of land to which it shall be appurtenant, together with such other conditions as may be necessary to define the right and its priority.").  MB Ditch's interests—headgate operation and water distribution—merely serve the paramount interests of individual ditch members.  MB Ditch's interests are adequately represented because its particular interests are subsumed and fully align with the interests of its members and its objective for intervention is identical.  *See San Juan County*, 503 F.3d at 1203.

*Second*, because MB Ditch's interests are identical to the interests of existing parties, there is a presumption of adequate representation.  *See id.* at 1205-1206; *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("When the proposed intervenors and a party to the suit share the same ultimate objective, a presumption of adequacy of representation arises").  MB Ditch must, therefore, point to a conflicting interest vis-à-vis an existing party to show possible inadequate representation to overcome this presumption.  *Bradley*, 828 F.2d at 1192 (It is the applicant's burden to overcome this [presumption]," by generating a "concrete showing of circumstances in the particular case that make the representation inadequate.").  MB Ditch has made no such showing.

*Third*, the strength of the interests claimed by MB Ditch and the risk of injury are diminishingly small.  In the Tenth Circuit, applying the "practical effect" standard requires

5

"determining whether the *strength* of the interest and the potential *risk of injury* to that interest justify intervention." *San Juan*, 503 F.3d at 1199 (emphasis added). Here, the interest of MB Ditch and risk of injury fall short of the justification required. For example, MB Ditch's interests concerning headgate operation and water distribution are merely a function of the diversion of sufficient water to meet its members' irrigation needs. MB Ditch's interests, if any, are secondary and servient to the *paramount* interests of the ditch members, who are already parties to this action and who all seek the same objective as MB Ditch—to secure adequate water at the points of diversion to meet their consumptive irrigation requirements. Individual water users on the MB Ditch will have an equal, indeed a stronger, interest in ensuring that the project diversion requirement and consumptive irrigation requirement associated with their adjudicated water rights is sufficient to satisfy their rights. Because the interests claimed by MB Ditch in this subproceeding are not directly at issue in this action and necessarily secondary to the *paramount* interests of the individual water users, who will actually be adjudicated a water right, the strength of its interests is insignificant. For the same reason, MB Ditch faces a de minimis risk of injury if denied intervention because every one of its members seeks to assert and protect a more significant, but fully aligned, interest.

## II.     If Intervention is Granted, it Should be Limited in Scope.

Should the Court determine that intervention is appropriate, it should limit the scope of the intervention to only those issues which MB Ditch has established representation is inadequate. *See San Juan County*, 503 F.3d at 1188; *Bradley*, 828 F.2d at 1192. Just as practical considerations are to be considered "in determining whether an applicant can intervene, those same considerations can justify limitations on the scope of intervention." *San Juan County*, 503 F.3d at 1188. If all the elements of Rule 24(a)(2) are met, "the nature of [an intervenor's]

6

'interest' may play a role in determining the sort of intervention which should be allowed—whether, for example, he should be permitted to contest all issues, and whether he should enjoy all the prerogatives of a party litigant." *Id.* at 1196 (quoting 7C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure, § 1908, at 285 (2d ed. 1986)).  Thus, to the extent that MB Ditch's interests are not adequately represented by an existing party, the scope of intervention, if granted, should be limited to only those issues, if any, for which it has established by a "concrete showing" that representation is inadequate. *See San Juan County*, 503 F.3d at 1188; *Bradley*, 828 F.2d at 1192.

CONCLUSION

For the forgoing reasons, the Court should deny MB Ditch's motion to intervene.  MB Ditch's role is more appropriately suited to that of amicus curiae.  But, should the Court grant intervention, it should limit the scope to only those issues with respect to which MB Ditch members cannot adequately address.

Respectfully submitted,

HOLLAND & HART LLP


_____/s/ Adam G. Rankin_____
Mark F. Sheridan
Adam G. Rankin
Post Office Box 2208
Santa Fe, New Mexico  87504-2208
(505) 988-4421
(505) 983-6043 Facsimile
msheridan@hollandhart.com
agrankin@hollandhart.com

ATTORNEYS FOR CHAMA TROUTSTALKERS, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 16th day of July 2012 I filed the foregoing electronically through the Court's CM/ECF system which caused the parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

                */s/ Adam G Rankin*
                Adam G. Rankin