IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.
STATE ENGINEER,

      Plaintiff,

vs.                                              CIVIL NO. 69-7941 BB/LFG

ROMAN ARAGON, et al.,                   RIO CHAMA ADJUDICATION

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER is before the Court on MB Community Ditch Association's Motion to Intervene as a Party Defendant. [Doc. 10832.]

      MB Ditch Community Ditch Association asserts that it has a substantial interest in fulfilling its statutory responsibility to release water into the ditch for the benefit of its members, that disposition of this case will impact its interest, and that none of the existing parties in this matter can adequately represent MB Ditch's interests in operating its headgate and distributing water to its members. MB Ditch further asserts that its intervention in this adjudication will not cause any unnecessary delay nor will it prejudice the rights of any other party.

      Rule 24 of the Federal Rules of Civil Procedure provides for intervention of right and permissive intervention. Under Rule 24(a), Intervention of Right, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Under Rule 24(b), Permissive Intervention, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." "To permissively intervene, a party need not have a direct personal or pecuniary interest in the subject of the litigation." San Juan County, Utah v. United States, 503 F.3d 1163, 1207 (10th Cir. 2007). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Chama Troutstalkers, LLC, opposes MB Ditch's motion to intervene.[1] [Doc. 10842.] Chama Troutstalkers sole argument is that because MB Ditch's interests "are identical to its individual members who are already existing parties," MB Ditch's "interests, if any, are fully and adequately represented by its individual members."

MB Ditch has not demonstrated that it is entitled to intervene as a matter of right. "[A]n applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate." Sanguine, Ltd. v. United States Dep't of Interior, 736 F.2d 1416, 1419 (10th Cir. 1984). MB Ditch makes the conclusory statement that "None of the existing parties in this matter can adequately represent MB Ditch's interests in operating its headgate and distributing water to its members" but does not show that the representation may be inadequate.

The Court will grant MB Ditch's request for permissive intervention. Rule 24(b)(3) requires that the Court consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. The Court may also consider adequacy of representation by existing parties and whether the movant's input is likely to make a useful contribution to the development of factual

---

[1] MB Ditch did not file a reply.

2

and legal issues.  *See* Arney v. Finney, 967 F.2d 418, 421-422 (10th Cir. 1992).  Chama Troutstalkers does not dispute MB Ditch's assertion that allowing MB Ditch to intervene will not cause any unnecessary delay or prejudice the rights of any other party.  Given that the majority of water rights claimants in water rights adjudications are *pro se* parties, the Court expects that the majority, and perhaps all, of the members of the MB Ditch Association will be proceeding without the assistance of counsel.  Consequently, the Court finds that allowing MB Ditch, which is represented by counsel, to intervene may aid the Court in determining the duty of water for the individual members of the MB Ditch and the Project Diversion Requirement for MB Ditch.

The Court will GRANT MB Ditch's Motion to Intervene as a Party Defendant.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge