FILED
at Santa Fe, NM

OCT 17 2012

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRIC COURT

FOR THE DISTRICT OF DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, on the relation
    The State Engineer,

        Plaintiff,

v.

ROMAN ARAGON,   et al,

        Defendants.

Case No. 69cv-07941-BB

Rio Chama Stream System

Section 1 (mainstream)

To: The Honorable Bruce D. Black, District Judge

From: david ortiz, Plebian, Acequia de Chamita

## OBJECTION AND PLEADING TO THE COURT TO DELAY ACTION CONCERNING THE STATES MOTION TO RENEW AND TO LIMIT THIS PLEBIAN (Doc. 10865)

    This plebian david ortiz requests of the court, that decision on the State's Motions be not entered until the Honorable Court has had the opportunity to review the evidence I will submit to the court. Neither should I be limited to the Special Masters Recommendation (Doc. 9546 filed 12/16/2009). I have not been included since I bought this property from Alfredo Salazar in February 1976, including the 1996 Trial and the proceedings that led to it.

1

This plebian contends that the Special Master was in fact given misleading, misinforming and erroneous facts and evidence that caused her to make the recommendation of 1600 for the Acequia de Chamita. Anyone, including myself, would have seen it the same way. To anyone that has any knowledge at all of acequias, this Acequia de Chamita was always considered to be the Acequia that Don Juan de Onate dug on August 11, 1598.

The decision made in my case should reflect the priority date that is given to the Acequia de Chamita by the Court, which is its establishment date. The Acequia came first, then the water and right to irrigate this tract of land, and all tracts of land under this Acequia, of which I am now the owner. I draw my water out of the Acequia. I have the same establishment date as the Acequia. My surface water right is established in the Acequia de Chamita's establishment date.

The Court has not accepted the 1600 date nor should it until it has reviewed all the evidence. I am opposing and contesting the "Stipulation, findings of fact and evidence" presented to the court at the trial in 1996 by Attorney Fred Waltz, and Historians Hordes and Baxter as being unfactual, erroneous and misinforming to the court. Even if they are sincere, they are sincerely wrong.

I must be allowed to enter the court from the inception of the adjudication in 1969 and including the 1996 era.

The State in its rush put its stamp of approval on the fraudulent facts and evidence given to the court in 1996 contends that the Acequia de Chamita Commissioners (2) accepted the 1600 date for the Acequia. I contend now and then that they could not, because the August 11, 1598 establishment, which we called a priority, was in the Acequia By-laws, voted and accepted by a majority of parciantes and that the 2 commissioners do not have authority to change by-laws with only their 2 votes. (Acequia de Chamita By-laws & NMSA 73-2-21). Besides, Attorney

Fred Waltz had already accepted and filed in the court, for the Acequia the 1600 recommendation without notifying the Acequia or its commissioners with a certificate of service or in any form and what they did was of no matter. Two (deceased) of the three commissioners from 1996 were no longer commissioners after 2001.

The State should not be allowed to isolate me from the Acequia of which I have been a parciante for 36 years and a serving commissioner for over a decade, by majority vote of the parciantes including the other 2 commissioners.

The Court should not proceed with an acceptance of the 1600 recommendation for the Acequia de Chamita. It would bias and prejudice my claims of August 11, 1598 for the Acequia de Chamita which irrigates my tract of land. The Acequia and all the parciantes should wind up with the same priority date which corresponds with the Acequia establishment date. I do not claim a date different than the Acequia.

**I am objecting to the 1600 Priority recommendation for the Acequia de Chamita.** However, if that is the priority date given to my Acequia, that is the priority date that I will have, BUT I will still hold to the August 11, 1598 establishment date for my Acequia de Chamita.

And be advised when and if the court offers NOSC for 1600 to the individual parciantes, I will be fighting and organizing as many parciantes to reject it and re-establish the correct and true date of August 11, 1598.

This ignorant plebian is at the mercy of the Court.

Case: 6:69-cv-07941-BB



Respectfully Submitted by Defendant David Ortiz,

*David Ortiz* (signature)
(Signature of Defendant)
David Ortiz, Commissioner/Treasurer

DAVID ORTIZ
(Printed name of Defendant)

PO Box 1082
(Street address or P.O. Box)

San Juan Pueblo, NM 87566
(City, State and Zip Code)

Tract 17

Map 22

Subfile 267

DAVID ORTIZ
PO BOX 1082
SAN JUAN PUEBLO
NM 87566

RECEIVED
AT SANTA FE
OCT 17 2012

ALBUQUERQUE NM 870
12 OCT 2012 PM 4 L

United States District Court
333 Lomas Blvd
Albuquerque, NM. 87102

RECEIVED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
OCT 15 2012
MATTHEW J. DYKMAN
CLERK

MATTHEW J. DYKMAN
CLERK