UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**Clerk's Minutes**
**Before the Honorable Lorenzo F. Garcia**

**CASE NO.** 69cv7941 MV/LFG           **DATE:** 10/25/2012

**TITLE:**   *State of New Mexico v. United States, et al.*

**COURTROOM CLERK:**   M. Woodward

**COURT IN SESSION:**   9: 01 a.m   **COURT ADJOURNS:**  9:58 A.M.   **TOTAL TIME:** 57 min.

**TYPE OF PROCEEDING:**   Pretrial Conference

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**     **ATTORNEYS PRESENT FOR DEFENDANT(S):**

Edward G. Newville, for State of NM         David Ortiz, *pro se,* with Cecilia Ortiz
Dr. John Baxter, State's expert             Eloy Garcia, Mayordomo of Acequia de Chamita

**PROCEEDINGS:**

Court in Session:     9:01 a.m.

Court:        Sets stage for today's pretrial conference. Summarizes critical pleadings concerning the upcoming trial re: the Ortiz's claims. The Court granted State's motion to limit individual objections to those that were timely filed. [Doc. 9700]. In a review process, it was determined that proper notice was not given to 5 of the possible subfile claimants, including David Ortiz and his wife. They were then allowed to file objections. The Ortizes timely objected requesting a priority date of 1598 rather than the date of 1600 as determined by the Special Master. State alleges that acequias were east of the Rio Grande and that acequias on the west side did not commence until 1600. At trial, the claimants, who have the burden of persuasion, must convince the Court that the priority date is 1598. Court asks a number of questions in an attempt to determine how

|  |  |
|---|---|
|  | to efficiently bring this matter to a trial. |
| Court: | Asks for entries of appearances. |
| State: | Represented by Edward G. Newville.  The State's expert, Dr. John Baxter, is present as well. |
| Ortiz: | David Ortiz is present with his wife and the Mayordomo of the acequia. |
| Court: | Explains that Mr. Ortiz is not an attorney but that he can represent himself.  He cannot represent interests of the Acequia de Chamita. |
| Court: | Asks how Mr. Ortiz intends to show an earlier priority date. |
| Ortiz: | Will rely on his own testimony as to the earlier priority date.  Will use historical documents from that time frame. |
| Court: | Explains that the State will offer the testimony of its expert, Dr. Baxter.  Will Mr. Ortiz offer an expert? |
| Ortiz: | No.  His presentation will be limited to mainly his own testimony.  His wife is not familiar with the historical information.  If she is called upon, she will answer she does not know. |
| Court: | There is a pending motion before the Court regarding opinion testimony.  There are two types of testimony - factual and opinion testimony.  Explains the pertinent rule of evidence and how an expert is qualified under the rule.  If motion to preclude opinion testimony is granted, Mr. Ortiz will not be allowed to offer opinions and would be restricted to giving factual testimony. |
| Ortiz: | He thinks he understands this. |
| Court: | The motion will be fully briefed in the next few days and Court will decide it.  Asks Mr. Ortiz if he will rely on documentary evidence.  Will require that |

| | |
|---|---|
| | documents are exchanged prior to trial to mark and hopefully to pre-admit. |
| Ortiz: | Parties have exchanged documents already. His are based on three sources: Villagre, and Treoq (sp), Oñate the Colonizer, written by Hammond. |
| Court: | These documents were given to State. Any others? |
| Ortiz: | There are certain documents already provided to the Court in this matter – secondary sources of archeologists. |
| Court: | The fact that there are pleadings before the Court does not mean they have been accepted/admitted into evidence. What other documents will he present? |
| Ortiz: | Does not have a list. He presented them to the lawyer for the State. |
| Court: | Asks if Mr. Ortiz provided the list to Mr. Newville. |
| Ortiz: | Yes. |
| Court: | Inquires into whether there are objections to Mr. Ortiz's exhibits. |
| Newville: | There will be some objections to some of the documents. There are two documents Mr. Ortiz provided that are very similar to a document filed with the Court in his objections to the Special Master's report, essentially a lengthy argument based on historical sources. Will object to this document since it is more in the nature of the argument prepared by Mr. Ortiz. |
| Court: | Advises Mr. Ortiz that he can make argument but a document containing his argument is essentially hearsay and cannot be admitted as evidence. |
| Ortiz: | Is Mr. Newville referring to Exhibit 1 and 2? |
| Newville: | Yes. |
| Ortiz: | This started in the early 1990s and he is now trying to bring everything up to date. He intends to presents historical facts to the present through these |

