**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO ex rel.
STATE ENGINEER,

        Plaintiff,

vs.                                                      CIVIL NO. 69-7941 MV/LFG

ROMAN ARAGON, et al.,                        RIO CHAMA ADJUDICATION

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION IN LIMINE**

THIS MATTER is before the Court on the Motion In Limine by State of New Mexico to Prohibit Opinion Testimony by David Ortiz. [Doc. 10867]. The Court considered the Motion and Mr. Ortiz's Response [Objections] [Doc. 10870]. Oral argument is not necessary.

The State filed its Motion in Limine asking the Court to prohibit opinion testimony by Mr. Ortiz "concerning the first Spanish settlement in New Mexico at the Pueblo of San Juan (1598-1602) in hearings on the disputed priority of the water rights in subfile 267 (tract 22.17)." [Doc. 10867]. In support of its motion, the State argues that Mr. Ortiz is not a qualified expert, has not identified a qualified expert, cannot offer opinions based on events outside his own perception, and cannot offer opinions based on specialized knowledge such as interpretation of the historical record in this case.

The Court held a pretrial conference on October 25, 2012. [Doc. 10871]. During the pretrial conference, David Ortiz, appearing *pro se*, stated that he will not offer an expert witness, and that his presentation during the trial will be limited to his own testimony and documentary evidence. In his response to the motion, Ortiz states that he will not offer his opinion. Instead, he writes, "Let

the evidence speak for me." [Doc. 10870 at 2]. In his response, Mr. Ortiz further notes that he does not claim to be an expert historian. [Doc. 10870 at 2].

In judicial proceedings, testimony from two sources is recognized: experts and lay witnesses. Fed. R. Evid. 702, 701. When a witness has been qualified as an expert in a particular discipline, as a result of specialized training, skill, education or experience, the witness may offer opinion testimony. The expert's opinion must be based on sufficient facts or data; it must be the product of reliable principles and methods, and the expert must have reliably applied the principles and methods to the facts. Fed. R. Evid. 702.

A lay witness is different. A lay witness testifies as to facts, observations and perceptions. Fed. R. Evid. 701. The use of lay opinion testimony is significantly limited. Fed. R. Evid. 701.

## Analysis

Because Mr. Ortiz is not a qualified expert, his testimony at the trial will be governed by Rule 701 of the Federal Rules of Evidence. The Rule provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Although Rule 701 allows for opinion testimony by lay witnesses, such opinion testimony is "considered to be a shorthand statement of the facts that the witness observed." 4 Jack B. Weinstein, M. McLaughlin & Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE, § 701.02 (2d Ed. 2012). Rule 701 does not allow a lay witness to offer opinion testimony regarding facts or events that the

2

witness did not personally perceive.  Because Mr. Ortiz will be testifying as a lay witness and did not personally observe the construction of the Acequia de Chamita, he cannot offer his opinion of when the acequia was constructed.  Mr. Ortiz may offer documentary evidence regarding the construction date of the acequia, and, as he noted in his response, the evidence will speak for him.

    The Court will GRANT the State's Motion In Limine to Prohibit Opinion Testimony by David Ortiz.

    IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge