IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
At Albuquerque NM

NOV 2 1 2012

MATTHEW J. DYKMAN
CLERK

STATE OF NEW MEXICO, *ex rel.*
State Engineer

        Plaintiff,

    vs.

ROMAN ARAGON, *et al.*,

        Defendants.

69cv07941-MV/LFG

RIO CHAMA STREAM SYSTEM
Section 1: Chama Mainstream

Acequia de Chamita
Subfile No. 267

## PRETRIAL ORDER

    This Order is entered pursuant to Fed.R.Civ.P. 16 following a pretrial conference held on

October 25, 2012 in Albuquerque, New Mexico in connection with the disputed water rights claims

of David M. Ortiz and Cecilia S. Ortiz ("Defendants") as to the priority of water rights described in

Subfile No. 267 under the Acequia de Chamita. The Court enters this order to guide the pretrial and

trial proceedings between the Plaintiff State of New Mexico ("State") and the Defendants.

    The failure to comply with these and any other pretrial provisions may result in the entry of

a default order that incorporates the State's proposed priority date (1600).

## I.    SCOPE OF PROCEEDINGS

    This is an individual and limited subfile proceeding to determine the priority date of the

surface water rights appurtenant to Tract 22.17 owned by Defendants and described in Subfile No.

267. *See Notice and Order to Show Cause* filed December 13, 2011 (Doc. 10669); *Objection and*

*Response to Notice and Order to Show Cause* filed December 19, 2011 (Doc. 10672); *see also*

*Objection and Response to NOSC* filed January 11, 2012 (Doc. 10680). The State and the above

named Defendants are the only parties to this action, and are the only parties that may participate at a hearing to determine the priority date of these water rights. *See Order* filed August 25, 2011 (Doc. 10537) at 2-3. In this limited subfile proceeding, the Defendants will only be allowed to contest the priority date offered by the State for the water rights appurtenant to Tract 22.17 owned by Defendants and described in Subfile No. 267.

The State is represented by Special Assistant Attorney General Edward G. Newville.

Defendants David M. Ortiz and Cecilia S. Ortiz are proceeding pro se. In the event the Defendants retain counsel to represent them in these proceedings, they shall promptly notify the Court and the State and their attorney shall enter his or her appearance in the record.

## II.    BURDEN OF PROOF

The Defendants have the burden of proving their claims as to the priority date of the water rights appurtenant to Tract 22.17 in Subfile No. 267. If Plaintiffs fail to meet or carry their burden of proof, the Court shall enter an Order that assigns a priority of 1600 to these rights.

## III.   STIPULATIONS AND CONTENTIONS

The parties stipulate and agree that venue is properly laid in this District, and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties stipulate to the following facts:

*In 1598, Don Juan de Oñate led a large expedition out of San Bartolomé in present Chihuahua to establish a permanent settlement in New Mexico.*

### A.    PLAINTIFF'S CONTENTIONS:

*The Oñate expedition arrived at present San Juan Pueblo (now Ohkay Owingeh) on July 11, 1598. On August 11, 1598, with the assistance of 1,500 Pueblo Indians, Oñate, began work on an acequia for a new city to be called "San Francisco de los Españoles." The acequia constructed by Oñate in 1598 was located on the east side of the Rio Grande near the present site of San Juan Pueblo. Sometime between the spring of 1598 and the summer of 1600 , the Spanish settlers moved across the Rio Grande and*

*established a new settlement at the pueblo of San Gabriel or Yunque-Yunque. The new settlement was located in the area now known as Chamita. The settlers promptly established an irrigation system  constructing an acequia that diverted water for irrigation purposes from the Rio Chama. The tract of land now owned by David and Cecilia Ortiz (Tract 22.17 under the Acequia de Chamita) was first placed under irrigation at that time (1600).  The priority date of the irrigation water rights appurtenant to Tract 22.17 is 1600.*

