IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer<br><br>    Plaintiff,<br><br>vs.<br><br>ROMAN ARAGON, *et al.,* | 69cv7941-MV/LFG<br><br>RIO CHAMA STREAM SYSTEM<br>Section 3, Rio Nutrias<br><br>Subfile No. CHNU-002-0014 |

**PROCEDURAL AND SCHEDULING ORDER
TO RESOLVE THE *INTER SE* OBJECTIONS
OF FILIBERTO AND DOMITILIA L. ULIBARRI**

This Order is entered pursuant to Fed.R.Civ.P. 16(b) in connection with the *inter se* objections of Filiberto and Domitilia L. Ulibarri to the proposed decree of water right of Lucia A. and Robert J. Montoya in Subfile CHNU-002-0014.

The Court enters this order to guide the pretrial proceedings between Defendants Filiberto and Domitilia L. Ulibarri, and Defendants Lucia A. and Robert J. Montoya ("the Parties").

The Ulibarris are represented by Mr. John W. Utton. The Montoyas are *pro se*. In the event that the Montoyas retain counsel to represent them, they shall promptly notify the Court and their attorney shall enter his or her appearance in the record.

**I.    SCOPE OF PROCEEDINGS**

Because this is a proceeding to resolve the objection of one water right owner to the proposed decree of water right of another owner, the State of New Mexico is not required to participate in the pretrial proceedings, nor is the State required to participate in any hearing to resolve the *inter se*

objection.

The only defendants that may participate in a hearing to resolve the Ulibarris' *inter se* objections will be the Ulibarris and the Montoyas.

All persons having water rights in the Nutrias Subsection of Section 3 will be bound by the outcome of the proceedings to resolve the Ulibarris' *inter se* objections.

The sole issue to be determined in this *inter se* proceeding is the validity, nature and extent of the water rights described in the Consent Order entered on April 10, 2002 (Doc. No. 6649) in Subfile CHNU-002-0014. Disputes concerned with boundaries, easements or access are not within the scope of these adjudication proceedings.

**II.   BURDEN OF PROOF**

Filiberto and Domitilia L. Ulibarri have the burden of proving their claims and objections to the proposed decree of water right of Lucia A. and Robert J. Montoya in Subfile CHNU-002-0014.

**III.   DISCOVERY**

Discovery begins immediately. The Parties shall adhere to the Fed.R.Civ.P. 26 requirements of liberal, continuing and voluntary disclosure. No later than **April 15, 2013**, the Parties shall make the following initial disclosures to the opposing party.

    (A)    the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses;

    (B)    a copy, or description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses.

Discovery shall be completed by **July 15, 2013.** Service of interrogatories, requests for admission, or requests for production shall considered timely only if the responses are due prior to that date. A notice of deposition shall be considered timely only if the deposition occurs prior to that date.

IV.     **PRETRIAL DISCLOSURES**

The Parties shall disclose in writing the identity of any person to be used at trial to present expert witness testimony no later than **May 15, 2013.** The Parties shall adhere to Fed.R.Civ.P. 26(a)(2)(B), and the disclosure shall be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding four years.

Rebuttal expert witnesses, if any, shall be identified within 30 days of the disclosure of expert witnesses. The disclosure of rebuttal expert witnesses shall be accompanied by a report conforming to the requirements set out above for expert witness reports.

No later than **August 15, 2013**, the Parties shall provide the opposing party and promptly file with the Court a list of the following information regarding evidence that it may present at trial, other than evidence used solely for impeachment:

(A)     the name, address and telephone number of each witness, including rebuttal witnesses, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    (B)    the designation of those witnesses whose testimony a party expects to present by means of deposition, and the identification of the page number and line number of the deposition testimony the party expects to present.

    (C)    identification of each document or other exhibit, separately identifying those which the party expects to offer and those which the party may offer if the need arises.  **Copies of all such exhibits shall be provided to opposing parties by this date, but not filed with the Court.**  For oversize exhibits or exhibits that are difficult to reproduce, the original may be made available for inspection upon request of the opposing party.

The Parties shall promptly file a certificate of service of the completion of the disclosures in Sections III and IV with the Court.

Except for rebuttal witnesses the need for whose testimony cannot be anticipated, no witnesses will be permitted to testify, and no exhibits or other evidence may be introduced at trial, unless disclosed according to the deadlines set out above.  Extensions of time, or changes to discovery or disclosure deadlines shall be approved in advance by the Court.

Any dispositive motion, motion in limine or objections to proposed exhibits, together with a brief statement of the grounds thereof, shall be served on opposing parties and filed with the Court no later than **September 15, 2013**.  Other than objections under Fed.R.Civ.P. 403, objections not so disclosed are waived unless excused by the Court for good cause and the exhibits will be deemed admitted by stipulation.

V.    **PRETRIAL CONFERENCE.**

The Court will hold a pretrial conference at a time and place to be announced.  Prior to holding a pretrial conference, the Parties shall meet to discuss a consolidated exhibit list and exhibits to be used

at trial. The Parties shall be prepared to discuss hearing dates, anticipated length of trial, and any objections to proposed exhibits at the pretrial conference.

VI.  **SERVICE BY CLERK OF THE COURT.**

Pursuant to the Court's February 4, 2013 *Order* (Doc. 10891), the Clerk of the Court shall mail a copy of this order to following *pro se* parties:

>   Lucia A. Montoya
>   Robert J. Montoya
>   P.O. Box 244
>   Tierra Amarilla, NM 87575.

**IT SO ORDERED**

>                                                       _____
>                                                       Lorenzo F. Garcia
>                                                       United States Magistrate Judge