IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO, *ex rel.* | ) | |
| State Engineer | ) | |
| | ) | |
| PLAINTIFF, | ) | 69cv07941 JEC-ACE |
| | ) | |
| v. | ) | RIO CHAMA STREAM SYSTEM |
| | ) | Section7: Tierra Amarilla, |
| RAMON ARAGON, *et al.* | ) | Rio Brazos, Rutheron & Plaza |
| | ) | Blanca, Cañones Creek, Village of |
| DEFENDANTS. | ) | Chama |
| | ) | |

## MB COMMUNITY DITCH ASSOCIATION'S
## RESPONSE TO MOTION REQUESTING SENIOR PRIORITY CALL BY
## ACEQUIA DE CHAMITA PARCIANTES BY ACEQUIA SPOKESMAN, DAVID ORTIZ

THE MB Community Ditch Association, a New Mexico political subdivision ("MB Ditch"), through its undersigned counsel, hereby submits its Response to the Motion Requesting Senior Priority Call ("Motion") filed on behalf of certain parciantes of the Acequia de Chamita by David Ortiz as follows:

Although the Motion was submitted by Mr. David Ortiz on behalf of a number of individuals who appear to be parciantes of the Acequia de Chamita ("Acequia"), the Acequia itself is not a party to the Motion, nor is the Motion accompanied by a vote or resolution of the Acequia authorizing the issuance of a priority call. Nevertheless, the Motion requests a priority call on behalf of the entire Acequia.

Aside from this procedural irregularity, the Motion cannot prevail because Mr. Ortiz is not an attorney licensed to practice law in the State of New Mexico. The Acequia de Chamita, like all acequia associations in the State of New Mexico, has characteristics of both a corporation and a public body. *See* NMSA 1978, § 73-2-11 (all community ditches or acequias shall for the

purposes of this article be considered as corporations or bodies corporate); *Wilson v. Denver*, 125 N.M. 308, 320, 961 P.2d 153, 165 (1998) (a statutory ditch association is a hybrid between a corporation and a public body).

In both state and federal courts, an individual has the right to represent himself, if he so chooses.  18 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").   However, an individual does not have the right to represent others, or an acequia association of which he is a member, without a license to practice law.  *See generally*, *State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 85 N.M. 521, 523, 514 P.2d 40, 42 (1973); *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970) ("the requirement that only licensed lawyers may represent others in court is a reasonable rule that does not offend any constitutional guarantee").   In federal court, it is well established that business entities, including corporations, must be represented through counsel. *See, e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03, 113 S. Ct. 716, 718, 121 L. Ed. 2d 656 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.,* 39 U.S. 60, 65, 10 L. Ed. 354 (1840)  ("[A] corporation cannot appear but by attorney...."); *Osborn v. Bank of the U.S.*, 22 U.S. 738, 830, 6 L. Ed. 204 (1824)  ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001)  ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

Mr. Ortiz is a self-described representative of the parciantes of the Acequia de Chamita, but he is not a licensed attorney.[1] As such, he is not legally qualified to represent the interests of the Acequia de Chamita, and the Motion must fail.

Even if Mr. Ortiz had the authority to file a Motion on behalf of the Acequia, the Motion fails to allege any facts demonstrating that a priority call is necessary.  The Motion does not allege that the Acequia has experienced any shortages of water, nor does it include any facts that would support an inference that a shortage of water is imminent.

A priority call is an injunction sought by a senior water user against upstream water users with junior priority dates.  An applicant for injunctive relief must demonstrate that irreparable harm is likely unless the injunction is granted.   Fed R. Civ. P. 65; *O'Shea v. Littleton*, 414 U.S. 488, 499, 94 S. Ct. 669, 678, 38 L. Ed. 2d 674 (1974).  "[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury." *Id.*

The Motion does not contain specific facts in an affidavit or a verified complaint that "clearly show that immediate and irreparable injury, loss, or damage will result" unless a priority call is issued.   Fed. R. Civ. P. 65(b).  The Motion does not allege that the Acequia has experienced any shortages, and contains no facts sufficient to support the conclusion that shortages are likely unless the Motion is granted.  At most, it vaguely conjectures that shortages experienced by junior water users on the Chama River will somehow result in shortages to the Acequia.  The possibility of a shortage at some point, without anything further, is not sufficient to support the Movant's burden of proof.  As a result, the Motion should be denied.

Even if the mechanism for implementing a priority call were in place for this year, doing so at this point, when the irrigation season is already almost over, would be futile. *See State ex*

---

[1] Nor is Mr. Ortiz an officer, commissioner, or employee of the Acequia de Chamita.

*rel. Cary et al. v. Cochran et al*., 138 Neb. 163, 292 N.W. 239 (Neb. 1940) (Holding that under the "futile call" doctrine, downstream a senior user cannot force an upstream junior to release water in the absence of proof it would arrive at the senior user's point of diversion in usable quantities.).   The Motion fails to state that many of the upstream irrigators, including the MB Ditch, have already or will soon have finished irrigating for the year.   Furthermore, many of the upstream acequias, including members of the Acequias Norteñas and the Rio Chama Acequia Association, have already implemented voluntary rotations and curtailment measures to reduce their water use.   These voluntary measures are already aimed at giving the precise relief requested by the Motion – producing more water in the river for senior users.   Implementing a priority call would merely duplicate the efforts that have already been undertaken on a voluntary basis.

For the foregoing reasons, the MB Ditch respectfully requests that the Motion Requesting Senior Priority Call by the Acequia Parciantes by Acequia Spokesman, David Ortiz, be denied.

Respectfully submitted,

LAW & RESOURCE PLANNING ASSOCIATES,
*A Professional Corporation*

By: _____
      Charles T. DuMars
      Catherine R. Robinson
      Attorneys at Law
      Albuquerque Plaza, 201 3rd Street NW, Ste. 1750
      Albuquerque, NM 87102
      (505) 346-0998 / FAX: (505) 346-0997

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 5th day of August, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel reflected on the Notice of Electronic Filing to be served by electronic means.

Charles T. DuMars