IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer,  )<br>)<br>Plaintiff,                                         )<br>)                                                                 )   69cv07941-MV/LFG<br>     -v-                                                    )<br>)   RIO CHAMA STREAM SYSTEM<br>RAMON ARAGON et al.,                       )<br>)<br>Defendants.                                        )<br>                                                                 ) | |

## RESPONSE
## OF THE ASSOCIACIÓN DE ACÉQUIAS NORTEÑAS DE RIO ARRIBA
## TO MOTION FOR PRIORITY CALL

The Associación de Acéquias Norteñas de Rio Arriba, on its own behalf and on behalf of its members, files this response to the *Motion Requesting Senior Priority Call by the Acequia de Chamita Parciantes by Acequia Spokesman, David Ortiz* (Doc. 10933) (the "*Motion*"). The Motion should be denied.

The Motion asks the Court to take the drastic step of cutting off upstream ditches even though movants fail to demonstrate any need for additional water. Before a senior ditch can deny the rights of other ditches to divert water, the senior must show inadequate flow to exercise its own right. *See Bounds v. D'Antonio*, NMSC No 32,713 filed July 25, 2013 at ¶ 45 (a water user who is able to show actual or impending impairment can make a priority call against junior users). As the State has shown, flows on the Rio Chama have been sufficient throughout the summer to satisfy the full diversion right of the Chamita Ditch. *See Response of the State of New Mexico to the Motion Requesting Senior Priority Call by the Acequia de Chamita Parciantes by Acequia Spokesman, David Ortiz* (Doc. 10933) ("*State's Response*"). Thus, movants provide no basis under New Mexico law to justify a priority call. *See State ex rel. Office of State Engineer*

*v. Lewis*, 2007 -NMCA- 008, ¶ 51, 141 N.M. 1, 16, 150 P.3d 375 (2006) (priority calls are not contemplated or required as long as the required minimum amount of water is supplied).

Moreover, it is apparent that the maximum diversion rate claimed by the Chamita Ditch of 18 CFS is not necessary for the ditch to fully exercise its right and allow full beneficial use of water by its parciantes. In the hottest and driest part of the summer, the ditch only diverted 8-12 cfs. *State's Response* at 3 and Exhibit 1. As the State points out, the maximum diversion rates calculated by the water master for the Chamita Ditch assume conditions that do not exist at this time: irrigation requirements for the month of maximum demand (July); lack of any precipitation to assist in meeting crop demands; and irrigation of all acreage under ditch. *State's Response* at n.1. The monthly consumptive irrigation requirement for August and the remaining months of the irrigation season do not justify the maximum diversion rate. At the same time, northern New Mexico is currently experiencing an above-average monsoon season. Finally, the Chamita Ditch does not assert that all of the lands under ditch are currently under irrigation. Movants concede the ditch has not diverted 18 cfs in 50 to 60 years, instead "running at the most 14 CFS and probably averaging about 10-11 CFS in all those years." *Motion,* Exhibit A.

Even if flows of the Rio Chama dropped to a level precluding the Chamita Ditch from diverting continuously at its historic maximum rate, that fact does not automatically entitle the ditch to make a priority call. As recognized by the Court in *Bounds*:

> the priority doctrine [in the New Mexico Constitution] is not a system of administration. It does not dictate any particular manner of administration of appropriation and use of water or how senior water rights are to be protected from junior users in time of water shortages.

NMSC No 32,713 filed July 25, 2013 at ¶ 8 (quoting Court of Appeals in *Bounds v. State*, 2011-NMCA-011, ¶ 45, 149 N.M. 484, 252 P.3d 708). Similarly, in the *Lewis* case the Court held:

> We do not find in the language of the Constitution or the [Pecos] Compact an exclusive right to a priority call. The relevant provisions do not by their terms require strict priority enforcement through a priority call when senior water rights are supplied their adjudicated water entitlement by other reasonable and acceptable management methods.
> 
> Thus, although priority calls have been and continue to be on the table to protect senior users' rights, such a fixed and strict administration is not designated in the Constitution or laws of New Mexico as the sole or exclusive means to resolve water shortages where senior users can be protected by other means.

*Lewis*, 2007 -NMCA- 008, at ¶¶ 38-39, 141 N.M. at 12, 150 P.3d at 387. Over recent decades, New Mexico state law has closely tied beneficial use of water to the requirement of its conservation. *See, e.g.,* NMSA 1978, § 72-5-5 (1985), § 72-5-7 (1985), § 72-12-3 (D) (1985), 72-12B-1(C) (1985). Especially when water is in short supply, a senior ditch must show that it is fully beneficially using and not wasting water before it can seek curtailment of other ditches. If water management tools are available, such as rotation of water, that can simultaneously conserve water while meeting the needs of senior ditches, those tools should be adopted in place of strict priority enforcement. *See Beck*, Water and Water Rights, §12.02(E) at 12-69 (Rel. 3-1/2012) ("Today, if not in earlier times, a strong argument can be made that not working out a system of rotation and other elements of sharing [compared to strict priority administration] would constitute waste, and that it would be unreasonable because it would not be putting the water to its fullest potential use.")

The Chamita Ditch has chosen not to participate in shortage sharing adopted by other acequias on the Rio Chama. This summer other members of the Rio Chama Acequia Association have participated in water rotation. The Acequias Norteñas have implemented 50-percent and 70-percent cuts in maximum diversion rates. *See* Exhibit 1 and Exhibit 2 to this Response. As described by the State, these cooperative measures have been successful, allowing all ditches to get through a very challenging irrigation season. *See State's Response* at 2-3. The

Acequias Norteñas believe any further reductions would not produce any additional benefit to the Chamita Ditch and would constitute a futile call.

Finally, a number of procedural defects preclude granting of the Motion, including: (1) insufficient notice to other water rights holders; (2) exclusion of water rights holders from the requested call other than members of acequias; (3) pending issues filed by the Acequias Norteñas on June 1, 2006, that the Court has not ruled on that bear on this matter; (4) absence of legal representation of the movant; (5) absence of authority from the ditch to request a priority call; and (4) absence of an opportunity to demonstrate such a call is futile.

The Acequias Norteñas have worked with the Rio Chama Acequia Association, the State Engineer and the Interstate Stream Commission to implement a cooperative water management solution. Almost every ditch has participated in this voluntary approach, with the exception of the Chamita Ditch and a few others. Having refused to participate in these water management measures and having itself failed to either demonstrate its own conservation or need of water, the Chamita Ditch should not now be allowed to take the draconian step of cutting off others. The Acequias Norteñas respectfully request the Court deny the Motion.

    Respectfully Submitted,

    SHEEHAN & SHEEHAN, P.A.
*Attorneys for Associación de Acéquias Norteñas de Rio Arriba*
Post Office Box 271
Albuquerque, New Mexico  87103
(505) 247-0411

*"Electronically Filed"*
BY:  */s/ John W. Utton*
      JOHN W. UTTON

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 5th day of August 2013, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel listed on the electronic service list, as more fully reflected on the Notice of Electronic Filing, to be served via electronic mail, and served the following non-CM-ECF participants in the manner indicated.

Via first class mail, postage prepaid addressed as follows:

David Ortiz
P. O. Box 1082
San Juan Pueblo, NM  87566

and by email to the following address:
davidortiz@windstream.net

                                            /s/  *John W. Utton*
                                            JOHN W. UTTON