IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer | |
| Plaintiff, | 69cv07941-MV/LFG |
| vs. | RIO CHAMA STREAM SYSTEM |
| ROMAN ARAGON, *et al.,* | Acequia de Chamita Subfile No. 267 |
| Defendants. | |

**RESPONSE BY STATE OF NEW MEXICO
TO OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION**

The State of New Mexico, on the relation of the State Engineer, files this Response to David and Cecilia Ortiz' *Written Objections to Magistrate Judge's Findings and Recommended Dispositions* (Doc. 10959, September 3, 2013) (*"Ortiz Objections"*).

Following a trial on the merits on February 11-12, 2013 to resolve the priority claims of Defendants David and Cecilia Ortiz ("Ortiz") for their tract of land under the Acequia de Chamita in Subfile 267, Magistrate Judge Lorenzo F. Garcia filed his *Magistrate Judge's Findings and Recommended Disposition* on August 2, 2013 (Doc. 10939).  On August 16, 2013 David Ortiz requested that the Court provide him with a transcript of the proceedings and an additional 30 days from the receipt of the transcript in which to prepare written objections.  (Doc. 10952).  In the denial of this request, Ortiz was informed that the Court does not provide transcripts to litigants, and he was instructed on how to purchase transcripts from the Court Reporters that were present at the hearing.  *See Order Denying Transcript of Hearing and Extending Time to File Objections* (Doc.

10956, August 19, 2013).  Ortiz was also granted an additional fifteen days from the entry of the Order in which to file written objections.  *Id.*

After checking with the Court Reporters involved, the State understands that Ortiz has never ordered a transcript of the evidentiary hearing before Magistrate Judge Garcia.  Ortiz also has never contacted the State to discuss what portion of the record should be transcribed to enable the Court to make a *de novo* review of the record as would normally be required under 28 U.S.C. § 636(b)(1)(C) or Fed. R. Civ. P. 72(b)(2).  Instead, Ortiz has simply filed written objections to Magistrate Judge Garcia's findings and recommended disposition without making arrangements to provide the Court with a transcript of the testimony taken at the February 2013 hearing.  In his objections, Ortiz essentially asserts his own opinions, continues to make the same arguments that he made at trial, or simply states that Magistrate Judge Garcia's findings are wrong and that he does not agree.  In support of his continued arguments, Ortiz in large part cites to exhibits that were not admitted into evidence at trial.  Ortiz even goes so far as to attach an exhibit to his objections (Doc. 10959-1) that appears to be an expert witness report or exhibit used in another hearing in 1996.[1]  In sum, Ortiz has failed to properly object to the findings and recommended disposition of Magistrate Judge Garcia in this matter.

Under 28 U.S.C. § 636(b)(1), an Article III Judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for disposition.  After service with a copy of the magistrate's findings and recommended disposition, any party may serve and file written objections to such

---

[1] This document, "1996 Defendants Exhibit EE. 9/16/96 (Dr. Francis Levine)," was not identified in the Ortiz' pretrial list of exhibits, and it is a different document from Exhibit EE on Ortiz' pretrial list of exhibits.

proposed findings and recommendations "as provided by rules of court." *Id.* Rule 72(b)(2) of the Federal Rules of Civil Procedure states that a party that objects to a magistrate judge's recommended disposition "must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient." Fed. R. Civ. P. 72(b)(2). Under Rule 72, a party is also required to make *specific* objections to the magistrate's findings and recommended disposition. *Id.* (emphasis added). Upon proper objection, the district court judge who assigned the matter to the magistrate judge is then required make a *de novo* determination. Fed. R. Civ. P. 72(b)(3).

In this matter, while Ortiz voices his disagreement with the findings and recommendation of Magistrate Judge Garcia, he has not provided the Court with the materials that would be required for the Court to make a *de novo* determination. In addition, the objections filed by Ortiz amount to little more than continued argument, general disagreement with the conclusions reached by Magistrate Judge Garcia, and the citation of materials that were not admitted into evidence.[2] Significantly, the

---

[2] The following is a list of materials cited or even quoted at length in the *Ortiz Objections* that were not admitted into evidence and which are not a part of the record.

| | |
|---|---|
| Exhibit D | (Objections at 9) |
| Exhibit I | (Objections at 25) |
| Exhibit X (or "LOI") | (Objections at 6, 7, 8, 9, 10, 12, 13, 14, 17, 18, 21, 25) |
| Exhibit Y | (Objections at 16, 27) |
| Exhibit Z | (Objections at 15, 27) |
| Exhibit DD | (Objections at 7, 16) |
| Exhibit JJ | (Objections at 2) |
| Exhibit MM | (Objections at 16) |
| Exhibit RR | (Objections at 3) |
| Exhibit SS | (Objections at 3) |
| Exhibit TT | (Objections at 5, 8, 11) |
| Exhibit UU | (Objections at 4) |
| Exhibit AAA | (Objections at 28) |

(continued...)

Court has not been provided with a transcript of the testimony of the only witness called by the State, Dr. John O. Baxter, which in large part forms the basis for the findings made by Magistrate Judge Garcia. Under these circumstances, the State asserts that the Court is unable to make a *de novo* review of the complete evidentiary record in this matter, that Ortiz has failed to properly object to the magistrate judge's findings and recommended disposition, and that Ortiz' objections should be overruled.

The State acknowledges that David and Cecilia Ortiz are *pro se* defendants, and as such the Court is required to construe Ortiz' pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, *pro se* parties must follow the same rules of procedure that govern other litigants. *See United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004), *cert. denied*, 543 U.S. 1005; *see also Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (A party's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure).

Rule 72 of the Federal Rules of Civil Procedure requires that, unless the district judge orders otherwise, a party that objects to the findings and recommendation of a magistrate judge "must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient." Fed. R. Civ. P. 72(b)(2). The requirement is not optional.

---

²(...continued)
| | |
|---|---|
| Exhibit BBB | (Objections at 29) |
| Exhibit E (1996 hearing) | (Objections at 9) |
| Exhibit EE (1996 hearing) | (Objections at 3, 5, 7, 16) |
| | (attached as an exhibit) (Doc. 10959-1) |

The Ortiz exhibits that were admitted into evidence at the hearing were the following: Exhibits A-C, E-H, J-S, U-W and NN. *See Clerk's Minutes* at 2-5 (Doc. 10900).

An objecting party cannot simply object to the findings and recommendation of the magistrate judge as incorrect or insufficient without also providing the Court with a copy of the transcript of the testimony and evidence that formed the basis for those findings and recommendation. Upon proper objection, the Court is required to make a *de novo* determination and review of the record. However, the Court must be able to review the entire record that is relevant to magistrate judge's findings and the contentions of the objecting party, not just some portion of the record that the objecting party considers relevant or that they believe best supports their position.

For all of these reasons, the State respectfully requests that the Court overrule the objections of David and Cecilia Ortiz to the *Magistrate Judge's Finding and Recommended Disposition* filed August 2, 2013 (Doc. 10939), and further that the Court adopt the Findings and Recommended Disposition of Magistrate Judge Lorenzo F. Garcia in this matter.

Respectfully submitted,

   /s/ Ed Newville
EDWARD G. NEWVILLE
Special Assistant Attorney General
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 867-7444 telephone
(505) 867-2299 facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the  12th  day of September, 2013, I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail, and served the following non-CM-ECF participants in the manner indicated.

Via first class mail, postage prepaid addressed as follows:

David Ortiz
Cecilia S. Ortiz
P.O. Box 1082
San Juan Pueblo, NM 87566

                                            /s/ Ed Newville
                                          EDWARD G. NEWVILLE