IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

        Plaintiffs,                            69cv07941 MV/LFG

                                                Rio Chama Adjudication

    v.

                                                Section 1, Mainstream

ROMAN ARAGON, *et al.*,

                                                Acequia de Chamita

        Defendants.                          Subfile No. 267

## **ORDER STRIKING DAVID ORTIZ' OBJECTIONS**

THIS MATTER comes before the Court on David Ortiz' Response to the Court's Order to Show Cause. [Doc. 10974].

After holding an evidentiary hearing, the Court entered Magistrate Judge's Findings and Recommended Disposition on August 2, 2013, regarding Defendants David M. Ortiz and Cecilia S. Ortiz' water right on the Acequia de Chamita under Subfile No. 267. [Doc. 10939]. Mr. Ortiz timely filed his objections to the Magistrate Judge's Findings and Recommended Disposition, but he did not arrange for transcribing the record as required by Rule 72 of the Federal Rules of Civil Procedure. [Doc. 10959].

The Court ordered Mr. Ortiz to file a response showing cause why the Court should not strike his objections based on his failure to comply with Rule 72(b)(2) of the Federal Rules of Civil Procedure. [Doc. 10971]. The Court explained:

> When reviewing objections to a Magistrate Judge's factual findings based on conflicting testimony or evidence, the District Judge must "consider[] the actual testimony, and not merely [review] the magistrate[ judge's] report and recommendation" which requires that the District Judge "must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829

F.2d 1005, 1009 (10th Cir. 1987). Rule 72(b)(2) of the Federal Rules of Civil Procedure provides: "Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient."

In his response to the Order to Show Cause, Mr. Ortiz stated that he "cannot afford the exorbitant fees the court charges," and asks "[i]s it up to me to supply the District Judge with the documents that are in the District Court house?" [Doc. 10974 at 2]. Mr. Ortiz does not identify any legal reasons why he should not be required to comply with Rule 72. The remainder of his response consists of a brief characterization of the procedural history and various arguments, supported by over 300 pages of exhibits, regarding the priority date for the Acequia de Chamita.

Having reviewed the Federal Rules of Civil Procedure, the Court Reporters Act [28 U.S.C. § 753], and relevant case law, the Court finds no authority to exempt Mr. Ortiz from the Rule 72 requirement that he arrange for a transcript of the hearing to support his objections to the Magistrate Judge's Findings and Recommended Disposition. First, this Court has an "affirmative duty . . . to exercise the authority conferred by" the Federal Rules of Civil Procedure, which have been adopted by the United States Supreme Court. Fed. R. Civ. P. 1 [advisory committee notes, 1993 Amendments]. There is no authority which allows the Court to disregard the Federal Rules of Civil Procedure.

Second, Rule 72 requires that "the objecting party must promptly arrange for transcribing the record." The only exception is if the District Judge orders otherwise, and the District Judge has not ordered otherwise in this matter.

Third, the Court of Appeals for the Tenth Circuit, in which this Court sits, requires that the District Judge "must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing" when reviewing objections to a Magistrate Judge's Findings and Recommended

Disposition.  Gee v. Estes, 829 F.2d 1005, 1009 (10th Cir. 1987).

      Finally, the Court does not have the final transcript of the hearing.  The Court Reporters Act requires that each session of Court be recorded.  28 U.S.C. § 753(b).  That record is not a final transcript.  To make a final transcript the court reporter must review their record and correct misspellings, typos, etc.  The Court Reporters Act requires court reporters to transcribe only those parts of the record as required by any rule or order of the Court.  No rule or Court order required the court reporters to transcribe the record taken during the evidentiary hearing.  The Court Reporters Act provides that a court "reporter may charge and collect fees for transcripts requested by the parties . . . at rates prescribed by the court."  28 U.S.C. § 753(f).  While court reporters' annual salaries compensate them for forty hours of work per week to record Court proceedings, the salary does not compensate them for the preparation of transcripts requested by parties, which they must prepare outside of their forty-hour work week; the transcript fees are like overtime pay.  Lisanti v. Office of Personnel Management, 573 F.3d 1334, 1341 (Fed. Cir. 2009).

      Thus, Mr. Ortiz's argument that it is improper to impose on him the cost of producing "The documents that are in the District Court house," is incorrect.  As no transcript has been prepared, there is no transcript "in the District Court house."

      The Court must follow the Federal Rules of Civil Procedure and applicable case law which require that Mr. Ortiz must arrange for a transcript of the evidentiary hearing to support his objections to the Magistrate Judge's Findings and Recommended Disposition.  Mr. Ortiz has not cited, and the Court has not found, any legal authority that would exempt him from the Rule 72 transcript requirement.  While the Court recognizes that the transcript fees may be substantial, it cannot require the court reporters to prepare transcripts on their own time without compensation.  Because Mr. Ortiz has not arranged for a transcript to support his objections as required by the

Federal Rules of Civil Procedure and the Tenth Circuit Court of Appeals, the Court will strike Mr. Ortiz' objections.

    IT IS SO ORDERED.

                                                */s/ Lorenzo F. Garcia*
                                                Lorenzo F. Garcia
                                                United States Magistrate Judge