IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.* )
State Engineer                             )          69cv07941-MV/KK
                                                    )          RIO CHAMA STREAM SYSTEM
                      Plaintiff,              )
                                                    )          Section 3, Rio Cebolla
vs.                                             )
                                                    )          Subfile Nos. CHCB-001-0007,
   ROMAN ARAGON, *et al.*,          )          CHCB-002-0001B, CHCB-002-0002C,
                                                    )          CHCB-002-0009
                      Defendants.          )
_____)

**STATE OF NEW MEXICO'S MOTION TO STRIKE DEFENDANTS'
EXPERT REPORTS AND EXCLUDE THE TESTIMONY OF STEPHEN D. HARDIN,
SAM SMALLEGE, CHARLIE HIBNER, AND MALCOLM EBRIGHT**

The State of New Mexico *ex rel.* State Engineer ("State") hereby respectfully moves the

Court to strike Defendants Charlie and Geralda M. Chacon and Delfin O. and Francis S. Chacon

Trust's expert reports and exclude the testimony of Defendants' expert witnesses for failure to

comply with Federal Rule of Civil Procedure 26(a)(2).  In support of this motion, the State states

the following.

I.          Background

These four water right subfile proceedings are part of the general adjudication of the Rio

Chama stream system and have been litigated for at least a decade, commencing with the State's

proposed consent orders regarding Defendants' rights to divert and use the public waters of the Rio

Chama Stream System, Rio Cebolla, Section 3.  Defendants did not agree to the proposed consent

orders, objecting to the amount of irrigated acreage to be recognized as having valid water rights

and in some instances to the source of water.  Litigation has proceeded slowly, with some initial

discovery occurring in 2008 and 2009 that included disclosure of expert witnesses, exchange of

proposed exhibits, and depositions of some fact witnesses.  On February 11, 2010, at the parties'

request, the Court entered an order staying the litigation (Doc. No 9580) so that the State and Defendants could attempt to resolve the issues through mediation and settlement negotiations. These efforts ultimately failed and the Court entered an order lifting the stay on November 5, 2014 (Doc. 11057).

On December 5, 2014, Defendants and the State filed a proposed revised pretrial order to guide the pretrial and trial proceedings in this matter. The proposed revised pretrial order included agreed-upon deadlines for completing discovery, with a deadline of March 15, 2014 for providing initial disclosures, including expert witness disclosures. On December 16, 2014, the Court entered the *Revised Pretrial Order* (Doc. No. 11064) ("Order") requiring the parties to make their mandatory expert witness disclosures and submit their reports no later than March 15, 2015. In accordance with the Court's directive, the State timely served its initial disclosures and provided Defendants with notice of the State's experts and produced expert reports. On March 24, 2015, Defendants filed a motion requesting an extension of time to submit their initial disclosures. The State did not oppose the motion. On April 14, 2015, the Court entered an order granting the motion, and on April 16, 2015 Defendants served their disclosures identifying as experts Stephen D. Hardin, Sam Smallege, Ph.D., Charlie Hibner, and Malcolm Ebright. While Defendants' disclosure (attached as Exhibit A) contains a brief general description of the subject matter of each expert's testimony, the disclosure does not contain a written report from each expert meeting the requirements of Federal Rule of Civil Procedure 26 or the Order.

The Order and Federal Rule of Civil Procedure 26(a)(2) both govern expert discovery in this case. Federal Rule of Civil Procedure 26(a)(2) mandates that the disclosure of an expert witness must be accompanied by the expert's written report setting forth the following information:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)    the facts or data considered by the witness in forming them;

(iii)   any exhibits that will be used to summarize or support them;

(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B).

The Order mandates that:

[E]ach party shall disclose the identity of any person who may be used at trial to present expert witness testimony by March 15, 2015.  This disclosure shall be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the [data] or other information considered by the witness in forming the opinions; and exhibits to be used as a summary of or support for the opinions; and the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a list of any other cases in which the witness has testified as expert at trial or by deposition within the preceding four years.

Order at pp.13-14.

