IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* ) <br> State Engineer                        ) <br>                                              ) <br>              Plaintiff,               ) <br>                                              ) <br> vs.                                        ) <br>                                              ) <br>   ROMAN ARAGON, *et al.*,        ) <br>                                              ) <br>              Defendants.          ) <br> _____) | 69cv07941-MV/KK <br><br> RIO CHAMA STREAM SYSTEM <br><br> Section 3, Rio Cebolla <br><br> Subfile Nos. CHCB-001-0007, <br> CHCB-002-0001B, CHCB-002-0002C, <br> CHCB-002-0009 |

**STATE OF NEW MEXICO'S REPLY
TO DFENDANTS' RESPONSE TO MOTION TO STRIKE DEFENDANTS' EXPERT
REPORTS AND EXCLUDE THE TESTIMONY OF STEPHEN D. HARDIN, SAM
SMALLEGE, CHARLIE HIBNER, AND MALCOLM EBRIGHT**

The State of New Mexico *ex rel.* State Engineer ("State") hereby submits its Reply to the *Defendants' Response to State of New Mexico's Motion to Strike Defendants' Expert Reports and Exclude the Testimony of Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright* (Doc. 11081), filed on May 11, 2015 ("Response").  In its Motion, the State asked the Court to strike Defendants Charlie and Geralda M. Chacon and Delfin O. and Francis S. Quintana Trust's expert reports and exclude the testimony of Defendants' expert witnesses for failure to comply with Federal Rule of Civil Procedure 26(a)(2).  Defendants' Response does not establish that their failure to comply is either harmless or justified.  Therefore, exclusion of the evidence is the appropriate sanction and the Court should enter an order granting the State's Motion to Strike.

     I.     Granting of the State's Motion is the Appropriate Sanction and the State is Not Obligated to First File a Motion to Compel Before Requesting the Court Strike the Expert Witness Reports.

Defendants argue that the State's Motion is premature as discovery in this matter does not close until June 15, 2015, that a motion to strike is inappropriate in the context of initial

1

disclosures, and the State should have first conferred with Defendants prior to filing its Motion. *See* Response at p. 4. These arguments lack merit. To begin with, Defendants appear to be confusing initial disclosures under Rule 26(a)(1) – containing information that that might be helpful to the State but not to Defendants – with expert disclosures under Rule 26(a)(2) – containing information that Defendants would rely on to support their own contentions. While a motion to compel might be an appropriate response to a failure to provide initial disclosures, the State is under no obligation to confer with Defendants, request supplementation of Defendants' expert disclosures, or file a motion to compel expert disclosures prior to filing a motion to strike.

The Fifth Circuit Court of Appeals addressed this very issue in *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546 (5th Cir. 1996). The Fifth Circuit held that the Sierra Club was not required to file a motion to compel expert disclosures before seeking sanctions because the district court's pretrial order explicitly compelled the production of the expert disclosures "from the moment the court entered the accelerated discovery order". 73 F.3d at 572. "It was not necessary for Sierra Club to create a obligation to produce by filing a motion to compel; the obligation was already present." *Id.* The court further explained:

> Moreover, Rule 37 of the Federal Rules of Civil Procedure, which governs the imposition of sanctions for failure to make disclosures, does not require that a party file a motion to compel before moving for sanctions. Instead, the rule states only that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(2)(A). Indeed, the Advisory Committee Notes to Rule 37 contemplate that it may be more effective in some situations to impose a sanction of excluding evidence *instead of* an order compelling production:
>
> [A] motion [to compel] may be needed when the information to be disclosed might be helpful to the party seeking the disclosure but not to the party required to make the disclosure. If the party required to make the disclosure would need the material to support its own contentions, the more effective enforcement of the disclosure requirement will be to exclude the evidence not disclosed....

2

*Id*. at 572.  Here, as in *Sierra Club*, Defendants were already compelled to make expert witness disclosures by Rule 26(a)(2) and the express language of the *Revised Pretrial Order* (Doc. No. 11064) ("Order") at pp.13-14.  The Order and the Rule are clear and no "prompting" by the State is required.  Thus, the State's motion is not premature and the State was under no obligation to file a motion to compel before seeking appropriate sanctions.

> II. Defendants May Not Use the Requirement to Supplement Expert Reports to Circumvent the Time Requirements for Providing Expert Disclosures.

