IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO, *ex rel.* ) | | |
| State Engineer ) | | 69cv07941-MV/KK |
| ) | | RIO CHAMA STREAM SYSTEM |
| Plaintiff, ) | | |
| ) | | Section 3, Rio Cebolla |
| vs. ) | | |
| ) | | Subfile Nos. CHCB-001-0007, |
| ROMAN ARAGON, *et al.*, ) | | CHCB-002-0001B, CHCB-002-0002C, |
| ) | | CHCB-002-0009 |
| Defendants. ) | | |
| ) | | |

**STATE OF NEW MEXICO'S MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
DEFENDANTS' RIGHTS TO WATER UNDER THE OLD VALDEZ DITCH**

The State of New Mexico *ex rel.* State Engineer ("State") hereby submits this memorandum in support of its *Motion for Partial Summary Judgment Regarding Defendants' Rights to Water Under the Old Valdez Ditch*. The State seeks summary judgment against Defendants Charlie and Geralda M. Chacon and Delfin O. and Francis S. Quintana Trust ("Defendants") regarding Defendants' rights to water from the Rio Cebolla, a tributary of the Rio Chama, under the Old Valdez ditch. There are no genuine issues of material fact concerning pre-1907 use of water from this ditch and the State is entitled to judgment as a matter of law that Defendants Charlie and Geralda M. Chacon have no rights to water from the Old Valdez ditch other than those recognized in a consent order entered in Subfile No. CHCB-002-0001A (July 23, 2010, Doc. No. 9916) and Defendants Delfin O. and Francis S. Quintana Trust have no rights to water from the Old Valdez ditch.

**Introduction**

This case concerns the disputed water rights claims of the Defendants. Defendants dispute certain elements of their rights to divert and use the public waters of the Rio Chama stream system as described in Subfile Nos. CHCB-001-0007, CHCB-002-0001B, CHCB-002-

1

0002C and CHCB-002-0009 in the Rio Cebolla subsection of the general stream adjudication. The State's motion for partial summary judgment concerns Defendants' claims to rights to irrigate certain tracts of land from the Rito del Tanque, a tributary of the Rio Cebolla. The State requests summary judgment as to Defendants' rights to the Rito del Tanque in subfiles CHCB-002-0001B, CHCB-002-0002C and CHCB-002-0009.

The fundamental dispute concerns a ditch known as the "Old Valdez" ditch. The State contends that the Old Valdez ditch was constructed by Juan Desiderio Valdez prior to 1907 as a private ditch to irrigate approximately seven acres of land on the Valdez homestead and that the ditch originally terminated at the southern boundary of the Valdez homestead. Defendants contend that the Old Valdez ditch did not terminate at the boundary of the Valdez homestead, but instead continued a considerable distance south of the Valdez homestead and irrigated additional lands, now owned by Defendants, south of the Valdez homestead prior to 1907. The State considers the extension of the Old Valdez ditch (known as the "Alfalfita" ditch) to be a separate ditch without valid water rights. Defendants are seeking water rights from the Rito del Tanque to irrigate these tracts from the Old Valdez ditch based on their claims of pre-1907 water use. In the State's view, based on extensive documentary evidence, the Alfalfita ditch was actually constructed much later than the Old Valdez ditch and well after 1907, and at some point an unauthorized extension was constructed to connect the two ditches as they exist today. In the absence of a valid permit from the Office of the State Engineer, evidence of pre-1907 water use is required to establish a water right under New Mexico law. Defendants have produced no credible evidence to support their claims of pre-1907 water use on the tracts at issue. Therefore, the State requests the Court find as a matter of law that (1) the Old Valdez ditch and the Alfalfita ditch were constructed as two separate ditches; (2) the Alfalfita ditch was constructed at some

later time after 1907; (3) that these two ditches were connected at some unknown time after 1907, and (4) that Defendants have no rights to irrigate the claimed tracts under the Old Valdez ditch from the Rio Cebolla.

## Standard of Review

Rule 56 provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Based on undisputed material facts and as a matter of law, the State is entitled to summary judgment as to the water rights of Defendants to the Rio Cebolla under the Old Valdez ditch.

