IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT

COUNTY OF RIO ARRIBA, STATE OF NEW MEXICO

JOSE G. CORDOVA,

              Plaintiff,

    vs.

GABRIEL VALDEZ and
DELFIN QUINTANA,

              Defendants,

ALFONSO G. SANCHEZ,

              Plaintiff in
              Intervention.

No. 8650

## J U D G M E N T

THIS MATTER having come on regularly for hearing on November 1967, before FRANK E. IRBY, Special Master appointed herein by the Court by Order filed herein on the _3_ day of _August_, 1967 Plaintiff appearing in person and by his attorney, J. H. BURTTRAM, Defendants GABRIEL VALDEZ and DELFIN QUINTANA appearing in person and by their attorney, MATIAS L. CHACON, and Plaintiff in Intervention ALFONSO G. SANCHEZ appearing per se; and the Special Master, FRANK E. IRBY, having studied the matter, having heard the testimo presented by the parties, having inspected the subject lands and irrigation works and having considered the evidence and being othe: wise fully advised in the premises and having submitted his report containing his findings of fact and conclusions of law, and the Court having considered the same, and good cause appearing therefo.

The Court makes the following findings of fact:

1.  That Frank E. Irby, Special Master, has filed his Report herein listing his Findings of Fact and Conclusions of Law, that said Findings of Fact and Conclusions of Law are based upon

1  substantial evidence and should be approved and confirmed by thi
2  Court with one exception as listed herein.

3      2.   That the "slack" season referred to in said Report begi
4  on June 1st of each year and usually continues through the remain
5  of the growing season, and that water rotation shall start on Ju
6  1st of each year.

7      3.   That with this change the Report of said Special Master
8  should be approved and confirmed.

9      BASED UPON THE FOREGOING FINDINGS OF FACT THE COURT CONCLUDE
10 AS MATTERS OF LAW:

11     1.   That between them, the Defendants GABRIEL VALDEZ and
12 DELFIN QUINTANA have vested and valid water rights in the surface
13 waters of Rito del Medio, a tributary of the Rio Cebolla, which i
14 turn is a tributary of the Rio Chama, on "about three (3) acres o
15 land," and no more, in the South half (S 1/2) of the Southeast
16 quarter (SE 1/4) of Section 24, Township 27 North, Range 4 East,
17 N.M.P.M., with the priority of 1905.

18     2.   That the Plaintiff JOSE G. CORDOVA has vested and valid
19 water rights in the surface waters of Rito del Medio, a tributary
20 of Rio Cebolla, which in turn is a tributary of Rio Chama, on one
21 hundred and two (102) acres of land, and no more, of the total on
22 hundred and four (104) acres shown on the map by Walter G. Turley,
23 Engineer, which is a part of Plaintiff's Exhibit No. 4 in this
24 cause, with a priority of 1887.

25     3.   That the plaintiff in intervention ALFONSO G. SANCHEZ has
26 vested and valid rights in the surface waters of Rito del Medio, a
27 tributary of Rio Cebolla, which in turn is a tributary of Rio Cham
28 on two (2) acres of land, and no more, of the total one hundred an
29 four (104) acres shown on the map by Walter G. Turley, Engineer,
30 which is a part of Plaintiff's Exhibit No. 4 in this cause, with a
31 priority of 1887.

32

-2-

4. That the "slack season" of the year when there is not enough water available begins on June 1st of each year and usually continues through the remainder of the growing season.

5. That a dam should be constructed in the bed of Rito del Medio conforming to the sketch and specifications recommended by FRANK E. IRBY, Special Master.

6. That the available water should be distributed on a rotation basis as set forth in the Special Master's Report.

7. That a Final Order confirming the report of the Special Master and ordering compliance therewith should be entered herein

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. That between them, the Defendants, GABRIEL VALDEZ and DELFIN QUINTANA, have vested and valid water rights in the surface waters of Rito del Medio, a tributary of the Rio Cebolla, which in turn is a tributary of the Rio Chama, on "about three (3) acres of land," and no more, in the South half (S 1/2) of the Southeast quarter (SE 1/4) of Section 24, Township 27 North, Range 4 East, N.M.P.M., with the priority of 1905.

