IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN ARAGON, *et al.*,<br><br>Defendants. | 69cv07941-MV/KK<br>RIO CHAMA STREAM SYSTEM<br><br>Section 3, Rio Cebolla<br><br>Subfile Nos. CHCB-001-0007,<br>CHCB-002-0001B, CHCB-002-0002C,<br>CHCB-002-0009 |

### STATE OF NEW MEXICO'S
### MOTION TO STRIKE AFFIDAVIT OF STEPHEN D. HARDIN

The State of New Mexico *ex rel.* State Engineer ("State") hereby respectfully moves the Court to enter an order striking the *Affidavit of Stephen D. Hardin* ("Hardin Affidavit"), submitted in support of *Defendants' Response and Memorandum in Opposition to the State of New Mexico's Motion for Partial Summary Judgment Regarding Defendants' Rights to Water Under the Old Valdez Ditch* (Doc. 11091) ("Defendant's Response"). On July 15, 2015, the State filed a *Motion for Partial Summary Judgment Regarding Defendants' Rights to Water Under the Old Valdez Ditch* (Doc. 11088 ) ("State's Motion for Partial Summary Judgment"). On July 31, 2015, Defendants filed their Response, which included the Hardin Affidavit (attached hereto as Exhibit A). The Hardin Affidavit contains opinions not previously disclosed by Defendants and therefore should be excluded in accordance with Federal Rule of Civil Procedure 37(c)(1). In support of this motion, the State states the following.

I. Background

Under the *Revised Pretrial Order* (Doc. No. 11064) ("Order") guiding the pretrial process in this matter the parties were required to make their mandatory expert witness disclosures and submit their expert reports no later than March 15, 2015. Defendants' initial disclosures

1

identified several individuals, including Stephen D. Hardin, as expert witnesses. However, Defendants' disclosures did not include any expert reports that complied with the requirements of Federal Rule of Civil Procedure 26(a) and the Order. On April 27, 2015, the State filed a *Motion to Strike Defendants' Expert Reports and Exclude the Testimony of Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright* (Doc. 11080) ("State's Motion to Strike") requesting the Court strike Defendants' expert reports for failure to comply with Rule 26(a) and the Order. The State's Motion to Strike has been fully briefed and is currently pending before the Court.

On June 12, 2015, three days prior to the close of discovery and after briefing on the State's Motion to Strike was complete, Defendants supplemented their initial disclosures (see *Supplement to Initial Disclosures Charlie and Geralda M. Chacon Delfin O. and Frances S. Chacon* (sic) *Trust* ("Defendants' Supplemental Disclosures") attached hereto as Exhibit B[1]). Defendants' Supplemental Disclosures identified two new witnesses and included several new exhibits, including a map identified by Defendants as "*Surveyor General Henry M. Atkinson, December 6, 1883 survey "Map of Township No. 27, North range No. 4 East of Principal Meridian New Mexico" showing cultivated land in Tia Josefa pasture*" ("Atkinson Survey"). However, no expert reports were provided and Defendants' Supplemental Disclosures gave no indication that the Atkinson Survey would be used to form the basis for any expert opinions.

The "summary of facts and opinions" of Stephen D. Hardin provided in Defendants' Supplemental Disclosures is identical to Defendants' Initial Disclosures. Defendants state only that Hardin

> will testify about the features of various areas of the Defendants' subfiles as well as neighboring tracts owned by other irrigators, based upon his review of the

---

[1] Additions to "Defendants' Initial Disclosures" contained in Exhibit B, "Defendants' Supplemental Disclosures", appear in italicized font.

2

documentation as annotated on the exhibit. He is also called upon to evaluate the aerial photographs when they are available and to form opinions as to the evidence of irrigation on the subject subfiles.

Exhibit B at p. 6. No other information regarding the opinions he will offer is provided and no additional exhibits are identified as providing a basis for those opinions. The "exhibit" referred to in Defendants' Supplemental Disclosures appears to be Defendants' "*Exhibit A Assembled and Prepared By Stephen D. Hardin, Land Surveyor, 'Lands of Charlie and Jerald Chacon', showing Defendants' lands irrigated by the Pinabetal, the Sanchez Ditch and the Old Valdez Ditch, prepared July 14, 2008*" ("2008 Hardin Map", attached hereto as Exhibit C). See Exhibit B at p. 3. Defendants' Supplemental Disclosures gave no indication that Hardin or any other witness would rely on or offer any opinions based on the Atkinson survey. Now, in response to the State's Motion for Partial Summary Judgment, Hardin has offered the opinion that the lands known as the "Alfalfita" and "Old Tank" fields and lands claimed by the Quintana's are shown as "cultivated" on the Atkinson Survey. See Hardin Affidavit at ¶¶ 5 and 6.

II.     Argument

Under Rule 26(a), an expert report is to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(i). Thus, "[i]t should be assumed that at the time an expert issues his [or her] report, that report reflects his [or her] full knowledge and complete opinions on the issue for which his [or her] opinion has been sought." *Hunt v. CNH America LLC,* 857 F.Supp.2d 320, 339 (W.D.N.Y.2012) (citation omitted). Under Rule 37(c)(1), "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, hearing, or at a trial, unless the failure was substantially justified or harmless." The intent behind

this rule "is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Delaware and Hudson Ry. Co.,* 282 Fed.App'x. 84, 86 (2d Cir.2008) (internal citations and quotation marks omitted). "Any prior undisclosed opinions set forth in a declaration submitted to support or oppose a summary judgment is inadmissible, absent a showing the nondisclosure was justified or harmless under Rule 37(c)(1)." *Oklahoma v. Tyson Foods, Inc.,* 2009 WL 2252129, at ¶5 (N.D. Okla. July 24, 2009). See also *Gagnon v. Teledyne Princeton,* 437 F.3d 188, 199 (1st Cir. 2006). A party may rely only on admissible evidence to defeat a summary judgment motion. *Lewis v. CITGO Petroleum Corp.,* 561 F.3d 698, 704 (7th Cir.2009).

Defendants have never disclosed any expert reports or opinions, in either their initial or supplemental disclosures, for Hardin or any other identified expert witness, nor have they provided any information regarding Hardin's qualifications to offer any opinions. In addition to not disclosing any expert opinions they intend to rely on, Defendants have also not disclosed the basis or reasons for those opinions. With regards to the Atkinson Survey, Defendants' Supplemental Disclosure states only that it shows "cultivated land in Tia Josefa pasture". See Exhibit B at p. 3. The 80 acre "Tia Josefa pasture", as shown on the 2008 Hardin map, is located in the N ½ SE ¼ of Section 24, and comprises the south half of the former 160-acre Juan Desiderio Valdez homestead. The "Tia Josefa pasture" does not include any lands that are at issue in the State's Motion for Partial Summary Judgment. Now, in response to that motion, Hardin offers the opinion that the lands that <u>are</u> at issue in the summary judgment proceeding are shown as "cultivated" on the Atkinson Survey.

There simply can be no confusion on the part of Defendants as to the location of the "Tia Josefa pasture". The lands known as the "Tia Josefa pasture", as Defendants have stipulated,

were acquired by Patricio Chacon in 1937 when he bought the parcel from his aunt, Josefa Valdez de Garcia, niece of Juan Desiderio Valdez. See Affidavit of John Baxter, Ph.D., attached to the State's Motion for Partial Summary Judgment, at ¶11 (noting that these lands were "known afterward as "El Rancho de Tia Josefa"); see also Defendants' Response at p. 3. The "Alfalfita" and "Old Tank" fields, as shown on the 2008 Hardin Map, are located in the NW ¼ NW ¼ and SW ¼ NW ¼ of Section 25, in the former Jose Leandro Montoya homestead, and were acquired by Patricio Chacon much earlier, in 1919. See Affidavit of John Baxter at ¶11. The lands claimed by the Quintana's are located in the SE ¼ SW ¼ of Section 24, in the former Gabriel Valdez homestead.[2] None of the lands at issue in the summary judgment proceeding were ever owned by Josefa Valdez de Garcia. Thus, Defendants' description of the Atkinson Survey as showing "cultivated land in Tia Josefa pasture" is entirely inadequate to put the State on notice that Defendants intended to use the Atkinson Survey as the basis for an expert opinion regarding the irrigation of the tracts at issue in the summary judgment proceeding. There is nothing in Defendants' disclosures indicating that Defendants intended to rely on the Atkinson Survey to show the presence of cultivation in these tracts or any others beyond the 80 acre "Tia Josefa pasture" or that the Atkinson Survey would form the basis of any opinions by Hardin or any other witness. Without the benefit of expert reports that comply with the requirements of Rule 26(a), the State had absolutely no notice of these opinions. Hardin's opinions are entirely new opinions that were previously undisclosed by Defendants. Defendants' failure to disclose

---

[2] The 2008 Hardin Map incorrectly identifies the S ½ SE ¼ of Section 24 as "lands of Delfin Quintana". These lands are actually owned by Edna and Guillermo Cova and have been previously adjudicated water rights in subfile CHCB 002-0008. This is just one discrepancy contained in the map. The Hardin Affidavit includes a July 26, 2015 revision of the 2008 Hardin Map. The revised version differs from the 2008 Hardin Map in several important ways, including an apparent change in the amount of irrigated acreage claimed by Defendants. Without an opportunity to depose Hardin, the State is unable to question him regarding these changes or certain other apparent errors and ambiguities in the map. The State is left to guess what opinions he will testify to at trial and what the basis for those opinions will be.

the opinions in accordance with Rule 26(a) and the Order is neither justified nor harmless, and the opinions are therefore inadmissible. Because Defendants may rely only on admissible evidence to defeat a summary judgment motion, the Court should not consider the opinions in the Hardin Affidavit, and Defendants should not be allowed to use the opinions in the Hardin Affidavit to supply evidence on any other motion, hearing, or at a trial.

1. Defendants' noncompliance is not substantially justified.

There is absolutely no justification for Defendants' failure to timely disclose these opinions in accordance with the rules. The State did not take any new positions or offer any new evidence in support of its *Motion for Partial Summary Judgment*. These subfiles have been litigated for at least a decade, and Defendants have known of the State's position for years. Moreover, Defendants were fully informed by the State's assertions in the Order what the State intended to prove at trial,[3] and the State has fully disclosed the opinions to be offered by its expert witnesses in accordance with the Rules of Civil Procedure and the Order. Defendants have had more than sufficient time to develop Hardin's expert testimony and disclose the opinions in the Hardin Affidavit. Defendants have been in possession of the Atkinson Survey since at least June 2, 2015, prior to the close of discovery on June 15, 2015 (see Exhibit B at p. 3). Now, more than five months after the deadline for providing expert reports and without offering any justification, Defendants attempt to rely on new, previously undisclosed expert opinions to defeat the State's motion for summary judgment. This constitutes sandbagging of the State and the Court should exclude the Hardin Affidavit accordingly.

2. Defendants' noncompliance is not harmless because it is prejudicial to the State.

In its Motion to Strike, the State argued that it is prejudiced by Defendants' failure to

---

[3] A draft of the Order containing the State's contentions was initially prepared by counsel for the State and provided to Defendants on November 6, 2014.

6

comply with Rule 26(a) because it was unable to conduct discovery regarding the expert opinions to be offered or determine if and how the opinions can be rebutted, or otherwise adequately prepare for trial. The State is now faced with exactly the situation Rule 26(a) is intended to prevent: that of having to rebut a previously undisclosed expert opinion long after the close of discovery, without any opportunity to depose Hardin, pursue other discovery related to his testimony, or to prepare its own expert testimony. Moreover, the State is significantly prejudiced because its partial summary judgment motion is at least partially based on the failure of Defendants' to produce any expert opinions rebutting the opinion of the State's expert witness, Dr. John Baxter. Therefore, the use of these undisclosed opinions is not harmless, and the Hardin Affidavit should be struck.

III. Conclusion.

The Hardin Affidavit contains previously undisclosed expert opinions. Defendants' failure to disclose the opinions is neither substantially justified nor harmless, and the opinions should be excluded under Rule 37(c)(1). Defendants should not be allowed to use the opinions in the Hardin Affidavit, either in their response to the State's Motion for Partial Summary Judgment, at trial, or in any other context. The Court should grant the State's Motion and enter an order striking the Hardin Affidavit for failure to comply with Rule 26(a).

Respectfully submitted,

/s/ Misty Braswell
Misty M. Braswell
Edward G. Newville
Special Assistants Attorney General
New Mexico Office of the State Engineer
P. O. Box 25102
Santa Fe, NM 87504-5102
Telephone: (505) 827-3989
misty.braswell@state.nm.us
*Attorneys for Plaintiff State of New Mexico*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2015 I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list to be served via electronic mail.

/s/ Misty M. Braswell