IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*  )
State Engineer                            )          69cv07941-MV/KK
                                                )          RIO CHAMA STREAM SYSTEM
                     Plaintiff,              )
                                                )          Section 3, Rio Cebolla
vs.                                          )
                                                )          Subfile Nos. CHCB-001-0007,
ROMAN ARAGON, *et al.*,              )          CHCB-002-0001B, CHCB-002-0002C,
                                                )          CHCB-002-0009
                     Defendants.          )
_____)

## MOTION IN LIMINE BY STATE OF NEW MEXICO
## TO PROHIBIT OPINION TESTIMONY BY LAY WITNESSES

The State of New Mexico *ex rel.* State Engineer ("State") hereby respectfully moves the

Court to enter an order prohibiting opinion testimony by lay witnesses that may be offered by

Charlie and Geralda M. Chacon and Delfin O. and Frances S. Quintana Trust ("Defendants") in

hearings on disputed water rights in subfiles CHCB-001-0007, CHCB-002-0001B, CHCB-002-

0002C, and CHCB-002-0009.  In support of this motion, the State states the following.

I.        Background

In their initial disclosures, Defendants identified the following individuals as "individuals

who may have or might develop discoverable information that the Defendants may use to

support their claims or defenses":

      a)        Charlie Chacon
      b)        Geralda M. Chacon
      c)        Mary C. Martinez
      d)        Gerald Chacon
      e)        Edmund Sanchez
      f)        Carlos Chacon
      g)        Delfin Quintana
      h)        Tony Valdez
      i)        Charlie Hibner
      j)        Sam Smallege
      k)        Stephen D. Hardin

l)      Patrick Torres
m)      Malcolm Ebright

*Initial Disclosures Charlie and Geralda M. Chacon Delfin O. and Francis S. Chacon* (sic) *Trust*

("Defendants' Disclosures") at pp. 1-2.  Defendants later supplemented these disclosures and

disclosed two additional witnesses, Ernesto Sanchez and Bill Moore.  Of these individuals,

Defendants identified Charlie Hibner, Sam Smallege, Stephen D. Hardin, and Malcolm Ebright

as expert witnesses.  Defendants' Disclosures at pp. 4-5.  On April 27, 2015, the State filed a

*Motion to Strike Defendants' Expert Reports and Exclude the Testimony of Stephen D. Hardin,*

*Sam Smallege, Charlie Hibner, and Malcolm Ebright* for failure to comply with Federal Rule of

Civil Procedure 26(a)(2) (Doc. 11080).  This matter has been fully briefed and is currently

pending before the Court.

On July 15, 2015, the State filed the *State of New Mexico's Motion for Partial Summary*

*Judgment Regarding Defendants' Rights to Water Under the Old Valdez Ditch* (Doc. 11088).  On

July 31, 2015, Defendants filed *Defendants' Response and Memorandum in Opposition to the*

*State of New Mexico's Motion for Partial Summary Judgment Regarding Defendants' Rights to*

*Water Under the Old Valdez Ditch* (Doc. 11091) ("Defendants' Response").  In their Response,

Defendants relied on inadmissible opinion testimony from non-experts and affidavits containing

statements not based on the affiant's personal knowledge.  The State filed a reply to Defendants'

response on August 7, 2015 (Doc. 11093) objecting to the use of the non-expert opinion

testimony.  The summary judgment proceeding is also currently pending before the Court.

The State now requests the Court enter an order prohibiting opinion testimony by any

non-expert witnesses offered by Defendants at any hearings to be held in this matter.

II.      Argument

Under Federal Rule of Evidence 701, lay witnesses may only offer opinions based on

their own perceptions and may not offer opinions based on scientific, technical or other specialized knowledge. Fed. R. Evid. 701. The objective of Rule 701 is to "afford the trier of fact an 'accurate reproduction of the event' at issue". *United States v. Garcia,* 413 F.3d 201, 211 (2d Cir.2005). Under Federal Rule of Evidence 602, a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602.

At issue in these subfile proceedings are the Defendants' rights to divert and use the public waters of the Rio Cebolla. Pursuant to the December 16, 2014 *Revised Pretrial Order* (Doc. 11064), it is Defendants' burden to prove their claims as to the location and amount of irrigated acreage to be recognized. Resolution of these claims requires consideration of historical evidence of pre-1907 use of water on the tracts at issue. Any lay witnesses to be offered by Defendants do not have personal knowledge of pre-1907 use of water and would only be testifying to their opinions regarding such water use. Any opinion testimony by these witnesses would be based upon speculation and inferences from the historical record and not on their personal perceptions. Opinion testimony of this type is limited to individuals such as historians who may be qualified to testify as an expert by knowledge, skill, experience, training or education. *See* Fed R. Evid. 702. The specialized knowledge of historians, and their qualifications to testify as experts under Rule 702, have been recognized by federal courts. *See*, *e.g. New York v. Shinnecock Indian Nation*, F. Supp. 2nd 185, 260-62 (E.D.N.Y. 2007), *vacated and remanded on other grounds*, 686 F.3d 133 (2nd Cir. 2012); *see also Cyprus Amax Minerals Co. v. TCI Pacific Communications,* 2014 WL 693328 (N.D.Okla. Feb. 21, 2014). Without these qualifications, Defendants' witnesses should not be permitted to testify as to their opinions.

In their response to the State's motion to strike Defendants' expert reports, Defendants' state that "the four 'expert' witnesses are also listed in Defendants Initial Disclosures as 'lay' witnesses, subject to present evidence under Federal Rule of Evidence 701, in case their 'expert' testimony cannot be fully developed."  Defendants' Response at p. 7.  A lay witness with no personal knowledge is strictly prohibited from testifying under Rule 602.  If allowed to testify as lay witnesses, these four witnesses should also be prohibited from offering any opinions not based on their personal perceptions.

Since Defendants did not disclose any other expert witnesses, any remaining witnesses offered by Defendants are lay witnesses and are not qualified to offer testimony on events outside his or her own perception.  They also may not offer opinions based on specialized knowledge such as the interpretation of the historical record in this case.  As a lay witness, their testimony is limited to events within their own perception and personal knowledge.  *See* Fed. R. Evid. 602, 701.

This Court has previously recognized the prohibition on lay witnesses offering opinions regarding the historical record in another subfile proceeding in this water right adjudication:

> In judicial proceedings, testimony from two sources is recognized:  experts and lay witnesses. Fed. R. Evid. 702, 701.  When a witness has been qualified as an expert in a particular discipline, as a result of specialized training, skill, education or experience, the witness may offer opinion testimony.  The expert's opinion must be based on sufficient facts or data; it must be the product of reliable principles and methods, and the expert must have reliably applied the principles and methods to the facts.  Fed. R. Evid. 702.  A lay witness is different.  A lay witness testifies as to facts, observations and perceptions. Fed. R. Evid. 701.  The use of lay opinion testimony is significantly limited.  Fed. R. Evid. 701.

*State v. Aragon*, CV 69-7941 MV/LFG, *Memorandum Opinion and Order Granting Plaintiff's Motion in Limine*, November 6, 2012, Judge Lorenzo F. Garcia presiding (Doc. 10874).  In that case, involving the priority date of an acequia, the Defendant was prohibited from offering his

4

opinion on the date of construction of the acequia: "Because Mr. Ortiz will be testifying as a lay witness and did not personally observe the construction of the Acequia de Chamita, he cannot offer his opinion of when the acequia was constructed." *Id*.

Judge Garcia's analysis applies equally here. Defendants' witnesses did not personally observe any events prior to 1907. Therefore, they have no personal knowledge of events occurring prior to 1907, and may not offer any opinions regarding events prior to 1907 that are not based on their own perceptions and personal knowledge.

III.     Conclusion

The State has already requested the Court enter an order prohibiting Defendants' four identified expert witnesses from providing expert testimony for failure to provide expert reports and disclose their opinions in accordance with the rules of civil procedure. None of Defendants' remaining witnesses have been disclosed as expert witnesses so their testimony must be limited to the parameters of lay witness testimony. Accordingly, the State requests the Court enter an order prohibiting any opinion testimony by Defendants' lay witnesses not based on their own perceptions and personal knowledge.

Counsel for the State has conferred with counsel for Defendants regarding this Motion. Defendants oppose the motion.

Respectfully submitted,

/s/ Misty Braswell
Misty M. Braswell
Ed Newville
Special Assistants Attorney General
New Mexico Office of the State Engineer
P. O. Box 25102
Santa Fe, NM 87504-5102
Telephone: (505) 827-3989
misty.braswell@state.nm.us
*Attorneys for Plaintiff State of New Mexico*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2015 I filed the foregoing

electronically through the CM/ECF system which caused the parties listed on the electronic

service list to be served via electronic mail.


/s/ Misty M. Braswell