IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO, *ex rel.* | ) | |
| State Engineer | ) | 69cv07941 – MV / KK |
| | ) | RIO CHAMA STREAM SYSTEM |
| Plaintiff, | ) | |
| | ) | Section 3, Rio Cebolla |
| vs. | ) | Subfile Nos. CHCB-001-0007, |
| | ) | CHCB-002-0001B, CHCB-002-0002C, |
| | ) | CHCB-002-0009 |
| ROMAN ARAGON, *et al.*, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' RESPONSE TO STATE OF NEW MEXICO'S MOTION TO STRIKE AFFIDAVIT OF STEPHEN D. HARDIN

### I. Introduction

Defendants Chacon and Quintana respond in opposition to the State Engineer's Motion to Strike Affidavit of Stephen D. Hardin which was submitted in support of Defendant's Response and Memorandum in Opposition to the State of New Mexico's Motion for Partial Summary Judgment. Defendants raise several grounds in opposition to the Plaintiff's Motion, which apply at this procedural stage or posture of this matter, now pending before the Court.

A. <u>The Defendants' Supplement to Initial Disclosures was, in fact, timely.</u>

Plaintiff State Engineer objects to the fact that Defendants supplemented their initial disclosures *"three days prior to the close of discovery,"* [Motion, Doc. No. 11096, page 2, ¶ 2], giving the impression that Defendants intentionally waited to the very end of discovery to do so and that somehow this was a procedural breach of the deadlines and rules governing this case. Either the Defendants were timely in filing and producing its Supplement to Initial Disclosures or they were not. Under the Rules of Civil Procedure there is no penalty or sanction for almost being late. The fact of the matter is that the Defendants were timely under the Revised Pretrial

1

Order [Doc. No. 11064] in submitting their Supplement to Initial Disclosures and any express or implied objections of Plaintiff to the new exhibits identified and produced by Defendants should be disregarded or denied.

> B. The 1883 Atkinson Survey was timely provided twice to the Plaintiff, once before Defendants' Supplement to Initial Disclosures was delivered, and a second time with the delivery of the Supplement with the enclosed documents to the Plaintiff.

It should not come as a surprise that new documents, as exhibits, coming to light before the close of discovery, would be produced timely, even if only three days before the close of discovery. That is in accordance with the rules and in the nature of deadlines. In addition, opposing counsel acknowledged in her Motion to Strike [page 2, ¶ 2] that she received an advance copy of the Atkinson survey thirteen days earlier on June 2, 2015 at the depositions of Defendant Charlie Chacon and witness Ernest Sanchez. At the Chacon deposition the Atkinson survey was questioned and submitted as an exhibit to the written deposition. Opposing counsel questioned Chacon but did not ask Chacon any questions regarding the Atkinson survey, foregoing the opportunity to do so. Present with opposing counsel at this deposition was the Chief of the Hydrographic Survey Bureau.

The Defendants' supplemental exhibits were timely and the State's objections or concerns as to the 1883 Atkinson Survey should be disregarded solely because Defendants did not advise Plaintiff of its intended use in its Supplement to Initial Disclosures, when that use was evident at the deposition of June 2, 2015. In this vein it is noteworthy that the State Engineer's Motion for Partial Summary Judgment and Reply to Defendants' response were replete with new legal theories and presenters of those theories, whose summary of facts and opinions of anticipated testimonies also did not signal to Defendants the new legal theories or factual predicates. To be sure, refinements of legal position by the parties are bound to occur in complex litigation. Under Rule 37(c)(1), the question for this Court is whether these changes, by either party, are "substantially justified or harmless" under the procedural posture of this case.

> C. Defendants' description of the summary of facts and opinions in Stephen D. Hardin's anticipated testimony was sufficient as provided at the time of its June delivery to the Plaintiff, before Plaintiff's Motion for Partial Summary Judgment was filed in July. The apparent omissions in the summary of Hardin's facts and opinions, only appear after the fact in the context of Rule 56 Motion practice, the issues of which by its nature, cannot be fully anticipated.

2

The State Engineer complains that the Defendants' disclosure of Stephen D. Hardin's proposed testimony did not provide the complete statement of all opinions as required under Rule 26(a). Stephen D. Hardin is a licensed surveyor and has provided versions of the Exhibit A demonstrative survey of the Defendants' claimed properties with water rights to the State Engineer as early as 2008. Plaintiff had no less than 7 years to study the Exhibit and question or depose Hardin about it, but choose not to for reasons undisclosed and unknown to Defendant. Similarly, the State's strenuous objection to surveyor Hardin's Affidavit is also based in part on his reference to the 1883 Atkinson Survey, which only became available in June, 2015, after the Initial Disclosures were submitted by Defendants in March, 2015. As stated above, Defendants provided copies and actual notice of the Atkinson Survey twice, once at the June 2, 2015 depositions and again with the June 15, 2015 Supplement to Initial Disclosures.

Defendants did not supplement Hardin's proposed testimony to include opinion testimony on the Atkinson Survey, largely because the receipt of the State's Motion for Partial Summary Judgment on the same date, June 15, 2015, was not enough time to apprehend the need for updating Hardin's proposed testimony, much less complete it on the same day. However, it appears that the same situation may have existed for the State's expert surveyor witness, Michael Recker, as discussed below.

> D. <u>Plaintiff's expert surveyor witness parallels the situation of the Defendants' expert surveyor witness wherein the apparent omissions in the summary of their respective summary of facts and opinions are technically non-compliant with Rule 26 and subject to sanctions under Rule 37 – unless they are found to be justified or harmless.</u>

For the convenience of the Court, following is the summary of facts and opinions for Hardin, as stated in the Defendants' June 15, 2015 Supplement to Initial Disclosures (page 6):

> *Stephen D. Hardin, Surveyor, will testify about the features of various areas of the Defendants' subfiles as well as neighboring tracts owned by other irrigators, based upon his review of the documentation as annotated on the exhibit. He is also called upon to evaluate the aerial photographs when they are available and to form opinions at t the evidence of irrigation on the subject subfiles.*

By way of comparison, the State Engineer's summary of facts and opinions in its Initial Disclosures of March 16, 2015 for its surveyor expert witness, Michael Recker, follows:

> *Mr. Recker is expected to testify regarding OSE maps depicting the tracts at issue in this proceeding, an explanation of what is shown on each map, how the maps were produced, and the data or information relied on for preparing each map.*

This brief summary for Mr. Recker, on its face, limits his testimony to "OSE maps" only, and under Rule 26, Defendants have a right to rely that his testimony will not exceed the facts and opinions of his summary to testify only on OSE maps. However, Mr. Recker's first affidavit, dated July 15, 2015 and attached to Plaintiff's Motion for Partial Summary Judgment, provides for the very first time measurements for the length of segments of ditches on the Chacon property which measurements had never been made available to Defendants, not in the form of a map exhibit nor by mention in Recker's brief generic summary of facts and opinions. Then, the second Recker affidavit, dated August 7, 2015, also greatly exceeds his brief summary of facts and opinions by disputing the extent of the Atkinson Survey "cult land" designation on defendants' properties, identifying an overlap of ¾ acre in defendants' "alfalfita" property and fixing a terminus for the Old Valdez Ditch outside the Chacon property. [See Doc. No. 11093-1 pages 1-2].

In both instances, Plaintiff never provided the Defendants with any notice, verbal or written, of the thematic increases to Mr. Recker's summary of intended testimony. Certainly the State Engineer was required to do so, and under Rule 26 and under Rule 37(c)(1) was and is subject to sanctions for its failure. The State failed to supplement to its initial disclosures by the June 15, 2015 deadline to include the additional areas of the new measurements of the Chacon's ditches and the newly produced Atkinson Survey as well as possible overlaps. Again, the State Engineer had ample time to do so, having received a copy of it on June 2, 2015, but failed to do so. This would have been a proper interpretation and application of Rule 26(a)(2)(B)(i), which requires that each expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." It did not happen.

There is no mention of the "Atkinson Survey" by Defendants Attorney or Plaintiff's attorney in either summary of facts and opinions for Hardin or Recker. This is hardly surprising given the timing of the Atkinson survey's relatively late appearance and the parties' other preoccupation with Rule 56 motion practice. Regardless of its late appearance, it was still likely within the competence of Hardin and Recker, as licensed surveyors, to have provided their affidavits in support of the respective positions of the parties in motion practice under Rule 56.

The participation of two surveyors, as expert witnesses and affiants in pre-trial motions, where new issues are being addressed by them in response to requests and direction from their respective counsel should not be sanctioned under the Rule 37(c)(1) which also recognizes that a failure to have provided such information could be *"substantially justified or harmless."* That may precisely be the case here. In this matter both Hardin and Recker provided contrasting opinions regarding the extent and location of cultivated property shown in the Atkinson Survey which is now fully capable of a decision, one way or the other, at the trial on the merits. In this light Defendants believe that Hardin's non-compliant summary of facts and opinions is substantially justified and harmless to a fair trial on the merits. If Recker, is deemed to be similarly situated as to the non-compliant summary of facts and opinions then the same holding would appear to apply to him.[1]

The State's Motion also indirectly raises the issue of what constitutes an expert "report" under Rule 26(a) in its Motion to Strike Hardin's Affidavit, when it states that Hardin failed to provide a report. Again, the same can be said for the State's expert surveyor witness, Michael Recker, who similarly did not provide any "report" whatsoever regarding any part of his anticipated testimony of the facts and opinions of the OSE generated maps. The State's Initial Disclosures of March 17, 2015 has several sections where the required information for Mike Recker could have been disclosed to the Defendant in a "report" form but the only information involving Recker was the brief summary quoted above, limiting Recker to testimony about OSE maps. There was no report attached to Recker, nor any attribution to Recker of any listed survey reports, maps or exhibits he had authored and for which he would provide testimony. In contrast, Defendants identified in both its Initial Disclosures and its Supplement to Initial Disclosures under the category "Survey Exhibits" the survey prepared by Stephen D. Hardin entitled " Exhibit A  Assembled and Prepared by Stephen D. Hardin, Land Surveyor, Lands of Charlie and Jerald Chacon", showing Defendants' lands irrigated by the Pinabetal, the Sanchez Ditch and the Old Valdez Ditch, prepared July 14, 2008." Nonetheless, Hardin's survey exhibit could be deemed to meet the "report" Rule 26(a) requirement or expectation , as the case may be.

---

[1] Defendants provide notice that they will respond to the State's Motion in Limine to Prohibit Opinion Testimony By Lay Witnesses by the deadline and following this response, evaluate the merits of filing a Motion to Strike the Affidavits of Michael Recker and a second motion to strike the testimony of the State's listed expert witnesses who failed to provide reports by the disclosure deadline. Defendants will consult with Plaintiff prior to any filing.

5

Even though these omissions and possible breaches by the Defendants, or for that matter the Plaintiff as well, in not disclosing the required information for their respective surveyors, are subject to possible sanctions under Rule 37, as requested by the State, the Defendants propose that the procedural posture of this case, as described herein, would merit a finding by this Court that the so-called failures to disclose are "substantially justified or harmless".

### E. The subject Exhibit A survey prepared by Hardin and attached to his Affidavit was justified and harmless under Rule 37(c)(1) because it is demonstrative in nature of the Defendants' claims of all water rights claims at issue in this case, all of which were known to the State Engineer for the several past years.

The State Engineer is disingenuous in feigning surprise that Defendants would dare point out that the depictions of "cultivated land" in the Atkinson Survey would also include lands targeted by its Motion for Partial Summary Judgment. This is especially true when the Defendants had provided the Plaintiff with all the iterations of the Exhibit A survey since 2008 and provided the Atkinson Survey to Plaintiff twice and even pointed out the "cult land" annotation and corresponding "hatch marks" in it to Plaintiff's Attorney at the June 2, 2015 deposition. Under Rule 56 the Defendants have a fundamental right to defend their claims under attack by the State, including the use of affidavits. Given the extremely broad assault of the State's 41 facts, many of which were novel, and which were claimed to be undisputed and material in its Motion for Partial Summary Judgment, the Defendants are in substantial compliance with the rules of civil procedure, and justified in rebutting the State's 41 facts, directly and through the Defendants' affidavits and exhibits.

The Hardin exhibit and affidavits are substantially justified in the context of a response opposing the State Engineer's Motion for Partial Summary Judgment. Plaintiff State Engineer cannot claim to have been "sand-bagged" by Defendants for holding that the Atkinson Survey also addresses the irrigated properties that are at issue in the summary judgment proceedings, as well as the "Tia Josefa" property that had previously been designated by the State Engineer as having no water rights. The Defendants' outstanding water rights claims are what this case is all about.

### F. Additional Legal Authority

6

Under Rule 37(a)(1), the State's Motion to Strike Affidavit of Stephen D. Hardin *"must include a certification that the movant had in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."* There was no such certification submitted by the State with its motion. While the likelihood of a successful outcome from such conferring may not have been high, it is nonetheless a requirement to be met as a condition of seeking Rule 37 sanctions. More times than not counsel for the parties have been able to communicate professionally and productively. There really is no excuse, except perhaps outright forgetfulness, for failing to comply with good faith conferring before filing motions under Rule 37.

Under the discussion of The Advisory Committee notes to the 1993 amendments to Rule 37, the Court observed in *Gagnon v. Teledyne Princeton*, 43 F.3d 188, (1st Cir. 2006), the following possible examples supporting a finding of "Harmlessness": *"late disclosures of a potential witness known to all parties, a trial witness already listed by the adverse party."* In this vein, Defendants cite to the numerous out-of-court, on-site inspections and meetings over 10 years or more between the State and Defendants, with regard to the specific facts on the ground upon which Defendants relied for making their case. The State is more intimately familiar with the Defendants' case than the Defendants are with the Plaintiff's. Finally, the issue of the "degree of actual prejudice" to the State's case is not fully developed in its Motion to Strike [page 6, ¶ 2] because it failed to undertake a discussion as to why other sanctions would not be more appropriate than an outright disallowance of Hardin's Affidavit and testimony. See *Meade v. Grubbs,* 841 F.2d 1512, 1520, 1521 n.7 (10th Cir. 1988).

## II. Conclusion

WHEREFORE, Defendants Chacon and Quintana through their undersigned Attorney respectfully request that this Court deny the State's Motion to Strike Affidavit of Stephen D. Hardin and order and schedule a status or pre-trial conference, if in its opinion the same would be effective procedurally and substantively.

Respectfully submitted,

/s/ Ted J. Trujillo

Law Offices of Ted J. Trujillo
P.O. Box 2185
Espanola, NM 87532
Telephone: (505) 351-1632
Email: tedjtrujillo@gmail.com

## CERTIFICATE OF SERVICE

The undersigned Attorney for the Defendants certifies that on September 17, 2015 he filed the foregoing document electronically through the CM?ECF system which caused the parties listed on the electronic service list to be served via electronic mail.

/s/ Ted J. Trujillo