IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer | |
| Plaintiff, | 69cv07941-BB |
| vs. | RIO CHAMA STREAM SYSTEM Section 3: Rio Cebolla |
| RAMON ARAGON, *et al.,* | |
| Defendants. | Subfile Nos. CHCB-001-0007; CHCB-002-0001; CHCB-002-0002C |

**RESPONSE IN OPPOSITION TO MOTION IN LIMINE BY STATE OF NEW MEXICO TO PROHIBIT OPINION TESTIMONY BY LAY WITNESSES**

I.      INTRODUCTION

Defendants Chacon and Quintana respond in opposition to the State Engineer's fourth pre-trial Motion – its *Motion in Limine by State of New Mexico to Prohibit Opinion Testimony By Lay Witnesses (Doc 11097)* -- which follows its previous three pre-trial Motions, pending before the Court: *1) State of New Mexico's Motion to Strike Defendants Expert Reports and Exclude the Testimony of Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright (Doc. 11080, filed April 27, 2015); 2) State of New Mexico's Motion for Partial Summary Judgment Regarding Defendants' Rights to Water Under the Old Valdez Ditch (Doc. 11088, filed July 15, 2015), and 3) State of New Mexico's Motion to Strike Affidavit of Stephen D. Hardin (Doc. 11096, filed September 3, 2015).* In each instance the State seeks to prevail procedurally in a case where apparently it believes a trial on the merits may in fact favor the Defendants as based on the fundamental facts evident in this matter. Nonetheless, Defendants cannot put on their case

1

without the evidence from  its lay and at least one or more of its expert witnesses, two of whom

also have "lay" testimony to offer,  if they are not qualified as expert witnesses.

## II.    ARGUMENT

A. <u>The State has failed to substantiate its basis for filing its Motion in Limine  to prohibit opinion testimony by  lay witnesses, in its characterization that Defendants relied on inadmissible opinion testimony from non-experts and affidavits not based on their personal knowledge.</u>

In referring to the Defendants' Response in Opposition to the State's Motion for Partial

Summary Judgment, Plaintiff never substantiated its broadly cast mis-characterization that

*"Defendants relied on inadmissible opinion testimony from non-experts and affidavits containing*

*statements <u>not based on the affiant's personal knowledge</u>."*   (Doc. 11097, page 2, ¶   2).

(Underlining for emphasis by Defendants).   In the State's Reply to the Defendants Response in

Opposition to the  State's Motion for Partial Summary Judgment, (Doc 11093), there is no

reference to or discussion of the Rules of Evidence that do support the Defendants' recitation of

factual predicates as admissible evidence.  In his Affidavit, Charlie Chacon makes it perfectly

clear that he is speaking from his personal knowledge.  (Pages 1-2, ¶s  1 – 6, Doc. 11091).  The

same is true for Affiant Gerald Chacon who in his Affidavit makes it perfectly clear that he is

speaking from his personal knowledge.      (Page 1, ¶s 1–5, Doc. 11091).    In any event,  a

review of the remainder of  the statements in these two Affidavits, (¶s  7–24 for Charlie Chacon

and ¶s 6–20 for Gerald Chacon), establish that there are specific rules of evidence that do support

their admissibility.

B. <u>The Federal Rules of Evidence support the admissibility of the evidence that the Defendants have thus far  cited or produced as proof of their water  rights claims and which  the State has refused to recognize.</u>

In its multiple pleadings, it appears that the State avoided any discussion of the rules of

2

evidence that do support the admission into evidence of the Defendants' referenced documents and statement.  *Rule 803. Exceptions to the Rule Against Hearsay – Regardless of Whether the Declarant Is Available as a Witness* is one such rule and of course its extension is very broad. Specifically, the following subparts of Rule 803 could or will likely apply in this case:

> *(6) Records of a Regularly Conducted Activity, subparts (A) through (E.)*
>
> *(7) Absence of a Record of a Regularly Conducted Activitiy, subparts (A) through (C).*
>
> *(8) Public Records, subparts (A) and (B).*
>
> *(9) Public Records of Vital Statistics.*
>
> *(10) Absence of a Public Record, subparts (A) and (B).*
>
> *(13) Family Records.*
>
> *(14) Records of Documents That Affect an Interest in Property, subparts (A) through (C).*
>
> *(15) Statements in Documents That Affect an Interest in Property.*
>
> *(16) Statements in Ancient Documents.*
>
> *(19) Reputation Concerning Personal or Family History.*
>
> *(20) Reputation Concerning Boundaries or General History.*
>
> *(23) Judgments Involving Personal, Family, General History Boundary, subparts (A), (B).*

The specific language of several of these exceptions to the rule against hearsay directly support the admission of Defendants evidence in the form of documents and testimony of their pre-1907 vested water rights claims. In particular, this is a case which has extensive documentation available for all the subject properties for which the Defendants are claiming pre-1907 vested water rights. In addition to State Engineer documents, homestead files, affidavits and patents, deeds, government maps, judgments, filed over the years, there are family records,

3

depositions, sworn statements by individuals, much of which will bear on the issues to be tried. In particular, the following exceptions in  Rule 803 will have particular application:   (14) *Records of Documents That Affect an Interest in Property* with subparts (A), (B) and (C) ; (15) *Statements in Documents That Affect an Interest in Property; (16) Statements in Ancient Documents; (19) Reputation Concerning Personal or Family History; (20) Reputation Concerning Boundaries or General History.*

Many of the averments in the Affidavits by Charlie Chacon and Gerald Chacon are supported by this sub-set of exceptions, including the history and reputation of certain irrigated tracts which have been carried forward between the generations of the large Chacon extended family. In addition, *Rule 803(6) Records of a Regularly Conducted Activity, subparts (A) through (E),* and (8) Public Records can be broadly applied to business and other government documents, federal, state or local, regardless of the time period.  Under this rule in this case numerous such documents can be admitted by both parties, relating to the claims and positions of the parties.

C.   <u>The State is in error when it alleges that lay witnesses cannot give testimony of pre-1907 use of water on the tracts at  issue and that such testimony is reserved only for the specialized knowledge of historians.</u>

As discussed above, the lay witness has access to Rule 803 (20) *Reputation Concerning Boundaries or General History* by which long-standing reputation of those *"…boundaries of land  in the community or customs that affect the land",*  would certainly allow lay testimony of the reputation of the age of irrigated lands, if the reputation is known to the witness through family or other sources of local history.  The only Rule 803 exception to the rule against hearsay which is not available to lay witnesses, and which is available only to expert witnesses is exception 18 which states:

(18)  *Statements in Learned Treatises, Periodicals, or Pamphlets.*  A statement contained in a treatise, periodical, or pamphlet if:

    (A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and

    (B) the  publication is established as a reliable authority by the expert's admission or testimony, by another expert's, or by judicial notice.
    If admitted the statement may be read into evidence but not received as an exhibit.

This eighteenth exception to the rule against hearsay is hardly of any consequence to the trial on the merits in this case from the standpoint of the Defendants,  but all the other exceptions identified hereinabove, could very well play a significant part in the admission of evidence.

    D.  <u>The State's position  that Defendants and their witnesses cannot testify about events outside their own perception and personal knowledge or based on scientific, technical or other specialized knowledge is misleading.</u>

The Defendants' belief that their claimed water rights are pre-1907 and are therefore vested  is not and cannot be seen as a legal expert opinion for the obvious reason that the Defendants are not experts. Defendants are not claiming to be expert witnesses.  They do have unique personal knowledge that was handed down from their parents, grandparents and great grandparents.   Therefore, lay testimony and exhibits under the Rule 803 exceptions to the rule against hearsay could very well be admissible as evidence of pre-1907 vested water rights under exceptions *16) Statements in Ancient Documents; (19) Reputation Concerning Personal or Family History; (20) Reputation Concerning Boundaries or General History.*

This is possible even though none of the Defendants nor their witnesses were obviously alive before 1907.  In particular, this is the case with Defendant Charlie Chacon, age 96,  born on October 23, 1920, and whose father Patricio Chacon was born June 30, 1893 and lived to 101 and whose father, Epimenio Chacon was born on April 4, 1863 and lived to be 94.  Charlie's life with Patricio overlapped by 74 years and with his grandfather Epimenio, by 37 years.  Epimenio

was 44 years old in 1907 and Patricio, his son was 14.  This is plenty of time to recall where the irrigation of  their various properties was taking place before 1907.  Given the overlaps of these four generations, scanning 152 years, reputation testimony by Charlie Chacon regarding the boundaries of property and locations of irrigated land by 1907  is not at all surprising, rather it is quite possible and even likely.  The same is true of Gerald Chacon, age 62, born May 25, 1953, whose life with his grandfather Patricio overlapped by 41 years and whose life with his father continues at age 62.   See  Charlie Chacon Affidavit (Pages 1-2, ¶s  1 – 6, Doc. 11091) and Gerald Chacon  Affidavit (Page 1, ¶s 1–5, Doc. 11091).   In effect, this type of testimony is not a question of scientific, technical or other specialized knowledge but one of pure chance and good fortune related to the longevity of the Defendant and his family lineage.

The Plaintiff's citation to the *Memorandum Opinion and Order Granting Plaintiff's Motion in Limine,* November 6, 2012, Judge Lorenzo F. Garcia, presiding (Doc. 10874) is inapposite to the facts in this case, where it held, "Because Mr. Ortiz will be testifying as a lay witness and did not personally observe the construction of the Acequia de Chamita, he cannot offer his opinion of when the acequia was constructed."   It was a virtual impossibility for Mr. Ortiz to have used any of the above-cited Rule 803 exceptions to the rule against hearsay discussed above, due to the extremely long passage of time from 1598-1600 to 2012, the period in time involving the time of construction of the Acequia de Chamita to the time in November, 2012 when Mr. Ortiz' challenged the year of its building.  That is a passage of time of 414 to 415 years, much too long for reputational testimony to survive!  Whereas in the instance of the Defendants Chacon, the passage of time is 152 years for the four generations of the same family, where two have passed on and two are alive and all remained connected to the subject properties

for their entire lives.

E.   <u>The State's Motion in Limine seeks to advance evidentiary decisions by the Court that are more efficiently handled at trial at the very time they arise.  If granted, the Motion in Limine will not eliminate or prevent  the arguments at trial regarding the admission of evidence but rather it will complicate and confuse an expeditious handling of the admission of evidence.</u>

What possible gain can the State realize if its Motion in Limine to Prohibit Opinion Testimony By Lay Witnesses is granted by this Court?    In the first place, Plaintiff has not established sufficient grounds with its flawed analysis of the Defendants Affidavits. The same objections, of necessity, will inevitably arise at trial and are best resolved when the issues are actual rather than theoritical.    Defendants also apprehend that the parties will continue to disagree about the application of certain of the Rule 803 exceptions.  However, none of these routine trial matters justify the State's  Motion to request a  blanket advanced resolution of these possible disputes, except to further cloud and diminish a trial on the merit for the Defendants. The State's Motion should be denied.

III.    CONCLUSION

Wherefore, Defendants respectfully request this Court to deny the State's Motion in Limine to Prohibit Opinion Testimony by Lay Witnesses.

Respectfully submitted,

/s/ Ted J. Trujillo_____

Law Office of Ted J. Trujillo
P.O. Box 2185
Espanola, N.M. 87532
Telephone:  (505) 351-1632
Email:  tedjtrujillo@gmail.com

7

CERTIFICATE OF SERVICE

The undersigned Attorney for the Defendants certifies that on September 21, 2015 he filed the foregoing document electronically through the CM/ECF system which cause the parties listed on the electronic service liste to be served via electronic mail.


/s/ Ted J. Trujillo

8