IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* )<br>State Engineer                                       )<br>                                                              )<br>           Plaintiff,                             )<br>                                                              )<br>vs.                                                        )<br>                                                              )<br>   ROMAN ARAGON, *et al.*,              )<br>                                                              )<br>           Defendants.                         )<br>_____) | 69cv07941-MV/KK<br>RIO CHAMA STREAM SYSTEM<br><br>Section 3, Rio Cebolla<br><br>Subfile Nos. CHCB-001-0007,<br>CHCB-002-0001B, CHCB-002-0002C,<br>CHCB-002-0009 |

### STATE OF NEW MEXICO'S REPLY TO DEFENDANTS' RESPONSE TO STATE'S MOTION TO STRIKE AFFIDAVIT OF STEPHEN D. HARDIN

The State of New Mexico *ex rel.* State Engineer ("State") hereby replies to *Defendants' Response to State of New Mexico's Motion to Strike Affidavit of Stephen D. Hardin*, filed September 17, 2015 (Doc. 11098) ("Defendants' Response"). The State has requested the Court strike the Affidavit of Stephen D. Hardin ("Hardin Affidavit") because it contains opinions not previously disclosed by Defendants and therefore should be excluded in accordance with Federal Rule of Civil Procedure 37(c)(1). Defendants respond that the Hardin Affidavit should not be struck because they timely disclosed the exhibits upon which Hardin bases the opinions in his affidavit, and because the summary of Hardin's testimony in Defendants' disclosures was sufficient to inform the State of the opinions Hardin would offer at trial. These arguments are without merit, and the Court should grant the State's motion to strike.

Argument

In his affidavit, Stephen D. Hardin offers opinions concerning his interpretation of an exhibit offered by Defendants, the 1884 "Atkinson Survey". The State objects to those opinions because Defendants failed to disclose them as required by Federal Rule of Civil Procedure 26(a). Defendants argue that the Hardin Affidavit should not be struck because they disclosed the

1

Atkinson Survey prior to the close of discovery.  See Defendants' Response at p. 1.  However, Defendants are misconstruing the basis for the State's motion to strike.  The basis for the motion is not that the Atkinson Survey was not timely provided.  The basis for the State's motion is that opinions contained in the Hardin Affidavit were not previously disclosed in accordance with Federal Rule of Civil Procedure 26(a).  The State's objection is to Defendants' use of those undisclosed opinions, not to Defendants' use of the Atkinson Survey as a potential exhibit.  Therefore, whether the Atkinson Survey was timely disclosed is irrelevant to the admissibility of Hardin's opinions.

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, hearing, or at a trial, unless the failure was substantially justified or harmless."  Defendants have steadfastly refused to provide "a complete statement of all opinions the witness will express and the basis and reasons for them" as required by Rule 26(a) and the Procedural Order governing the pretrial process in this matter.  In fact, Defendants have not provided any expert reports and the State has absolutely no notice of what opinions Defendants' experts will offer at trial.  Merely disclosing the existence of an exhibit is entirely inadequate to inform the State as to what the opinions of Defendants' expert witness will be regarding that exhibit.

Rather than comply with the unambiguous requirement to produce expert reports and disclose their experts' opinions, Defendants attempt to shift the burden for ferreting out those opinions to the State.  Defendants point to the fact that counsel for the State failed to question Defendant Charlie Chacon about the Atkinson Survey during his deposition.  See Defendants' Response at p. 2.  However, the opinions of Charlie Chacon – a fact witness who has not been

offered as or qualified as an expert by Defendants – regarding his interpretation of the Atkinson Survey or any other historical document are entirely irrelevant to the opinions of Stephen Hardin, an expert witness.  Mr. Chacon's opinions constitute inadmissible lay witness opinion testimony and have absolutely no bearing on this issue whatsoever.

Defendants then argue that the State could have deposed Stephen Hardin but chose not to. See Defendants' Response at p. 3.  However, lacking anything more than a two-sentence summary of Hardin's expected testimony, the State had nothing to depose Stephen Hardin on. Moreover, requiring the State to depose Hardin in lieu of providing an expert report is exactly what Rule 26(a) is designed to prevent:  "Rule 26 envisions an expert report so detailed that "in many cases the report may eliminate the need for a deposition." *Reed v. Binder,* 165 F.R.D. 424, 429 (D.N.J. 1996).  The reason for requiring expert reports is "the elimination of unfair surprise to the opposing party and the conservation of resources." *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 284 (8th Cir.1995), *cert. denied,* 516 U.S. 822 (1995).  "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Reed,* 165 F.R.D. at 429.  Rule 26(a) "contemplate[s] that in many cases depositions would not be necessary due to the extent of the required disclosure." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 681-82 (D. Kan. 1995).  Finally, the State is unable to depose Mr. Hardin even if it so desired. Under Rule 26(a)(2)(B), the State is <u>prohibited</u> from deposing Defendants' experts until after expert reports are provided.  See Fed. R. Civ. P. 26(a)(2)(B).  It is simply not the State's responsibility to develop Defendants' expert testimony for them and Defendants' attempt to shift the burden and the costs of doing so to the State is entirely inappropriate.

In attempting to defend their actions, Defendants attack the *State's Motion for Partial Summary Judgment*, claiming, without specifics, that it is "replete with new legal theories and presenters of those theories". See Defendants' Response at p. 2. This unsupported allegation is nothing more than an attempt to distract the Court from the issue at hand. The State has fully met the disclosure requirements of the Rules of Civil Procedure and the procedural order and is under no obligation to provide Defendants with a summary of its legal arguments prior to making them.

Defendants next assert that it should have been "evident" to the State what Hardin's opinions would be regarding the Atkinson Survey as early as June 2, 2015. See Defendants' Response at p. 2. Yet Defendants claim they did not "supplement"[1] Hardin's proposed testimony because they did not "apprehend the need" until receipt of the *State's Motion for Partial Summary Judgment* on June 15. See Defendants' Response at p. 3. Although Defendants apparently had not yet developed their own expert testimony regarding the Atkinson Survey, they complain that the State failed to supplement its expert disclosures in response to Defendants' disclosure of the Atkinson Survey. See Defendants' Response at p. 4. This argument defies logic. Defendants did not disclose any expert opinions, reports, or affidavits regarding the Atkinson Survey or give any indication whatsoever of how Defendants intended to use the exhibit. Yet, according to Defendants, the State was somehow obligated to have provided Defendants with affidavits in opposition to the Atkinson Survey. See *Id.* Without any indication of how Defendants intended to use the Atkinson Survey, the State was under no obligation to respond to it. The State does not have a crystal ball and should not have to guess at

---

[1] Defendants have not actually provided any proposed testimony to supplement. As of the date of this filing, Defendants have still not provided any expert reports, and discovery in this matter has long since closed.

4

what opinions Defendants' experts will testify to, let alone provide Defendants with a speculative response to undisclosed opinions.

Defendants also attack the affidavits of the State's witness, Michael Recker, claiming that the affidavits contain previously undisclosed opinions and that Mr. Recker did not provide an expert report. See Defendants' Response at pp. 4-5. However, the State did not disclose Mr. Recker as an expert witness and does not intend for Mr. Recker to offer any opinions at trial. Mr. Recker is not a licensed surveyor and is being offered as a fact witness only. See *State's Initial Disclosures* at p. 4, attached hereto as Exhibit A. To the extent that Mr. Recker's testimony in his July 15, 2015 affifdavit regarding the length of the Old Valdez ditch constitutes an opinion, it is admissible under Federal Rule of Evidence 701, which permits opinion testimony by lay witnesses that is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Mr. Recker's testimony regarding a simple measurement of the combined length of the Old Valdez and Alfalfita ditches does not require any specialized knowledge or skill and does not rise to the level of an expert opinion. His testimony is based on his own perceptions and is helpful to the Court in determining a fact in issue – whether the Old Valdez ditch as originally constructed ended at the southern boundary of the Juan Desiderio Valdez homestead. Therefore, the testimony is admissible under Rule 701.

Moreover, the opinions in Mr. Recker's August 7, 2015 affidavit were offered only in response to the Hardin Affidavit. Had Defendants disclosed the opinions of Stephen Hardin in accordance with the rules, the State could have prepared and timely disclosed its own rebuttal

expert testimony.  Instead, Defendants left the State with only two options – either let the Hardin opinions stand unrebutted, or respond as best it could in the very short amount of time allotted for reply briefs.  The resulting inequity to the State is obvious.  The Defendants' disregard of the Rules of Civil Procedure has resulted in exactly the situation the Rules are designed to prevent – the sandbagging of the State with a new, undisclosed opinion to which it must then scramble to respond at the eleventh hour, without the ability to conduct any discovery regarding the basis for that opinion, prepare proper rebuttal testimony, or effectively prepare for trial.

Finally, the State is not obligated to "undertake a discussion as to why other sanctions would not be more appropriate than an outright disallowance of Hardin's Affidavit and testimony."  See Defendants' Response at p. 7.  The Rules of Civil Procedure provide the appropriate sanction.  Under Rule 37, exclusion of inadequately disclosed testimony is both <u>mandatory</u> and <u>automatic</u>, unless the offending party can show substantial justification or harmlessness.  Defendants have failed to meet their burden to show that their failure to disclose the opinions in the Hardin Affidavit is justified or harmless.  Allowing the undisclosed opinions is prejudicial to the State and interferes with the Court's ability to manage this case, and exclusion is the appropriate sanction.

<u>Conclusion</u>

The Hardin Affidavit contains previously undisclosed expert opinions that should be excluded under Rule 37(c)(1).  The State requests the Court grant the State's Motion and enter an order striking the Hardin Affidavit for failure to comply with Rule 26(a).

Respectfully submitted,

<u>/s/ Misty Braswell</u>
Misty M. Braswell
Edward G. Newville
Special Assistants Attorney General
New Mexico Office of the State Engineer

>P. O. Box 25102
>Santa Fe, NM 87504-5102
>Telephone: (505) 827-3989
>misty.braswell@state.nm.us
>*Attorneys for Plaintiff State of New Mexico*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2015 I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list to be served via electronic mail.

>/s/ Misty M. Braswell