IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* ) | |
| State Engineer ) | 69cv07941-MV/KK |
| ) | RIO CHAMA STREAM SYSTEM |
| Plaintiff, ) | |
| ) | Section 3, Rio Cebolla |
| vs. ) | |
| ) | Subfile Nos. CHCB-001-0007, |
| ROMAN ARAGON, *et al.*, ) | CHCB-002-0001B, CHCB-002-0002C, |
| ) | CHCB-002-0009 |
| Defendants. ) | |
| ) | |

**STATE OF NEW MEXICO'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION IN LIMINE BY STATE OF NEW MEXICO TO PROHIBIT OPINION TESTIMONY BY LAY WITNESSES**

The State of New Mexico *ex rel.* State Engineer ("State") hereby replies to *Defendants' Response in Opposition to State of New Mexico's Motion in Limine to Prohibit Opinion Testimony by Lay Witnesses*, filed September 21, 2015 (Doc. 11099) ("Defendants' Response"). The State has requested the Court enter an order prohibiting opinion testimony by Defendants' lay witnesses that the Alfalfita Ditch was constructed prior to 1907. Defendants respond that their witnesses should be allowed to testify regarding their interpretation of historical documents and the historical reputation of water use in the area because their testimony is an exception to the rule against hearsay. The admissibility of hearsay testimony is a different evidentiary question than whether to allow opinion testimony by a lay witness. Defendants have not demonstrated why their witnesses should be exempted from the rules prohibiting opinion testimony by lay witnesses and the Court should grant the State's motion accordingly.

Argument

The State's request is narrow. The State has asked for an order limiting opinion testimony in this matter to qualified experts, and for the Court to rule that fact witnesses are only

1

allowed to testify to matters within their personal knowledge, and may not testify in the form of an opinion not based on events that the witness did personally observe or perceive, or matters that require specialized training, education, skill or experience.  The State's motion seeks to prohibit at trial the types of opinions contained in the affidavits offered by Defendants' in their *Response and Memorandum in Opposition to State of New Mexico's Motion for Partial Summary Judgment*, filed July 31, 2015 (Doc. 11091) because they are not based on the witnesses own perceptions or personal knowledge.  Defendants' affidavits include numerous opinions and interpretations regarding various historical documents.  For example, in Charlie Chacon's affidavit, Mr. Chacon offers his opinion that the Alfalfita Ditch was constructed prior to 1907, based on his interpretation of homestead entry records and other historical documents.  See ¶15 of Affidavit of Charlie Chacon.  Similarly, the affidavit of Gerald Chacon contains an extensive discussion of his interpretation of historical documents.  For example:

> The Homestead documents for the present day Chacon and Quintana properties establish, along with the U.S. Surveyor General Atkinson's Survey in 1884, that "cultivation" was taking place all along the south side of the Cebolla stream from an unnamed depicted "Acequia" that ends in the present day Chacon property, near the "Alfalfita" field.

Affidavit of Gerald Chacon at ¶14.  Under the Rules of Evidence, opinion testimony of this type is limited to individuals such as historians who may be qualified to testify as an expert by knowledge, skill, experience, training or education.  See Fed R. Evid. 702.  Neither Charlie nor Gerald Chacon has been offered or qualified as an expert historian, or other qualified expert, and they should not be allowed to offer their opinions regarding the interpretation of these historical documents.

Defendants argue that the testimony should be allowed because it falls within various exceptions to the hearsay rule.  This argument misstates the issue raised in the State's motion.

Whether or not Defendants' witnesses may testify as to what they were told by others or whether particular documents are subject to a hearsay exception is not currently before the Court. Here the States requests only that the Court draw a clear line limiting the type of opinions or testimony by Defendants' lay witnesses to matters that they personally observed or perceived, and prohibit opinion testimony from those witnesses concerning the interpretation of historical documents.

Defendants attempt to distinguish their testimony from that of David Ortiz in Mr. Ortiz's subfile proceeding on the grounds that less time has passed since the historical events at issue. See Defendants' Reply at p. 6. However, the amount of time that has passed since the occurrence of an event is not relevant in determining the admissibility of lay witness opinions. The test under Rule 701 is whether the opinion is rationally based on the witnesses' own perceptions. In the Ortiz case, like here, Mr. Ortiz attempted to offer his opinions regarding the significance, meaning and interpretation of various historical documents, and opinions regarding facts or events that he did not personally perceive. Those opinions were properly excluded by this Court in accordance with the Rules of Evidence. The issue here is the same and the Court's ruling should be the same.

## Conclusion

For the reasons set forth in the State's *Motion in Limine to Prohibit Opinion Testimony by Lay Witnesses* and above, the State requests the Court grant the State's Motion and enter an order prohibiting opinion testimony by Defendant's lay witnesses that the Alfalfita Ditch was constructed prior to the 1907.

Respectfully submitted,

/s/ Misty Braswell
Misty M. Braswell
Edward G. Newville
Special Assistants Attorney General
New Mexico Office of the State Engineer

3

P. O. Box 25102<br>
Santa Fe, NM 87504-5102<br>
Telephone:  (505) 827-3989<br>
misty.braswell@state.nm.us<br>
*Attorneys for Plaintiff State of New Mexico*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2015 I filed the foregoing electronically through the CM/ECF system which caused the parties listed on the electronic service list to be served via electronic mail.

/s/ Misty M. Braswell