IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

        Plaintiffs,

   v.

ROMAN ARAGON, *et al.*,

        Defendants.

69cv07941 MV/KK
Rio Chama Adjudication

Section 3, Rio Cebolla

Subfile Nos.  CHCB-001-007
CHCB-002-0001B
CHCB-002-0002C
CHCB-002-0009

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the State of New Mexico's Motion to Strike Defendants' Expert Reports and Exclude the Testimony of Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright, Doc. 11080, filed April 27, 2015 ("Motion to Strike"). For the reasons stated below, the Court will **GRANT** the Motion.

**Background**

Plaintiff State of New Mexico ("State") and Defendants Charlie and Geralda M. Chacon and Delfin O. and Frances S. Quintana Trust ("Defendants") dispute certain elements of Defendants' water rights, specifically the location and amount of irrigated acreage. The Court entered a Revised Pretrial Order to govern the pretrial and trial proceedings. *See* Doc. 11064, filed December 16, 2014. The Revised Pretrial Order set a deadline of March 15, 2015 for the completion of discovery and the disclosure of expert witnesses and expert witness reports stating that the expert witness reports "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore." Revised Pretrial Report at 13-14. After Defendants failed to disclose their experts and expert witness reports by the March 15, 2015 deadline, the Court granted Defendants' unopposed motion requesting an extension of time to submit their expert

disclosures.  *See* Doc. 11075.  Defendants served their expert disclosures on April 16, 2015.  *See* Motion at 2.

**The State's Motion to Strike**

The State filed a motion to strike Defendants' expert reports and exclude the testimony of Defendants' expert witnesses Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcom Ebright.  The State asserts, and Defendants do not dispute, that the expert disclosures did not include the opinions, the basis and reasons for the opinions, the facts or data considered by the experts, any exhibits that will be used by the experts, or the qualifications of the four experts, as required by Fed. R. Civ. P. 26(a)(2)(B) and the Revised Pretrial Order.  *See* Fed. R. Civ. P. 26(a)(2)(B) (expert disclosure must be accompanied by a written report which "must contain: (i) a complete statement of all opinions the expert witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications . . . .").

The State contends that "[w]ithout an expert report setting forth the opinions of Defendants' experts and their bases, the State has nothing upon which to depose Defendants' experts and is unable to prepare rebuttal testimony or prepare for effective cross-examination." Motion to Strike at 9.  The State notes that it is prohibited from deposing Defendants' experts until after the reports are provided.  *See* Fed. R. Civ. P. 26(b)(4)(A) ("If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided").  The State concludes that the Court should strike Defendants' expert reports and exclude the testimony of Defendants' expert witnesses Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcom Ebright pursuant to Rule 37.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information  . . . as required by Rule 26(a) or (e)[supplemental disclosures],

the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").

**Defendants' Response**

Defendants contend that the Motion to Strike is "premature and misplaced, since this matter is still in discovery, which is open until June 15, 2015." Response at 4, Doc. 11081. Defendants assert that the State should have either contacted Defendants and requested them "to supplement and correct" their disclosures, or filed a motion to compel disclosure instead of the Motion to Strike. "Defendants acknowledge that they fell behind the development of their expert witnesses for trial but also are confident that they will be able to fully supplement the required information before the discovery deadline of June 15, 2015." Response at 7.

**Discussion**

The Court will grant the State's Motion to to Strike Defendants' Expert Reports and Exclude the Testimony of Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright. The Revised Pretrial Order, which was submitted and signed by the State and the Defendants, was filed on December 16, 2014 and set a three-month deadline for disclosure of expert witnesses and their reports of March 15, 2015. When Defendants failed to timely disclose their experts and their reports, the Court granted an extension of time to serve their initial disclosures. Defendants served their disclosure identifying their experts on April 16, 2015, however, those disclosures did not include the experts' reports as required by Rule 26 and the Revised Pretrial Order. Defendants acknowledged that their disclosures did not comply with Rule 26 and the Revised Pretrial Order, and indicated that they would "fully supplement the required information before the discovery deadline of June 15, 2015." Defendants' served a supplement to their initial disclosures on June 12, 2015, only three days before the close of

discovery.  *See* State of New Mexico's Motion to Strike Affidavit of Stephen D. Hardin at 2, Doc. 11096.  While the supplemental disclosure included a one-paragraph "Summary of the facts and opinions to which the four experts are expected to testify," the supplemental disclosure did not include the required expert reports.  *See* Supplement to Initial Disclosures at 6-7, Doc. 11096-2.  Furthermore, the "Summary of the facts and opinions to which the four experts are expected to testify" only identified the subject matter of the experts' testimony; it did not summarize their opinions.  Defendants have not moved for an extension of time to serve the expert reports, have not moved for an extension of the discovery deadline, and have not shown that their failure to disclose the expert reports is substantially justified or harmless.

**IT IS ORDERED** that the State of New Mexico's Motion to Strike Defendants' Expert Reports and Exclude the Testimony of Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright, Doc. 11080, filed April 27, 2015 is **GRANTED.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**