IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

        Plaintiffs,

v.

ROMAN ARAGON, *et al.*,

        Defendants.

69cv07941 MV/KK
Rio Chama Adjudication

Section 3, Rio Cebolla

Subfile Nos.  CHCB-001-007
CHCB-002-0001B
CHCB-002-0002C
CHCB-002-0009

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the State of New Mexico's Motion for Partial Summary Judgment Regarding Water Rights to the Old Valdez Ditch, Doc. 11088, filed July 15, 2015 ("Motion for Partial Summary Judgment"), on the State of New Mexico's Motion to Strike Affidavit of Stephen D. Hardin, Doc. 11096, filed September 3, 2015 ("Motion to Strike Hardin's Affidavit"), and on the Motion In Limine by State of New Mexico to Prohibit Opinion Testimony by Lay Witnesses, Doc. 11097, filed September 4, 2015 ("Motion to Prohibit Lay Opinion Testimony"). For the reasons stated below, the Court will **GRANT** the Motion to Strike Hardin's Affidavit, **GRANT** the Motion to Prohibit Lay Opinion Testimony, and **DENY** the Motion for Partial Summary Judgment.

**Procedural Background**

Plaintiff State of New Mexico ("State") and Defendants Charlie and Geralda M. Chacon and Delfin O. and Frances S. Quintana Trust ("Defendants") dispute certain elements of Defendants' water rights. The Court entered a Revised Pretrial Order to govern the pretrial and trial proceedings. *See* Doc. 11064.

After Defendants served their disclosures, the State filed a motion to exclude the

testimony of Defendants' experts, one of whom is Stephen D. Hardin, because the disclosures did not include expert witness reports containing a complete statement of the experts' opinions and the bases and reasons for their opinions as required by Fed. R. Civ. P. 26(a)(2)(B) and the Revised Pretrial Order.  *See* Doc. 11080.

The Court granted the State's motion to exclude the testimony of Defendants' experts, including Stephen D. Hardin, because Defendants' disclosures did not include the opinions, the basis and reasons for the opinions, or the facts or data considered by the experts, as required by Fed R. Civ. P. 26(a)(2)(B) and the Revised Pretrial Order.  *See* Mem. Op. and Order, Doc. 11108.

**State's Motion to Strike Affidavit of Stephen D. Hardin**

The State has filed Motion for Summary Judgment regarding certain elements of Defendants' water rights.  *See* Doc. 11088.  Defendant's Response to the State's Motion for Summary Judgment includes the affidavit of one of Defendants' experts, Stephen D. Hardin ("Hardin").  *See* Doc. 11091.  The State filed its Motion to Strike Hardin's Affidavit on the ground that Defendants' disclosure of Hardin as an expert did not include Hardin's expert report.  *See* 11091.  The State filed its Motion to Strike Hardin's Affidavit before the Court granted the State's motion to exclude the testimony of Defendants' experts, including Stephen D. Hardin.

Defendants' argue that their "description of the summary of facts and opinions in Stephen D. Hardin's testimony was sufficient as provided at the time of its June delivery to the Plaintiff." Response at 2-3, Doc. 11098.  The summary of the facts and opinions of Stephen D. Hardin in Defendants' June Supplemental Disclosure reads in its entirety:

> Stephen D. Hardin, Surveyor, will testify about the features of various areas of the Defendants' subfiles as well as neighboring tracts owned by other irrigators, based upon his review of the documentation as annotated on the exhibit.  He is also called upon to evaluate the aerial photographs when they are available and to

form opinions as to the evidence of irrigation on the subject subfiles.

Doc. 11096-2.  This "summary of the facts and opinions" of Stephen D. Hardin does not summarize Hardin's opinions, it only identifies the subject matter of his testimony.

Defendants' also argue that the State did not provide an expert report for its surveyor witness, Michael Recker.  Response at 3-6.  This argument is not relevant because "the State did not disclose Mr. Recker as an expert witness and does not intend for Mr. Recker to offer any opinions at trial.  Mr. Recker . . . is being offered as a fact witness only."  State's Reply at 5, Doc. 11100.

Defendants' contend that "Under Rule 37(a)(1), the State's Motion to Strike Affidavit of Stephen D. Hardin 'must include a certification that the movant had in good faith conferred or attempted to confer with the person or party filing to make disclosure or discovery in an effort to obtain it without court action'" and "there was no such certification submitted by the State with its motion."  Response at 7.  Defendants mischaracterize Rule 37(a)(1).  The requirement in Rule 37(a)(1) to certify that the movant had in good faith conferred or attempted to confer applies to a motion for an order compelling disclosure or discovery.

The Court will grant the State's Motion to Strike the Affidavit of Stephen D. Hardin because Defendants' disclosures did not include Hardin's opinions, the basis and reasons for Hardin's opinions, or the facts or data considered by Hardin, as required by Fed R. Civ. P. 26(a)(2)(B) and the Revised Pretrial Order, and because Defendants have not shown that their failure to disclose Harding's expert report was substantially justified or is harmless.  *See* Mem. Op. and Order, Doc. 11108; Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e)[supplemental disclosures], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless").

**State's Motion In Limine to Prohibit Opinion Testimony by Lay Witnesses**

The State asks the Court to prohibit opinion testimony by 15 lay witnesses, including the four expert witnesses disclosed by Defendants, because "[u]nder Federal Rule of Evidence 701, lay witnesses may only offer opinions based on their own perceptions and may not offer opinons based on scientific, technical or other specialized knowledge. *See* Motion to Prohibit Lay Opinion Testimony at 1-2, Doc. 11097. The State asserts that resolution of Defendants' water rights claims involves consideration of evidence as to whether there was pre-1907 use of water on the tracts at issue. The State contends that "the witnesses did not observe any events prior to 1907 . . . they have no personal knowledge of events occurring prior to 1907, and may not offer any opinions regarding events prior to 1907 that are not based on their own perceptions and personal knowledge." Motion to Prohibit Lay Opinion Testimony at 3-5.

Defendants argue that the Federal Rules of Evidence support the admissibility of the documents and statements of witnesses that they are offering to support their claims. *See* Response at 3-6, Doc. 11099. Defendants point to many of the exceptions to the rule against hearsay, such as records of a regularly conducted activity, public records, records of documents that affect an interest in property, listed in Fed. R. Evid. 803. Defendants assert that some of their witnesses' statements may be admissible under Rule 803(20) "Reputation Concerning Boundaries or General History" and cite the reputation testimony of two witnesses, neither of whom were born before 1907, but whose fathers and grandfathers were born in the 1800s and were familiar with the boundaries of property and locations of irrigated land by 1907. *See* Response at 5-6. Defendants misjudge the scope of the State's Motion to Prohibit Lay Opinion Testimony. The State asserts that the issue of "[w]hether or not Defendants' witnesses may

testify as to what they were told by others or whether particular documents are subject to a hearsay exception is not currently before the Court." Reply at 2-3, Doc. 11101. The State "requests only that the Court draw a clear line limiting the type of opinions or testimony by Defendants' lay witnesses to matters that they personally observed or perceived, and prohibit opinion testimony from those witnesses concerning the interpretation of historical documents." Reply at 3.

The Court has previously addressed the issue of whether a lay person may provide opinion testimony which is not based on the witness's perception:

> In judicial proceedings, testimony from two sources is recognized: experts and lay witnesses. Fed. R. Evid. 702, 701. When a witness has been qualified as an expert in a particular discipline, as a result of specialized training, skill, education or experience, the witness may offer opinion testimony. The expert's opinion must be based on sufficient facts or data; it must be the product of reliable principles and methods, and the expert must have reliably applied the principles and methods to the facts. Fed. R. Evid. 702.
>
> A lay witness is different. A lay witness testifies as to facts, observations and perceptions. Fed. R. Evid. 701. The use of lay opinion is significantly limited. Fed. R. Evid. 701.

### **Analysis**

> Because [the witness] is not a qualified expert, his testimony at the trial will be governed by Rule 701 of the Federal Rules of Evidence. The Rule provides:
>
> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Although Rule 701 allows for opinion testimony by lay witnesses, such opinion

5

>testimony is "considered to be a shorthand statement of the facts that the witness observed." 4 Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE, § 701.02 (Rev. 2001). Rule 701 does not allow a lay witness to offer opinion testimony regarding facts or events that the witness did not personally perceive. Because [the witness] will be testifying as a lay witness and did not personally observe the construction of the Acequia de Chamita, he cannot offer his opinion of when the acequia was constructed. [The witness] may offer documentary evidence regarding the construction date of the acequia.

Mem. Op. and Order at 2-3, Doc. 10874, filed November 6, 2012 (Garcia, M.J.).

The Court will grant the State's Motion to Prohibit Lay Opinion Testimony because Defendants' witnesses will be testifying as lay witnesses and did not personally observe whether the tracts at issue were irrigated before 1907. Defendants may offer documentary evidence and witness testimony that they believe falls within a hearsay exception, but their lay witnesses may not offer their opinions regarding whether the tracts at issue were irrigated before 1907.

**State's Motion for Partial Summary Judgment**

The State "requests that the Court enter summary judgment in Subfile Nos. CHCB-002-0009 and CHCB-002-0001B that Defendants Charlie and Geralda M. Chacon have no rights to water from the Old Valdez ditch other than those recognized in a consent order entered in Subfile No. CHCB-002-0001A and enter summary judgment in Subfile No. CHCB-002-0002C that Defendants Delfin O. and Francis S. Quintana Trust have no rights to water from the Old Valdez ditch." Motion for Partial Summary Judgment at 2.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views "the summary judgment evidence in the light most favorable to the nonmovant." *duBois v. Payne County Bd. of County Comm'rs*, 543 Fed.Appx. 841, 845 (10th Cir. 2013). "Furthermore, 'at the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine


issue for trial.'" *Id.* at 846 (quoting *Randle v. City of Aurora*, 69 F.3d 441, 453 (10th Cir. 1995)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . The evidence of the non-movant is to be believed." *Pinkerton v. Colorado Dep't of Transportation*, 563 F.3d 1052, 1058 (10th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The State contends that the Old Valdez ditch was constructed prior to 1907 to irrigate a 7-acre tract of land and that the ditch originally terminated at the southern boundary of that tract. *See* Mem. in Support at 2, Doc. 11088-1. "Defendants contend that the Old Valdez ditch did not terminate at the [southern] boundary of the [7-acre tract], but instead continued a considerable distance south of the [7-acre tract] and irrigated additional lands, now owned by Defendants, south of the [7-acre tract] prior to 1907." *Id.* The portion of the ditch south of the 7-acre tract is known as the Alfalfita ditch. The State contends that the Alfalfita ditch was constructed much later than the Old Valdez ditch and well after 1907, and offers the following evidence to support its contention: (i) a 1949 map which shows that the Old Valdez Ditch returned to the river at the southern end of the 7-acre tract and did not continue southward; (ii) various deeds from the 1940s through 1960, for the tracts of land over which the Alfalfita ditch now traverses, which do not mention water rights from the Old Valdez ditch; (iii) a 1947 federal land inspector's report regarding a 40-acre tract over which the Alfalfita ditch crosses which noted that the land was currently used for grazing, is chiefly valuable for grazing, would be classified as raw, and that there is no water of any kind on the tract; and (iv) and the affidavit of the State's expert historian which summarizes his review of documentary sources and concludes that the Old Valdez and Alfalfita are two distinctly separate ditches, and that the Alfalfita was established much later to water other lands.

In their Response, Defendants submitted the affidavit of Charlie Chacon who states the Alfalfita ditch was constructed before 1907 and "where the Alfalfita field is located always had the reputation in the family of being one of the oldest cultivated fields in Cebolla, going back to the 1880s."  Doc. 1101-1, ¶ 15 at 3; *O'Connor v. Williams*, -- Fed.Appx. --, 2016WL456336 *3 (10th Cir. 2016) ("a party can submit an affidavit to support a motion for summary judgment—despite the fact that affidavits are often inadmissible at trial as hearsay—because the statements contained in the affidavit "may ultimately be presented at trial in an admissible form").  The Court will consider the cited portion of Charlie Chacon's affidavit because Defendants are offering reputation evidence of the pre-1907 existence of the Alfalfita ditch pursuant to the "Reputation Concerning Boundaries or General History" exception to the rule against hearsay which provides:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> . . . .
> A reputation in a community--arising before the controversy--concerning boundaries of land in the community or customs that affect the land, or concerning general historical events important to that community, state, or nation.

Fed. R. Evidence 803(20).  The State has not challenged the admissibility of Defendant's reputation evidence.  *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"); *see also* Fed. R. Civ. P. 56, advisory committee note of 2010 ("failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial").

The Court will deny the State's Motion for Partial Summary Judgment because Defendants have shown there is a genuine issue as to whether the Alfalfita ditch was constructed before 1907.  Defendants have offered reputation evidence that the Alfalfita ditch was constructed prior to 1907.  Although Defendants have submitted considerable documentary and

expert evidence, the Court cannot, at summary judgment, make credibility determinations or weigh the evidence. *See Pinkerton v. Colorado Dep't of Transportation*, 563 F.3d 1052, 1058 (10th Cir. 2009) ("The evidence of the non-movant is to be believed").

**IT IS ORDERED** that the State of New Mexico's Motion to Strike Affidavit of Stephen D. Hardin, Doc. 11096, filed September 3, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** that the Motion In Limine by State of New Mexico to Prohibit Opinion Testimony by Lay Witnesses, Doc. 11097, filed September 4, 2015, is **GRANTED.**

**IT IS FURTHER ORDERED** State of New Mexico's Motion for Partial Summary Judgment Regarding Water Rights to the Old Valdez Ditch, Doc. 11088, filed July 15, 2015, is **DENIED.**

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**