IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

                Plaintiff,

        v.

ROMAN ARAGON, *et al.,*

              Defendants.

69cv07941-MV/KK

RIO CHAMA STREAM SYSTEM

Section 1: Rio del Oso & Rito
Vallecitos

**PROCEDURAL ORDER FOR THE ADJUDICATION OF WATER RIGHTS CLAIMS IN
THE RIO DEL OSO & RITO VALLECITOS IN
SECTION 1 OF THE RIO CHAMA STREAM SYSTEM**

**THIS MATTER** comes before the Court on the State of New Mexico's Motion to Enter

Procedural Order for the Adjudication of Water Rights Claims in the Rio del Oso & Rito

Vallecitos in Section 1 of the Rio Chama Stream System, Doc. 11115, filed June 8, 2016.  No

responses opposing the Motion have been filed.  The Court, having considered the Motion and

being fully advised in the premises, will **GRANT** the Motion.  The following will govern the

course of the proceedings for Section 1: Rio del Oso & Rito Vallecitos.

I.      **JOINDER OF CLAIMANTS**

      A.      All those who claim the right to appropriate and use the surface waters of the Rio

del Oso and Rito Vallecitos for irrigation purposes, including claimants identified by the Rio del

Oso and Rito Vallecitos Hydrographic Survey (Hydrographic Survey) shall be joined and served

as parties to this suit.  Unidentified and unknown claimants shall be joined by publication of the

notice of pendency of suit in the *Rio Grande Sun* (published in Espanola, New Mexico) for once a

week for three consecutive weeks.

B.     Service on known claimants identified in the Hydrographic Survey shall be accomplished by the State within 60 days of entry of this Order.  Claimants shall be served a packet by certified mail, return receipt requested, restricted delivery, that includes a complaint, summons, procedural order, proposed consent order, subfile aerial photograph, notice of field office sessions, notice of adjudication, and form answer.

C.     The notice of field office sessions shall be approved by the Court and shall inform the claimant(s) of the dates and location of field office sessions for receiving further information or discussing disagreements with a proposed consent order.

D.     The notice of adjudication shall be approved by the Court and shall explain the adjudication process and the claimant's rights and obligations under this Order.

E.     The form answer shall be approved by the Court and may serve as the claimant's answer to the Complaint if the claimant disagrees with a proposed consent order.

## II.     RESPONSES

### A.     Agreement

1.     Claimants who agree with all of the elements of their water rights claims as set out in the proposed consent order(s) shall sign and return each proposed consent order to the State within 60 days of service of the proposed consent order.  The State shall transmit the signed proposed consent orders to the Court for approval and filing.

2.     A signed and returned proposed consent order serves as the claimant's answer to the Complaint.  As between the State and the claimant, the consent order finally adjudicates the water rights elements contained therein.  Each consent order is subject to challenge by other

claimants during inter se proceedings, which shall follow the completion of subfile activity.

**B.     Disagreement**

1.      Claimants who disagree with any element in a proposed consent order shall attend a field office session and discuss the disagreement with representatives of the State.  Good faith participation in a field office session is required to satisfy the discovery requirements of Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.  Accordingly, claimants are required to attend a field office session and are expected to bring to the field office documents or other information that supports their position.  To the extent possible, the State shall have available at the field office session the data upon which the proposed consent order is based.  Information that cannot be maintained at the field office shall be disclosed to the claimant and made available for examination at the State's offices.  If the disagreement can be resolved at the field office, the claimant shall sign either the original proposed consent order or a new proposed consent order that incorporates any changes agreed upon.  The State shall transmit the signed proposed consent orders to the Court for approval and filing.

2.      Claimants who reject the proposed consent order after discussion with the State at a field office session shall file the form answer included in the service packet with the Court within 30 days of the field office session.  If claimants are involved in good faith negotiations with the State regarding terms of a proposed consent order, they are not required to file a form answer within 30 days of the field office session, unless requested to do so in writing by the State.

3.      An answer rejecting the State's proposed consent order shall include a statement explaining why the proposed consent order is objectionable, and a statement that the claimant made a good faith attempt to resolve the disagreement with the State.

C.      **Failure to Respond**

1.      A claimant's failure to attend a scheduled field office session or make other arrangements with the State for a field investigation shall be considered grounds for the entry of a default order that incorporates the State's proposed consent order, in accordance with criteria set forth in II.C.3 of this Order.

2.      A claimant's failure to sign and return a consent order or file an answer by December 5, 2016, shall be considered grounds for the entry of a default order that incorporates the State's initial proposed consent order.

3.      The State shall request the clerk of the Court, under Rule 55(a) of the Federal Rules of Civil Procedure, enter the default of claimants who have failed to sign and return a consent order or file an answer by December 5, 2016.  Provided, (1) no default shall be entered against any claimant who has not been properly served with process or waived such service; (2) no default shall be entered until a claimant has had at least 30 days to review a proposed consent order or revised proposed consent order sent by the State; and (3) no default shall be entered if a claimant is engaged in good faith negotiation with the State concerning the terms of a proposed consent order, unless the State requests in writing that the claimant file an answer to the Complaint and the claimant fails to do so.

III.    **CHANGE OF ADDRESS OR OWNERSHIP**

During the pendency of the proceedings, all claimants, whether or not they are represented by counsel, are responsible for informing the Court of any changes in their mailing address or changes in ownership of water rights or real property associated with the rights.  The information must be filed with the Court within 30 days of any change.

## IV.    ADJUDICATION SCHEDULE

### A.    Service of Process

The State shall mail service packets to known claimants identified in the Hydrographic Survey as described above within 60 days of entry of this Order.  Unidentified and unknown claimants of interest shall be served by publication.  A notice of pendency of suit to all unknown persons and entities claiming surface water for irrigation rights in the Rio Del Oso and Rito Vallecitos in Section 1 of the Rio Chama stream system shall be published in the *Rio Grande Sun* (published in Espanola, New Mexico) once a week for three consecutive weeks.

### B.    Field Offices

Field office sessions will be held on September 14 and 16, 2016.

### C.    Deadline for Submission of Claims Not Identified in the Hydrographic Survey

Persons who claim surface water irrigation rights in the Rio del Oso & Rito Vallecitos that were not included in the Hydrographic Survey (unidentified and unknown claimants) shall file a statement of omitted claim with the Court no later than December 5, 2016.

**IT IS SO ORDERED.**

_____
Kirtan Khalsa
United States Magistrate Judge