IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* ) | | |
| State Engineer, *et al.*, ) | | 69cv07941-MV/KK |
| ) | | |
| Plaintiffs, ) | | RIO CHAMA ADJUDICATION |
| ) | | |
| v. ) | | Section 3, Rio Cebolla |
| ) | | |
| ROMAN ARAGON, *et al.*, ) | | Subfile Nos. CHCB-001-0007, |
| ) | | CHCB-002-0001B, CHCB-002-0002C, |
| Defendants. ) | | CHCB-002-0009 |
| ) | | |

### STATE'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF FRANCES QUINTANA, GUILLERMO COVA, CHARLIE HIBNER, MALCOLM EBRIGHT, AND STEVE HARDIN IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES

On October 26, 2016, the defendants filed Defendants Chacon and Quintana Proposed Lay Witness List Under Federal Rule of Evidence 701 (Doc. 11185). In response, the State of New Mexico ("the State") files this motion in limine to exclude the testimony of Frances Quintana, Guillermo Cova, Charlie Hibner, Malcolm Ebright, and Steve Hardin. The defendants oppose this motion.

**Frances Quintana[1] and Guillermo Cova.**

The State objects to the admission of these two witnesses because they have never been disclosed as potential witnesses until now. Under Federal Rule of Civil Procedure Rule 26(a)(1)(A)(i), the defendants had a duty to disclose the name "of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Under Fed.R.Civ.P. 26(e)(1)(A), the defendants were

---

[1] The defendants' proposed witness list includes a "Francis Quintana." The State presumes that this is the same person as Frances S. Quintana.

required to supplement their initial disclosures in a timely manner if they found that their initial disclosures were incomplete. However, neither Frances Quintana nor Guillermo Cova was ever disclosed as a potential trial witness in the defendants' Initial Disclosures or in the defendants' Supplement to Initial Disclosures. On December 16, 2014, this Court set a deadline of March 15, 2015 for the disclosure of the name and address of all potential witnesses. (*See* Revised Pretrial Order, Doc. 11064.) Neither Frances Quintana nor Guillermo Cova was disclosed as a potential witness at that time. Neither was either included in the defendants' supplemental disclosures which were submitted to the Court on June 15, 2015 (s*ee* Doc. 11086). Thus, it is too late now for the defendants to include new, previously undisclosed witnesses. Under Fed.R.Civ.P. 37(c)(1), where a party fails to identify a witness under Rule 26(a), that party is not allowed to use that witness at trial, "unless the failure was substantially justified or is harmless." In the instant case, the defendants have offered no justification for their failure to disclose these witnesses in a timely manner. Nor is the defendants' failure harmless, as, until now, the State has had no indication that these individuals would be called to testify at trial. Additionally, the defendants were required under Rule 26(a)(1)(A)(i) to include the subjects of the discoverable information to be provide by their witnesses. The defendants have failed to do so. For these reasons, the State moves this Court to exclude the testimony of Frances Quintana and Guillermo Cova.

### **Charlie Hibner, Malcom Ebright, and Steve Hardin.**

On April 27, 2015, the State moved this Court to strike the defendants' expert reports and to exclude the testimony of Stephen Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright (Doc. 11080). The State's motion was granted by the Court on February 17, 2016 (Doc.

11108). Accordingly, this Court has already ruled that Charlie Hibner, Malcom Ebright, and Stephen Hardin may not testify at trial.

The State is concerned that the defendants are attempting here to offer their experts as lay witnesses at trial in an effort to avoid the Court's ruling excluding their testimony. First, the Court ruled to exclude the testimony of these defense witnesses, not to exclude the "expert" testimony of these witnesses. In other words, the State's understanding of the Court's February 17, 2016 ruling is that the ruling excludes any and all testimony from these witnesses, not just their "expert opinion." Second, this Court has also granted the State's Motion in Limine to Prohibit Opinion Testimony by Lay Witnesses (Doc. 11097, filed September 4, 2015). As the defendants have never suggested that these witnesses have any personal knowledge of the beneficial use of water on the properties at issue from before 1907 to the present, the State submits that these witnesses can say nothing that will assist the Court in determining facts at issue in this case.

For these reasons the State respectfully requests that this Court grant the State's motion to exclude the testimony of defense witnesses Frances Quintana, Guillermo Cova, Charlie Hibner, Malcolm Ebright, and Steve Hardin.

Respectfully submitted,

/s/ Felicity Strachan
Felicity Strachan
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM  87504-5102
Telephone:  (505) 827-3889
Fax:  (505) 827-3887
felicity.strachan@state.nm.us
Attorney for the State of New Mexico *ex rel.*
New Mexico State Engineer

## Certificate of Service

  I certify that on November 16, 2016, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

/s/ Felicity Strachan
Felicity Strachan
