IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* ) | | |
| State Engineer, *et al.,* ) | | 69cv07941-MV/KK |
| ) | | |
| Plaintiffs, ) | | RIO CHAMA ADJUDICATION |
| ) | | |
| v. ) | | Section 3, Rio Cebolla |
| ) | | |
| ROMAN ARAGON, *et al.*, ) | | Subfile Nos. CHCB-001-0007, |
| ) | | CHCB-002-0001B, CHCB-002-0002C, |
| Defendants. ) | | CHCB-002-0009 |
| ) | | |

### STATE'S MOTION IN LIMINE TO PROHIBIT TESTIMONY REGARDING "ORAL FAMILY HISTORY" IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES

On October 26, 2016, the defendants filed Defendants' Chacon and Quintana Proposed Finding of Facts and Conclusions of Law (Doc. 11183). In these proposed findings, the defendants refer to "family history," "family oral history," "oral family history," and "oral history of the Valdez family." (*See* Sections I.D.1, I.F.5, I.G.1, II.A.2, and II.D.6 respectively.) The State submits that what the defendants are referring to is hearsay, and there is no "oral family history" exception to the rule against hearsay that would allow the anticipated testimony concerning the use of water for irrigation purposes on the lands now owned by the defendants. Accordingly, the State moves this Court to prohibit testimony based on "oral family history" as a source of authority at trial. The defendants oppose this motion.

The Federal Rules of Evidence define hearsay as an out-of-court statement offered to prove the truth of the matter asserted in the statement. Fed.R.Evid. 801(c). Under Fed.R.Evid. 802, hearsay is generally not admissible at trial. Furthermore, while there are a number of

exceptions to the rule against hearsay enumerated in Fed.R.Evid. 803, none of them would include the anticipated testimony of "oral family history" concerning the facts at issue in this case.

Under Fed.R.Evid. 803(11), there is a hearsay exception for "Records of Religious Organizations Concerning Personal or Family History." However, the defendants have offered no written records from a religious organization concerning the defendants' personal or family history. Accordingly, the defendants' anticipated testimony of "family oral history" is not admissible under Fed.R.Evid. 803 (11).

"Family Records" is another exception to the hearsay rule, under Fed.R.Evid. 803(13). But that exception is for statements of fact "about personal or family history contained in a family record, such as a Bible, genealogy, chart, engraving on a ring, inscription on a portrait, or engraving on an urn or burial marker." The State submits that the defendants have never mentioned such records. Rather, they refer only to "oral family history" and "oral history of the Valdez family." Thus, Fed.R.Evid. 803(13) is not applicable here.

There is also a hearsay exception for "Reputation Concerning Personal or Family History" under Fed.R.Evid. 803(19). But that reputation evidence applies only to reputations concerning a family member's "birth, adoption, legitimacy, ancestry, marriage, divorce, death, relationship by blood, adoption, or marriage, or similar acts of personal family history." The oral family history that the defendants seek to introduce here has no relation to the circumstances listed in Rule 803(19), that is, birth, adoption, legitimacy, ancestry, et cetera, or "similar acts of personal history." Rather, the oral family history asserted by the defendants involves the use of water for irrigation purposes by the defendants' predecessors in interest and other persons in the area. Accordingly, Fed.R.Evid. 803(19) is inapplicable in the instant case.

Fed.R.Evid. 803(20) provides a hearsay exception for "Reputation Concerning Boundaries or General History." This exception is defined as a "reputation in a community – arising before the controversy – concerning boundaries of land in the community or customs that affect the land, or concerning general historical events important to that community, state, or nation." Trustworthiness in reputation evidence under this exception to the hearsay rule is found, "when the topic is such that the facts are likely to have been inquired about and that persons having personal knowledge have disclosed facts which have been discussed in the community; and thus the community's conclusion, if any, is likely to be a trustworthy one." Fed.R.Evid. 803(20) Advisory Committee's Note (citing Wigmore § 1580 at 544).

Like the previously discussed exceptions to the rule against hearsay, this exception is also inapplicable in the instant case. First, boundaries of land and customs that affect the land are not at issue here. Next, this exception allows testimony as to a "reputation in the community" concerning "general historical events," not testimony by family members concerning their personal oral family history. Finally, the exception requires that the testimony involve "general historical events important to that community, state, or nation." Fed.R.Evid. 803(20). In order to show that irrigation practices on their lands rise to the level of "general historical events important to [their] community," the defendants must show that "the matter is of such general interest to the community that by the thorough sifting of active, constant, and intelligent discussion a fairly trustworthy reputation is likely to arise." 5 Wigmore § 1580 at 551. Without a sufficient foundation for the proffered testimony - a foundation showing that these events would be of general interest to the community at large - any such testimony should be excluded as hearsay. The State respectfully asserts that the irrigation practices at issue here do not rise to the

level of general historical events important to the community at large, and there is no independent historical evidence to support such a claim.

Because any testimony regarding "oral family history" is clearly hearsay and none of the enumerated exceptions to the rule against hearsay applies in this case, the State respectfully moves this Court to grant the State's motion and prohibit the defendants from relying on "oral family history" to support their claims at trial.

Respectfully submitted,

/s/ Felicity Strachan
Felicity Strachan
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM  87504-5102
Telephone:  (505) 827-3889
Fax:  (505) 827-3887
felicity.strachan@state.nm.us
Attorney for the State of New Mexico *ex rel.*
New Mexico State Engineer

**Certificate of Service**

I certify that on November 16, 2016, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

/s/ Felicity Strachan
Felicity Strachan