IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* ) | | |
| State Engineer, *et al.,* ) | | 69cv07941-MV/KK |
| ) | | |
| Plaintiffs, ) | | RIO CHAMA ADJUDICATION |
| ) | | |
| v. ) | | Section 3, Rio Cebolla |
| ) | | |
| ROMAN ARAGON, *et al.*, ) | | Subfile Nos. CHCB-001-0007, |
| ) | | CHCB-002-0001B, CHCB-002-0002C, |
| Defendants. ) | | CHCB-002-0009 |
| _____) | | |

**<u>STATE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING
IRRIGATION ON THE BLAS VALDEZ HOMESTEAD
IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES</u>**

On October 26, 2016, the defendants filed Defendants' Chacon and Quintana Proposed Finding of Facts and Conclusions of Law (Doc. 11183). In that document, the defendants request the Court to make several factual findings with respect to Blas Valdez and his irrigation and cultivation practices. The defendants request the Court to find that Charlie Chacon is a "successor" of Blas Valdez. This assertion is factually incorrect and in conflict with documentary evidence showing the title history of the lands presently owned by the Chacons, and those previously owned by Blas Valdez. (*See* Exhibits 1 and 2 attached hereto, affidavits of Dr. John O. Baxter and Mike Recker.) The Blas Valdez homestead abuts the original Juan Desiderio Valdez homestead, the south half of which is currently owned by the Chacons; however the defendants have never owned any part of the Blas Valdez homestead. The State of New Mexico ("the State") respectfully requests that this Court prohibit any testimony regarding irrigation on the Blas Valdez homestead. The defendants oppose this motion.

Federal Rules of Evidence Rule 401 defines relevant evidence as that which, "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." The State submits that information regarding irrigation on the Blas Valdez homestead fails this test of relevance. What are the facts at issue in the instant case? Whether the Old Valdez and Alfalfita ditches were originally constructed as a single ditch, and the lands claimed under the Alfalfita ditch were irrigated prior to 1907; whether the lands claimed under the Sanchez ditch now owned by the Chacons were also irrigated prior to 1907; and whether any use of water for irrigation in the seeped area below the Alto is necessary and does not represent waste. The State submits that no information regarding the irrigation practices of Blas Valdez has any tendency to make any of these facts more or less probable than they would be without the asserted Blas Valdez evidence. Information regarding irrigation on the Blas Valdez homestead is of no consequence in the determination of the defendants' claims.

For example, the defendants request that the Court find that the Sanchez ditch "was constructed by the Blas S. Valdez family" (Doc. 11183, Section I.B.1.) First, the State is aware of no evidence that would support this claim. Second, even if this claim were accurate and supported by credible and admissible evidence, the State submits it is not relevant under Fed.R.Evid. 401. Whether or not Blas Valdez participated in the construction of the Sanchez ditch is of no consequence to the determination of the defendants' claims of irrigation on the lands they now own.

In another example, the defendants write, "[i]nitially Blas Valdez started with the irrigation and cultivation of four acres and over the next ten years after the receipt of the patent, the acreage expanded to the current 17 acres by 1905, according to family history" (Doc. 11183,

Section I.D.1.) These claims are irrelevant to the facts at issue. The actions of Blas Valdez – a man who homesteaded the property adjacent to property owned by the defendants and their predecessors in interest – can tell the Court nothing about the length of the original Old Valdez ditch, the date the Alfalfita ditch was constructed, whether the Old Valdez and Alfalfita ditches were historically connected as one long ditch, or, whether there was any irrigation on the Juan Desiderio Valdez homestead, the south half of which is currently owned by the Chacons.

In addition to being irrelevant, the State is concerned that the defendants will use information regarding irrigation practices on the Blas Valdez homestead to confuse the real issues before the Court. Accordingly, the State submits that any evidence regarding Blas Valdez and his cultivation practices, should not be admitted at trial. Fed.R.Evid. 403 allows a court to exclude evidence "if its probative value is substantially outweighed by a danger of … confusing the issues, … undue delay, [or] wasting time." The State submits that evidence regarding irrigation on the Blas Valdez homestead will do all of these things. As discussed above, the defendants claim that Charlie Chacon is a "successor" of Blas Valdez. Are the Defendants Chacon under the mistaken impression that the lands they own under the Juan Desiderio Valdez homestead somehow overlap with the Blas Valdez homestead? If the defendants seek to establish this fact at trial, they should be required to offer the testimony of witnesses who are qualified by their experience and training to give such testimony. Further, the State should be allowed to rebut this testimony with the testimony of its professional engineering and mapping staff.

Under their proposed Conclusions of Law the defendants write, "[t]he original property patent to Blas S. Valdez included the irrigation and cultivation of four acres of the Alto property and six years later in 1895 he received the U.S. Patent." The State submits that this statement is entirely irrelevant to the case at hand under Fed.R.Evid. 401, and, furthermore, should not be

3

admitted under Fed.R.Evid. 403. It is irrelevant because nothing in the quoted language has any tendency to prove the amount or location of irrigated lands owned by the defendants in the Alto area. And it is confusing because the defendants seem to be implying that the portion of Defendants Chacons' property referred to as "the Alto" is somehow the same portion of the Alto that Blas Valdez had under irrigation. As discussed above, this is untrue and misleading. The Alto portion of the Defendants Chacons' property is part of the Juan Desiderio Valdez homestead, which is entirely separate from, though adjacent to, whatever portion of the Alto was owned and possibly cultivated by Blas Valdez.[1]

Because evidence regarding the cultivation practices of Blas Valdez – a neighbor to Juan Desiderio Valdez – are irrelevant to the facts at issue, the State asks the Court to exclude such evidence. Even if the Court were to find evidence regarding Blas Valdez relevant, the State submits that the probative value of any evidence regarding Blas Valdez is substantially outweighed by the danger that such evidence will confuse the issues and waste time. Accordingly, the State requests that this Court grant the State's motion to exclude testimony regarding irrigation practices on the Blas Valdez homestead at trial.

---

[1] The Rio Cebolla hydrographic survey of the Office of the State Engineer did not include or describe any current or former irrigation on the lands homesteaded by Blas Valdez, nor was any claim filed with the Court for irrigation water rights on these lands.

Respectfully submitted,


/s/ Felicity Strachan
Felicity Strachan
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM  87504-5102
Telephone:  (505) 827-3889
Fax:  (505) 827-3887
felicity.strachan@state.nm.us
Attorney for the State of New Mexico *ex rel.*
New Mexico State Engineer


**Certificate of Service**

    I certify that on November 16, 2016, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

/s/ Felicity Strachan
Felicity Strachan