IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* | ) | |
| State Engineer, *et al.,* | ) | 69cv07941-MV/KK |
| | ) | |
| Plaintiffs, | ) | RIO CHAMA ADJUDICATION |
| | ) | |
| v. | ) | Section 3, Rio Cebolla |
| | ) | |
| ROMAN ARAGON, *et al*., | ) | Subfile Nos. CHCB-001-0007, |
| | ) | CHCB-002-0001B, CHCB-002-0002C, |
| Defendants. | ) | CHCB-002-0009 |
| _____ | ) | |

**STATE'S RESPONSE TO DEFENDANTS' OBJECTIONS
TO STATE'S PROPOSED EXHIBITS
IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES**

On October 26, 2016, Defendants filed Defendants Chacon and Quintana Objections to Exhibits in Rio Chama Section 3, Rio Cebolla Subfiles (Doc. 11184). The State of New Mexico (the "State") hereby files this Response to Defendants' Objections to State's Proposed Exhibits.

**State's Exhibits 1-4.**

The defendants object to these exhibits on the basis that they are "untimely and therefore subject to being stricken." However, the defendants identify no local, federal, or state rule under which these exhibits could be considered untimely. Also, the State is at a loss to understand whether these exhibits are considered untimely by the defendants because they are offered too early or too late. Accordingly, it is very difficult for the State to respond to the defendants' objections.

While the State submits that the defendants' objections to these exhibits fail for lack of foundation (again, the defendants have failed to cite any legal authority to support the claim that

these exhibits should be considered untimely), the State will here address the timing of the disclosure of these documents.

**Dr. Baxter's CV.**

At trial, pursuant to Federal Rules of Evidence Rule 702, the State will seek to establish Dr. John O. Baxter as an expert witness, as disclosed in the State's Initial Disclosures (Doc. 11072, filed March 16, 2015). Dr. Baxter's Curriculum Vitae ("CV") is offered not as relevant evidence under Fed.R.Evid. 401, but rather as support for his qualifications as an expert. The State submits that Dr. Baxter's CV meets the standards enumerated under Federal Rules of Civil Procedure Rules 26(a)(2)(B)(iv), (v), and (vi). Additionally, the State is at a loss to understand the defendants' characterization of this exhibit as "untimely," as the document was attached to the State's Initial Disclosures, which was submitted to the Court on March 16, 2015.

**Dr. Baxter's July, 2014 Report.**

Upon information and belief, the defendants have had this report for years.

**Dr. Baxters' May, 2014 Report.**

This report was included in, and attached to, the State's Initial Disclosures.

**Dr. Baxter's Memorandum to Misty Braswell dated November 18, 2013.**

This Memo was included in the State's Initial Disclosures under "other Reports."

**<u>State's Exhibit 15.</u>**

This State's exhibit is an extract from the New Mexico Office of the State Engineer Hydrographic Survey for the Rio Chama Stream System, Section 3, Rio Cebolla, dated August 11, 2000 ("the hydrographic survey"). The defendants object to this exhibit because it, "is reduced to letter size and printed without color," and suggest that they would not object to a larger and color version. The State submits that the original hydrographic survey from which this

extract was taken is letter sized – the same size as the State's proposed exhibit. The State did not shrink the original survey down.

The defendants also object to the lack of color included in the State's exhibit. The State submits that the only part of this exhibit that was originally in color is the title page. Admittedly, the State did copy the title page in black and white instead of color. However, this makes no difference to the utility of the exhibit because the State in no way intends to rely on the cover photo at trial. It was included with the exhibit simply as a title page for identification purposes. The pertinent part of the exhibit is the information found on the pages that come after the title page. Even in the original, these essential pages were produced letter sized and in black and white. If the Court should rule that the cover page itself is inadmissible at trial, the usefulness of this exhibit will in no way be affected.

Regarding the defendants' assertion that this exhibit is untimely, the State is at a loss to understand. How untimely? Why untimely? This exhibit is an excerpt from the hydrographic survey upon which this entire adjudication is based. It was produced by the Office of the State Engineer ("OSE") pursuant to NMSA 1978, Section 72-4-13, and submitted to this Court on August 24, 2000. (*See* Doc. 5930, Notice of Filing of the Rio Chama Stream System Rio Cebolla Section Hydrographic Survey, filed August 24, 2000.) The OSE has made this survey available to the public for review since it was completed in August of 2000.  The information included in this exhibit is simply a description of the information included in the OSE files for the Pinavetal (0636), Old Valdez (0636-B), and Sanchez (0636-D) ditches, information the defendants have had access to lo these many years. Also, the hydrographic survey was listed in the State's Initial Disclosures.

### State's Exhibits 31 and 32.

The defendants object to the large sheet maps included as State's proposed exhibits 31 and 32 as "untimely." These sheet maps accompany the hydrographic survey, and, like the survey, were filed with the Court in August of 2000 and have been available at the OSE for public review since that time.

The defendants also object to the sheet maps because, "there is no certification or verification of the flights dates for the two photographic exhibits." As explained in the Introduction of the Hydrographic Survey, "[t]he survey of the Rio Cebolla Stream System was accomplished by photogrammetric and field survey methods. While the 1935, 1958, 1963, 1975, 1981, and 1995 photography was examined in the preparation of this report; the two sets most heavily relied upon were the 1958 and 1995 aerial photographs used in the field surveys." (*See* Hydrographic Survey, Introduction, page v.) The State would like to note that copies of the 1958 and 1995 aerial photography have been included in the State's Proposed Trial Exhibits as Exhibits 55 and 57.

**State's Exhibit 33.**

Once again, the State is at a loss to know how to respond to the defendants' claim that this exhibit is "untimely." As with State's Exhibits 15, 31, and 32, this exhibit forms part of the hydrographic survey created pursuant to NMSA 1978, Section 72-4-13. Once again, this exhibit was submitted to the Court in August of 2000. It has been available for public review at the OSE since that time. The subfiles included in this excerpt contain the exact same information that was sent directly to the defendants on November 9, 2000 in the service packet that included the State's original offer.

The defendants also complain about the size and the black and white nature of the exhibit. Again, the State has not altered the size and the pertinent part of the exhibit is just black

letters and numbers on a white page. They were never in color, nor would producing them in color add anything to the State's exhibit.

Finally, the defendants' claim that "[t]here is no attribution as to the authorship of any of the comments, which raises the hearsay objections to their admission." First, the cover page states plainly that the 2000 hydrographic survey was produced by the New Mexico Office of the State Engineer, Legal Services Division, Hydrographic Survey Bureau. Thus the report was authored by the New Mexico Office of the State Engineer, Legal Services Division, Hydrographic Survey Bureau. Second, the State submits that this exhibit falls under the Public Records exception to the rule against hearsay as defined in Fed.R.Evid. 803(8).  Under NMSA 1978, Section 72-4-13, the New Mexico State Legislature mandated that the State Engineer conduct this hydrographic survey. The State Engineer completed the survey in August of 2000 and it was submitted to the Court and made public at that time. This survey is a record of a public office that sets out factual findings from a legally authorized investigation, and neither the source of information nor other circumstances indicate a lack of trustworthiness. Accordingly, this exhibit, and any exhibit excerpted from the 2000 hydrographic survey, falls within the Public Records exception to the rule against hearsay under Fed.R.Evid. 803(8).

**<u>State's Exhibit 34.</u>**

This exhibit is a copy of the original survey map associated with Subfile CHCB-001-0007. It indicates that in 2000, the State found that Defendants Chacon had no right to irrigate from the Sanchez ditch. The defendants object to this exhibit based on the fact that it bears the date of October 11, 2016. First, the exhibit submitted to the defendants and the Court does not bear the date of October 11, 2016, but rather August 11, 2000, the date of the hydrographic survey. Second, this is the same map that was included in the original hydrographic survey

submitted to this Court and sent directly to the defendants in their service packet on November 9, 2000. Finally, this is the same subfile map that the defendants themselves included as part of their proposed trial exhibits as Defense Exhibit C.2. Accordingly, the State does not understand what the defendants find objectionable about this subfile map.

**State's Exhibits 35, 36, and 37.**

These three proposed exhibits are the subfile maps associated with Subfiles CHCB-002-0001B (the defendants refer to CHCB-002-0007, but presumably mean CHCB-002-0001B), CHCB-002-0002C, and CHCB-002-0009. The defendants object to these exhibits as "untimely." Once again, because the defendants have not identified any legal provision under which these exhibits could be considered untimely, the State is left guessing as to how best to respond. The State can only submit, once again, that these survey maps were produced as part of the August 2000 hydrographic survey, that the survey was filed with the Court in August of 2000, that the survey has been available for public review at the OSE since that time, and that these are the same subfile maps that were sent directly to the defendants in their service packet on November 9, 2000.

**State's Exhibit 48.**

This exhibit is a map created by the OSE that shows the current state of the adjudications in the area of the subfiles at issue. The State submits that this map falls under the Records of a Regularly Conducted Activity exception to the rule against hearsay. *See* Fed.R.Evid. 801, 802, and 803(6). The State will present testimony at trial by a qualified witness to authenticate this map under Fed.R.Evid. 901, and to show that this map was made recently by someone with knowledge, that it was kept in the course of a regularly conducted activity of the OSE, and that it is the regular practice of the OSE to make such maps to keep track of adjudication activity.

**State's Exhibits 50 and 51.**

These two exhibits are reports of "rechecks" conducted on the defendants' property at the defendants' request. In deference to the wishes of the defendants, the OSE has conducted multiple field checks to investigate the defendants' claims of water usage. These particular rechecks were conducted in 2001 and 2002 and the information contained herein was shared with the defendants then – more than ten years ago. Furthermore, the recheck reports were included in the State's Initial Disclosures. Accordingly, the State does not understand the defendants' contention that these exhibits are "untimely."

**State's Exhibit 52.**

The defendants object to the admission of these photos as "without any authentication" and "untimely." First, the photographs will be authenticated at trial pursuant to Fed.R.Evid. 901. Second, these photographs were included in "Section D. Photographs" in the State's Initial Disclosures.

**State's Exhibit 58.**

Once again, the State is at a loss to understand the defendants' objection to this exhibit as "untimely." This expert report was included in, and attached to, the State's Initial Disclosures filed with this court on March 16, 2015.

7

Respectfully submitted,

/s/ Felicity Strachan_____
Felicity Strachan
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM  87504-5102
Telephone:  (505) 827-3889
Fax:  (505) 827-3887
felicity.strachan@state.nm.us
Attorney for the State of New Mexico *ex rel.*
New Mexico State Engineer

## Certificate of Service

I certify that on November 16, 2016, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

/s/ Felicity Strachan
Felicity Strachan