IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* ) | | |
| State Engineer, *et al.,* ) | | 69cv07941-MV/KK |
| ) | | |
| Plaintiffs, ) | | RIO CHAMA ADJUDICATION |
| ) | | |
| v. ) | | Section 3, Rio Cebolla |
| ) | | |
| ROMAN ARAGON, *et al.*, ) | | Subfile Nos. CHCB-001-0007, |
| ) | | CHCB-002-0001B, CHCB-002-0002C, |
| Defendants. ) | | CHCB-002-0009 |
| ) | | |

### STATE'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE
### IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES

On November 16, 2016, the defendants filed a motion in limine to strike the State's expert witness reports and related exhibits and exclude the testimony of the State's witnesses at trial (Doc. 11187). The State hereby responds.

As a preface, the State submits that the defendants' motion in limine is replete with assertions that are factually incorrect and misleading. For example, several times in their motion in limine, the defendants complain that the State served its initial disclosures on the defendants one day late. That is incorrect. The deadline for initial disclosures as established by the Revised Pretrial Order (Doc. 11064, filed December 16, 2014) was March 15, 2015. The defendants are correct that the State served the defendants with its initial disclosures on March 16, 2015. However, March 15, 2015 was a Sunday. Under Federal Rules of Civil Procedure Rule 6(a)(1)(c), where a deadline falls on a Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Accordingly, when the State served its initial disclosures on the defendants on Monday, March 16, 2015, the service was not late, but on

time.[1] This is one of several instances of misrepresentations contained in the defendants' motion in limine.

In the "Procedural Background" section of the defendants' motion, the defendants claim that the State has failed to make any "substantive proposals" for the disputed subfiles. That is incorrect. Over the past sixteen years, the State has bent over backwards to accommodate the defendants. However, the State must be careful to acknowledge water rights based on evidence of current and historic beneficial water use. Beneficial use is the "basis, the limit, and the measure" of a water right in New Mexico. New Mexico Constitution, Article XVI, Section 3; NMSA 1978, Section 72-1-2. Accordingly, the Office of the State Engineer ("OSE") is circumscribed in its ability to recognize water rights. Where there is little or no evidence of historic beneficial use, the OSE does not necessarily have the authority to acknowledge the right to the use of water.

The State must be especially careful in areas such as Cebolla where there is a serious insufficiency in the supply of surface water. Most years there is not enough water to satisfy the legitimate and legal needs of all the Cebolla water users. Thus, the recognition of large claims without a legitimate legal basis will take that supply away from those who do have a legitimate legal basis for their water use. And while the State has been very accommodating – making multiple site visits to check and recheck the defendants' claims - the State has simply not found evidence that would support a finding that the defendants have the right to the use of the considerable amount of water they seek to attain. All of this has been thoroughly explained to the

---

[1] While not relevant to the response before the Court, the State would like to note that the defendants failed to provide to the State their initial disclosures by March 16, 2015. In fact, it was not until March 24, 2015, eight days after the deadline had passed, that the defendants filed for leave to serve their initial disclosures out-of-time (Doc. 11073). The defendants then served the State with their initial disclosures on April 15, 2015 (*see* Doc. 11078).

defendants. Thus, it is inaccurate and misleading to say that the State has not put forth substantive proposals in an effort to settle this matter.

The defendants in their motion next complain about a State's witness and exhibit list from 2009. The State will not address this complaint. Any deadlines set by this Court prior to the Revised Pretrial Order (Doc. 11064, filed December 16, 2014) are irrelevant since the Revised Pretrial Order clearly superseded documents establishing deadlines prior to the entry of the Revised Pretrial Order.

Regarding the defendants' assertions in "The Mediation Process" section of their motion in limine, the State is at a loss as to how to respond. The State submits that the defendants' characterization of the mediation process is grossly misrepresentative and should be ignored. For instance, the defendants assert, "[t]here was never a face-to-face meeting of the Plaintiff's representatives and the Defendants where actual settlement options or proposals were exchanged." This is patently false. The State has met with and engaged in settlement negotiations with the defendants on multiple occasions. In another example, the defendants assert that "the State's representatives had been instructed not to share any information with the Defendants regarding the State's position in any context." This is patently false. The State has made every effort to negotiate honestly and openly with the defendants. The State has never hidden its opinion regarding the defendants' water rights from the defendants, nor has the State ever hidden the bases for the State's conclusions regarding the defendants' water rights from the defendants. These are just two examples of the misrepresentations made by the defendants in this section of their motion. The State requests that this Court disregard this section of the defendants' motion in limine *in toto*.

Regarding the next section of the defendants' motion in limine, "The State's March 16, 2015 Initial Disclosure," the State has already addressed the defendants' mischaracterization of the service of the State's initial disclosures as "one day late." The State's initial disclosures were not served one day late. They were served timely. Accordingly, the State asks the Court to ignore this section entirely.

Regarding the defendants' complaints about Dr. Baxter's expert reports, the State submits that the time for making objections to the State's proposed trial exhibits was on or before November 4, 2016, when objections to exhibits were due. This motion in limine is not another opportunity for the defendants to make objections at a later date. The State has already responded to the defendants' objections to the State's proposed trial exhibits. (*See* Doc. 11184, filed November 26, 2016.) Furthermore, pursuant to the Revised Pretrial order, requests for production were due by June 15, 2015. If the defendants were dissatisfied with the State's initial disclosures, the proper course of action would have been a request for production filed on or before June 15, 2015. The defendants made no such request. And now that deadline is well past.

The defendants next complain that the State, in its October 26, 2016 witness list failed to identify its witnesses as either expert or lay. This complaint is without merit. The State has previously disclosed the characterization of its witnesses as expert or lay in the State's initial disclosures, in full compliance with Fed.R.Civ.P. 26(a)(1) and (2). Additionally, the defendants claim that they are now, "significantly disadvantaged by the late disclosure of Recker and Craig as apparent 'lay' witnesses who will offer testimony based on the State's 'data or information' as well as make 'findings and recommendations.'" The State genuinely does not understand the defendants' complaint. Mike Recker and Frank Craig were listed as lay witnesses in the State's initial disclosures. The State has never represented them as potential expert witnesses. The

State's October 26, 2016 witness list did not indicate that the State intended to change the characterization of these witnesses from lay to expert. The State will not attempt to qualify either witness at trial as an expert. The State will attempt to qualify Dr. John O. Baxter and James Aguirre as expert witnesses at trial, and the State submits that every requirement for disclosing, offering, and qualifying a witness as an expert has been, and will be, rigorously met by the State.

On page eleven of their motion in limine, the defendants assert, again erroneously, that the State untimely served the defendants with its initial disclosures. Then the defendants claim that James Aguirre's expert report of March 16, 2015 was not produced to the defendants until October 26, 2015. That is incorrect. Mr. Aguirre's expert report was attached to the State's initial disclosures as Exhibit B and served on the defendants on March 16, 2015. The defendants then reassert their claim that James Aguirre's expert report "was first produced to Defendants as a Trial Exhibit on October 26, 2016 when it was too late for Defendants to conduct any discovery that could serve to rebut it." This assertion is contradicted by the defendants themselves in this very motion in limine. On page six of the motion, under the heading "Exh 2: State's March 16, 2015 Disclosure]," the defendants confirm that the State produced its expert witness reports on March 16, 2015. It is only later in the motion that the defendants make the claim that the State did not produce these reports until October 26, 2016. It is just this sort of misstatement and misrepresentation that permeates the defendants' motion in limine and makes it very difficult for the State to respond.

In the next section of their motion, titled "Argument," the defendants question the fairness of the entire adjudication. The State will not address the defendants' claims as they are without merit and have no place in this particular motion. Also, the State genuinely does not understand the defendants' assertions. For instance, the defendants submit that "the State should

be required to file a complaint that precisely lays out the averments of the State as to which of the six elements it maintains are lacking in the defendants' water rights claim." First, the State has never expressed to the defendants that their water rights are lacking in any of six elements. The State is at a loss to understand how the defendants came up with that figure. Secondly, the State has been extremely straightforward in explaining to the defendants that the basis for the State's refusal to acknowledge water rights for the Alfalfita ditch is the fact that the Alfalfita ditch is of post-1907 construction, and the defendants have no permit for the use of water via the Alfalfita. The basis for the State's refusal to acknowledge more than a one-acre right at the site of an old sawmill on the Alto is the fact that there is no evidence whatsoever of the historic beneficial use of water for irrigation purposes on the Alto on more than one acre of land, and very little evidence for the one acre. The basis for the State's finding that that the defendants Chacon do not have a water right for the seeped area at the base of the Alto is New Mexico statutory and case law regarding seepage. The State has been very up front with the defendants about all of this. The State wishes to emphasize that the defendants' characterization of the State's actions as somehow hiding the ball is inaccurate, misleading, and a misrepresentation to this Court.

The defendants' motion in limine then returns to complaining about the admissibility of the State's expert reports. Again, the time and place for such objections was in the defendants' objections to the State's proposed trial exhibits, which was filed by the defendants on November 4, 2016. The State has already formulated and filed its responses to the defendants' objections. The State should not be required to re-argue the issue here.

Finally, the State would like to address assertions made by the defendants in their "Conclusion." The defendants assert that, "the Plaintiff has lost track of the required timely

disclosure and production of witnesses and exhibits, owed to the Defendants under the rules of discovery embedded in the Court's Revised Pretrial Order … and consistent with Federal Rule of Civil Procedure 26(a)(2) and 37(c)(1)," and that the defendants have been, "greatly disadvantaged in several respects by the great increase in untimely expert and lay witness reports, all of which were not timely disclosed or produced." The State emphatically denies these claims and objects to the defendants' characterization of the State as in violation of this Court's orders and federal rules. The State has timely served the defendants in accordance with the rules of federal court and the orders promulgated by this Court. Any claim by the defendants in their motion in limine to the contrary is inaccurate and a misrepresentation to this Court as defined in Fed.R.Civ.P. 11(b)(2) and (3).

Respectfully submitted,

/s/ Felicity Strachan_____
Felicity Strachan
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM  87504-5102
Telephone:  (505) 827-3889
Fax:  (505) 827-3887
felicity.strachan@state.nm.us
Attorney for the State of New Mexico *ex rel.*
New Mexico State Engineer

### Certificate of Service

I certify that on November 22, 2016, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

/s/ Felicity Strachan
Felicity Strachan