IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* ) | | |
| State Engineer, *et al.,* ) | | 69cv07941-MV/KK |
| ) | | |
| Plaintiffs, ) | | RIO CHAMA STREAM SYSTEM |
| ) | | |
| v. ) | | Section 3, Rio Cebolla |
| ) | | |
| RAMON ARAGON, *et al.*, ) | | Subfile Nos. CHCB-001-0007, |
| ) | | CHCB-002-0001B, |
| Defendants. ) | | CHCB-002-0002C |
| ) | | CHCB-002-0009 |
| _____ ) | | |

**RESPONSE TO STATE'S MOTION IN LIMINE TO PROHIBIT TESTIMONY REGARDING "ORAL FAMILY HISTORY"  IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES**

COMES NOW the undersigned attorney, Ted J. Trujillo, on behalf of the Defendants, Charlie Chacon and Geralda M. Chacon and the Delfin O. and Frances S. Quintana Trust, and pursuant to the  Court's Order Setting Trial, (Doc. 11138),  filed on August 30, 2016, Defendants respond to the State's motion as follows.

I. Discussion

Regardless of how Defendants may characterize some of the possible testimony of Defendants' witnesses as "family history", "family oral history", oral family history" or "oral family history of the Valdez family", as noted by the State in its Motion, such testimony still must be supported by a specific Rule of Evidence if it is to be admitted in evidence.  In this case that rule is Fed.R.Evid. 803(20), providing a hearsay exception for *"Reputation Concerning Boundaries or General History."*  The State's discussion of the

application of Fed.R.Evid. 803(11); 803(13), 803(19) are inapposite here, except in the instance of unanticipated rebuttal evidence, which could include lay testimony.

Regarding commentary of Fed.R.Evid. 803(20), Defendants take note of the State's citation to 5 Wigmore § 1580 at 544, *("reputation in a community arising before the controversy—concerning boundaries of land in the community or customs that affect the land, or concerning general historical events important to that community, state, or nation")* and then later, at 551, *("...the matter is of such general interest to the community that by the thorough sifting of active, constant, and intelligent discussion a fairly trustworthy reputation is likely to arise.")*. [Page 3, State's Motion].

Certainly a reasonable application of Wigmore's commentary would be that "customs that affect the land or concerning general historical <u>events important to that community</u>" would include the settlement of Cebolla through the Homestead Act. (Underlining by Defendants). This act required that the applicant erect a house, make other improvements such as the diversion of water and construction of irrigation ditches, the growing of crops and fencing and the building of barns and corrals for raising livestock. In addition, witnesses to these improvements were required to give sworn testimony as to the applicant's progress in this regard. Often times, the witnesses were themselves neighboring Homestead entry-men.

Accordingly, Defendants reject the State's assertion "…that the irrigation practices at issue here do not rise to the level of <u>general historical events important to the community at large</u> and there is <u>no independent historical evidence</u> to support such a claim." [Page 4, State's Motion]. (Underlining by Defendants). The State is wrong on

2

both counts: no importance to the community at large and no independent historical evidence.

The large presence of numerous Homestead documents, county records and other documents filed and archived in the Office of the State Engineer since its inception as a state agency, undercuts this position by the State's counsel. Moreover, the documentary evidence in this case is collateral support for the application under Fed.R.Evid. 803(20) of "oral" history, such as the popular names of acequias, their locations, the fields irrigated by them and their locations, and the locations of structures on the property such as houses, barns, corrals and sawmills.

The State's assertion is astounding given the extensive history of acequia irrigation practices in the Rio Chama / Rio Cebolla section as documented in the Office of the State Engineer from its inception, many of which have been identified as exhibits by both parties. It is hard to accept that the State's Counsel may be articulating the position of the State Engineer in rejecting the application of Fed.R.Evid. 803(20) in light of its own reliance on historical documents to make decisions, which also serve as a foundation for oral testimony under the Federal Rules of Evidence.

## II. Conclusion

The appropriate time for deciding when evidence can be submitted under the Federal Rules of Evidence as discussed by the State and the Defendants herein is at trial where an proper foundation for evidence can be laid by the parties. The State's Motion in Limine to Prohibit Testimony Regarding "Oral Family History" should be denied.

WHEREFORE, the undersigned Defendants' counsel respectfully requests that the State's Motion in Limine be denied by this Court and and for such other relief deemed proper in this matter.

LAW OFFICES OF TED J. TRUJILLO

By: \_\_\_/s/ Ted J. Trujillo_____
    Ted J. Trujillo
    Attorney for Chacon Family LLC
    Delfin O. and Frances S. Quintana Trust
    P.O. Box 2113
    Santa Cruz, NM 87567
    (505) 351-1632
    (505) 351-4287 (F)
    tedjtrujillo@gmail.com

<u>Certificate of Service</u>

I certify that on November 25, 2016, I filed the foregoing electronically through the CM?ECF system which caused the parties on the electronic service list to be served the Notice of Electronic filing.

                                                               /s/ Ted J. Trujillo _____
                                                               Ted J. Trujillo