IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* | ) | |
| State Engineer, *et al.,* | ) | 69cv07941-MV/KK |
| | ) | |
| Plaintiffs, | ) | RIO CHAMA STREAM SYSTEM |
| | ) | |
| v. | ) | Section 3, Rio Cebolla |
| | ) | |
| RAMON ARAGON, *et al.*, | ) | Subfile Nos. CHCB-001-0007, |
| | ) | CHCB-002-0001B, |
| Defendants. | ) | CHCB-002-0002C |
| | ) | CHCB-002-0009 |
| _____ | ) | |

## RESPONSE TO STATE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING IRRIGATION ON THE BLAS VALDEZ HOMESTEAD IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES

COMES NOW the undersigned attorney, Ted J. Trujillo, on behalf of the

Defendants, Charlie Chacon and Geralda M. Chacon and the Delfin O. and Frances S.

Quintana Trust, and pursuant to the  Court's Order Setting Trial, (Doc. 11138), filed on

August 30, 2016, Defendants respond to the State's motion as follows.

I. Discussion

The State's Motion in Limine to Exclude Testimony Regarding Irrigation on the

Blas Valdez Homestead is misplaced and premature, raising evidentiary issues best

resolved at trial as to the history and significance of irrigation within the Blas Valdez

Homestead and adjoining properties.  In support of its position the State raises the

concern that the Defendants Chacon *" have never owned any part of the Blas Valdez

homestead."* [State's Motion, page 1].  While the Chacon's do not own any part of the

Blas Valdez homestead in fee simple absolute, part of the Chacon's pre-1907 irrigation

infrastructure begins in this homestead, off the natural creek, known as "El Rito de la Piedra".  Fee simple ownership of land is not the issue in this case. The issue is the history of the development of water infrastructure and the subsequent beneficial use of water made possible by the infrastructure.   The State's position entirely misses this point.

It appears that the State may not be aware that numerous community irrigation ditches, known as "acequias",  in northern New Mexico cross the property boundaries of the various irrigators, known as "parciantes", beginning at the diversion structure off the natural water source to its very terminal point downstream where it returns back to the river.  The location of the acequia throughout its course constitutes an easement for all the irrigators, so that in effect the acequia community are joint owners, individually and severally, of the easement upon which the acequia is located.   This ownership includes the  parciante's right of access for construction, repair, maintenance and beneficial use of water from the acequia for his respective property,  just as it exists across all the privately owned properties.

The reference of the Blas Valdez homestead by Defendants is evidence of this traditional "community" acequia arrangement, beginning with its founding pre-1907 and its full extension into property owned by Defendants in fee simple and irrigated during the pre-1907 time period.   The fact that Chacon does not own any of the original Blas Valdez homestead is immaterial to its claim of irrigated acreage in the contiguous Juan Desiderio Valdez  Homestead, coming through  the "Sanchez" Ditch, that also was irrigated pre-1907 and which began in the Blas Valdez Homestead, entered into the Aguilar Homestead and then into the Juan Desiderio Valdez Homestead.

A casual examination of the State's exhibits where homestead boundaries are shown illustrates this traditional water use arrangement across the boundaries of the contiguous homestead parcels.  (See State Exhibits 41, 42, 43, 44, 45, 46, 47 and 48 showing the various natural streams and acequias superimposed on the various Homestead properties.)  Although the Defendants do not agree with all the depictions of the courses of the natural streams and acequias as shown in the State's exhibits, Defendants seek  to describe where and how its use of water,  as diverted from  the natural stream, known as "El Rito de la Piedra",  was developed from its inception and put into beneficial use on the various  adjoining properties.

WHEREFORE, the undersigned Defendants' counsel respectfully requests that the State's Motion in Limine be denied by this Court and and for such other relief deemed proper in this matter.

LAW OFFICES OF TED J. TRUJILLO

By: ___/s/ Ted J. Trujillo_____
    Ted J. Trujillo
    Attorney for Chacon Family LLC
    Delfin O. and Frances S. Quintana Trust
    P.O. Box 2113
    Santa Cruz, NM 87567
    (505) 351-1632
    (505) 351-4287 (F)
    tedjtrujillo@gmail.com

<u>Certificate of Service</u>

I certify that on November 25, 2016, I filed the foregoing electronically through the CM?ECF system which caused the parties on the electronic service list to be served the Notice of Electronic filing.

    /s/ Ted J. Trujillo _____
    Ted J. Trujillo

3