IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO *ex rel.* ) <br> State Engineer, *et al.,* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROMAN ARAGON, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | 69cv07941-MV/KK <br><br> RIO CHAMA ADJUDICATION <br><br> Section 3, Rio Cebolla <br><br> Subfile Nos. CHCB-001-0007, <br> CHCB-002-0001B, CHCB-002-0002C, <br> CHCB-002-0009 |

**STATE'S REPLY TO DEFENDANTS' RESPONSE TO STATE'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF FRANCES QUINTANA, GUILLERMO COVA, CHARLIE HIBNER, MALCOLM EBRIGHT, AND STEVE HARDIN IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES**

On November 25, 2016, the defendants filed a response to the State's motion in limine to exclude the testimony of Frances Quintana, Guillermo Cova, Charlie Hibner, Malcolm Ebright, and Steve Hardin (Doc. 11197). The State hereby replies.

I.     Frances Quintana and Guillermo Cova

In their response, the defendants claim that Frances Quintana should be allowed to testify at trial because she is a "party opponent." First, Frances is not a party to this litigation. The Delfin O. and Frances S. Quintana Trust ("the Quintana Trust") is a party, Frances is not. Second, even if Frances were a party to the litigation, that fact does not relieve the defendants of the duty to have timely identified her as a potential trial witness. Under Federal Rules of Civil Procedure Rule 26(a)(1)(A)(i), the defendants were required to include in their initial disclosures the identity of anyone who might be called as a witness at trial, except for any witness required

only for rebuttal. The defendants served the State with their initial disclosures on April 15, 2015 (*see* Doc. 11078). Frances Quintana was not included as a potential trial witness.

Under Fed.R.Civ.P. 26(e), if the defendants found that their initial disclosures were "incomplete or incorrect," the defendants were required to supplement or correct their initial disclosures. The defendants served the State with supplemental disclosures on June 12, 2015 (*see* Doc. 11086). Frances Quintana was not listed as a potential trial witness. The defendants' claim that Frances Quintana should be allowed to testify because her testimony is non-hearsay under Federal Rules of Evidence Rule 801(d)(2)(B) is inapposite. The State does not object to Frances Quintana as a witness due to hearsay concerns, but rather due to the fact that Frances Quintana was not timely disclosed as a witness.

The defendants claim that Guillermo Cova is a successor in interest to the Quintana Trust. The State is aware of no evidence that would support this claim. The defendants also claim that Mr. Cova is "an agent or representative of the Trust for business purposes." This is the first time the State has been informed of any such arrangement, and the State has yet to see any documentation to this effect. Ultimately, it does not matter whether Mr. Cova is a successor to the Quintana Trust, or an agent or representative of the trust. Because, no matter his title or interest, the defendants were obliged to identify him as a potential trial witness in their initial disclosures under Fed.R.Civ.P. 26(a)(1)(A)(i), or in their supplemental disclosures under Fed.R.Civ.P. 26(e). The defendants failed to do so. The defendants' discussion of hearsay is inapposite since the State's objection to allowing Mr. Cova to testify at trial is not based on hearsay, but, rather, a violation of Fed.R.Civ.P. 26(a)(1)(A)(i).

Under Fed.R.Civ.P. 37(c)(1), where a party fails to "identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence

… at trial, unless the failure was substantially justified or is harmless." In the instant case, the defendants failed to identify Frances Quintana and Guillermo Cova as required by Rules 26(a)(1)(A)(i) and (e). The defendants have provided no justification whatsoever for this failure and their failure to timely identify potential trial witnesses is not harmless. Accordingly, Ms. Quintana and Mr. Cova should not be allowed to testify at trial.

    II.       Charlie Hibner, Malcolm Ebright, and Steve Hardin

On February 17, 2016, this Court promulgated an order striking the defendants' expert reports and excluding the testimony of Stephen D. Hardin, Sam Smallege, Charlie Hibner, and Malcolm Ebright (Doc. 11108). The defendants now claim that Charlie Hibner, Malcolm Ebright, and Steve Hardin should be allowed to testify as lay witnesses since, "they are still available and competent to testify." The State submits that the defendants have misunderstood this Court's order. The Court did not make a distinction between the expert and the lay testimony of these witnesses. Rather, the Court ruled to exclude their testimony, full stop. Accordingly, these gentlemen may not testify at trial, either as expert or lay witnesses. Furthermore, this Court has also ruled to prohibit opinion testimony by lay witnesses (Doc. 11109, filed March 22, 2016). Since these particular witnesses have no first-hand knowledge of the history of irrigation on the lands at issue, there is nothing they can testify to at trial that might help the Court in determining the facts. Thus, Mr. Hibner, Mr. Ebright, and Mr. Hardin should be precluded from testifying at trial.

Respectfully submitted,

/s/ Felicity Strachan_____  
Felicity Strachan  
Special Assistant Attorney General  
Office of the State Engineer  
P.O. Box 25102  
Santa Fe, NM  87504-5102  
Telephone:  (505) 827-3889  
Fax:  (505) 827-3887  
felicity.strachan@state.nm.us  
Attorney for the State of New Mexico *ex rel.*  
New Mexico State Engineer  

**Certificate of Service**

I certify that on December 9, 2016, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

/s/ Felicity Strachan  
Felicity Strachan