IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* ) | | |
| State Engineer, *et al.,* ) | | 69cv07941-MV/KK |
| ) | | |
| Plaintiffs, ) | | RIO CHAMA ADJUDICATION |
| ) | | |
| v. ) | | Section 3, Rio Cebolla |
| ) | | |
| ROMAN ARAGON, *et al.*, ) | | Subfile Nos. CHCB-001-0007, |
| ) | | CHCB-002-0001B, CHCB-002-0002C, |
| Defendants. ) | | CHCB-002-0009 |
| ) | | |

**STATE'S REPLY TO DEFENDANTS' RESPONSE TO STATE'S MOTION IN LIMINE
TO PROHIBIT TESTIMONY REGARDING IRRIGATION
ON THE BLAS VALDEZ HOMESTEAD
IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES**

On November 25, 2016, the defendants filed a response to the State's motion in limine to prohibit testimony regarding irrigation on the Blas Valdez homestead (Doc. 11197). The State hereby replies.

I.   INACCURATE POD

The defendants, in their response, claim that evidence regarding irrigation practices on the Blas Valdez homestead should be admitted at trial because, "part of the Chacon's pre-1907 irrigation infrastructure begins in [the Blas Valdez] homestead." This claim is inaccurate. The point of diversion ("POD") for the "Sanchez" ditch is not on the Blas Valdez homestead, but rather on the Jose Aguilar homestead, north of the Blas Valdez homestead. From the POD, the Sanchez ditch flows westward, irrigating lands on the Jose Aguilar homestead. At a point slightly west of center on the Jose Aguilar homestead, a small lateral turns south and cuts across the northwest corner of the Blas Valdez homestead, and then continues on to the Juan Desiderio

Valdez homestead. It is this small lateral that is the portion of the Sanchez ditch that the defendants claim the right to use. The inaccuracy of the defendants' claim that the Sanchez ditch "began in the Blas Valdez Homestead" is evidenced not only by the State's maps, but also by the map created by the defendants' "expert" Steve Hardin and proposed as Defense Exhibit A.2.

II.     NOT A COMMUNITY ACEQUIA

The defendants also claim that the Sanchez ditch is a "'community' acequia," though they cite no authority for this claim. "Community ditches" are defined in Section 73-2-27 of the 1978 New Mexico Statutes Annotated. However, the State submits that the Sanchez ditch does not meet the meaning of a community ditch as defined in NMSA 1978, Section 73-2-27. Under NMSA 1978, Section 73-2-27, a community ditch is defined as a ditch "held and owned by more than two owners as tenants in common." In the instant case, the Sanchez ditch has never been held and owned by more than two owners. The June 10, 1949 Turley map shows only one owner of the Sanchez ditch: Jose A. Sanchez, who was the successor in interest to Jose Aguilar. The October 10, 1953 Application for Permit to Appropriate Water lists only one user of the Sanchez ditch: Jose A. Sanchez. And today, no one other than the defendants Chacon and Ernest and Margie Sanchez (*see* consent order entered for Subfile CHCB-001-0002, Doc. 6644, filed April 10, 2002) has a potential ownership interest in the Sanchez ditch. Thus, the Sanchez ditch is not a community ditch as defined under NMSA 1978, Section 73-2-27.

Furthermore, NMSA 1978, Section 73-2-11 requires that a community ditch "be superintended by three commissioners and one mayordomo." The Sanchez ditch is not superintended by three commissioners and a mayordomo. Nor is there any documentary evidence that the Sanchez ditch has ever operated as a community ditch or acequia. Accordingly, contrary to the defendants' claim, the Sanchez ditch is not a community acequia. The State does

not dispute that the defendants Chacon may have a right of entry onto the land that was once homesteaded by Blas Valdez under NMSA 1978, Section 73-2-5, but the defendants Chacon's right to enter onto land once occupied as a homestead by Blas Valdez can tell this Court nothing about the current or historical irrigation practices of the defendants on their own land.

### III.     MISTAKEN UNDERSTANDING OF OWNERSHIP

Finally, the defendants are simply mistaken in their understanding of the history of ownership and occupation of the Blas Valdez homestead. And the State is concerned that their misunderstanding of the facts will waste time and confuse the issues before the Court. For instance, in their proposed findings of fact and conclusions of law (Doc. 11183, filed October 26, 2016), in paragraph D.1, the defendants state, "[i]nitially Blas Valdez started with the irrigation and cultivation of four acres and over the next ten years after the receipt of the patent, the acreage expanded to the current 17 acres by 1905, according to family history."

First, there is no indication in the Blas Valdez homestead documents that Blas Valdez had any land under irrigation. (*See* Exhibit 2 – Blas Valdez Homestead Proof, dated January 28, 1895.) Rather, the paperwork indicates that Blas Valdez had four acres of land under cultivation. (*Id*.) There is a difference between irrigation and cultivation as land can be cultivated without irrigation. So the defendants' idea that Blas Valdez had any land under irrigation is simply speculation on their part. Second, the location of the four acres of land said to be under cultivation is unspecified in the homestead documents and could be located anywhere on the homestead, not necessarily on the Alto, or even anywhere near the lands occupied by the defendants' predecessors in interest.

Finally, it would have been impossible for Blas Valdez to spend ten years after receiving his patent expanding the acreage under cultivation or irrigation, since Blas Valdez sold the

property to a man named William Kinderman two years after receiving his patent. (*See* Exhibit 1 - Affidavit of John O. Baxter.) The defendants, relying on "family history," are simply wrong in their understanding of how long Blas Valdez actually owned the property. This demonstrates the danger of allowing the defendants to testify at trial as to "family history," which, in this case, is clearly in contradiction to the facts. Thus State contends that the defendants' use of Blas Valdez testimony and reliance on "family history" at trial will serve to waste time and confuse the issues before the Court as described in Federal Rules of Evidence Rule 403.

IV.     CONCLUSION

The defendants have failed to identify a single item of evidence regarding irrigation practices on the Blas Valdez homestead that has any tendency to make any fact at issue in the instant case more or less probable than it would be without the Blas Valdez evidence. In other words, the defendants have failed to identify a single fact about Blas Valdez that is relevant to the instant case under Fed.R.Evid. 401. The fact that the defendants Chacon may have an easement to enter what was originally the Blas Valdez homestead under NMSA 1978, Section 73-2-5 is irrelevant to the issues before the Court. Furthermore, the defendants are misinformed as to the period of time that Blas Valdez actually owned and occupied the property, and their reliance on "family history" is concerning since, as is clear in this particular instance, their family history is contradicted by the actual historical facts.

Respectfully submitted,


/s/ Felicity Strachan_____
Felicity Strachan
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM  87504-5102
Telephone:  (505) 827-3889
Fax:  (505) 827-3887
felicity.strachan@state.nm.us
Attorney for the State of New Mexico *ex rel.*
New Mexico State Engineer


**Certificate of Service**

I certify that on December 9, 2016, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

/s/ Felicity Strachan
Felicity Strachan

5