IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO *ex rel.* State Engineer, *et al.*, | ) ) ) | 69cv07941-MV/KK |
| Plaintiffs, | ) ) | RIO CHAMA ADJUDICATION |
| v. | ) ) | Section 3, Rio Cebolla |
| ROMAN ARAGON, *et al.*, | ) ) | Subfile Nos. CHCB-001-0007, CHCB-002-0001B, CHCB-002-0002C, |
| Defendants. | ) ) | CHCB-002-0009 |

**STATE'S REPLY TO DEFENDANTS' RESPONSE TO STATE'S MOTION IN LIMINE TO PROHIBIT TESTIMONY REGARDING ORAL FAMILY HISTORY IN RIO CHAMA, SECTION 3, RIO CEBOLLA SUBFILES**

On November 25, 2016, the defendants filed a response to the State's motion in limine to prohibit "oral family history" (Doc. 11195). The State hereby replies.

I.  INTRODUCTION

In its Motion in Limine to Prohibit Testimony Regarding "Oral Family History" (Doc. 11189, filed November 16, 2016), the State objected to such testimony on the basis that it is inadmissible hearsay under Federal Rules of Evidence Rules 801 and 802, and does not fall within any recognized exception to the rule against hearsay as enumerated in Fed.R.Evid. 803. In response to the State's motion, the defendants identified Fed.R.Evid. 803(20) – Reputations Concerning Boundaries or General History – as the exception to the hearsay rule under which their "oral family history" testimony would be admissible at trial. However, the defendants fail to explain how Fed.R.Evid. 803(20) applies in the instant case. They give no reasoning as to how the irrigation practices of two families in the Cebolla area rise to the level of a "general historical

event" as described in Fed.R.Evid. 803(20). Additionally, the defendants have failed to demonstrate that the reputation in the community they seek to have admitted at trial via testimony regarding "oral family history" arose before the instant controversy as required under Fed.R.Evid.803(20). Finally, the defendants' reliance on "family history" is dangerous as it is unsupported by evidence and contrary to fact. Accordingly, the State respectfully asks this Court to disregard the defendants' response and grant the State's motion in limine to prohibit testimony regarding "oral family history" at trial.

II.     GENERAL HISTORICAL EVENTS IMPORTANT TO THE COMMUNITY

The defendants, in their response, claim that "the settlement of Cebolla though the Homestead Act" qualifies as a general historical event important to the community of Cebolla. The State does not dispute this claim. The State does not ask the Court to prohibit the introduction of, or testimony regarding, homestead documents relating to the instant claimants' predecessors in interest. However, the State makes a distinction between evidence in the form of homestead documents related to the settlement of Cebolla and evidence in the form of in-court testimony regarding what the witness might have been told by someone out-of-court about the particular irrigation practices of the predecessors in interest to the instant defendants. In short, while the homesteading and settlement of the Cebolla area might be considered a general historical event under Fed.R.Evid. 803(20), the irrigation practices of two families in the community should not be considered such.

The defendants, in support of their arguments, claim that the Homestead Act, "required that the applicant erect a house, make other improvements such as the diversion of water and construction of irrigation ditches, the growing of crops and fencing and the building of barns and corrals for raising livestock." However, a reading of the Homestead Act shows that this claim is

incorrect. *See* Act of May 20, 1862 (Homestead Act), Public Law 37-64, 05/20/1862; Record Group 11; General Records of the United States Government; National Archives. The Homestead Act recites that the application must be made for the exclusive benefit and use of the applicant for "the purpose of actual settlement and cultivation." *Id*. Nowhere does the Homestead Act mention the diversion of water, the construction of irrigation ditches, or the building of fences, barns, or corrals. *Id*. Furthermore, the State notes that there is a difference between cultivation and irrigation, as land can be cultivated without the use of irrigation. Thus, evidence of cultivation on homesteaded lands does not amount to evidence of irrigation on homesteaded lands.

Next, the defendants claim that the existence of a large number of homestead documents for the Cebolla area and the "extensive history of acequia irrigation practices … as documented in the Office of the State Engineer" support the admissibility of their "oral family history" at trial. The State submits that the existence of homestead documents and Office of the State Engineer ("OSE") documents regarding irrigation in the Cebolla area does not support the admissibility of in-court testimony regarding what a witness may have been told out-of-court by someone in his family regarding the irrigation practices of the defendants' predecessors in interest. Again, the State does not object to the admission of documents and testimony regarding the history of homesteading in the Cebolla area or of documents filed with the OSE concerning the history of irrigation in the Cebolla area. Rather, the State objects to the admission of hearsay testimony that does not fall under an exception to the rule against hearsay, and is unsupported by documentary evidence.

### III.     ARISING BEFORE THE CONTROVERSY

Fed.R.Evid. 803(20) requires that the "reputation in the community" sought to be admitted at trial must have arisen "before the controversy." The State submits that the particular reputation in the community that the defendants seek to present at trial did not arise before the controversy, but rather, as a direct result of the controversy before the Court.

In fact, the State submits that the reputation in the community that existed before this controversy arose is in direct contravention to the defendants' proposed "oral family history." This is evidenced by the many documents filed with the OSE, documents which were commissioned and signed by many of the residents of the Cebolla community, including the defendants' predecessors in interest. In support of its claim, the State refers the Court to the Statement of Old Water Rights for OSE file 0636 (the Pinavetal ditch) dated June 27, 1932; the June 10, 1949 Turley map; the July 25, 1951 Application for Permit; the October 10, 1953 Proof of Application of Water to Beneficial Use; the October 10, 1953 Proof of Completion of Works; the November 20, 1953 Certificate of Construction; and the License to Appropriate Water that was issued by the OSE on November 20, 1953, based on the claims of the defendants' predecessors in interest and numerous members of the Cebolla community.

The information in these documents represents the consensus of the Cebolla community regarding the irrigation practices of its members at the time the documents were filed. These documents indicate that the "Old Valdez" ditch was originally 1,580 feet long and was used by Patricio Chacon to irrigate lands only on the Juan Desiderio Valdez homestead; that there was no irrigation at the site of the old sawmill on the Alto; and that there was no irrigation of the seeped area at the base of the Alto. In short, the defendants' "oral family history" which purports to describe the reputation in the community concerning irrigation practices of defendants'

predecessors in interest is directly contradicted by documents that were commissioned, signed, and submitted to the OSE by the defendants' predecessors in interest. The State submits that these documents provide a much more accurate picture of the actual reputation in the community concerning the irrigation practices of the members of the community as it existed before the current controversy arose than does the defendants' proposed "oral family history."

## IV. CONTRARY TO FACT

Finally, the defendants' reliance on "oral family history" is alarming in that it is unsupported by evidence and contrary to fact. For instance, in their proposed findings of fact and conclusions of law (Doc. 11183, filed October 26, 2016), the defendants claim that, "according to family history," Blas Valdez spent ten years after receiving his homestead patent in 1895 expanding irrigation and cultivation on his lands from four to seventeen acres. First, there is no evidence to support a finding that Blas Valdez ever irrigated the lands he occupied as a homestead.[1] Second, Blas Valdez did not even own his homestead for ten years after receiving his patent in 1895. Rather, Blas Valdez sold the property to a local business man named William Kinderman in 1897, two years after he received his homestead patent. (*See* Exhibit 1, Affidavit of John O. Baxter.) This demonstrates the danger of allowing the defendants to rely on and testify to unsupported and incorrect facts based on "family history" at trial.

## V. CONCLUSION

The defendants have failed to explain how their proposed "oral family history" meets the requirements of any of the exceptions to the rule against hearsay enumerated in Fed.R.Evid. 803. Specifically, the defendants have failed to make a showing that the irrigation practices of their predecessors in interest rise to the level of "general historical events" as described in Fed.R.Evid.

---

[1] Homestead proofs do not inquire as to irrigation, only cultivation. Since land can be cultivated without being irrigated, evidence of cultivation does not amount to evidence of irrigation.

803(20). Additionally, the defendants have failed to demonstrate that the reputation in the community they seek to testify to at trial arose before the current controversy, as required under Fed.R.Evid. 803(20). In fact, the State submits that the reputation in the community that the defendants now profess is actually contradicted by the documentary evidence prepared and filed with the OSE by the members of the Cebolla community before the current controversy arose. Finally, the defendants' "family history" is unsupported by evidence and contrary to fact, as demonstrated by the defendants' claim that Blas Valdez spent ten years, from 1895 to 1905, cultivating lands that, in reality, he sold to another person in 1897.

Respectfully submitted,

/s/ Felicity Strachan\
Felicity Strachan\
Special Assistant Attorney General\
Office of the State Engineer\
P.O. Box 25102\
Santa Fe, NM  87504-5102\
Telephone:  (505) 827-3889\
Fax:  (505) 827-3887\
felicity.strachan@state.nm.us\
Attorney for the State of New Mexico *ex rel.*\
New Mexico State Engineer

**Certificate of Service**

I certify that on December 9, 2016, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

/s/ Felicity Strachan\
Felicity Strachan