## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

                Plaintiffs,

    v.

ROMAN ARAGON, *et al.*,

                Defendants.

69cv07941 MV/KK
Rio Chama Adjudication

Section 3, Rio Cebolla

Subfile Nos.   CHCB-001-0007
                   CHCB-002-0001B
                   CHCB-002-0002C
                   CHCB-002-0009

## MEMORANDUM OPINION AND ORDER DENYING STATE'S MOTION IN LIMINE TO PROHIBIT TESTIMONY REGARDING "ORAL FAMILY HISTORY"

**THIS MATTER** is before the Court on the State's Motion In Limine to Prohibit Testimony Regarding "Oral Family History" in Rio Chama, Section 3, Rio Cebolla Subfiles, Doc. 11189, filed November 16, 2016.

The State moves the Court "to prohibit testimony based on 'oral family history' as a source of authority at trial" on the grounds that "any testimony regarding 'oral family history' is clearly hearsay and none of the enumerated exceptions to the rule against hearsay applies in this case." Motion at 1, 4. The State discusses why the following hearsay exceptions are not applicable to oral family history: Fed. R. Evid. 803(11) Records of Religious Organizations Concerning Personal or Family History; Fed. R. Evid. 803(13) Family Records; Fed. R. Evid. 803(19) Reputation Concerning Personal or Family History; and Fed. R. Evid. 803(20) Reputation Concerning Boundaries or General History. Defendants contend that Fed. R. Evid. 803(20) Reputation Concerning Boundaries or General History allows oral family history to be admitted. Response at 1, Doc. 11195. Because Defendants do not contend that the other hearsay exceptions apply, the Court will only address the hearsay exception regarding Reputation

Concerning Boundaries or General History.

The hearsay exception for Reputation Concerning Boundaries or General History states: "A reputation in a community--arising before the controversy--concerning boundaries of land in the community or customs that affect the land, or concerning general historical events important to that community, state, or nation."  Fed. R. Evid. 803(20).  The Advisory Committee Notes for this rule state:

> Trustworthiness in reputation evidence is found "when the topic is such that the facts are likely to have been inquired about and that persons having personal knowledge have disclosed facts which have thus been discussed in the community; and thus the community's conclusion, if any has been formed, is likely to be a trustworthy one." 5 Wigmore § 1580, p. 444, and see also § 1583. On this common foundation, reputation as to land boundaries, customs, general history, character, and marriage have come to be regarded as admissible. The breadth of the underlying principle suggests the formulation of an equally broad exception, but tradition has in fact been much narrower and more particularized, and this is the pattern of these exceptions in the rule.
> . . . .
> The first portion of Exception [paragraph] (20) is based upon the general admissibility of evidence of reputation as to land boundaries and land customs, expanded in this country to include private as well as public boundaries. McCormick § 299, p. 625. The reputation is required to antedate the controversy, though not to be ancient. The second portion is likewise supported by authority, *id.,* and is designed to facilitate proof of events when judicial notice is not available. The historical character of the subject matter dispenses with any need that the reputation antedate the controversy with respect to which it is offered.

Fed. R. Evid. 803 advisory committee's note (1972 Proposed Rules).

Defendants contend that oral family history is admissible pursuant to Fed. R. Evid. 803(20) Reputation Concerning Boundaries or General History stating that:

> customs that affect the land or concerning general historical <u>events important to that community</u> would include the settlement of Cebolla through the Homestead Act.  This act required that the applicant erect a house, make other improvements such as the diversion of water and construction of irrigation ditches, the growing of crops and fencing and the building of barns and corrals for raising livestock.
> . . . .

Accordingly, Defendants reject the State's assertion ". . . that the irrigation

practices at issue here do not rise to the level of <u>general historical events</u> <u>important to the community at large</u> and there is <u>no independent historical</u> <u>evidence</u> to support such a claim."

. . . .

The large presence of numerous Homestead documents, county records and other documents filed and archived in the Office of the State Engineer . . . . is collateral support for the application under Fed. R. Evid. 803(2) of "oral" history, such as the popular names of acequias, their locations, the fields irrigated by them and their locations, and the locations of structures on the property such as houses, barns, corrals and sawmills.

Response at 2-3 (underlining in original).

The State asserts that "while the homesteading and settlement of the Cebolla area might be considered a general historical event under Fed. R. Evid. 803(20), the irrigation practices of two families in the community should not be considered such."  Reply at 2.  The State also correctly notes that the Homestead Act does not require or even mention the diversion of water or the construction of irrigation ditches.  *See* Reply at 2-3.  The Homestead Act only required proof that the applicant "resided upon or cultivated" the land.  An Act to secure Homesteads to actual Settlers on the Public Domain, 12 Stat. 392-393 (May 20, 1862) (repealed 1976).  The State notes that "there is a difference between cultivation and irrigation, as land can be cultivated without the use of irrigation."  Reply at 3.  The State also asserts that "the particular reputation in the community that the defendants seek to present at trial did not arise before the controversy, but rather, as a direct result of the controversy before the Court," and that the "information contained in [documents filed with the Office of the State Engineer which were commissioned and signed by many of the residents of the Cebolla community] represents the consensus of the Cebolla community regarding the irrigation practices of its members at the time the documents were filed."  Reply at 4.

The Court will deny the State's Motion as premature.  Defendants seek admission of reputation evidence concerning customs and general history pursuant to Fed. R. Civ. P. 803(20).

> To qualify for admission under Rule 803(20), the testimony must report a general consensus in the community, an assertion of the group as opposed to one or a few of its constituents.  The fact that the information has been considered by and was subject to the general scrutiny of the community is an essential guarantee of reliability for the exception.,   Consequently, if the statement is a personal assertion of a single declarant, it will not be admitted under Rule 803(20).

> Rule 803(20) covers reputation concerning "general historical events" important to the community, as well as reputation concerning property boundaries and customs.  To qualify under this prong of the exception, the proponent must make a showing that the matter on which reputation is offered is one of general concern throughout the community.  Otherwise, the discussion within the community, on which reliability is based, may not have been sufficiently considered.

4 Federal Rules of Evidence Manual § 803.02[21] (10th ed. 2011).  Under Rule 104(a) of the Federal Rules of Evidence, preliminary questions about whether evidence is admissible must be decided by the Court, and such matters are established by a preponderance of proof.  *See Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987).  The Court will not rely on the arguments in the parties' briefs to determine whether the reputation evidence is admissible, but instead will give Defendants the opportunity to lay foundation regarding the admissibility of the reputation evidence at trial, and the State an opportunity to challenge the foundation, before deciding whether the reputation evidence is admissible.

**IT IS ORDERED** that the State's Motion In Limine to Prohibit Testimony Regarding "Oral Family HIstory" in Rio Chama, Section 3, Rio Cebolla Subfiles, Doc. 11189, filed November 16, 2016, is **DENIED.**

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**