IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO ex rel. State Engineer, | NO. 69cv07941 MV/KK |
| Plaintiff, | RIO CHAMA STREAM SYSTEM |
| v. | Section 1: Rio del Oso & Rito Vallecitos |
| ROMAN ARAGON, et al., | Subfile Nos. CHRO-002-0003 |
| | CHRO-004-0001 |
| Defendants, | CHRO-003-0001 |
| _____ | |

**LA MERCED DEL PUEBLO ABIQUIU'S MOTION
TO VACATE CONSENT ORDERS [DOCS. 11258, 11259, 11260, 5/18/17]**

Defendant Merced del Pueblo Abiquiu ("the Merced" or "the Land Grant"), through its counsel, New Mexico Legal Aid, Inc., by David Benavides, appearing on a limited basis, hereby moves the Court to vacate the Consent Orders filed May 18, 2017 (Docket Nos. 11258, 11259, 11260) in connection with the Merced, and as grounds therefor states as follows:

1. The Merced is a land grant-merced located in Rio Arriba County and duly organized under Chapter 49, Article 1 of the New Mexico Statutes, NMSA 1978, § 49-1-1 et seq. It is a political subdivision of the State of New Mexico, and as such it is subject to the laws of New Mexico pertaining to public bodies, such as the Open Meetings Act.

2. On May 18, 2017, this Court entered Consent Orders adjudicating water rights to the Merced under subfile numbers CHRO-002-0003, CHRO-004-0001, and CHRO-003-0001.

3. The proposed Consent Orders were received by the President of the Merced, David Archuleta, and mistakenly signed by him without authorization by the Board of Trustees of the Merced and returned to the OSE, which countersigned them and submitted them to this Court for entry.

4. Counsel for the State of New Mexico, *ex rel.* State Engineer was contacted concerning this motion and takes no position on this motion.

5. Pursuant to the attached affidavit of David Archuleta, President of the Merced:

- There was no meeting where the Board of Trustees of the Merced voted or gave direction on the approval or disapproval of the proposed Consent Orders or otherwise authorized him (David Archuleta) to sign them on behalf of the Merced or the Board of Trustees.

- There was otherwise no written or unwritten communication from the Board of Trustees of the Merced authorizing him (David Archuleta) to sign documents presented by the Office of the State Engineer pertaining to the water rights of the Merced.

6. Under New Mexico law, formal action of a governmental body must occur in a duly convened public meeting of that body. NMSA 1978, Sections 10-15-1 to 10-15-4 (Open Meetings Act). This clearly pertains to actions that would bind the body legally to a settlement of a lawsuit regarding the property of the body.

7. More importantly, a person may not agree to a settlement without the unequivocal consent from the real party in interest that would be bound by the settlement. *See Kelly v. Belcher*, 155 W. Va. 757, 187 S.E.2d 617 (1972). (Attorney conceded that he did not have authority from his clients to accept the compromise that he signed off on. The Court held that the retainer of the attorney alone did not vest him with the authority to accept a proposed settlement, and that acceptance by the client of the specific proposed settlement must be clear and unequivocal. The Court further held that the policy of the law is to have every litigated case tried on its merits, and that "when it appears from the evidence that an order of dismissal

confirming a compromise resulted from a misunderstanding or mistaken belief of the attorney for the parties whose cause of action was dismissed by virtue of the compromise and that such compromise was unauthorized and was not consented to by such parties, the judgment of the trial court denying their motion to set aside and vacate the order of dismissal constitutes an abuse of discretion and such judgment will be reversed upon appeal.") *Accord*, *515 Associates v. Newark*, 424 F. Supp. 984 (D.N.J. 1977).

8. For the above reasons, the Consent Orders should be vacated. Additionally, the unauthorized signature of Mr. Archuleta probably invalidates the Consent Orders and/or subjects them to successful collateral attack for the reasons discussed above.

9. The Merced did not have the assistance of counsel in the time period when Mr. Archuleta received and signed the Consent Orders and when the Consent Orders were submitted to the Court and later entered by the Court on May 18, 2017.

WHEREFORE Movant requests the Court to vacate the three Consent Orders filed May 18, 2017 pertaining to the Merced, to wit, Docket Nos. 11258, 11259, and 11260.

    Respectfully submitted,

    NEW MEXICO LEGAL AID, INC.

    */s/ David Benavides*

    David Benavides
    P.O. Box 32197
    Santa Fe, NM
    87594-2197
    Telephone: (505) 982-9886
    Facsimile: (505) 216-2997
    davidb@nmlegalaid.org
    *Attorney for Defendant Merced del Pueblo Abiquiu-Limited Entry of Appearance*

        Defendant Merced del Pueblo Abiquiu
        P.O. Box 179, Abiquiu, NM 87510

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel reflected on the Notice of Electronic Filing to be served by electronic means, and also served the following persons by U.S. mail:

Felicity Strachan
Leila Reilly
Ed Newville
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM  87504-5102

        */s/ David Benavides*
        David Benavides