IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

          Plaintiff,

    v.

ROMAN ARAGON, *et al.,*

        Defendants.

69cv07941-MV/KK

RIO CHAMA STREAM SYSTEM

Subfile Nos.:  CHTA-003-0002
               CHTA-003-0005

**[PROPOSED] SCHEDULING AND PRETRIAL ORDER**

    This Order is entered pursuant to Fed.R.Civ.P. 16 to guide the trial and pretrial proceedings of the disputed water rights claims of Defendants Harry O. Martinez (Subfile No. CHTA-003-0002) and Mario R. Martinez (Subfile No. CHTA-003-0005) in the Tierra Amarilla Subsection of Section 7 of the Rio Chama Stream System ("Tierra Amarilla Subsection"). These defendants have made claims for the right to use of additional water based on the Treaty of Guadalupe Hidalgo ("the Treaty").

**I.      SCOPE OF PROCEEDING**

    This is a limited subfile proceeding to determine whether Defendants Harry O. Martinez and Mario R. Martinez have Treaty-based rights to the use of surface water for irrigation purposes in addition to the rights established under the Consent Orders adjudicating their individual water rights in the Tierra Amarilla Subsection. The State of New Mexico, *ex rel*. State Engineer ("the State") and the above named defendants are the only parties to this action and are the only parties that may participate in the resolution of this issue. The State is represented by

Special Assistant Attorneys General Ed Newville and Felicity Strachan. The above named defendants appear *pro se*. Defendants who retain an attorney for purposes of the trial shall inform the State and the Court as soon as possible of this fact, and such counsel shall immediately enter his or her appearance in the record.

## II.   BURDEN OF PROOF

Defendants have the burden of proving Treaty-based surface water irrigation rights. If Defendants fail to meet or carry their burden of proof, the Court shall enter an order dismissing their Treaty-based claims.

## III.   STIPULATIONS AND CONTENTIONS

The parties stipulate and agree that venue is properly laid in this District, and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter. The parties stipulate to the following facts:

- On June 20, 2014, the Court entered its *Notice and Order* (Doc. 11029) requiring any defendants in the Tierra Amarilla Subsection who wished to claim a right to the use of water based on the Treaty of Guadalupe Hidalgo to file a statement of claims.

- On August 13, 2014, Defendant Harry O. Martinez filed a *Response to Notice of Order* (Doc. 11038). On August 18, 2014, Defendant Mario R. Martinez filed a *Response to Notice of Order* (Doc. 11040).

- Defendant Harry O. Martinez has the right to the use of water from the Tierra Amarilla Community ditch for the irrigation of 4.4 acres of land (*see Consent Order* for Subfile No. CHTA-003-0002, Doc. 8183, filed 03/24/2006).[1]

- Defendant Mario R. Martinez has the right to the use of water from the Tierra Amarilla

---

[1] Margaret A. Martinez is also named as a defendant in Subfile No. CHTA-003-0002, but she did not file a statement of claims.

Community Ditch for the irrigation of 14.0 acres of land (*see Consent Order* for Subfile No. CHTA-003-0005, Doc. 7744, filed 01/25/2005).[2]

- The Court has determined that the priority date for the water rights of Defendants Harry O. Martinez and Mario R. Martinez under Subfile Nos. CHTA-003-0002 and CHTA-002-0005 is 1861 (Doc. 10153, filed 06/07/2011).

- The Treaty of Guadalupe Hidalgo was signed on February 2, 1848. *See* Treaty of Peace Between the United States and Mexico, Feb. 2, 1848, U.S.-Mex., 9 stat. 922.

## IV.    DISCOVERY

Discovery begins immediately. All parties are expected to adhere to the Fed.R.Civ.P. 26 requirements of liberal, continuing, and voluntary disclosure. No later than 30 days from entry of this order, the parties shall provide to the opposing party:

(A)    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses.

(B)    A copy of, or a description by category and location, of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claim or defenses.

The parties shall supplement and correct disclosures in accordance with Fed.R.Civ.P. 26(e).

## V.    PRETRIAL DISCLOSURE

Pursuant to Fed.R.Civ.P. 26(a)(2), each party shall disclose the identity of any person who may present expert witness testimony at trial no later than 60 days from the entry of this

---

[2] Sophia D. Martinez is also named as a defendant in Subfile No. CHTA-003-0005, but she did not file a statement of claims.

order. This disclosure shall be accompanied by a written report prepared and signed by the witness in accordance with Fed.R.Civ.P. 26(2)(B). The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the facts or data considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a list of any other cases in which the witness has testified as an expert at trial or by deposition.

Discovery shall be completed no more than 90 days from the entry of this order. Service of interrogatories, requests for admission, or requests for production shall be considered timely only if the responses are due prior to that date. A notice of deposition shall be considered timely only if the deposition occurs prior to that date. Motions for extensions or changes to discovery deadlines are necessary only where the parties cannot agree, or where such changes will of necessity delay scheduled hearings. Agreements shall be memorialized by letter to the parties and to the Court.

## VI.   MOTIONS

Any dispositive motion or written objection to a proposed exhibit shall be filed no later than 120 days from entry of this order.

## VII.   REQUEST FOR TRIAL SETTING AND FINAL PRETRIAL ORDER

No later than 120 days from the entry of this order, the parties shall request a trial setting and the scheduling of a final pretrial conference.

## VIII.   TRIAL PREPARATION

### a.  Exhibits

The parties must confer regarding all trial exhibits other than rebuttal exhibits that cannot be anticipated before trial. The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list of all exhibits to which there are objections" no later than 30 calendar days before trial. The list of exhibits to which there are objections shall briefly state the nature of the objections. Objections not so disclosed, other than objections under rules 402 and 403 of the Federal Rules of Evidence, are waived, unless such failure to object is excused by the Court for good cause. Two copies of the uncontested and contested exhibits lists must be delivered to the judge's chambers.

The parties will also deliver to the judge's chambers two sets of each party's proposed trial exhibits in a tabbed binder, together with an index, no later than 15 calendar days before trial.

All exhibits must be marked before trial. The State's exhibits shall be marked and tabbed numerically. Defendants' exhibits shall be marked and tabbed alphabetically. The identification number or letter will remain the same whether the exhibit is admitted or not.

### b.  Witness Lists

Each party's witness list must be filed with the Clerk and served on all parties no later than 30 calendar days before trial.

### c.  Findings of Fact and Conclusions of Law

The parties must each submit to the judge's chambers proposed findings of fact and conclusions of law no later than 15 calendar days before trial. The parties shall submit the findings of fact and conclusions of law in a format compatible with Word, or as directed by the

Court.

## IX.     MODIFICATIONS – INTERPRETATION

This Pretrial Order, once entered, controls the course of trial and may only be amended *sua sponte* by the Court, or by consent of the parties with Court approval. The pleadings will be deemed merged herein.

Respectfully submitted,

/s/ Felicity Strachan
FELICITY STRACHAN
Special Assistant Attorney General
P.O. Box 25102
Santa Fe, NM  87504-5102
Telephone:  (505) 819-1044
felicity.strachan@state.nm.us

### Certificate of Service

I certify that on December 1, 2017, I mailed the foregoing, along with a copy of this Court's *Order Denying Motions for Pretrial Conferences,* to Defendants Harry O. Martinez and Mario R. Martinez in accordance with this Court's *Order Denying Motions for Pretrial Conferences* (Doc. 11303, filed 11/29/17).

/s/ Felicity Strachan
Felicity Strachan