IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO ex rel. State Engineer, | NO. 69cv07941 MV/KK |
| Plaintiff, | RIO CHAMA STREAM SYSTEM |
| v. | Section 1: Rio del Oso & Rito Vallecitos |
| ROMAN ARAGON, et al., | Subfile Nos. CHRO-002-0003 |
| | CHRO-004-0001 |
| Defendants, | CHRO-003-0001 |

### AFFIDAVIT OF TED J. TRUJILLO, ESQ.

STATE OF NEW MEXICO )
) ss
COUNTY OF SANTA FE )

I, Ted J. Trujillo, being duly sworn, state as follows:

1. I am a licensed New Mexico attorney and have been in active practice for 29 years. Among my many clients, I served as county attorney for Rio Arriba County for 15 years, and have advised and worked with numerous other local government bodies, including acequias, land grants, community domestic water systems organized under the Sanitary Projects Act, and all subject to the Open Meetings Act, as well as the oversight of various state agencies and departments. I have a considerable amount of expertise and experience advising and assisting public entities in complying with state and federal laws that apply to public bodies.

2. I have also done contract work for the New Mexico Land Grant Council, which provides legal and technical assistance to New Mexico land grants. As part of my work for the

1

*Exhibit C*

New Mexico Land Grant Council, in 2007, I drafted a set of model bylaws that land grants could adopt as their own bylaws, and which, if adopted, would conform the governance of the land grant to state laws relating to land grants and to public bodies generally. (Most land grants in New Mexico have political subdivision status.)

3. In the model bylaws, in the Article relating to "Duties of Officers" is the following language pertaining to duties of the President:

> Section 1. Duties of the President. The President shall preside over all meetings of the Land Grant-Merced and the Board of Trustees, shall call special meetings of the Board of Trustees and perform all acts and duties usually performed by an executive and presiding officer. He shall sign all membership certificates, notes, bonds, mortgages, contracts and other instruments on behalf of the Land-Grant-Merced. He shall be an ex-officio member of all standing committees and shall have such powers and shall perform such other duties as may be properly required of him by the Board of Trustees.

4. Additionally, in the model bylaws, in the Article relating to "Control, Care and Management of the Common Lands and Common Waters" is the following language pertaining to conveyance of common lands:

> Section 1. Conveyance of Common Lands. Common lands generally cannot be conveyed except for emergency, critical or vital purposes that directly benefit the health, welfare or safety of the residents and members of the Land Grant-Merced. Conveyances of any type for the limited purpose of benefitting the health, welfare and safety of the residents and members of the land grant must be approved by the majority vote of a quorum of the qualified voting members of the land grant at a regular, special or annual meeting of the Land Grant-Merced.

5. The above-quoted language is fairly typical by-laws language pertaining to the duties of the executive officer of a governing board of a public body. This language presupposes, however, that any action of a nature that would be legally binding on the land grant must be made in accordance with the state Open Meetings Act, which requires, among other things, that

at least a quorum of the governing body be present at a meeting which is open to the public and that a vote is openly taken on any action item.

6. For these reasons, no one or two members of a land grant board of trustees, which must by law be composed of a minimum of 5 trustees, could legally make a decision that is binding on a land grant. For example, no officer could unilaterally make a decision to enter into a mortgage agreement to acquire property for the land grant. The above-quoted bylaw provision in no way authorizes such a unilateral action. Rather, such a decision must be made by the governing body, or in some cases by a vote of the membership, and in either case must be made in a public meeting that complies with the Open Meetings Act.

7. Once the decision is made by either the governing body or the membership at large, the President would be the person authorized under the above-quoted bylaws provision to sign the mortgage agreement or the applicable document on behalf of the land grant.

8. Thus before the President would be able to legally bind the land grant by signing a document, the governing body or membership would have to make a decision in a public meeting to agree execute the document.

9. So in this case, the Merced del Pueblo Abiquiu cannot be held to be legally bound by a water rights Consent Order signed by the President, under the bylaws provision quoted above, where he was not authorized by a prior vote of the Board of Trustees nor by a vote of the members to agree to the Consent Order, neither of which occurred.

3

FURTHER AFFIANT SAYETH NOT.

_____
TED J. TRUJILLO

Subscribed and sworn to before me this 29th day of November, 2017.

_____
NOTARY PUBLIC

My commission expires: 6/15/2021

OFFICIAL SEAL
DORIS GRIEGO
NOTARY PUBLIC - STATE OF NEW MEXICO
MY COMMISSION EXPIRES: 6/15/2021

(SEAL)

4