IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO on the          )
relation of State Engineer,          )
                                     )
Plaintiff,                           )
                                     )          69cv07941-MV/KK
     -v-                             )
                                     )          RIO CHAMA STREAM SYSTEM
RAMON ARAGON et al.,                 )
                                     )          Section 3, Rio Cebolla
Defendants.                          )
_____)

OBJECTIONS
OF THE ASSOCIACIÓN DE ACÉQUIAS NORTEÑAS DE RIO ARRIBA
AND TWO MEMBER ACÉQUIAS
TO PROPOSED IRRIGATION REQUIREMENTS

COME NOW the Associación de Acéquias Norteñas de Rio Arriba, the Acéquia Madre de Cebolla and the Acéquia de Pinavetal, on their own behalf and on behalf of their members (collectively the "Acéquias"), pursuant to the Court's Notices and Orders to Show Cause filed September 11, 2017 (Doc Nos. 11279, 11280, 11281, 11282 and 11283), and hereby file the following objections:

1.      The Acéquias do not object to adjudication of priority dates as proposed so long as the administration of such dates comports with historic customs and practices or with existing or future agreements regarding water allocation, distribution and sharing among acéquias.  The Acéquias are currently exploring whether such agreements can be reduced to writing and executed as formal agreements.  In that event, the Acéquias request that the terms and conditions of such agreements govern the allocation of water in times of shortage.

2.      The Acéquias object to the proposed weighted consumptive irrigation requirement (CIR) of 1.09 acre-feet per acre per annum because that number understates the actual and

historic CIR within the Rio Cebolla subsection.  Although the Associación de Acéquias Norteñas de Rio Arriba agrees with and has stipulated to the use of U.S. Soil Conservation Service Modified Blaney-Criddle Method for determining consumptive use of crops, the Acéquias object to the use of a fallow-acreage-percentage assumption in employing this methodology.  If consideration of a fallow-acreage-percentage is appropriate, it should be used to adjust the Project Diversion Requirement (PDR) and not the CIR.  Applying the fallow-acreage-assumption to the CIR has the effect of reducing the consumptive use water right of each parciante or acéquia member to a quantity that is below historic beneficial use and below the actual crop requirements.

      3.     The Acéquias object to the on-farm and ditch efficiencies used to calculate the farm delivery requirement (FDR) and the PDR, respectively.   Because of the specific physical conditions within the Cebolla subsection, including porous and rocky soil conditions, variability in length of ditches, irrigation-related riparian growth and slopping and uneven land, the Acéquias experience high levels of incidental losses both on and off farm, with the result that greater quantities of carriage water are required to deliver the CIR needed for member crops. The Acéquias request time to conduct their own analysis, as was completed in the Tierra Amarilla subsection, to verify that the quantities proposed will be sufficient for the Acéquia Madre de Cebolla and the Acéquia de Pinavetal.  This analysis can be completed during the coming irrigation season in 2018.

      4.     With respect to use of ditches to provide non-irrigation water for stockwatering, the Court's Notice provides:  "The irrigation water requirements in the Cebolla Subsection described above do not include diversion requirements associated with stockwatering, stockponds, or other-impoundments having valid water rights, which will be determined at a later

date in these proceedings." *Notice* at 6 & 9 (Doc. 11281).  This langauge is acceptable to the Acéquias, consistent with the acéquias stipulation in the Tierra Amarilla Subsection, Attachment #1 to *Motion for Order in Tierra Amarilla Subsection of the Rio Chama Stream System Adjudication by State of New Mexico* (Doc. No. 11273): stipulating that the PDR does not include diversion amounts for non-irrigation purposes such as livestock watering occurring outside the irrigation season and that nothing in the stipulation shall be construed as a waiver by the acéquias of their right to claim diversion amounts for non-irrigation purposes.

5.      Furthermore, the Acéquias object to PDR and FDR quantities for pre-1907 ditches that are lower than the quantities proposed for post-1907 ditches.  The adjudication should apply a uniform standard for quantifying PDR and FDR within each subsection.

6.      A potential defect in the proposed irrigation requirements is that they would impose an annual volume maximum that is incompatible with the variable supply conditions of the Rio Cebolla.  The proposed irrigation requirements are based upon calculating a crop demand and do not consider availability of supply.  If the Acéquias received their water from a regulated supply, such as from a storage reservoir or from a reliable surface flow, they could operate based on monthly or even weekly demand.  But because flows of the stream are highly unregulated and variable, a ditch cannot operate that way.  Instead, the ditch's operations are necessarily supply driven:  when water is available, the ditch diverts as much as it can use, because its mayordomo does not know how long the water will last and when it will come back.   In the spring, when flows are typically higher, the ditch will divert at its maximum capacity.  After flows from snow-melt runoff drop, supply to the ditch will depend on the vagaries of summer precipitation patterns.  Enforcement of the proposed PDR would put the Acéquias in the precarious position of having to choose whether to give up some of their snow-melt runoff supply for the uncertain

prospect of summer rain flows. That result is not practical and is contrary to the Acéquias' historic and lawful practices. The Acéquias object to any reduction in their historic amount of diversion. Under New Mexico law the PDR of the ditch should be based upon the quantity of its maximum historic diversion for beneficial use. The Acéquias believe this objection could be resolved if the Court adopts the following language for the Cebolla Subsection, which was included in the proposed Order in the Tierra Amarilla subsection:

> IT IS FURTHER ORDERED that the determination of the irrigation water requirements (CIR, FDR, PDR) in the Tierra Amarilla Subsection shall not be construed to limit the authority of the state engineer or the water master duly appointed by the state engineer under NMSA 1978, Sections 73-3-2 through 73-3-5 and rules promulgated pursuant to NMSA 1978, Section 72-2-9.1, including Specific Duties of a Water Master under 19.25.13.17 NMAC.

Attachment #3 to *Motion for Order in Tierra Amarilla Subsection of the Rio Chama Stream System Adjudication by State of New Mexico* (Doc. No. 11273) at 4. These statutory sections and adminstrative rules give the State Engineer watermaster, among other things, disgression to lift annual volume maximums during times of higher flows.

WHEREFORE, the Associación de Acéquias Norteñas de Rio Arriba, the Acéquia Madre de Cebolla and the Acéquia de Pinavetal, on their own behalf and on behalf of their respective members, request the Court to modify the proposed irrigation requirements consistent with the objections stated herein.

Respectfully Submitted,

UTTON & KERY, P.A.
Post Office Box 2386
Santa Fe, NM 87504
(505) 699-1445
*john@uttonkery.com*

***Electronically Filed***

BY:   */s/ John W. Utton*
       JOHN W. UTTON


Attorneys for Associación de Acéquias Norteñas
de Rio Arriba, the Acéquia Madre de Cebolla and the
Acéquia de Pinavetal


## CERTIFICATE   OF SERVICE

    I HEREBY CERTIFY that on the 11th day of December 2017, I filed the foregoing electronically through the CM/ECF system which caused the parties   on   the electronic service list,   as   more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.


BY:   */s/ John W. Utton*
       JOHN W. UTTON