IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer, | ) ) ) |
| Plaintiff, | ) ) |
| -v- | ) 69cv07941-MV/KK ) ) RIO CHAMA STREAM SYSTEM |
| RAMON ARAGON et al., | ) ) Section 3, Rio Cebolla |
| Defendants. | ) ) ) |

OBJECTIONS
OF DEFENDANTS CHARLIE CHACON AND GERALDA M. CHACON
TO PROPOSED
PRIORITY DATES FOR THE SANCHEZ DITCH

COME NOW the Defendants Charlie Chacon and Geralda M. Chacon on their own behalf, pursuant to the Court's Notices and Orders to Show Cause filed September 11, 2017 (Document Nos. 11279, 11280, 11281, 11282 and 11283), and hereby file the following objections to the priority dates proposed therein for the Sanchez Ditch, a private ditch and the irrigation requirements proposed therein for the community ditches, Acequia Madre de Cebolla and the Acequia Pinavetal:

1. Defendants Charlie Chacon and Geralda M. Chacon ("Defendants Chacon") object to adjudication of any priority dates on the private Sanchez Ditch that does not recognize and conform to historic customs and long-standing practices and agreements regarding water allocation, distribution and sharing between the two private owners of the Sanchez Ditch since its inception. From its inception, the parciantes on the Sanchez Ditch was built, operated and maintained by the predecessors in interest of the Sanchez and Chacon families, without any regard to

1

priority. The OSE's Notice and Order to Show Cause (Document No. 11281) proposes conflicting priority dates of 1898 and 1905 for the Sanchez and Chacon families on their private ditch.  This determination will violate the historic customs and long-standing practices of  the two families as well as those of many other parciantes in the  Asociación de Acéquias Norteñas.

2. Defendants Chacon affirmatively state that the long-standing sharing practice on the Sanchez Ditch can parallel and follow the Asociación de Acéquias Norteñas current exploration of whether such agreements can be reduced to writing and executed as a formal agreement.  In that event, Defendants Chacon, as co-parciantes on  the private Sanchez Ditch,  request that the terms and conditions of such an agreement govern the allocation of water in times of shortage. Implementation of differing priority dates on any of the private ditches of the Rio Cebolla would likely lead to conflict between the numerous parciantes.

3. The  Defendants Chacon, as parciantes on their community ditches, and as co-parciantes on  the private Sanchez Ditch, object to the proposed weighted consumptive irrigation requirement (CIR) of 1.09 acre-feet per acre per annum because that number understates the actual and historic CIR within the Rio Cebolla subsection.  Although the Sanchez Ditch agrees with and will stipulate to the use of U.S. Soil Conservation Service Modified Blaney-Criddle Method for determining consumptive use of crops, the Sanchez Ditch objects to the use of a fallow-acreage-percentage assumption in employing this methodology.  If consideration of a fallow-acreage-percentage is appropriate, it should be used to adjust the Project Diversion Requirement (PDR) and not the CIR.  Applying the fallow-acreage-assumption to the

> CIR has the effect of reducing the consumptive use water right of each parciante or acéquia member to a quantity that is below historic beneficial use and below the actual crop requirements.

4. The Defendants Chacon, as co-parciantes on the private Sanchez Ditch, object to the on-farm and ditch efficiencies used to calculate the farm delivery requirement (FDR) and the PDR, respectively. Because of the specific physical conditions within the Rio Cebolla subsection, including porous and rocky soil conditions, variability in length of ditches, irrigation-related riparian growth and sloping and uneven land, the private Sanchez Ditch experiences high levels of incidental losses both on and off farm, with the result that greater quantities of carriage water are required to deliver the CIR needed for member crops. The Defendants Chacon, as co-parciantes on the private Sanchez Ditch, request time to conduct their own analysis, as was completed in the Tierra Amarilla subsection, to verify that the quantities proposed will be sufficient for the Acéquia Madre de Cebolla and the Acéquia de Pinavetal. This analysis can be completed during the coming irrigation season in 2018.

5. The Defendants Chacon, as co-parciantes on the private Sanchez Ditch, note and accept the following language from the Court's Order: "The irrigation water requirements in the Cebolla Subsection described above do not include diversion requirements associated with stock watering, stock ponds, or other–impoundments having valid water rights, which will be determined at a later date in these proceedings." This is consistent with the Court's language in the Tierra Amarilla subsection which also included the following stipulation language:

1. The Tierra Amarilla Community Ditch and the Asociación de Acéquias de Norteñas de Rio Arriba hereby stipulate to the irrigation water requirements proposed in the Court's *Notice and Order to Show Cause* (Doc. Nos. 9769, 9770) and as set forth in the proposed

3

>    *Order*. It is the understanding of the Tierra Amarilla Community Ditch that its Project Diversion Requirement (PDR) does not include diversion amounts for non-irrigation purposes such as livestock watering occurring outside the irrigation season.
>
> 2. Nothing in this Stipulation shall be construed as a waiver by the TA Community Ditch of its right to claim diversion amounts for non-irrigation purposes in this case.

6. Furthermore, with respect to post-1907 ditches, the Defendants Chacon, as co-parciantes on the private Sanchez Ditch, object to PDR and FDR quantities that are inconsistent with methodologies used to calculate quantities for pre-1907 ditches. Quantities proposed for post-1907 ditches are derived from licenses issued many decades ago and are no longer accurate. Time and better methodologies have proven those lower numbers to be in error. The adjudication should correct those numbers so that a uniform standard applies for quantifying PDR and FDR within each subsection.

7. The Defendants Chacon, as co-parciantes on the private Sanchez Ditch, concur fully with the Asociación de Acéquias Norteñas position that a fundamental problem with the proposed irrigation requirements is that they would impose an annual volume maximum that is incompatible with the variable supply conditions of the Rio Cebolla. The proposed irrigation requirements are based upon calculating a crop demand and do not consider availability of supply. If the Acéquias received their water from a regulated supply, such as from a storage reservoir, or from a reliable surface flow, they could operate based on monthly or even weekly demand. But because flows of the stream are highly unregulated and variable, a ditch cannot operate that way. Instead, the ditch's operations are necessarily supply driven: when water is available, the ditch diverts as much as it can use, because its mayordomo does not know how long the water will last and when it will come back. In the spring, when flows are typically higher, the ditch will divert at its maximum capacity. After flows from snow-melt runoff drop, supply to the ditch will depend on the vagaries of summer precipitation patterns. Enforcement of

4

the proposed PDR would put the Acéquias in the precarious position of having to choose whether to give up some of their snow-melt runoff supply for the uncertain prospect of summer rain flows. That result is not practical and is contrary to the Acéquias' historic and lawful practices. The Acéquias object to any reduction in their historic amount of diversion. Under New Mexico law the PDR of the ditch should be based upon the quantity of its maximum historic diversion for beneficial use. The Acéquias believe this objection could be addressed if the Court includes the following language, which was also included in the Tierra Amarilla Order.

> "IT IS FURTHER ORDERED that the determination of the irrigation water requirements (CIR, FDR, PDR) in the Tierra Amarilla Subsection shall not be construed to limit the authority of the state engineer or the water master duly appointed by the state engineer under NMSA 1978, Sections 73-3-2 through 73-3-5 and rules promulgated pursuant to NMSA 1978, Section 72-2-9.1, including Specific Duties of a Water Master under 19.25.13.17 NMAC."

WHEREFORE, the Defendants Chacon, as co-parciantes on the private Sanchez Ditch diverting from the Rio Cebolla request the Court to reject the proposed priority dates and irrigation requirements consistent with the above-stated objections.

    Respectfully Submitted,

    Law Offices of Ted J. Trujillo
    P.O. Box 2113
    Santa Cruz, NM 87567
    (505) 351-1632
    *tedjtrujillo@gmail.com*

    ***Electronically Filed By:***
       */s/ Ted J. Trujillo*
       TED J. TRUJILLO

    Defendants Charlie Chacon
    and Geralda M. Chacon