IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer

       Plaintiff,

  v.

      ROMAN ARAGON, *et al.,*

       Defendants.

.

69cv07941-MV/KK

RIO CHAMA STREAM SYSTEM

Section 3: Canjilon Creek

**[PROPOSED] SCHEDULING AND PRETRIAL ORDER FOR THE CANJILON CREEK
SUBSECTION OF SECTION 3 OF THE RIO CHAMA STREAM SYSTEM**

      This Order is entered pursuant to Fed.R.Civ.P. 16, 26, and 37 to guide the trial and
pretrial proceedings of the disputed elements of the water rights of two individual water rights
claimants: Abelardo E. Garcia and Geraldine E. Garcia ("the Garcias") (Subfile Nos. CHCJ-005-
0004 and CHCJ-006-0001); and the general objections of the Associación de Acéquias Norteñas
de Rio Arriba and Five Member Acéquias ("the Acéquias Norteñas"). Defendants have objected
to the priority dates and irrigation water requirements proposed by the State of New Mexico, *ex
rel*. State Engineer ("the State") as detailed in this Court's *Scheduling and Procedural Order for
Determination of Priority Dates and Irrigation Water Requirements in the Canjilon Subsection
of Section 3 of the Rio Chama Stream System* and its exhibits (Doc. Nos. 11030, 11030-1, and
11030-2, filed 06/20/2014).

## I.      SCOPE OF PROCEEDING

This is a limited proceeding to determine priority dates and irrigation water requirements for those defendants who have timely filed objections to the State's proposed priority dates and irrigation water requirements in the Canjilon Creek Subsection of Section 3 of the Rio Chama Stream System ("the Canjilon Subsection"). The State is represented by Assistant Attorneys General Ed Newville and Felicity Strachan. The Garcias appear *pro se*. The Acéquias Norteñas, by and through its counsel of record, John Utton, represent five community ditches in the Canjilon Subsection, namely, the Bordo Ditch, the El Llano Ditch, the Brazito Ditch, the Otra Vanda Ditch, and the Acequia El Pinabetal. Any *pro se* Defendant who retains an attorney for purposes of the trial shall inform the State and the Court as soon as possible of this fact, and such counsel shall immediately enter his or her appearance in the record.

## II.     BURDEN OF PROOF

Each individual defendant has the burden of proving the priority date and irrigation water requirements for his or her water right. If any defendant fails to meet or carry this burden of proof, the Court shall enter an order recognizing the priority dates and irrigation water requirements proposed by the State for the Canjilon Subsection.

## III.    STIPULATIONS AND CONTENTIONS

The parties stipulate and agree that venue is properly laid in this District, and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties stipulate to the following facts:

1.  Under Subfile No. CHCJ-005-0004, the Garcias have the right to irrigate 3.0 acres of

land with water from the Garcia Ditch No. 2. (*See* Doc. 9249, filed 07/29/08.)

2. Under Subfile No. CHCJ-006-0001, the Garcias have the right to irrigate 16.3 acres of land with water from the A.E. Garcia Ditch. (*See* Doc. 9456, filed 05/26/09.)

3. On June 20, 2014, the Court entered its *Scheduling and Procedural Order for Determination of Priority Dates and Irrigation Water Requirements in the Canjilon Subsection of Section 3 of the Rio Chama Stream System* (Doc. 11030) ("Procedural Order"). The Procedural Order and its exhibits detail the priority dates and irrigation water requirements proposed by the State for the Canjilon Subsection.

4. The Procedural Order requires any defendant who wished to object to the State's proposed priority dates and irrigation water requirements to file an objection no later than August 29, 2014. (*See* Doc. 11030-1, p. 4.)

5. The Garcias filed an objection to the State's proposed priority dates and irrigation water requirements on July 29, 2014 (Doc. 11037).

6. The Acéquias Norteñas filed an objection to the State's proposed priority dates and irrigation water requirements on August 22, 2014 (Doc. 11043).

7. There are no other outstanding objections on these issues in the Canjilon Subsection.[1]

8. The Acéquias Norteñas is an umbrella organization that represents its member ditches in the Canjilon Subsection, namely, the Bordo Ditch, the El Llano Ditch, the Brazito Ditch, the Otra Vanda Ditch, and the Acequia El Pinabetal. Neither the Acéquias Norteñas, nor any of the five member acequias that filed the objections, own any water right on any of the five member ditches.

---

[1] Defendant Maria Celina Montano (Subfile No. CHCJ-002-0045) was also named in the Court's *Order Denying Motions for Pretrial Conferences* (Doc. 11303, filed 11/29/17). However, Ms. Montano has now withdrawn her objection. (S*ee* Doc. 11302 and 11302-1, filed 11/29/17.)

## IV.   STATEMENT OF CLAIMS

### a.   The Garcias

The Garcias have objected to the State's proposed priority date of 1892 for their water right under the Garcia Ditch No. 2, and to the State's proposed priority date of 1900 for their water right under the A.E. Garcia Ditch. They have not yet proposed alternative dates for their water rights under these ditches. The Garcias have also objected to the State's proposed Consumptive Irrigation Requirement ("CIR") of 1.16 acre-feet per acre per annum, Farm Delivery Requirement ("FDR") of 2.90 acre-feet per acre per annum, and Project Delivery Requirement ("PDR") of 4.83 acre-feet per acre per annum. They have not yet proposed their own figures for this element of their water rights. Accordingly, no later than 30 days from the entry of this order, the Garcias shall file a Statement of Claims identifying the priority dates and irrigation water requirements proposed by the Garcias for their water rights under the A.E. Garcia Ditch and the Garcia Ditch No. 2.

### b.   Acéquias Norteñas

#### i.   Priority Dates

The Acéquias Norteñas have proposed a priority date of 1871 for all of the tracts of land under irrigation from their member ditches. (See Doc. 11043, filed 08/22/14.) Neither the Acéquias Norteñas, nor any of the five member acequias that filed the objections, own any water right on any of the five member ditches. Under New Mexico law, individual irrigators under a community ditch or acequia are the owners of the water rights in a community ditch, and the proper parties to the adjudication. *Snow v. Abalos*, 18 N.M. 681, 140 P. 1044 (1914) (a water right under a ditch, "is a several right, owned and exercised by the individual" (at 695-696,

1049), and "the individual is a proper and necessary party in an action for the adjudication of water rights, where such rights are exercised through a community ditch" (at 699, 1050)).

A ditch may assert the interest of its members under limited circumstances, where there is a common interest and the ditch's interests are not antagonistic to those of the individual irrigators on the ditch. *La Luz Community Ditch Co. v. Town of Alamogordo*, 34 N.M. 127, 135, 279 P. 72, 75 (1929). The Acéquias Norteñas have proposed a common priority date of 1871 for all water rights under all five of the member ditches in the Canjilon Subsection. The State has proposed three different priority dates for those ditches (El Llano and Otra Vanda Ditches: 1874, Acequia El Pinabetal: 1884, Bordo and Brazito Ditches: 1888). None of the approximately 360 individual defendants who own the water rights on those ditches has filed an objection to the State's proposed priority dates. Thus there is a potential conflict of interest between the ditches, who propose a single, shared priority date, and the individual irrigators, who may or may not wish to give up their seniority between each other.

The Acéquias Norteñas' objection rests on the assumption that each of the approximately 167 defendants who have water rights under the El Llano and Otra Vanda Ditches (which includes the United States under Subfile No. CHCB-004-0038, Doc. 6393, filed 10/29/2001), for which the State has proposed a priority date of 1874, is willing to give up senior priority to the approximately 193 defendants who have water rights under the Acequia El Pinabetal, for which the State has proposed a priority date of 1884, and the Bordo and Brazitos Ditches, for which the State has proposed a priority date of 1888.

In order to avoid such a conflict of interest, no later than 60 days from the entry of this order, the Acéquias Norteñas will identify each individual water user defendant who objects to

the State's proposed priority dates in the Canjilon Subsection and who proposes a priority date of 1871 for their own water right; and each defendant or his / her attorney shall file an individual objection.

### ii.  Irrigation Water Requirements

Because a ditch may only assert the interests of its members where there is a common interest and the ditch's interests are not antagonistic to those of the individual irrigators on the ditch (*La Luz Community Ditch, supra*), it must be established that each of the individual irrigators agrees to the irrigation water rights proposed by the Acéquias Norteñas. While the Acéquias Norteñas has objected to the State's proposed Consumptive Irrigation Requirement ("CIR") of 1.16 acre-feet per acre per annum, Farm Delivery Requirement ("FDR") of 2.90 acre-feet per acre per annum, and Project Delivery Requirement ("PDR") of 4.83 acre-feet per acre per annum, they have not yet identified the irrigation water rights figures proposed by each individual water right owner. (Doc. 11043, filed 08/22/14). Accordingly, no later than 60 days from the entry of this order, the Acéquias Norteñas will file a Statement proposing a specific CIR, FDR, and PDR for each individual water right owner who objects to the State's proposed irrigation water requirements, and demonstrating that it has obtained the approval of each affected individual water right owner attesting to the specific CIR, FDR, and PDR proposed by the Acéquias Norteñas.

### V.    DISCOVERY

Discovery begins immediately. All parties are expected to adhere to the Fed.R.Civ.P. 26 requirements of liberal, continuing, and voluntary disclosure. No later than 60 days from the entry of this order, the parties shall provide to the opposing party:

(A)     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses.

(B)     A copy, or a description by category and location, of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claim or defenses.

The parties shall supplement and correct disclosures in accordance with Fed.R.Civ.P. 26(e).

## VI.    PRETRIAL DISCLOSURE

Pursuant to Fed.R.Civ.P. 26(a)(2), each party shall disclose the identity of any person who may present expert witness testimony at trial no later than 90 days from the entry of this order. This disclosure shall be accompanied by a written report prepared and signed by the witness in accordance with Fed.R.Civ.P. 26(2)(B). The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the facts or data considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a list of any other cases in which the witness has testified as an expert at trial or by deposition.

Discovery shall be completed no more than 150 days from the entry of this order. Service of interrogatories, requests for admission, or requests for production shall be considered timely only if the responses are due prior to that date. A notice of deposition shall be considered timely

only if the deposition occurs prior to that date. Motions for extensions or changes to discovery deadlines are necessary only where the parties cannot agree, or where such changes will of necessity delay scheduled hearings. Agreements shall be memorialized by letter to the parties and to the Court.

## VII.   MOTIONS

Any dispositive motion or written objection to a proposed exhibit shall be filed no more than 180 days from the entry of this order.

## VIII.   REQUEST FOR TRIAL SETTING AND FINAL PRETRIAL ORDER

No later than 180 days from the entry of this order, the parties shall file a final pretrial order and request a trial setting and the scheduling of a final pretrial conference.

## IX.   TRIAL PREPARATION

### a.   Exhibits

The parties must confer regarding all trial exhibits other than rebuttal exhibits that cannot be anticipated before trial. The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list of all exhibits to which there are objections" no later than 30 calendar days before trial. The list of exhibits to which there are objections shall briefly state the nature of the objections. Objections not so disclosed, other than objections under rules 402 and 403 of the Federal Rules of Evidence, are waived, unless such failure to object is excused by the Court for good cause. Two copies of the uncontested and contested exhibits lists must be delivered to the judge's chambers.

The parties will also deliver to the judge's chambers two sets of each party's proposed trial exhibits in a tabbed binder, together with an index, no later than 15 calendar days before

trial.

All exhibits must be marked before trial. The State's exhibits shall be marked and tabbed numerically. Defendants' exhibits shall be marked and tabbed alphabetically. The identification number or letter will remain the same whether the exhibit is admitted or not.

### b. Witness Lists

Each party's witness list must be filed with the Clerk and served on all parties no later than 30 calendar days before trial.

### c. Findings of Fact and Conclusions of Law

The parties must each submit to the judge's chambers proposed findings of fact and conclusions of law no later than 15 calendar days before trial.

## X.   MODIFICATIONS – INTERPRETATION

This Scheduling and Pretrial Order, once entered, controls the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties, with Court approval. The pleadings will be deemed merged herein.

The State has conferred with the Acéquias Norteñas regarding this proposed pretrial order. The Acéquias Norteñas intend to file a response.

Respectfully submitted,

/s/ Felicity Strachan
FELICITY STRACHAN
Special Assistant Attorney General
P.O. Box 25102
Santa Fe, NM  87504-5102
Telephone:  (505) 819-1044
E-mail: felicity.strachan@state.nm.us

-9-

## Certificate of Service

I certify that on December 20, 2017, I mailed the foregoing to the Garcias and e-mailed a copy to John Utton, counsel for the Acéquias Norteñas, along with a copy of this Court's *Order Denying Motions for Pretrial Conferences* (Doc. 11303, filed 11/29/17) in accordance with same.

<u>/s/ Felicity Strachan</u>
Felicity Strachan