IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.*,

        Plaintiffs,

   v.

ROMAN ARAGON, *et al.*,

        Defendants.

No. 69cv07941 MV/KK
Rio Chama Adjudication

Section 1: Rio del Oso & Rito Vallecitos

Subfile Nos.   CHRO-002-0003
                    CHRO-004-0001
                    CHRO-003-0001

## ORDER GRANTING MOTION TO VACATE CONSENT ORDERS

**THIS MATTER** is before the Court on La Merced del Pueblo Abiquiu's Motion to Vacate Consent Orders [Docs. 11258, 11259, 11260, 5/18/17], Doc. 11291, filed October 20, 2017.

The State of New Mexico ("State") sent three proposed consent orders for the subfiles referenced above to the President of the land grant La Merced del Pueblo Abiquiu ("Merced"). The President of the Merced signed the proposed consent orders without authorization by the Merced's Board of Trustees and returned the proposed consent orders to the State. The State signed the proposed consent orders and submitted them to the Court which entered them on May 18, 2017.

The Merced asks the Court to vacate those Consent Orders because the New Mexico Open Meetings Act requires that "formal action of a governmental body must occur in a duly convened public meeting of that body," and there was no meeting where the Merced's Board of Directors authorized the President of the Merced to sign the consent orders on behalf of the Merced. *See* N.M.S.A. § 10-15-1(B) ("All meetings of a . . . political subdivision, held for the purpose of . . . . taking any action within the authority of . . . any board . . . are declared to be

public meetings open to the public at all times"").

The State opposes the Motion stating that the President of the Merced had actual authority to execute the proposed consent orders on behalf of the Merced because Article XI, Section 1, of the Merced's bylaws provides that the President of the Merced "shall sign all membership certificates, notes, bonds, mortgages, contracts and other instruments on behalf of the Merced."  The State misconstrues the Merced's bylaws.  While the bylaws require the Merced President to sign instruments on behalf of the Merced, Article X, Section 1, of the bylaws vests the powers of management and control of the Merced in its Board of Directors: "The Board of Directors has the power to control, care for and manage the Merced and real estate . . . ." Doc. 11296-1 at 8.

The State also contends that the President of the Merced had apparent authority to execute the proposed consent orders because the Board of Directors "remained silent on the issue for over one year and thereby acquiesced in the Consent Order[s], sanctioning [the Merced President's] authority to execute the Consent Order[s] on behalf of the Merced."  Response at 7-8, Doc. 11296, filed November 3, 2017.  The Board of Directors did not "ratif[y]" the Merced President's apparent authority to execute the consent orders because the Merced President stated in an affidavit that he discussed the proposed consent orders "with only one other member" of the five-member Board of Directors.  Doc. 11291-1 at 2.

Finally, the State contends that the Consent Orders are not invalidated by failure to meet New Mexico's Open Meetings Act requirements because "the statute explicitly exempts meeting relating to water rights from the requirements of the Open Meetings Act."  Response at 8.  The statute does not exempt meetings taking action such as the approval of the proposed consent orders; it only exempts "meeting for the *discussion* of the purchase, acquisition or disposal of

real property or water rights by the public body . . . ."  N.M.S.A. § 10-15-1(H)(8) (*emphasis added*)..

The Court will vacate the Consent Orders because the Merced President was not authorized to execute the proposed consent orders and the approval of the proposed consent orders did not occur in a public meeting.

**IT IS ORDERED** that La Merced del Pueblo Abiquiu's Motion to Vacate Consent Orders [Docs. 11258, 11259, 11260, 5/18/17], Doc. 11291, filed October 20, 2017, is **GRANTED.**  The Consent Orders, Doc's 11258-11260, filed May 18, 2017, are **VACATED.**

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**

3