IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer | |
| Plaintiff, | 69cv07941-MV/KK |
| vs. | RIO CHAMA STREAM SYSTEM |
| ROMAN ARAGON, *et al.,* | Section 7: Rio Brazos |
| Defendants. | |

**MOTION BY THE STATE OF NEW MEXICO FOR APPROVAL OF PROPOSED SCHEDULING AND PROCEDURAL ORDER ADDRESSING CLAIMS TO THE USE OF WATER BASED ON THE TREATY OF GUADALUPE HIDALGO IN THE RIO BRAZOS SUBSECTION OF SECTION 7 OF THE RIO CHAMA STREAM SYSTEM**

Plaintiff State of New Mexico, *ex rel.* State Engineer, ("State") respectfully requests this Court to enter its Order approving: (1) the proposed *Scheduling and Procedural Order Addressing Claims to the Use of Water Based on the Treaty of Guadalupe Hidalgo in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System*; (2) the proposed *Notice and Order to Show Cause in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System* ("Mailing Notice") to be served on individual defendants who signed and approved a Consent Order in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System, and; (3) the form of *Notice of Claim to the Use of Water Based on the Treaty of Guadalupe Hidalgo in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System* ("Notice of Claim"). These proposed documents are attached hereto as Exhibits 1, 2, and 3.

In support of this Motion, Plaintiff states the following:

1. Under Section II (A)(3) of the November 19, 2002 *Procedural Order for the Adjudication of Water Rights Claims in Section 7 of the Rio Chama Stream System* (Doc. 6939), by

      signing and approving a Consent Order, an individual defendant in Section 7 did not waive any claim of right based on the Treaty of Guadalupe Hidalgo ("Treaty"). The non-waiver provision was included at the request of counsel for the Associación de Acéquias Norteñas de Rio Arriba in order to assure individual subfile defendants that any such claims could be brought at a later date in the proceedings, and that the entry of a Consent Order would not prejudice any such claim on their part.

2. Due to the large number of defendants in Section 7, the State is conducting the process of addressing Treaty-based claims by individual subsections rather than attempting to involve all defendants who signed and approved a Consent Order in Section 7 at the same time. The State began this process in the Rito de Tierra Amarilla Subsection, where the process has been completed. The State now continues with Treaty-based claims for the Rio Brazos Subsection of Section 7 ("Brazos Subsection"). After the initiation of the Treaty process in the Brazos Subsection, the State will initiate this process in the Cañones Creek, Rutheron & Plaza Blanca, and Village of Chama Subsections, until the entire process in Section 7 is completed.

3. The State proposes a multi-step procedure for addressing claims to the use of water based on the Treaty of Guadalupe Hidalgo, pursuant to Federal Rules of Civil Procedure Rule 26, as follows:

   a. The State will prepare a Mailing Notice to be served on all defendants in the Brazos Subsection that signed and approved a Consent Order. The Mailing Notice will explain the process for making claims to the use of water based on the Treaty of Guadalupe Hidalgo, including information regarding any and all deadlines. The Mailing Notice will inform defendants that signed and approved a Consent Order that this will be their only opportunity to make a Treaty-based claim.

   b. The Mailing Notice shall be mailed to the last known address of individual subfile

defendants that signed and approved a Consent Order as they are listed in the Court's records. The State shall not be required to make a determination of current ownership of any tracts, nor mail the Mailing Notice to persons that have not signed and approved a Consent Order. A successor-in-interest to an individual subfile defendant that signed and approved a Consent Order may request substitution of parties under Fed.R.Civ.P. 25(c) in order to participate in these proceedings.

c. Any defendant that signed and approved a Consent Order wishing to make a claim to water based on the Treaty will be required to file a Notice of Claim within 30 days of the date of mailing of the Mailing Notice. The exact deadline for filing the Notice of Claim will appear on page 2 of the Notice of Claim form. The State will file a Certificate of Service attesting to the date on which the Mailing Notices were mailed. **Any defendant who fails to timely file a Notice of Claim is barred from later making any claim to the use of water based on the Treaty of Guadalupe Hidalgo.**

d. The Notice of Claim must include sufficient contact information for each claimant. The Mailing Notice will inform claimants that any Notice of Claim that does not include sufficient contact information, such as a current mailing address and phone number, may not be considered by the Court.

e. Any defendant that signed and approved a Consent Order and timely files a Notice of Claim will be required to confer with the State as described in Fed.R.Civ.P. 26(f) within 30 days of filing the Notice of Claim. Any defendant who fails to confer with the State within 30 days of filing a Notice of Claim will receive notification by mail from the State that the period for conferring has ended, and that if the defendant does not confer with the State within 21 days from the date of the mailing of the notification, the State will move the Court to dismiss their Treaty-based claim, pursuant to Fed.R.Civ.P. 37(b).

f. Pursuant to Fed.R.Civ.P. 26(f), at the conference with the State, defendants must be

prepared to discuss:

    i. The nature and basis of their claim and the possibilities for promptly settling or resolving the claim;

    ii. The scheduling of disclosures required by Fed.R.Civ.P. 26(a)(1), and any issues about preserving discoverable information; and

    iii. The development of a discovery plan.

g. The State and defendants are required to confer in good faith to design a discovery plan that works for all parties and is not inconsistent with Fed.R.Civ.P. 26.

h. Pursuant to Fed.R.Civ.P. 26(f)(2), within 14 days of conferring with any defendant, the State will submit a written report to the Court outlining the discovery plan that has been mutually agreed upon by the parties to that claim.

i. After receiving the parties' discovery plan reports, the Court will issue a scheduling order for each claim, pursuant to Fed.R.Civ.P. 16(b)(1).

WHEREFORE, the plaintiff State of New Mexico requests the Court to enter its Order approving: (1) the proposed *Scheduling and Procedural Order Addressing Claims to the Use of Water Based on the Treaty of Guadalupe Hidalgo in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System*, (2) the proposed *Notice and Order to Show Cause in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System* and, (3) the form of Notice of Claim.

Respectfully submitted,

*/s/* Felicity Strachan
FELICITY STRACHAN
*Special Assistant Attorney General*
Office of State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
Telephone: (505) 819-1044
Email: felicity.strachan@state.nm.us

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of October, 2018, I filed the foregoing electronically through the CM/ECF system which caused the parties on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

/s/ Felicity Strachan
FELICITY STRACHAN