IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer | |
| Plaintiff, | 69cv07941-MV/KK |
| vs. | RIO CHAMA STREAMSYSTEM |
| ROMAN ARAGON, *et al.,* | Section 7: Rio Brazos |
| Defendants. | |

**[PROPOSED] SCHEDULING AND PROCEDURAL ORDER ADDRESSING CLAIMS TO THE USE OF WATER BASED ON THE TREATY OF GUADALUPE HIDALGO IN THE RIO BRAZOS SUBSECTION OF SECTION 7 OF THE RIO CHAMA STREAM SYSTEM**

**THIS MATTER** is before the Court on the State of New Mexico's *Motion for Scheduling and Procedural Order Addressing Claims to the Use of Water Based on the Treaty of Guadalupe Hidalgo in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System.* The State of New Mexico, *ex rel.* State Engineer ("State"), moved the Court to approve the proposed Scheduling and Procedural Order, the proposed *Notice and Order to Show Cause in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System* (Mailing Notice"), and the form of *Notice of Claim to the Use of Water Based on the Treaty of Guadalupe Hidalgo in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System*.

No responses opposing the Motion have been filed. The Court, having considered the Motion and being fully advised in the premises, will **GRANT** the Motion. The following will govern the course of proceedings for addressing claims to the use of water based on the Treaty of Guadalupe Hidalgo in the Rio Brazos Subsection of Section 7 of the Rio Chama Stream System ("Brazos Subsection"):

EXHIBIT 1

Under Section II (A)(3) of the November 19, 2002 *Procedural Order for the Adjudication of Water Rights Claims in Section 7 of the Rio Chama Stream System* (Doc. 6939), by signing and approving a Consent Order, an individual defendant in Section 7 did not waive any claim of right based on the Treaty of Guadalupe Hidalgo ("Treaty"). The non-waiver provision was included at the request of counsel for the Associación de Acéquias Norteñas de Rio Arriba in order to assure individual subfile defendants that any such claims could be brought at a later date in the proceedings, and that the entry of a Consent Order would not prejudice any such claim on their part.

Due to the large number of defendants in Section 7, the State is conducting the process of addressing Treaty-based claims by individual subsections. The State began this process in the Rito de Tierra Amarilla Subsection, where the process has been completed. The State now continues with Treaty-based claims for the Brazos Subsection. After the initiation of the Treaty process in the Brazos Subsection, the State will initiate this process in the Cañones Creek, Rutheron & Plaza Blanca, and Village of Chama Subsections, until the entire process in Section 7 is completed.

There will be a multi-step procedure for addressing claims to the use of water based on the Treaty of Guadalupe Hidalgo, pursuant to Federal Rules of Civil Procedure Rule 26, as follows:

a. The State shall prepare a Mailing Notice to be served on all defendants in the Brazos Subsection that signed and approved a Consent Order. The Mailing Notice will explain the process for making claims to the use of water based on the Treaty of Guadalupe Hidalgo, including information regarding any and all deadlines. The Mailing Notice will inform defendants that signed and approved a Consent Order that this will be their only opportunity to make a Treaty-based claim.

b. The Mailing Notice shall be mailed to the last known address of individual subfile

defendants that signed and approved a Consent Order as they are listed in the Court's records. The State shall not be required to make a determination of current ownership of any tracts, nor mail the Mailing Notice to persons that have not signed and approved a Consent Order. A successor-in-interest to an individual subfile defendant that signed and approved a Consent Order may request substitution of parties under Fed.R.Civ.P. 25(c) in order to participate in these proceedings.

c. Any defendant that signed and approved a Consent Order wishing to make a claim to water based on the Treaty is required to file a Notice of Claim within 30 days of the date of mailing of the Mailing Notice. The exact deadline for filing the Notice of Claim will appear on page 2 of the Notice of Claim form. The State shall file a Certificate of Service attesting to the date on which the Mailing Notices were mailed. **Any defendant who fails to timely file a Notice of Claim is barred from later making any claim to the use of water based on the Treaty of Guadalupe Hidalgo.**

d. The Notice of Claim must include sufficient contact information for each claimant. The Mailing Notice will inform claimants that any Notice of Claim that does not include sufficient contact information, such as a current mailing address and phone number, may not be considered by the Court.

e. Any defendant that signed and approved a Consent Order and timely files a Notice of Claim is required to confer with the State as described in Fed.R.Civ.P. 26(f) within 30 days of filing the Notice of Claim. Any defendant who fails to confer with the State within 30 days of filing a Notice of Claim will receive notification by mail from the State that the period for conferring has ended, and that if the defendant does not confer with the State within 21 days from the date of the

3

    mailing of the notification, the State will move the Court to dismiss their Treaty-based claim, pursuant to Fed.R.Civ.P. 37(b).

f. Pursuant to Fed.R.Civ.P. 26(f), at the conference with the State, claimants must be prepared to discuss:

    i. The nature and basis of their claim and the possibilities for promptly settling or resolving the claim;

    ii. The scheduling of disclosures required by Fed.R.Civ.P. 26(a)(1), and any issues about preserving discoverable information; and

    iii. The development of a discovery plan.

g. The State and defendants shall confer in good faith to design a discovery plan that works for all parties and is not inconsistent with Fed.R.Civ.P. Rules 26.

h. Pursuant to Fed.R.Civ.P. 26(f)(2), within 14 days of conferring with any defendant, the State shall submit a written report to the Court outlining the discovery plan that has been mutually agreed upon by the parties to that claim.

i. After receiving the parties' discovery plan reports, the Court will issue a scheduling order for each claim, pursuant to Fed.R.Civ.P. 16(b)(1).

**IT IS SO ORDERED.**

                                                _____
                                                KIRTAN KHALSA
                                                UNITED STATES MAGISTRATE JUDGE