IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, ex rel., STATE ENGINEER, et al. | No. 69-CV-07941 MV/KK |
| Plaintiffs, | Rio Chama Adjudication (Subproceeding 1) |
| v. | |
| ROMAN ARAGON, et al. | |
| Defendants. | |

## CITY OF ESPANOLA STATUS REPORT

Stein & Brockmann, P.A., files this Status Report on behalf of the City of Espanola ("City") and in accordance with this Court's Order of April 2, 2020 [Doc. 3004]. The City does not concur in the Joint Status Report that the Pueblo of Ohkay Owingeh ("Ohkay Owingeh" or "Pueblo") [Doc. ____] will file on or before June 10, 2020, because as outlined below the City has serious concerns regarding (1) the process to select and retain a neutral third party mediator; (2) uncertainty over the State of New Mexico Office of the State Engineer's ("State") position(s) in this matter; (3) the ever-expanding and changing nature of Ohkay Owingeh's claims; (4) the legal bases of the Pueblo's claims, including the Pueblo's proposal on all amounts and sources of water, which remain un-identified, despite the City's continuing attempts to obtain this information; and (5) the groundwater model that the Pueblo seeks to utilize over the City's ongoing objections to this model, each concern of which is discussed below.

The City's concerns regarding the process to select a neutral third party mediator and the State's lack of meaningful and timely review of proposed settlement solutions are developing

concerns, based on matters that have come to light during and since the City filed its last Status Report [Doc. 3002] on December 10, 2019. Meanwhile, the City's concerns related to (1) Ohkay Owingeh's ever-expanding and changing claims in the respective water basins; (2) the lack of information regarding the legal bases, amounts, and sources of these Claims; and (3) the disregard of the City's consternation regarding the groundwater model that is being proposed for settlement of this matter have been ongoing concerns, dating from at least December 2018.

The City has the same or similar concerns in the companion case styled *State of New Mexico ex rel. State Engineer v. Abbott,* No. 68 CV 07488 MV/JHR and 70 CV 08650 MV/WPL (Consolidated), Rio Santa Cruz and Rio de Truchas Adjudications, Pueblo Claims Subproceeding 1 and has likewise filed a similar Status Report in *Abbott.*

    1.    <u>Settlement Negotiations</u>

Since the last status report, the Parties have held numerous telephonic meetings and several in-person meetings to continue settlement discussions, which as discussed below now appear to have been a non-productive use of the Parties' time and money. The City does not agree with the Ohkay Owingeh's statement, "[s]ubstantial progress is being made toward a resolution of the Pueblo's water rights claims." *See* Joint Status Report at pg. 1. As mentioned above, although the City has received answers to some of its questions, comments, and concerns regarding the Pueblo's Settlement Proposals, these questions, comments, and concerns remain largely unanswered or remain outstanding with no clear idea of when such answers or clarifications may be forthcoming. Accordingly, the City does agree that several Parties have spent substantial time, effort, and money on the settlement process, but is unsure that such efforts have been productive, efficient, or have yielded any forward-moving benefits to the Settlement Parties.

As the City identified in its December 10, 2019, Status Report [Doc. 3002], while *some* progress has been made between the City and Ohkay Owingeh on issues, information necessary to the City's determination of whether settlement is legally and technically possible remains outstanding, despite multiple requests for it. While Ohkay Owingeh has made several Settlement Proposals, these Proposal lacks any identification as to sources or amounts of water for a large and important portion of its claims. Such information is absolutely critical to the City understanding and determining whether settlement is even possible and the City has expressed as much to the Pueblo. The City, moreover, has not only requested this missing information, explaining why such information is needed, but had also asked additional questions related to the settlement proposal in general for which the Pueblo will not provide answers. Absent (1) identification of all amounts and sources of water and (2) answers to the City's questions critical to understand whether settlement is legally and technically feasible, the City is unsure whether settlement may continue to be a viable option.

Additionally, of concern to the City at this juncture is the process by which a neutral third party mediator will be selected. Since the last status report, the Pueblo undertook the necessary steps, with the support of the Settlement Parties, to convert the Federal Assessment Team into a Federal Negotiation Team. Such conversion provides the Settlement Parties the opportunity to select and retain a neutral third party to serve as a mediator in the settlement process. The Settlement Parties have interviewed candidates for this position.

Under normal circumstances, the United States and the State split the cost for the mediator's services fifty-fifty. However, at this juncture, the State's ability to split this cost fifty-fifty is unknown and, possibly, unlikely. Another Party has stepped in to pay for a portion of the mediator's services, for a limited time, and on the condition that this Party has a "veto power" on the selection of the mediator. The City believes that in order for the mediation process to work,

3

the Parties must all agree on or to the best candidate to help settle this matter, rather than have a mediator "forced" by virtue of a singly Party's "veto power." The City is unsure of how to proceed in settlement if the Parties cannot agree on a mediator candidate and the Party in issue insists on using its "veto power" to install its preferred mediator.

Lastly, the City's objections to the proposed settlement groundwater model have gone largely ignored. The City has voiced its objections, the underlying rationale for them, and even proposed alternative models and solutions with little success. While the City and Ohkay Owingeh bilaterally are exploring potential other models or solutions as between these two Parties—which is a good start to resolving these issues—the larger group of Settlement Parties insist on using a model that is likely going to create additional and different problems down the road for the Parties, as the City has expressed, making a final settlement of *Aragon* potentially tenuous and more drawn-out.

The City agrees Ohkay Owingeh's Status Report identifying the meetings between and among the Settlement Parties on the following dates:

| | |
|---|---|
| January 9: | Telephonic meeting between Ohkay Owingeh and State of New Mexico |
| January 15: | In-person meeting between Ohkay Owingeh and Federal Assessment Team |
| January 29: | Meeting between Ohkay Owingeh and United States |
| February 3: | Telephonic meeting between Ohkay Owingeh and Truchas acequias representatives |
| February 24: | In-person meeting between Ohkay Owingeh and Federal Assessment Team |
| | In-person meeting between Ohkay Owingeh, Federal Assessment Team and Pueblo of Santa Clara |
| February 25: | In-person meeting between Ohkay Owingeh and certain settlement parties<br>In-person meeting between Ohkay Owingeh and City of Espanola |

| | |
|---|---|
| February 25: | In-person meeting between Ohkay Owingeh and certain settlement parties |
| March 4: | In-person meeting between Ohkay Owingeh, Rio Chama Acequias Association and the State of New Mexico |
| March 9: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| March 13: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| March 19: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| April 6: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| April 9: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| April 13: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| April 14: | Telephonic meeting between Ohkay Owingeh and certain settlement parties |
| April 23: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| May 4: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| May 11: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| May 15: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |
| May 27: | Telephonic meeting between Ohkay Owingeh and State of New Mexico |
| June 2: | Telephonic meeting between Ohkay Owingeh and certain settlement parties |
| June 9: | Telephonic meeting between Ohkay Owingeh and Federal Negotiation Team |

    2.    <u>Scheduling of Dispositive Motions</u>

The City is actively reviewing its path forward in the *Aragon* matter.

3. <u>Rescheduling the Trial</u>

The City is actively reviewing its path forward in the *Aragon* matter.

4. <u>Expectations on Timing of Settlement</u>

The City is actively reviewing its path forward in the *Aragon* matter.

5. <u>Other Matters</u>

The City is actively reviewing its path forward in the *Aragon* matter.

Dated:  June 10, 2020                              Respectfully submitted,


/s/*Cristina Mulcahy*
**Attorneys for City of Espanola**
Cristina A. Mulcahy
Jay F. Stein
Stein & Brockmann, PA
505 Don Gaspar Ave.
Santa Fe, NM 87505
(505) 983-3880
camulcahy@newmexicowtaerlaw.com
jfstein@newmexicowaterlaw.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 10th day of December 2019, I filed the foregoing electronically through the CM/ECF system, which caused the parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

                                              */s/ Cristina A. Mulcahy*
                                              Cristina A. Mulcahy