IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO ex rel. the State Engineer, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 69cv07941 MV/KK |
| v. | ) ) | Rio Chama Adjudication |
| RAMON ARAGON, et al., | ) ) | Pueblo Claims Subproceeding 1 |
| Defendants. | ) ) ) | |

## ORDER GRANTING JOINT MOTION FOR ORDER PROTECTING CONFIDENTIALITY OF SETTLEMENT NEGOTIATIONS

This matter comes before the Court upon the *Joint Motion for Order Protecting Confidentiality of Settlement Negotiations*, Doc. 11586, filed October 5, 2020, filed by certain parties ("Negotiation Parties") to this case who are attempting to reach a settlement agreement in this subproceeding on the water rights claims of the Pueblo of Ohkay Owingeh. In order to provide favorable conditions for the success of the negotiations, with no responses opposing the joint motion having been filed, and for other good cause shown, the joint motion is GRANTED, and IT IS HEREBY ORDERED:

1. All oral and written statements made in the course of discussions during the negotiation process, including any confidentiality agreement(s) among the Negotiation Parties and addenda or amendments thereto, shall be deemed confidential and inadmissible in any judicial or administrative proceeding for any purpose, including but not limited to impeachment of witnesses.

2. In the course of sharing information for purposes of settlement negotiations in this case, any Negotiation Party may designate any document as not available for use in court and for use solely in the course of settlement discussions by clearly marking such document with the designation "Confidential Settlement Document – Not Available for Use in Court." Any Negotiation Party receiving a document so marked who disagrees with that designation shall so advise the party who prepared the document in writing and by so doing, shall be deemed to have reserved the right to raise the issue of admissibility before the Court at trial on the merits, if any.

3. Except as provided in paragraph 1, evidence or information previously disclosed or known to a Negotiation Party or negotiation participant outside the context of the confidential settlement negotiations, or that is otherwise admissible or discoverable, shall not be rendered confidential, inadmissible, or not discoverable in any pending or subsequent litigation or arbitration relating to the subject matter of this case solely as a result of its use in the settlement negotiations or its designation by a Negotiation Party as confidential pursuant to paragraph 2.

4. A Negotiation Party shall not seek to disqualify a consultant or expert who participates in the negotiation process from assisting a Negotiation Party in pending or subsequent litigation or arbitration relating to the subject matter of this case based on that consultant's or expert's participation, or knowledge of information deemed confidential, in the negotiation process.

5. Except as otherwise provided for in this Order, the Negotiation Parties and other participants in the negotiation process shall not disclose to any person not a participant in

this settlement negotiation, including but not limited to the general public and members of the media, any information regarding the substance of the negotiation process, including confidentiality agreement(s), or the Negotiation Parties' positions, proposals, or settlement offers. However, this shall not be construed to prevent:

   a. counsel for the Negotiation Parties from discussing these matters with their respective clients and retained consultants and experts;

   b. the Negotiation Parties from discussing these matters with the Mediator(s) or similar person(s) who are formally retained to assist the Negotiation Parties with negotiations;

   c. the Negotiation Parties from discussing negotiation and settlement matters with applicable government decision-makers, as described in paragraph 6, below; or

   d. the Negotiation Parties, with the consent of all other Negotiation Parties, from disclosing designated information regarding the substance of the settlement process to non-negotiation parties.

6. The Negotiation Parties recognize that several types of government entities may be involved in negotiations, which may have different types of decision makers and organizational structures. The Negotiation Parties intend that the term decision-maker means the individual or individuals who are authorized, empowered, or otherwise necessary for the particular entity to make approvals or necessary substantive decisions regarding the proposed terms of settlement proposals. To ensure efficient negotiations, the Negotiation Parties reserve the right to utilize any information from the settlement

process to fully inform decision makers for the respective Negotiation Parties, including elected or appointed officials of:

   a. participating political subdivisions of the State of New Mexico,

   b. participating Tribal governments, and

   c. State and Federal governments.

The Negotiation Parties further may utilize settlement information to make recommendations within their respective governments, political subdivisions, and agencies. In addition, all discussions between any Negotiation Party or other participants in negotiations and congressional members or their staff, while permissible, shall remain confidential and shall not be admissible in this or any other proceeding. The Negotiation Parties also reserve the right to provide public notice of any settlement achieved by, or after, the negotiation process to the extent required by law or established government policy, and to publish press releases concerning any final settlement achieved by or after the negotiation process.

7. No Negotiation Party may subpoena any documents prepared by or for the Mediator(s) or subpoena the Mediator(s) to testify as a witness regarding the mediation process. The Mediator(s) shall not testify on behalf of any Negotiation Party or participate as a consultant or expert in any judicial or administrative proceeding regarding the case or issues in or relevant to this case or the mediation process.

8. The preceding notwithstanding, no Negotiation Party subject to the requirements of the New Mexico Inspection of Public Records Act (Section 14-2-1 et seq. NMSA 1978) or the Freedom of Information Act (5 U.S.C. Section 552) shall be required to make

confidential settlement documents available for review or release until a final judgment is entered and no party to this litigation shall make a request for such materials pursuant to those statutes.

9. These negotiations are combined with simultaneous negotiations in the companion case styled *State of New Mexico ex rel. State Engineer v. Abbott*, Nos. 68cv07488 & 70cv08650 consolidated (MV/JHR).  The Negotiating Parties agree that the terms of this Order shall apply to all the negotiations, whether related to this proceeding or the *Abbott* proceeding.

**IT IS SO ORDERED.**

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE