## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO, ex rel. | ) | |
| State Engineer, | ) | No. 69 CV 07941 KWR/KK |
| | ) | |
| Plaintiff, | ) | Rio Chama Adjudication |
| | ) | |
| v. | ) | Pueblo Claims Subproceeding 1 |
| | ) | |
| ROMAN ARAGON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### JOINT STATUS REPORT

Pursuant to this Court's Order of June 28, 2022 (Document 11600), the undersigned Parties submit this Joint Status Report regarding negotiations to resolve the water rights claims of Ohkay Owingeh in both the above-captioned case (*Aragon*) and *State of New Mexico ex rel. State Engineer v. Abbott,* No. 68-CV-07488 (KWR/JHR) (*Abbott*).  This Report also addresses the status of negotiations to resolve the water rights claims of Santa Clara Pueblo in *Abbott*.  This Joint Status Report is being filed simultaneously in *Aragon* and *Abbott*.

1.    Progress in Settlement Negotiations

At Ohkay Owingeh's request, the settlement parties to both *Aragon* and *Abbott* (some of whom are in both cases) have focused most of their time and resources on completing settlement negotiations to resolve Ohkay Owingeh's water rights claims, and those of the United States as trustee on behalf of Ohkay Owingeh, in *Aragon*.  Weekly negotiation sessions under the guidance of two mediators have been held, as well as numerous additional meetings of subsets of the settlement parties to discuss such topics as water rights administration, decree requirements,

and specific matters related to the Rio Chama acequias.  Upwards of 60 people attend the full group meetings.

Since the last joint status report, the pace of *Aragon* settlement discussions has accelerated.  The full settlement group met weekly nearly every Wednesday for mediation sessions lasting three to four hours during this period.  More than 65 meetings have been conducted virtually or telephonically in various combinations between or among the settlement parties, their counsel, and the mediators. When the pandemic eased somewhat, the settlement parties and mediators conducted two all-day, in-person meetings in November and three such meetings in December at Ohkay Owingeh.  Most of the meetings address *Aragon* issues exclusively while others focus on issues common to *Aragon* and *Abbott.*  At Ohkay Owingeh's request, the settlement parties have agreed to seek to resolve the Pueblo's claims in *Aragon* separately from those in *Abbott* (and Santa Clara Pueblo's claims in that case), but, because of issues common to both cases, the parties in *Abbott* typically participate in negotiation sessions focused primarily on *Aragon* issues.

 The *Aragon* settlement includes, among other things, the following principles and concepts:  1) the terms and conditions under which water will be provided for Ohkay Owingeh for bosque restoration and maintenance in the Rio Chama; 2) amounts of water to which Ohkay Owingeh should be entitled based on its historic water use; 3) measures by which the settlement parties will share water during times of shortage; 4) general principles of administration of Ohkay Owingeh's water rights; 5) procedures for developing and using a water model for settlement administration; and 6) water rights for Ohkay Owingeh's future needs in the Rio Chama Basin.  A full draft settlement agreement has been prepared, which serves as the focus of

the discussions.  Substantial sections of the draft have been revised to include language the settlement  parties are prepared to recommend to their principals for approval.

Simultaneously with the settlement efforts in *Aragon,* Ohkay Owingeh, Santa Clara Pueblo, and the United States are working to develop a path to resolution of the water rights claims of both Pueblos, and that of the United States as trustee for both Pueblos, in the Rio Santa Cruz and Rio de Truchas basins in the *Abbott* case. Although the settlement in *Aragon* will not bind any of the *Abbott* parties, their participation in the *Aragon* discussions helps avoid any expectations that the settlement principles and concepts in the Rio Chama will be automatically incorporated into an *Abbott* settlement.  To further guard against that risk, the Pueblos have discussed with the *Abbott* settlement parties the need to continue to work on the issues unique to the Rio Santa Cruz and the Rio de Truchas, at the same time as the *Aragon* discussions progress. Several meetings along these lines, including with the State of New Mexico and the City of Española, have occurred.

Ohkay Owingeh and Santa Clara Pueblo also met regularly since the last status report, often with the participation of the Federal Negotiation Team representing the United States as trustee.  Technical work by two technical committees is continuing in order to inform the settlement parties regarding the feasibility of settlement options. Some of the technical work is focused specifically on aspects of Ohkay Owingeh's settlement proposals in the Rio Chama Basin in *Aragon* but significant technical work is also underway to develop necessary models and assess the viability of various options for providing "wet water" solutions in the Santa Cruz/Truchas Basins for both Pueblos and the acequias for settlement in *Abbott.*

Santa Clara Pueblo continues to collaborate with the United States on technical and legal work to update the United States' preliminary water rights claims as trustee for Santa Clara

Pueblo, and the Pueblo's claims on its own behalf, in *Abbott.* (Unlike Ohkay Owingeh, subproceedings to adjudicate Santa Clara Pueblo's water rights never were initiated in *Abbott*; the parties were litigating Ohkay Owingeh's past and present diversionary water rights claims in *Abbott* when settlement negotiations first began.) Other on-going technical studies will assess settlement options for Santa Clara Pueblo in the Rio Santa Cruz Basin. Santa Clara Pueblo is hopeful these necessary initial steps can be completed in the next six months so that more substantive negotiations can begin with the *Abbott* settlement parties once the negotiations for Ohkay Owingeh's water rights in *Aragon* have been completed. Santa Clara Pueblo supports Ohkay Owingeh's request to resolve Ohkay Owingeh's claims in *Aragon* first but there have been resource constraints for Santa Clara Pueblo as a result of the intensity and frequency of the *Aragon* negotiations schedule.

        2.      <u>Scheduling of Dispositive Motions</u>

The undersigned Parties continue to believe that the resumption of litigation would hamper their efforts to resolve Ohkay Owingeh's and Santa Clara Pueblo's water rights claims through negotiation. The undersigned Parties continue to be committed to the negotiation process. Therefore, they do not anticipate the need for this Court to schedule the filing and briefing of dispositive motions within the next six months.

        3.      <u>Rescheduling the Trial</u>

For the same reasons, the undersigned Parties do not believe that the trial of Ohkay Owingeh's water rights claims in this Subproceeding should be scheduled at this time.

        4.      <u>Expectations on Timing of Settlement</u>

Substantial progress toward a settlement in *Aragon* has been achieved. The Parties, with the mediators' assistance, are working diligently to accelerate the pace of the negotiations and

the achievement of milestones toward settlement.  The Parties' goal is to complete a comprehensive settlement agreement of Ohkay Owingeh's claims in the Rio Chama in *Aragon,* and submit it to the principals for approval, within two months.  Settlement of the Pueblos' claims, and those of the United States, in *Abbott* appears to be achievable within one and one-half years, as previously reported.

5. <u>Other Matters</u>

The undersigned Parties suggest that the Court require the filing of a joint status report six months from now, on June 9, 2023, at which time they will report to the Court on their progress and on the question of whether dispositive motions should be scheduled, or litigation should otherwise resume.

Dated:  December 9, 2022

Respectfully submitted,

*/s/ Curtis G. Berkey*

_____

**Attorneys for Ohkay Owingeh**
Curtis G. Berkey (CA State Bar No. 195485)
Scott W. Williams (CA State Bar No. 97966)
Berkey Williams LLP
430 D Street
Davis, California 95616
E-mail:  cberkey@berkeywilliams.com
E-mail:  swilliams@berkeywilliams.com

**Attorneys for the United States**

*/s/ Bradley Bridgewater*

_____

Bradley Bridgewater
Charmayne Staloff
U.S. Department of Justice
South Terrace, Suite 370
999 18th Street
Denver, CO 80202
Bradley.S.Bridgewater@usdoj.gov
charmayne.staloff@usdoj.gov

**Attorney for State of New Mexico**

*/s/ Kelly Brooks Smith*

_____

Kelly Brooks Smith
Special Assistant Attorneys General
New Mexico Office of the State Engineer
P.O. Box 25102
Santa Fe, NM 87504
kelly.smith@ose.nm.gov

**Attorneys for Rio Chama Acéquia Association**

*/s/ Seth R. Fullerton*

_____

Seth R. Fullerton
Katz Herdman MacGillivray & Fullerton PC
P. O. Box 250
Santa Fe, NM 87504-0250
srf@santafelawgroup.com

**Attorneys for El Rito Ditch Asociación and its acéquia members; Gallina-Capulin Acéquia Asociación and its acéquia members; La Asociación de las Acéquias del Rio Tusas, Vallecitos y Ojo Caliente and its member acéquias**

*/s/ Mary E. Humphrey*

_____

Mary E. Humphrey
Connie Odé
Humphrey & Odé, PC
P. O. Box 1574
El Prado, NM 87529
humphrey@newmex.com
code@newmex.com

**Attorneys for Asociación de Acéquias Norteñas de Rio Arriba**

*/s/ John W. Utton*

_____

John W. Utton
Utton & Kery, PA
675 Alto Street
Santa Fe, NM 87501
john@uttonkery.com

**Attorneys for City of Española**

*/s/ Jay Stein*

_____

Jay Stein
Stein & Brockmann, PA
P.O. Box 2067
Santa Fe, NM 87504-2067
jfstein@newmexicowaterlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 9th day of December, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the Parties listed on the electronic service list, as more fully set forth in the Notice of Electronic Filing, to be served via electronic mail.

*/s/ Curtis G. Berkey*

_____

Curtis G. Berkey