IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROMAN ARAGON, *et al.*,<br><br>　　　　Defendants. | 69cv07941-KWR/KK<br><br>RIO CHAMA STREAM SYSTEM<br><br>Section 3:　Canjilon Creek<br><br>Subfile No.:　CHCJ-005-0004<br>　　　　　　　　CHCJ-006-0001 |

**[PROPOSED] SCHEDULING AND PROCEDURAL ORDER TO RESOLVE OBJECTIONS TO PROPOSED PRIORITY DATES AND IRRIGATION WATER REQUIREMENTS IN THE CANJILON CREEK SUBSECTION OF SECTION 3 OF THE RIO CHAMA STREAM SYSTEM**

　　This matter is before the Court pursuant to Fed. R. Civ. P. 16 to guide the trial and pretrial proceedings of the disputed water rights claims of Abelardo E. and Geraldine E. Garcia ("Defendants") (Subfile Nos. CHCJ-005-0004 and CHCJ-006-0001). Defendants object to the State's proposed priority dates and irrigation water requirements in the Canjilon Creek Subsection of Section 3 of the Rio Chama Stream System ("Canjilon Creek Subsection"). The Court enters this order to guide the pretrial and trial proceedings between the Plaintiff State of New Mexico, *ex rel.* State Engineer ("State") and the Defendants.

　　Failure to comply with these and any other pretrial provisions may result in the entry of a default order that incorporates the State's proposed priority dates and irrigation water requirements.

1

Exhibit 1

I.     SCOPE OF PROCEEDINGS

This is an individual and limited subfile proceeding to determine the priority date and irrigation water requirements of the surface water rights owned by Defendants and described in Subfile Nos. CHCJ-005-0004 and CHCJ-006-0001. *See Notice and Order to Show Cause* (Doc. 11030-1, filed 06/20/2014). The State and Defendants are the only parties to this action and are the only parties that may participate in a hearing to determine the elements of the water rights at issue. In this limited subfile proceeding, the Defendants may only contest the priority date and irrigation water requirements to be recognized for the specific tracts described in the subfiles.

The State is represented by Special Assistant Attorney General Edward C. Bagley.

The Defendants are proceedings *pro se*. In the event the Defendants retain counsel to represent them in these proceedings, they shall promptly notify the Court and the State, and their attorney shall enter his or her appearance in the record.

II.    BURDEN OF PROOF

Defendants have the burden of proving their claims as to the priority date and irrigation water requirements for the water rights at issue. If Defendants fail to meet or carry their burden of proof, the Court shall enter an Order that assigns the priority dates and irrigation water requirements as proposed by the State.

### III.  STIPULATIONS AND CONTENTIONS

The parties stipulate and agree that venue is properly laid in this District and that the United States District for the District of New Mexico has jurisdiction of the parties and the subject matter. The parties further stipulate to the following facts:

- On June 20, 2014, the Court entered its *Notice and Order to Show Cause* (Doc. 11030-1) requiring any defendants in the Canjilon Creek Subsection who disagreed with the State's proposed priority dates and irrigation water requirements to file an objection no later than August 29, 2014.

- On July 29, 2014, Defendants Abelardo E. and Geraldine E. Garcia timely filed their objections to the proposed priority dates and irrigation water requirements for their water rights recognized in Subfile Nos. CHCJ-005-0004 and CHCJ-006-0001. (Doc. 11037).

- There are no other outstanding objections on these issues in the Canjilon Creek Subsection.

#### A.  CHCJ-005-0004

- Defendants Abelardo E. and Geraldine E. Garcia have the right to the use of water from the Garcia Ditch No. 2 for the irrigation of 3.0 acres of land. *Consent Order* (Doc. 9249, filed 07/29/2008).

##### i.  Plaintiff's Contentions:

- The priority date for Defendants' water rights under the Garcia Ditch No. 2 is 1892.

- The land owned by Defendants and served by Garcia Ditch No. 2 was first settled in 1892 by Braulo Trujillo.

- The irrigation water requirements for the Defendants' water rights under the Garcia Ditch No. 2 are a Consumptive Irrigation Requirement of 1.16 acre-feet per acre per annum, a Farm Delivery Requirement of 2.90 acre-feet per acre per annum, and a Project Diversion Requirement of 4.83 acre-feet per acre per annum.

    ii.    **Defendants' contentions:**

…

    B.    **CHCJ-006-0001**

- Defendants Abelardo E. and Geraldine E. Garcia have the right to the use of water from the A.E. Garcia ditch for the irrigation of 16.3 acres of land. *Order Granting Default Judgment* (Doc. 9456, filed 05/26/2009).

    i.    **Plaintiff's Contentions:**

- The priority date for Defendants' water rights under the A.E. Garcia Ditch is 1900.

- The land owned by Defendants and served by A.E. Garcia Ditch was first settled in 1900 by Tomas Martinez.

- The irrigation water requirements for the Defendants' water rights under the A.E. Garcia Ditch are a Consumptive Irrigation Requirement of 1.16 acre-feet per acre per annum, a

Farm Delivery Requirement of 2.90 acre-feet per acre per annum, and a Project Diversion Requirement of 4.83 acre-feet per acre per annum.

      ii.    **Defendants' Contentions:**

…

IV.    **STATEMENT OF CLAIMS**

The Garcias have objected to the State's proposed priority date of 1892 for their water right under the Garcia Ditch No. 2 and to the State's proposed priority date of 1900 for their water right under the A.E. Garcia Ditch. They have not yet proposed alternative dates for their water rights under these ditches. The Garcias have also objected to the State's proposed Consumptive Irrigation Requirement ("CIR") of 1.16 acre-feet per acre per annum, Farm Delivery Requirement ("FDR") of 2.90 acre-feet per acre per annum, and Project Diversion Requirement ("PDR") of 4.83 acre-feet per acre per annum. They have not yet proposed their own figures for this element of their water rights. Accordingly, no later than 30 days from the entry of this order, the Garcias shall file a Statement of Claims identifying the priority dates and irrigation water requirements proposed by the Garcias for their water rights under the A.E. Garcia Ditch and the Garcia Ditch No. 2.

V.    **DISCOVERY**

Discovery is necessary concerning the facts material to the priority dates and irrigation water requirements for Subfile Nos. CHCJ-005-0004 and CHCJ-006-0001. Discovery begins immediately and shall be completed no later than 150 days after the issuance of this Order. All

parties shall adhere to the Fed. R. Civ. P. 26 requirements of liberal, continuing, and voluntary disclosure. No later than 30 days after issuance of this Order, the parties shall provide the following to the opposing party:

      A.    the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses;

      B.    a copy of, or a description by category and location or, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses;

The parties shall supplement and correct disclosures in accordance with Fed. R. Civ. P. 26(e).

Service of interrogatories, requests for admission, or requests for production shall be considered timely only if the responses are due before the discovery completion date described here. A notice of deposition shall be considered timely only if the deposition occurs prior to that date. Motions for extensions or changes to discovery deadlines are necessary only where the parties cannot agree, or where such changes will of necessity delay scheduled hearings. Agreements shall be memorialized by letter to the parties and to the Court.

## VI.    PRETRIAL DISCLOSURES

Each party shall disclose the identity of any person who may be used at trial to present expert witness testimony no later than 90 days from the entry of this Order. This disclosure shall

be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the date or other information considered by the witness in forming the opinions; and exhibits to be used as a summary of or support for the opinions; and the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

### VII. MOTIONS

The Parties anticipate that motions for summary judgment under Fed. R. Civ. P. 56 may be needed to resolve those issues that do not have a material issue of fact in dispute. The deadline for filing any dispositive motion or a written objection to a proposed exhibit is 180 days from the entry of this order.

### VIII. REQUEST FOR TRIAL SETTING AND FINAL PRETRIAL ORDER

No later than 180 days from the entry of this order, the parties shall file a final pretrial order and request a trial setting and the scheduling of a final pretrial conference.

### IX. ANTICIPATED WITNESSES

    A. **Plaintiff's Witnesses:**

        i. Dr. Chris Baker

    **B.**    **Defendants' Witnesses:**

…

**X.**    **TRIAL PREPARATION**

    **A.**    **Exhibits.**

The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot be anticipated before trial. The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than 30 calendar days before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than 30 calendar days before trial. Each party's contested exhibit list must be filed by that date as well. All exhibits must be marked before trial. Exhibits must be marked numerically and identify the party offering the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

    **B.**    **Witness Lists.**

Each party's witness list must be filed with the Clerk and served on all parties no later than 30 calendar days before trial, and indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list. The objecting party must mark those portions of the requested

deposition testimony to which the party objects. Marking must comply with D.N.M.LR-Civ. 10.6. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least 30 calendar days before trial.

    **C.**    **Submissions for Bench Trials.**

The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than 15 calendar days before trial. For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

If requested, the parties shall submit the findings of fact and conclusions of law in a format compatible with Microsoft Word.

**XI.**    **OTHER MATTERS**

    **A.**    **Settlement Possibilities.**

The possibility of settlement in this matter is considered poor.

    **B.**    **Length of Trial and Trial Setting.**

        i.    This action is a bench trial.

        ii.    This matter is set for trial on _____. If there is no setting, the parties estimate they will be ready for trial by _____.

        iii.    The estimated length of trial is one day.

## XII. MODIFICATIONS – INTERPRETATION

This Pretrial Order, when entered, will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

SUBMITTED BY:

/s/ Edward C. Bagley
EDWARD C. BAGLEY
Special Assistant Attorney General
Office of the State Engineer
P.O. Box 25102
Santa Fe, NM 87504-5102
(505) 827-7844