# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

  v.

ROMAN ARAGON, *et al.*,

      Defendants.

69cv07941 KWR/KK
Rio Chama Adjudication

Section 3: Canjilon Creek

Subfile Nos.: CHCJ-005-0004
               CHCJ-006-0001

## SCHEDULING AND PROCEDURAL ORDER FOR CANJILON SUBSECTION OF SECTION 3 OF THE RIO CHAMA STREAM SYSTEM

On June 20, 2014, the Court entered its Notice and Order to Show Cause requiring any defendants in the Canjilon Creek Subsection of Section 3 of the Rio Chama Stream system who disagreed with the State's proposed priority dates and irrigation water requirements to file an objection no later than August 29, 2014. *See* Doc. 11030-1.

On July 29, 2014, Defendants Abelardo E. and Geraldine E. Garcia timely filed their objections to the proposed priority dates and irrigation water requirements for their water rights recognized in Subfile Nos. CHCJ-005-0004 and CHCJ-006-0001. *See* Doc. 11037. The Garcias have objected to the State's proposed priority date of 1892 for their water right under the Garcia Ditch No. 2 and to the State's proposed priority date of 1900 for their water right under the A.E. Garcia Ditch. The Garcias have not proposed alternative dates for their water rights under these ditches. The Garcias have also objected to the State's proposed Consumptive Irrigation Requirement ("CIR") of 1.16 acre-feet per acre per annum, Farm Delivery Requirement ("FDR") of 2.90 acre-feet per acre per annum, and Project Diversion Requirement ("PDR") of 4.83 acre-feet per acre per annum. The Garcias have not proposed their own figures for this element of their

water rights.

Plaintiff State of New Mexico, *ex rel.* State Engineer ("State") filed its Motion, now before the Court, for entry of a scheduling and procedural order to resolve the objections of Abelardo E. and Geraldine Garcia ("Garcias"). *See* Doc. 11640, filed May 11, 2023 ("Motion"). The State filed a proposed scheduling and procedural order with its Motion and noted "The State has e-mailed, called and written the Garcias in an attempt to contact them and resolve their objection but has not been successful . . . the Garcias never filed a response to the State's proposed pretrial order." Motion at 3. The Garcias also did not file a response opposing the State's Motion for a scheduling and procedural order.

This Scheduling and Procedural Order governs pretrial matters in this limited subfile proceeding to determine the priority date and irrigation water requirements of the surface water rights owned by the Garcias and described in Subfile Nos. CHCJ-005-0004 and CHCJ-006-0001. Failure to comply with these and any other pretrial provisions may result in the entry of a default order that incorporates the State's proposed priority dates and irrigation water requirements.

The State and the Garcias are the only parties to this proceeding and are the only parties that may participate in a hearing to determine the elements of the water rights at issue. In this limited subfile proceeding, the Garcias may only contest the priority date and irrigation water requirements to be recognized for the specific tracts described in the subfiles.

The Garcias have the burden of proving their claims as to the priority date and irrigation water requirements for the water rights at issue. If the Garcias fail to meet or carry their burden of proof, the Court shall enter an Order that assigns the priority dates and irrigation water requirements as proposed by the State.

The Garcias are proceeding *pro se*. In the event the Garcias retain counsel to represent

them in these proceedings, they shall promptly notify the Court and the State, and their attorney shall enter his or her appearance in the record.

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**IT IS ORDERED** that the Parties comply with the following deadlines and provisions:

(i) Discovery begins **Immediately.** All parties shall comply with the Rule 26 requirements of liberal, continuing, and voluntary disclosure. *See* Fed. R. Civ. P. 26(a) (a party must make its disclosures without awaiting a discovery request; a party is not excused from making its initial disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures). The parties shall supplement and correct disclosures in accordance with Fed. R. Civ. P. 26(e). Service of interrogatories, requests for admission, or requests for production shall be considered timely only if the responses are due before the discovery completion date which is **150 days after entry of this Order**. A notice of deposition shall be considered timely only if the deposition occurs within **150 days after entry of this Order**. Motions for extensions or changes to discovery deadlines are necessary only where the parties cannot agree, or where such changes will of necessity delay scheduled hearings. Agreements shall be memorialized a

notice filed with the Court.

(ii) Within **thirty days from the entry of this order** the Garcias shall file a Statement of Claims identifying the priority dates and irrigation water requirements proposed by the Garcias for their water rights under the A.E. Garcia Ditch and the Garcia Ditch No. 2.

(iii) Within **thirty days from the entry of this order** the parties shall provide the following to the opposing party:

   (a) the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses;

   (b) a copy of, or a description by category and location or, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses.

(iv) Within **90 days from entry of this Order** each party shall disclose the identity of any person who may be used at trial to present expert witness testimony. This disclosure shall be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the date or other information considered by the witness in forming the opinions; exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a list of any other cases

in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(v) Depositions of witnesses must be completed within **150 days after entry of this Order.**

(vi) Discovery must be completed within **150 days after entry of this Order.**

(vii) Dispositive motions must be filed within **180 days from the entry of this Order.**

(viii) Within **210 days from the entry of this order**, the parties shall file a final pretrial order and request a trial setting and the scheduling of a final pretrial conference. The pretrial order, when entered, will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

(ix) **30 calendar days before trial** the parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections." For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than **30 calendar days before trial.** The parties must confer over all trial exhibits prior to filing the exhibit lists. This does not apply to rebuttal exhibits that cannot be anticipated before trial. objection to a proposed exhibit is 180 days from the entry of this order. Objections to proposed exhibits must be filed **within fourteen (14) calendar days of the filing of the exhibit lists**.

(x) **30 calendar days before trial** each party's witness list must be filed with the Clerk and served on all parties and must indicate whether the witness is testifying by

5

deposition or in person. Objections to use of deposition testimony are due **within fourteen (14) calendar days of service of the witness list**. The objecting party must mark those portions of the requested deposition testimony to which the party objects. Marking must comply with D.N.M.LR-Civ. 10.6. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least 30 calendar days before trial.

(xi) **15 calendar days before trial** the parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than. For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

**IT IS ALSO ORDERED** that the Clerk mail a copy of this Order, the Guide for Pro Se Litigants, and the District of New Mexico's Local Rules of Civil Procedure to:

Abelardo E. Garcia and Geraldine Garcia
P.O. Box 447
Canjilon, New Mexico 87515

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**