IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer, *et al.*,

       Plaintiffs,

  v.

ROMAN ARAGON, *et al.*,

       Defendants.

69cv07941 KWR/KK
Rio Chama Adjudication

Section 3:    Canjilon Creek

Subfile No.:    CHCJ-006-0001

**MEMORANDUM OPINION AND ORDER
GRANTING NEW MEXICO'S MOTION FOR SUMMARY JUDGMENT
REGARDING WATER RIGHTS ON THE A.E. GARCIA DITCH**

**THIS MATTER** is before the Court on the State of New Mexico's Motion for Summary Judgment Regarding Water Rights on the A.E. Garcia Ditch, Doc. 11664, filed February 22, 2024 ("Motion").

The State of New Mexico seeks summary judgment against Defendants Abelardo E. Garcia and Geralding E. Garcia ("Garcias") regarding the priority date for their water rights served by the A.E. Garcia ditch, which diverts water from Canjilon Creek. *See* State of New Mexico's Memorandum in Support of Motion for Summary Judgment at 1, Doc. 11664-1, filed February 22, 2024 ("Memorandum"). The Garcias dispute the State's proposed priority date of 1900 for their adjudicated water rights described in Subfile No. CHCJ-006-0001. *See* Memorandum at 1. The Garcias seek a priority date of 1882 for their water rights. *See* Memorandum at 2-5 (describing the procedural history and discovery regarding the priority date for the Garcias' water rights).

In support of its Motion, the State submitted the Affidavit of Chris Baker, Ph.D. *See* Doc. 11664-5 ("Affidavit"). Dr. Baker holds Ph.D. in History from the University of Colorado at Boulder and has experience doing historical research and analysis of water rights and acequias.

*See* Doc. 11664-9, Curriculum Vitae of Steven Christopher Baker, PhD.  Dr. Baker reviewed the following documents which the State attached to its Motion:

    (i)      Rio Chama Hydrographic Survey, Canjilon Creek Section, Mapsheet 6, State of New Mexico, Office of the State Engineer (July 14, 2000), Doc. 11664-2;

    (ii)     Order Granting Default Judgement, Subfile No. CHCJ-006-0001, Doc. 11664-3;

    (iii)    1883 General Land Office survey plat, Doc. 11664-4;

    (iv)    1882 General Land Office survey Field Notes, Doc. 11664-6;

    (v)     W.W. Follett, A study of the Use of Water for Irrigation on the Rio Grande del Norte above Fort Quitman, Texas, (November 1896), Doc. 11664-7;

    (vi)    Tomas Martinez Homestead (October 12, 1905), Doc. 11664-8.

Based on his review of these documents, Dr. Baker found:

    (i)      The 1883 General Land Office survey showed "there were no settlers or improvements noted" in the area served by the A.E. Garcia ditch;

    (ii)     The 1882 Field Notes for the General Land Office survey "did not describe any acéquias or cultivated lands" in the area served by the A.E. Garcia ditch;

    (iii)    The 1896 Follett Report "included four irrigation ditches for Canjilon Creek, none of which were in" the area served by the A.E. Garcia ditch;

    (iv)    "Settlement in the area under consideration began in 1900, when Tomás Martinez claimed a homestead;"

    (v)     "The ditch now known as the A.E. Garcia Ditch was established to irrigate approximately 6 acres in the homestead claim of Tomás Martinez in 1900." Affidavit at 2-3, ¶¶ 9-13.

The Garcias did not file a response opposing the State's Motion seeking summary judgment

2

determining that the priority date for the A.E. Garcia ditch and Abelardo E. Garcia and Geraldine E. Garcia's water rights described in Subfile No. CHCJ-006-0001, which are served by the A.E. Garcia ditch, have a priority date of 1900.

The Court grants the State's Motion. The State has presented evidence that water was first put to beneficial use on the lands served by the A.E. Garcia ditch in 1900. The Garcias have not cited to any parts of the record showing that there is a genuine dispute regarding the State's proposed priority date of 1900 for the A.E. Garcia ditch and the Garcias' water rights. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular pars of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute").

**IT IS ORDERED** that the State of New Mexico's Motion for Summary Judgment Regarding Water Rights on the A.E. Garcia Ditch, Doc. 11664, filed February 22, 2024, is **GRANTED.**

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　**KEA W. RIGGS**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**