|  |  |
|---|---|
|  | exhibits. |
| Court: | That is not the point. Are your exhibits a summary of your argument? |
| Ortiz: | He is not sure. Within the exhibits, there are references to historical information. |
| Court: | Understands that Mr. Ortiz prepared a document that is drawn from historical documents. Is it similar to a legal brief? |
| Ortiz: | Does not know. |
| Court: | Asks Mr. Newville for a copy of this document. |
| Newville: | Submits it to the Court for review. |
| Court: | Reviews document. Ex. 1 is a narrative written by Mr. Ortiz, purporting to summarize the history of the acequia and citing various sources of legal authority in support of his narrative. Same is true for Ex. 2, which is a narrative and comments on the Special Master's report, findings of fact, ordinances. The Court concludes that these two exhibits do not constitute proper evidentiary exhibits. Mr. Ortiz is free to present his testimony and oral argument. However, Exhibits 1 and 2 do not constitute proper exhibits and will not be admitted as evidence. |
| Newville: | Does not have his list of the exhibits, but there are a number of historical documents to which the State does not object. There are also other documents that the State believes are irrelevant, and it would object to those documents. Apologizes that he does not have list. Did not anticipate going through the list today. Would object on grounds of relevancy to a document concerning Mr. Ortiz's genealogy, a document containing a resolution of the NM legislature, |

|          | |
|----------|---|
|          | and the current rules of the Chamita acequia. The State does not believe these three documents have any probative value. There is also an archeological report that does not provide relevant information as to when the acequia de Chamita was first placed under construction. |
| Court:   | Does not have the report and is unsure about the admissibility of the archeological report. One issue in this matter is when the acequias, east or west on the Rio Grande, were first constructed/used. |
| Newville: | Archeological report is useful. Establishes there was a large Spanish colony on the west side. But, anything in the report and particularly the assumptions by the archeologist are not evidence that is probative of the particular issue. |
| Court:   | Did Dr. Baxter consider this report? |
| Baxter:  | No. |
| Newville: | State has no objection to the report as background with exception of the archeologist's assumptions or opinions as to when acequia created. |
| Court:   | Summaries – State does not object to facts in the report, but does object to opinions in the report, is this correct? |
| Newville: | Yes. |
| Court:   | Asks Mr. Ortiz for his view regarding the archeology report. |
| Ortiz:   | Does not agree. Believes there are opinions that are relevant in the report. |
| Court:   | There is no objection to the report as to facts it presents. As to the genealogy, resolution, and rules and regulations of acequia - Court will withhold a ruling now and review those materials at the time of trial. Will allow admission of archeology report with limitations as to opinion testimony. |

| | |
|---|---|
| Newville: | Does not recall other exhibits on Mr. Ortiz's list. Tendered State's list of 24 exhibits to Mr. Ortiz, consisting of excerpts from historical treatises, copies of original historical documents, translations of the documents, discussions by historians on the events surrounding initial colonization, Dr. Baxter's expert report, and a copy of his resume. Ortiz has made objections to 5 or 6 of the documents. |
| Ortiz: | Does not have the list of the objections. He told Mr. Newville that he could admit the evidence. |
| Court: | Clarifies that Mr. Ortiz has no objection to the State's list of exhibits. Thus, State's exhibits will be admitted. Mr. Ortiz has withdrawn objections. |
| Court: | Mr. Ortiz will limit his evidence to his own testimony and documents that are admitted. What is State's evidence? |
| Newville: | Will call Dr. Baxter. This is the State's only witness. Will be tendered as historical expert who has made a detailed, thorough investigation regarding first few years of Spanish colonization. Will describe original documents available, letters, documents prepared with original settlement of the colonists from 1598. Will give his opinions as to inferences drawn from those documents. Will testify as to questions surrounding the original settlement that have been debated for a quite long time. There is no unanimous opinion as to site of original occupation. Some individuals have published treatises and reports discussing these questions. Some materials are in exhibits of the State's and some are in Mr. Ortiz's exhibits. Dr. Baxter will testify as to whether or not he agrees with conclusions of earlier historians, and about the strengths and |

|  |  |
|---|---|
|  | weaknesses of their analyses. |
| Court: | Will Dr. Baxter offer an ultimate opinion as to priority date of the acequia? |
| Newville: | Yes, will offer opinion on the key factual questions – when the occupation of San Gabriel most likely first took place, when acequia construction occurred, and the location of the ditch that is mentioned in one of the earliest historical documents made at that time. |
| Court: | Mr. Ortiz, you may object to the opinions, but do you have objections to qualifications to Dr. Baxter being tendered as an expert?  Explains Rule 702 to Mr. Ortiz. |
| Ortiz: | No does not object to his qualifications as long as he can cross-examine him. |
| Court: | Determines Dr. Baxter will be offered as an expert, without objection.  Asks about time needed for presentations. |
| Newville: | Will need about 2 to 3 hours. |
| Ortiz: | Probably will do it in an hour. |
| Court: | Believes he might need more time based on what he has discussed already. |
| Ortiz: | Believes the documents are rather clear. |
| Court: | Asks parties for estimates of how long the trial will take.  Will set this for trial for no less than one day and reserve a maximum of two days although Court does not anticipate it going this long. |
| Ortiz: | He did make a report to Dr. Baxter's report, and Mr. Newville objected to Mr. Ortiz's report.  Wants to present his own report as an exhibit. |
| Newville: | Believes this is another narrative. |
| Court: | Is this similar to exhibits one and two? |

| | |
|---|---|
| Ortiz: | It is a response to Dr. Baxter's report. |
| Court: | Ortiz is free to cross-examine Dr. Baxter, but his written objections themselves are not admissible. He can use his written report as a guide in cross examining Dr. Baxter.  Does Mr. Ortiz have other concerns to raise? |
| Ortiz: | Wondered if the trial could be held in Santa Fe. |
| Court: | Would be an excellent idea but there are logistical obstacles. There is a single courtroom in Santa Fe to accommodate civil and criminal matters. There is a small hearing room too, often used for settlement. The large courtroom is shared by two judges and it is very difficult to schedule hearings in the one courtroom. This Court explains its difficulties in scheduling that courtroom in a previous matter. Will explore the possibility with the Chief Judge, but it is quite likely the Court will not be able to accommodate this request. In that case, the trial will take place in Albuquerque in the Pecos courtroom. Any other matters to raise? |
| Ortiz: | Concerning copies of exhibits that they should present to the Court, how many copies does the Court need? |
| Court: | Each side should prepare an exhibit notebook in a 3-ring binder - one copy for the Court, for opposing counsel, one for litigant himself and one for court reporter. Each party then should prepare four notebooks of exhibits. The binders should be tabbed with each exhibit tabbed separately. |
| Ortiz: | Asks about exhibits that were not admitted. |
| Court: | Can include the exhibits in the notebook and the Court will decide those matters at trial. But the Court is hard-pressed to see how certain described exhibits, like |

|  |  |
|---|---|
|  | the New Mexico legislative resolution, would assist the Court in reaching a conclusion. A resolution does not rise to the level of a law and is not the same thing as a historical fact. Most likely, would not admit the resolution into evidence. Does not know how rules and regulations of acequia would assist Court in deciding the issue of the priority date. Reviews Rule of Evidence 401 with Mr. Ortiz. If proposed exhibit meets that test, it could be admitted. Can still include these documents as proposed exhibits in the binder. If Court does not find them relevant, they will be removed from the binders for purposes of the record. |
| Court: | Reviews State's objections to five exhibits that Mr. Newville can recall – Exhibits 1, 2, genealogy, rules and regs, and legislative resolution. Will admit archaeology report as discussed. |
| Newville: | Tried to prepare a Pretrial Order. They agreed on most things in the Order, but counsel has questions. Conferred on all exhibits. What about filing a consolidated exhibit list? An exhibit list containing documents to which there are objections and another exhibit list that contains authentic exhibits but to which there are objections? |
| Court: | Because there are some documents to which there are objections, it is difficult to say. Should follow the format – list of exhibits that are agreed to; exhibits to which there are still objections (list and state basis of objection). |
| Ortiz: | Asks if they are all in one binder or separate binders? |
| Court: | They are in one binder but they should include an index of exhibits showing which ones have objections and which do not. Recommends Mr. Ortiz mark his |

|  |  |
|---|---|
|  | exhibits alphabetically and that the State mark its exhibits numerically. |
| Newville: | Offers Pretrial Order drafted thus far. |
| Court: | Has not set this for trial yet, but would like to schedule it rather quickly. Are there upcoming blocks of time that would preclude the date of this trial? |
| Ortiz: | His schedule is open. |
| Newville: | Has some personal matters scheduled in first part of November. After Thanksgiving, he is available. |
| Court: | Will look at schedule. |
| Baxter: | Has matters scheduled around both holidays coming up. |
| Court: | That is fine. There is a motion in limine that Plaintiff filed. Is this the opinion motion? |
| Newville: | Yes. State does not intend to file a reply. Court can rule on motion with the response. |
| Court: | Will work on motion. Form of PTO looks fine and it will be filed. |
| Newville: | Wishes to bring up another matter – the problem that Mr. Ortiz has described in intending to make his arguments to the Court. The State, therefore, filed the motion in limine. The State does not want to preclude Mr. Ortiz from making his arguments but Mr. Ortiz must do so within the rules of procedure and evidence. One way that might make this easier is to file a post-trial brief in support of requested findings of fact. |
| Court: | Will take this suggestion under advisement. Likes to make own findings, but will entertain the request at the close of evidence. Does not anticipate the need for a trial brief, but parties may submit a brief if they feel it is necessary. |

|  |  |
|---|---|
|  | Believes the Court already dealt with problem of Mr. Ortiz's written narrative briefs.  The Court did not admit those narratives into evidence. |
| Court: | Adjourns, 9:58 a.m. |