**B.    DEFENDANTS' CONTENTIONS:**

*The Onate advance army and carts arrived on July 11, 1598, at a cluster of Indian Pueblos called Okhay Owingeh which they named San Juan, who have now gone back to their original name, Okhay Owingeh. On August 11, 1598, Onate wrote in his itinerary, "we began work on the irrigation ditch for the city of our father, Saint Francis. Some fifteen hundred barbarian Indians gathered on this day and helped us with our work."*

*The Acequia constructed by Onate on the 11th, (August, 1598) was located in the 400 house Owingeh Indian Pueblo, which they occupied on the west bank of the Rio Grande. The Acequia irrigation waters were taken out of the Rio Chama as they still are today. (10/23/12)*

*The tract of land now owned by David and Cecilia Ortiz (State map 22, tract 17) was irrigated by the Acequia established on August 11, 1598, and still is today. The Acequia came first. We draw our water to irrigate our lands out of the Acequia.*

*Therefore if a priority date is to be assigned to our Acequia and our land, they should be the same. It should be the establishment date, August 11, 1598.*

**IV.   DISCOVERY**

Reports from retained experts under Rule 26(a)(2) were due no later than March 15, 2012.

Discovery closed on July 15, 2012.

**V.    MOTIONS**

Pending Motions:

> A. Plaintiff   Motion in Limine (Doc. 10867, filed 10/11/12)
>                Response (Doc. 10870, filed 10/19/10)

> B. Defendants ___None_____

Motions that may be filed:

> A. Plaintiff - ___None_____

B. Defendants    None

## VI.    ANTICIPATED WITNESSES

A. Plaintiff's Witnesses:

1.    Dr. John O. Baxter

B. Defendants' Witnesses:

1.    David M. Ortiz

## VII.    TRIAL PREPARATION

### A. Exhibits.

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits to which there are objections" no later than    20    calendar days before trial.  The list of exhibits to which there are objections shall briefly state the nature of the objections.   In addition, two courtesy copies of the uncontested and contested exhibit lists must be delivered to the judge's chambers.

The parties will also deliver to the judge's chambers two (2) sets of each party's proposed trial exhibits in a tabbed binder, together with an index, no later than    10    calendar days before trial.

All exhibits must be marked before trial.  The State's exhibits shall be marked and tabbed numerically.  The Defendants' exhibits shall be marked and tabbed alphabetically.  The identification number or letter will remain the same whether the exhibit is admitted or not.

### B.    Witness Lists.

Each party's witness list must be filed with the Clerk and served on all parties by **Jan. 22,**

<u>    2013           </u>, <s>2012</s>.

    **C.**      **Submissions for Bench Trials.**

The parties must each submit to the judge's chambers proposed findings of fact and conclusions of law no later than <u>     10          </u> calendar days before trial.

If requested, the parties shall submit the findings of fact and conclusions of law in a format compatible with Word Perfect or Word as directed.

**VIII.**   **OTHER MATTERS**

    **A.**      **Settlement Possibilities.**

The possibility of settlement in this matter is considered poor.

    **B.**      **Length of Trial and Trial Setting.**

        1.      This action is a bench trial

        2.      This matter is set for trial on <u>**February 11, 2013**     </u> <s>2012</s>. If there is no setting, the parties estimate that they will be ready for trial by <u>              </u> <u>                              </u>, 2012.

        3.      The estimated length of trial is <u> one (1) </u> day.

**IX.**   **MODIFICATIONS – INTERPRETATION**

This Pretrial Order when entered controls the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

The forgoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this <u>  1st   </u> day of <u>  November   </u>, 2012.

                                     <u>   /s/ Ed Newville                      </u>

EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444

_____telephonic approval 11/01/2012_____
DAVID M. ORTIZ, pro se
P.O. Box 1082
San Juan Pueblo, NM 87566
(505) 852-2465

_____telephonic approval 11/01/2012_____
CECILIA S. ORTIZ, pro se
P.O. Box 1082
San Juan Pueblo, NM 87566
(505) 852-2465

Dated: _____Nov. 21, 2012_____

_____Lorenzo F. Garcia_____
LORENZO F. GARCIA
UNITED STATED MAGISTRATE JUDGE