II.   Argument

A.  Purpose of Rule 26

The fundamental purpose of the Rule 26 requirements is to enable an opposing party to prepare for trial.  As the United States Court of Appeals for the Tenth Circuit has noted, the purpose of Rule 26(a) expert disclosures is "not only to identify the expert witness, but also to set forth the substance of the direct examination."  *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir.2002).  "According to the advisory committee's note, the purpose of this rule is to give parties a reasonable opportunity to prepare an effective cross-examination of the opposing parties' expert witnesses, and, if necessary, arrange for testimony from other experts."  6

Moore's Federal Practice, 3d ed. §26.23(2)(a)(i).  In discussing the purpose of Rule 26(a)(2), this

Court has stated,

> Advance knowledge of an opponent's proof on a claim or defense is an invaluable
> aid in deciding whether to settle or litigate.  If a party is better able to evaluate the
> strength and weakness of the case, settlement is more likely.  On the other hand, if
> the case is one that must be tried, advance knowledge of the opponent's evidence
> assists in preparing to meet the proofs at trial.

*Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 693 (D.N.M. 2003).  "The rule eliminates

the former process of 'trial by ambush,' and mandates full disclosure of relevant information

necessary to evaluate the case or to prepare for trial at an early stage of the proceedings.

Disclosure of all opinions and the basis of the opinions is consistent with the broad and liberal

discovery contemplated under the federal rules."  *Beller ex rel. Beller v. United States*, 221

F.R.D. 696, 700 (D.N.M. 2003) (internal citations omitted).

Thus, the clear purpose of Rule 26(a) and the Order is to allow the parties to have an

opportunity to depose experts about the opinions disclosed in their reports, and to prepare for the

testimony that the expert will proffer at the hearing.  Lacking these disclosures, the State is

unable to proceed with deposing Defendants' experts, prepare potential expert rebuttal

testimony, or even make an informed decision whether depositions are necessary,

> B.  Defendants' expert witness disclosures fail to meet the requirements of Rule
> 26(a)(2) and the Order and should be excluded pursuant to Federal Rule of
> Civil Procedure 37.

As set forth below, none of Defendant's expert witness disclosures meet the requirements

of Rule 26(a)(2) or the Order.

1. <u>Stephen D. Hardin</u>.  Mr. Hardin is identified in Defendants' disclosure as a Surveyor.

Mr. Hardin's "report" (attached as Exhibit A to Defendants' Disclosures) consists of a single

page exhibit that, according to Defendants' disclosure, depicts a "demonstrative survey of

Defendants' properties and the subfiles." *Initial Disclosures Charlie and Geralda M. Chacon Delfin O. and Francis S. Chacon Trust* ("Defendants' Disclosures") at p. 4.  The disclosure states that Mr. Hardin will testify "about the features of various areas of the Defendants' subfiles as well as neighboring tracts owned by other irrigators, based upon his review of the documentation as annotated on the exhibit."  Defendants' Disclosures at p. 5.  The disclosure also states that Mr. Hardin will "evaluate the aerial photographs when they are available and to [sic] form opinions as the evidence of irrigation on the subject subfiles."  *Id.*  However, no aerial photographs were included or identified in the disclosure.[1]  Furthermore, the "report" provided by Mr. Hardin includes none of the information required by Rule 26(a)(2)(B) or the Order.  Defendants' disclosure does not include any opinions Mr. Hardin will express at trial, the basis and reasons for them, the data or other information he considered in forming the opinions, the supporting exhibits or any of the other information required by Rule 26(a)(2)(B) or the Order.  Furthermore, Defendants' disclosure does not contain Mr. Hardin's qualifications, including a list of all publications authored in the previous 10 years, a list of all other cases in which, during the previous four years, Mr. Hardin testified as an expert at trial or by deposition, or a statement of the compensation to be paid for the study and testimony in the case.

    2.  <u>Sam Smallege, Ph.D</u>.  Dr. Smallege is identified in Defendants' disclosure as an Extension Range Specialist.  The disclosure states that Dr. Smallege "was a member of the Range Improvement Task Force that evaluated the 'Tia Josefa' pasture land and the 'Alfalfita' field for evidence of cultivation and irrigation and he will testify about the findings that support his opinions."  Defendants' Disclosures at p. 5.  The report attributed to Dr. Smallege (attached

---

[1] If Mr. Hardin's expected testimony regarding aerial photos is intended to rebut the testimony of the State's aerial photography expert, Defendants were required to disclose the rebuttal testimony by April 16, 2015.  Fed. R. Civ. P. 26(a)(2)(d)(ii).  No such rebuttal testimony has been received by the State.

as Exhibit B to Defendants' Disclosures) consists of a study of the vegetation on unidentified tracts of land reported to be managed by Gerald Chacon. The report attributed to Dr. Smallege provides virtually none of the information required by Rule 26(a)(2)(B) or the Order. There is no indication on the face of the report that it was prepared by Dr. Smallege. The report does not include any opinions and gives no indication of the opinions Dr. Smallege will express at trial, the basis and reasons for them, the data or other information he considered in forming the opinions, the supporting exhibits or any of the other information required by Rule 26(a)(2)(B) and the Order. Furthermore, Defendants' disclosure does not contain Dr. Smallege's qualifications, including a list of all publications authored in the previous 10 years, a list of all other cases in which, during the previous four years, Dr. Smallege testified as an expert at trial or by deposition, or a statement of the compensation to be paid for the study and testimony in the case.

    3. <u>Charlie Hibner</u>. Mr. Hibner is identified in Defendants disclosure as a retired NRCS Soil Scientist. The disclosure states that Mr. Hibner will testify regarding the "classification of the Tia Josefa pasture and its relation to seasonal irrigation and intervening drought, based on his field experience and familiarity with similar pastures in the area." Defendants' Disclosures at p. 5. Mr. Hibner did not provide an expert report. Defendants' disclosure does not include any opinions by Mr. Hibner and gives no indication of the opinions he will express at trial, the basis and reasons for them, the data or other information he considered in forming the opinions, the supporting exhibits or any of the other information required by Rule 26(a)(2)(B) and the Order. Furthermore, Defendants' disclosure does not contain Mr. Hibner's qualifications, including a list of all publications authored in the previous 10 years, a list of all other cases in which, during

the previous four years, Mr. Hibner testified as an expert at trial or by deposition, or a statement

of the compensation to be paid for the study and testimony in the case.

     4.  <u>Malcom Ebright</u>.  Mr. Ebright is identified in Defendants' disclosure as an Attorney at

Law.  Although a report prepared by Mr. Ebright is referenced on page 5 of Defendants'

disclosure, a report was not included with the disclosure, as required by Rule 26 and the Order.

The disclosure states that Mr. Ebright will testify regarding

> the early settlement of the Cebolla area, including the families of the Defendants,
> as well as neighboring tracts owned by other settlers, and review the
> documentation used in his report, 'Settlement North of Abiquiu leading to
> Settlement and Irrigation at Cebolla' and discuss the documentary evidence for
> the dates of settlement and development.

Defendants' Disclosures at p. 5.  Defendants' disclosure does not include any opinions by Mr.

Ebright and gives no indication of the opinions he will express at trial, the basis and reasons for

them, the data or other information he considered in forming the opinions, the supporting

exhibits or any of the other information required by Rule 26(a)(2)(B) and the Order.

Furthermore, the disclosure does not contain Mr. Ebright's qualifications, including a list of all

publications authored in the previous 10 years, a list of all other cases in which, during the

previous four years, Mr. Ebright testified as an expert at trial or by deposition, or a statement of

the compensation to be paid for the study and testimony in the case.

     In short, Defendants simply failed to disclose any of the necessary information that the

State needs to prepare for expert discovery and trial and to potentially solicit contrary opinions or

analysis from rebuttal experts.  As such, Defendants' disclosures do not comply with Rule

26(a)(2) or the Order.

C.    Federal Rule of Civil Procedure 37(c)(1) prohibits an expert from testifying at a hearing unless the expert has provided an expert report.

Federal Rule of Civil Procedure 37(c)(1) provides sanctions for failure to comply with discovery deadlines and forbids the use at trial of any information that is not properly disclosed. *Hoffman v. Construction Protective Services, Inc*., 541 F.3d 1175, 1179 (9th Cir. 2008).   Under Rule 37(c)(1), an expert may not testify at the hearing unless the expert has provided an expert report:  "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial**,** unless the failure [to provide an expert report] was substantially justified or is harmless."  Fed.R.Civ.P. 37(c)(1).  Under Rule 37, exclusion of inadequately disclosed testimony is both <u>mandatory</u> and <u>automatic</u>.  *See Tompkin v. Phillip Morris*, 362 F.3d 882, 895 (2004); *King v. Ford Motor Company*, 209 F.3d 886 (6th Cir. 2000); *Johnson v. Vanguard Manufacturing, Inc.*, 34 Fed. App. 858 (3rd Cir. 2002).  This is a "self-executing, automatic sanction to provide  a strong inducement for disclose of material."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259  F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed.R.Civ.P. 37 advisory  committee's note (1993)).  The primary reason that Rule 37 sanctions are self-executing and automatic is to ensure adequate Rule 26 disclosures.  Fed. R. Civ. P. 26 Advisory Committee Notes, 146 F.R.D. at 691.  *See also Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998); *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 681 (D.Kan.1995) ("The requirements of the Rule 26(a) are mandatory as to any expert retained to testify.  If the expert is unable or unwilling to make the disclosures he [or she] should be excluded as a possibility for retention as an expert witness in the case.")  Accordingly, if a Rule 26 report is inadequate to inform the court and the opposing party of the witness's testimony, the witness's testimony is not admissible.

Federal courts have consistently enforced the exclusionary consequences of inadequate disclosure.  For example, in *Smith v. Baptist Healthcare System Inc.*, 23 Fed. App. 499 (6th Cir. 2001) the court found a proposed expert's report insufficient because it simply stated the witness's conclusion that the defendant deviated from the applicable standard of medical care and that the deviation caused the plaintiff's injuries.  The court excluded the report because it did not include publications authored by the proposed expert, the compensation paid to the expert, other cases in which the expert had testified and, "most significantly," did not include a complete statement of the basis and reasons for all opinions as required under Rule 26.  *Id*. at 501.

Here, without justification, Defendants failed to meet even the minimum requirements of Rule 26(a).  The failure is not harmless.  Without an expert report setting forth the opinions of Defendants' experts and their bases, the State has nothing upon which to depose Defendants' experts and is unable to prepare rebuttal testimony or prepare for effective cross-examination.  In fact, under Rule 26(a)(2)(B) the State is prohibited from deposing Defendants' experts until after the reports are provided.  *See* Fed. R. Civ. P. 26(a)(2)(B).

Because Defendants failed to provide expert reports that comply with Rule 26(a) and the Order, Defendants' expert reports should be stricken pursuant to Rule 37(c)(1) and Stephen D. Hardin, Sam Smallege, Charlie Hibner and Malcolm Ebright should be precluded from testifying in this matter.

III.    Conclusion

As the attached Exhibit A demonstrates, Defendants failed to provide expert witness disclosures that comply with Federal Rule of Civil Procedure 26(a)(2)(B) or the Revised Pretrial Order.  The failure is neither justified nor harmless.  Simply put, to allow Defendants to

introduce any undisclosed expert opinions at the hearing would constitute trial by ambush, which would be unfairly prejudicial to the State.  Furthermore, under Federal Rule of Civil Procedure 37, exclusion of the testimony of Defendants' expert witnesses is automatic and mandatory. Therefore, the Court should grant the State's Motion and enter an order striking Defendants' expert reports and excluding the testimony of Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright.

Counsel for the State has conferred with counsel for Defendants regarding this motion. Defendants oppose the motion.

Respectfully submitted,

/s/ Misty Braswell
Misty M. Braswell
Ed Newville
Special Assistants Attorney General
New Mexico Office of the State Engineer
P. O. Box 25102
Santa Fe, NM 87504-5102
Telephone:  (505) 827-3989
Fax:  (505) 827-3887
misty.braswell@state.nm.us
*Attorneys for Plaintiff State of New Mexico*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2015 I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list to be served via electronic mail.

/s/ Misty M. Braswell