The Order guiding the pretrial process in this matter required the parties to make their mandatory expert witness disclosures and submit their reports no later than March 15, 2015 (subject to the Court's order on *Defendants' Motion for Leave to File Defendants' Initial Disclosures Out-of-Time Under Revised Pre-Trial Order* (Doc. 11075)).  After this deadline, the Federal Rules of Civil Procedure and the Order allow the parties to make additional expert submissions in only two situations.  First, the parties could submit rebuttal testimony pursuant to Fed. R. Civ. P. 26(a)(2)(d)(ii) within 30 days after the other party's disclosure.  Second, the parties have a duty to supplement these reports if necessary.  Fed. R. Civ. P. 26(a)(2)(e).  The deadline for Defendants to submit rebuttal testimony was April 15, 2015.  No rebuttal testimony was submitted.  Defendants now attempt to rely on their obligation to supplement and correct disclosures under the Order and Rule 26(a)(2)(e) as a substitute for compliance with Rule 26(a)(2).  *See* Response at p. 4.  Defendants offer no authority to support their position.  In fact, federal courts, including this Court, have expressly and consistently rejected supplemental report arguments.  As explained in *Beller ex rel. Beller v. United States*, 221 F.R.D. 689 (D.N.M. 2003), this argument has been specifically rejected in this district:

> Fed.R.Civ.P. 26(a)(2)(B) requires that an expert witness report "contain a complete statement of all opinions to be expressed and the basis and the reasons therefor" to facilitate discovery.  Although Fed.R.Civ.P. 26(e) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset).
>
> To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given.  This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions.  That process would hinder rather than facilitate settlement and the final disposition of the case.

221 F.R.D. at 695, citing *Resolution Trust Corp. v. Gregory*, D.N.M. CIV 94-52 MV/PJK/LFG (D.N.M. Dec. l3, 1995).

The Fifth Circuit in *Sierra Club* also rejected a supplementation argument.  The defendant in that case claimed that even if their initial expert disclosures were inadequate, there was no prejudice to Sierra Club because Sierra Club received the required information through rebuttal and supplementary disclosures with enough time to prepare for trial and that any prejudice to Sierra Club because of untimely disclosures could have been cured through a continuance.  The Court disagreed, reasoning that:

> The district court's discovery order required that the parties' *initial* expert disclosures "include a *complete* statement of *all* opinions to be expressed and the basis and reasons therefor" and "the data or other information relied upon in forming such opinions."  The Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure state that such reports must be "detailed and complete."  Fed.R.Civ.P. 26 advisory committee's note.  These Notes also explain that the purpose of the reports is to avoid the disclosure of "sketchy and vague" expert information, as was the practice under the former rule.  *See id.*
>
> The district court's finding that Cedar Point's initial expert disclosures did not meet this standard does not constitute an abuse of discretion.  A review of the disclosures bears out this assessment.  Don Harper's statement of opinions and

4

reasons was a one-and-a-half page outline listing his "points of testimony." Carl Oppenheimer offered two one-paragraph descriptions of his opinions. Stanley Pier and John McGowan also provided only one-paragraph statements relating to their opinions. Finally, Joe Haney's statement included no substantive opinions, but only declared what subjects he intended to research and to discuss at trial. Although Cedar Point later reinforced these statements with rebuttal and supplementary disclosures, the discovery order and Rule 26(a) clearly require that the *initial* disclosures be complete and detailed. The purpose of rebuttal and supplementary disclosures is just that – to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information. Therefore, we hold that the district court did not abuse its discretion in finding that Cedar Point failed to comply with the expert disclosure provisions of its accelerated discovery order.

*Sierra Club,* 73 F.3d at 570-72 (emphasis in original). *See also Congressional Air Ltd v. Beech Aircraft Corp*, 176 F.R.D. 513, 515-516 (D. Maryland, Nov.13, 1997) (holding that the supplementation rule cannot be used to circumvent time requirements for providing expert disclosures); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir.1998), ("[Rule 26(e)(1)] is not intended to provide an extension of the expert designation and report production deadlines, and may not be used for this purpose").

The reports offered by Defendants are similar to those reports struck by the Fifth Circuit in *Sierra Club*. Defendants have offered no compelling reason to differentiate between their position and that of the defendants in *Sierra Club*. Therefore, the Court should not allow Defendants a *de facto* extension of time to provide expert witness disclosures by permitting them to correct the deficiencies through supplementation. Doing so is contrary to established law, would frustrate and circumvent the purpose and full disclosure requirements of Rule 26(a)(2), and would interfere with the Court's ability to set case management deadlines.

>   III.   Defendants Have Failed to Meet Their Burden to Show That Their Failure to Comply With Rule 26(A)(2) is Substantially Justified or Harmless.

Exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a) where there is not substantial justification for the failure to disclose, unless the failure is harmless. *See, e.g.*, *Pena-Crespo v. Puerto Rico*, 408 F.3d 10 (1st Cir. 2005), *see also* Fed.R.Civ.P. 37(c)(1). Noncompliance is harmless only when there is no prejudice to the opposing party. *In re Independent Service Organizations*, 168 F.R.D. 651, 653 (D.Kan.1996). The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(2). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan.1995). Here, Defendants have not met their burden to show that failure to disclose is justified or harmless.

>   1. <u>Defendants' noncompliance is not substantially justified</u>.

Defendants have provided no legitimate justification for their failure to comply with the Order and Rule 26(a)(2). The only justification offered, without explanation, is that counsel for Defendants did not meet with expert witness Charlie Hibner to finalize arrangements until March 27, 2015. *See* Response at p. 6. This is not a substantial justification because Defendants had ample time in advance of the March 15, 2015 deadline to arrange for expert witnesses. A proposed pretrial order was initially prepared by counsel for the State and provided to counsel for Defendants on November 6, 2014. The initial draft provided that expert witness disclosures were due by January 15, 2015. At Defendants' request, the time was extended to March 15, 2015. Furthermore, Defendants were fully informed by the State's assertions in the Order what the State intended to prove at trial, and could anticipate both the probable need to rebut the anticipated expert witness testimony that the State would offer and the need to prove their own assertions by expert witness testimony. In addition, the need to prepare and exchange expert witness reports was discussed with counsel for Defendants and Gerald Chacon, a representative

of the Chacon family, at a settlement conference between the parties on September 12, 2014. Thus, Defendants were aware of the requirement for at least six months prior to the deadline set in the Order.

Defendants rely on Rule 26(a)(1)(E), which provides that a party must make its initial disclosures based on the information then reasonably available to it, to excuse their failure to comply. *See* Response at p. 6. However, Rule 26(a)(1)(E) specifically provides that a party is not excused from making its disclosures because it has not fully investigated the case. If, at this point in the litigation, the information disclosed by Defendants is the only information available to them, this is the result of their failure to fully investigate the case. Defendants' failure to timely make arrangements for expert witness testimony is not substantial justification and is not excused under Rule 26(a)(1)(E).

Likewise, Defendants' explanation that their disclosures are "tentative" and "consistent with the Revised PreTrial Order" (Response at p. 6) does not establish substantial justification for their failure to comply with Rule 26(a)(2). A "tentative" disclosure is entirely at odds with the full and complete disclosure requirements of Rule 26(a)(2) and is not consistent with the Order. Furthermore, Defendants' attempt to defend their failure by claiming that they also identified their expert witnesses as lay witnesses "in case their 'expert' testimony cannot be fully developed" is not substantial justification. *See* Response at p. 7. It is true that the four expert witnesses identified in Defendants' disclosures are also included in Defendants' list of thirteen "individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses". *See* Initial Disclosures Charlie and Geralda M. Chacon Delfin O. and Francis S. Quintana Trust at pp. 4-5, attached as Exhibit A to *State of New Mexico's Motion to Strike Defendants' Expert Reports and Exclude the Testimony of Stephen D. Hardin, Sam*

*Smallege, Charlie Hibner, and Malcolm Ebright*, filed April 27, 2015 (Doc. 11080).  However, nowhere in their disclosure do Defendants state that these four individuals may present lay testimony rather than expert testimony, and the individuals are clearly identified in Defendants' disclosure as experts.  Simply put, Defendants' explanations fall short of meeting their burden to show that they were substantially justified in failing to comply with Rule 26(a)(2).

      2.   <u>Defendants' noncompliance is not harmless because it is prejudicial to the State</u>.

Defendants have not made a compelling argument that their failure to comply with Rule 26(a)(2) is harmless.  In fact, Defendants' failure to make their expert witness disclosures is highly prejudicial to the State and the State's ability to prepare for trial.  Defendants' stated intention of further "developing" (*see* Response at p. 7) expert witness testimony through "supplementation" is not adequate to cure the prejudice to the State.  Defendants were required by the Order to submit their full and complete expert reports no later than March 15, 2015.  This deadline allowed for a reasonable amount of time to for the parties to complete discovery before it closes on June 15, 2015, including depositions of the experts, after submission of the expert reports.  Due to illness of Defendants' counsel, the disclosures were not received until April 16, 2015, which still would have allowed an adequate period of time for the State to review the disclosures and take necessary actions before the close of discovery had the disclosures met the requirements of the Order and Rule 26(a)(2).

As of the date of the filing of this reply, Defendants still have not provided the "supplemental" disclosures.  Even if the State receives the "supplemental" expert witness disclosures today, there is less than a month remaining until the close of discovery.  The State should have received the expert witness disclosures nearly two months ago.  Because of the delay the State is left with insufficient time to conduct discovery regarding the expert opinions to

be offered or determine if and how the opinions can be rebutted.  There is simply not enough time to review the reports and prepare for and conduct depositions of four expert witnesses before discovery closes.[1]

Not only does Defendants' failure place the State at a serious disadvantage in its ability to prepare for trial in these subfiles, any further delay is significantly damaging to the State's interest in bringing these adjudication proceedings to a close.  Without resolution of these four remaining subfiles, the State is unable to initiate section-wide proceedings on the issues of priorities and the amount of water to be adjudicated to all of the surface water rights in this area.  Until those questions are resolved and the Court enters a partial final decree in this subsection making those determinations, the State Engineer's ability to effectively administer the use of water in this area is substantially compromised.

While the Court could extend the pretrial deadlines set forth in the Order to give the State more time to review the "supplemental" disclosures, "such a measure 'would neither punish [Defendant] for its conduct nor deter similar behavior in the future." *Bradley v. United States,* 866 F.2d 120, 126 (5th Cir.1989).  In effect, extending discovery deadlines would reward Defendant's noncompliance.  If the court allows to Defendants to "supplement" their expert disclosures, the Court will need to extend the discovery deadline to allow time for the State to determine whether depositions are necessary and to conduct the depositions and to allow time for the State's experts to review the reports and formulate new opinions.  This will set back all the other deadlines in the Court's order, contribute to significant delay in the ultimate disposition of

---

[1] Nor will making the witnesses available for out-of-time depositions cure the problems created by Defendants' failure to comply.  See, e.g., *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.), *cert. denied*, 516 U.S. 822 (1995), holding that sanctions were appropriate and the fact that plaintiffs expert was available for an out-of-time deposition did not cure the problem:  "The failure to comply with a scheduling order was not excused simply because the expert was now available for a deposition."  *Id*.  The Court held that to rule otherwise would frustrate the purpose of the automatic disclosure rule, which is "the elimination of unfair surprise to the opposing party and the conservation of resources."  *Id*.

the case, increase costs, and thwart the Court's case management plan. If a party's failure to disclose that an expert witness would testify to a certain opinion would cause the other parties prejudice because of a lack of time to prepare to refute the opinion at trial and the court's trial calendar would be disrupted because of the need to grant a continuance for time to prepare, the nondisclosure is not harmless and exclusion of the opinion is proper. ***Trost v. Trek Bicycle Corp.,*** 162 F.3d 1004, 1008 (8th Cir.1998).  Here, the State is prejudiced by a lack of time to prepare to refute the opinions at trial and the deadlines in the Order will need to be extended to allow sufficient time, which will disrupt the Court's calendar.  Therefore, the nondisclosure is not harmless, and the expert opinions should be excluded.

    IV.    Additional Arguments.

Defendants raise several additional points in their Response that are not relevant to the State's Motion to Strike.  Nonetheless, the State will briefly address each of these points.

    1. Mediation/Delay (Response at pp. 1-2):  The mediator utilized by the parties was suggested by the State because the mediation program was available at no cost to the parties. Defendants did not object to or question the arrangement at the time and the fact that the mediator was employed by the New Mexico Office of the State Engineer did not affect the ultimate outcome of the settlement negotiations.

    2. Source of water for the Pinevetal ditch (Response at p. 3):  The source of water for this ditch is not relevant to the matters at issue in this subfile proceeding.  Nonetheless, the Office of the State Engineer has conducted an investigation of Defendants' allegations, utilizing satellite and aerial imagery and topographical maps, along with on-the-ground field verification using Global Positioning System equipment.  The State Engineer is satisfied that its mapping of this area in the hydrographic survey is correct.

3. Grade of Alfalfita ditch (Response at pp. 3-4): Defendants misrepresent the State's position on the ability of the Alfalfita ditch to convey water from the Old Valdez ditch, and in fact the stipulation between the parties states that the two ditches "are connected as one ditch which is capable of conveying water from Rito del Tanque" (emphasis added).  Moreover, Defendants were free to modify or propose additional stipulations of fact beyond the two proposed by the State and included in the Order but did not do so.

V.     Conclusion.

Defendants concede that their expert witness disclosures do not satisfy the requirements of Fed.R.Civ.P. 26(a)(2)(B) and the Order.  *See* Response at p. 7.  Accordingly, the only issue to be decided by the Court is whether Defendants' failure to disclose is substantially justified or harmless.  As set forth above, their failure is neither justified nor harmless.  The appropriate sanction is the exclusion of Defendants' expert witness evidence under Rule 37(c)(1).  Therefore, the Court should grant the State's Motion and enter an order striking Defendants' expert reports and exclude the expert testimony of Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright.

                                          Respectfully submitted,

                                          /s/ Misty Braswell
                                          Misty M. Braswell
                                          Edward G. Newville
                                          Special Assistants Attorney General
                                          New Mexico Office of the State Engineer
                                          P. O. Box 25102
                                          Santa Fe, NM 87504-5102
                                          Telephone:  (505) 827-3989
                                          Fax:  (505) 827-3887
                                          misty.braswell@state.nm.us
                                          *Attorneys for Plaintiff State of New Mexico*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of May, 2015 I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list to be served via electronic mail.

                                               /s/ Misty M. Braswell