## Statement of Undisputed Material Facts

The following material facts are undisputed:

1. The hydrographic survey of the Rio Chama Stream System, Section 3, Rio Cebolla, prepared by the New Mexico Office of the State Engineer ("Office of the State Engineer") in August, 2000 ("hydrographic survey") includes a ditch known as the "Old Valdez" ditch. As mapped in the hydrographic survey, this ditch originates from the Rito de la Piedra, a tributary of the Rito del Tanque, a tributary of the Rio Cebolla, and terminates at the southern boundary of a tract of land originally claimed as a homestead by Juan Desiderio Valdez in 1878. Affidavit of Dr. John Baxter ("Baxter Aff.") at ¶7.

2. The portion of the Juan Desiderio Valdez homestead bisected by the Old Valdez ditch is now owned by Defendants Charlie and Geralda M. Chacon.

3. Defendants Charlie and Geralda M. Chacon were adjudicated rights to irrigate 16.9 acres on this portion of the former Valdez homestead from the Old Valdez ditch in a consent order entered in Subfile No. CHCB 02-0001A.

4.	The hydrographic survey also includes a ditch known as the "Alfalfita" ditch.  As mapped in the hydrographic survey, the Alfalfita ditch begins in a field approximately 200 yards south of the terminus of the Old Valdez ditch, on lands originally homesteaded by Canuto Valdez and now owned by Defendants Delfin O. and Frances I. Quintana Trust.  Baxter Aff. at ¶8.  The Alfalfita ditch receives water from springs and tail water (overflow) from a ditch known as the "Canuto Valdez" ditch.  *Id*.  The Canuto Valdez ditch diverts water from the Rito del Medio, another tributary of the Rio Cebolla.  *Id*.  This ditch was constructed by Canuto Valdez to irrigate lands on his homestead, located just south of the Juan Desiderio Valdez homestead.  *Id*.

5.	Beginning at the southwest boundary of the Canuto Valdez homestead, the Alfalfita ditch runs southwest along the base of a slope below the Canuto Valdez ditch.  The Alfalfita ditch then traverses the southeast corner of the Gabriel Valdez homestead and continues through lands acquired by Patricio Chacon in 1951 and now owned by Defendants Charlie and Geralda Chacon.  The Alfalfita ditch then crosses the north end of the former Jose Leandro Montoya homestead (acquired by Patricio Chacon in 1919 and now owned by Defendants Charlie and Geralda Chacon), and terminates at the site of a former alfalfa field in the Montoya homestead.  Baxter Aff. at ¶8, ¶11.

6.	Patricio Chacon is Charlie Chacon's father and predecessor in interest. Deposition, Charlie Chacon, December 17, 2009, p. 11, Exhibit ("Ex.") 29.

7.	At the present time, the Old Valdez ditch and the Alfalfita ditch are connected so that water from the Rito del Tanque supplements the Alfalfita's flow from the other sources. Baxter Aff. at ¶9.  However, the conjunction of these two ditches is not indicated on the hydrographic survey map because the Office of the State Engineer does not consider them to be a single ditch.  *Id*.

1949 Declaration of Water Rights

8. In 1932, 15 parciantes from the Acequia Pinavetal, a ditch that diverts water from the Rio del Tanque upstream from the Old Valdez ditch and irrigates lands on the west side of the Rio del Tanque, submitted a declaration to the Office of the State Engineer for rights to water for "domestic, stock watering and irrigation purposes." Signers of the 1932 Declaration included Canuto Valdez, Luis Quintana, and Patricio Chacon. Baxter Aff. at ¶14.

9. In 1937, Patricio Chacon purchased the south half of Juan Desiderio Valdez's homestead claim, the portion where the Old Valdez ditch is located. Baxter Aff. at ¶11.

10. The 1932 Declaration failed to indicate the individual tracts held by each parciante, but that information was provided in 1949 by an amendment filed with the Office of the State Engineer. Baxter Aff. at ¶14.

11. Concurrent with the 1949 amendment Patricio Chacon filed a declaration for water rights from the Old Valdez ditch to irrigate seven acres on the portion of the former Juan Desiderio Valdez homestead that he now owned. Baxter Aff. at ¶15.

12. The 1949 Declaration was supported by a plat drawn by Walter G. Turley, a professional surveyor. Turley's plat shows the full length of the Old Valdez ditch and shows the ditch returning into the river just below Chacon's field, at his property boundary. *Id*.

13. A map prepared by the Office of the State Engineer in 2000 shows a gap of about 200 yards between the end of the Old Valdez ditch and the origination point of the Alfalfita ditch. Baxter Aff. at ¶22. On the map, the termination point of the Old Valdez coincides closely with that shown on the 1949 Turley plat, on which the ditch runs into the Rito del Tanque at the end of Patricio Chacon's seven-acre field. *Id*. There is no indication that the Old Valdez ditch continued further south at the time of the 1949 Declaration. *Id*.

14. As filed with the Office of the State Engineer, the plat carried an endorsement to its accuracy signed by five commissioners of the Pinavetal ditch, including Patricio Chacon. Baxter Aff. at ¶14.

15. In 1949, Patricio Chacon also owned lands located on the north end of the former Jose Leandro Montoya homestead. These lands are now traversed by the Alfalfita ditch. Patricio Chacon did not declare any water rights for these lands on the 1949 Declaration. Baxter Aff. at ¶15.

16. Although the Alfalfita ditch now traverses lands owned by Luis Quintana and the United States Department of Interior in 1949, neither of these property owners claimed irrigation rights from the Old Valdez ditch on the 1949 Declaration. *Id*.

17. Patricio Chacon was the only landowner who claimed irrigation rights from the Old Valdez ditch in the 1949 Declaration, for seven acres located on the former Juan Desiderio Valdez homestead. *Id*.

18. On September 28, 1953, following an inspection by Walter G. Turley, the commissioners of the Acequia Pinevetal submitted a "Proof of Completion of Works" to the Office of the State Engineer. The Proof of Completion of Works includes a sworn statement as to the truth of its contents signed by several of the ditch commissioners, including Patricio Chacon. The Proof of Completion of Works states that the length of the Old Valdez ditch is 1,580 feet. OSE File No. 0636/Permit No. 2738, Ex. 30.

19. The current length of the Old Valdez ditch and the Alfalfita ditch as presently connected is approximately 5,741 feet. Affidavit of Michael Recker at ¶__.

Land Development in the Old Valdez/Alfalfita Ditch Vicinity

20.     After Juan Desiderio Valdez claimed his homestead in 1878, several years passed before other settlers took homesteads nearby.  In 1884, Gabriel Valdez claimed a 160-acre homestead to the west of Juan Desiderio Valdez's homestead.  The southeast quarter of the original Gabriel Valdez homestead is presently traversed by the Alfalfita ditch.  Baxter Aff. at ¶10.

21.     After the death of Juan Desiderio Valdez, his heirs conveyed title to the south half of his homestead claim, the portion bisected by the Old Valdez ditch, to Josefa Valdez de Garcia, daughter of Juan Desiderio Valdez's brother Gabriel Valdez.  Baxter Aff. at ¶11.

22.     In 1926, after Gabriel Valdez and his wife had died, their children divided his homestead into four 40-acre parcels.  Beginning on the east side, these parcels were transferred to Eufemia Valdez de Benavides, Josefa Valdez de Garcia, Canuto Valdez, and Patricio Chacon. *Id*.

23.     On June 3, 1926, Josefa Valdez de Garcia conveyed her 40-acre share of the Gabriel Valdez homestead to Luis and Dulcinea Quintana.  Baxter Aff. at ¶12.  The deed made no mention of irrigation rights, although the southeast portion of the tract is presently crossed by the Alfalfita ditch. *Id.*

24.      On October 12, 1944, Canuto Valdez conveyed 40 acres, his sister Eufemia's share of the Gabriel Valdez homestead, to Luis and Dulcinea Quintana.  The deed specifically included "all rights to water belonging to said land".  Baxter Aff. at ¶12.

25.     On November 20, 1944, Canuto Valdez conveyed 40 acres, his share of the Gabriel Valdez homestead, to his son, Gabriel Valdez.  The deed noted that irrigation rights were included.  Baxter Aff. at ¶13.

7

26. On February 19, 1949, Canuto Valdez conveyed his own homestead to Gabriel Valdez. *Id.*

27. In 1956, Gabriel Valdez exchanged the west half of the Canuto Valdez homestead for Luis Quintana's portion of the original Gabriel Valdez homestead. Baxter Aff. at ¶16. Gabriel Valdez's deed from Quintana stated that he received water rights to irrigate lands on both sides of the Rito del Tanque: on the west, through the Pinavetal, on the east, from the Rito del Medio acequia. Gabriel Valdez's deed to the Quintana's likewise gave them a water right from the Rito del Medio acequia. Baxter Aff. at ¶16.

28. Although these tracts are both traversed by the Alfalfita ditch, the deeds do not mention water rights from the Old Valdez ditch. *Id.*

29. On January 25, 1960, Luis Quintana and his wife conveyed their tract acquired from Gabriel Valdez to their son Delfin Quintana. All rights to water from the Rito del Medio were included. The deed does not mention a water right from the Old Valdez ditch. Baxter Aff. at ¶16.

### 1951 Patricio Chacon Land Purchase from Department of Interior

30. In 1946, federal officials received a request from Patricio Chacon to buy a 40-acre tract of land which joined his property on the east and south. In 1951, his offer was accepted and he received a patent for the land from the General Land Office. Baxter Aff. at ¶23.

31. This land is traversed by the Alfalfita ditch. *Id.*

32. In his original application, Patricio Chacon declared that he intended to use the land for grazing purposes. Before the sale, a field examiner from the Bureau of Land Management made an inspection of the tract. In his report, the examiner said that the 40 acres could best be used for livestock grazing. The examiner noted that the tract was bordered by a

brook on one boundary, but further noted that there was no water of any kind on the tract, and agreed that Chacon's offer of $3.00 per acre was a fair price. Baxter Aff. at ¶23.

33. This price was far below the going rate for irrigated land at that time. The price paid for Patricio Chacon's 40 acres was comparable to the sales of two other parcels made at the same time in Section 26, a short distance to the west. Eight acres identified by the same inspector as grazing land brought $2.50 per acre. Another lot of four acres declared unsuitable for agriculture to be used as a building site in the village of Cebolla sold for $10 per acre. Baxter Aff. at ¶23.

### *Cordova v. Quintana*

34. In 1926, Canuto Valdez filed a declaration with the Office of the State Engineer claiming rights to water for the irrigation of three acres within his homestead, located just south of Juan Desiderio Valdez's homestead. The water came from the Rito del Medio. Baxter Aff. at ¶13.

35. In 1944, Canuto Valdez sold 40 acres, part of the original Gabriel Valdez homestead, to Luis and Dulcinea Quintana. Baxter Aff. at ¶12.

36. In 1954, Gabriel Valdez and Luis Quintana built a new diversion at the headgate of the Canuto Valdez ditch. This new diversion diverted almost all of the flow of the Rito del Medio into the Canuto Valdez ditch. Baxter Aff. at ¶18.

37. In September 1962, Jose G. Cordova, owner of a large acreage downstream, filed a lawsuit in New Mexico district court against Quintana and Valdez over this diversion. Baxter Aff. at ¶18. In his complaint, Cordova conceded that Canuto Valdez, Quintana's predecessor in interest, had a historic right to irrigate about three acres from the Rito del Medio. Sometime after 1923, a sawmill operator obtained authorization to divert water through Canuto's ditch to

provide steam for the mill.  Later, after the mill ceased operations, landowners continued to use the water to irrigate additional farmlands.  According to Cordova, Canuto's successors had failed to get more water rights "either by purchase or gift."  Instead, they had attempted to acquire rights from the Rio del Medio through adverse possession for irrigation on 100 acres of new lands.  Baxter Aff. at ¶19.

38.　　A report prepared by a special master in 1967 found that defendants Valdez and Quintana had water rights from the Rito del Medio on about three acres of land and that Jose G. Cordova had water rights from the Rito del Medio for 104 acres of land.  The special master's report was ultimately accepted by the New Mexico Supreme Court.  Under the court's decision the lands now watered by the Alfalfita ditch had no rights to water from the Rito del Medio.  Baxter Aff. at ¶21.

39.　　The water rights awarded to Jose G. Cordova to the Rito del Medio in the *Cordova v. Quintana* litigation have since been recognized by this Court in a consent order entered in CHCB-002-0011.

## 1973 Water Rights Transfer

40.　　In 1969, Charlie Chacon purchased water rights from 30 acres west of the Rito del Tanque from Gabriel Valdez.  Charlie Chacon applied for and received a permit from the Office of the State Engineer to change the point of diversion of the rights to the other side of the Rito del Tanque in 1973 and established a diversion for a new acequia, known as the "Chacon" ditch.  Baxter Aff at ¶25.

41.　　The lands to which the water rights were transferred and which are irrigated from the Chacon ditch overlap the lands that are traversed by the Alfalfita ditch.  *Id*.

**Argument**

Summary judgment is appropriate where a court determines that "there is no genuine dispute over material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993), Fed.R.Civ.P. 56(c).  To carry its initial burden, the moving party need not negate the nonmoving party's claim.  See *Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997).  Instead, the movant only bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case.  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of his claim.  See *Pueblo v. Neighborhood Health Centers, Inc.*, 847 F.2d 642, 649 (10th Cir. 1988).  If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law.  See, e.g., *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996).

Here, there is a total absence of evidence to support Defendants' case.  In New Mexico, a declaration of water rights is prima facie evidence of the truth of its contents.  NMSA 1978, § 72-1-3.  Defendants are claiming water rights from the Old Valdez ditch for tracts not included on the 1949 Declaration of water rights.  However, Defendants' claims are not factually supported.  Defendants have not produced any expert witness testimony or credible documentary evidence to support their case or to rebut the evidence in the 1949 Declaration.  The documentary evidence as set forth above instead overwhelmingly establishes that in 1907 the Old Valdez ditch ended at the southern boundary of the lands settled by Juan Desiderio Valdez,

and that the claimed tracts were not irrigated from the Old Valdez ditch prior to 1907.  The Old Valdez ditch was originally constructed by Juan Desiderio Valdez to irrigate his homestead.  As originally constructed, the Old Valdez ditch returned to the Rio Cebolla at the southern end of his land, as shown on the 1949 Turley map, and did not continue south to irrigate the homestead claims of Canuto Valdez, Gabriel Valdez, and Jose Leandro Montoya, or the lands owned by the Department of Interior and acquired by Patricio Chacon in 1951.  The Old Valdez ditch was a private ditch serving one homestead only and was never considered to be a community ditch or acequia serving multiple homesteads.

     The history of land development in the area, beginning with the Juan Desiderio Valdez homestead, supports the State's theory that the Valdez ditch was constructed to be and was always considered to be a private ditch serving only one land owner.  The acquisition over time by the Chacon's and Quintana's of lands now traversed by the Alfalfita ditch supports the State's claim that Defendants would have sought a means to irrigate these lands.  While the tracts of land over which the Alfalfita ditch now crosses have been conveyed a number of time over the years, none of the various deeds contain any mention of water rights to the Old Valdez ditch, although several of the deeds attempt to convey water rights from the Rito del Medio.  This indicates that these tracts were never considered to have valid water rights under the Old Valdez/Alfalfita ditch.

     While the date of construction of the Alfalfita ditch is not known, it likely occurred much later than 1907 and most likely subsequent to 1951, when the federal land inspector's report found no evidence of water of any kind on the 40-acre tract acquired by Patricio Chacon and which the Alfalfita ditch now crosses.  The 1949 Declaration, which was signed by Patricio Chacon, does not include any claims to water rights from the Old Valdez ditch other than the

seven acres he claimed on the former Juan Desiderio Valdez homestead.  The accompanying Turley map clearly shows the ditch returning to the Rito del Tanque at the southern boundary of Patricio Chacon's land.  The documentary evidence establishes that the Alfalfita ditch was constructed much later, at some unknown date, to collect overflow water from the upslope Canuto Valdez ditch, which receives water from the Rito del Medio.

Likewise, the date of construction of the extension of the Old Valdez ditch connecting it to the Alfalfita ditch is unknown.  However, it was most likely constructed after the Supreme Court found in the *Cordova v. Quintana* litigation that there were no rights from the Rito del Medio to lands irrigated by the Alfalfita ditch.  This ruling would have prompted the Chacon's and Quintana's to seek another, legitimate, source of water for the lands they were irrigating from the Alfalfita ditch.  This would also explain the 1973 transfer of water rights by Charlie Chacon to the area for which Defendants are claiming water rights under the Old Valdez/Alfalfita ditch.  If valid water rights existed for these tracts, the transfer would have been unnecessary.

In addition to the tracts owned by Defendants, there are three other tracts of land that could potentially be irrigated from the Alfalfita ditch (all part of the former Gabriel Valdez homestead, they are the three 40-acre tracts originally conveyed to Josefa Valdez de Garcia, Canuto Valdez, and Patricio Chacon following the death of Gabriel Valdez).  However, none of the present owners of these tracts claimed rights to the Old Valdez or Alfalfita ditch during the adjudication of their water rights.  In Subfile No. CHCB-0002-0004, Defendant Felix Valdez entered into a consent order with the State that designated 2.1 acres of his land under the Alfalfita ditch as having "no right".  In Subfile No. CHCB-002-0005, Defendants William R. Clark and Kaye D. Raymond entered into a consent order with the State that designated 0.3 acres

of their land under the Alfalfita ditch as having "no right". In Subfile No. CHCB-002-0003, Defendant Gabriel Valdez entered into a consent order with the State that designated 2.6 acres of his land under the Alfalfita ditch as having "no right". In classifying these tracts as "no right", all of these consent orders identify the Rito del Medio as the source of water for the Alfalfita ditch, not the Rito del Tanque. These consent orders are further indication that these tracts were never considered to have valid water rights under the Alfalfita ditch from any source. Of the present day owners of the four parcels from the 1926 division of the original Gabriel Valdez homestead, only Defendants Delfin O. and Frances S. Quintana Trust are claiming rights to the Old Valdez/Alfalfita ditch.

The State's expert historian, John Baxter, Ph.D., has conducted an exhaustive review of the documentary evidence in his investigation of whether the original Old Valdez ditch ended at the southern boundary of the Juan Desiderio Valdez homestead. Dr. Baxter has found no support whatsoever for Defendants' claim that as originally constructed the Old Valdez ditch extended beyond that boundary. His expert opinion that the Old Valdez ditch ended at the southern boundary of the Juan Desiderio Valdez homestead, based on the documentary evidence as set forth in this memorandum, stands uncontroverted by any credible evidence or expert opinion and thus is undisputed.

Based on these undisputed material facts, the State respectfully requests that the Court enter partial summary judgment by making the following determinations as a matter of law:

1. The Old Valdez ditch and the Alfalfita ditch were originally constructed as two separate ditches;

2. The Alfalfita ditch was constructed at some unknown time after 1907;

3. The Old Valdez ditch and Alfalfita ditch were connected at some unknown time after 1907; and

4. Defendants have no rights to irrigate the claimed tracts under the Old Valdez ditch from the Rio Cebolla.

WHEREFORE, the State respectfully requests that the Court enter partial summary judgment that that Defendants Charlie and Geralda M. Chacon have no rights to water from the Old Valdez ditch other than those recognized in a consent order entered in Subfile No. CHCB-002-0001A (July 23, 2010, Doc. No. 9916) and Defendants Delfin O. and Francis S. Quintana Trust have no rights to water from the Old Valdez ditch.

>Respectfully submitted,
>
>/s/ Misty Braswell
>Misty M. Braswell
>Ed Newville
>Special Assistants Attorney General
>New Mexico Office of the State Engineer
>P. O. Box 25102
>Santa Fe, NM 87504-5102
>Telephone: (505) 827-3989
>Fax: (505) 827-3887
>misty.braswell@state.nm.us
>*Attorneys for Plaintiff State of New Mexico*