2. That no accurate description exists of the "about three (3) acres" and that said Defendants should be required to furnish an accurate Plat of Survey showing the portion belonging to each of said Defendants.

3. That the Plaintiff JOSE G. CORDOVA has vested and valid water rights in the surface waters of Rito del Medio, a tributary of Rio Cebolla, which in turn is a tributary of Rio Chama, on one hundred and two (102) acres of land, and no more, of the total one hundred and four (104) acres shown on the map by WALTER G. TURLEY, Engineer, which is a part of Plaintiff's Exhibit No. 4 in this cause, with a priority of 1887.

4. That the Plaintiff in Intervention ALFONSO G. SANCHEZ has

-3-

vested and valid water rights in the surface waters of Rito del
Medio, a tributary of Rio Cebolla, which in turn is a tributary o
Rio Chama, on two (2) acres of land, and no more, of the total or
hundred and four (104) acres shown on the map by WALTER G. TURLEY
Engineer, which is a part of Plaintiff's Exhibit No. 4 in this ca
with a priority of 1887.

5.  That said Plaintiff in Intervention should be required to
furnish an accurate description of the said two (2) acres, being
that land irrigated since 1887 which is a part of the one hundred
and four (104) irrigated acres shown on Plaintiff's Exhibit No. 4

6.  That the "slack" season of the year when there is not en
water available begins on June 1st of each year and usually conti
through the remainder of the growing season.

7.  That a dam should be constructed in the bed of Rito del
Medio conforming to the sketch filed by FRANK E. IRBY showing top
view and front view looking upstream, and having the attached
suggested minimum specifications.

8.  That rotation is defined as that time, expressed in days
hours and minutes, that the available water should be distributed
between the parties during the "slack" season on a rotation basis
as follows:

(A) That the water should be distributed on scheduled rotati
based on time and acres, and that the rotation period should not
exceed fourteen (14) days, and that one (1) of the fourteen (14)
days should be reserved for transmission of water from the dam to
the points of use, and that the hours in the remaining thirteen
(13) days should be divided among the users in proportion to thei
water right acres as follows:

(a)  Since the grade is flat in the ditch to Defendants'
lands and steeper in the creek to Plaintiff's lands, fifteen (15)

-3A-

1 hours and fifteen (15) minutes for transmission of water from the
2 dam to the lands of the Defendants which are contiguous, and eight
3 (8) hours and forty-five (45) minutes for transmission of water
4 from the dam to the lands of the Plaintiff and Plaintiff in Inter-
5 vention which are contiguous.

6     (b) The Defendants have the use of the water on their lands
7 for eight (8) hours and forty-five (45) minutes following the fif-
8 teen (15) hours and fifteen (15) minutes of transmission time, and
9 the Plaintiffs have the use of the water on their lands for twelve
10 (12) days, fifteen (15) hours and fifteen (15) minutes following
11 the eight (8) hours and forty-five (45) minutes transmission time,
12 (twelve (12) days, nine (9) hours and twenty (20) minutes of which
13 belong to Plaintiff CORDOVA, and five (5) hours and fifty-five (55)
14 minutes belong to Plaintiff in Intervention SANCHEZ).

15     (c) Rotation shall start on June 1st of each year, when there
16 is not sufficient water at the dam to fully supply both of the eight
17 (8) inch by six (6) inch orifices, and the Plaintiffs to have a full
18 orifice of the water, and the Defendants have the remainder of the
19 available water until such time as the supply diminished to one (1)
20 full orifice of water or Plaintiffs' rotation time has ended, and then
21 Defendants' rotation turn starts. If there is more water than is
22 required for one (1) full orifice, when Defendants' rotation turn
23 commences, the Plaintiffs have the remainder of the available supply.
24 When there is only enough water for one (1) full orifice, or less than
25 enough, the party whose rotation turn is in effect has all of the
26 water throughout the remaining time of his turn.

27     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the report of
28 FRANK E. IRBY, Special Master, be and the same is hereby approved
29 and confirmed and the parties hereto are ordered to comply with all
30 provisions and orders contained therein.

31 _____

    Justice, Supreme Court

32 Submitted: